IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>STUDENT FINANCE CORPORATION,<br>Debtor. | :<br>:<br>:<br>:<br>: |
| CHARLES A. STANZIALE, JR.,<br>CHAPTER 7 TRUSTEE OF STUDENT<br>FINANCE CORPORATION,<br>Plaintiff,<br>v.<br>PEPPER HAMILTON LLP, et al.<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: Civil Action No. 04-1551(GMS) |

## MOTION FOR LEAVE TO FILE SUR-REPLY

Charles A. Stanziale, Jr., Chapter 7 Trustee of Student Finance Corporation (the "Trustee") moves this for the issuance of an order granting leave to file a Sur-Reply Memorandum In Response to the Reply Brief In Support of Motion to Dismiss of Pepper Hamilton LLP and Its Partner W. Roderick Gagne, attached hereto as Exhibit A. In support of this motion, the Trustee states as follows:

### Background

1. SFC originated and financed student loan accounts of students attending vocational schools. These students attended primarily truck driving schools from across the United States.

2. SFC relied on the securitization of the student loan accounts to allow it to expand its operation and to maintain cash flow. With the assistance of Pepper Hamilton LLP and W. Roderick Gagne (the "Pepper Defendants"), SFC issued various private placement memoranda

594535_1

1

("PPM's") to various investors. Each PPM purported to provide detailed information concerning the student loan accounts, including the rate at which the student loan accounts defaulted.

3. The PPM's did not disclose certain information that would have been crucial to potential investors. Missing from the PPM's was a disclosure that SFC was making payments on behalf of students, which prevented certain student loan accounts from going into default. Therefore, the actual performance of the student loan accounts was obscured.

4. The default rates on the student loan accounts rose exponentially. As a result, SFC's payments to prevent the student loan accounts from going into default also rose. This severely impacted its own cash flow. Thus, SFC became unable to pay its debts as they came due. Notwithstanding its inability to pay its bills, SFC continued to acquire more debt to the detriment of those extending additional credit.

5. Hopelessly behind on its credit obligations, on June 5, 2002 (the "Filing Date") an involuntary bankruptcy petition was filed against SFC. Thereafter, on November 4, 2002, with the consent of SFC, an order for relief was entered under Chapter 11 of the Bankruptcy Code. On September 29, 2003, Mr. Stanziale was appointed as the Chapter 11 Trustee. In November, 2003, this case was converted to Chapter 7, but Mr. Stanziale remained SFC's Trustee.

### The Complaint

6. On November 1, 2004, the Trustee filed the instant Adversary Proceeding in the United States Bankruptcy Court for the District of Delaware. By order dated January 7, 2005, this Court granted the Pepper Defendants' unopposed Motion to Withdraw the Reference.

### The Motion to Dismiss

7. On December 22, 2004, the Pepper Defendants filed their Motion to Dismiss the Adversary Proceeding (the "Motion"). The Motion argued, in part, that (i) the Trustee did not

have standing to assert claims of creditors under section 544 of the Bankruptcy Code and (ii) the in pari delicto defense prohibits certain claims asserted by the Trustee.

8. The Trustee's Response the Motion noted that (i) the cases cited by the Pepper Defendants merely note that the Trustee cannot assert specific claims of creditors, (ii) that cases have held that a trustee does have standing to assert general claims of creditors, and (iii) the plain language of section 544 allows a trustee to assert standing as a creditor.

9. In addition, the Trustee alleged that the doctrine of in pari delicto would not be applicable, in part, in the present matter, because of the application of the adverse interest exception.

10. On February 25, 2005, the Pepper Defendants filed a reply to the Trustee's Response (the "Pepper Reply"). The Pepper Reply expanded its earlier arguments by asserting, in part, (i) that the legislative history of section 544 does not allow the Trustee from asserting standing as a creditor; (ii) that court's do not make any distinction between general and specific claims in determining if a trustee does have standing to assert a claim, (iv) the Trustee's breach of fiduciary duty claim is premised on SFC's own breach of fiduciary duty, and (v) that the sole actor exception requires that the certain claims against the Pepper Defendants be barred by the doctrine of in pari delicto. None of these contentions was addressed in the previous Motion.

11. Moreover, the Pepper Defendants in their Reply appear to misconstrue the nature of the Trustee's aiding and abetting claim. The Pepper Defendants allege that the Trustee seeks recovery for SFC's breach of fiduciary rather than the breach of its officers and directors. The Trustee, however, has clearly alleged that he seeks redress of the actions of SFC's officers and directors.

### Relief Requested

12.  The Trustee seeks leave to file the Sur-Reply to the Pepper Reply attached hereto as Exhibit A.  The Trustee believes that the Sur-Reply will assist the Court in resolving the claims of the parties. In addition, the Sur-Reply will further clarify the Trustee's position

### Basis for Relief

13.  The Trustee files the present motion pursuant to D.Del.L.R.7.1.2.  Pursuant to D.Del.L.R.7.1.3(c)(2), the "party filing the opening brief shall not reserve material for the reply brief which should have been included in a full and fair opening brief."  The Pepper Reply contains arguments not previously raised in their Motion.  Courts routinely grant motions for leave to file sur-reply when a party is unable to contest matters presented to the court for the first time. *Ben-Kotel v. Howard University*, 319 F.3d 532 (D.C.Cir. 2003).

14.  A sur-reply may only be filed to address new matters raised in a reply to which the responding party would not otherwise have an opportunity to respond. *U.S. ex. Rel. Pogue v. Diabetes Treatment Centers of America, Inc.*, 238 F.Supp.2d 270 (D.D.C. 2002).  In the present matter, the Trustee seeks to address matters raised for the first time in the Pepper Reply.  Without the sur-reply, the Trustee will be unable to contest the Pepper Defendants misstatements of law.

15.  The Trustee seeks to file his sur-reply to respond to the Pepper Defendant's contention that the legislative history of section 544 prohibits a trustee from asserting standing to assert general causes of action.  The Pepper Defendant's reliance on this argument was missing from their Motion and found for the first time in Pepper Reply.

16.  Similarly, the Pepper Defendants contend that the distinction between general and specific claims is irrelevant.  Again, this argument was raised for the first time in the response.

17. Likewise, the Trustee seeks to file his sur-reply brief to respond to the Pepper Defendants contention that (i) a claim for aiding and abetting a breach of fiduciary duty claim belongs to creditors and (ii) that to the extent that a trustee has standing to assert general claims of creditors, that ability is limited to alter ego actions. Clearly, this has been raised for the first time in the Pepper Reply. Both of these arguments are tacit admissions by the Pepper Defendants that some courts have recognized that a trustee has standing to assert general causes of action on behalf of creditors. Previously, the Pepper Defendants have simply stated that a trustee never has the ability to assert the standing of creditors.

18. Similarly, that the sole actor exception may or may not be applicable was raised for the first time in the Pepper Reply. The Pepper Defendant's Motion made no mention of the sole actor exception. Rather, the motion merely stated that the in pari delicto doctrine was applicable, without reference to either the adverse interest exception or the sole actor exception.

19. Because of the new arguments raised by the Pepper Defendants, the Trustee's Sur-Reply is appropriate.

## Certification Under Rule 7.1.1

20. The undersigned counsel hereby certifies that he has discussed this motion for leave with counsel for the Pepper Defendants, and counsel for the Pepper Defendants does not object.

## Conclusion

21. For the foregoing reasons, the Motion for Leave to File Sur-Reply should be granted.

**WHEREFORE**, the Trustee respectfully requests that the Court enter the Proposed Order, attached hereto as Exhibit B, (i) allowing leave to file his Sur-reply and (ii) granting such other relief as the court deems just and proper.

Dated: March 16, 2005

*[signature]*
Dawn Zubrick (#4327)
DILWORTH PAXSON LLP
First Federal Plaza, Suite 500
Wilmington, DE 19801
(302) 571-9800

James J. Rodgers
Derrick A. Dyer
DILWORTH PAXSON LLP
3200 Mellon Bank Center
1735 Market Street
Philadelphia, Pennsylvania 19103
(215) 575-7000

Special Counsel to Charles A. Stanziale, Jr.,
Chapter 7 Trustee of Student Finance Corporation