IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | : |
| | : Chapter 7 |
| STUDENT FINANCE CORPORATION, | : |
| | : Bankruptcy Case No. 02-11620- |
| Debtor. | : JBR |
| | : |
| CHARLES A. STANZIALE, JR., | : |
| CHAPTER 7 TRUSTEE OF STUDENT | : |
| FINANCE CORPORATION, | : |
| | : Adversary No. 04-56423-PBL |
| Plaintiff, | : |
| | : Civil Action No. 04-1551-JJF |
| v. | : |
| | : |
| PEPPER HAMILTON LLP, et al., | : |
| | : |
| Defendants. | : |

Peter C. Hughes, Esquire of DILWORTH PAXSON LLP, Wilmington,
Delaware.
Of Counsel:  James J. Rodgers, Esquire and Derrick A. Dyer,
Esquire of DILWORTH PAXSON LLP, Philadelphia, Pennsylvania;
SCHWARTZ, TOBIA, STANZIALE, BECKER, ROSENSWEIG & SEDITA, P.A.,
Montclair, New Jersey.
Attorneys for Plaintiff Charles A. Stanziale, Jr., Chapter 7
Trustee of Student Finance Corporation.

William H. Sudell, Jr., Esquire and Donna L. Culver, Esquire of
MORRIS, NICHOLS, ARSHT & TUNNELL,  Wilmington, Delaware.
Of Counsel: Elizabeth K. Ainslie, Esquire, Nicholas J. LePore,
III, Esquire, Bruce P. Merenstein, Esquire and Stephen J.
Shapiro, Esquire, SCHNADER HARRISON SEGAL & LEWIS LLP,
Philadelphia, Pennslyvania
Attorneys for Defendants Pepper Hamilton LLP and W. Roderick
Gagné in his capacity as an attorney practicing at Pepper
Hamilton LLP.

Karen Lee Turner, Esquire of ECKERT SEAMANS CHERIN & MELLOT, LLC, Wilmington Delaware.
<u>Of Counsel</u>: Neil G. Epstein, Esquire and Carol L. Press, Esquire of ECKERT SEAMANS CHERIN & MELLOT, LLC, Philadelphia, Pennsylvania.
Attorneys for Defendants W. Roderick Gagné, Robert L. Bast, Pamela Bashore Gagné, and W. Roderick Gagné in his capacity as trustee of various trusts.

---

### MEMORANDUM OPINION

December 22, 2005
Wilmington, Delaware

Farnan, District Judge:

Pending before the Court are two Motions to Dismiss: the Motion Of Pepper Hamilton LLP And W. Roderick Gagné, In His Capacity As An Attorney Practicing At Pepper Hamilton LLP, For The Dismissal Of Counts I, II, III, IV, And IX Of The Trustee's Complaint In Their Entirety And For The Partial Dismissal Of Count X Of The Trustee's Complaint (D.I. 19); and the Motion To Dismiss Of W. Roderick Gagné, Robert L. Bast, Pamela Bashore Gagné And The Trusts (D.I. 21).  Together, the two Motions request dismissal or partial dismissal of all eleven Counts in the Complaint.  For the reasons set forth below, the Court will grant the Motions in part and deny the Motions in part.

### BACKGROUND

This action was filed by Charles A. Stanziale, Jr. (the "Trustee"), the Chapter 7 Trustee of Student Finance Corporation ("SFC").  The action was originally filed in the Bankruptcy Court of the District of Delaware as Adversary Proceeding No. 04-56423-PBL in Bankruptcy Case No. 02-11620-JBR.  On January 7, 2005, this Court granted Defendants' uncontested Motion to withdraw the reference to the Bankruptcy Court.  (D.I. 5.)

SFC is a Pennsylvania corporation with its principal place of business in New Castle, Delaware.  SFC is currently in Chapter 7 bankruptcy proceedings.  Andrew Yao ("Yao") was SFC's Chief

1

Executive Officer, Treasurer, and sole shareholder.  Defendant Pepper Hamilton LLP ("Pepper") is a law firm organized as a Pennsylvania Limited Liability General Partnership, with its principal place of business in Philadelphia, Pennsylvania. Throughout the relevant time period, Pepper represented SFC. Defendant W. Roderick Gagné ("Gagné") is an attorney and partner at Pepper and was primarily responsible for Pepper's representation of SFC.  Defendant Pamela Bashore Gagné is Gagné's wife.  Defendant Robert L. Bast is Gagné's uncle.  Gagné is also named as a defendant in his capacity as trustee of seven different trusts whose beneficiaries are Gagné or relatives of Gagné.  The Court will follow the Trustee's practice of using the term "the Family" to refer collectively to Defendants Pamela Bashore Gagné, Robert L. Bast, and Gagné in his capacity as trustee of the various trusts.

**DISCUSSION**

By their Motions, Defendants contend that all eleven Counts of the Complaint should be dismissed or partially dismissed, for a variety of reasons, under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  After a brief discussion of the applicable legal standards, the Court will address each Count of the Complaint in turn.

2

## I.  Legal Standards

### A.  Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss under Rule 12(b)(1) challenges the jurisdiction of the court to address the merits of the plaintiff's complaint.  Fed. R. Civ. P. 12(b)(1).  The motion should be granted where the asserted claim is "insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy."  Coxson v. Comm. of Pennsylvania, 935 F.Supp. 624, 626 (W.D. Pa. 1996) (citations omitted).  Under Rule 12(b)(1), a court may also dismiss an action for lack of subject matter jurisdiction if the plaintiff lacks standing to bring his claim.  Kwan v. United States, 84 F.Supp.2d 613, 617 n.2 (E.D. Pa. 2000).  A motion to dismiss under 12(b)(1) may present either a facial or factual challenge to subject matter jurisdiction.  See Mortensen v. First Fed. Sav. and Loan, 549 F.2d 884, 891 (3d Cir. 1977).  In considering a facial challenge, a court must accept as true, all allegations in the complaint.  Id.  In contrast, when considering a factual challenge, a court is free to weigh the evidence and no presumption of truthfulness attaches to the plaintiff's allegations.  Id.

### B.  Federal Rule of Civil Procedure 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the

Court may dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). When considering a motion to dismiss, a court must accept as true all allegations in the complaint and must draw all reasonable factual inferences in the light most favorable to the plaintiff. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255 (3d Cir. 1994). The Court is "not required to accept legal conclusions either alleged or inferred from the pleaded facts." Kost, 1 F.3d at 183. Dismissal is only appropriate when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45 (1957). The burden of demonstrating that the plaintiff has failed to state a claim upon which relief may be granted rests on the movant. Young v. West Coast Industrial Relations Assoc., Inc., 763 F.Supp. 64, 67 (D. Del. 1991) (citations omitted).

**II. Analysis**

    A.   Count I:   Breach Of Fiduciary Duty

In Count I, the Trustee alleges that Pepper and Gagné, as counsel to SFC, breached their fiduciary duty by engaging in

4

improperly waived, and unwaivable conflicts of interest.   (Adv.
Pro. No. 04-56423, D.I. 1 at 36.)   Among many purported conflicts
with Pepper and Gagné's representation of SFC, the Trustee
alleges that Pepper and Gagné simultaneously represented SFC and
various other individuals and entities whose interests were
adverse to those of SFC, permitted Gagné and the Family to loan
millions of dollars to SFC and to become equity holders in SFC,
elevated the interests of Gagné and the Family above those of SFC
and its creditors, and represented or considered the Family's
interests in transactions with SFC and Yao. (<u>Id.</u>)

Defendants Pepper and Gagné contend that Count I should be
dismissed under Rule 12(b)(1) because the Trustee lacks standing
to bring this claim.   Defendants contend that the Trustee does
not have standing under 11 U.S.C. § 541 because this claim
belongs to SFC's creditors and not to SFC.   (D.I. 20 at 16.)
Defendants also contend that the Trustee does not have standing
under 11 U.S.C. § 544 because that section does not give a
trustee standing to bring tort claims.   (<u>Id.</u>)   Defendants further
contend that Count I should be dismissed under Rule 12(b)(6)
because the Trustee's claim is barred by the doctrine of <u>in pari
delicto</u>.   (<u>Id.</u> at 17.)   In response, the Trustee contends that he
has standing to bring this claim under both § 544(a) and § 541.
(D.I. 15 at 13.)   He further contends that Defendants' assertion

of in pari delicto is premature at the stage of a Motion to
Dismiss under Rule 12 (Id. at 17), that the doctrine is
inapplicable because Defendants are insiders of SFC (Id. at 20),
and that the doctrine does not apply to the allegation of breach
of fiduciary duty (Id. at 25).

The estate of a bankrupt debtor includes "all legal or
equitable interests of the debtor in property as of the
commencement of the case." 11 U.S.C. § 541(a)(1).  This
definition includes legal causes of action.  Board of Trustees of
Teamsters Local 863 Pension Fund v. Foodtown, Inc., 296 F.3d 164
(3d Cir. 2002).  Therefore, under § 541, the trustee of a
bankrupt debtor may bring any cause of action that the debtor
could have brought under state law as of the commencement of the
case.[1]  Id. n.5.  Count I alleges a breach of the fiduciary duty
that arose from Pepper and Gagné's attorney-client relationship
with SFC.  Thus, this is a cause of action that SFC could have
brought on its own behalf.  Moreover, the Trustee alleges that
the conflicts of interest constituting the breach began well
before the commencement of the bankruptcy case.  Therefore, the
Court concludes that the Trustee has standing to bring Count I
under 11 U.S.C. § 541(a)(1).

--------

[1]The parties agree that state law questions in this case are
controlled by the law of Pennsylvania.  (See D.I. 15 at 18; D.I.
20 at 9).

Defendants next contend that, even if the Trustee has standing, Count I must be dismissed under Rule 12(b)(6) because it is barred by the doctrine of _in_ _pari_ _delicto_.  _In_ _pari_ _delicto_ is an equitable doctrine providing "that a plaintiff may not assert a claim against a defendant if the plaintiff bears fault for the claim." _Official Committee of Unsecured Creditors v._ _R.F. Lafferty & Co., Inc._, 267 F.3d 340, 354 (3d Cir. 2001).  The Court of Appeals for the Third Circuit has held that the doctrine may be applied to bar a bankruptcy trustee who has stepped into the shoes of a wrongdoing debtor from bringing an action under § 541 against a third party defendant who participated in the same wrongdoing.  _Id._ at 360.

Although _in_ _pari_ _delicto_ is an affirmative defense, "a complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense . . . appears on its face." _Leveto v._ _Lapina_, 258 F.3d 156, 161 (3d Cir. 2001) (quoting _ALA, Inc. v._ _CCAIR, Inc._, 29 F.3d 855, 859 (3d Cir. 1994)).  Here, however, the affirmative defense is not established on the face of the complaint.  _In_ _pari_ _delicto_ will not operate to bar claims against insiders of the debtor corporation.  _Official Committee_ _of Unsecured Creditors v. William Shapiro_, No. 99-526, slip op. at *1, 2001 WL 1468250 (E.D. Pa. 2001) (citing _In re Granite_ _Partners, L.P._, 194 B.R. 318, 332 (S.D.N.Y. 1996)).  The Trustee

7

contends that all Defendants are insiders of SFC and his Complaint includes numerous factual allegations in support of that contention. (See Adv. Pro. No. 04-56423, D.I. 1 at 6, 7, 8, 15-17, 18-20, 22, 31-32, 42, & 61.)  "Any person or entity whose relationship with the debtor is sufficiently close so as to subject the relationship to careful scrutiny may qualify as an 'insider.'"  In re Karen Louise Demko, 264 B.R. 404, 408 (Bankr. W.D. Pa. 2001) (citing Butler v. David Shaw, Inc., 72 F.3d 437, 443 (4th Cir. 1996)).  Thus, the inquiry into insider status "is fact-intensive and can be made only on a case-by-case basis." Demko, 264 B.R. at 408 (citing In re ABC Electric Services, Inc., 190 B.R. 672, 675 (Bankr. M.D. Fla. 1995)).  Therefore, whether Defendants in this case are insiders of SFC can be determined only after full discovery.  The Court concludes that the affirmative defense of in pari delicto, not having been established on the face of the Complaint, does not compel dismissal of Count I at this stage of the proceedings.[2] Therefore, the Court will deny Defendants' Motions To Dismiss with respect to Count I.

     B.   Count II:  Deepening Insolvency

     In Count II, the Trustee alleges that all Defendants engaged

_____

     [2]Defendants' contentions that in pari delicto bars the Trustee from bringing other Counts fail for the same reason, so the Court will not address those contentions in its discussion of those Counts.

8

in tortious conduct that caused injury to SFC through the wrongful expansion of corporate debt and prolongation of corporate life beyond insolvency.  (Adv. Pro. No. 04-56423, D.I. 1 at 42.) Defendants contend that Count II should be dismissed under Rule 12(b)(1) because the Trustee lacks standing to bring the claim.  (D.I. 20 at 1; D.I. 22 at 10.)  Defendants further contend that Count II should be dismissed under Rule 12(b)(6) because Pennsylvania does not recognize an independent cause of action for deepening insolvency.  (D.I. 20 at 28; D.I. 22 at 14.) Alternatively, Defendants contend that the Trustee has not alleged the necessary elements of a claim for deepening insolvency, and that he has not alleged fraud with the particularity required by Rule 9(b).  (D.I. 20 at 28; D.I. 22 at 14.)  In response, the Trustee contends that the Court is bound by the Third Circuit's decision in Lafferty, 267 F.3d at 344, which concluded that Pennsylvania would recognize deepening insolvency as a valid cause of action.  (D.I. 15 at 26-28.)  The Trustee further contends that the Complaint alleges all of the elements necessary to state a claim for deepening insolvency, and that fraud is not a necessary element of the claim.  (Id. at 28; D.I. 17 at 8.)

The Trustee has standing to bring this claim under § 541 if the claim is one that SFC could have brought on its own behalf as

of the commencement of the case.   In <u>Lafferty</u>, the Third Circuit
concluded that a deepening insolvency claim brought by a
Committee of Creditors was a claim belonging to the debtor rather
than the creditors because the claim sought recovery for damage
to the debtor's property.   267 F.3d at 349.   Similarly, the
Trustee alleges in this Count that the damage resulting from
Defendants' conduct was to SFC itself and not just to the
creditors.   Therefore, the Court concludes that the Trustee has
standing to bring Count II under § 541.

In <u>Lafferty</u>, the Third Circuit concluded "that 'deepening
insolvency' constitutes a valid cause of action under
Pennsylvania state law . . . ." <u>Id.</u> at 344.   This interpretation
of Pennsylvania law is binding on this Court in the absence of a
subsequent state statute or binding state court decision to the
contrary.   <u>Lennig v. New York Life Ins. Co.</u>, 130 F.2d 580, 581
(3d Cir. 1942).   Therefore, in deciding whether to dismiss Count
II, the Court need determine only whether the Complaint
sufficiently alleges the elements necessary to state a claim for
deepening insolvency.

In <u>Lafferty</u>, the Third Circuit did not specify the elements
of a deepening insolvency claim.   However, it did state that "the
Committee alleges an injury to the Debtors' corporate property
from the fraudulent expansion of corporate debt and prolongation

10

of corporate life.  This type of injury has been referred to as
'deepening insolvency.'" 267 F.3d at 347.  The District Court for
the Eastern District of Pennsylvania has concluded that this
language means that the tort requires a showing of fraud.
Corporate Aviation Concepts, Inc., v. Multi-Service Aviation
Corp., No. 03-3020, slip op. at *4, WL 1900001 (E.D. Pa. 2001);
accord In re CITX Corp. Inc., No. 03-727, slip op. at *10, 2005
WL 1388963 (E.D. Pa. 2005).  The Court agrees.

     In order to state a claim for deepening insolvency, then,
the trustee of a bankrupt debtor must allege that the defendant
defrauded the debtor.  If the allegation were that the
defendant's conduct in expanding the debtor's corporate debt and
prolonging corporate life worked to defraud only the debtor's
creditors, then the trustee would lack standing to bring the
claim.  He could not bring it under § 541 because it would not be
a claim that the debtor could have brought on its own behalf as
of the commencement of the case, nor could he bring it under §
544 because that section deals only with a trustee's powers
regarding avoidance actions and does not empower him to pursue
tort claims.[3]  Here, the Trustee does not allege that Defendants
defrauded SFC, but only that Defendants and Yao, the CEO and sole
shareholder of SFC, worked together to defraud SFC's creditors.

_____

     [3]The Court will discuss § 544 in more detail in section C
infra.

                                                              11

Therefore, the Court concludes that Count II fails to state a claim upon which relief can be granted, and will dismiss Count II pursuant to Rule 12(b)(6).

### C.   Count III:   Negligent Misrepresentation

In Count III, the Trustee alleges that Pepper and Gagné, in the preparation of Private Placement Memoranda to investors in SFC, negligently or recklessly misrepresented or omitted material facts related to SFC's financial condition and operations, that SFC's creditors relied on those misrepresentations or omissions, and that they were damaged as a result.  (Adv. Pro. No. 04-56423, D.I. 1 at 44.)  Defendants Pepper and Gagné contend that the Trustee lacks standing to bring the claim under § 541 because he is bringing it on behalf of SFC's creditors and not on behalf of SFC.  Alternatively, Defendants contend that the Trustee fails to allege the elements necessary to state a claim of negligent misrepresentation against them.  (D.I. 20 at 13-14.)  In response, the Trustee contends that he has standing, under § 544(a), to bring a general claim on behalf of all of SFC's creditors and that the Complaint alleges all of the elements necessary to state such a claim.  (D.I. 15 at 12, 15-16.)

The Trustee does not contend that the claim for negligent misrepresentation was a cause of action that SFC could have brought on its own behalf as of the commencement of the

12

bankruptcy case.  Therefore, he does not have standing to bring the claim under § 541.  The question presented here then, is whether § 544 of the Bankruptcy Code gives the Trustee standing to bring tort claims.  The Trustee contends that § 544 gives him broad authority to pursue general claims on behalf of SFC's creditors, including tort claims.  (Id. at 12-13.)  Defendants contend that § 544 applies only to avoidance actions and gives the Trustee no standing to bring tort claims. (D.I. 20 at 16.)

There is ample authority for the contention that § 544 is limited to avoidance actions.  See Baehr v. Touche Ross & Co., 62 B.R. 793, 798 (E.D. Pa. 1986) (concluding that § 544(a) did not give a bankruptcy trustee standing to bring a tort claim on behalf of creditors); In re Teligent, Inc., 307 B.R. 744, 749 (Bankr. S.D.N.Y. 2004) (concluding that § 544 does not extend beyond avoidance actions); In re Granite Partners, 194 B.R. 318, 324 (Bankr. S.D.N.Y. 1996) (concluding that § 544 does not extend beyond avoidance actions).  In addition, the Third Circuit has described § 544 as simply defining "the trustee's power over rival creditors."  In re Bridge, 18 F.3d 195, 198 (3d Cir. 1994).  Finally, Collier on Bankruptcy states:

> "[s]ection 544 is the first of the five sections of
> the Bankruptcy Code that set out the trustee's power to
> avoid liens and transfers. . . . The powers granted
> under [§ 544] enable a trustee to avoid transfers and

13

> liens on the debtor's property that could have been
> avoided by a creditor under the applicable local law .
> . . ."

5 Collier on Bankruptcy ¶ 544.01 (15th rev. ed. 2004).

On the other hand, the Court can find no support for the

Trustee's contention that § 544 provides him with standing to

bring tort claims on behalf of SFC's creditors.  None of the

numerous cases cited by the Trustee actually supports that

contention.  (See D.I. 15 at 10-14.)  In each of those cases, the

"general claim" being asserted was either a claim belonging to

the bankruptcy estate at the commencement of the case, or an

avoidance claim.  In none of the cited cases did a court conclude

that § 544 gives a bankruptcy trustee standing to bring a tort

claim that was not the property of the bankruptcy estate as of

the commencement of the case.  Therefore, the Court concludes

that the Trustee lacks standing to bring the claim of negligent

misrepresentation as alleged in Count III, and will dismiss Count

III pursuant to Rule 12(b)(1).

D.   Count IV:  Professional Malpractice

In Count IV, the Trustee alleges that Pepper and Gagné

failed to exercise the necessary, proper, and ordinary skill and

knowledge required of members of the legal profession in

connection with their representation of SFC.  (Adv. Pro. No. 04-

56423, D.I. 1 at 46.)  Defendants Pepper and Gagné contend that

14

Count IV should be dismissed under Rule 12(b)(1) because the
Trustee lacks standing to bring the claim.  (D.I. 20 at 1.)  In
response, the Trustee contends that he has standing to bring the
claim under both §§ 541 and 544.

Like Count I's claim of breach of fiduciary duty, Count IV's
claim of professional malpractice arises from Pepper and Gagné's
attorney-client relationship with SFC.  Here too, the Trustee
alleges that the conduct giving rise to the claim began well
before the commencement of the bankruptcy case.  Thus, the claim
is one that could have been brought by SFC on its own behalf as
of the commencement of the case.  The Court concludes therefore,
that the Trustee has standing to bring Count IV under
§ 541(a)(1).   Accordingly, the Court will deny Defendants'
Motion To Dismiss with respect to Count IV.

E.   <u>Count V:  Aiding And Abetting Breach Of Fiduciary Duty</u>

In Count V, the Trustee alleges that Pepper and Gagné aided
and abetted SFC's Directors and Officers in breaching their
fiduciary duty to SFC.  (Adv. Pro. No. 04-56423, D.I. 1 at 48.)
Defendants contend that Count V fails to state a claim upon which
relief can be granted because the Pennsylvania Supreme Court has
not recognized the tort of aiding and abetting a breach of
fiduciary duty.  (D.I. 20 at 34.)  In response, the Trustee
contends that this Court should predict that the Pennsylvania

Supreme Court would recognize the tort.  (D.I. 15 at 35-36.)

Neither the Pennsylvania Supreme Court nor the Court of Appeals for the Third Circuit has considered whether aiding and abetting a breach of fiduciary duty is a valid cause of action under Pennsylvania law.  When called to apply substantive state law with respect to an issue that the state's highest court has not addressed, a federal court must predict how the state's highest court would resolve the issue.  Jaasma v. Shell Oil Co., 412 F.3d 501, 507 n.5 (3d Cir. 2005).  However, "it is not the role of a federal court to expand state law in ways not foreshadowed by state precedent."  City of Philadelphia v. Berretta U.S.A. Corp., 277 F.3d 415, 421 (3d Cir. 2002).  In determining what the Pennsylvania Supreme Court would decide if presented with an issue it has not considered, this Court examines: "(1) what the Pennsylvania Supreme Court has said in related areas; (2) the 'decisional law' of the Pennsylvania intermediate courts; (3) opinions of federal courts of appeals and district courts applying state law; and (4) decisions from other jurisdictions that have discussed the issue . . . ."  Dilworth v. Metropolitan Ins. Co., 418 F.3d 345, 349 (3d Cir. 2005) (citing Gruber v. Owens-Illinois Inc., 899 F.2d 1366, 1369-70 (3d Cir. 1990)).

16

One of Pennsylvania's two intermediate courts, the
Commonwealth Court, has concluded that aiding and abetting a
breach of fiduciary duty is a valid cause of action under
Pennsylvania common law, basing its conclusion on the Restatement
(Second) of Torts § 876.  Koken v. Steinberg, 825 A.2d 723, 731
(Pa. Commw. Ct. 2003).  Pennsylvania's other intermediate court,
the Superior Court, has been more equivocal.  In Burnside v.
Abbot Labs, the Superior Court favorably discussed the related
cause of action of "concerted action" under § 876 of the
Restatement, but concluded that the Appellant had not established
a prima facie case.  505 A.2d 973, 982-83 (Pa. Super. Ct. 1986).
The Superior Court also noted that "this cause of action has not
heretofore been recognized in this Commonwealth as a valid basis
for imposing liability."  Id. at 983.  More recently, the
Superior Court has made it clear that § 876 has not yet been
adopted as law in Pennsylvania.  See Welc v. Porter, 675 A.2d
334, 338 (Pa. Super. Ct. 1996) (stating that "[a]lthough [§§
876(a) and (b)] have been addressed by this Court, . . . these
pronouncements are not controlling as the discussions either did
not command a majority or constituted dicta.  Moreover, these
sections heretofore have not been expressly adopted."); see also
Clayton v. McCullough, 670 A.2d 710, 713 (Pa. Super. Ct. 1996)
(stating that "we are not bound by § 876(b) of the Restatement

17

2d, as it has not been adopted by the Pennsylvania Supreme Court").

The United States District Court for the Eastern District of Pennsylvania has predicted that the Pennsylvania Supreme Court would recognize a claim for aiding and abetting breach of fiduciary duty. See Adena, Inc., v. Cohn, 162 F.Supp.2d 351-357 (E.D. Pa. 2001). However, Pennsylvania's other two Federal District Courts have refused to expand Pennsylvania law to include that cause of action. See Flood v. Makowski, No. 03-1803, slip op. at *36, 2004 WL 1908221 (M.D. Pa. 2004) (stating that the court was "hesitant to create an entirely new cause of action on the basis of two cases from the lower courts in Pennsylvania and dictum from a third court");see also Daniel Boone Area School Dist. v. Lehman Bros., Inc., 187 F.Supp.2d 400, 413 (W.D. Pa. 2002) (refusing to expand Pennsylvania tort liability by adopting § 876(b)).

Taking into account all of the foregoing, the Court concludes that there is an insufficient basis to conclude that the Pennsylvania Supreme Court would decide that aiding and abetting breach of fiduciary duty is a valid cause of action under Pennsylvania law. Therefore the Court will dismiss Count V of the Complaint pursuant to Rule 12(b)(6).

F.  Count VI:  Civil Conspiracy

In Count VI, the Trustee alleges that Gagné and the Family combined with one or more members of SFC's Board to perform a number of unlawful acts resulting in damage to SFC.  (Adv. Pro. No. 04-56423, D.I. 1 at 51.)  Defendants contend that Count VI should be dismissed because the Trustee fails to allege the elements necessary to state a claim for civil conspiracy. (D.I. 22 at 19.)  Specifically, Defendants contend that the Trustee fails to properly allege malice and that he does not sufficiently identify the participants and purpose of the conspiracy, or the unlawful acts or unlawful purposes involved.  (Id. at 19-21.)  In response, the Trustee contends that, read broadly, the Complaint alleges all of the elements necessary to state a claim for civil conspiracy.  (D.I. 17 at 11-14.)

In order to state a claim for civil conspiracy under Pennsylvania law, a plaintiff must allege: "(1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damage." Kline v. Security Guards, Inc., 386 F.3d 246, 262 (3d Cir. 2004) (quoting McGuire v. Shubert, 722 A.2d 1087, 1092 (Pa. Super. Ct. 1998).  In addition "[p]roof of malice, i.e., an intent to injure, is

19

essential in proof of a conspiracy." <u>Skipworth v. Lead Indus.</u>
<u>Assoc., Inc.</u>, 690 A.2d 169 (Pa. 1997).   Civil conspiracy "is not
independently actionable; rather it is a means for establishing
vicarious liability for [an] underlying tort." <u>Boyanowski v.</u>
<u>Capital Area Intermediate Unit</u>, 215 F.3d 396, 407 (3d Cir. 2000).
Thus, a claim for civil conspiracy cannot stand alone, but must
be predicated on some underlying tort.   <u>Id.</u> at 405.

     The parties disagree with respect to the level of malice
required.   Defendants contend that the requisite malice is
present only if the sole purpose of the conspiracy was to injure
the plaintiff.   (D.I. 22 at 21.)   The Trustee responds that the
Complaint adequately alleges that Defendants intended to injure
SFC, and that intent to injure need not be the sole purpose of
the conspiracy.   (D.I. 17 at 13-14.)   The Court concludes that,
under either interpretation, the Complaint fails to allege the
malice necessary to state a claim for civil conspiracy.   When
deciding a motion to dismiss under rule 12(b)(6), "a court must
take well-pleaded facts as true, but need not credit a
complaint's 'bald assertions.'"   <u>In re Burlington Coat Factory</u>
<u>Securities Litig.</u>, 114 F.3d 1410, 1429 (3d Cir. 1997) (quoting
<u>Glassman v. Computervision Corp.</u>, 90 F.3d 617, 628 (1st Cir.
1996)).   Here, the Trustee offers no factual allegation to
support his assertion that Defendants acted with the intent to

injure SFC.  Therefore, the Court will dismiss Count VI of the
Complaint pursuant to Rule 12(b)(6).

     G.  <u>Count VII:  Fraudulent Conveyance Claim</u>

    In Count VII, the Trustee alleges that Yao fraudulently
transferred his interests in three business entities to the
Family.  (Adv. Pro. No. 04-56423, D.I. 1 at 53.)  The Trustee
seeks to avoid the transfers and recover the transferred
interests or their value from the Family for the bankruptcy
estate pursuant to 11 U.S.C. §§ 544(b) and 550, and 12 Pa. Cons.
Stat. §§ 5101-5119.  (<u>Id.</u> at 54.)  Defendants contend that the
Trustee lacks standing to bring this claim for two reasons.
(D.I. 22 at 25-26.)  First, the Trustee fails to identify the
actual unsecured creditor whose claim he is seeking to enforce
under § 544(b).  Second, § 544 allows a trustee to avoid
transfers made by the debtor, but the Trustee here is seeking to
avoid a transfer made by Yao and not by SFC, the debtor.
Defendants further contend that Count VII fails to state a claim
under the applicable Pennsylvania law because it does not
identify SFC as a creditor of Yao, it does not identify the
claims that SFC had against Yao, and it fails to plead fraud with
the specificity required by Rule 9(b).  (<u>Id.</u> at 27-30.)  In
response, the Trustee contends that he has standing under both §§
541 and 544(a), that the Complaint sufficiently identifies SFC's

21

claim against Yao, that pleading with particularity is not required, and that the Complaint's allegations of fraud are sufficiently particular to satisfy Rule 9(b) anyway.  (D.I. 17 at 17-19).

The Court concludes that the Trustee has standing to bring this claim for fraudulent conveyance under 11 U.S.C. § 541, but not under § 544.  Section 544 gives a trustee standing to bring actions to avoid transfers of property by the debtor.  11 U.S.C. § 544.  Here, the Trustee seeks to avoid a transfer of Yao's property, not the property of the debtor, SFC.  Therefore, § 544 is not applicable.  However, drawing all reasonable inferences in the light most favorable to the Trustee, the Court concludes that the Complaint sufficiently alleges that, as of the commencement of the bankruptcy case, SFC had a cause of action against Yao for wrongful distributions of corporate assets to himself.  Because SFC had this claim against Yao, it could have sought to avoid Yao's transfers to the Family under the Pennsylvania Uniform Fraudulent Transfers Act ("PUFTA").  12 Pa. Cons. Stat. §§ 5101-5110.  Therefore, the Trustee, stepping into the shoes of the debtor, has standing to bring this claim under 11 U.S.C. § 541(a)(1).

Next, the Court must determine whether the Complaint sufficiently alleges the elements of a fraudulent conveyance

22

claim under Pennsylvania law.   PUFTA provides in pertinent part that:

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation: (1) with actual intent to hinder, delay or defraud any creditor of the debtor; or (2) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor . . . .

12 Pa. Cons. Stat. § 5104(a)(1) & (2).   As noted above, the Trustee sufficiently alleges that SFC had a claim against Yao as of the commencement of the bankruptcy case.   The Trustee also alleges that Yao made the transfers in question with actual intent to defraud his creditors.   (Adv. Pro. No. 04-56423, D.I. 1 at 54.)   The Court disagrees with the Trustee's contention that the Complaint also alleges constructive fraudulent transfer under § 5104(a)(2) (See D.I. 17 at 19.), because the Complaint does not allege that Yao did not receive a reasonably equivalent value in exchange for the transfers in question.

The last remaining issue with respect to Count VII then, is whether the Complaint alleges fraudulent transfer with sufficient particularity to satisfy Federal Rule of Civil Procedure 9(b). The Court concludes that it does.   Rule 9(b) states in its entirety:   "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with

23

particularity.  Malice, intent, knowledge and other conditions of
mind of a person may be averred generally." Fed. R. Civ. P.
9(b).  The purpose of Rule 9(b) is to provide defendants notice
of the precise nature of the claim against them, not to test the
factual allegations of the claim.  <u>Seville Indus. Machinery Corp.
v. Southmost Machinery Corp.</u>, 742 F.2d 786, 791 (3d Cir. 1984).
Here, the Complaint gives Defendants sufficient notice of the
interests alleged to have been fraudulently transferred (Adv.
Pro. No. 04-56423, D.I. 1  at 53), the approximate date of the
transfer (<u>Id.</u>), and the nature of the Trustee's claims against
Yao (<u>Id.</u> at 35, 54).   Because Rule 9(b) requires only general
averments with regard to state of mind, the Trustee's allegation
that "Yao pledged the assets with an actual intent to defraud his
creditors" is adequate.  (<u>Id.</u> at 54.)  Accordingly, the Court
will deny Defendants' Motions To Dismiss with respect to Count
VII.

     H.   <u>Count VIII:  Turnover Of Estate Property Claim</u>

In Count VIII, the Trustee alleges that Yao's interests in
two business entities, One Summit Place GP, and DHP GP, Inc.,
were acquired using funds "inappropriately obtained" from SFC and
therefore, those interests, currently in the possession of the
Family, are the property of SFC and are subject to turnover to
the bankruptcy estate under 11 U.S.C. § 542.  (Adv. Pro. No. 04-

56423, D.I. 1 at 54-55.)   The Court notes that the interests in question are two of the three interests that are the subject of the Trustee's fraudulent conveyance claim in Count VII of the Complaint.   Defendants contend that Count VIII fails to state a claim upon which relief can be granted because turnover actions under § 542 are limited to recovery of assets that are undisputedly the property of the bankruptcy estate.   (D.I. 22 at 31-32.)   In response, the Trustee contends that he may properly use § 542 to "obtain the recovery of avoided transfers."   (D.I. 17 at 20.)

The Trustee is correct in his contention that he may use § 542 to compel turnover of estate property whose transfer from the estate has been avoided, i.e. property whose ownership is not in dispute.   In re Hechinger Investment Co. of Delaware, Inc., 282 B.R. 149, 161-62 (Bankr. D. Del. 2002).   However, the transfer of the interests in question here has not yet been avoided and the interests are very much in dispute; they are subjects of the Trustee's claim of fraudulent conveyance in Count VII.   Turnover actions cannot be used to demand assets whose title is in dispute.   In re Allegheny health, Education, & Research Foundation, 233 B.R. 671, 677-78 (Bankr. W.D. Pa. 1999).   Therefore, in order to state a claim for turnover of property under § 542, a plaintiff must allege that transfer of the

property has already been avoided or that the property is
otherwise the undisputed property of the bankruptcy estate.
Here, the Trustee has not made, and cannot make that allegation.
Accordingly, the Court will dismiss Count VIII of the Complaint
pursuant to Rule 12(b)(6).

    I.  <u>Count IX:  Equitable Subordination</u>

    In Count IX, the Trustee contends that Pepper's claims
against the bankruptcy estate should be equitably subordinated to
the claims of all general unsecured creditors pursuant to 11
U.S.C. § 510(c) because those creditors were harmed by Pepper's
inequitable conduct.  (Adv. Pro. No. 04-56423, D.I. 1 at 55-56.)
Pepper contends that this claim is barred by the doctrine of
unclean hands because SFC participated in the same conduct and
the Trustee stands in the shoes of SFC.  (D.I. 20 at 36.)  The
Trustee responds that the unclean hands doctrine is not
applicable here because there is no language in § 510(c)
preventing the Court from considering post-petition events such
as the appointment of the trustee, and the Trustee does not have
unclean hands.  (D.I. 15 at 37.)

    The Court concludes that the Trustee's equitable
subordination claim is not barred by the doctrine of unclean
hands.  Under § 541, the bankruptcy estate contains "all legal or
equitable interests of the debtor in property <u>as of the</u>

commencement of the case." 11 U.S.C. § 541(a)(1) (emphasis added). The Third Circuit has held that the quoted language prevents courts from taking into account events that occur after the commencement of the bankruptcy case, including the appointment of a trustee. Lafferty, 267 F.3d at 357. Thus, a trustee suing under § 541 is subject to the same defenses as could have been asserted by the defendant had the action been instituted by the debtor. Id. at 356. Therefore, participation of the debtor in the conduct giving rise to the action is imputed to the trustee and the doctrine of in pari delicto may apply to bar his claim.

However, when a trustee brings an action based on a section of the Bankruptcy Code that does not contain limiting language such as that in § 541, a court may consider post-petition events. In re The Personal and Bus. Ins. Agency, 334 F.3d 239, 241 (3d Cir. 2003). Section 510 does not contain such limiting language. Therefore, the Court may take into account the appointment of the Trustee and his position as an innocent successor to any wrongful conduct that might be imputed to SFC. The Court concludes that imputing that wrongful conduct to the Trustee, who is not himself accused of any wrongdoing, would lead to an inequitable result. Accordingly, the Court will not apply the doctrine of unclean

hands and will deny Defendants' Motion To Dismiss with respect to Count IX of the Complaint.

J.   Counts X & XI:   Preference Claims

In Counts X and XI, the Trustee seeks, under 11 U.S.C. § 547, to avoid payments made by SFC to Pepper and the Family within one year preceding the filing of the bankruptcy petition. (Adv. Pro. No. 04-56423, D.I. 1 at 57-62.)   Defendants do not contest the Trustee's ability to seek avoidance of payments made within ninety days preceding the filing date.   The Trustee contends that, under § 547(b)(4)(B), he may avoid payments made between ninety days and one year preceding the filing date because all Defendants are insiders of SFC.   (D.I. 15 at 38; D.I. 17 at 21.)   Defendants contend that the Trustee's allegation that they are insiders is insufficient, and therefore, the Court should dismiss those portions of the preference claims that seek avoidance of payments made between ninety days and one year preceding the filing date. (D.I. 20 at 37; D.I. 22 at 33-34.)

Section 547(b) reads in pertinent part: "[T]he trustee may avoid any transfer of an interest of the debtor in property . . . made . . . between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider . . . ."   11 U.S.C. § 547(b)(4)(B). Therefore, as the parties have noted, whether the Trustee may

avoid payments made by SFC to Defendants more than ninety days preceding the filing date hinges on Defendants' status as insiders of SFC.  As noted in section II. A., <u>supra</u>, the Complaint alleges that all Defendants are insiders of SFC, and that allegation is supported by numerous other factual allegations.  Therefore, the Court concludes that the Trustee sufficiently alleges that Defendants are insiders of SFC. Accordingly, the Court will deny Defendants' Motion To Dismiss with respect to Counts X and XI of the Complaint.

CONCLUSION

In sum, for the reasons discussed, the Court will deny Defendants' Motions To Dismiss with respect to Count I, breach of fiduciary duty; Count IV, professional malpractice; Count VII, fraudulent conveyance; Count IX, equitable subordination; Count X, preference with respect to Pepper; and Count XI, preference with respect to the Family.  The Court will grant the Motions with respect to Count II, deepening insolvency; Count III, negligent misrepresentation; Count V, aiding and abetting a breach of fiduciary duty; Count VI, civil conspiracy; and Count VIII, turnover of estate property.

An appropriate order will be entered.