**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

In re:                                              :    Chapter 7
STUDENT FINANCE CORPORATION,                        :
                                                    :    Case No. 02-11620-JBR
            Debtor.                                 :
_____                     :
CHARLES A. STANZIALE, JR., CHAPTER                  :
7 TRUSTEE OF STUDENT FINANCE                        :    Adversary No. 04-56423-PBL
CORPORATION,                                        :
            Plaintiff,                              :    Civil Action No. 04-1551-JJF
                                                    :
      v.                                            :
                                                    :
PEPPER HAMILTON LLP, et al.,                        :
                                                    :
            Defendants.                             :

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS ROBERT**
**L. BAST, PAMELA BASHORE GAGNÉ, W. RODERICK GAGNÉ, AS TRUSTEE**
**OF THE TRUSTS, AND THE TRUSTS TO THE FIRST AMENDED COMPLAINT**

Defendants Robert L. Bast ("Bast"), Pamela Bashore Gagné ("Pamela Gagné"), W.

Roderick Gagné ("Gagné"), Trustee of Trust Under Deed of Elizabeth B. Brennan Dated January

12, 1994, W. Roderick Gagné, Trustee of Trust Under Deed of Elizabeth B. Brennan Dated

January 12, 1994, FBO W. Roderick Gagné, W. Roderick Gagné, Trustee of Trust Under Deed of

Elizabeth B. Brennan Dated January 12, 1994, FBO Phillip B. Gagné, W. Roderick Gagné,

Trustee of Trust Under Deed of Elizabeth B. Brennan Dated January 12, 1994, FBO Elizabeth L.

Gagné, W. Roderick Gagné, Trustee of Trust Under Deed of James T. Brennan Dated April 8,

1991, FBO W. Roderick Gagné, W. Roderick Gagné, Trustee of Trust Under Deed of James T.

Brennan Dated April 8, 1991, FBO Phillip B. Gagné and W. Roderick Gagné, Trustee of Trust

Under Deed of James T. Brennan Dated April 8, 1991, FBO Elizabeth L. Gagné (collectively the

"Trusts" and, together with Bast, Pamela Gagné and Gagné, as a trustee of the Trusts, "answering

defendants"), hereby answer the First Amended Complaint ("Complaint") of plaintiff Charles A.

Stanziale, Jr., Esquire, Chapter 7 Trustee ("plaintiff" or "Trustee") of Student Finance Corporation

("SFC" or "Debtor"). For their answer, answering defendants generally deny each and every allegation of the Complaint that is not expressly admitted herein. Further, answering defendants respond to the numbered paragraphs of the Complaint and assert affirmative defenses as follows.

   1. Answering defendants admit that the Trustee has brought this Complaint against Pepper Hamilton, LLP ("Pepper"), its partner W. Roderick Gagné, Gagné's wife, Pamela Gagné, Gagné's uncle, Robert Bast, Gagné, as a trustee of the Trusts, and the Trusts, which Trusts were created by Elizabeth B. Brennan and James T. Brennan, Gagné's mother and stepfather, for the benefit of Gagné, Philip B. Gagné and Elizabeth Gagné, and of which Gagné served as a trustee. To the extent that the remaining allegations of paragraph 1 are directed to answering defendants, the allegations are denied. To the extent that the remaining allegations of paragraph 1 are directed to a defendant other than answering defendants, no response by answering defendants is required. To the extent that a response is deemed required, answering defendants on information and belief incorporate the response of Pepper and Gagné as an attorney practicing at Pepper (together referred to as the "Pepper defendants") to the remaining allegations of paragraph 1 of the Complaint as though set forth fully herein.

   2. The allegations of paragraph 2 are admitted on information and belief.

   3. The allegations of paragraph 3 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, answering defendants on information and belief incorporate the response of the Pepper defendants to paragraph 3 of the Complaint as though set forth fully herein.

4.    It is admitted that plaintiff is asserting a professional liability claim against Gagné, but denied that plaintiff is entitled to relief on this claim or on any other claim in the Complaint. The remaining allegations of paragraph 4 are admitted.

5.    The allegations of paragraph 5 are admitted.

6.    It is admitted that Bast is an adult individual residing at 110 Spruce Lane, Ambler, Pennsylvania 19002 and that he is Gagné's uncle. The remaining allegations of paragraph 6 are denied as stated, but it is admitted that on occasions during the approximate time period 1988 to 2003, Bast made private equity investments in or lent money to businesses in which Yao was involved.

7.    The allegations of paragraph 7 are admitted.

8.    The allegations of paragraph 8 are admitted.

9.    The allegations of paragraph 9 are admitted.

10.    The allegations of paragraph 10 are denied as stated, but it is admitted that Gagné was a trustee of the Elizabeth Brennan Trust and that the Elizabeth Brennan Trust had an address of c/o W. Roderick Gagné, 3000 Two Logan Square, 18th and Arch Streets, Philadelphia, PA 19103.

11.    The allegations of paragraph 11 are denied as stated, but it is admitted that Gagné was a trustee of the Elizabeth Brennan Trust FBO Gagné and that the Elizabeth Brennan Trust FBO Gagné had an address of c/o W. Roderick Gagné, 3000 Two Logan Square, 18th and Arch Streets, Philadelphia, PA 19103.

12.    The allegations of paragraph 12 are admitted.

13.    The allegations of paragraph 13 are admitted.

3

14.     The allegations of paragraph 14 are legal conclusions to which no response is required. To the extent that a response is deemed required, the allegations are denied.

15.     The allegations of paragraph 15 are legal conclusions to which no response is required. To the extent that a response is deemed required, the allegations are denied. By way of further answer, the Court dismissed all counts of the original complaint (which counts are repeated in the First Amended Complaint) that the Trustee purported to bring under 11 U.S.C. § 544(a).

16.     The allegations of paragraph 16 are legal conclusions to which no response is required. To the extent that a response is deemed required, the allegations are denied.

17.     The allegations of paragraph 17 are admitted on information and belief.

18.     The allegations of paragraph 18 are admitted on information and belief.

19.     The allegations of paragraph 19 are admitted on information and belief.

20.     The allegations of paragraph 20 are admitted on information and belief.

21.     The allegations of paragraph 21 are admitted on information and belief.

22.     The allegations of paragraph 22 are admitted.

23.     The allegations of paragraph 23 are admitted on information and belief.

24.     It is admitted that at certain times Yao's business address was Five Radnor Corporate Center, Radnor, Pennsylvania and his home address was 107 Leighton Drive, Bryn Mawr, Pennsylvania. Answering defendants cannot further respond to the allegations of paragraph 24 because the phrase "during all relevant periods" is vague and undefined. To the extent that a further response is deemed required, the allegations are denied.

4

25.    Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 and therefore the allegations are denied.

26.    The allegations of paragraph 26 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, answering defendants on information and belief incorporate the response of the Pepper defendants to paragraph 26 of the Complaint as though set forth fully herein.

27.    Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 and therefore the allegations are denied.

28.    The allegations of paragraph 28 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, answering defendants on information and belief incorporate the response of the Pepper defendants to paragraph 28 of the Complaint as though set forth fully herein.

29.    The allegations of paragraph 29 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, answering defendants on information and belief incorporate the response of the Pepper defendants to paragraph 29 of the Complaint as though set forth fully herein.

30.    The allegations of paragraph 30 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the

extent that a response is deemed required, answering defendants on information and belief incorporate the response to the Pepper defendants to paragraph 30 of the Complaint as though set forth fully herein.

31.    The allegations of paragraph 31 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, answering defendants on information and belief incorporate the response of the Pepper defendants to paragraph 31 of the Complaint as though set forth fully herein.

32.    The allegations of paragraph 32 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, answering defendants on information and belief incorporate the response of the Pepper defendants to paragraph 32 of the Complaint as though set forth fully herein.

33.    To the extent that the allegations of paragraph 33 are directed to answering defendants, the allegations are denied. To the extent that the allegations of paragraph 33 are directed to a defendant other than answering defendants, no response by answering defendants is required. To the extent that a response is deemed required, the allegations are denied on information and belief.

34.    To the extent that the allegations of paragraph 34 are directed to answering defendants, the allegations are denied as stated. By way of further answer, Gagné represented Yao in certain matters for less than seventeen years and Bast was not a regular source of funding for Yao's enterprises, although on occasions during the approximate time period 1988 to 2003, he made private equity investments in or lent money to businesses in which Yao was involved. The

remaining allegations of paragraph 34 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, answering defendants on information and belief incorporate the response of the Pepper defendants to the remaining allegations of paragraph 34 of the Complaint as though set forth fully herein.

35.     To the extent that the allegations of paragraph 35 are directed to answering defendants, the allegations are denied. To the extent that the allegations of paragraph 35 are directed to a defendant other than answering defendants, no response by answering defendants is required. To the extent that a response is deemed required, the allegations are denied on information and belief.

36.     The allegations of paragraph 36 are admitted on information and belief.

37.     The allegations of paragraph 37 are admitted on information and belief.

38.     The allegations of paragraph 38 are admitted on information and belief.

39.     The allegations of paragraph 39 regarding the provision of a line of credit by Wilmington Trust Company to certain of SFC's affiliates are admitted on information and belief, except that the entity was Wilmington Trust Company of Pennsylvania, a subsidiary of Wilmington Trust Company. The allegations of paragraph 39 regarding Wilmington Trust Company and Pepper are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, answering defendants on information and belief incorporate the response of the Pepper defendants to paragraph 39 of the Complaint as though set forth fully herein.

40.     The allegations of paragraph 40 are admitted on information and belief.

7

41.    It is denied on information and belief that the Notes represented an undivided interest in the Student Loan Accounts. The remaining allegations of paragraph 41 are admitted on information and belief.

42.    It is admitted on information and belief that a portion of the income streams created from the Student Loan Accounts were backed by credit risk insurance policies issued by Royal. The remaining allegations of paragraph 42 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, answering defendants on information and belief incorporate the response of the Pepper defendants to paragraph 42 of the Complaint as though set forth fully herein.

43.    The allegations of paragraph 43 are admitted on information and belief.

44.    It is admitted on information and belief that the Certificates and Notes were sold to investors in private placement transactions for which PPMs were issued. The PPMs are writings that speak for themselves and therefore the remaining allegations of paragraph 44 are denied.

45.    The allegations of paragraph 45 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the allegations are denied on information and belief.

46.    The allegations of paragraph 46 are admitted on information and belief.

47.    The allegations of paragraph 47 are admitted on information and belief.

48.    The allegations of paragraph 48 are admitted on information and belief.

49.     Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 and therefore the allegations are denied.

50.     Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 and therefore the allegations are denied.

51.     The allegations of paragraph 51 are denied to the extent they refer to reserve accounts.  Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 51 and therefore the allegations are denied.  By way of further answer, answering defendants were not aware that SFC was making payments from its own funds on behalf of the Student Loan Accounts and had no knowledge of the "Forbearance Payments" referred to in this paragraph and throughout the Complaint.  In addition, answering defendants on information and belief incorporate the response of the Pepper defendants to paragraph 51 of the Complaint as though set forth fully herein.

52.     It is admitted that SFC's utilization of Forbearance Payments was not disclosed to answering defendants.  Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 52 and therefore the allegations are denied.

53.     The allegations of paragraph 53 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required.  To the extent that a response is deemed required, answering defendants on information and belief incorporate the response of the Pepper defendants to paragraph 53 of the Complaint as though set forth fully herein.

54.    Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54 and therefore the allegations are denied.

55.    Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55 and therefore the allegations are denied.

56.    The allegation that SFC was rendered insolvent is a legal conclusion to which no response is required.  To the extent that a response is deemed required, the allegation is denied.  Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 56 and therefore the allegations are denied.

57.    The allegations of paragraph 57 are legal conclusions to which no response is required.  To the extent that a response is deemed required, the allegations are denied.

58.    Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 and therefore the allegations are denied.

59.    Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59 and therefore the allegations are denied.

60.    Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60 and therefore the allegations are denied.

61.   The allegations of paragraph 61 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, answering defendants on information and belief incorporate the response of the Pepper defendants to paragraph 61 of the Complaint as though set forth fully herein.

62.   The allegations of paragraph 62 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the allegations are denied on information and belief.

63.   The e-mail referred to in paragraph 63 is a writing that speaks for itself and therefore the allegations of this paragraph are denied.

64.   The e-mail referred to in paragraph 64, assuming it exists, is a writing that speaks for itself and therefore the allegations of this paragraph are denied.

65.   The e-mail referred to in paragraph 65, assuming it exists, is a writing that speaks for itself and therefore the allegations of this paragraph are denied.

66.   The e-mails referred to in paragraph 66, assuming they exist, are writings that speak for themselves and therefore the allegations of this paragraph are denied.

67.   Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding SFC and therefore the allegations are denied. The remaining allegations of paragraph 67 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, answering defendants on information and belief incorporate the response of the Pepper defendants to paragraph 67 of the Complaint as though set forth fully herein.

68. To the extent that the allegations of paragraph 68 are directed to answering defendants, the allegations are denied. To the extent that the allegations of paragraph 68 are directed to a defendant other than answering defendants, no response by answering defendants is required. To the extent that a response is deemed required, answering defendants on information and belief incorporate the response of the Pepper defendants to paragraph 68 of the Complaint as though set forth fully herein.

69. The allegations of paragraph 69 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, answering defendants on information and belief incorporate the response of the Pepper defendants to paragraph 69 of the Complaint as though set forth fully herein.

70. The e-mail referred to in paragraph 70 is a writing that speaks for itself and therefore the allegations of this paragraph are denied.

71. The allegations of paragraph 71 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, answering defendants on information and belief incorporate the response of the Pepper defendants to paragraph 71 of the Complaint as though set forth fully herein.

72. The allegations of paragraph 72 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, answering defendants on information and belief incorporate the response of the Pepper defendants to paragraph 72 of the Complaint as though set forth fully herein.

73.    The allegations of paragraph 73 are denied as stated, but it is admitted that at times between 1996 and 2002, Bast, Pamela Gagné and the Trusts made loans to SFC, at interest rates ranging from ten to fifteen percent per annum.  The amounts alleged in subparagraphs (d), (e) and (f) of paragraph 73 are admitted; the amounts alleged in subparagraphs (a), (b), (c), (g), (h) and (i) of paragraph 73 are denied.

74.    The allegations of paragraph 74 are admitted, except that it is denied that the Trusts are properly referred to as Gagné's family.

75.    The allegations of paragraph 75 are admitted.

76.    It is admitted that the Complaint refers to the Trusts and relatives of Gagné collectively as the "Family," but denied that this collective identification is accurate or proper in the contexts in which it is used.  The remaining allegations of paragraph 76 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required.  To the extent that a response is deemed required, answering defendants incorporate the response of the Pepper defendants to paragraph 76 of the Complaint as though set forth fully herein.

77.    It is admitted that in 2000, Bast, Pamela Gagné and certain of the Trusts purchased shares of SFC common stock, that the purchase price for these shares totaled $6 million, that this was paid in part by conversion of loans, and that when the shares were redeemed, the amounts paid for the shares totaled approximately $6,931,637.  The remaining allegations of paragraph 77 are denied.

78.    It is admitted that Gagné was a trustee of the Trusts and that he executed certain legal agreements on their behalf, including intercreditor, servicing, loan and security

13

agreements. It is denied that Gagné was the sole trustee of the Trusts or that he was the only trustee who executed legal agreements on their behalf.

79.    The allegations of paragraph 79 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, answering defendants on information and belief incorporate the response of the Pepper defendants to paragraph 79 of the Complaint as though set forth fully herein.

80.    The allegations of paragraph 80 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, answering defendants on information and belief incorporate the response of the Pepper defendants to paragraph 80 of the Complaint as though set forth fully herein.

81.    It is admitted that Pepper prepared documentation for loan and equity transactions involving SFC and Bast, Pamela Gagné and the Trusts. The SFC minutes are writings that speak for themselves and therefore the allegations in paragraph 81 concerning the SFC minutes are denied.

82.    It is admitted that loan payments by SFC to the Trusts, some or all loan payments by SFC to Pamela Gagné and some loan payments by SFC to Bast were sent to Roderick Gagné at Pepper and that Gagné wrote letters to SFC on Pepper letterhead that concerned loan payments due to Bast, Pamela Gagné and the Trusts. Those letters are writings that speak for themselves and therefore the allegations in paragraph 82 concerning the letters are denied. The remaining allegations of paragraph 82 are denied.

83.    The e-mail referred to in paragraph 83, assuming it exists, is a writing that speaks for itself and therefore the allegations of this paragraph are denied.

84.    The letter referred to in paragraph 84, assuming it exists, is a writing that speaks for itself and therefore the allegations of this paragraph are denied.

85.    It is admitted that on March 5, 2002, Bast, Pamela Gagné and certain of the Trusts made loans to SFC totaling $3.3 million and that Gagné's second conflict waiver letter to SFC was dated March 5, 2002. The allegation that Gagné knew that SFC was experiencing great financial difficulty and was making Forbearance Payments is denied. Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 85 and therefore the allegations are denied.

86.    The allegations of paragraph 86 are denied. By way of further answer, the loan documents specifically provided that the loan proceeds were to be used to pay for new loans that SFC had agreed to purchase and in which the lenders were to be granted a security interest.

87.    The allegations of paragraph 87 are denied.

88.    The allegations of paragraph 88 are legal conclusions to which no response is required. To the extent that a response is deemed required, the allegations are denied.

89.    The allegations of paragraph 89 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, answering defendants on information and belief incorporate the response of the Pepper defendants to paragraph 89 of the Complaint as though set forth fully herein.

90.    It is admitted that Yao provided guaranties in connection with the loans made to SFC by Bast, Pamela Gagné and certain of the Trusts on March 5, 2002.

91.     It is admitted that Bast and certain of the Trusts had business relationships with Yao with respect to Day Hill Partners L.P., One Summit Place L.P. and CEC Partnership L.P. (later renamed Premier Education Group L.P.), that at certain times Gagné, Bast and certain of the Trusts were limited partners of Premier Education Group, and that at certain times Yao was the director and sole shareholder of Premier Education Group G.P., Inc., the general partner of Premier Education Group.  The remaining allegations of paragraph 91 are denied.

92.     It is admitted that Bast, Pamela Gagné and certain of the Trusts made loans in 2000 to a business formed by Yao that supplied cash and related services for automated teller machines through Electronic Cash Management, LLC and its affiliates ("ECM").  Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 92 and therefore the allegations are denied.

93.     It is denied that Pepper represented the "Family" or Bast as collateral agent in transactions in which they lent money to ECM and it is denied that Bast was collateral agent only for the "Family" lenders.  The opinion letters, loan agreements and guaranties referred to in paragraph 93 are writings that speak for themselves and therefore the allegations of this paragraph concerning the opinion letters, loan agreements and guaranties and the transactions documented thereby are denied.  The remaining allegations of paragraph 93 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required.  To the extent that a response is deemed required, answering defendants on information and belief incorporate the response of the Pepper defendants to paragraph 93 of the Complaint as though set forth fully herein.

94.     It is admitted that Yao dissolved ECM sometime in 2001 and that ECM repaid the loans from Bast, Pamela Gagné and the Trusts.  Answering defendants are without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 94 and therefore the allegations are denied.

95.     The allegations of paragraph 95 are denied as stated.  By way of further answer, it is admitted that Pamela Gagné invested in Team Classic and admitted on information and belief that Yao invested in Team Classic, but denied that they had a business relationship with regard to Team Classic.

96.     The allegations of paragraph 96 are denied.

97.     The allegations of paragraph 97 are denied.

98.     The allegations of paragraph 98 are denied.

99.     The e-mail referred to in paragraph 99, assuming it exists, is a writing that speaks for itself and therefore the allegations of this paragraph concerning the e-mail are denied. The remaining allegations of paragraph 99 are denied.

100.     The e-mails referred to in paragraph 100, assuming they exist, are writings that speak for themselves and therefore the allegations of this paragraph are denied.

101.     The letter referred to in paragraph 101, assuming it exists, is a writing that speaks for itself and therefore the allegations of this paragraph are denied.

102.     The allegations of paragraph 102 are denied.

103.     The allegations of paragraph 103 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required.  To the extent that a response is deemed required, the allegations are denied on information and belief.

104.     The allegations of paragraph 104 are denied.

105.     The allegations of paragraph 105 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required.  To the

extent that a response is deemed required, the billing records referred to in paragraph 105 are writings that speak for themselves and therefore the allegations of this paragraph are denied.

106.    The allegations of paragraph 106 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the allegations are denied on information and belief.

107.    The allegations of paragraph 107 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the allegations are denied on information and belief.

108.    The PPMs referred to in paragraph 108 are writings that speak for themselves and therefore the allegations of this paragraph concerning the contents of the PPMs are denied. The allegations concerning alleged omissions from the PPMs are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, answering defendants on information and belief incorporate the response of the Pepper defendants to paragraph 108 of the Complaint as though set forth fully herein.

109.    The PPMs referred to in paragraph 109 are writings that speak for themselves and therefore the allegations of this paragraph concerning the contents of the PPMs are denied. The allegations concerning Pepper's alleged knowledge and responsibilities are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, answering defendants on information and belief incorporate the response of the Pepper defendants to paragraph 109 of the Complaint as though set forth fully herein.

110.    The PPMs referred to in paragraph 110 are writings that speak for themselves and therefore the allegations of this paragraph are denied.

111.    The allegations of paragraph 111 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the allegations are denied on information and belief.

112.    The PPMs referred to in paragraph 112 are writings that speak for themselves and therefore the allegations of this paragraph are denied.

113.    Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation regarding actual default rates and therefore the allegation is denied. The remaining allegations of paragraph 113 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, answering defendants on information and belief incorporate the response of the Pepper defendants to paragraph 113 of the Complaint as though set forth fully herein.

114.    The allegations of paragraph 114 concerning materiality are legal conclusions to which no response is required. To the extent that a response is deemed required, the allegations are denied. The remaining allegations of paragraph 114 are denied.

115.    The allegations of paragraph 115 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the allegations are denied on information and belief.

116.    The April 2000 PPM referred to in paragraph 116 is a writing that speaks for itself and therefore the allegations of this paragraph concerning the contents of the PPM are denied. The remaining allegations of this paragraph are directed to a defendant other than

answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, answering defendants on information and belief incorporate the response of the Pepper defendants to paragraph 116 of the Complaint as though set forth fully herein.

117.    The December 2000 PPM referred to in paragraph 117 is a writing that speaks for itself and therefore the allegations of this paragraph concerning the contents of the PPM are denied. The remaining allegations of this paragraph are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, answering defendants on information and belief incorporate the response of the Pepper defendants to paragraph 117 of the Complaint as though set forth fully herein.

118.    The allegations of paragraph 118 are legal conclusions to which no response is required. In addition, these allegations are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the allegations are denied on information and belief.

119.    The allegations of paragraph 119 concerning materiality are legal conclusions to which no response is required. To the extent that a response is deemed required, the allegations are denied. The remaining allegations of this paragraph are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, answering defendants on information and belief incorporate the response of the Pepper defendants to paragraph 119 of the Complaint as though set forth fully herein.

120.    The allegations of paragraph 120 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, answering defendants on information and belief incorporate the response of the Pepper defendants to paragraph 120 of the Complaint as though set forth fully herein.

121.    The allegations of paragraph 121 are legal conclusions to which no response is required. In addition, these allegations are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the allegations are denied on information and belief.

122.    The allegations of paragraph 122 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, answering defendants on information and belief incorporate the response of the Pepper defendants to paragraph 122 of the Complaint as though set forth fully herein.

123.    The e-mail and PPMs referred to in paragraph 123 are writings that speak for themselves and therefore the allegations of this paragraph concerning the e-mail and PPMs are denied. The remaining allegations of this paragraph are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, answering defendants on information and belief incorporate the response of the Pepper defendants to paragraph 123 of the Complaint as though set forth fully herein.

124.    It is admitted on information and belief that pools of loans in new securitizations included loans to students originated by some of the same trucking schools that

had originated loans to students in earlier securitizations. The remaining allegations of paragraph 124 are legal conclusions to which no response is required. To the extent that a response is deemed required, the allegations are denied.

125.    The allegations of paragraph 125 are legal conclusions to which no response is required. In addition, these allegations are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the allegations are denied on information and belief.

126.    The allegations of paragraph 126 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the allegations are denied on information and belief.

127.    Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding SFC's use of proceeds from securitizations and its inability to fund the purchase of Student Loan Accounts and therefore the allegations are denied. The allegation that SFC was insolvent or operating in the zone of insolvency is a legal conclusion to which no response is required. To the extent that a response is deemed required, the allegation is denied. The remaining allegations of paragraph 127 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the remaining allegations are denied on information and belief.

128.    The allegations of paragraph 128 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the allegations are denied on information and belief.

129.    The allegations of paragraph 129 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required.  To the extent that a response is deemed required, answering defendants on information and belief incorporate the response of the Pepper defendants to paragraph 129 of the Complaint as though set forth fully herein.

130.    The allegations of paragraph 130 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required.  To the extent that a response is deemed required, answering defendants on information and belief incorporate the response of the Pepper defendants to paragraph 130 of the Complaint as though set forth fully herein.

131.    The allegations of paragraph 131 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required.  To the extent that a response is deemed required, answering defendants on information and belief incorporate the response of the Pepper defendants to paragraph 131 of the Complaint as though set forth fully herein.

132.    The allegations of paragraph 132 are legal conclusions to which no response is required.  In addition, these allegations are directed to a defendant other than answering defendants and therefore no response by answering defendants is required.  To the extent that a response is deemed required, answering defendants on information and belief incorporate the response of the Pepper defendants to paragraph 132 of the Complaint as though set forth fully herein.

133.    The PPMs referred to in paragraph 133 are writings that speak for themselves and therefore the allegations of this paragraph are denied.  By way of further answer,

answering defendants on information and belief incorporate the response of the Pepper defendants to paragraph 133 of the Complaint as though set forth fully herein.

134.    To the extent that the allegations of paragraph 134 are directed to answering defendants, the allegations are denied.  To the extent that the allegations of paragraph 134 are directed to a defendant other than answering defendants, no response by answering defendants is required.  To the extent that a response is deemed required, the allegations are denied on information and belief.

135.    The allegations of paragraph 135 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required.  To the extent that a response is deemed required, the allegations are denied on information and belief.

136.    To the extent that the allegations of paragraph 136 are directed to answering defendants, the allegations are denied.  To the extent that the allegations of paragraph 136 are directed to a defendant other than answering defendants, no response by answering defendants is required.  To the extent that a response is deemed required, answering defendants on information and belief incorporate the response of the Pepper defendants to paragraph 136 of the Complaint as though set forth fully herein.

137.    The memorandum referred to in paragraph 137 is a writing that speaks for itself and therefore the allegations of this paragraph are denied.  By way of further answer, answering defendants on information and belief incorporate the response of the Pepper defendants to paragraph 137 of the Complaint as though set forth fully herein.

138.    The memorandum referred to in paragraph 138 is a writing that speaks for itself and therefore the allegations of this paragraph are denied.  By way of further answer,

answering defendants on information and belief incorporate the response of the Pepper defendants to paragraph 138 of the Complaint as though set forth fully herein.

139.    The memorandum referred to in paragraph 139 is a writing that speaks for itself and therefore the allegations of this paragraph are denied.  By way of further answer, answering defendants on information and belief incorporate the response of the Pepper defendants to paragraph 139 of the Complaint as though set forth fully herein.

140.    The memorandum referred to in paragraph 140 is a writing that speaks for itself and therefore the allegations of this paragraph are denied.

141.    The memorandum referred to in paragraph 141 is a writing that speaks for itself and therefore the allegations of this paragraph are denied.

142.    The memorandum referred to in paragraph 142 is a writing that speaks for itself and therefore the allegations of this paragraph are denied.

143.    The letter referred to in paragraph 143 is a writing that speaks for itself and therefore the allegations of this paragraph are denied.

144.    It is admitted on information and belief that SFC's outside auditors refused to issue audited financial statements for 2001.  Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 144 and therefore the allegations are denied.

145.    The document referred to in paragraph 145 is a writing that speaks for itself and therefore the allegations of this paragraph are denied.

146.    The e-mail referred to in paragraph 146 is a writing that speaks for itself and therefore the allegations of this paragraph are denied.

147.    The allegations of paragraph 147 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the allegations are admitted on information and belief.

148.    The allegations of paragraph 148 are admitted on information and belief.

149.    It is admitted that Pepper continued to serve as counsel for Premier Education Group after it withdrew from representing SFC and that at certain times Gagné, Bast and certain of the Trusts were limited partners of Premier Education Group. It is denied that Yao was general partner of Premier Education Group. The remaining allegations of paragraph 149 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the allegations are denied on information and belief.

150.    The allegations of paragraph 150 are denied.

151.    It is admitted that as of April 2002, SFC remained obligated on loans by Bast, Pamela Gagné and certain of the Trusts for an amount that totaled between $6 and $7 million. The remaining allegations of paragraph 151 are denied.

152.    Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 152 and therefore the allegations are denied.

153.    The e-mail referred to in paragraph 153 is a writing that speaks for itself and therefore the allegations of this paragraph are denied.

154.    It is admitted that on or about May 5, 2002, Yao executed a pledge agreement. The pledge agreement is a writing that speaks for itself and therefore the allegations

of this paragraph concerning the pledge agreement are denied. The remaining allegations of paragraph 154 are denied.

      155.    The pledge agreement referred to in paragraph 155 is a writing that speaks for itself and therefore the allegations of this paragraph concerning the pledge agreement are denied. The remaining allegations of this paragraph are denied as stated, but it is admitted that in May 2002, Day Hill Partners and One Summit Place each owned one office building in Connecticut and that Premier Education Group operated vocational schools at approximately eight or nine locations.

      156.    The allegation that SFC was insolvent is a legal conclusion to which no response is required. To the extent that a response is deemed required, the allegation is denied. The remaining allegations of paragraph 156 are denied.

      157.    The allegations of paragraph 157 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, answering defendants on information and belief incorporate the response of the Pepper defendants to paragraph 157 of the Complaint as though set forth fully herein.

      158.    It is admitted that Gagné prepared and/or reviewed the pledge agreement. Answering defendants cannot further respond to the allegations of paragraph 158 because the term "this deal" is vague and undefined. To the extent that a response is deemed required, the allegations are denied.

      159.    Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 159 and therefore the allegations are denied.

160.    It is admitted that Gagné represented SFC since around its inception and withdrew from representing SFC on or about April 24, 2002. Answering defendants cannot respond to the allegation that Gagné represented SFC with respect to its "financial arrangements" because the term is vague and undefined and therefore this allegation is denied. The letter referred to in paragraph 160 is a writing that speaks for itself and therefore the allegations of this paragraph concerning the letter are denied.

161.    It is admitted that Pepper prepared Assignment and Acceptance of Loan and Security Agreements between Bast, Pamela Gagné and certain of the Trusts on the one hand and Yao on the other. Those agreements are writings that speak for themselves and therefore the allegations of paragraph 161 concerning the agreements are denied.

162.    The agreements referred to in paragraph 162 are writings that speak for themselves and therefore the allegations of this paragraph are denied.

163.    It is admitted that Gagné spoke to Royal's attorneys in or around May 2003 and June 2003 regarding a subpoena issued by Royal. The remaining allegations of paragraph 163 are denied.

164.    The allegations of paragraph 164 are denied.

165.    Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding other creditors of SFC and therefore the allegations are denied. The remaining allegations of paragraph 165 are denied.

166.    The allegations of paragraph 166 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the allegations are denied.

167.    The allegations of paragraph 167 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required.  To the extent that a response is deemed required, the allegations are denied on information and belief.

168.    The allegations of paragraph 168 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required.  To the extent that a response is deemed required, the allegations are denied on information and belief.

169.    The allegations of paragraph 169 are denied.

170.    The allegations of paragraph 170 are denied.

171.    The allegations of paragraph 171 are denied.

172.    The allegations of paragraph 172 are denied.

173.    The allegations of paragraph 173 are denied.

174.    The allegations of paragraph 174 are legal conclusions to which no response is required.  To the extent that a response is deemed required, the allegations are denied.  By way of further answer, the Court dismissed all counts of the original complaint (which counts are repeated in the First Amended Complaint) that the Trustee purported to bring under 11 U.S.C. § 544(a).

### COUNT I

175-204.    This count is directed to defendants other than answering defendants.  Therefore, no response by answering defendants to Count I is required.

### COUNT II

205-217.    This count was dismissed by Order of the Court dated December 22, 2005.  Therefore, no response by answering defendants to Count II is required.

## COUNT III

218-231.    This count was directed to defendants other than answering defendants and was dismissed by Order of the Court dated December 22, 2005. Therefore, no response by answering defendants to Count III is required.

## COUNT IV

232-247.    This count is directed to defendants other than answering defendants. Therefore, no response by answering defendants to Count IV is required.

## COUNT V

248-259.    This count was directed to defendants other than answering defendants and was dismissed by Order of the Court dated December 22, 2005. Therefore, no response by answering defendants to Count V is required.

## COUNT VI

260-268.    This count was dismissed by Order of the Court dated December 22, 2005. Therefore, no response by answering defendants to Count VI is required.

## COUNT VII

269.    Answering defendants incorporate by reference their responses to paragraphs 1 through 174 as though fully set forth at length herein. Answering defendants respond to paragraphs 175 through 268, as incorporated by paragraph 269, as follows:

In response to paragraph 175, answering defendants incorporate by reference their responses to paragraphs 1 through 174 and paragraphs 205 through 323 as though fully set forth at length herein.

The allegations of paragraph 176 are legal conclusions to which no response is required. To the extent that a response is deemed required, the allegations are denied.

The allegations of paragraph 177 are legal conclusions to which no response is required. In addition, these allegations are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the allegations are denied.

The allegations of paragraph 178 are legal conclusions to which no response is required. In addition, these allegations are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the allegations are denied.

The allegations of paragraph 179 are legal conclusions to which no response is required. In addition, these allegations are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the allegations are denied.

The allegations of paragraph 180 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the allegations are denied.

The allegations of paragraph 181 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, answering defendants on information and belief incorporate the response of the Pepper defendants to paragraph 181 of the Complaint as though set forth fully herein.

The allegations of paragraph 182 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, answering defendants on information and belief incorporate the response of the Pepper defendants to paragraph 182 of the Complaint as though set forth fully herein.

The allegations of paragraph 183 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the memorandum referred to in paragraph 183 is a writing that speaks for itself and therefore the allegations of this paragraph are denied.

The allegations of paragraph 184 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the letter referred to in paragraph 184 is a writing that speaks for itself and therefore the allegations of this paragraph are denied.

The allegations of paragraph 185 are legal conclusions to which no response is required. In addition, these allegations are directed to a defendant other than answering defendants and therefore no response by answering defendants is

required. To the extent that a response is deemed required, the allegations are denied on information and belief.

The allegations of paragraph 186 are denied as stated. On information and belief, SMS was formed by Yao.

The allegations of paragraph 187 are admitted on information and belief.

The allegations of paragraph 188 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, answering defendants on information and belief incorporate the response of the Pepper defendants to paragraph 188 of the Complaint as though set forth fully herein.

The allegations of paragraph 189 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, answering defendants on information and belief incorporate the response of the Pepper defendants to paragraph 189 of the Complaint as though set forth fully herein.

The allegations of paragraph 190 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, answering defendants on information and belief incorporate the response of the Pepper defendants to paragraph 190 of the Complaint as though set forth fully herein.

Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 191 and therefore the allegations are denied.

Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 192 and therefore the allegations are denied.

The e-mail referred to in paragraph 193 is a writing that speaks for itself and therefore the allegations of this paragraph are denied.

Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 194 and therefore the allegations are denied.

The allegations of paragraph 195 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, answering defendants on information and belief incorporate the response of the Pepper defendants to paragraph 195 of the Complaint as though set forth fully herein.

The allegations of paragraph 196 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, answering defendants on information and belief incorporate the response of the Pepper defendants to paragraph 196 of the Complaint as though set forth fully herein.

The allegations of paragraph 197 are directed to a defendant other than answering defendants and therefore no response by answering defendants is

required. To the extent that a response is deemed required, answering defendants on information and belief incorporate the response of the Pepper defendants to paragraph 197 of the Complaint as though set forth fully herein.

The allegations of paragraph 198 are legal conclusions to which no response is required. In addition, these allegations are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the allegations are denied.

The allegations of paragraph 199 are legal conclusions to which no response is required. In addition, these allegations are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the allegations are denied.

The allegations of paragraph 200 are legal conclusions to which no response is required. In addition, these allegations are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the allegations are denied.

The allegations of paragraph 201 are legal conclusions to which no response is required. In addition, these allegations are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the allegations are denied.

The allegations of paragraph 202 are legal conclusions to which no response is required. In addition, these allegations are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the allegations are denied on information and belief.

The allegations of paragraph 203 are legal conclusions to which no response is required. In addition, these allegations are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the allegations are denied.

The allegations of paragraph 204 are legal conclusions to which no response is required. In addition, these allegations are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the allegations are denied.

In response to paragraph 205, answering defendants incorporate by reference their responses to paragraphs 1 through 204 as though set forth fully herein.

The allegations of paragraph 206 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the allegations are denied.

The allegations of paragraph 207 are denied.

36

The allegations of paragraph 208 are denied.

The allegations of paragraph 209 are denied.

The allegations of paragraph 210 are denied.

The allegations of paragraph 211 are denied.

Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 212 and therefore the allegations are denied.

The allegations of paragraph 213 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the allegations are denied.

Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 214 and therefore the allegations are denied.

The allegations of paragraph 215 are denied.

The allegations of paragraph 216 are denied.

The allegations of paragraph 217 are denied.

In response to paragraph 218, answering defendants incorporate by reference their responses to paragraphs 1 through 217 as though set forth fully herein.

The allegations of paragraph 219 are directed to a defendant other than answering defendants and therefore no response by answering defendants is

required. To the extent that a response is deemed required, the allegations are denied on information and belief.

The allegations of paragraph 220 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the allegations are denied on information and belief.

The allegations of paragraph 221 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the allegations are denied on information and belief.

The allegations of paragraph 222 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the allegations are denied on information and belief.

The allegations of paragraph 223 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the allegations are denied on information and belief.

The allegations of paragraph 224 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the allegations are denied.

The allegations of paragraph 225 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the allegations are denied on information and belief.

The allegations of paragraph 226 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the allegations are denied on information and belief.

The allegations of paragraph 227 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the allegations are denied on information and belief.

The allegations of paragraph 228 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the allegations are denied on information and belief.

The allegations of paragraph 229 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the allegations are denied on information and belief.

The allegations of paragraph 230 are directed to a defendant other than answering defendants and therefore no response by answering defendants is

required. To the extent that a response is deemed required, the allegations are denied on information and belief.

The allegations of paragraph 231 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the allegations are denied on information and belief.

In response to paragraph 232, answering defendants incorporate their responses to paragraphs 1 through 231 as though set forth fully herein.

The allegations of paragraph 233 are legal conclusions to which no response is required. In addition, these allegations are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the allegations are denied.

The allegations of paragraph 234 are legal conclusions to which no response is required. In addition, these allegations are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the allegations are denied on information and belief.

The allegations of paragraph 235 are legal conclusions to which no response is required. In addition, these allegations are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the allegations are denied on information and belief.

The allegations of paragraph 236 are legal conclusions to which no response is required. In addition, these allegations are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the allegations are denied on information and belief.

The allegations of paragraph 237 are legal conclusions to which no response is required. In addition, these allegations are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the allegations are denied on information and belief.

The allegations of paragraph 238 are legal conclusions to which no response is required. In addition, these allegations are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the allegations are denied.

The allegations of paragraph 239 are legal conclusions to which no response is required. In addition, these allegations are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the allegations are denied.

The allegations of paragraph 240 are legal conclusions to which no response is required. In addition, these allegations are directed to a defendant other than answering defendants and therefore no response by answering defendants is

required. To the extent that a response is deemed required, the allegations are denied on information and belief.

The allegations of paragraph 241 are legal conclusions to which no response is required. In addition, these allegations are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the allegations are denied on information and belief.

The allegations of paragraph 242 are legal conclusions to which no response is required. In addition, these allegations are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the allegations are denied on information and belief.

The allegations of paragraph 243 are legal conclusions to which no response is required. In addition, these allegations are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the allegations are denied on information and belief.

The allegations of paragraph 244 are legal conclusions to which no response is required. In addition, these allegations are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the allegations are denied on information and belief.

The allegations of paragraph 245 are legal conclusions to which no response is required. In addition, these allegations are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the allegations are denied on information and belief.

The allegations of paragraph 246 are legal conclusions to which no response is required. In addition, these allegations are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the allegations are denied on information and belief.

The allegations of paragraph 247 are legal conclusions to which no response is required. In addition, these allegations are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the allegations are denied on information and belief.

In response to paragraph 248, answering defendants incorporate their responses to paragraphs 1 through 247 as though set forth fully herein.

The allegations of paragraph 249 are legal conclusions to which no response is required. To the extent that a response is deemed required, the allegations are denied.

The allegations of paragraph 250 are legal conclusions to which no response is required. To the extent that a response is deemed required, the allegations are denied.

The allegations of paragraph 251 are legal conclusions to which no response is required. To the extent that a response is deemed required, the allegations concerning answering defendants are denied. Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 251 and therefore the allegations are denied.

The allegations of paragraph 252 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the allegations are denied on information and belief.

The allegations of paragraph 253 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the allegations are denied on information and belief.

The allegations of paragraph 254 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the allegations are denied on information and belief.

The allegations of paragraph 255 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the allegations are denied on information and belief.

The allegations of paragraph 256 are directed to a defendant other than answering defendants and therefore no response by answering defendants is

required.  To the extent that a response is deemed required, the allegations are denied on information and belief.

The allegations of paragraph 257 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required.  To the extent that a response is deemed required, the allegations are denied on information and belief.

The allegations of paragraph 258 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required.  To the extent that a response is deemed required, the allegations are denied on information and belief.

The allegations of paragraph 259 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required.  To the extent that a response is deemed required, the allegations are denied on information and belief.

In response to paragraph 260, answering defendants incorporate their responses to paragraphs 1 through 259 as though fully set forth at length herein.

The allegations of paragraph 261 are denied.

The allegations of paragraph 262 are denied.

The allegations of paragraph 263 are denied.

The allegations of paragraph 264 are denied.

The allegations of paragraph 265 are denied.

The allegations of paragraph 266 are denied.

The allegations of paragraph 267 are denied.

The allegations of paragraph 268 are denied.

270.    It is admitted that on or about May 5, 2002, Yao executed a pledge agreement. The pledge agreement is a writing that speaks for itself and therefore the remaining allegations of paragraph 270 are denied.

271.    It is admitted that One Summit Place G.P., Inc. was the corporate general partner of One Summit Place L.P., that DHP G.P., Inc. was the corporate general partner of Day Hill Partners L.P. and that Premier Education Group G.P., Inc. is the corporate general partner of Premier Education Group L.P. The pledge agreement referred to in paragraph 271 is a writing that speaks for itself and therefore the remaining allegations of this paragraph are denied.

272.    The allegations of paragraph 272 are denied as stated, but it is admitted that at certain times, Gagné, Bast and certain of the Trusts were limited partners of One Summit Place L.P., Day Hill Partners L.P. and Premier Education Group L.P.

273.    The allegations of paragraph 273 are denied.

274.    It is admitted that Yao executed a pledge agreement in May 2002. The pledge agreement is a writing that speaks for itself and therefore the allegations of paragraph 274 concerning the effect of the pledge agreement are denied. The remaining allegations of paragraph 274 are admitted on information and belief.

275.    Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 275 and therefore the allegations are denied.

276.    The allegations of paragraph 276 are legal conclusions to which no response is required. To the extent that a response is deemed required, the allegations are denied.

By way of further answer, the pledge agreement and assignment agreements are writings that speak for themselves and therefore all allegations concerning those agreements are denied.

277.    The allegations of paragraph 277 are denied.

278.    The allegations of paragraph 278 are legal conclusions to which no response is required. To the extent that a response is deemed required, the allegations are denied.

## COUNT VIII

279-287.    This count was dismissed by Order of the Court dated December 22, 2005. Therefore, no response by answering defendants to Count VIII is required.

## COUNT IX

288-298.    This count is directed to defendants other than answering defendants. Therefore, no response by answering defendants to Count IX is required.

## COUNT X

299-311.    This count is directed to defendants other than answering defendants. Therefore, no response by answering defendants to Count X is required.

## COUNT XI

312.    Answering defendants incorporate by reference their responses to paragraphs 1 through 278 as though set forth fully herein. Answering defendants respond to paragraphs 279 through 311, as incorporated by paragraph 312, as follows:

In response to paragraph 279, answering defendants incorporate their responses to paragraphs 1 through 278 as though set forth fully herein.

The allegations of paragraph 280 are denied as stated, but it is admitted that that in or about June 1994, Yao became the owner of the stock of One Summit Place G.P., Inc.

47

The allegations of paragraph 281 are denied as stated, but it is admitted that in or about June 1994, One Summit Place G.P., Inc. was the corporate general partner of One Summit Place L.P. and Bast and certain of the Trusts were limited partners of One Summit Place L.P.

Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 282 and therefore the allegations are denied.

The allegations of paragraph 283 are denied as stated, but it is admitted that in or about May 1996, Yao became the owner of stock of DHP G.P., Inc., which is the corporate general partner of Day Hill Partners L.P.

Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 284 and therefore the allegations are denied.

The allegations of paragraph 285 are legal conclusions to which no response is required.  To the extent that a response is deemed required, the allegations are denied.

The allegations of paragraph 286 are denied as stated, but it is admitted that interests in DHP G.P., Inc. and One Summit Place G.P., Inc. formerly owned by Yao are in the possession of Bast, Pamela Gagné and certain of the Trusts.

The allegations of paragraph 287 are denied.

In response to paragraph 288, answering defendants incorporate their responses to paragraphs 1 through 287 as though set forth fully herein.

The allegations of paragraph 289 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the allegations are admitted on information and belief.

The allegations of paragraph 290 are legal conclusions to which no response is required. To the extent that a response is deemed required, the allegations are denied.

The allegations of paragraph 291 are legal conclusions to which no response is required. In addition, these allegations are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the allegations are denied on information and belief.

The allegations of paragraph 292 are legal conclusions to which no response is required. In addition, these allegations are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the allegations are denied on information and belief.

The allegations of paragraph 293 are legal conclusions to which no response is required. In addition, these allegations are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the allegations are denied on information and belief.

The allegations of paragraph 294 are legal conclusions to which no response is required. In addition, these allegations are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the allegations are denied on information and belief.

The allegations of paragraph 295 are legal conclusions to which no response is required. In addition, these allegations are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the allegations are denied on information and belief.

The allegations of paragraph 296 are legal conclusions to which no response is required. In addition, these allegations are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the allegations are denied on information and belief.

The allegations of paragraph 297 are legal conclusions to which no response is required. In addition, these allegations are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the allegations are denied on information and belief.

The allegations of paragraph 298 are legal conclusions to which no response is required. In addition, these allegations are directed to a defendant other than answering defendants and therefore no response by answering defendants is

required. To the extent that a response is deemed required, the allegations are denied on information and belief.

In response to paragraph 299, answering defendants incorporate their responses to paragraphs 1 through 298 as though set forth fully herein.

The allegations of paragraph 300 are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the allegations are admitted on information and belief.

Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 301 and therefore the allegations are denied.

Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 302 and therefore the allegations are denied.

The allegations of paragraph 303 are legal conclusions to which no response is required. In addition, these allegations are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the allegations are denied.

Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 304 and therefore the allegations are denied.

Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 305 and therefore the allegations are denied.

The allegations of paragraph 306 are legal conclusions to which no response is required. In addition, these allegations are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the allegations are denied on information and belief.

The allegations of paragraph 307 are legal conclusions to which no response is required. In addition, these allegations are directed to a defendant other than answering defendants and therefore no response by answering defendants is required. To the extent that a response is deemed required, the allegations are denied on information and belief.

The allegations of paragraph 308 are legal conclusions to which no response is required. To the extent that a response is deemed required, the allegations are denied.

The allegations of paragraph 309 are legal conclusions to which no response is required. To the extent that a response is deemed required, the allegations are denied.

The allegations of paragraph 310 are legal conclusions to which no response is required. In addition, these allegations are directed to a defendant other than answering defendants and therefore no response by answering defendants is

required.  To the extent that a response is deemed required, the allegations are denied.

The allegations of paragraph 311 are legal conclusions to which no response is required.  In addition, these allegations are directed to a defendant other than answering defendants and therefore no response by answering defendants is required.  To the extent that a response is deemed required, the allegations are denied.

313.    The allegations of paragraph 313 are admitted, except that the reference to Bast, Pamela Gagné and the Trusts as "the Family" is denied.

314.    The allegations of paragraph 314 are admitted, except that the reference to Bast, Pamela Gagné and the Trusts as "the Family" is denied.  In addition, the last two entries on the chart in paragraph 314 are duplicative of other entries on the chart and any implication that these payments were made twice rather than once is denied.

315.    The allegations of paragraph 315 are denied.

316.    The allegations of paragraph 316 are admitted, except that the reference to Bast, Pamela Gagné and the Trusts as "the Family" is denied.

317.    The allegations of paragraph 317 are denied.  By way of further answer, several of the payments listed on the chart in paragraph 317 were made more than 90 days before the Filing Date.

318.    The allegations of paragraph 318 are legal conclusions to which no response is required.  To the extent that a response is deemed required, the allegations are denied.

319.    The allegations of paragraph 319 are legal conclusions to which no response is required.  To the extent that a response is deemed required, the allegations are denied.

320.    The allegations of paragraph 320 are legal conclusions to which no response is required.  To the extent that a response is deemed required, the allegations are denied.

321.    The allegations of paragraph 321 are legal conclusions to which no response is required.  To the extent that a response is deemed required, the allegations are denied.

322.    The allegations of paragraph 322 are legal conclusions to which no response is required.  To the extent that a response is deemed required, the allegations are denied.

323.    The allegations of paragraph 323 are legal conclusions to which no response is required.  To the extent that a response is deemed required, the allegations are denied.

**WHEREFORE**, defendants Robert L. Bast, Pamela Bashore Gagné, W. Roderick Gagné, as a trustee of the Trusts, and the Trusts respectfully request that the remaining counts of plaintiff's Complaint be dismissed with prejudice, that answering defendants be awarded judgment in their favor, and that answering defendants receive their attorneys' fees and costs of suit and such other and further relief as the Court deems just and proper.

## **AFFIRMATIVE DEFENSES**

1.    The Complaint fails to state a claim upon which relief can be granted.

2.    Plaintiff's claims are barred, in whole or in part, to the extent that SFC was not insolvent at the time of one or more of the payments that plaintiff seeks to recover from answering defendants.

3.    Plaintiff's claims are barred, in whole or in part, to the extent that each of the payments that plaintiff seeks to recover from answering defendants do not meet the requirements of section 547(b) of the Bankruptcy Code, 11 U.S.C. § 547(b).

4.    Plaintiff's claims are barred, in whole or in part, because answering defendants were not insiders of SFC.

5.      Plaintiff's claims are barred, in whole or in part, because the payments received by answering defendants were received in the ordinary course of business.

6.      Plaintiff's claims are barred, in whole or in part, because after answering defendants received the payments, they provided new value to SFC.

7.      Plaintiff's claims are barred, in whole or in part, to the extent that the payments as to which plaintiff asserts a preference claim come within the provisions of section 547(c) of the Bankruptcy Code, 11 U.S.C. § 547(c).

8.      Plaintiff's claims are barred, in whole or in part, because answering defendants provided value and reasonably equivalent value for all payments or transfers made to them.

9.      Plaintiff's claims are barred, in whole or in part, because answering defendants provided fair consideration for all payments or transfers made to them.

10.     Plaintiff's claims are barred, in whole or in part, to the extent that Yao was not insolvent at the time of the transfers that plaintiff seeks to recover from answering defendants.

11.     Plaintiff's claims are barred, in whole or in part, because if Yao had any fraudulent intent at the time he made transfers to answering defendants, answering defendants had no knowledge of such fraudulent intent.

12.     Plaintiff's claims are barred, in whole or in part, because answering defendants took in good faith the transfers that plaintiff seeks to recover.

13.     Plaintiff's claims are barred, in whole or in part, to the extent that the transfers that plaintiff seeks to recover resulted from the enforcement of a valid security interest.

14.     Plaintiff's claims are barred, in whole or in part, by the doctrines of setoff and/or recoupment.

15.    Plaintiff's claims are or may be barred, in whole or in part, by the doctrines of waiver, estoppel, laches, unclean hands and/or *in pari delicto*.

16.    Plaintiff's claims are or may be barred, in whole or in part, by the applicable statutes of limitation.

17.    Plaintiff's claims are or may be barred, in whole or in part, by the doctrines of contributory and comparative negligence.

18.    Plaintiff's claims are or may be barred, in whole or in part, to the extent that plaintiff has failed to mitigate his alleged damages or has voluntarily and gratuitously assumed his own damages.

**WHEREFORE**, defendants Robert L. Bast, Pamela Bashore Gagné, W. Roderick Gagné, as a trustee of the Trusts, and the Trusts respectfully request that the remaining counts of plaintiff's Complaint be dismissed with prejudice, that answering defendants be awarded judgment in their favor, and that answering defendants receive their attorneys' fees and costs of suit and such other and further relief as the Court deems just and proper.

ECKERT SEAMANS CHERIN & MELLOTT, LLC

Dated:  February 6, 2006          By:  *Karen Lee Turner/slp*

Karen Lee Turner, Esquire (DE No. 4332)
Susan E. Poppiti, Esquire (DE No. 4293)
300 Delaware Avenue, Suite 1360
Wilmington, Delaware 19801
(302) 425-0430
(302) 425-0432 (Facsimile)

Neil G. Epstein, Esquire
Carol L. Press, Esquire
Eckert Seamans Cherin & Mellott, LLC
1515 Market Street, 9th Floor
Philadelphia, PA 19102-1909
(215) 851-8400
(215) 851-8383 (Facsimile)

Attorneys for Defendants Robert L. Bast, Pamela Bashore
Gagné and W. Roderick Gagné, Trustee of Trust Under
Deed of Elizabeth B. Brennan Dated January 12, 1994, W.
Roderick Gagné, Trustee of Trust Under Deed of Elizabeth
B. Brennan Dated January 12, 1994, FBO W. Roderick
Gagné, W. Roderick Gagné, Trustee of Trust Under Deed
of Elizabeth B. Brennan Dated January 12, 1994, FBO
Phillip B. Gagné, W. Roderick Gagné, Trustee of Trust
Under Deed of Elizabeth B. Brennan Dated January 12,
1994, FBO Elizabeth L. Gagné, W. Roderick Gagné,
Trustee of Trust Under Deed of James T. Brennan Dated
April 8, 1991, FBO W. Roderick Gagné, W. Roderick
Gagné, Trustee of Trust Under Deed of James T. Brennan
Dated April 8, 1991, FBO Phillip B. Gagné, W. Roderick
Gagné, Trustee of Trust Under Deed of James T. Brennan
Dated April 8, 1991, FBO Elizabeth L. Gagné

M0538232.DOC.v5

57

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I am not less than 18 years of age and that

on February 6, 2006, I caused a true and correct copy of the Answer and Affirmative Defenses of

Robert L. Bast, Pamela Bashore Gagné, W. Roderick Gagné, as a Trustee of the Trusts, and the

Trusts to the First Amended Complaint to be served upon the following via United States first

class regular mail postage prepaid:

William H. Sudell, Jr.
Donna L. Culver
Joanna F. Newdeck
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
*Counsel for Pepper Hamilton LLP and W. Roderick Gagné*

Stephen J. Shapiro
Elizabeth K. Ainslie
Nicholas J. LePore, III
Bruce P. Merenstein
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Suite 2600
Philadelphia, PA 19103
*Counsel for Pepper Hamilton LLP and W. Roderick Gagné*

Tiffany Geyer Lydon
Philip Trainer, Jr.
Carolyn Shelly Hake
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899
*Counsel for Royal Indemnity Company*

John H. Eickemeyer
Vedder, Price, Kaufman & Kammholz, P.C.
805 Third Avenue
New York, NY 10022
*Counsel for Freed Maxick & Battaglia, CPAs, PC*

James L. Holzman
J. Clayton Athey
Prickett, Jones & Elliott, P.A.
1310 King Street
P.O. Box 1328
Wilmington, DE 19899
*Counsel for Freed Maxick & Battaglia, CPAs, PC*

Christopher M. Winter
Duane Morris LLP
1100 North Market Street
Suite 1200
Wilmington, DE 19801
*Counsel for Freed Maxick & Battaglia, CPAs, PC; McGladrey & Pullen LLP and Michael Aquino*

John I. Grossbart
Alan S. Gilbert
Sonnenschein Nath & Rosenthal LLP
8000 Sears Tower
233 S. Wacker Drive
Chicago, IL 60606
*Counsel for Royal Indemnity Company*

John W. Shaw
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
*Counsel for MBIA*

Andre G. Castaybert
Ronald Rauchberg
Steven Obus
David McTaggart
Proskauer Rose LLP
1585 Broadway
New York, NY 10036
*Counsel for MBIA*
Charles A. Stanziale
Jeffrey T. Testa
Donald Crecca
Schwartz Tobia & Stanziale, P.A.
22 Crestmont Road
Montclair, NJ 07042
*SFC Trustee*

Michael S. Waters, Esquire
Lois H. Goodman, Esquire
McElroy, Deutsch, Mulvaney &
  Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark NJ 07102
*Counsel for Charles A. Stanziale, Jr., Chapter
7 Trustee of Student Finance Corporation*

Veronica E. Rendon
Richard P. Swanson
Jason M. Butler
Arnold & Porter LLP
399 Park Avenue
New York, NY 10022
*Counsel for McGladrey & Pullen LLP and
Michael Aquino*

Steven M. Farina
Thomas H.L. Selby
Williams & Connolly LLP
725 12th Street, N.W.
Washington, D.C. 20005
*Counsel for McGladrey & Pullen LLP*

Peter C. Hughes
Dilworth Paxson LLP
First Federal Plaza
Suite 500
Wilmington, DE 19801
*Counsel for Charles A. Stanziale, Jr., Chapter
7 Trustee of Student Finance Corporation*

Christopher A. Ward
Anthony Saccullo
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
*Counsel for Charles A. Stanziale, Jr., Chapter
7 Trustee of Student Finance Corporation*

James J. Rodgers
Laura E. Vendzules
Andrew M. Marble
Dilworth Paxson LLP
3200 Mellon Bank Center
1735 Market Street
Philadelphia, P.A. 19103
*Counsel for Charles A. Stanziale, Jr., Chapter
7 Trustee of Student Finance Corporation*

M0538232.DOC.v5

*Karen Lee Turner/clp*
KAREN LEE TURNER