## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

In re:                                  :
STUDENT FINANCE CORPORATION,            :
                Debtor.           :
                              :    Civil Action No. 04-1551(JJF)
CHARLES A. STANZIALE, JR.,              :
CHAPTER 7 TRUSTEE OF STUDENT            :
FINANCE CORPORATION,                    :
                              :
                Plaintiff,          :
       v.                              :
                              :
PEPPER HAMILTON LLP, et al.,            :
                              :
                Defendants.         :

## ANSWER AND AFFIRMATIVE DEFENSES OF
## PEPPER HAMILTON LLP AND W. RODERICK GAGNÉ,
## IN HIS CAPACITY AS AN ATTORNEY PRACTICING AT
## PEPPER HAMILTON LLP, TO FIRST AMENDED COMPLAINT

          Pepper Hamilton LLP ("Pepper") and W. Roderick Gagné ("Gagné"), in his capacity as an attorney practicing at Pepper (collectively the "Answering Defendants"), hereby answer the First Amended Complaint. Answering Defendants generally deny each and every allegation of the Amended Complaint that is not expressly admitted herein. Answering Defendants respond to the numbered paragraphs of the Amended Complaint and assert affirmative defenses as follows:

          1.     It is admitted that the Trustee has brought this Complaint against Pepper and Gagné. It is admitted that during the period 1996 through 2002, Pepper billed SFC a sum approaching $3.2 million. It is admitted that Pepper withdrew from its representation of SFC. The remaining allegations in this paragraph are denied.

2.    Admitted on information and belief.

3.    The allegations in the first two sentences of this paragraph are admitted. It is admitted that Pepper provided legal services to SFC from its Philadelphia office. The allegations contained in the fourth sentence of this paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the allegations in the fourth sentence of this paragraph are denied. It is admitted that plaintiff is asserting a professional liability claim against Pepper, but denied that plaintiff is entitled to relief on this claim or on any other claim in the Amended Complaint. The remaining allegations in this paragraph are denied.

4.    It is admitted that plaintiff is asserting a professional liability claim against Gagné, but denied that plaintiff is entitled to relief on this claim or on any other claim in the Amended Complaint. The remaining allegations in this paragraph are admitted.

5.    Admitted.

6.    Answering Defendants on information and belief incorporate the response to this paragraph set forth in the Answer of Defendants Robert L. Bast, Pamela Bashore Gagné, W. Roderick Gagné, as Trustee of the Trusts, and the Trusts to the First Amended Complaint (the "GBT Answer").

7.    Admitted.

8.    Admitted.

9.    Admitted.

10.    Answering Defendants on information and belief incorporate the response to this paragraph set forth in the GBT Answer.

11.    Answering Defendants on information and belief incorporate the response to this paragraph set forth in the GBT Answer.

12.    Admitted.

13.    Admitted.

14.    The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

15.    The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

16.    The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

17.    Admitted on information and belief.

18.    Admitted on information and belief.

19.    Admitted on information and belief.

20.    Admitted on information and belief.

21.    Admitted on information and belief.

22.    Admitted.

23.    Admitted on information and belief.

24.    It is admitted that at certain times Yao's business address was Five Radnor Corporate Center, Radnor, Pennsylvania, and his home address was 107 Leighton Drive, Bryn Mawr, Pennsylvania.  Answering Defendants cannot respond to the remaining allegations in this paragraph because the phrase "all relevant periods" is vague and undefined.  To the extent a response is deemed required to the remaining allegations in this paragraph, the remaining allegations are denied.

25.    Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

26.    It is admitted that Maria E. DeCarlo was an employee of Pepper and served as Assistant Secretary of SFC.  It is denied that DeCarlo was an officer of SFC in any legally material way.

27.    Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

28.    It is denied that Pepper acted in the capacity of SFC's general counsel. The characterization of the nature of the services that Pepper provided SFC as "comprehensive" is denied.  The allegation that Pepper was an insider of SFC is a conclusion of law to which to no response is required.  To the extent a response is deemed required, the

allegation that Pepper was an insider of SFC is denied. Any implication that Pepper was the only law firm providing legal services to SFC is denied.

29.    It is admitted that during the period 1996 through 2002, Pepper billed SFC a sum approaching $3.2 million. The remaining allegations in this paragraph are denied.

30.    The allegations in the first sentence of the paragraph are admitted. The allegations in the second sentence of the paragraph are denied.

31.    Admitted, except as to SFC's legal work performed by other law firms, or as to which a different Pepper attorney was designated as the handling attorney.

32.    It is admitted that a portion of Gagné's compensation was based on the fees that Pepper collected from its representation of clients introduced to the firm by Gagné, or clients whose work was supervised by Gagné, including SFC. The remaining allegations in the paragraph are denied.

33.    Denied.

34.    Denied as stated. Gagné represented Yao in certain matters for less than seventeen years and Pepper performed estate planning services for Yao. With respect to the allegations in this paragraph relating to Bast, Answering Defendants on information and belief incorporate the response to this paragraph set forth in the GBT Answer. The remaining allegations in this paragraph are denied.

35.    Denied.

36.    Admitted on information and belief.

37.    Admitted on information and belief.

38.    Admitted on information and belief.

39.    Admitted on information and belief, except that the entity that provided the line of credit was Wilmington Trust Company of Pennsylvania, which is a subsidiary of Wilmington Trust Company.    Any implication that Pepper represented Wilmington Trust Company and/or Wilmington Trust Company of Pennsylvania in its transactions with SFC is denied.

40.    Admitted on information and belief.

41.    It is denied that the Notes represented an undivided interest in the Student Loan Accounts.    The remaining allegations in the paragraph are admitted on information and belief.

42.    Admitted on information and belief that a portion of the income streams from the Student Loan Accounts were backed by credit risk insurance policies issued by Royal.    Any implication that Pepper represented Royal in its transactions with SFC is denied.

43.    Admitted on information and belief.

44.    The allegations in the first sentence of the paragraph are admitted.    No response is required to the allegations in the second sentence of this paragraph as the PPMs

are writings that speak for themselves. To the extent a response is deemed required to the allegations in the second sentence of this paragraph, the allegations are denied.

      45.     Denied.

      46.     Admitted on information and belief.

      47.     Admitted on information and belief.

      48.     Admitted on information and belief.

      49.     Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

      50.     Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

      51.     Denied. To the contrary, it was always contemplated and expected that payments would be made from designated reserve accounts to support cash flow to certificate holders in the absence of payments by the student borrowers for certain periods of time. Such use of reserve accounts was not intended or expected to "avoid classifying student loans as in 'default.'" Neither Pepper nor Gagné were aware that SFC was making payments from its own funds on behalf of Student Loan Accounts.

      52.     Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

      53.     Denied as stated. Pepper participated in the preparation of PPMs. Pepper was not aware that SFC was making "Forbearance Payments" and Pepper was not

aware that SFC was engaging in conduct that would prevent certain Student Loan Accounts from appearing to be in default.

54.    Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

55.    Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

56.    The allegation that SFC was "rendered insolvent" is a conclusion of law to which no response is required.  To the extent a response is deemed required, the allegation is denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

57.    The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

58.    Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

59.    Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

60.    Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

61.    Answering Defendants lack knowledge sufficient to admit or deny the allegation that truck driving schools were "seasoning" loans by making the first two payments due.  The remaining allegations in this paragraph are denied.

62.    Denied.

63.    No response is required as the email is a writing that speaks for itself. To the extent a response is deemed required the allegations in this paragraph are denied as stated.

64.    No response is required as the email, assuming it exists, is a writing that speaks for itself.  To the extent a response is deemed required the allegations in this paragraph are denied as stated.

65.    No response is required as the email, assuming it exists, is a writing that speaks for itself.  To the extent a response is deemed required the allegations in this paragraph are denied as stated.

66.    No response is required as the emails referenced in this paragraph, assuming they exist, are writings that speak for themselves.  To the extent a response is deemed required the allegations in this paragraph are denied as stated.

67.    Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  To the extent the allegations in this paragraph are meant to imply that Pepper knew about the alleged transition from the use of "school reserves" to the use of "forbearance," or that Pepper was instrumental in the expansion of SFC's business, such implication is denied.

9

68.     It is admitted that Gagné participated in the preparation of PPMs for securitizations beginning in 1996, and later in April 2000.  No response is required to the remaining allegations in this paragraph as Pepper's billing records and Gagné's emails are writings that speak for themselves.  To the extent a response is deemed required the remaining allegations in this paragraph are denied.  It is denied that Gagné knew that SFC used Forbearance Payments.

69.     The first sentence in this paragraph is denied as stated.  Yao did not disclose that SFC was making Forbearance Payments, as that term is defined in the Complaint.  No response is required to the remaining allegations in this paragraph as Pepper's billing records are writings that speak for themselves.  To the extent a response is deemed required the remaining allegations in this paragraph are denied as stated.

70.     No response is required as the email is a writing that speaks for itself. To the extent a response is deemed required the allegations in this paragraph are denied as stated.

71.     It is admitted that Pepper assisted SFC in preparing a draft of a separation agreement for Kirk Monteverde.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

72.     No response is required to the first sentence in this paragraph as Pepper's invoices are writings that speak for themselves.  To the extent a response is deemed required the allegations in the first sentence of this paragraph are denied as stated.  It is specifically denied that Pepper Attorneys ever met with or spoke to Monteverde or prepared

10

an agreement for Monteverde.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph.

73.     Answering Defendants on information and belief incorporate the response to this paragraph set forth in the GBT Answer.

74.     Answering Defendants on information and belief incorporate the response to this paragraph set forth in the GBT Answer.

75.     Admitted.

76.     Denied as stated.  In connection with these transactions, Pepper served as scrivener for the transactions as negotiated between Yao and Bast.  Elizabeth Brennan was Gagné's mother and James Brennan was Gagné's stepfather.

77.     Answering Defendants on information and belief incorporate the response to this paragraph set forth in the GBT Answer.

78.     Answering Defendants on information and belief incorporate the response to this paragraph set forth in the GBT Answer.

79.     Denied as stated.  Gagné issued conflict waiver letters to SFC, which SFC executed.  To the extent the allegation in this paragraph that Gagné issued "purported" conflict waiver letters is meant to imply that the conflict waiver letters were not valid, such implication is denied.  No response is required to the remaining allegations in this paragraph

as the conflict waiver letters are writings that speak for themselves. To the extent a response is deemed required the remaining allegations in this paragraph are denied.

80.    Denied as stated. Pepper represented SFC at the same time the Family loaned money to SFC after obtaining valid conflict waiver letters from SFC. To the extent the allegations in this paragraph are meant to imply that Pepper's or Gagné's representation of SFC and/or the Family was improper, such implication is denied. No response is required to the remaining allegations in this paragraph as the conflict waiver letters are writings that speak for themselves. To the extent a response is deemed required the remaining allegations in this paragraph are denied.

81.    The allegations in the first sentence of this paragraph are admitted. No response is required to the remaining allegations in this paragraph as the minutes are writings that speak for themselves. To the extent a response is deemed required the remaining allegations in this paragraph are denied.

82.    Denied as stated. Loan payments by SFC to the Trusts, some or all of the loan payments from SFC to Pamela Gagné and some of the loan payments from SFC to Bast were sent to Gagné at Pepper and, using Pepper letterhead, Gagné notified SFC concerning payments due to the "Family" under these loan transactions.

83.    No response is required as the email, assuming it exists, is a writing that speaks for itself. To the extent a response is deemed required the allegations in this paragraph are denied.

84.    No response is required as the letter, assuming it exists, is a writing that speaks for itself. To the extent a response is deemed required the allegations in this paragraph are denied as stated.

85.    It is denied that Gagné knew that SFC was experiencing great financial difficulty and was making Forbearance Payments on March 5, 2002. The remaining allegations in this paragraph are admitted.

86.    Denied. By way of further answer, neither Pepper nor Gagné knew that SFC was making Forbearance Payment or that SFC would use the Family's loans to make Forbearance Payments. The loan documents specifically provided that the loan proceeds were to be used to pay for new loans SFC had agreed to purchase, and in which the lenders were to be granted a security interest.

87.    Denied.

88.    The allegations contained in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the allegations are denied. By way of further answer, neither Pepper nor Gagné was aware that SFC was experiencing financial difficulties.

89.    Admitted. By way of further answer, reference is made to paragraph 76, above.

90.    Admitted.

91.     Answering Defendants on information and belief incorporate the response to this paragraph set forth in the GBT Answer.

92.     The allegations in the first sentence of this paragraph are admitted. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph.

93.     Denied as stated.   It is admitted that Pepper served as scrivener in documenting transactions negotiated between Yao and Bast, including the transactions described in this paragraph, the terms of which in fact were negotiated by other private investors and their altogether different and separate counsel.

94.     It is admitted that Yao dissolved ECM in 2001 and that ECM repaid the loans from the Family.   Answering Defendants lack knowledge sufficient to admit or deny the remaining allegations in this paragraph.

95.     Answering Defendants on information and belief incorporate the response to this paragraph set forth in the GBT Answer.

96.     Denied.

97.     Denied.

98.     Denied.

99.     The allegations in the first sentence of this paragraph are denied.   No response is required to the remaining allegations in this paragraph as the email, assuming it

exists, is a writing that speaks for itself. To the extent a response is deemed required the remaining allegations in this paragraph are denied.

100.    No response is required to the allegations in this paragraph as the emails, assuming they exist, are writings that speak for themselves. To the extent a response is deemed required the remaining allegations in this paragraph are denied.

101.    No response is required to the allegations in this paragraph as the letter, assuming it exists, is a writing that speaks for itself. To the extent a response is deemed required the remaining allegations in this paragraph are denied.

102.    Denied.

103.    Denied.

104.    Denied.

105.    No response is required to the allegations in this paragraph as Pepper's billing records are writings that speak for themselves. To the extent a response is deemed required the allegations in this paragraph are denied.

106.    Denied.

107.    Denied.

108.    No response is required to the allegations in the first sentence of this paragraph as the PPMs are writings that speak for themselves. To the extent a response is deemed required the allegations in the first sentence of this paragraph are denied. The allegations in the second sentence of this paragraph are denied as stated. The PPMs

contained all information that they were required to contain. By way of further answer, SFC concealed from Pepper and Gagné the true default rates on the loan pools that previously had been securitized.

109. No response is required to the allegations in this paragraph as the PPMs are writings that speak for themselves. The allegation that Pepper had a "responsibility concerning actual default rate and historical performance information" is a conclusion of law to which no response is required. To the extent a response is deemed required, the allegation is denied. By way of further answer, Pepper and Gagné had no knowledge that the information supplied to them by SFC about loan performance and default rates and disclosed in the PPMs was in any way untrue or misleading.

110. No response is required to the allegations in this paragraph as the PPMs are writings that speak for themselves. To the extent a response is deemed required, the allegations in this paragraph are denied.

111. Denied.

112. No response is required to the allegations in this paragraph as the PPMs are writings that speak for themselves. To the extent a response is deemed required, the allegations in this paragraph are denied.

113. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph. The allegation in the second sentence of this paragraph is denied. It is admitted that Pepper represented SFC in an action filed by Nielsen Electronics. No response is

required to the remaining allegations in this paragraph as the complaint in the Nielsen litigation is a writing that speak for itself. To the extent a response is deemed required, the remaining allegations in this paragraph are denied.

114.    The allegations contained in the first sentence of this paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the allegations are denied. The remaining allegations in this paragraph consist of sheer speculation, not fact, and are therefore denied. By way of further answer, the investment grade ratings for the Certificates and Notes were a consequence of the insurance supporting them, not the Student Loan Accounts.

115.    Denied.

116.    No response is required to the allegations in this paragraph as the April 2000 PPM is a writing that speaks for itself. To the extent a response is deemed required, the allegations in this paragraph are denied. By way of further answer, although Pepper participated in the preparation of the April 2000 PPM, the financial information contained in that PPM was not prepared by Pepper but rather was provided to Pepper for incorporation in the PPM by SFC and others. Pepper did not take into account the use of "school reserves" or Forbearance Payments to control delinquency rates because Pepper was not aware that SFC was engaging in such a practice.

117.    Denied as stated. In December 2000, Pepper participated in the preparation of a PPM for a different affiliate of SFC that was selling certificates backed by a different pool of loans from the securitization transaction completed in April of 2000. By way of further answer, that PPM contained all information that it was required to contain,

and SFC concealed from Pepper and Gagné the true default rates on the loan pools that previously had been securitized.

118.    The allegations contained in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the allegations are denied.

119.    Denied as stated. The PPMs as drafted in part by Pepper with information provided by SFC did not inform investors that SFC had been utilizing and was intending to continue to utilize Forbearance Payments to camouflage the actual default rates because Pepper and Gagné were not aware that SFC had been engaging in or was intending to engage in such a practice. The allegation that any fact was "material" is a conclusion of law to which no response is required. To the extent a response is deemed required, the allegation is denied.

120.    Denied as stated. The PPMs as drafted in part by Pepper with information provided by SFC did not classify a Student Loan Account in "default" if SFC was making Forbearance Payments on behalf of the student borrowers and did not disclose defaults on loans from the prior securitizations which had been masked by third party payments because Pepper was not aware that SFC had been engaging in such a practice.

121.    The allegations contained in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the allegations are denied.

122.    Denied as stated.  Pepper continued to represent SFC, but it is denied that Pepper was aware that the PPMs contained material misrepresentations of fact while it represented SFC.

123.    Denied as stated.  The PPMs did not disclose that SFC was making Forbearance Payments because Pepper and Gagné were not aware that SFC was engaging in such a practice.  It is denied that the PPMs did not disclose that SFC was basing its default analysis in the newer PPMs only on new loans without reference to prior performance.  To the contrary, that fact was self-evident from the face of the PPMs.  No response is required to the remaining allegations in this paragraph as the quoted email is a writing that speaks for itself.  To the extent a response is deemed required, the remaining allegations in this paragraph are denied.

124.    It is admitted that pools of loans in new securitizations included loans to students originated by some of the same trucking schools that made loans in earlier securitizations.  The remaining allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

125.    The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

126.    Denied.

127.    Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph. The allegations contained in the second sentence in this paragraph are denied. The allegation that SFC was insolvent or operating in the zone of insolvency is a conclusion of law to which no response is required. To the extent a response is deemed required, the allegations are denied.

128.    Denied.

129.    No response is required to the allegations in this paragraph as the insurance agreement is a writing that speaks for itself. To the extent a response is deemed required, the allegations in this paragraph are denied.

130.    The allegations in the first sentence of this paragraph are admitted. No response is required to the remaining allegations in this paragraph as the exhibit is a writing that speaks for itself. To the extent a response is deemed required, the remaining allegations in this paragraph are denied.

131.    Answering Defendants lack knowledge sufficient to admit or deny what SFC "considered." No response is required to the allegations in this paragraph as the PPMs that Pepper participated in creating are writings that speak for themselves as to their contents. To the extent a response is deemed required, the remaining allegations in this paragraph are denied.

132.    The allegations contained in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the allegations

are denied.  By way of further answer, Pepper had no obligation to conduct due diligence on the financial information provided to it by SFC.

133.    No response is required to the allegations in this paragraph as the PPMs that Pepper participated in creating are writings that speak for themselves.  To the extent a response is deemed required, the allegations in this paragraph are denied.

134.    Denied.

135.    Denied.

136.    Denied as stated.  Upon learning for the first time that SFC had been making "Forbearance Payments" on or about March 12, 2002, Gagné reported the same to Pepper's Professional Responsibility Committee and suggested that Pepper withdraw.

137.    No response is required to the allegations in this paragraph as the memorandum is a writing that speaks for itself.  To the extent a response is deemed required, the allegations in this paragraph are denied.  By way of further answer, Gagné did not become aware of the information contained in the memorandum until shortly before he submitted it.

138.    No response is required to the allegations in this paragraph as the memorandum is a writing that speaks for itself.  To the extent a response is deemed required, the allegations in this paragraph are denied.  By way of further answer, Gagné did not become aware of the information contained in the memorandum until shortly before he submitted it.

139.    No response is required to the allegations in this paragraph as the memorandum is a writing that speaks for itself.  To the extent a response is deemed required, the allegations in this paragraph are denied.  By way of further answer, Gagné did not become aware of the information contained in the memorandum until shortly before he submitted it.

140.    No response is required to the allegations in this paragraph as the memorandum is a writing that speaks for itself.  To the extent a response is deemed required, the allegations in this paragraph are denied.

141.    No response is required to the allegations in this paragraph as the memorandum is a writing that speaks for itself.  To the extent a response is deemed required, the allegations in this paragraph are denied.

142.    No response is required to the allegations in this paragraph as the memorandum is a writing that speaks for itself.  To the extent a response is deemed required, the allegations in this paragraph are denied.

143.    No response is required to the allegations in this paragraph as the letter is a writing that speaks for itself.  To the extent a response is deemed required, the allegations in this paragraph are denied.

144.    It is admitted, on information and belief, that SFC's outside auditors refused to issue audited financial statements for 2001.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

145.    No response is required to the allegations in this paragraph as the document quoted in this paragraph is a writing that speaks for itself. To the extent a response is deemed required, the allegations in this paragraph are denied.

146.    No response is required to the allegations in this paragraph as the email is a writing that speaks for itself. To the extent a response is deemed required, the allegations in this paragraph are denied.

147.    Admitted.

148.    Admitted on information and belief.

149.    It is admitted that Pepper continued to serve as counsel to Premier Education Group following its withdrawal from representation of SFC. It is denied that Pepper continued to serve as counsel to Yao following its withdrawal from representation of SFC. With respect to the allegations in this paragraph relating to the Family, Answering Defendants on information and belief incorporate the response to this paragraph set forth in the GBT Answer.

150.    Denied.

151.    It is admitted that as of April 2002 SFC remained indebted to the Family in an amount between $6 and $7 million. The remaining allegations in this paragraph are denied as stated.

152.    Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

153.    No response is required to the allegations in this paragraph as the email is a writing that speaks for itself.  To the extent a response is deemed required, the allegations in this paragraph are denied.

154.    Answering Defendants on information and belief incorporate the response to this paragraph set forth in the GBT Answer.

155.    Answering Defendants on information and belief incorporate the response to this paragraph set forth in the GBT Answer.

156.    The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

157.    No response is required to the allegations in this paragraph as the billing records quoted in this paragraph are writings that speak for themselves.  To the extent a response is deemed required, the allegations in this paragraph are denied.  By way of further answer, Pepper billed SFC for its services on behalf of the Family, as lender to SFC, because it is customary and was agreed in multiple private investor loans to SFC that SFC would pay lender's counsel.

158.    Answering Defendants are unable to respond to the allegations in the paragraph because the term "this deal" is vague and undefined.  To the extent a response is deemed required, the allegations in this paragraph are denied.

159.    Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

160.    It is admitted that Gagné represented SFC since around its inception and withdrew from representing SFC on or about April 24, 2002. Answering Defendants cannot respond to the allegation that Gagné represented SFC with respect to its "financial arrangements" because the phrase "financial arrangements" is vague and undefined. No response is required to the allegations in this paragraph as the letter is a writing that speaks for itself. To the extent a response is deemed required, the allegations in this paragraph are denied.

161.    Admitted, except that the dates of Yao's guarantees were December 31, 1995, August 1, 1997, August 7, 1998 and March 5, 2002.

162.    No response is required to the allegations in this paragraph as the agreements are writings that speak for themselves. To the extent a response is deemed required, the allegations in this paragraph are denied.

163.    It is admitted that Gagné spoke to Royal's attorneys in or around May 2003 and June 2003 regarding a subpoena issued by Royal. The remaining allegations in this paragraph are denied.

164.    Denied.

165.    Answering Defendants on information and belief incorporate the response to this paragraph set forth in the GBT Answer.

166.    Denied.

167.    Denied.

168.    Denied.

169.    Denied.

170.    The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

171.    The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

172.    The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

173.    The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

174.    The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

## RESPONSE TO COUNT I

175.    No response is required to this incorporation paragraph.  To the extent a response is deemed required, Answering Defendants' responses to the incorporated paragraphs are incorporated and, to the extent Answering Defendants have not responded substantively to an incorporated allegation, the substance of the incorporated allegation is denied.

176.    The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

177.    The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

178.    The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

179.    The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

180.    Denied.

181.    Denied as stated.  Pepper represented SFC in financing, refinancing, insurance and securitization transactions.  Pepper represented Royal in unrelated matters at the same time it represented SFC.  SFC and Royal waived any conflict.

182.    Denied as stated.  Pepper advised Yao that SFC would need to disclose to Royal the details of his proposed business plan if he decided to put it into operation because Yao's proposal would impact Royal and would require Royal's approval.  No response is required to the remaining allegations in this paragraph as the email is a writing that speaks for itself.  To the extent a response is deemed required, the remaining allegations in this paragraph are denied.

183.    No response is required to the allegations in this paragraph as the memo is a writing that speaks for itself.  To the extent a response is deemed required, the allegations in this paragraph are denied.

184.    No response is required to the allegations in this paragraph as the letter is a writing that speaks for itself.  To the extent a response is deemed required, the allegations in this paragraph are denied.

185.    The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

186.    Denied as stated.  SMS was formed by Yao.

187.    Admitted on information and belief.

188.    Denied as stated.  SLS and SMS were both entities under the common ownership and control of Yao, who also owned 100% of SFC.  Therefore, there was no conflict among these related entities.

189.    Denied as stated.  Pepper was aware of the terms of agreements that Yao requested Pepper prepare to formalize the compensation arrangements contained therein.

190.    The allegations in the first sentence of this paragraph are denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph.

191.    Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

192.    Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

193.    No response is required to the allegations in this paragraph as the email is a writing that speaks for itself.  To the extent a response is deemed required, the allegations in this paragraph are denied.

194.    Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

195.    Pepper continued to represent the several SFC entities and did so without obtaining a conflict waiver from SFC's Board.  The suggestion that such a waiver

was required and that there was an ongoing conflict is a conclusion of law to which no response is required. To the extent a response is deemed required, the suggestion is denied.

196.    It is admitted that Pepper neither sought nor contained separate written conflict waivers with SMS, SFC and SLS. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

197.    It is denied that Pepper's judgment was clouded by its consideration of others' interests. The remaining allegations in this paragraph are denied as stated. Pepper analyzed the effects that SFC's business and Pepper's withdrawal would have on other parties.

198.    The allegations contained in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the allegations are denied.

199.    The allegations contained in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the allegations are denied.

200.    The allegations contained in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the allegations are denied.

201.    The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

202.    The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

203.    The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

204.    The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

## RESPONSE TO COUNT II

205-217.      This Count has been dismissed.  No response is required.

## RESPONSE TO COUNT III

218-231.      This Count has been dismissed.  No response is required.

## RESPONSE TO COUNT IV

232.    No response is required to this incorporation paragraph.  To the extent a response is deemed required, Answering Defendants' responses to the incorporated paragraphs are incorporated and, to the extent Answering Defendants have not responded

substantively to an incorporated allegation, the substance of the incorporated allegation is denied.

233.    The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

234.    The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

235.    The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

236.    The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

237.    The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

238.    The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

239.    The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

240.    The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

241.    The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

242.    The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

243.    The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

244.    The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

245.    The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

246.    The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

247.    The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

## RESPONSE TO COUNT V

248-259.    This Count has been dismissed.  No response is required.

## RESPONSE TO COUNT VI

260-268.    This Count has been dismissed.  No response is required.

## RESPONSE TO COUNT VII

269-278.    The allegations in these paragraphs are not directed to Answering Defendants.  No response is required.

## RESPONSE TO COUNT VIII

279-287.    This Count has been dismissed.  No response is required.

## RESPONSE TO COUNT IX

288.    No response is required to this incorporation paragraph.  To the extent a response is deemed required, Answering Defendants' responses to the incorporated paragraphs are incorporated and, to the extent Answering Defendants have not responded

substantively to an incorporated allegation, the substance of the incorporated allegation is denied.

289.    Admitted.

290.    The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

291.    The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

292.    The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

293.    The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

294.    The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

295.    The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

296.    The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

297.    The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

298.    The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

## RESPONSE TO COUNT X

299.    No response is required to this incorporation paragraph.  To the extent a response is deemed required, Answering Defendants' responses to the incorporated paragraphs are incorporated and, to the extent Answering Defendants have not responded substantively to an incorporated allegation, the substance of the incorporated allegation is denied.

300.    Admitted.

301.    Denied.

302.   Denied as stated.   Pepper received the payments listed in this paragraph on or about the dates set forth in this paragraph, except that the amounts associated with the dates June 26, 2001 and December 13, 2001 are not accurate.   The amount of the payment received on or about June 26, 2001 was $74,882.10.   The amount of the payment received on or about December 13, 2001 was $54,455.04.   The characterization of the payments as "preference" payments is denied.

303.   The allegations contained in this paragraph are conclusions of law to which no response is required.   To the extent a response is deemed required, the allegations are denied.

304.   Admitted.

305.   Admitted, except that the characterization of the payments as "preference" payments is denied.

306.   The allegations contained in this paragraph are conclusions of law to which no response is required.   To the extent a response is deemed required, the allegations are denied.

307.   The allegations contained in this paragraph are conclusions of law to which no response is required.   To the extent a response is deemed required, the allegations are denied.

308.   The allegations contained in this paragraph are conclusions of law to which no response is required.   To the extent a response is deemed required, the allegations are denied.

309.    The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

310.    The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

311.    The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

## RESPONSE TO COUNT XI

312-323.    The allegations in these paragraphs are not directed to Answering Defendants.  No response is required.

WHEREFORE, Pepper and Gagné respectfully request that plaintiff's complaint be dismissed in its entirety and with prejudice, that judgment be entered in their favor and against plaintiff, and that they be awarded costs, attorney's fees and such other relief as the Court deems to be just and equitable.

## AFFIRMATIVE DEFENSES

1.      The Complaint fails to state claims upon which relief can be granted.

2.      The claims in the Complaint are barred by the *in pari delicto* doctrine.

3.      The claims in the Complaint are barred by the doctrines of estoppel, waiver, laches and/or unclean hands.

4.      The claims in the Complaint are barred by the doctrines of contributory and comparative negligence.

5.      The claims in the Complaint are barred because plaintiff failed to mitigate its alleged damages.

6.      The claims in the Complaint are barred because plaintiff voluntarily assumed its own damages.

7.      Plaintiff has not incurred damages and/or its alleged damages are speculative.

8.      The claims in the Complaint are barred by the applicable statutes of limitation.

9.      Some or all of the transfers received by Pepper are not voidable under Section 547 of Title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code") because the transfers fall within the exception contained in Section 547(c)(1) of the Bankruptcy Code, in that they were intended by both the Debtor and Pepper to be

contemporaneous exchanges for new value given to the Debtor and were, in fact, substantially contemporaneous.

10.     Some or all of the transfers received by Pepper are not voidable under Section 547 of the Bankruptcy Code because the transfers fall within the exception contained in Section 547(c)(2) of the Bankruptcy Code, in that they were made in payment of debts incurred by the Debtor in the ordinary course of business of the Debtor and Pepper; were made in the ordinary course of the business of the Debtor and Pepper; and were made according to ordinary business terms.

11.     Some or all of the transfers received by Pepper are not voidable under Section 547 of the Bankruptcy Code because the transfers fall within the exception contained in Section 547(c)(4) of the Bankruptcy Code, in that, after such transfers, Pepper gave new value to or for the benefit of the Debtor, not secured by an otherwise unavoidable security interest, and on account of which new value the Debtor did not make an otherwise unavoidable transfer to or for the benefit of Pepper.

12.     The relief requested by the Plaintiff is barred by the doctrine of setoff.

13.     The relief requested by the Plaintiff is barred by the doctrine of recoupment.

WHEREFORE, Pepper and Gagné respectfully request that plaintiff's complaint be dismissed in its entirety and with prejudice, that judgment be entered in their favor and against plaintiff, and that they be awarded costs, attorney's fees and such other relief as the Court deems to be just and equitable.

Dated: February 6, 2006
       Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____
William H. Sudell, Jr., Esq. (No. 0463)
Donna L. Culver (No. 2983)
Daniel B. Butz (No. 4227)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
(302) 658-9200
(302) 658-3989 (facsimile)

Counsel for Defendant Pepper Hamilton LLP
and W. Roderick Gagné, in his capacity as an
attorney practicing at Pepper Hamilton LLP

OF COUNSEL:

SCHNADER HARRISON SEGAL & LEWIS LLP
Elizabeth K. Ainslie, Esq.
Nicholas J. LePore, III, Esq.
Bruce P. Merenstein, Esq.
Stephen J. Shapiro, Esq.
1600 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103
(215) 751-2000
(215) 751-2205 (facsimile)

505274

41