IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>STUDENT FINANCE CORPORATION,<br>   Debtor, | :<br>:<br>:<br>: |
| CHARLES A. STANZIALE, JR.,<br>CHAPTER 7 TRUSTEE OF STUDENT<br>FINANCE CORPORATION,<br><br>   Plaintiff,<br><br>v.<br><br>PEPPER HAMILTON LLP, et al.,<br><br>   Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>: Civil Action No. 04-1551(JJF)<br>:<br>:<br>:<br>:<br>: |
| ROYAL INDEMNITY COMPANY,<br><br>   Plaintiff,<br><br>v.<br><br>PEPPER HAMILTON LLP, ET AL.<br><br>   Defendants. | :<br>:<br>:<br>:<br>: Civil Action No. 05-165(JJF)<br>:<br>:<br>:<br>: |

**OMNIBUS BRIEF IN SUPPORT OF MOTIONS FOR JUDGMENT
ON THE PLEADINGS IN LIGHT OF NEW THIRD CIRCUIT AUTHORITY**

William H. Sudell, Jr., Esq. (No. 0463)
Donna L. Culver, Esq. (No. 2983)
Daniel B. Butz (No. 4227)
MORRIS, NICHOLS, ARSHT & TUNNELL
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
(302) 658-9200
(302) 658-3989 (facsimile)

Elizabeth K. Ainslie, Esq.
Nicholas J. LePore, III, Esq.
Bruce P. Merenstein, Esq.
Stephen J. Shapiro, Esq.
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103
(215) 751-2000
(215) 751-2205 (facsimile)

*Counsel for defendants Pepper Hamilton LLP and W. Roderick Gagné*

## **TABLE OF CONTENTS**

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS .................................. 1

SUMMARY OF ARGUMENT.................................................................................................... 1

STATEMENT OF FACTS........................................................................................................... 4

STANDARD OF REVIEW.......................................................................................................... 6

ARGUMENT................................................................................................................................ 6

I. JUDGMENT SHOULD BE ENTERED IN FAVOR OF THE PEPPER DEFENDANTS ON THE TRUSTEE'S PROFESSIONAL MALPRACTICE CLAIM AND THE TRUSTEE SHOULD BE LIMITED TO PURSUING DISGORGEMENT OF FEES AS DAMAGES ON HIS BREACH OF FIDUCIARY DUTY CLAIM .................................................................................................. 6

    A. Judgment Should Be Entered In Favor Of The Pepper Defendants On The Trustee's Professional Malpractice Claim Because The Trustee Has Failed To Allege Cognizable Damages .................................................................. 6

    B. Judgment Should Be Entered In Favor Of The Pepper Defendants On The Trustee's Request For Deepening Insolvency Damages On His Breach Of Fiduciary Duty Claim And The Trustee Should Be Limited To Pursuing Disgorgement Of Fees .................................................................................... 7

II. THE SEITZ CASE REQUIRES THE DISMISSAL OF ROYAL'S DEEPENING INSOLVENCY CLAIM .................................................................................................................................. 8

    A. Judgment Should Be Entered In Favor Of The Pepper Defendants On Royal's Deepening Insolvency Count Because Royal Lacks Standing To Pursue The Claim ............................................................................................ 9

    B. Judgment Should Be Entered In Favor Of The Pepper Defendants On Royal's Deepening Insolvency Count If The Law Of Either Delaware Or North Carolina Governs This Case ................................................................. 11

    C. Judgment Should Be Entered In Favor Of The Pepper Defendants On Royal's Deepening Insolvency Count Because Royal Has Not Alleged That The Pepper Defendants Defrauded SFC....................................................... 13

CONCLUSION............................................................................................................................ 14

# TABLE OF AUTHORITIES

*Bondi v. Bank of America Corp. (In re Parmalat Securities Litigation)*,
   383 F. Supp. 2d 587 (S.D.N.Y. 2005) .................................................................................... 12

*Official Committee of Unsecured Creditors v. American Tower Corp. (In re Verestar, Inc.)*, Nos. 05-03635, 05-02259, 2006 Bankr. LEXIS 1022
   (Bankr. S.D.N.Y. June 9, 2006) ............................................................................................. 13

*Official Committee of Unsecured Creditors v. Credit Suisse First Boston (In re Exide Techs., Inc.)*, 299 B.R. 732 (Bankr. D. Del. 2003) .............................................. 11

*Official Committee of Unsecured Creditors v. R. F. Lafferty & Co., Inc.*,
   267 F.3d 340 (3d Cir. 2001) ........................................................................................... *passim*

*OHC Liquidation Trust v. Credit Suisse First Boston (In re Oakwood Homes Corp.)*, 340 B.R. 510 (Bankr. D. Del. 2006) ........................... 12

*Seitz v. Detweiler, Hershey and Associates, P.C. (In re CitX Corp.)*,
   448 F.3d 672 (3d Cir. 2006) ........................................................................................... *passim*

*Sikirica v. Nationwide Insurance Co.*, 416 F.3d 214 (3d Cir. 2005) ............................................... 6

*Stanziale v. Pepper Hamilton LLP (In re Student Finance Corp.)*,
   335 B.R. 539 (D. Del. 2005) ........................................................................................ 9, 12, 13

**STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS**

Prior to the Opinion of the Court of Appeals for the Third Circuit in *Seitz v. Detweiler, Hershey and Associates, P.C. (In re CitX Corp.)*, 448 F.3d 672 (3d Cir. 2006), this Court denied in part the Pepper Defendants' Motion To Dismiss the Trustee's claims against the Pepper Defendants (the "Trustee Litigation"), and denied (without opinion, to this point) the Pepper Defendants' Motion To Dismiss Royal's claims against the Pepper Defendants (the "Royal Litigation"). At a conference conducted on June 1, 2006, shortly after publication of the opinion in *Seitz*, the Court authorized the Pepper Defendants to submit this motion and brief explaining how *Seitz* impacts the Court's prior rulings on the two motions to dismiss and requesting relief based on this new controlling authority.

**SUMMARY OF ARGUMENT**

In *Official Committee of Unsecured Creditors v. R. F. Lafferty & Co., Inc.*, 267 F.3d 340 (3d Cir. 2001), the Court of Appeals for the Third Circuit predicted that Pennsylvania would adopt a novel tort, which has come to be known as "deepening insolvency," for extending a corporation's existence beyond the point of insolvency through the fraudulent expansion of the corporation's debt. During the five years following the publication of the *Lafferty* opinion, litigants have attempted to expand the limited holding of *Lafferty* and have met with some measure of success in the district courts.

In *Seitz*, its most recent opinion on the subject, another panel of the Court of Appeals for the Third Circuit (which included the judge who authored the opinion in *Lafferty*) criticized this trend towards interpreting the deepening insolvency tort broadly and reined in any temptation toward an expansive application of *Lafferty*. *Seitz* stands for four important propositions, all of them limiting *Lafferty* to its geographic and situational confines.

***First***, *Seitz* clarified that deepening insolvency is a new cause of action but is *not* a new and expansive measure of damages for traditional causes of action, such as malpractice or breach of fiduciary duty (as in the Trustee Litigation) or negligent misrepresentation, fraud or civil conspiracy (as in the Royal Litigation). Although this aspect of *Seitz* applies primarily to the Trustee Litigation, it potentially applies to the Royal Litigation as well.

The Trustee's claim for professional malpractice against the Pepper Defendants seeks *only* deepening insolvency damages. Therefore, the Trustee fails to allege *any* recoverable damages supposedly incurred by Student Finance Corporation ("SFC") as a result of the allegedly bad legal advice that the Pepper Defendants provided to SFC and the Court should enter judgment on the pleadings in favor of the Pepper Defendants on the malpractice claim. As for the Trustee's claim that the Pepper Defendants breached their fiduciary duty to SFC by simultaneously representing persons or entities whose interests may have conflicted with those of SFC, the Trustee claims that he is entitled to both deepening insolvency damages as well as the traditional measure of damages on this type of claim, disgorgement of legal fees paid during the period of the supposed conflict. *Seitz* makes plain that this Court should remove the alleged deepening insolvency damages from the claim and only permit the Trustee to proceed on his request for disgorgement of fees.

As for Royal, its Complaint is non-specific as to the measure of damages it associates with each of its multiple common law tort counts. *Seitz* makes clear, however, that deepening insolvency damages are not available in connection with any of Royal's counts (other than Royal's deepening insolvency cause of action that, as discussed below, must fail). Instead, Royal's supposed damages must be measured by the traditional remedies associated with its claims.

***Second,*** *Seitz* explicitly holds that a cause of action for deepening insolvency can only be a cause of action under section 541 of the Bankruptcy Code and, therefore, belongs *only*

2

to the entity whose insolvency was deepened, not to creditors of that entity. In so expressly limiting *Lafferty*, the Court of Appeals was simply emphasizing the limitations implicit in *Lafferty's* definition of deepening insolvency: an injury to *a debtor's corporate property* resulting from the fraudulent expansion of corporate debt and the prolongation of corporate life. Deepening insolvency, in other words, is not a remedy for the incidental harm to a creditor's prospects of recovering on claims that it may have against a debtor when the insolvent corporation's debts are fraudulently expanded. That harm is too far removed from the fraudulent conduct giving rise to the cause of action and does not comport with traditional notions of proximate causation. *Seitz*, therefore, makes clear that Royal, which is a creditor of SFC, lacks standing to pursue a deepening insolvency claim.

**Third**, *Seitz* emphasized that *Lafferty* should be jurisdictionally limited. The Court of Appeals took pains to point out that *Lafferty's* prediction of Pennsylvania law should not be extended to other states and emphasized that nothing the Court said in *Lafferty* should be read to extend the deepening insolvency doctrine beyond Pennsylvania. The Court signaled that certain lower courts, such as the Delaware bankruptcy court, had gone too far in relying upon *Lafferty* (as Royal does here) to predict that Delaware or North Carolina would recognize the cause of action.

**Fourth**, *Seitz* limited the reach of *Lafferty* only to circumstances in which fraud upon the debtor, not mere negligence, caused the expansion of the debtor's insolvency. Because this Court previously dismissed the Trustee's claim for deepening insolvency on precisely this ground, no further relief in the Trustee Litigation is required on this claim. However, to the extent this Court declined to dismiss Royal's deepening insolvency claim for failure to plead fraud *on SFC* because it agreed with Royal's contention that a creditor is not required to plead fraud on a debtor in order to state a deepening insolvency claim (assuming, *arguendo*, that a

3

creditor has standing to pursue a deepening insolvency cause of action at all), *Seitz* plainly signifies that Royal's contention is not correct.

***Relief Requested.*** As a result of *Seitz*, judgment should be entered in favor of the Pepper Defendants on the Trustee's claim for professional malpractice and Royal's claim for deepening insolvency. In addition, the Trustee should be limited to pursuing the disgorgement of fees as damages on his breach of fiduciary duty claim and both the Trustee and Royal should be prohibited from pursuing deepening insolvency damages on any of their remaining claims.

## STATEMENT OF FACTS

The parties previously set forth the operative facts in these cases in the briefs submitted in connection with the motions to dismiss, and the Pepper Defendants will not repeat them here. The facts at issue in *Seitz* were as follows:

CitX Corporation, Inc. ("CitX"), an internet company, retained the accounting firm Detweiler, Hershey and Associates, P.C. ("Detweiler"), to prepare compiled financial statements for the corporation. *Seitz*, 448 F.3d at 674-75.[1] CitX used the financial statements, which indicated that CitX had a positive balance sheet, to solicit and acquire additional funding from investors. *See id.* at 676. In actuality, CitX was involved in a Ponzi scheme that eventually collapsed. *See id.* at 674. CitX filed for bankruptcy and Gary Seitz was appointed to serve as its Chapter 7 trustee. *See id.* at 675. Alleging that Detweiler should have discovered that CitX was a fraudulent operation, Seitz sued the accounting firm for, among other claims, malpractice and deepening insolvency. *See id.* at 675-76.

Detweiler moved for summary judgment on both the malpractice and deepening insolvency claims, and the trial court granted the motion. On appeal Seitz argued that CitX was harmed as a result of the alleged malpractice because Detweiler's conduct deepened CitX's

---

[1]   A copy of the *Seitz* opinion is attached as Exhibit A.

4

insolvency. *See id.* at 677. The Court of Appeals disagreed, concluding that, although the Court previously had predicted that deepening insolvency would be recognized as a valid cause of action under Pennsylvania law, deepening insolvency did not constitute "a valid theory of damages for an independent cause of action . . . [and] should not be interpreted to create a novel theory of damages for [a] cause of action like malpractice." *Id.*[2]

The Court also noted that Detweiler's conduct – issuing financial statements that CitX, in turn, used to raise funds from new investors – "did nothing to 'deepen' CitX's insolvency," but rather reduced the corporation's insolvency. *Id.* CitX was harmed by the subsequent misuse of the newly acquired funds by the company's management, not the acquisition of those funds. *See id.* at 678. Because Seitz's alleged deepening insolvency damages were not cognizable on his malpractice claim, Seitz could not prove that CitX was harmed by Detweiler's supposed malpractice and the Third Circuit affirmed the district court's grant of summary judgment on the malpractice claim. *See id.* at 681.

On Seitz's deepening insolvency claim, the Third Circuit held that only fraudulent conduct will support a claim for deepening insolvency under Pennsylvania law. *See id.* ("[W]e hold that a claim of negligence cannot sustain a deepening-insolvency cause of action."). Holding that Seitz failed to come forward with evidence of fraudulent conduct, the Third Circuit affirmed the entry of summary judgment on the deepening insolvency claim. *See id.*

---

[2]    The Pepper Defendants, pointing to language in *Lafferty* referring to deepening insolvency as a type of injury, argued in their motions to dismiss that deepening insolvency could be nothing more than a theory of damages, not a stand-alone cause of action. In *Seitz*, the Third Circuit recognized that the language in *Lafferty* could have created such confusion, but clarified that *Lafferty* did in fact predict that Pennsylvania would recognize a cause of action for deepening insolvency and *did not* create a novel theory of damages for use in connection with other claims. *Seitz*, 448 F.3d at 677.

## STANDARD OF REVIEW

A motion for judgment on the pleadings must be granted where a movant clearly establishes that there are no material issues of fact and that he is entitled to entry of judgment as a matter of law based on the pleadings. *See Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220-21 (3d Cir. 2005). The facts presented in the pleadings and the inferences to be drawn therefrom must be viewed in the light most favorable to the nonmoving party. *See id*.

## ARGUMENT

I. **JUDGMENT SHOULD BE ENTERED IN FAVOR OF THE PEPPER DEFENDANTS ON THE TRUSTEE'S PROFESSIONAL MALPRACTICE CLAIM AND THE TRUSTEE SHOULD BE LIMITED TO PURSUING DISGORGEMENT OF FEES AS DAMAGES ON HIS BREACH OF FIDUCIARY DUTY CLAIM.**

The Third Circuit's opinion in *Seitz* dramatically changes the scope of the Trustee's case. *Seitz* eliminates the Trustee's malpractice claim and substantially reduces the available damages on the Trustee's remaining tort claim for breach of fiduciary duty.

A. **Judgment Should Be Entered In Favor Of The Pepper Defendants On The Trustee's Professional Malpractice Claim Because The Trustee Has Failed To Allege Cognizable Damages.**

Judgment should be entered in favor of the Pepper Defendants on the Trustee's professional malpractice claim (Count IV) because the Trustee has failed to allege cognizable damages, one of the elements necessary to state a claim for professional malpractice. The only damages the Trustee has pleaded in connection with the claim are deepening insolvency damages, which, *Seitz* held, are not a valid theory of damages on a malpractice claim.

The Third Circuit has defined deepening insolvency as "an injury to [a debtor's] corporate property from the fraudulent expansion of corporate debt and the prolongation of

corporate life." *Lafferty*, 267 F.3d at 347; *see also Seitz*, 448 F.3d at 677. The damage allegations in the professional malpractice count of the Trustee's First Amended Complaint are:

> As a direct, proximate and foreseeable result of the foregoing acts and omissions, SFC was ultimately driven into insolvency and operated well beyond the point of insolvency, finally resulting in SFC's bankruptcy.
>
> As a direct, proximate and foreseeable result of the foregoing acts and omissions, SFC and its creditors were injured in the collapse of Debtor's business and loss of property and assets that would otherwise have been available to SFC and its creditors.

D.I. 76 at ¶¶ 246, 247. These are deepening insolvency damages as defined by *Lafferty* and *Seitz*. Indeed, they are precisely the same damages alleged in the Trustee's dismissed deepening insolvency count. *Compare* D.I. 76 at ¶¶ 216 and 217 *with* ¶¶ 246 and 247.

The only injury that the Trustee has pleaded in his malpractice count are damages arising from the alleged deepening of SFC's insolvency. Because the Third Circuit held in *Seitz* that deepening insolvency damages are not a valid theory of injury on a malpractice claim, judgment should be entered in favor of the Pepper Defendants for failure to plead a necessary element of the claim.

> **B.  Judgment Should Be Entered In Favor Of The Pepper Defendants On The Trustee's Request For Deepening Insolvency Damages On His Breach Of Fiduciary Duty Claim And The Trustee Should Be Limited To Pursuing Disgorgement Of Fees.**

After *Seitz*, the Trustee must be barred from seeking the recovery of deepening insolvency damages in connection with his breach of fiduciary duty claim (Count I). As a result, the Trustee should be limited to pursuing the only other damages alleged in connection with his claim for breach of fiduciary duty – the disgorgement of legal fees that SFC paid to Pepper.

The Trustee alleges that he is entitled to recover deepening insolvency damages on his breach of fiduciary duty count:

7

> As a direct, proximate and foreseeable result of each and all of the foregoing breaches of fiduciary duty, SFC was ultimately driven into insolvency, and operated well beyond the point of insolvency, finally resulting in the filing of the involuntary bankruptcy petition.
>
> As a direct, proximate and foreseeable result of each and all of the foregoing breaches of fiduciary duty, SFC and its creditors were injured in the collapse of Debtor's business and loss of property and assets that would otherwise have been available to SFC and the creditors, who have sustained actual damages.

D.I. 76 at ¶¶ 203, 204. Indeed, these allegations are virtually identical to those in the Trustee's malpractice count and the dismissed deepening insolvency count. As discussed above, the Trustee cannot pursue deepening insolvency damages because, after *Seitz*, such damages are not available on an independent cause of action such as breach of fiduciary duty.

The only other damages to which the Trustee claims he is entitled in connection with his breach of fiduciary duty count are the disgorgement of the approximately $3.2 million in legal fees that SFC paid Pepper: "WHEREFORE, Pepper and Gagné are liable for damages, including, without limitation, forfeiture and disgorgement of fees paid and/or owed by SFC to Pepper . . . ." D.I. 76 at p. 45; D.I. 76 at ¶ 1. Therefore, the Court should limit the Trustee to pursuing the only cognizable damages he has pleaded in connection with his breach of fiduciary duty count; namely, the return of approximately $3.2 million in legal fees. Limiting the maximum possible damages that the Trustee could recover if he prevails on his breach of fiduciary duty claim (the only tort claim remaining after the malpractice claim is removed) to approximately $3.2 million will dramatically change the complexion of the Trustee Litigation and eliminate an entire area of expensive expert testimony, forensic accounting.

## II. THE *SEITZ* CASE REQUIRES THE DISMISSAL OF ROYAL'S DEEPENING INSOLVENCY CLAIM.

Judgment should be entered in favor of the Pepper Defendants on Royal's claim for deepening insolvency because: (a) *Seitz* makes clear that a creditor such as Royal lacks

8

standing to pursue the cause of action, which is the property of the debtor; (b) if, as Royal contends, Delaware or North Carolina law governs this action, *Lafferty* may not be extended to claims arising under the law of either state; and (c) Royal has not alleged that the Pepper Defendants defrauded SFC.

### A. Judgment Should Be Entered In Favor Of The Pepper Defendants On Royal's Deepening Insolvency Count Because Royal Lacks Standing To Pursue The Claim.

***The clear language of Seitz is fatal to Royal's claim.*** Royal lacks standing to pursue a claim for the alleged deepening of SFC's insolvency because that cause of action is the property of SFC. In *Lafferty*, the Third Circuit held that a deepening insolvency claim is the property of the debtor and does not belong to creditors such as Royal: "the claims here [deepening insolvency] belong to the Debtors, **rather than to the creditors**." 267 F.3d at 349 (emphasis added). In fact, in the Trustee Litigation, this Court itself recognized that "deepening insolvency [is] a claim belonging to the debtor **rather than the creditors** because the claim [seeks] recovery for damage to the debtor's property." *Stanziale v. Pepper Hamilton LLP (In re Student Finance Corp.)*, 335 B.R. 539, 548 (D. Del. 2005) (Farnan, J.) (citing *Lafferty*) (emphasis added). The Court of Appeals repeated and amplified *Lafferty's* holding in *Seitz*: "Because deepening-insolvency claims are brought on behalf of the debtor corporation [citing *Lafferty*], deepening insolvency **can only be** a claim under Bankruptcy Code § 541 (which deals with property of the debtor's estate)." *Seitz*, 448 F.3d at 676 n.6 (emphasis added).[3]

Royal, a creditor of SFC, does not have standing to pursue causes of action that belong to SFC. Royal also lacks authority to pursue claims that arise under Section 541 of the

---

[3] Royal argued, in its response to the Pepper Defendants' motion to dismiss, that its deepening insolvency cause of action was not barred by the automatic stay provisions of the Bankruptcy Code because the claim "is not property of the estate under 11 U.S.C. § 541." D.I. 44 at 61. *Seitz* did away with this argument when it concluded that "deepening insolvency **can only be** a claim under Bankruptcy Code § 541 . . . ." 448 F.3d at 676 n.6 (emphasis added).

9

Bankruptcy Code and, indeed, did not even attempt to plead that its deepening insolvency claim arises under that section. Therefore, pursuant to the clear language of *Seitz*, Royal lacks standing to pursue a deepening insolvency claim.[4]

***The Seitz Court rejected Royal's expansive reading of Lafferty.*** On the motions to dismiss, Royal countered the Pepper Defendants' standing argument by suggesting that *Lafferty* indicated that creditors (as well as debtors) may pursue claims for deepening insolvency. *See* D.I. 44 at 58. The Pepper Defendants explained that Royal's argument was based on a mischaracterization of the language in *Lafferty*. *See* D.I. 51 at 17 n.8. Moreover, Royal failed to cite a single case in which any state or federal court anywhere in the country has held that a creditor has standing to pursue a cause of action for deepening insolvency, and the Pepper Defendants have been unable to locate any. But if there ever was any doubt that Royal's broad reading of *Lafferty* is unsupportable, *Seitz* has removed it.

The panel that decided the *Seitz* case, which included the judge who wrote the opinion in *Lafferty*, acknowledged that *Lafferty* has generated much controversy and suggested that it might have been inclined to overrule *Lafferty*'s prediction that Pennsylvania would recognize a cause of action for deepening insolvency had it possessed the power to do so: "[T]hat issue is not before us. Even if it were, we cannot revisit the correctness of that interpretation of Pennsylvania law [because] only the Court *en banc* can overrule a precedential decision." *Seitz*, 448 F.3d at 680 n.11.

The *Seitz* Court went on, however, to narrowly limit the applicability of *Lafferty* to claims arising under Pennsylvania law (*see* Part II.B, *infra*), alleging fraud (*see* Part II.C,

---

[4] In denying the Pepper Defendants' motion to dismiss Royal's deepening insolvency claim for lack of standing, this Court apparently concluded (the Court has not yet issued an opinion in connection with that decision) that Royal does have standing to pursue a deepening insolvency claim. The Pepper Defendants respectfully submit, as discussed above, that such a determination is contrary to *Lafferty* and *Stanziale*, but that, in any event, *Seitz* must change that conclusion.

10

*infra*), and pleaded as an independent tort (*see* Part I, *supra*). In light of the Court of Appeal's clear direction in *Seitz* that *Lafferty* should be narrowly construed and its reaffirmation of the principle that only a debtor may bring a deepening insolvency claim, this court should not endorse Royal's expansive reading of *Lafferty* and should decline Royal's invitation to break new legal ground by permitting a creditor to pursue a deepening insolvency claim.

      **B.**    **Judgment Should Be Entered In Favor Of The Pepper Defendants On Royal's Deepening Insolvency Count If The Law Of Either Delaware Or North Carolina Governs This Case.**

Royal contends that the tort claims it has asserted against the Pepper Defendants are governed by the law of either Delaware or North Carolina. *See* D.I. 44 at 29-30.[5] Royal concedes that the Delaware Supreme Court has not recognized a cause of action for deepening insolvency, but cites to *Official Committee of Unsecured Creditors v. Credit Suisse First Boston (In re Exide Techs., Inc.)*, 299 B.R. 732 (Bankr. D. Del. 2003), a case in which the bankruptcy court relied on *Lafferty* to predict that Delaware would recognize the cause of action. *See* D.I. 44 at 56-57.

In *Seitz*, however, the Third Circuit held that "nothing we said in *Lafferty* compels any extension of the doctrine beyond Pennsylvania." 448 F.3d at 680 n.11. Therefore, the bankruptcy court's view in *Exide* that *Lafferty* supported its prediction that Delaware would recognize a cause of action for deepening insolvency has been rejected by the Third Circuit. In fact, the Court of Appeals in *Seitz* rebuked the Delaware bankruptcy court for relying on *Lafferty* to support its recent prediction in another case that Delaware and North Carolina would recognize a cause of action for deepening insolvency. *See id.* (citing *OHC Liquidation Trust v. Credit Suisse First Boston (In re Oakwood Homes Corp.)*, 340 B.R. 510 (Bankr. D. Del. 2006)).

---

      [5]    The Pepper Defendants contend that Pennsylvania law applies.

As for Royal's alternate claim that North Carolina law applies, recent case law buttresses the Pepper Defendants' argument, *see* D.I. 51 at 15-16, that North Carolina does not recognize a cause of action for deepening insolvency. *See OHC Liquidation Trust*, 340 B.R. at 528 ("[I]t appears that neither the Delaware Supreme Court . . . nor the North Carolina Supreme Court have weighed in on the validity of a claim of deepening insolvency."); *Bondi v. Bank of Am. Corp. (In re Parmalat Sec. Litig.)*, 383 F. Supp. 2d 587, 601 (S.D.N.Y. 2005) ("North Carolina courts barely have considered this question.").[6] North Carolina does not recognize a cause of action for deepening insolvency and, after *Seitz*, this Court may not rely upon *Lafferty* or its progeny to predict that it will.

If, in denying the Pepper Defendants' motion to dismiss, this Court accepted Royal's argument that the law of either Delaware or North Carolina governs this action, the Pepper Defendants respectfully submit that, in light of *Seitz*, judgment should be entered in favor of the Pepper Defendants on Royal's deepening insolvency claim for failure to state a recognized cause of action under either Delaware or North Carolina law.[7]

---

[6]  Notably, both *OHC Liquidation Trust* and *Bondi* post-date the North Carolina intermediate appellate court case that Royal incorrectly contends "implicitly approved" a cause of action for deepening insolvency. *See* D.I. 44 at 57. As the Pepper Defendants' previously pointed out, *see* D.I. 51 at 16, the case cited by Royal implied no such thing, which perhaps explains why neither *OHC Liquidation Trust* nor *Bondi* mentioned it in connection with their conclusion that North Carolina has not recognized a cause of action for deepening insolvency.

[7]  If, on the other hand, the Court determined that Pennsylvania law applies, the Pepper Defendants respectfully request that the Court reconsider its decision not to dismiss Royal's claims for aiding and abetting fraud and aiding and abetting breach of fiduciary duty because this Court held in the Trustee Litigation that Pennsylvania does not recognize a cause of action for aiding and abetting. *See Stanziale*, 335 B.R. at 551. Similarly, the Pepper Defendants request that the Court also dismiss Royal's civil conspiracy claim for failure to plead "malice" as required by Pennsylvania law. *See id.* at 552-53; D.I. 36 at 11-13.

C. **Judgment Should Be Entered In Favor Of The Pepper Defendants On Royal's Deepening Insolvency Count Because Royal Has Not Alleged That The Pepper Defendants Defrauded SFC.**

In the Trustee Litigation, this Court held that, in order to properly state a claim for deepening insolvency, a plaintiff must allege that the defendant defrauded the debtor corporation, thereby causing it harm. *See Stanziale*, 335 B.R. at 549. The Court dismissed the Trustee's deepening insolvency count because it concluded that the Trustee failed to plead that the Pepper Defendants defrauded SFC. *See id.* In the Royal Litigation, the Pepper Defendants argued that Royal's deepening insolvency claim should be dismissed because, like the Trustee, Royal failed to plead any fraud upon SFC. *See* D.I. 26 at 23. *Seitz* supports this argument as well.

The plaintiff in *Lafferty* (who was standing in the shoes of a debtor) alleged that the defendants fraudulently induced *the debtor* to incur additional debt at a time when the debtor was insolvent. *See Lafferty*, 267 F.3d at 347. By cautioning that *Lafferty* should be narrowly limited to the factual situation in that case, the *Seitz* Court strongly indicated that allegations of fraud against the debtor, like those in *Lafferty*, are required in order to state a cause of action for deepening insolvency. *See Seitz*, 448 F.3d at 681 ("We know no reason to extend the scope of deepening insolvency beyond *Lafferty's* limited holding.").[8]

If this Court denied the Pepper Defendants' motion to dismiss Royal's deepening insolvency claim because it concluded that Royal is not required to plead fraud upon SFC, the Pepper Defendants respectfully submit that, in light of *Seitz*, the Court should enter judgment in

---

[8] To the extent Royal's deepening insolvency claim is based upon its allegation that the Pepper Defendants defrauded Royal (as opposed to SFC), the claim is wholly duplicative of Royal's fraud claim and should fail for that reason alone. *See Official Committee of Unsecured Creditors v. American Tower Corp. (In re Verestar, Inc.)*, Nos. 05-03635, 05-02259, 2006 Bankr. LEXIS 1022, at *75-76 (Bankr. S.D.N.Y. June 9, 2006) (dismissing deepening insolvency claim as duplicative of other causes of action in the plaintiff's complaint) (copy attached as Exhibit B).

13

favor of the Pepper Defendants on Royal's deepening insolvency claim for failure to plead that the Pepper Defendants defrauded SFC.[9]

## CONCLUSION

For the foregoing reasons, the Pepper Defendants respectfully request that the Court enter orders (1) granting judgment on the pleadings in favor of the Pepper Defendants on Count IV (Professional Malpractice) of the Trustee's First Amended Complaint, (2) granting judgment on the pleadings in favor of the Pepper Defendants on the Trustee's claim for deepening insolvency damages on Count I (Breach of Fiduciary Duty) of his First Amended Complaint and limiting the Trustee's damages claim on Count I to the disgorgement of legal fees; and (3) granting judgment on the pleadings in favor of the Pepper Defendants on Count VII

---

[9] For any and all of the reasons set forth above, judgment should be entered in favor of the Pepper Defendants on Royal's deepening insolvency claim. Because *Lafferty* "should not be interpreted to create a novel theory of damages for an independent cause of action . . . ," *Seitz*, 448 F.3d at 677, Royal also should be precluded from recovering deepening insolvency damages in the unlikely event it is successful on any of its remaining claims.

(Deepening Insolvency) of Royal's Second Amended Complaint and prohibiting Royal from pursuing deepening insolvency damages on its remaining tort claims.

Dated: July 6, 2006
Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

William H. Sudell, Jr., Esq. (No. 0463)
Donna L. Culver (No. 2983)
Daniel B. Butz (No. 4227)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
(302) 658-9200
(302) 658-3989 (facsimile)

- and -

Elizabeth K. Ainslie, Esq.
Nicholas J. LePore, III, Esq.
Bruce P. Merenstein, Esq.
Stephen J. Shapiro, Esq.
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103
(215) 751-2000
(215) 751-2205 (facsimile)

*Counsel for defendant Pepper Hamilton LLP and W. Roderick Gagné*