IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHARLES A. STANZIALE, JR.,<br>Chapter 7 Trustee of Student Finance<br>Corporation,<br>    Plaintiff,<br><br>  v.<br><br>PEPPER HAMILTON LLP, et al.,<br><br>    Defendants. | C.A. No. 04-1551-JJF |
| CHARLES A. STANZIALE, JR.,<br>Chapter 7 Trustee of Student Finance<br>Corporation,<br>    Plaintiff,<br><br>  v.<br><br>McGLADREY & PULLEN LLP and<br>MICHAEL AQUINO,<br><br>    Defendants. | C.A. No. 05-72-JJF |

**NOTICE OF SUBPOENA**

PLEASE TAKE NOTICE that Plaintiff Charles A. Stanziale, Jr., Chapter 7 Trustee of Student Finance Corporation, by his undersigned counsel, caused the attached subpoena to be served on Stephanie Scola.

Dated: August 24, 2006

            THE BAYARD FIRM

            /s/ _____
            Daniel K. Astin (No. 4068)
            Ashley B. Stitzer (No. 3891)
            222 Delaware Avenue, Suite 900
            Wilmington, Delaware 19899
            (302) 655-5000 (Telephone)
            (302) 658-6395 (Facsimile)

633841v1

1

- and -

Michael S. Waters, Esquire
Lois H. Goodman, Esquire
Donald J. Crecca, Esquire
McElroy, Deutsch, Mulvaney &
Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, New Jersey 07102-4079
(973) 622-7711 (Telephone)
(973) 622-5314 (Facsimile)

Attorneys for Plaintiff, Charles a. Stanziale, Jr., Chapter 7 Trustee for Student Finance Corporation

## UNITED STATES DISTRICT COURT
### FOR DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: Student Finance Corporation,<br><br>                  Debtor. | **SUBPOENA IN A CIVIL CASE** |
| Charles A. Stanziale, Jr., Chapter 7 Trustee of Student Finance Corporation,<br><br>                  Plaintiff,<br>v.<br><br>Pepper Hamilton LLP, et al.,<br><br>                  Defendants. | **Civil Action No. 04-1551 (JJF)** |
| Charles A. Stanziale, Jr., Chapter 7 Trustee of Student Finance Corporation,<br><br>                  Plaintiff,<br>v.<br><br>McGladrey & Pullen, LLP, and Michael Aquino,<br><br>                  Defendants. | **Civil Action No. 05-72 (JJF)** |

TO:    Stephanie Scola
         10 Lake Drive
         Linwood, New Jersey 08221

( )    **YOU ARE COMMANDED** to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

(✓)    **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. Testimony will be recorded by stenographic means.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| The Bayard Firm<br>222 Delaware Avenue, Suite 900<br>Wilmington, Delaware 19801 | September 11, 2006 (continuing day to day thereafter until completed but not beyond September 13, 2006) 10 a.m. |

(✓)    **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

*See Schedule of Documents attached to this subpoena.*

| PLACE | DATE AND TIME |
|---|---|
| The Bayard Firm<br>222 Delaware Avenue, Suite 900<br>Wilmington, Delaware 19801 | September 11, 2006<br>10 a.m. |

( )    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Lois H. Goodman [signature], Attorney for Plaintiff | August 23, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Lois H. Goodman, Esq.
MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ  07102                                   Phone: (973) 622-7711

(See Rule 45 Federal Rules of Civil Procedure Parts (c) & (d) on Reverse)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVICE

I declare upon penalty of perjury under the laws of the United Sates of America that the foregoing information contained in the Proof of Service is true and correct.

EXECUTED ON _____

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45 Federal Rules of Civil Procedure Parts (c) & (d):

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or

copying of any and all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to complete production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met with undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE OF DOCUMENTS

### Definitions

1. "Document" is intended to be given the broadest possible scope and includes any written, recorded or graphic matter, or any other means of preserving thought or expression, including all non-identical copies, drafts, worksheets, work papers, proofs, whether handwritten, typed, printed, photocopied, photographed, tape-recorded, transcribed, filed or otherwise created, specifically including, but not limited to, telephone slips and logs, diary entries, facsimiles, presentations, calendars, reports, spreadsheets, minutes, correspondence, memoranda, notes, videotapes, audio tapes, electronic or digital recordings or any kind, photographs, and any other form of communication or representation. It also includes, without limitation, all information stored in a computer system although not yet printed out, all information stored on computer hard drives, all information stored on floppy diskettes, computer tape backups, CD-ROM, and/or e-mail.

2. "Communication" means any transmission of thoughts, opinions, data, or information, in the form of facts, ideas, inquiries, or otherwise, including, without limitation, correspondence, letters, e-mail, facsimiles, reports, memoranda, contacts, discussions, calculations, presentations and any other written or oral exchanges between any two or more persons.

3. "SFC" means Student Finance Corporation, Student Loan Servicing, LLC, Student Marketing Services, LLC, Student Placement Services, LLC, SFC Financial I, LLC, SFC Financial II, LLC, SFC Acceptance I, LLC, SFC Acceptance II, LLC, SFC Acceptance III, LLC, SFC Acceptance IV, LLC, SFC Acceptance V, LLC, SFC Acceptance VI, LLC, SFC Acceptance VII, LLC, SFC Acceptance VIII, LLC, and SFC Acceptance IX, LLC (and any other related subsidiaries or affiliates), as well as the parents, subsidiaries, affiliates, officers, directors, employees, agents, attorneys and representatives of the above entities at the present time and, where applicable, during the time period relevant to this action, including without limitation the Grantor Trusts, Andrew Yao, Gary Hawthorne, Perry Turnbull, Diane Messick, Pat Kartha, Frank Martinez, Guy Disimplico, James Pearson, David Zulauf, Maria DeCarlo and Michele Shedrik.

4. The term "McGladrey" means McGladrey & Pullen, LLP, as well as its partners, employees, and representatives at the present time and, where applicable, during the time period relevant to this action.

5. "SFC Transactions" refers to all SFC-related warehouse financings, revolving credit facilities, securitizations, bridge or other loans, whether consummated or unconsummated.

6. The term "Truck Schools" means any trucking, trade, or other educational institution having at any time any business relationship with SFC, including without limitation, Nielsen Electronics, Hook Up Drivers, Thoroughbred Truck Driving School, Commercial Driver Institute, Inc., MTA Schools, Truck Driver Institute, Inc., Transport Training, Inc., MPIII Holdings, Inc., Alliance Corp. and Across America, Inc., as well as the parents, subsidiaries, affiliates, officers, directors, employees, agents, attorneys and representatives of any "Truck School" at the present time and, where applicable, during the time period relevant to this action.

7. The term "Yao" refers to the individual Andrew N. Yao.

8. The term "Aquino" refers to the individual M. Michael Aquino.

9. The term "Westad" refers to the individual Jeffrey A. Westad.

10. The term "Colatrella" refers to the individual Mark Colatrella.

11. The term "Gagne" refers to the individual W. Roderick Gagne.

12. The term "Gibson" refers to the individual Sheila Gibson.

13. All words and phrases shall be construed in accordance with normal custom and usage in the industries or field of commerce to which they apply.

14. "Concerning" means relating to, referring to, describing, evidencing or constituting.

15. The connectives "and" and "or" are to be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

16. The use of the singular form of any word includes the plural and vice versa.

## Documents Requested

1. All Documents or Communications concerning SFC and/or any SFC Transaction.

2. All Documents or Communications concerning Pepper Hamilton LLP.

3. All Documents or Communications concerning McGladrey.

4. All Documents or Communications concerning Aquino, Westad, and/or Colatrella.

5. All Documents or Communications concerning Yao.

6. All Documents or Communications concerning Truck Schools.

7. All Documents concerning and all Communications with any law enforcement or regulatory agency concerning SFC, Royal and/or Yao.

8. All Documents or Communications concerning Gagne and/or Gibson.