UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

In re:                                              :
STUDENT FINANCE CORPORATION,                        :
       Debtor,                                      :
                                                    :
_____                :
                                                    :
CHARLES A. STANZIALE, JR.,                          :
CHAPTER 7 TRUSTEE OF STUDENT                        :
FINANCE CORPORATION,                                :
                                                    :
           Plaintiff,                               :
                                                    :   Civil Action No. 04-1551(JJF)
       v.                                           :
                                                    :
PEPPER HAMILTON LLP, et al.,                        :
                                                    :
           Defendants.                              :
                                                    :

**BRIEF IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF
COMMUNICATIONS BETWEEN THE TRUSTEE AND ROYAL AND
DOCUMENTS RELATING TO COMPENSATION RECEIVED BY THE TRUSTEE**

---

William H. Sudell, Jr., Esq. (No. 0463)        Elizabeth K. Ainslie, Esq.
Donna L. Culver, Esq. (No. 2983)               Nicholas J. LePore, III, Esq.
Daniel B. Butz (No. 4227)                      Bruce P. Merenstein, Esq.
MORRIS, NICHOLS, ARSHT & TUNNELL               Stephen J. Shapiro, Esq.
1201 North Market Street                       SCHNADER HARRISON SEGAL & LEWIS LLP
P.O. Box 1347                                  1600 Market Street, Suite 3600
Wilmington, Delaware 19899-1347                Philadelphia, Pennsylvania 19103
(302) 658-9200                                 (215) 751-2000
(302) 658-3989 (facsimile)                     (215) 751-2205 (facsimile)

*Counsel for defendants Pepper Hamilton LLP and W. Roderick Gagné*

**TABLE OF CONTENTS**

SUMMARY OF ARGUMENT ................................................................................................... 1

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS ................................ 1

STATEMENT OF FACTS ......................................................................................................... 2

ARGUMENT ............................................................................................................................. 5

I.  COMMUNICATIONS BETWEEN THE TRUSTEE AND ROYAL ARE RELEVANT
    TO THE CLAIMS AND DEFENSES IN THIS CASE AND ARE NOT PROTECTED
    FROM DISCLOSURE BY THE WORK PRODUCT DOCTRINE .................................. 5

II. DOCUMENTS RELATING TO THE COMPENSATION THAT THE TRUSTEE AND
    HIS FIRM RECEIVE FROM SFC ARE RELEVANT TO THIS ACTION. ..................... 8

CONCLUSION ........................................................................................................................ 10

## **TABLE OF AUTHORITIES**

### **CASES**

*American Health Sys, Inc.. v. Liberty Health Sys.*, No. 90-3112,
 1991 U.S. Dist. LEXIS 14400 (E.D. Pa. July 22, 1991) ............................................. 8-9

*Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*,
 680 F. Supp. 159, 168 (D.N.J. 1988) ............................................................................. 6

*In re Diet Drugs Prods. Liab. Litig.*, MDL Docket No. 1203,
 2001 U.S. Dist. LEXIS 5494 (E.D. Pa. Apr. 19, 2001) ................................................. 6

*In re Nat'l Med. Imaging, L.L.C.*, Bankr. No. 05-12714,
 2005 Bankr. LEXIS 2374 (Bankr. E.D. Pa. Oct. 31, 2005) .......................................... 9

*International Paper Co. v. Fibreboard Corp.*, 63 F.R.D. 88 (D. Del. 1974) ...................... 6

*Johnson Mach. Co. v. Kaiser Aluminum & Chem. Corp.*, No. 85-3200,
 1985 U.S. Dist. LEXIS 13479 (E.D. Pa. Nov. 26, 1985) ............................................. 6

*J.T. Baker, Inc. v. Aetna Cas. & Sur. Co.*, 135 F.R.D. 86 (D.N.J. 1989) ........................... 6

*Mixing Equip. Co. v. Innova-Tech, Inc.*, No. 85-0535,
 1986 U.S. Dist. LEXIS 21134, *7 (E.D. Pa. Aug. 27, 1986) ........................................ 6

*Rhone-Poulenc Rorer Inc. v. Home Indemnity Co.*, No. 88-9752,
 1991 U.S. Dist. LEXIS 14708 (E.D. Pa. Oct. 15, 1991) ............................................... 8

*Storch v. IPCO Safety Prod.s*, No. 96-7592,
 1997 U.S. Dist. LEXIS 10118 (E.D. Pa. July 15, 1997) ............................................... 6

*United States v. Massachusetts Inst. of Tech.*, 129 F.3d 681 (1st Cir. 1997) ..................... 7

*Westinghouse Elec. Corp. v. Republic of the Philippines*,
 951 F.2d 1414 (3d Cir. 1991) ........................................................................................ 7

### **RULES**

Fed. R. Civ. P. 26(b) .............................................................................................................. 5

**SUMMARY OF ARGUMENT**

Pepper has requested and the Trustee has refused to produce two categories of documents relevant to this case. First, the Trustee has refused to produce copies of communications between the Trustee and Royal Indemnity Company (a third party whose interests, by its own admission, are adverse to the Trustee), even though the lion's share of the Trustee's alleged damages arise as a result of a settlement agreement between the Trustee and Royal. Second, the Trustee has refused to produce documents describing how his representation of SFC impacts his personal compensation and that of his law firm, even though the Trustee contends that the exact same type of evidence – documents indicating how defendant W. Roderick Gagné's representation of SFC impacted his personal compensation and that of his law firm – is relevant to this litigation. This Court should compel the Trustee to produce the documents at issue because they are relevant to this litigation, reasonably calculated to lead to the discovery of admissible evidence and not protected by any privilege.

**STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS**

Charles A. Stanziale, Jr., Chapter 7 Trustee of Student Finance Corporation (the "Trustee") filed the instant lawsuit against Pepper Hamilton LLP ("Pepper"), W. Roderick Gagné (collectively, the "Pepper Defendants") and others in connection with the bankruptcy of Student Finance Corporation ("SFC"). The Complaint alleged numerous tort claims, which the Pepper Defendants moved to dismiss. In an Opinion and Order dated December 22, 2005, this Court dismissed most of the Trustee's tort claims, leaving professional malpractice and breach of fiduciary duty as the only tort claims remaining in the Trustee's case.[1] Written discovery

---

[1] The Trustee's equitable subordination and preference claims against the Pepper Defendants also remain in the case.

commenced on September 7, 2005. This motion relates to disputes that have arisen during written discovery.

## STATEMENT OF FACTS

### Factual and Procedural Background

When Student Finance Corporation ("SFC") went into bankruptcy, Royal Indemnity Company ("Royal") filed a proof of claim against the bankruptcy estate of SFC. *See* A-4 at ¶ 21. The Trustee initially refused to allow Royal's proof of claim. The Trustee also brought an adversary action against Royal in which he alleged that, after Royal learned SFC was engaging in fraudulent conduct, it loaned SFC in excess of $12 million to keep SFC afloat long enough to ensure that a Directors' and Officers' insurance policy issued to SFC by one of Royal's affiliates would expire before SFC collapsed. *See* A-16 at ¶ 2; A-17 at ¶ 7; A-25 at ¶ 59; A-26 at ¶ 64.

Subsequently, the Trustee and Royal entered into a settlement agreement pursuant to which the Trustee agreed to allow Royal's $500+ million proof of claim to be entered against SFC's bankruptcy estate and dropped his lawsuit against Royal. *See* A-6 at ¶ 26. In exchange, Royal paid the Trustee $4.9 million to fund the Trustee's litigation against other parties such as the Pepper Defendants. *See* A-12 at ¶ 44.

On March 18, 2005, the Trustee filed this lawsuit against the Pepper Defendants. In his Amended Complaint, the Trustee alleged that the Pepper Defendants were motivated to disregard their professional obligations and duties to their client, SFC, in order to protect their own financial interests. *See, e.g.*, D.I. 76 at ¶¶ 169, 227, 265. The Trustee alleged that his damages include the $500+ million claim that he allowed Royal to enter against the estate as part of the settlement agreement with Royal. *See id.* at ¶ 173(d).

2

## The Document Requests At Issue

***Requests for the production of communications between the Trustee and Royal.***  On September 22, 2005, Pepper served its first set of requests for the production of documents on the Trustee (the "First RPDs").  Among other things, the First RPDs request that the Trustee produce all documents that refer or relate to SFC, Pepper, Gagné and Royal.  *See* A-77 at Nos. 7-10.  Although the Trustee stated various objections to these requests, the Trustee nevertheless represented that he would produce documents responsive to them.  *See id.*

Pepper's independent review of applications for compensation filed by the Trustee in the underlying bankruptcy case revealed that counsel for the Trustee has engaged in written communications with counsel for Royal relating to this case.  Although such communications unquestionably are responsive to Pepper's document requests – the communications must refer or relate to SFC, Pepper, Gagné and/or Royal since the Trustee billed for time spent in connection with them in this case – the Trustee did not produce them.  Pepper wrote to the Trustee to point out the omission in the Trustee's document production.  *See* A-82.  In his initial response, the Trustee took the position that he would not produce the communications because Pepper had not explained why they were relevant to this litigation, despite the fact that the Trustee saw fit to bill the estate for the time spent on these communications and identified them as related to the Pepper matter.  *See* A-83.  After Pepper provided the Trustee's counsel with the requested explanation (*see* A-85), the Trustee continued to refuse to produce the documents, claiming, for the first time, that the communications are "privileged and work product [and] protected pursuant to the joint litigation agreement between Royal and the Trustee" (*see* A-87).  The Trustee did not provide a log identifying the communications with Royal that it is withholding on privilege grounds or a copy of the purported joint litigation agreement.

3

***Requests for the production of documents showing the impact of the representation of SFC on the Trustee's compensation.*** On June 7, 2006, Pepper served its second set of requests for the production of documents on the Trustee (the "Second RPDs"). The Second RPDs request, among other things, the following categories of documents:

> 13. All documents that discuss or reflect any relationship between the fees received by McElroy from the Trustee on the compensation of Charles A. Stanziale, Jr., in his capacity "of counsel" to McElroy.
>
> 14. All documents that identify or establish the effect of the fees received from the Trustee on the compensation of Charles A. Stanziale, Jr., in his capacity "of counsel" to McElroy.
>
> 15. All documents that set forth, describe, refer or relate to any consideration or evaluation of the business or fees received or anticipated to be received from the Trustee, at or about the time at which Charles A. Stanziale, Jr., joined McElroy.

*See* A-92 at Nos. 13-15. The Pepper Defendants copied Request Nos. 14 and 15 from two virtually identical requests that the Trustee previously served on the Pepper Defendants:

> 2. Documents sufficient to identify and establish the effect of the fees received from SFC on the compensation paid to Roderick Gagne by Pepper Hamilton.
>
> 3. Each and every document which sets forth, describes, relates or refers to any consideration, evaluation or reference to the business or fees received or anticipated to be received from SFC and Yao, at or about the time at which Roderick Gagne joined Pepper Hamilton.

*See* A-103 at Nos. 2-3.

The Trustee refused to produce responsive documents, objecting that the documents requested are irrelevant and calculated solely to harass the Trustee. *See* A-92 at Nos. 13-15. On August 17, 2006, Pepper wrote to the Trustee to explain why the requested documents are relevant. *See* A-105. To date, the Trustee has not responded to that letter.

4

## **ARGUMENT**

The Federal Rules of Civil Procedure permit discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1). The requested information "need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Communications between the Trustee and Royal and documents relating to the compensation of the Trustee and his firm are relevant and/or likely to lead to the discovery of admissible evidence and are not protected from disclosure by the work product doctrine.

### I. COMMUNICATIONS BETWEEN THE TRUSTEE AND ROYAL ARE RELEVANT TO THE CLAIMS AND DEFENSES IN THIS CASE AND ARE NOT PROTECTED FROM DISCLOSURE BY THE WORK PRODUCT DOCTRINE.

***Relevance.*** As a result of the settlement agreement between Royal and the Trustee, the Trustee agreed to drop its lawsuit against Royal and allow Royal to enter its $500+ million claim against SFC's estate in exchange for a $4.9 million payment from Royal. The Trustee then turned around and sued the Pepper Defendants, alleging that he is entitled to recover from them the $500+ million in claims filed against the estate. In other words, before the settlement with Royal, SFC's bankruptcy estate had comparatively little debt and, in turn, virtually no damages to pursue from the Pepper Defendants. After the settlement with Royal, SFC's estate had hundreds of millions in debt, justifying not only the continuing existence of the estate but also a stream of income to the Trustee and his law firm.

The Pepper Defendants are entitled to obtain evidence that will enable them to explain to a jury how the Trustee and Royal colluded to manufacture the $500+ million dollars in damages that the Trustee now seeks to recover from the Pepper Defendants. Communications between the Trustee and Royal both before and after the settlement are likely to shed light on the merits of the Trustee's alleged damages and show how the settlement came about, the

5

negotiations, if any, in which the Trustee and Royal engaged before determining that Royal's entire $500+ million proof of claim was legitimate, and how the settlement impacts the decisions that the Trustee has made in litigating these cases. In short, the communications requested may relate directly to the foundation for the bulk of the Trustee's claimed damages and therefore are directly relevant to the damages claim in this case or, at a minimum, are reasonably likely to lead to the discovery of admissible evidence relating to the Trustee's alleged damages. Evidence related to damages unquestionably is discoverable. *See Johnson Mach. Co. v. Kaiser Aluminum & Chem. Corp.*, No. 85-3200, 1985 U.S. Dist. LEXIS 13479, *4-5 (E.D. Pa. Nov. 26, 1985) (granting motion to compel because "[w]here documents relate to the extent of damages they are clearly discoverable due to their relation to the claim of either party under Fed.R.Civ.P. 26"); *see also Storch v. IPCO Safety Prods*, No. 96-7592, 1997 U.S. Dist. LEXIS 10118, *4 (E.D. Pa. July 15, 1997); *J.T. Baker, Inc. v. Aetna Cas. & Sur. Co.*, 135 F.R.D. 86, 92 (D.N.J. 1989); *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 168 (D.N.J. 1988); *Mixing Equip. Co. v. Innova-Tech, Inc.*, No. 85-0535, 1986 U.S. Dist. LEXIS 21134, *7, 14-15 (E.D. Pa. Aug. 27, 1986).

***Waiver of work product.*** The Trustee incorrectly contends that the communications requested are protected from disclosure by the work-product doctrine pursuant to a supposed joint litigation agreement between the Trustee and Royal. *See* A-88.[2] Assuming for the sake of argument (because Pepper has not seen the documents and the Trustee has not provided a description of them) that the communications at issue contain information that qualifies as attorney work product, the Trustee waived any protection by disclosing that work

---

[2] The Trustee bears the burden of establishing that the attorney-client privilege or work product doctrine applies. *See In re Diet Drugs Prod. Liab. Litig.*, MDL Docket No. 1203, 2001 U.S. Dist. LEXIS 5494, *12, 14 (E.D. Pa. Apr. 19, 2001). In addition, "[a] proper claim of privilege requires a specific designation and description of the documents within its scope as well as precise and certain reasons for preserving their confidentiality." *International Paper Co. v. Fibreboard Corp.*, 63 F.R.D. 88, 94 (D. Del. 1974). The Trustee has not provided such a designation for the documents at issue in this motion.

6

product to Royal, an adversarial third party. *See Westinghouse Elec. Corp. v. Republic of the Philippines*, 951 F.2d 1414, 1428 (3d Cir. 1991). The supposed joint litigation agreement between the Trustee and Royal – the Trustee claims that an agreement exists but has neither produced a copy nor any details about its terms – does not change this analysis. Documents disclosed to an adverse party are not entitled to the protection of the work product doctrine: "[D]isclosure to an adversary waives the work-product doctrine . . . ." *Id.* (holding that voluntary disclosure of work product to potentially adversarial government agencies "waived the work-product doctrine as to all other adversaries").

Here, Royal, by its own admission, is adverse to the Trustee. In Royal's Third Amended Complaint, which it filed on August 18, 2006, almost *two years* after it settled with the Trustee, Royal alleged that: "Although a prime conspirator in the fraudulent scheme more fully described herein, Student Finance Corporation is not a named party in this action *solely* because the bankruptcy laws prevent Royal from doing so at this time." Third Amended Complaint in *Royal Indemnity Company v. Pepper Hamilton, LLP, et al.*, No. 05-165 (D. Del.), D.I. 211 at ¶ 18. In other words, Royal admits that it would sue SFC's bankruptcy estate now if not for the prohibitions in the Bankruptcy Code. *See United States v. Massachusetts Inst. of Tech.*, 129 F.3d 681, 687 (1st Cir. 1997) (holding that party forfeited the protections of the work-product doctrine by disclosing work-product to a potential adversary because "the potential for dispute and even litigation was certainly there").

Moreover, the Trustee's interests and Royal's interests remain adverse, notwithstanding the settlement agreement between them. The Trustee entered into the settlement agreement with Royal because, among other reasons, Royal represented that it did not discover SFC's true financial condition until 2002. *See* A-10 at ¶ 36. However, at the time the Trustee entered into the settlement agreement, Royal, on information and belief, had not yet produced documents to the Trustee showing that it had discovered, among other things, that "SFC [was]

7

running a kind of Ponzi scheme" no later than September 2000. *See* A-107 (internal Royal email). Therefore, Royal's representation that it did not know SFC's true financial situation until 2002 is false. Because the Trustee relied on Royal's false representation when he decided to settle with Royal (*see* A-10 at ¶ 36), the Trustee has a claim against Royal for fraudulent inducement and the settlement agreement may well be invalid.

The interests of Royal and the Trustee have been adverse and remain adverse even to this day, which means that the work product doctrine does not protect from disclosure the Trustee's communications with Royal.[3]

## II. DOCUMENTS RELATING TO THE COMPENSATION THAT THE TRUSTEE AND HIS FIRM RECEIVE FROM SFC ARE RELEVANT TO THIS ACTION.

The Trustee should be compelled to produce documents describing or projecting how the compensation of Charles A Stanziale, Jr., SFC's Trustee, is impacted or will be impacted by his firm's representation of the SFC bankruptcy estate. Contrary to the Trustee's objections, these documents are relevant or reasonably calculated to lead to the discovery of admissible evidence because they relate to the Trustee's motivations and bias.

Evidence relating to a party's motivation and bias always is relevant. In *Rhone-Poulenc Rorer Inc. v. Home Indemnity Co.*, No. 88-9752, 1991 U.S. Dist. LEXIS 14708, *14 (E.D. Pa. Oct. 15, 1991), the court granted the defendants' motion to compel the plaintiffs to produce certain documents that could reveal whether a witness was biased because "[e]vidence of witness bias is always admissible at trial, and is thus relevant." In *American Health Systems, Inc. v. Liberty Health System.*, No. 90-3112, 1991 U.S. Dist. LEXIS 14400, *16 (E.D. Pa. July 22, 1991), the court granted a motion to compel a witness to respond to deposition questions about

---

[3] The Trustee and Royal unquestionably were adverse before they entered into their settlement agreement, so, at a minimum, no communications exchanged before the settlement possibly could qualify for protection under the work product doctrine.

8

his compensation because "the amount of compensation [the witness] receives from the various defendants in this lawsuit is relevant to . . . determine [the witness's] potential bias . . . .". *See also In re Nat'l Med. Imaging, L.L.C.*, Bankr. No. 05-12714, 2005 Bankr. LEXIS 2374 (Bankr. E.D. Pa. Oct. 31, 2005) (granting motion to compel production of documents relating to petitioner's subjective motivations for filing bankruptcy petitions because "[petitioner's] subjective motivation[] is a relevant subject of discovery . . .").

Here, the Pepper Defendants are entitled to obtain evidence relating to the impact that Stanziale's law firm's representation of the SFC estate has on Stanziale's personal compensation because that evidence may show that Stanziale was motivated to enter into the settlement with Royal due to the fact that Stanziale would reap substantial personal compensation as a result of the settlement. Indeed, the Pepper Defendants are entitled to evidence showing that the Trustee's decision to settle with Royal – thereby allowing the entry of Royal's $500+ million claim against the estate, which forms the basis for the vast majority of the Trustee's damages claim in this case, and creating a $4.9 million litigation fund for use in paying the Trustee's law firm to litigate this case – may have been motivated by the Trustee's own economic interests, and not by the merits of the settlement. Similarly, the Pepper Defendants are entitled to obtain the requested evidence for use at trial to show that Stanziale's testimony is biased as a result of his personal financial interest in this litigation.

This evidence is especially important in a case like the instant one, in which Mr. Stanziale's very title, "Trustee," might imbue him with an aura of probity and propriety in the eyes of a jury. If Mr. Stanziale in fact struck a deal with Royal that enriched himself and his law firm, such evidence might well overcome any misconception the jurors might have.

9

## CONCLUSION

For the foregoing reasons, Pepper respectfully requests that the Court grant its motion to compel and order the Trustee to produce copies of communications between the Trustee and Royal and documents relating to the compensation of the Trustee and his law firm.

Dated: October 4, 2006
       Wilmington, Delaware

                                     MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                                     */s/ Daniel B. Butz*
                                     William H. Sudell, Jr., Esq. (No. 0463)
                                     Donna L. Culver (No. 2983)
                                     Daniel B. Butz (No. 4227)
                                     1201 North Market Street
                                     P.O. Box 1347
                                     Wilmington, Delaware 19899-1347
                                     (302) 658-9200
                                     (302) 658-3989 (facsimile)

                                     - and -

                                     Elizabeth K. Ainslie, Esq.
                                     Nicholas J. LePore, III, Esq.
                                     Bruce P. Merenstein, Esq.
                                     Stephen J. Shapiro, Esq.
                                     SCHNADER HARRISON SEGAL & LEWIS LLP
                                     1600 Market Street, Suite 3600
                                     Philadelphia, Pennsylvania 19103
                                     (215) 751-2000
                                     (215) 751-2205 (facsimile)

                                     *Counsel for defendant Pepper Hamilton LLP*
                                     *and W. Roderick Gagné*

539903