# EXHIBIT A

10/13/04

## SETTLEMENT TERM SHEET

## STUDENT FINANCE CORPORATION TRUSTEE - ROYAL INDEMNITY COMPANY

1.  Royal will make a cash settlement payment to the Trustee in the amount of $5,000,000 upon entry of a final, non-appealable order of the Bankruptcy Court approving this settlement ("Settlement Amount").

2.  Royal shall receive, upon payment of the Settlement Amount, an allowed administrative claim in the Chapter 7 case in the amount of $1,900,000 pursuant to Section 364(b) and 364(c)(1) of the Bankruptcy Code, subordinate only to the Trustee's commissions and unpaid, allowed fees of the Trustee's professionals. This administrative claim shall be paid upon the first receipt of proceeds of estate claims against third parties ("Litigation Claims"), as and when received, until such administrative claim is irrevocably paid in full, whether such proceeds are obtained by judgment, settlement or otherwise, and whether or not an action is commenced by the Trustee with respect to any such claim. In the event that the administrative claim has not been paid in full on or before the third anniversary of the approval of this settlement from the proceeds of Litigation Claims, then the balance due on the administrative claim shall be paid in full, or to the extent of available funds then on hand and thereafter as received, from any and all assets of the estate exclusive of $3 million of the Settlement Amount. No further order of the Bankruptcy Court shall be required for the payment of the administrative claim. The Trustee will not agree to any other 364(c)(1) claim without the consent of Royal. Subject to court approval, the Trustee's professionals shall be permitted to withdraw in the event that the estate does not have the resources to compensate them in amounts allowed by the Court. In such an event, Royal shall have the right to assume prosecution of any claims, subject to prior court approval.

3.  The Trustee will dismiss with prejudice the various actions commenced against Royal, MBIA and Wells Fargo in the Bankruptcy Court and the District Court. To the extent the Trustee commences any other action that gives rise to a claim over against Royal, the Trustee will reduce any judgment received by the amount of any corresponding judgment against Royal (the intent being that the Trustee will not obtain any further recovery directly or indirectly from Royal except as expressly provided herein). In the event the Trustee enters into an agreement with MBIA and/or Wells Fargo for additional consideration relating to the dismissal of the actions noted above, the agreement shall contain the protections for Royal set forth in paragraph 13 below.

4.  The Trustee and Royal will generally release each other, excepting only Royal's pre-petition claims against the estate (described in paragraph 5 below), Royal's administrative

559354_1

claim (described in paragraph 2 above) and their respective obligations under this Settlement Agreement. The releases will not in any way release or diminish any rights or claims by Royal or by the Trustee against any third parties, including but not limited to the trucking schools or Yao and his affiliates.

5. The Trustee agrees, and the order approving the Settlement Order shall provide, that, as of September 30, 2004, Royal has an allowed unsecured pre-petition claim against the estate in the amount of $516,628,682, and an allowable secured pre-petition claim (secured by the interest only strips) in the amount of $15,799,010. The allowable secured claim shall be allowed to the extent of the value of the collateral and any deficiency shall be added to the unsecured claim. The Trustee further agrees that Royal has the right to amend these claims from time to time (notwithstanding any bar date) in order to reflect its loss up to the date on which the Trustee proposes to make a final distribution or close the estate. Royal's allowed unsecured pre-petition claim shall be reduced to the extent that the summary judgment that was entered on behalf of MBIA, Wells Fargo, Wilmington Trust and PNC against Royal is finally reversed, vacated or modified resulting in a lesser loss so as to reflect the actual amount of Royal's loss.

6. Royal agrees to release any claims that Royal might have against Pepper Hamilton LLP related to Student Finance Corporation in connection with any settlement between the Trustee and Pepper Hamilton LLP, provided such settlement yields a net recovery to the estate and Royal of amounts that are separately documented.

7. The Trustee and Royal agree to cooperate with each other (and allow each other to participate) in the management of litigation of estate claims against (and objections to claims of) third parties such as trucking schools (including CDI/TDI), SFC's accountants, Pepper Hamilton, the Gagne family, Andrew Yao, his wife, his children and affiliates. Dilworth shall act as primary litigation counsel on behalf of the Trustee. The Trustee agrees to bring actions against the trucking schools to recover fraudulent transfers and damages for breach of contract (and such other theories as may be applicable). The Trustee has commenced and will continue to prosecute an action against Yao, subject to the provisions of paragraph 12. To the extent the Trustee determines not to bring an action on behalf of the estate against a third party, Royal, upon prior court approval, may do so on behalf of the estate at its sole cost and expense (with payment of such costs and fees, subject to appropriate application, to be recouped out of any recovery as a super-priority administrative expense before the net is paid to the estate). The Trustee and Royal will enter into an agreement in connection with litigation on behalf of the estate acknowledging their joint interests and allowing each other access to privileged information relating to such estate claims and objections to claims (other than communications (i) between the Trustee and his counsel and (ii) between Royal and its counsel). To the extent Royal is separately suing a third party subject to a similar claim by the estate, it will keep the Trustee reasonably informed of such action. Recoveries on all claims prosecuted in the name of the estate shall pass through the estate.

8. Royal agrees to withdraw its administrative claim in the amount of approximately $700,000 in its entirety, provided that each and all other Chapter 11 administrative claims or fee

559354_1

applications filed by other professionals (other than those of the Trustee or his professionals) are reduced by an amount satisfactory to Royal as indicated to the Trustee in a separate letter.

9. The Trustee will promptly move for approval of this settlement by the Bankruptcy Court. This settlement is conditioned in its entirety upon the receipt of a final, non-appealable Bankruptcy Court order approving same.

10. The Trustee agrees to promptly sell the SFC loan portfolio (pursuant to a Section 363 auction sale subject to higher and better bids), or, in the alternative, promptly terminate the servicing arrangement relating to the unassigned SFC student loans with SLS and to arrange for a new servicer satisfactory to Royal provided that adequate arrangements can be made for office space, computer and telephone systems for the debtor.

11. The Trustee will use his best efforts to preserve the computers and all records relating to SFC's student loans, Yao, Yao's children, wife and affiliates, and the Litigation Claims, and to give Royal reasonable access to all records relating to same (subject to privileged communications between the Trustee and his counsel).

12. The Trustee and Royal will confer in good faith before agreeing to settle any Litigation Claim or any claim against the estate. While the Trustee retains his independent judgment with respect to any such settlement, he shall give due deference to the position of Royal with respect thereto. If the Trustee seeks to settle a Litigation Claim and Royal opposes the settlement, then the Trustee may not settle the claim without first offering Royal the option to prosecute the claim on behalf of and in the name of the estate. If Royal elects to prosecute the claim in the name of the estate then Royal will guarantee that the ultimate recovery (after payment of costs and fees associated with the continued prosecution of the claim) will be at least equal to the proposed settlement rejected by Royal. The provisions of paragraph 7 above regarding payment and recoupment of costs and expenses shall apply to any claim Royal prosecutes in the name of the estate.

13. In the event that the Trustee agrees with any other party to settle or compromise claims of the estate against such party, and to the extent that such party has or may assert a claim against Royal for, or related to, any amounts paid by such party to the estate in connection with such compromise or settlement, then the Trustee agrees that it shall be a specific and enforceable term of any such settlement or compromise that the settling party shall waive and release any rights that it may have or assert to seek payment or repayment of such settlement amounts from Royal.

559354_1

14. The motion of the Trustee to approve this settlement shall be based on this Term Sheet. No further documentation is contemplated. All terms of the settlement are set forth herein. This term sheet can only be amended by a writing signed by both parties. The settlement shall be null and void if not approved by the bankruptcy court.

Charles A. Stanziale, Jr.
Chapter 7 Trustee for Student
Finance Corporation

By: *(signature)*
Lawrence G. McMichael
Special Litigation Counsel
For Charles A. Stanziale, Jr.,
Chapter 7 Trustee for Student
Finance Corporation

Royal Indemnity Company

By: *(signature)*
Peter D. Wolfson
Counsel For Royal Indemnity
Company

559354.1