# EXHIBIT C

**ORIGINAL**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| STUDENT FINANCE CORPORATION, | Case No. 02-11620-JBR |
| Debtor. | RE: DOCKET NO. 906 |

### ORDER APPROVING SETTLEMENT BETWEEN THE TRUSTEE AND ROYAL INDEMNITY COMPANY (DOCKET NO. 883)

AND NOW, this 29th day of October, 2004, upon the motion of Charles A. Stanziale, Jr., Chapter 7 Trustee (the "Chapter 7 Trustee") of the estate of the above-captioned debtor (the "Debtor") to Approve Settlement with Royal Indemnity Company (the "Motion") seeking entry of an Order approving the Settlement[1]; the Court having reviewed the Motion; it appearing to the Court that: (a) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); the Court finding that due and adequate notice of the Motion has been given by the Chapter 7 Trustee; and the Court being fully advised and having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, hereby rules as follows:

1. The Motion is GRANTED.

2. The Settlement Term Sheet (the "Term Sheet") attached hereto as Exhibit "1", which is incorporated by reference as if fully set forth herein, shall be, and hereby is, APPROVED.

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to such terms in the Motion.

3. The Chapter 7 Trustee and Royal are hereby authorized, without further order of the Court, to enter into all assignments and other agreements necessary to fulfill the terms of the Term Sheet, and to take any and all other actions necessary to consummate the terms of the Term Sheet in accordance with this Order.

4. The Chapter 7 Trustee and Royal are hereby authorized, without further order of the Court, to take any and all actions consistent with, and otherwise act in accordance with the terms of the Term Sheet.

5. Royal shall have an allowed unsecured pre-petition claim against the estate in the amount of $516,628,682, and an allowable secured pre-petition claim against the estate in the amount of $15,799,010. Royal may amend these allowed claims from time to time (notwithstanding any bar date) in order to reflect its loss up to the date on which the Trustee proposes to make a final distribution or close the estate.

6. If, and to the extent that, the summary judgment that was entered in the United States District Court for the District of Delaware against Royal is finally reversed, vacated or modified so as to result in a lesser loss to Royal, the amount of Royal's allowed unsecured pre-petition claim shall be reduced accordingly so as to reflect the actual amount of Royal's loss.

7. Royal's secured pre-petition claim of $15,799,010 shall be allowed to the extent of the value of the collateral underlying that claim. To the extent that the value of such collateral is less than $15,799,010, any deficiency shall be treated as an

additional unsecured claim of Royal's and shall be added to Royal's allowed unsecured pre-petition claim of $516,628,682.

8. The Court shall retain jurisdiction over any matter or dispute arising from or relating to the Settlement and/or implementation of this Order.

9. Any professional seeking fees from the estate shall submit an appropriate application to the Court.

*Joel B. Rosenthal*
The Honorable Joel B. Rosenthal
United States Bankruptcy Judge