# EXHIBIT E

Get a Document by Citation - 2003 U.S. Dist. LEXIS 21132    Page 1 of 6

Case 1:04-cv-01371-JJF   Document 163-8   Filed 11/02/2006   Page 2 of 7

Service: **Get by LEXSEE®**
Citation: **2003 U.S. Dist. LEXIS 21132**

*2003 U.S. Dist. LEXIS 21132, **

CONSTAR INTERNATIONAL, INC., CHEVRON PHILLIPS CHEMICAL COMPANY, LP, and CHEVRON RESEARCH & TECHNOLOGY COMPANY, Plaintiffs, v. CONTINENTAL PET TECHNOLOGIES, INC., Defendant. CHEVRON PHILLIPS CHEMICAL COMPANY, LP and CHEVRON RESEARCH & TECHNOLOGY COMPANY, Cross-claim Plaintiffs, v. CONSTAR INTERNATIONAL, INC., Cross-claim Defendant.

View the Full Docket from LexisNexis CourtLink for 1:99cv234
Civil Action No. 99-234-JJF

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

2003 U.S. Dist. LEXIS 21132

November 19, 2003, Decided

**PRIOR HISTORY:** Crown Cork & Seal Tech. Corp. v. Cont'l Pet Tech. Inc., 232 F. Supp. 2d 294, 2002 U.S. Dist. LEXIS 22792 (D. Del., 2002)

**DISPOSITION:** [*1] Motion to compel production of documents denied.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Defendant technology corporation filed a motion to compel production of documents subject to plaintiff patent holder's assertion of the common interest doctrine in a patent infringement action.

**OVERVIEW:** The corporation sought several documents on the patent holder's privilege log. The patent holder claimed that the withheld documents were privileged communications between its former counsel and a third party's former counsel and that some of the documents dealt with patent applications under which the patent holder and third party shared a common legal interest under a cross-license. The patent holder claimed that the other withheld documents were work product created in anticipation of the present litigation and dealing with the common interest of the cross-license. Based on these assertions, the court held that the documents were privileged communications between attorneys about a common legal interest that were not subject to disclosure. The court also held that the patent holder's general objection to disclosing its privileged documents and its response to each particular document request that it objected to disclosing "common interest" documents responsive to that request made it clear that the patent holder was asserting the common interest attorney-client and work product privileges; therefore, the patent holder did not waive its privilege objections.

**OUTCOME:** The court denied the corporation's motion to compel.

**CORE TERMS:** common interest, privileged, responsive, work product, attorney-client, waived, patent, legal interest, withheld, Common Interest Doctrine, privileged communications, reasons discussed, work product privilege, general objection, former counsel, disclosure, third parties, discourse, log, cross-license, anticipation, disclosing

**LexisNexis(R) Headnotes** ◆ Hide Headnotes

Get a Document by Citation - 2003 U.S. Dist. LEXIS 21132 Page 2 of 6

Case 1:04-cv-01551-JJF   Document 163-8   Filed 11/02/2006   Page 3 of 7

Civil Procedure > Discovery > Privileged Matters > General Overview

Evidence > Privileges > Attorney-Client Privilege > Elements

Evidence > Privileges > Attorney-Client Privilege > Exceptions

**HN1** If information is communicated to an attorney in the presence of a third party, usually the attorney-client privilege does not protect the disclosure of that communication. The common interest doctrine creates an exception to this general rule. More Like This Headnote | *Shepardize:* Restrict By Headnote

Civil Procedure > Discovery > Privileged Matters > Work Product > Waivers

Evidence > Privileges > Attorney-Client Privilege > Elements

Evidence > Privileges > Attorney-Client Privilege > Waiver

**HN2** Under the common interest doctrine, communications made when multiple clients consult an attorney on matters of common interest are still privileged against third parties. Communications made by a party or the party's lawyer to an attorney representing another in a matter of common interest are also privileged. The doctrine allows attorneys facing a common litigation opponent to exchange privileged communications and attorney work product in order to prepare a common defense without waiving either privilege. A community of interest exists among different persons or separate corporations where they have an identical legal interest with respect to the subject matter of a communication between an attorney and a client concerning legal advice. More Like This Headnote | *Shepardize:* Restrict By Headnote

Civil Procedure > Discovery > Privileged Matters > General Overview

Evidence > Privileges > Attorney-Client Privilege > General Overview

Legal Ethics > Client Relations > Confidentiality of Information

**HN3** A community of legal interests may arise between parties jointly developing patents; they have a common legal interest in developing the patents to obtain greatest protection and in exploiting the patents. More Like This Headnote

Civil Procedure > Discovery > Privileged Matters > General Overview

Evidence > Privileges > Attorney-Client Privilege > Waiver

Evidence > Privileges > Government Privileges > Waiver

**HN4** While a general objection may constitute a waiver of privilege, whether a waiver has actually occurred requires the court to consider the circumstances surrounding the assertion of the general objection to the production of privileged documents. More Like This Headnote

Civil Procedure > Discovery > Privileged Matters > General Overview

Evidence > Privileges > Government Privileges > Waiver

Get a Document - by Citation - 2003 U.S. Dist. LEXIS 21132    Page 3 of 6

Case 1:04-cv-01551-JJF    Document 163-8    Filed 11/02/2006    Page 4 of 7

Legal Ethics > Client Relations > Confidentiality of Information

HN5 ± Communications with third parties that do not fall under the common interest doctrine are not privileged. More Like This Headnote

Civil Procedure > Discovery > Privileged Matters > General Overview

Evidence > Privileges > Attorney-Client Privilege > General Overview

Evidence > Privileges > Government Privileges > Waiver

HN6 ± Depending on the circumstances, negotiations can be adversarial or cooperative for purposes of the common interest doctrine. More Like This Headnote

**COUNSEL:** Donald F. Parsons, Jr., Esquire and Karen Jacobs Louden, Esquire of MORRIS, NICHOLS, ARSHT & TUNNELL, Wilmington, Delaware. Of Counsel: Dale M. Heist, Esquire, Kathleen Milsark, Esquire, and Joseph D. Rossi, Esquire of WOODCOCK WASHBURN LLP, Philadelphia, Pennsylvania, for Constar International, Inc., Plaintiff.

Richard L. Horwitz, Esquire and David E. Moore, Esquire of POTTER ANDERSON & CORROON LLP, Wilmington, Delaware. Of Counsel: Douglas A. Freedman, Esquire, Kenneth G. Schuler, Esquire, Sasha A. Mayergoyz, and Michael Faris, Esquire of LATHAM & WATKINS LLP, Chicago, Illinois. Glen P. Belvis, Esquire, Helen A. Odar, Esquire, and K. Shannon Mrksich, Esquire of BRINKS HOFER GILSON & LIONE, Chicago, Illinois, for Continental PET Technologies, Inc., Defendant.

**JUDGES:** JOSEPH J. FARNAN, JR., UNITED STATES DISTRICT JUDGE.

**OPINION BY:** JOSEPH J. FARNAN, JR.

**OPINION: MEMORANDUM OPINION**

Wilmington, Delaware

**Farnan, District Judge**

Pending before the Court is the Motion to Compel of Defendant Continental [*2] Pet Technologies, Inc. for the Production of Documents Subject to Constar's Assertion of the Common Interest Doctrine (D.I. 298). For the reasons discussed, the Court will deny the motion.

**BACKGROUND**

In 1999, Plaintiff Constar International, Inc. ("Constar") n1 initiated this action against Continental Pet Technologies, Inc. ("Continental") alleging that Continental was infringing upon U.S. Patent No. 5,021,515 (the "'515 patent"). Continental has moved 1) to compel several documents on Constar's privilege log, 2) to compel documents responsive to document requests 119-120, 122-126, 128-130, and 3) to compel all other materials withheld by Constar based on the common interest doctrine.

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 Constar was substituted for Crown Cork & Seal Technologies Corporation as the named

Get a Document by Citation - 2003 U.S. Dist. LEXIS 21432                                Page 4 of 6

Case 1:04-cv-01391-JJF   Document 163-8   Filed 11/02/2006   Page 5 of 7

plaintiff by stipulation of the parties on January 22, 2003. (D.I. 275).

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - -

Constar contends that all of the withheld documents are privileged communications between Constar's former counsel and PLM's former counsel. Constar responds that **[*3]** it is only withholding four of the documents in question based on work product privilege. Constar asserts that these documents were communications between Constar's former patent counsel and PLM's former counsel and were made "in anticipation of the present lawsuit." Constar's Response, at 2. Constar contends that Continental has not meet its burden to obtain disclosure of work product.

Constar asserts multiple objections to Continental's general request for material responsive to requests 119-120, 122-126, and 128-130. Constar contends that some of the documents are privileged and asserts that it has not waived its attorney client or work product privilege with respect to those documents. Constar also objects to the relevance, breadth, burden, vagueness, and duplicity of the requests. Constar asserts that Continental has not addressed these objections, and therefore, its request is not ripe.

Constar further contends that Continental's request for all materials withheld under the common interest doctrine is too broad and covers materials which Constar is not required to disclose.

Continental responds that Constar has not demonstrated it is entitled to the protections of the attorney **[*4]** client privilege and that any possible attorney-client privilege or work product privilege related to these requests has been waived by Constar's failure to previously make a specific objection.

## DISCUSSION

### I. The Common Interest Attorney Client Privilege

HN1 If information is communicated to an attorney in the presence of a third party, usually the attorney-client privilege does not protect the disclosure of that communication. The common interest doctrine creates an exception to this general rule. HN2 Under the common interest doctrine, communications made when multiple clients consult an attorney on matters of common interest are still privileged against third parties. Cavallaro v. U.S., 284 F.3d 236, 249 (1st Cir. 2002). Communications made by a party or the party's lawyer to an attorney representing another in a matter of common interest are also privileged. *Id.* The doctrine allows "attorneys facing a common litigation opponent [to] exchange privileged communications and attorney work product in order to prepare a common defense without waiving either privilege." Schachar v. American Academy of Opthalmology, Inc. 106 F.R.D. 187, 191 (D. Ill. 1985). **[*5]** "A community of interest exists among different persons or separate corporations where they have an identical legal interest with respect to the subject matter of a communication between an attorney and a client concerning legal advice." Duplan Corp. v. Deering Milliken, Inc., 397 F. Supp. 1146, 1172 (D.S.C.1975).

### II. Application of the Common Interest Doctrine in this Case

A. The Privilege Log Documents

HN3 "A community of legal interests may arise between parties jointly developing patents; they have a common legal interest in developing the patents to obtain greatest protection and in exploiting the patents." Baxter Travenol Laboratories, Inc. v. Abbott Laboratories,

Get a Document by Citation, 2003 U.S. Dist. LEXIS 21132 Page 5 of 6

Case 1:04-cv-01331-JJF Document 163-8 Filed 11/02/2006 Page 6 of 7

1987 U.S. Dist. LEXIS 10300, 1987 WL 12919, 1 (N.D. Ill. 1987). Constar contends that documents 933, 983, 1014, 1022, 1026, and 1332 were privileged communications between Constar's counsel and counsel for PLM and dealt with "patent applications under which [Constar and PLM] shared a common legal interest under the 1988 cross-license." Constar's Response, at 2. Constar asserts that Documents 1420, 1476, 1488, and 1489 are work product created in anticipation of the present litigation and dealing **[*6]** with the common interest of the cross-license. Based on Constar's assertions, the Court finds that Constar's documents are privileged communications between attorneys about a common legal interest. n2

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n2 If requested by Continental, the Court will conduct an in camera review of a random sampling of the documents at issue.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

B. Disputed Document Requests

Continental asserts that Constar has waived attorney-client and work product protections with respect to document requests 123-126, 128, and 130. According to Constar, because Continental only asserted that it could not disclose documents under a "common interest," and did not assert an underlying independent privilege, Constar waived the attorney-client privilege with respect to documents responsive to these requests. *HN4* While a general objection may constitute a waiver of privilege, "whether a waiver has actually occurred requires the Court to consider the circumstances surrounding the assertion of [the] general objection to the production of privileged documents. **[*7]** " High Tech Communications, Inc. v. Panasonic Co. 1995 U.S. Dist. LEXIS 4076, 1995 WL 133344, *2 (E.D. La. 1995). Constar made a general objection to disclosing its privileged documents, and, in response to each request, objected to the disclosing "common interest" documents responsive to that request. On this record, the Court finds that it is clear that Constar was asserting the common interest attorney-client and work product privileges, and Constar has not waived its privilege objections.

Additionally, as stated in section A, attorney communications on common legal interests between Constar and others are privileged. Privileged communications between Constar and others, even if responsive to requests 119, 120, 122, 123, 124, 125, 126, 128, 129, 130, need not be produced.

However, *HN5* communications with third parties that do not fall under the common interest doctrine are not privileged. *HN6* Depending on the circumstances, negotiations can be adversarial or cooperative. See Power Mosfet Technologies v. Siemens AG, 206 F.R.D. 422, 426 (E.D. Tex. 2000). For this reason, the Court is reluctant to broadly determine that either all or none of documents responsive to document requests **[*8]** 119 and 120 are privileged. Additionally, while parts of the other requests target legal discourse between companies and attorneys, some communications responsive to these requests may not be privileged because they may be business discourse.

Constar has raised objections unrelated to privilege with respect to Continental's requests and before any disclosure will be ordered by the Court, Continental must address these objections in order to be entitled to a log of the withheld documents.

C. General Request for Common Interest Documents

Get a Document by Citation - 2003 U.S. Dist. LEXIS 21132    Page 6 of 6

Case 1:04-cv-01551-JJF    Document 163-8    Filed 11/02/2006    Page 7 of 7

Constar broadly contends that it is entitled to all common interest materials. For the reasons discussed previously, attorney communications on common legal interests between Constar and others are privileged, and therefore, Continental is not entitled to the requested materials.

## CONCLUSION

For the reasons discussed, the Motion to Compel of Defendant Continental Pet Technologies, Inc. for the Production of Documents Subject to Constar's Assertion of the Common Interest Doctrine will be denied.

An Order consistent with this Memorandum Opinion will be entered.

## ORDER

At Wilmington, this 19th day of November 2003, for the reasons [*9] discussed in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that the Motion to Compel of Defendant Continental Pet Technologies, Inc. for the Production of Documents Subject to Constar's Assertion of the Common Interest Doctrine (D.I. 298) is **DENIED**.

JOSEPH J. FARNAN, JR.

UNITED STATES DISTRICT JUDGE

Service: **Get by LEXSEE®**
Citation: **2003 U.S. Dist. LEXIS 21132**
View: Full
Date/Time: Thursday, October 26, 2006 - 1:56 PM EDT

\* Signal Legend:
- ● - Warning: Negative treatment is indicated
- [Q] - Questioned: Validity questioned by citing refs
- △ - Caution: Possible negative treatment
- ◆ - Positive treatment is indicated
- Ⓐ - Citing Refs. With Analysis Available
- ⓘ - Citation information available

\* Click on any *Shepard's* signal to *Shepardize®* that case.



About LexisNexis | Terms & Conditions
Copyright © 2006 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.