**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | |
| STUDENT FINANCE CORPORATION, | : | |
| Debtor, | : | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | : | |
| | : | |
| CHARLES A. STANZIALE, JR., | : | |
| CHAPTER 7 TRUSTEE OF STUDENT | : | |
| FINANCE CORPORATION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 04-1551(JJF) |
| v. | : | |
| | : | |
| PEPPER HAMILTON LLP, et al., | : | |
| | : | |
| Defendants. | : | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | : | |

**APPENDIX ACCOMPANYING BRIEF IN RESPONSE TO MOTION BY PLAINTIFF
FOR A PROTECTIVE ORDER AND TO COMPEL DISCOVERY**
_____

William H. Sudell, Jr., Esq. (No. 0463)
Donna L. Culver, Esq. (No. 2983)
Daniel B. Butz, Esq. (No. 4227)
MORRIS, NICHOLS, ARSHT & TUNNELL
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
(302) 658-9200
(302) 658-3989 (facsimile)

Elizabeth K. Ainslie, Esq.
Nicholas J. LePore, III, Esq.
Bruce P. Merenstein, Esq.
Stephen J. Shapiro, Esq.
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103
(215) 751-2000
(215) 751-2205 (facsimile)

*Counsel for defendants Pepper Hamilton LLP and W. Roderick Gagné*

## TABLE OF CONTENTS

Defendants' Privilege Log Dated February 17, 2006 ...................................................B-1

Defendants' Revised Privilege Log Dated September 19, 2006 ..................................B-8

Letter Dated August 31, 2006 ....................................................................................B-23

Letter Dated September 18, 2006 ...............................................................................B-25

Plaintiff's Second Request for Production of Documents Dated May 8, 2006 ..........B-27

Defendants' Responses and Objections to Second Request for Production of Documents
        Dated June 7, 2006 ...........................................................................................B-41

Excerpts from Deposition of M. Duncan Grant Dated October 11, 2006 ..................B-56

Letter Dated October 25, 2006 ...................................................................................B-59

Letter Dated November 10, 2006 (without Confidential Attachments) ......................B-60

Excerpts from Deposition of Sheilah Gibson Dated September 6, 2006 ....................B-61

Delaware Division of Corporations Filing for Student Loan Servicing LLC Dated
        November 21, 2006 ...........................................................................................B-69

Delaware Division of Corporations Filing for Student Marketing Services, LLC Dated
        November 21, 2006 ...........................................................................................B-71

Delaware Division of Corporations Filing for Student Placement Services, LLC Dated
        November 21, 2006 ...........................................................................................B-73

Letter Dated April 4, 2006 ..........................................................................................B-75

Memorandum Dated April 18, 2002 ...........................................................................B-76

Letter Dated August 25, 2005, with Attachments ......................................................B-82

E-mails Dated April 30, 2002 .....................................................................................B-116

Memorandum Dated July 22, 2001 .............................................................................B-118

Excerpts from Deposition of Sheilah Gibson Dated September 7, 2006 ....................B-126

Excerpts from Deposition of M. Duncan Grant Dated October 10, 2006 ..................B-131

E-mail Dated August 6, 2002 .....................................................................................B-140

**Stanziale v. Pepper Hamilton LLP, et al., No. 04-1551 (D. Del.)**
**Royal Indemnity Company v. Pepper Hamilton LLP, et al., No. 05-165 (D. Del.)**
**Privilege Log of Pepper Hamilton LLP and Roderick Gagné in his capacity as a partner at Pepper (Feb. 17, 2006)**

| Bates Number | Document Type | Date | Author | Recipient(s) | Description | Privilege Asserted |
|---|---|---|---|---|---|---|
| 1. | Memorandum | 6/8/04 | Andrew N. Yao | Robert L. Bast, Esq., W. Roderick Gagné, Esq. | Seeking advice of counsel re: bank loan | Attorney-Client |
| 2. | Facsimile/ Draft Contract | 4/18/04 | Roderick Gagné | Andrew Yao | Draft assignment contract between Connecticut Realty Capital P'ship & Andrew N. Yao, with attorney notes and comments | Attorney-Client |
| 3. | Memorandum | 5/6/94 | W.R. Gagné | One Summit Place P'ship | Providing legal advice re: real estate purchase agreement | Attorney-Client |
| 4. | Letter | 4/19/94 | W. Roderick Gagné | Andrew N. Yao | Legal services for One Summit Place Partners | Attorney-Client |
| 5. | Agenda and Meeting Notes | 4/19/94 | W. Roderick Gagné, Esq. | Andrew N. Yao | Legal advice re: purchase of real estate | Attorney-Client |
| 6. | Facsimile | 4/2/94 | Andrew N. Yao | Roderick Gagné | Seeking advice of counsel re: Investment for One Summit Place Partners, L.P. | Attorney-Client |
| 7. | Facsimile | 4/1/94 | Andrew N. Yao | W. Roderick Gagné, Esq. | Seeking advice of counsel re: Investment for One Summit Place Partners, L.P. | Attorney-Client |
| 8. | Letter | 3/21/96 | W. Roderick Gagné | Andrew N. Yao | Legal advice for Educational Methods, Inc. | Attorney-Client |
| 9. | Letter | 11/21/95 | Andrew N. Yao | Robert L. Bast, Esq. W. Roderick Gagné, Esq. | Conveying information re: Branford Hall | Attorney-Client |
| 10. | E-mails | 7/12/01-7/17/01 | Perry Turnbull | Roderick Gagné | Legal advice re: formation and officers for Student Placement Services, LLC | Attorney-Client |

B-1

| Bates Number | | Document Type | Date | Author | Recipient(s) | Description | Privilege Asserted |
|---|---|---|---|---|---|---|---|
| 11. | | E-mail | 11/29/00 | Andrew N. Yao | Roderick Gagné, Diane Messick | Seeking legal advice re: personal tax returns | Attorney-Client |
| 12. | | E-mail | 11/29/00 | Roderick Gagné | Andrew N. Yao | Legal advice re: personal tax returns | Attorney-Client |
| 13. | | E-mail | 11/29/00 | Andrew N. Yao | Roderick Gagné, Diane Messick | Redaction: Seeking legal advice re: personal taxes | Attorney-Client |
| 4. | | E-mail | 11/29/00 | Roderick Gagné | Andrew Yao | Redactions: Legal advice re: personal taxes, SMS, ECM | Attorney-Client |
| 15. | | Notes | n.d. | Roderick Gagné | | Notes re: meeting with Andrew Yao re: legal advice on SMC, SLS, ECM | Attorney-Client |
| 16. | | E-mail | 8/5/99 | Andrew N. Yao | Roderick Gagné | Seeking legal advice re: private foundation | Attorney-Client |
| 17. | | E-mail | 11/3/00 | Andrew N. Yao | Roderick Gagné | Seeking legal advice re: personal taxes | Attorney-Client |
| 18. | | E-mails (3) | 10/24/00 | Andrew N. Yao | Roderick Gagné | Seeking legal advice re: creation and structure of SMS | Attorney-Client |
| 19. | | E-mail | 10/24/00 | Roderick Gagné | Andrew N. Yao | Legal advice re: creation and structure of SMS | Attorney-Client |
| 20. | | E-mail | 8/9/99 | Andrew N. Yao | Roderick Gagné | Seeking legal advice re: personal financial information | Attorney-Client |
| 21. | | E-mail | 8/5/99 | Andrew N. Yao | Roderick Gagné | Seeking legal advice re: private foundation | Attorney-Client |
| 22. | | Letter | 12/3/99 | Michael C. Leone (Pepper) | Andrew N. Yao cc: W. Roderick Gagné | Legal advice re: private foundation | Attorney-Client |
| 23. | | Letter | 1/22/97 | W. Roderick Gagné | Andrew N. Yao | Redaction: Legal advice re: personal transaction | Attorney-Client |
| 24. | | E-mail | 10/24/00 | Andrew N. Yao | Roderick Gagné | Seeking legal advice re: estate planning | Attorney-Client |

2

B-2

| Bates Number | Document Type | Date | Author | Recipient(s) | Description | Privilege Asserted |
|---|---|---|---|---|---|---|
| 25. | E-mail | 10/24/00 | Andrew N. Yao | Roderick Gagné | Seeking legal advice re: estate planning | Attorney-Client |
| 26. | E-mail | 10/24/00 | Roderick Gagné | Andrew N. Yao | Legal advice re: estate planning | Attorney-Client |
| 27. | E-mail | 10/24/00 | Roderick Gagné | Andrew N. Yao | Legal advice re: estate planning | Attorney-Client |
| 8. | E-mail | 10/24/00 | Roderick Gagné | Andrew N. Yao | Legal advice re: estate planning | Attorney-Client |
| 29. | E-mail | 10/24/00 | Roderick Gagné | Andrew N. Yao | Legal advice re: creation of SMS | Attorney-Client |
| 30. | Facsimile | 3/17/00 | Michele Shedrick (for Andrew Yao) | W. Roderick Gagné | Seeking legal advice on personal credit matter | Attorney-Client |
| 31. | Memorandum | 5/15/02 | W. Roderick Gagné | Chub Wilcox | Overview of representation of SFC | Attorney Work Product |
| 32. | Memorandum | 4/18/02 | W. Roderick Gagné | James L. Murray Laurence Z. Shiekman John E. Pooler cc: Alfred H. Wilcox | Overview of representation of SFC | Attorney Work Product |
| 33. | Memorandum | 5/15/02 | W. Roderick Gagné | Chub Wilcox | Overview of representation of SFC | Attorney Work Product |
| 34. | Letter | 1/12/01 | W. Roderick Gagné | James J. Byrne, Jr., Esq. | Seeking legal advice re: personal matter | Attorney-Client |
| 35. | Letter | 12/28/00 | W. Roderick Gagné | Audrey & Larry Handler | Legal advice re: Andrew Yao family matters | Attorney-Client |
| 36. | Letter | 9/21/00 | W. Roderick Gagné | Dennis Halterman | Legal advice re: Andrew Yao personal tax matters | Attorney-Client |
| 37. | Letter | 9/20/00 | W. Roderick Gagné | Andrew N. Yao | Legal advice re: personal tax matters | Attorney-Client |

3

B-3

| Bates Number | Document Type | Date | Author | Recipient(s) | Description | Privilege Asserted |
|---|---|---|---|---|---|---|
| 38. | E-mail | 12/19/03 | Alfred Wilcox | Roderick Gagné | Discussion re: SFC files | Attorney Work Product |
| 39. | E-mail | 12/19/03 | Alfred Wilcox | Roderick Gagné | Discussion re: SFC files | Attorney Work Product |
| 40. | E-mail | 10/28/99 | Roderick Gagné | Andrew N. Yao | Legal advice re: ECM contracts | Attorney-Client |
| 1. | E-mail | 10/7/99 | Andrew N. Yao | Roderick Gagné | Seeking legal advice re: ECM transaction | Attorney-Client |
| 42. | E-mail | 10/6/99 | Andrew N. Yao | Roderick Gagné | Seeking legal advice re: ECM transaction | Attorney-Client |
| 43. | E-mail | 10/6/99 | Roderick Gagné | Andrew N. Yao | Legal advice re: ECM transaction | Attorney-Client |
| 44. | E-mail | 10/6/99 | Roderick Gagné | Andrew N. Yao | Legal advice re: ECM transaction | Attorney-Client |
| 45. | E-mail | 5/6/99 | Andrew N. Yao | Roderick Gagné | Seeking legal advice re: ECM transaction | Attorney-Client |
| 46. | E-mail | 4/26/99 | Andrew N. Yao | Roderick Gagné | Seeking legal advice re: ECM transaction | Attorney-Client |
| 47. | E-mail | 4/12/99 | Andrew N. Yao | Roderick Gagné | Seeking legal advice re: ECM transaction | Attorney-Client |
| 3. | E-mail | 3/23/99 | Andrew N. Yao | Roderick Gagné | Seeking legal advice re: ECM transaction | Attorney-Client |
| 49. | E-mail | 10/24/00 | Roderick Gagné | Andrew N. Yao | Legal advice re: estate planning | Attorney-Client |
| 50. | E-mail | 10/24/00 | Roderick Gagné | Andrew N. Yao | Legal advice re: estate planning | Attorney-Client |
| 51. | E-mail | 10/24/00 | Roderick Gagné | Andrew N. Yao | Legal advice re: estate planning | Attorney-Client |
| 52. | E-mail | 10/24/00 | Roderick Gagné | Andrew N. Yao | Legal advice re: creation of SMS | Attorney-Client |

4

B-4

| Bates Number | Document Type | Date | Author | Recipient(s) | Description | Privilege Asserted |
|---|---|---|---|---|---|---|
| 53. | E-mail | 10/24/00 | Roderick Gagné | Andrew N. Yao | Legal advice re: creation of SMS | Attorney-Client |
| 54. | E-mail | 10/24/00 | Andrew N. Yao | Roderick Gagné | Seeking legal advice re: estate planning | Attorney-Client |
| 55. | E-mail | 10/24/00 | Andrew N. Yao | Roderick Gagné | Seeking legal advice re: estate planning | Attorney-Client |
| 6. | E-mail | 10/24/00 | Andrew N. Yao | Roderick Gagné | Seeking legal advice re: creation and structure of SMS | Attorney-Client |
| 57. | E-mail | 10/24/00 | Andrew N. Yao | Roderick Gagné | Seeking legal advice re: creation and structure of SMS | Attorney-Client |
| 58. | E-mail | 10/24/00 | Andrew N. Yao | Roderick Gagné | Seeking legal advice re: creation and structure of SMS | Attorney-Client |
| 59. | Facsimile | 3/17/00 | Michele Shedrick (for Andrew Yao) | W. Roderick Gagné | Seeking legal advice on personal credit matter | Attorney-Client |
| 60. | Meeting Notes | 2/23/00 | Roderick Gagné | | Legal advice re: SLS | Attorney-Client |
| 61. | Meeting Notes | 10/15/99 | Roderick Gagné | | Legal advice re: SLS | Attorney-Client |
| 62. | E-mail | 11/15/00 | Roderick Gagné | Joan Agran | Legal advice re: Andrew Yao personal finances | Attorney-Client |
| 3. | E-mail | 11/15/00 | Roderick Gagné | John Shire cc: Andrew N. Yao Diane Messick | Legal advice re: SMS, DCC | Attorney-Client |
| 64. | E-mail | 11/15/00 | Diane Messick | Roderick Gagné John Shire cc: Andrew N. Yao | Legal advice re: SMS, DCC | Attorney-Client |
| 65. | E-mail | 11/14/99 | Andrew N. Yao | Roderick Gagné | Seeking legal advice re: personal tax matter | Attorney-Client |
| 66. | E-mail | 11/16/99 | Andrew N. Yao | Roderick Gagné | Seeking legal advice re: personal tax matter | Attorney-Client |

5

B-5

| | Bates Number | Document Type | Date | Author | Recipient(s) | Description | Privilege Asserted |
|---|---|---|---|---|---|---|---|
| 67. | | E-mail | 3/30/00 | Andrew N. Yao | Roderick Gagné | Seeking legal advice re: creation of new company | Attorney-Client |
| 68. | | Facsimile | 5/15/00 | Michele Shedrick (for Andrew Yao) | W. Roderick Gagné | Seeking legal advice re: incident with neighbor | Attorney-Client |
| 69. | 057845-057876 | Calendars | 5/03-12/05 | Roderick Gagné | | Redactions: Items related to non-SFC clients | Attorney-Client Attorney Work Product |
| 70. | 057912-057913 | Letter | 7/20/05 | Jacqueline Vinar, Esq. | A.H. Wilcox, Esq. | Redaction: Discussion re: defense strategies | Attorney-Client Attorney Work Product |
| 70. | 057939-057941 | Letter | 4/23/04 | David Marseille | Chub Wilcox, Esq. | Redactions: Discussions re: defense strategies | Attorney-Client Attorney Work Product |
| 71. | | Memorandum | 3/27/02 | Darcy L. Malcolm (Pepper) | Perry Turnbull Gary Hawthorne | Legal advice re: SLS, SMS | Attorney-Client |
| 72. | | Memorandum | 2/20/02 | Darcy L. Malcolm (Pepper) | Perry Turnbull Gary Hawthorne | Legal advice re: SLS, SMS | Attorney-Client |
| 73. | | Facsimile Cover | 1/2/01 | Darcy C. Lee (Pepper) | Perry Turnbull | Legal advice re: SMS | Attorney-Client |
| 74. | | Facsimile Cover | 11/28/00 | Darcy C. Lee (Pepper) | Perry Turnbull | Legal advice re: SMS | Attorney-Client |
| 75. | | Facsimile Cover | 11/30/00 | Darcy C. Lee (Pepper) | Rod Gagné | Seeking legal advice re: SMS | Attorney-Client |
| 76. | | Facsimile Cover | 7/13/99 | W. Roderick Gagné | Sandra Bloch | Legal advice re: Andrew Yao | Attorney-Client |
| 77. | | Letter | 8/21/00 | Darcy C. Lee (Pepper) | Frank Martinez cc: Gary Hawthorne | Legal advice re: SLS | Attorney-Client |

6

B-6

| | Bates Number | Document Type | Date | Author | Recipient(s) | Description | Privilege Asserted |
|---|---|---|---|---|---|---|---|
| 78. | | Facsimile Cover | 7/10/01 | Darcy C. Lee (Pepper) | Rod Gagné | Seeking legal advice re: SMS | Attorney-Client |
| 79. | | Memorandum | 1/2/02 | Darcy L. Malcolm (Pepper) | Frank Martinez | Legal advice re: SLS | Attorney-Client |
| 80. | | Letter | 4/25/00 | Darcy C. Lee (Pepper) | Gary Hawthorne | Legal advice re: SLS | Attorney-Client |
| 81. | | Letter | 5/5/00 | Darcy C. Lee (Pepper) | Gary J. Hawthorne | Legal advice re: SLS | Attorney-Client |
| 82. | | Letter | 1/14/02 | W. Roderick Gagné | Lore N. Yao | Legal advice re: family trust | Attorney-Client |
| 83. | | Letter | 2/11/02 | W. Roderick Gagné | Lore Yao | Legal advice re: family trust | Attorney-Client |
| 84. | | Memorandum | 2/13/02 | Kathleen A. Stephenson | W. Roderick Gagné | Legal advice re: family trust | Attorney-Client |
| 85. | | Notes | n.d. | Pepper Hamilton | n.a. | Legal advice re: structure of ECM | Attorney-Client |
| 86. | | Letter | 1/30/02 | W. Roderick Gagné | Andrew N. Yao | Legal advice re: family trust | Attorney-Client |
| 87. | | Letter | 7/23/01 | W. Roderick Gagné | Andrew N. Yao | Legal advice re: estate planning | Attorney-Client |
| 88. | | Letter | 9/21/00 | W. Roderick Gagné | Dennis Halterman cc: Andrew Yao | Legal advice re: Andrew Yao personal taxes | Attorney-Client |
| 89. | | Letter | 1/17/02 | W. Roderick Gagné | Andrew N. Yao | Legal advice re: family trust | Attorney-Client |
| 90. | | Memorandum | 7/19/01 | W. Roderick Gagné | Joe D'Amore | Legal advice re: Andrew Yao family trust and estate planning | Attorney-Client |
| 91. | | Letter | 7/3/97 | W. Roderick Gagné | Andrew & Lore Yao | Legal advice re: family trust and estate planning | Attorney-Client |
| 92. | | Letter | 7/23/01 | Joseph D'Amore (Pepper) | Andrew & Lore Yao cc: Roderick Gagné | Legal advice re: estate planning | Attorney-Client |

7

B-7

Stanziale v. Pepper Hamilton LLP, et al., No. 04-1551 (D. Del.)
Royal Indemnity Company v. Pepper Hamilton LLP, et al., No. 05-165 (D. Del.)
Privilege Log of Pepper Hamilton LLP and Roderick Gagné in his capacity as a partner at Pepper (September 19, 2006)

| | Bates Number | Document Type | Date | Author | Recipient(s) | Description | Privilege Asserted |
|---|---|---|---|---|---|---|---|
| 1. | 014321.025-014321.026 | Memorandum | 6/8/04 | Andrew N. Yao | Robert L. Bast, Esq., W. Roderick Gagné, Esq. | Seeking advice of counsel re: bank loan | Attorney-Client |
| 2. | 014321.033-014321.041 | Facsimile/ Draft Contract | 4/18/04 | Roderick Gagné | Andrew Yao | Draft assignment contract between Connecticut Realty Capital P'ship & Andrew N. Yao, with attorney notes and comments | Attorney-Client |
| 3. | 014321.115 | Memorandum | 5/6/94 | W.R. Gagné | One Summit Place P'ship | Providing legal advice re: real estate purchase agreement | PRODUCED |
| 4. | 014321.117-014321.119 | Letter | 4/19/94 | W. Roderick Gagné | Andrew N. Yao | Legal services for One Summit Place Partners | PRODUCED |
| 5. | 014321.239-014321.240 | Agenda and Meeting Notes | 4/19/94 | W. Roderick Gagné, Esq. | Andrew N. Yao | Legal advice re: purchase of real estate | PRODUCED |
| 6. | 014321.124-014321.129 | Facsimile | 4/2/94 | Andrew N. Yao | Roderick Gagné | Seeking advice of counsel re: Investment for One Summit Place Partners, L.P. | PRODUCED |
| 7. | 014321.130-014321.135 | Facsimile | 4/1/94 | Andrew N. Yao | W. Roderick Gagné, Esq. | Seeking advice of counsel re: Investment for One Summit Place Partners, L.P. | PRODUCED |
| 8. | 030145-030145.003 | Letter | 3/21/96 | W. Roderick Gagné | Andrew N. Yao | Legal advice for Educational Methods, Inc. | Attorney-Client |
| 9. | 030152 | Letter | 11/21/95 | Andrew N. Yao | Robert L. Bast, Esq. W. Roderick Gagné, Esq. | Conveying information re: Branford Hall | PRODUCED |

B-8

| | Bates Number | Document Type | Date | Author | Recipient(s) | Description | Privilege Asserted |
|---|---|---|---|---|---|---|---|
| 10. | 000609.001– 000609.007 | E-mails | 7/12/01– 7/17/01 | Perry Turnbull | Roderick Gagné | Legal advice re: formation and officers for Student Placement Services, LLC | Attorney-Client |
| 11. | See 13 | | | | | | |
| 12. | See 14 | | | | | | |
| 13. | 033368.001 | E-mail | 11/29/00 | Andrew N. Yao | Roderick Gagné Diane Messick | Redaction: Seeking legal advice re: personal taxes | Attorney-Client |
| 14. | 033368.002– 033368.003 | E-mail | 11/29/00 | Roderick Gagné | Andrew Yao | Redactions: Legal advice re: personal taxes, SMS, ECM | Attorney-Client |
| 15. | 033368.004– 033368.005 | Notes | n.d. | Roderick Gagné | | Notes re: meeting with Andrew Yao re: legal advice on SMC, SLS, ECM | Attorney-Client |
| 16. | 034139.001 | E-mail | 8/5/99 | Andrew N. Yao | Roderick Gagné | Seeking legal advice re: private foundation | Attorney-Client |
| 17. | 052678 | E-mail | 11/3/00 | Andrew N. Yao | Roderick Gagné | Seeking legal advice re: personal taxes | Attorney-Client |
| 18. | 052690-052692 | E-mails (3) | 10/24/00 | Andrew N. Yao | Roderick Gagné | Seeking legal advice re: creation and structure of SMS | Attorney-Client |
| 19. | 052689 | E-mail | 10/24/00 | Roderick Gagné | Andrew N. Yao | Legal advice re: creation and structure of SMS | Attorney-Client |
| 20. | 052907 | E-mail | 8/9/99 | Andrew N. Yao | Roderick Gagné | Seeking legal advice re: personal financial information | Attorney-Client |
| 21. | 052908 | E-mail | 8/5/99 | Andrew N. Yao | Roderick Gagné | Seeking legal advice re: private foundation | Attorney-Client |
| 22. | 047134 | Letter | 12/3/99 | Michael C. Leone (Pepper) | Andrew N. Yao cc: W. Roderick Gagné | Legal advice re: private foundation | Attorney-Client |

2

B-9

| | Bates Number | Document Type | Date | Author | Recipient(s) | Description | Privilege Asserted |
|---|---|---|---|---|---|---|---|
| 23. | 047169 | Letter | 1/22/97 | W. Roderick Gagné | Andrew N. Yao | Redaction: Legal advice re: personal transaction | Attorney-Client |
| 24. | 047179 | E-mail | 10/24/00 | Andrew N. Yao | Roderick Gagné | Seeking legal advice re: estate planning | Attorney-Client |
| 25. | 047180 | E-mail | 10/24/00 | Andrew N. Yao | Roderick Gagné | Seeking legal advice re: estate planning | Attorney-Client |
| 26. | 047182 | E-mail | 10/24/00 | Roderick Gagné | Andrew N. Yao | Legal advice re: estate planning | Attorney-Client |
| 27. | 047183 | E-mail | 10/24/00 | Roderick Gagné | Andrew N. Yao | Legal advice re: estate planning | Attorney-Client |
| 28. | 047184 | E-mail | 10/24/00 | Roderick Gagné | Andrew N. Yao | Legal advice re: estate planning | Attorney-Client |
| 29. | 047184.001 | E-mail | 10/24/00 | Roderick Gagné | Andrew N. Yao | Legal advice re: creation of SMS | Attorney-Client |
| 30. | 047189-047190 | Facsimile | 3/17/00 | Michele Shedrick (for Andrew Yao) | W. Roderick Gagné | Seeking legal advice on personal credit matter | Attorney-Client |
| 31. | 047271-047274 | Memorandum | 5/15/02 | W. Roderick Gagné | Chub Wilcox | Overview of representation of SFC | Attorney Work Product |
| 32. | 047275-047280 | Memorandum | 4/18/02 | W. Roderick Gagné | James L. Murray Laurence Z. Shiekman John E. Pooler cc: Alfred H. Wilcox | Overview of representation of SFC | Attorney Work Product |
| 33. | 047281-047284 | Memorandum | 5/15/02 | W. Roderick Gagné | Chub Wilcox | Overview of representation of SFC | Attorney Work Product |
| 34. | 047348–047352.002 | Letter | 1/12/01 | W. Roderick Gagné | James J. Byrne, Jr., Esq. | Seeking legal advice re: personal matter | Attorney-Client |
| 35. | 047355 | Letter | 12/28/00 | W. Roderick Gagné | Audrey & Larry Handler | Legal advice re: Andrew Yao family matters | Attorney-Client |

3

B-10

| | Bates Number | Document Type | Date | Author | Recipient(s) | Description | Privilege Asserted |
|---|---|---|---|---|---|---|---|
| 36. | 047386-047389 | Letter | 9/21/00 | W. Roderick Gagné | Dennis Halterman | Legal advice re: Andrew Yao personal tax matters | Attorney-Client |
| 37. | 047393-047394 | Letter | 9/20/00 | W. Roderick Gagné | Andrew N. Yao | Legal advice re: personal tax matters | Attorney-Client |
| 38. | 055414 | E-mail | 12/19/03 | Alfred Wilcox | Roderick Gagné | Discussion re: SFC files | Attorney Work Product |
| 39. | 055415 | E-mail | 12/19/03 | Alfred Wilcox | Roderick Gagné | Discussion re: SFC files | Attorney Work Product |
| 40. | 056036 | E-mail | 10/28/99 | Roderick Gagné | Andrew N. Yao | Legal advice re: ECM contracts | Attorney-Client |
| 41. | 056038 | E-mail | 10/7/99 | Andrew N. Yao | Roderick Gagné | Seeking legal advice re: ECM transaction | Attorney-Client |
| 42. | 056039 | E-mail | 10/6/99 | Andrew N. Yao | Roderick Gagné | Seeking legal advice re: ECM transaction | Attorney-Client |
| 43. | 056040 | E-mail | 10/6/99 | Roderick Gagné | Andrew N. Yao | Legal advice re: ECM transaction | Attorney-Client |
| 44. | 056041 | E-mail | 10/6/99 | Roderick Gagné | Andrew N. Yao | Legal advice re: ECM transaction | Attorney-Client |
| 45. | 056042 | E-mail | 5/6/99 | Andrew N. Yao | Roderick Gagné | Seeking legal advice re: ECM transaction ( Document 056043 is a duplicate copy of this document.) | Attorney-Client |
| 46. | 056044 | E-mail | 4/26/99 | Andrew N. Yao | Roderick Gagné | Seeking legal advice re: ECM transaction | Attorney-Client |
| 47. | 056045 | E-mail | 4/12/99 | Andrew N. Yao | Roderick Gagné | Seeking legal advice re: ECM transaction | Attorney-Client |
| 48. | 056046 | E-mail | 3/23/99 | Andrew N. Yao | Roderick Gagné | Seeking legal advice re: ECM transaction | Attorney-Client |
| 49. | 051670 | E-mail | 10/24/00 | Roderick Gagné | Andrew N. Yao | Legal advice re: estate planning | Attorney-Client |

4

B-11

| | Bates Number | Document Type | Date | Author | Recipient(s) | Description | Privilege Asserted |
|---|---|---|---|---|---|---|---|
| 50. | 051671 | E-mail | 10/24/00 | Roderick Gagné | Andrew N. Yao | Legal advice re: estate planning | Attorney-Client |
| 51. | 051672 | E-mail | 10/24/00 | Roderick Gagné | Andrew N. Yao | Legal advice re: estate planning | Attorney-Client |
| 52. | 051673 | E-mail | 10/24/00 | Roderick Gagné | Andrew N. Yao | Legal advice re: creation of SMS | Attorney-Client |
| 53. | 051674 | E-mail | 10/24/00 | Roderick Gagné | Andrew N. Yao | Legal advice re: creation of SMS | Attorney-Client |
| 54. | 051675 | E-mail | 10/24/00 | Andrew N. Yao | Roderick Gagné | Seeking legal advice re: estate planning | Attorney-Client |
| 55. | 051676 | E-mail | 10/24/00 | Andrew N. Yao | Roderick Gagné | Seeking legal advice re: estate planning | Attorney-Client |
| 56. | 051677 | E-mail | 10/24/00 | Andrew N. Yao | Roderick Gagné | Seeking legal advice re: creation and structure of SMS | Attorney-Client |
| 57. | 051678 | E-mail | 10/24/00 | Andrew N. Yao | Roderick Gagné | Seeking legal advice re: creation and structure of SMS | Attorney-Client |
| 58. | 051679 | E-mail | 10/24/00 | Andrew N. Yao | Roderick Gagné | Seeking legal advice re: creation and structure of SMS | Attorney-Client |
| 59. | 051682-051683 | Facsimile | 3/17/00 | Michele Shedrick (for Andrew Yao) | W. Roderick Gagné | Seeking legal advice on personal credit matter | Attorney-Client |
| 60. | 051928 | Meeting Notes | 2/23/00 | Roderick Gagné | | Legal advice re: SLS | Attorney-Client |
| 61. | 051933 | Meeting Notes | 10/15/99 | Roderick Gagné | | Legal advice re: SLS | Attorney-Client |
| 62. | 051940 | E-mail | 11/15/00 | Roderick Gagné | Joan Agran | Legal advice re: Andrew Yao personal finances | Attorney-Client |
| 63. | 051941 | E-mail | 11/15/00 | Roderick Gagné | John Shire cc: Andrew N. Yao Diane Messick | Legal advice re: SMS, DCC | Attorney-Client |

5

B-12

| | Bates Number | Document Type | Date | Author | Recipient(s) | Description | Privilege Asserted |
|---|---|---|---|---|---|---|---|
| 64. | 051942 | E-mail | 11/15/00 | Diane Messick | Roderick Gagné John Shire cc: Andrew N. Yao | Legal advice re: SMS, DCC | Attorney-Client |
| 65. | 051951 | E-mail | 11/14/99 | Andrew N. Yao | Roderick Gagné | Seeking legal advice re: personal tax matter | Attorney-Client |
| 66. | 051952 | E-mail | 11/16/99 | Andrew N. Yao | Roderick Gagné | Seeking legal advice re: personal tax matter | Attorney-Client |
| 67. | 052022.001 | E-mail | 3/30/00 | Andrew N. Yao | Roderick Gagné | Seeking legal advice re: creation of new company | Attorney-Client |
| 68. | 052163-052166 | Facsimile | 5/15/00 | Michele Shedrick (for Andrew Yao) | W. Roderick Gagné | Seeking legal advice re: incident with neighbor | Attorney-Client |
| 69. | 057845-057876 | Calendars | 5/03-12/05 | Roderick Gagné | | Redactions: Items related to non-SFC clients and attorney client communications | Attorney-Client Attorney Work Product |
| 70. | 057912-057913 | Letter | 7/20/05 | Jacqueline Vinar, Esq. | A.H. Wilcox, Esq. | Redaction: Discussion re: defense strategies | Attorney-Client Attorney Work Product |
| 71. | 057939-057941 | Letter | 4/23/04 | David Marseille | Chub Wilcox, Esq. | Redactions: Discussions re: defense strategies | Attorney-Client Attorney Work Product |
| 72. | 197851-197853 | Memorandum | 3/27/02 | Darcy L. Malcolm (Pepper) | Perry Turnbull Gary Hawthorne | Legal advice re: SLS, SMS | Attorney-Client |
| 73. | 197854-197855 | Memorandum | 2/20/02 | Darcy L. Malcolm (Pepper) | Perry Turnbull Gary Hawthorne | Legal advice re: SLS, SMS | Attorney-Client |
| 74. | 197883 | Facsimile Cover | 1/2/01 | Darcy C. Lee (Pepper) | Perry Turnbull | Legal advice re: SMS | Attorney-Client |

6

B-13

| | Bates Number | Document Type | Date | Author | Recipient(s) | Description | Privilege Asserted |
|---|---|---|---|---|---|---|---|
| 75. | 197886 | Facsimile Cover | 11/28/00 | Darcy C. Lee (Pepper) | Perry Turnbull | Legal advice re: SMS | Attorney-Client |
| 76. | 197889 | Facsimile Cover | 11/30/00 | Darcy C. Lee (Pepper) | Rod Gagné | Seeking legal advice re: SMS | Attorney-Client |
| 77. | 197892 | Facsimile Cover | 7/13/99 | W. Roderick Gagné | Sandra Bloch | Legal advice re: Andrew Yao | Attorney-Client |
| 78. | 197902-197903 | Letter | 8/21/00 | Darcy C. Lee (Pepper) | Frank Martinez cc: Gary Hawthorne | Legal advice re: SLS | Attorney-Client |
| 79. | 197906 | Facsimile Cover | 7/10/01 | Darcy C. Lee (Pepper) | Rod Gagné | Seeking legal advice re: SMS | Attorney-Client |
| 80. | 197909-197910 | Memorandum | 1/2/02 | Darcy L. Malcolm (Pepper) | Frank Martinez | Legal advice re: SLS | Attorney-Client |
| 81. | 197911-197913 | Letter | 4/25/00 | Darcy C. Lee (Pepper) | Gary Hawthorne | Legal advice re: SLS | Attorney-Client |
| 82. | 197916-197917 | Letter | 5/5/00 | Darcy C. Lee (Pepper) | Gary J. Hawthorne | Legal advice re: SLS | Attorney-Client |
| 83. | 190058-190060 | Letter | 1/14/02 | W. Roderick Gagné | Lore N. Yao | Legal advice re: family trust | Attorney-Client |
| 84. | 190061-190064 | Letter | 2/11/02 | W. Roderick Gagné | Lore Yao | Legal advice re: family trust | Attorney-Client |
| 85. | 190065-190066 | Memorandum | 2/13/02 | Kathleen A. Stephenson | W. Roderick Gagné | Legal advice re: family trust | Attorney-Client |
| 86. | 190067-190068 | Notes | n.d. | Pepper Hamilton | n.a. | Legal advice re: structure of ECM | Attorney-Client |
| 87. | 190069-190071 | Letter | 1/30/02 | W. Roderick Gagné | Andrew N. Yao | Legal advice re: family trust | Attorney-Client |
| 88. | 190072 | Letter | 7/23/01 | W. Roderick Gagné | Andrew N. Yao | Legal advice re: estate planning | Attorney-Client |

7

B-14

| | Bates Number | Document Type | Date | Author | Recipient(s) | Description | Privilege Asserted |
|---|---|---|---|---|---|---|---|
| 89. | 199073-199075 | Letter | 9/21/00 | W. Roderick Gagné | Dennis Halterman cc: Andrew Yao | Legal advice re: Andrew Yao personal taxes | Attorney-Client |
| 90. | 199076-199077 | Letter | 1/17/02 | W. Roderick Gagné | Andrew N. Yao | Legal advice re: family trust | Attorney-Client |
| 91. | 199078 | Memorandum | 7/19/01 | W. Roderick Gagné | Joe D'Amore | Legal advice re: Andrew Yao family trust and estate planning | Attorney-Client |
| 92. | 199079-199082 | Letter | 7/3/97 | W. Roderick Gagné | Andrew & Lore Yao | Legal advice re: family trust and estate planning | Attorney-Client |
| 93. | 199083-199085 | Letter | 7/23/01 | Joseph D'Amore (Pepper) | Andrew & Lore Yao cc: Roderick Gagné | Legal advice re: estate planning | Attorney-Client |
| 94. | 197234-197236 | Letter | 3/26/98 | W. Roderick Gagné | Andrew N. Yao | Legal advice re: ECM LLC | Attorney-Client |
| 95. | 197260-197262 | Letter | 5/5/98 | W. Roderick Gagné | Andrew N. Yao | Legal advice re: ECM | Attorney-Client |
| 96. | 197263-197264 | Letter | 5/14/98 | W. Roderick Gagné | Andrew N. Yao | Legal advice re: ECM | Attorney-Client |
| 97. | 197269-197272 | Memorandum | 12/3/99 | W. Roderick Gagné | Andrew N. Yao | Legal advice re: private foundation | Attorney-Client |
| 98. | 197283-197290 | Memorandum | 7/22/01 | Sheilah Gibson | W. Roderick Gagné | Legal advice re: SMS | PRODUCED |
| 99. | 007218-007219 | E-mail | 11/15/00 | Diane Messick | Roderick Gagné John Shire cc: Andrew N. Yao | Legal advice re: SMS, DCC (This document is the same as 51942 with handwritten notes) | Attorney-Client |
| 100. | 034060 | Letter | 12/3/99 | Michael C. Leone (Pepper) | Andrew N. Yao cc: W. Roderick Gagné | Legal advice re: private foundation | Attorney-Client |

8

B-15

| | Bates Number | Document Type | Date | Author | Recipient(s) | Description | Privilege Asserted |
|---|---|---|---|---|---|---|---|
| 101. | 047138-047140 | Facsimile | 5/12/00 | Lore Yao Christine Whitehead Andrew Yao | W. Roderick Gagné | Seeking legal advice re: incident with neighbor | Attorney-Client |
| 102. | 199137-199141 | Letter | 8/10/05 | Alfred Putnam | A.H. Wilcox | Redactions: settlement discussions | Attorney-Client (Common Interest) |
| 103. | 199142-199148 | Letter w/attachments | 8/16/05 | A. H. Wilcox | Alfred Putnam | Redactions: settlement discussions | Attorney-Client (Common Interest) |
| 104. | 199151-199152 | Letter | 8/25/05 | A.H. Wilcox | Alfred Putnam | Redactions: legal advice | Attorney-Client (Common Interest) |
| 105. | 199176-199179 | E-Mail | 4/30/02 | Grant Duncan | Alfred Wilcox Roderick Gagne | Redaction in original. See PEPPER 52576-52577 | |
| 106. | 199185 | Letter | 8/23/05 | Timothy Martin | A.H. Wilcox | Redactions: settlement discussions | Attorney-Client (Common Interest) |
| 107. | 199187-199190 | Letter | 8/18/05 | Dave Marseille | Chub Wilcox | Settlement discussions | Attorney-Client (Common Interest) |
| 108. | 199191 | Letter | 8/11/05 | Timothy Martin | A.H. Wilcox | Redactions: settlement discussions | Attorney-Client (Common Interest) |

9

B-16

| | Bates Number | Document Type | Date | Author | Recipient(s) | Description | Privilege Asserted |
|---|---|---|---|---|---|---|---|
| 109. | 199192-199195 | Letter | 6/28/05 | A.H. Wilcox | Jacqueline Vinar | Settlement discussions | Attorney-Client (Common Interest) |
| 110. | 199196-199197 | Letter | 2/8/05 | A.H. Wilcox | Kevin Walsh | Redactions: defense strategy/impressions | Attorney-Client (Common Interest) |
| 111. | 199203 | E-mail | 1/3/05 | Dave Marseille | A.H. Wilcox | Redactions: defense strategy | Attorney-Client (Common Interest) |
| 112. | 199204 | E-mail | 12/13/04 | Dave Marseille | A.H. Wilcox | Defense strategy | Attorney-Client (Common Interest) |
| 113. | 199219-199226 | Letter | 2/15/04 | Stephen Harmelin | Alfred Wilcox | Confidential settlement discussions/analysis | N/A |
| 114. | 199227-199231 | Letter | 4/27/04 | A.H. Wilcox | Daniela Lalor | Redactions: defense strategy/legal advice | Attorney-Client (Common Interest) |
| 115. | 199234-199237 | Letter w/attachments | 9/1/05 | A.H. Wilcox | Alfred Putnam | Redactions: legal advice | Attorney-Client (Common Interest) |
| 116. | 199244-199250 | Memorandum | 11/25/96 | Franklin Holland | All Partners | Redactions: non-responsive/irrelevant/confidential information discussing non-SFC related matters and/or clients | N/A |

10

B-17

| | Bates Number | Document Type | Date | Author | Recipient(s) | Description | Privilege Asserted |
|---|---|---|---|---|---|---|---|
| 117. | 199251-199253 | Memorandum | 10/23/97 | Franklin Holland | All Partners | Redactions: non-responsive/irrelevant/confidential information discussing non-SFC related matters and/or clients | N/A |
| 118. | 199254 | Statement | 10/18/02 | Pepper Finance Committee | N/A | Redactions: non-responsive/irrelevant/confidential information discussing non-SFC related matters and/or clients | N/A |
| 119. | 199485-199510 | Motion | 1/17/06 | Bruce Kaplan | N/A | Redactions: settlement discussions | Attorney-Client (Common Interest) |
| 120. | 199511-199515 | Affidavit | 1/13/06 | Sheila Glackin | N/A | Redactions: settlement discussions | Attorney-Client (Common Interest) |
| 121. | 199517-199530 | Motion | 2/2/06 | Randy Paar | N/A | Redaction: defense strategy | Attorney-Client (Common Interest) |
| 122. | 199605-199611 | Minutes | Various | N/A | N/A | Redactions: legal advice/non-responsive/irrelevant/confidential information discussing non-SFC related matters and/or clients | Attorney-Client |
| 123. | 199612-199623 | Form | N/A | Various | Various | Redactions: non-responsive/irrelevant/confidential information discussing non-SFC related matters and/or clients | N/A |

11

B-18

| | Bates Number | Document Type | Date | Author | Recipient(s) | Description | Privilege Asserted |
|---|---|---|---|---|---|---|---|
| 124. | 199624-199625 | Memorandum | 4/14/02 | James Lawlor | File | Redactions: non-responsive/irrelevant/confidential information discussing non-SFC related matters and/or clients | N/A |
| 125. | 199626-199635 | Form | N/A | Various | Various | Redactions: non-responsive/irrelevant/confidential information discussing non-SFC related matters and/or clients | N/A |
| 126. | 199636-199638 | Statement | 4/3/01 | N/A | N/A | Redactions: non-responsive/irrelevant/confidential information discussing non-SFC related matters and/or clients | N/A |
| 127. | 199638-199652 | Form | N/A | Various | Various | Redactions: non-responsive/irrelevant/confidential information discussing non-SFC related matters and/or clients | N/A |
| 128. | 199653-199654 | Statement | 1/3/01 | N/A | N/A | Redactions: non-responsive/irrelevant/confidential information discussing non-SFC related matters and/or clients | N/A |
| 129. | 199655 | Title Page | 12/98 | N/A | Redacted | Identity of non-SFC related target client redacted as non-responsive, irrelevant and confidential | N/A |
| 130. | 199982 | Handwritten Notes | 11/20/01 | Janet Perry | N/A | Notes of conversation between Pepper's special counsel and W. Roderick Gagné in which Gagné requested legal advice relating to a missing signature on a certificate for a bond closing | Attorney-Client |

12

B-19

| | Bates Number | Document Type | Date | Author | Recipient(s) | Description | Privilege Asserted |
|---|---|---|---|---|---|---|---|
| 131. | 200396-202341 | Various | Various | Various | Various | Documents in this range redacted to remove identities of non-SFC related target clients; non-responsive, irrelevant and confidential | N/A |
| 132. | 205687-205695 | Draft Time Sheets | Various | W. Roderick Gagné | N/A | Text referring to non-SFC related clients and/or issues redacted as non-responsive, irrelevant and confidential | N/A |
| 133. | 205696-205702 | Client List | 2001 | N/A | N/A | Text referring to non-SFC related clients and/or issues redacted as non-responsive, irrelevant and confidential | N/A |
| 134. | 205703-205707 | Self Evaluation | 11/17/97 | Maria DeCarlo | N/A | Text referring to non-SFC related clients and/or issues redacted as non-responsive, irrelevant and confidential | N/A |
| 135. | 205708-205711 | Memorandum | 12/2/03 | W. Roderick Gagné | Compensation Committee | Text referring to non-SFC related clients and/or issues redacted as non-responsive, irrelevant and confidential | N/A |
| 136. | 205712-205715 | Memorandum | 11/8/02 | W. Roderick Gagné | Compensation Committee | Text referring to non-SFC related clients and/or issues redacted as non-responsive, irrelevant and confidential | N/A |
| 137. | 205716-205721 | Draft Time Sheet | 7/12/99 | W. Roderick Gagné | N/A | Text referring to non-SFC related clients and/or issues redacted as non-responsive, irrelevant and confidential | N/A |

13

B-20

| | Bates Number | Document Type | Date | Author | Recipient(s) | Description | Privilege Asserted |
|---|---|---|---|---|---|---|---|
| 138. | 205722-205724 | Memorandum | 12/15/03 | Richard Eckman; Cary Levinson | Executive Committee | Text referring to non-SFC related clients and/or issues redacted as non-responsive, irrelevant and confidential | N/A |
| 139. | 205725-205726 | Letter | Undated | A.H. Wilcox | Kevin Walsh | See 199196-97 | N/A |
| 140. | 205727-205729 | Letter | 2/8/05 | A.H. Wilcox | Kevin Walsh | See 199196-97 | N/A |
| 141. | 205730-205732 | Memorandum | 1/12/99 | Roderick Gagné | John Pooler | Text referring to non-SFC related clients and/or issues redacted as non-responsive, irrelevant and confidential | N/A |
| 142. | 205733-205734 | Memorandum | 5/26/98 | Roderick Gagné | Contributions Committee | Text referring to non-SFC related clients and/or issues redacted as non-responsive, irrelevant and confidential | N/A |
| 143. | 205735-205739 | Letter | Undated | A.H. Wilcox | Daniela Lalor | See 199227-31 | N/A |
| 144. | 205740-205745 | Letter | 4/27/04 | A.H. Wilcox | Daniela Lalor | See 199227-31 | N/A |
| 145. | 205746-205749 | Memorandum | 11/13/00 | N/A | N/A | Text referring to non-SFC related clients and/or issues redacted as non-responsive, irrelevant and confidential | N/A |
| 146. | 205750-205753 | Memorandum | 6/7/99 | Roderick Gagné | Lisa Kabnick | Text referring to non-SFC related clients and/or issues redacted as non-responsive, irrelevant and confidential | N/A |

14

B-21

| | Bates Number | Document Type | Date | Author | Recipient(s) | Description | Privilege Asserted |
|---|---|---|---|---|---|---|---|
| 147. | 205754-205757 | Memorandum | 10/22/99 | Associates Committee | Executive Committee | Text referring to non-SFC related clients and/or issues redacted as non-responsive, irrelevant and confidential | N/A |
| 148. | 205758-205760 | Letter | 12/6/01 | Joseph D'Amore | IRS | Text referring to non-SFC related clients and/or issues redacted as non-responsive, irrelevant and confidential | N/A |
| 149. | 205761-205767 | Memorandum | 9/23/99 | J. Bradley Boericke | Associates Committee | Text referring to non-SFC related clients and/or issues redacted as non-responsive, irrelevant and confidential | N/A |
| 150. | 205768 | Transcribed Voicemail | 9/10/99 | N/A | N/A | Text referring to non-SFC related clients and/or issues redacted as non-responsive, irrelevant and confidential | N/A |
| 151. | 205769-205927 | New Matter Reports | Various | N/A | N/A | Documents in this range redacted to remove identity of non-SFC related clients; non-responsive, irrelevant and confidential | N/A |
| 152. | 205928-205931 | Memorandum | 2/12/01 | Janet Perry | Various Pepper attorneys | Memorandum from Pepper's special counsel to various partners regarding ethics screen between lawyers working on matters for Royal and lawyers working on matters for another non-SFC related client | Attorney-Client and Work Product |
| 153. | 205932-205953.064 | File | 2003 | N/A | N/A | File relating to Pepper's representation of Wells Fargo | Attorney-Client |

15

B-22

# McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

### ATTORNEYS AT LAW

THREE GATEWAY CENTER
100 MULBERRY STREET
NEWARK, NEW JERSEY   07102-4079
(973) 622-7711
FACSIMILE (973) 622-5314

MICHAEL S. WATERS
Direct Dial: (973) 565-2011
E-mail: mwaters@mdmc-law.com

August 31, 2006

### *VIA E-MAIL AND FIRST CLASS MAIL*

Stephen J. Shapiro, Esq.
Schnader Harrison Segal & Lewis LLP
Suite 3600, 1600 Market Street
Philadelphia, Pennsylvania 19103-7286

> Re:    *In Re: Student Finance Corporation*
> *Charles A. Stanziale, Jr., Chapter 7 Trustee of Student Finance Corporation*
> *vs. Pepper Hamilton LLP, et al.*
> *Civil Action Number: 04-1551 (JJF)*

Dear Steve:

I understand from your letter of August 14, 2006 that all requested documents regarding Mr. Wilcox prior to April 12, 2004 as to which a privilege is asserted are on your June 31, 2006 privilege log. I write to request that you cure certain deficiencies in that log and produce certain documents as to which a claim of privilege is asserted.

First, because of Pepper and Gagné's multiple representations during this period, it is not always clear from your log who the client; that is, whether it is Yao, SLS, SCM, ECM, SMS, Bast, the Trusts, some other named entity, or some combination thereof. Accordingly, it is necessary that you identify separately as to each of the documents the name of the client or clients. Please advise us if Pepper billed SFC for the work involved in any of the documents you have withheld from production to SFC. In addition, I take it that on every entry on your list, the attorney is Pepper Hamilton, LLP. If that is incorrect as to any entry, please advise.

At the hearing before Judge Farnan, when the issue of privilege was addressed, you advised that, as the privilege belongs to the clients, you were trying to contact the clients to determine whether they wish to assert the privilege. I think it was expected that you would report back on the result of that inquiry. Accordingly, please advise us as to each entity other than SFC, the name of the person you contacted, when the contact was made and what the response was, as to each item on the log. If any of those communications were in writing, please provide us with a copy.

## McElroy, Deutsch, Mulvaney & Carpenter, LLP

Stephen J. Shapiro, Esq.
August 31, 2006
Page 2

      To the extent your response indicates that Mr. Yao has asked you to refuse to produce a document on the grounds of privilege, we believe that certain of Pepper's representations give rise to what is sometimes called a fiduciary exception to the privilege. Where Pepper was doing work for Yao, who had a fiduciary obligation to SFC, or doing work with any of the other entities controlled by Yao in which SFC was a shareholder, we are entitled to see those documents on behalf of SFC. Please advise us as to whether you will produce the documents. Also, please explain your position on those documents listed on your privilege log that you have already produced, for example, number 32.

                  Very truly yours,

                  McElroy, Deutsch. Mulvaney & Carpenter, LLP

                  Michael S. Waters

MSW:dmc
cc:    John Grossbart, Esq. (Via E-Mail)

B-24

# Schnader
ATTORNEYS AT LAW

1600 MARKET STREET  SUITE 3600
PHILADELPHIA, PA  19103-7286
215.751.2000  FAX 215.751.2205  schnader.com

September 18, 2006

Stephen J. Shapiro
Direct Dial 215-751-2259
E-mail: sshapiro@schnader.com

**VIA E-MAIL AND FIRST CLASS MAIL**

Michael S. Waters, Esquire
McElroy, Deutsch, Mulvaney
   & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, New Jersey 07102

RE:    *Royal Indemn. Co. v. Pepper Hamilton LLP, et al.*, No. 05-165 (D. Del.)
        *Stanziale v. Pepper Hamilton LLP, et al.*, No. 04-1551 (D. Del.)

Dear Mike:

      I write in response to your letter of August 31, 2006 regarding Pepper's privilege log. Initially, we do not agree that the identity of the client is not clear for most of the communications listed on Pepper's privilege log. The description of the communication in most cases contains a reference to the particular client for whom the legal advice was sought or given. In the few cases in which the description does not expressly identify the client, it is clear from the description that the client was *not* SFC. If there are specific entries on the log that you believe require clarification, please let us know which ones they are.

      As for the privilege waivers that we have sought, the vast majority of items listed on Pepper's privilege log relate to legal advice given to Andrew Yao on personal or non-SFC Yao-related business matters, particularly those involving DCC Aircraft ("DCC") or Electronic Cash Management ("ECM") entities. We have contacted Ed Goldsmith, counsel for Yao, to request a waiver of the attorney-client privilege for these communications but he has not provided such a waiver.

      Most of the remaining attorney-client privileged communications listed on Pepper's privilege log relate to the SLS and SMS entities. Yao is the only officer listed for the SLS entities on corporate filings for these entities and, as noted, he has not consented to a waiver of the privilege for any communications involving personal matters or matters related to non-SFC entities. Perry Turnbull is listed as an officer of certain SMS entities, as well as Student Placement Services ("SPS"). We wrote to Mr. Turnbull on April 4, 2006, to request that he waive the privilege as to any communications involving these entities, but he did not respond to our request.

      We also contacted Linda Richenderfer, Esq., formerly of Saul Ewing's Wilmington office, who was listed as counsel for SLS and SMS in the SFC bankruptcy



ATTORNEYS AT LAW

Michael S. Waters, Esquire
September 18, 2006
Page 2

proceedings to request a waiver of the privilege as to those entities. Ms. Richenderfer informed us that she no longer represented SLS and SMS, and therefore could not waive the privilege for those entities.

      With regard to the so-called fiduciary exception, we do not believe that the exception (which has yet to be adopted by the Third Circuit) would apply here. To the extent the exception applies, it typically only requires the production of otherwise privileged communications between corporate counsel and an officer or director of a corporation when the production is sought in shareholder derivative litigation. Even in its most expansive variation, the exception would only require the production of such communications when sought by shareholders challenging the fiduciary acts of a corporate officer or director. As your client has already waived the privilege as to Pepper's legal representation of SFC, Pepper has not withheld any communications that might be subject to the broad version of the exception, *i.e.*, communications with Yao or other SFC officers or directors involving Pepper's legal representation of SFC. In short, because it is far from clear that the exception would apply in this situation, Pepper could not in good faith rely on the exception as a justification for producing otherwise privileged communications absent a waiver from its former clients.

      I hope that this clarifies some of the issues with regard to Pepper's privilege log. I also want to reiterate, as we have stated in prior discussions of this issue, that we will gladly produce any of the communications regarding Andrew Yao and other non-SFC entities upon receiving the proper waiver from Pepper's former clients. But absent such waivers, we are obviously unable to produce these materials and will continue to withhold them.

      Sincerely,

      Stephen J. Shapiro
    For SCHNADER HARRISON SEGAL & LEWIS LLP

B-26

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Civil Action No.:  04-1551(JJF)

| | |
|---|---|
| In re: | : |
| **STUDENT FINANCE** | : |
| **CORPORATION,** | : |
| | : |
| Debtor. | : |
| | : |
| **CHARLES A. STANZIALE, JR.,** | : |
| **CHAPTER 7 TRUSTEE OF** | : |
| **STUDENT FINANCE** | : |
| **CORPORATION,** | : |
| | : |
| Plaintiff, | : |
| | : |
| | : |
| v. | : |
| | : |
| **PEPPER HAMILTON LLP, et al.** | : |
| | : |
| Defendants. | : |

## SECOND REQUEST FOR PRODUCTION OF DOCUMENTS OF CHARLES A. STANZIALE, JR., CHAPTER 7 TRUSTEE OF STUDENT FINANCE CORPORATION DIRECTED TO PEPPER HAMILTON LLP

TO:    Stephen J. Shapiro, Esq.
       Schnader Harrison Segal & Lewis LLP
       Suite 3600, 1600 Market Street
       Philadelphia, Pennsylvania 19103-7286

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Charles A. Stanziale,

Jr., Chapter 7 Trustee of Student Finance Corporation (the "Trustee"), hereby demands that Pepper

Hamilton LLP produce the requested documents for inspection and copying at the offices of

B-27

McElroy, Deutsch, Mulvaney & Carpenter LLP, 3 Gateway Center, 100 Mulberry Street, Newark,

New Jersey 07102, by June 6, 2006.

McElroy, Deutsch, Mulvaney & Carpenter, LLP
Attorneys for Plaintiff

BY: _____
MICHAEL S. WATERS
A Member of the Firm

Dated:   May 8, 2006

2

B-28

## DEFINITIONS

1.     "You" and "Your" means Pepper Hamilton LLP and/or W. Roderick Gagné.

2.     "Pepper" shall mean Pepper Hamilton LLP and its current or former directors, officers, partners, members, employees, agents, representatives and attorneys, and each person acting on its behalf or under its control, and any parent, subsidiary, predecessor or affiliated corporation, that have possession of, custody of, control of, knowledge of, or responsibility for any document or information called for by these discovery requests.

3.     "All" and "any" shall mean "any and all."

4.     "And" and "or" are used interchangeably and must be interpreted both conjunctively and disjunctively to ensure the broadest disclosure of information, and shall not be interpreted to exclude any information otherwise within the scope of any request.

5.     "Communicate" or "communication" shall mean oral, written or any other exchange of words, thoughts or ideas to another person or entity, whether person to person, in a group, in a meeting, by telephone, by, without limitation, letter, telex, electronic mail (e-mail or instant messaging), letter, note, memorandum, interoffice correspondence, voicemail, cable communicating data processor or facsimile or by any other process, electronic or otherwise.  All written communications shall include, without limitation, printed, typed, handwritten or other readable documents as defined herein.

6.     "Amended Complaint" shall mean the Amended Complaint filed by the Trustee, presently pending in the United States District Court for the District of Delaware, Case No. 04-1551 (JJF).

3

7.    "Concern," "concerns," or "concerning" means to have to do with, relating to, referring to or evidencing.

8.    "Defendants" or "Defendant" shall mean each defendant in the proceeding identified in the above caption in which you are named as a defendant.  The term shall also include your principals, owners, officers, directors, partners, shareholders, stockholders, associates, affiliates, employees, subsidiaries, divisions, successors, and predecessors, and all persons or entities acting or purporting to act on its behalf, whether authorized to do so or not, that have possession of, custody of, control of, knowledge of, or responsibility for any information or document called for by these discovery requests.

9.    "Document" or "documents" is used in its broadest sense and shall mean and include all written, printed, typed, recorded, or graphic data or matter of every kind and description, both originals and copies, and all attachments and appendices thereto. The terms "document" and "documents" shall include, without limitation, all agreements, contracts, communications, correspondence, letters, telegrams, telexes, messages, e-mail, memoranda, records, reports, books, summaries or other records of telephone conversations or interviews, summaries or other records of personal conversations, minutes or summaries or other records of meetings and conferences, summaries or other records of negotiations, diaries, diary entries, calendars, appointment books, visitor records, time records, instructions, work assignments, forecasts, statistical data, statistical statements, worksheets, work papers, drafts, graphs, maps, charts, tables, analytical records, consultants' reports, appraisals, notes, marginal notations, notebooks, statements, lists, recommendations, files, printouts, compilations, tabulations, confirmations, analyses, studies,

4

B-30

surveys, transcripts of hearings, transcripts of testimony, microfilm, microfiche, articles, speeches, tape or disk recordings, sound recordings, video recordings, film, tape, photographs, data compilations from which information can be obtained (including matter used in data processing) and any other printed, written, handwritten, typewritten, recorded, stenographic, computer-generated, computer-stored, or electronically stored matter, however and by whomever produced, prepared, reproduced, disseminated or made. All requests for documents herein shall include a request for all copies of the documents including all versions of any documents existing on Pepper or Gagné's document management system.

10. "Electronic data" shall mean all information maintained by electronic data processing systems, including, but not limited to, computer programs, programming notes, or instructions, input and/or output used or produced by any software program or utility, electronic spreadsheets, databases including all records and fields and structural information, charts, graphs, outlines, operating systems, source code of all types, programming languages, any and all information stored on computer memories, hard disks, floppy disks, CD-ROM drives, magnetic tape of all types, micro-fiche, computer chips, including but not limited to, EPROM, PROM, RAM, and ROM, or on or in any other vehicle for digital data storage and/or transmittal.

11. "Family Defendants" shall mean the following: Robert L. Bast; Pamela Bashore Gagné; W. Roderick Gagné, Trustee of Trust Under Deed of Elizabeth B. Brennan Dated January 12, 1994; W. Roderick Gagné, Trustee of Trust Under Deed Of Elizabeth B. Brennan Dated January 12, 1994, fbo W. Roderick Gagné; W. Roderick Gagné, Trustee of Trust Under Deed of Elizabeth B. Brennan Dated January 12, 1994, fbo Phillip B. Gagné; W. Roderick Gagné, Trustee of Trust

5

B-31

Under Deed of Elizabeth B. Brennan Dated January 12, 1994, fbo Elizabeth L. Gagné; W. Roderick Gagné, Trustee of Trust Under Deed of James T. Brennan Dated April 8, 1991, fbo W. Roderick Gagné; W. Roderick Gagné, Trustee of Trust Under Deed of James T. Brennan Dated April 8, 1991, fbo Phillip B. Gagné; and W. Roderick Gagné, Trustee of Trust Under Deed of James T. Brennan Dated April 8, 1991, fbo Elizabeth L. Gagné.

12.    "Gagné" shall mean W. Roderick Gagné, including his agents, representatives, and all other persons or entities acting or purporting to act on his behalf, whether authorized to do so or not, including any consultants, brokers, or attorneys.

13.    "Person" or "persons" as used herein shall include natural persons, firms, associations, corporations, partnerships, or other entities, and whenever a request is made herein for the name of a person, it is the intention that the answer shall also state his or its address.

14.    The terms "related to" or "relating to" shall mean analyzing, addressing, concerning, consisting of, regarding, referring to, refuting, discussing, describing, evidencing, constituting, compromising, containing, setting forth, showing, disclosing, explaining, summarizing, memorializing, reflecting, commenting on, having to do with, relating to, or otherwise having any logical or factual connection with the subject matter of the document request. All the terms included in the definition of "related to" and any of their derivations are themselves used synonymously with "pertain to" when used in this request.

15.    "Royal" shall mean Royal Indemnity Company, and its current or former directors, officers, employees, agents and attorneys, each person acting on its behalf or under its control, and any parent, subsidiary, predecessor or affiliated corporation.

6

16.    "SFC" shall mean Student Finance Corporation, Student Marketing Services, LLC ("SMS"), Student Loan Servicing, LLC ("SLS"), SFC Financial I, LLC, SFC Financial II, LLC, SFC Acceptance I, SFC Acceptance II, SFC Acceptance III, SFC Acceptance IV, SFC Acceptance V, SFC Acceptance VI, SFC Acceptance VII, SFC Acceptance VIII, SFC Acceptance IX, SFC Grantor Trust, Series 2000-1, SFC Grantor Trust, Series 2000-2, SFC Grantor Trust, Series 2000-3, SFC Grantor Trust, Series 2000-4, SFC Grantor Trust, Series 2001-1, SFC Grantor Trust, Series 2001-2, SFC Grantor Trust, Series 2001-3, and SFC Owner Trust 2001A-1, and their principals, owners, officers, directors, partners, stockholders, shareholders, associates, employees, staff members, agents, representatives, attorneys, subsidiaries, affiliates, divisions, successors or predecessors.

17.    "Yao" shall mean Andrew N. Yao, including his agents, representatives, assigns, and all other persons or entities acting or purporting to act on his behalf, whether authorized to do so or not, including any consultants, brokers, or attorneys.

7

B-33

## INSTRUCTIONS

When producing a requested document or file, indicate in an appropriate manner to which of these specific document requests the document or file applies. In the alternative, produce responsive documents as they are kept in the ordinary course of business.

With respect to any information and to each document called for by these requests that you contend is protected by any privilege, work product doctrine, or other exemption from discovery, provide a privilege log in accordance with Federal Rule of Civil Procedure 26(b)(5).

When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the purportedly privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration. Any redaction must be clearly visible on the redacted document.

To the extent that you believe that any of these requests are objectionable, produce all documents responsive to that portion of the request that are not objectionable to you, and separately state the portion of each request to which you object and the grounds for the objection.

Unless otherwise indicated, these requests call for the production of documents concerning the period of January 1, 1998, through the present.

The specificity of any request herein shall not be construed to limit the generality or scope of any other request herein.

8

The terms "and" and "or" shall be construed either disjunctively or conjunctively so as to bring within the scope of these requests all documents which might otherwise be construed to be outside their scope.

The singular form of any noun or pronoun includes the plural, and vice versa.

The masculine form of any noun or pronoun includes the feminine, and vice versa. The masculine or feminine form of any noun or pronoun includes the neuter and vice versa.

These requests are continuing and require further and prompt supplemental responses in accordance with Federal Rule of Civil Procedure 26(e) whenever you acquire or discover additional responsive information between the time the initial responses are made and the conclusion of the trial of this action.

9

B-35

## DOCUMENT REQUESTS

1.     Each and every document on which Pepper relies in asserting any affirmative defense to the Amended Complaint and each and every document which sets forth or refers to facts on which any affirmative defense to the Amended Complaint is based.

2.     Documents sufficient to identify and establish the effect of the fees received from SFC on the compensation paid to Roderick Gagne by Pepper Hamilton.

3.     Each and every document which sets forth, describes, relates or refers to any consideration, evaluation or reference to the business or fees received or anticipated to be received from SFC and Yao, at or about the time at which Roderick Gagne joined Pepper Hamilton.

4.     All documents which show all or part of the results, including the results in electronic form, of all conflict searches run by Pepper Hamilton with respect to SFC and the Family Defendants.

5.     Documents sufficient to establish the nature of each of Pepper Hamilton's engagements to perform services for Yao,  Lore Yao, and the Family Defendants.

6.     Each and every brochure, advertisement or other literature prepared or distributed by Pepper Hamilton or by anyone on its behalf which includes a description or reference to the business of SFC or the work that Pepper Hamilton did for SFC.

7.     Each and every brochure, advertisement or other literature prepared or distributed by Pepper Hamilton or by anyone on its behalf, which includes a description of or reference to Pepper Hamilton's experience and capabilities regarding securitized financing.

8.     The entire Attorneys' Manual for each year in which Roderick Gagne was an attorney at Pepper Hamilton.

9.     The entire Employees' Manual for each year in which Maria DeCarlo was an employee at Pepper Hamilton.

B-36

10.     All documents filed or submitted to the Court on behalf of Pepper Hamilton in the matter <u>Executive Risk Indemnity, Inc. v. Pepper Hamilton LLP, et al.</u>, Index Number 05603624, redacted to eliminate any reference to settlement or settlement negotiations.

11.     Each and every document in which anyone with management responsibility at Pepper Hamilton evaluated, reviewed or critiqued the work done by Pepper Hamilton attorneys for SFC.

12.     Each and every document referring to or considering Pepper Hamilton's withdrawal or possible withdrawal from representation of SFC.

13.     Each and every document evaluating or considering the possibility of a claim against Pepper Hamilton arising out of its representation of SFC, Yao, or the Family Defendants.

14.     Each and every document submitted to any government agency or authority regarding Yao or Gagne.

15.     All documents, including, without limitation, notes, minutes, memoranda and e-mails, prepared, sent or received by any member of Pepper Hamilton's Professional Responsibility Committee referring or relating to Gagne, SFC, Yao or the Family Defendants.

16.     All documents, including, without limitation, notes, minutes, memoranda and e-mails, prepared, sent or received by any member of Pepper Hamilton's Finance Committee referring or relating to Gagne, SFC, Yao or the Family Defendants.

17.     All documents, including, without limitation, notes, minutes, memoranda and e-mails, prepared, sent or received by any Pepper Hamilton committee or partner, performing the function of an executive or management committee or managing partner, referring or relating to Gagne, SFC, Yao or the Family Defendants.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

In re:                                          :

STUDENT FINANCE CORPORATION,                    :    Chapter 7

                 Debtor.    :    Bankruptcy Case No.: 02-11620-JBR

 

CHARLES A. STANZIALE, JR.,                      :
CHAPTER 7 TRUSTEE OF STUDENT                    :
FINANCE CORPORATION,                            :

                Plaintiff,    :    Civil Action No.: 04-1551 (JJF)

       v.                                     :

PEPPER HAMILTON LLP, et al.,                    :

             Defendants.    :

## NOTICE OF SERVICE

PLEASE TAKE NOTICE that on May 8, 2006, Charles A. Stanziale, Jr., Chapter

7 Trustee of the Estate of Student Finance Corporation, by and through undersigned

counsel, served via electronic mail and United States First Class mail copies of the

**Second Request for Production of Documents of Charles A. Stanziale, Jr., Chapter 7**

**Trustee of the Estate of Student Finance Corporation Directed to Pepper Hamilton**

**LLP** on the following:

Neil G. Epstein, Esquire                    Veronica E. Rendon, Esquire
Eckert Seamans Cherin & Mellot, LLC         Arnold & Porter LLP
1515 Market Street, 9th Floor               399 Park Avenue
Philadelphia, PA 19102-1909                 New York, NY 10022

Thomas H. L. Selby, Esquire                 Stephen J. Shapiro, Esquire
Williams & Connolly, LLP                    Schnader Harrison Segal & Lewis LLP
725 12th Street NW                          1600 Market Street, Suite 2600
Washington, DC 20005                        Philadelphia, PA 19103

624952v2

B-38

88
5/9/06

John H. Eickemeyer, Esquire
Vedder Price Kaufman & Kammholz PC
805 Third Avenue
New York, New York 10022
John I. Grossbart, Esquire
Sonnenschein Nath & Rosenthal LLP
Sears Tower, Suite 7800
233 South Wacker Drive
Chicago, IL 60606

John Bicks, Esquire
Sonnenschein Nath & Rosenthal LLP
1221 Avenue of the Americas
New York, NY 10020-1089

Andre G. Castaybert, Esquire
Proskauer Rose LLP
1585 Broadway
New York, NY 10036
Lisa A. Macvittie, Esquire
Sonnenschein Nath & Rosenthal LLP
1301 K. Street, N.W.
East Tower, Suite 600
Washington, DC 20005-3364

Dated:    May 9, 2006
          Wilmington, Delaware

THE BAYARD FIRM

Daniel K. Astin (No. 4068)
Ashley B. Stitzer (No. 3891)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19899
(302) 655-5000 (telephone)
(302) 658-6395 (facsimile)

- and -

Michael S. Waters, Esquire
Lois H. Goodman, Esquire
McElroy, Deutsch, Mulvaney &
Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, New Jersey 07102-4079
(973) 622-7711 (telephone)
(973) 622-5314 (facsimile)

Attorneys for Plaintiff, Charles a. Stanziale,
Jr., Chapter 7 Trustee for Student Finance
Corporation

624952v2

**Wilcox, Alfred**

| | |
|---|---|
| **From:** | Grant, M. Duncan |
| **Sent:** | Tuesday, April 30, 2002 6:17 PM |
| **To:** | Wilcox, Alfred; Gagne, Roderick |
| **Subject:** | RE: Nielsen v. SFC --- transfer of case to new counsel |

REDACTED

```
-----Original Message-----
From: Perry Turnbull [mailto:Pturnbull@sfcorp.com]
Sent: Tuesday, April 30, 2002 6:09 PM
To: 'Grant, M. Duncan'
Subject: RE: Nielsen v. SFC --- transfer of case to new counsel
```

Duncan,

Thank you. We will most likely send this to the Fox Rothchild group, but we are exploring alternatives.

Can you make any recommendations as to who might serve SFC as well as you did?

Not to be embarrass, but we would like to clone you.

Sincerely,
Perry

```
-----Original Message-----
From: Grant, M. Duncan [mailto:GRANTM@pepperlaw.com]
Sent: Tuesday, April 30, 2002 4:00 PM
To: 'Perry Turnbull'
Subject: Nielsen v. SFC --- transfer of case to new counsel
```

Dear Perry:

As you know, the Nielsen case has not been active for several months, almost all of Nielsen's claims have been resolved in SFC's and Andrew's favor, the court has ruled in favor of SFC on its counterclaim, and there are no deadlines facing SFC at the moment. In view of Pepper's withdrawal from SFC matters, I suggest that you contact Mike Maransky or others at the Fox Rothschild firm and request that they take over the representation from us. I have checked Fox Rothschild's web page, and it says they have two litigators in their Delaware office. In addition, if the Fox Rothschild firm wishes to do so, they could utilize lawyers from their other offices to work on the case.

If SFC would prefer to use Delaware counsel other than the Fox Rothschild firm, that is of course fine, too. Although there is no urgency at the moment, we would like to make the transfer within the next week or two. Once you have told us which new firm will be representing SFC, we can make the appropriate arrangements to transfer our pleadings file, etc.

Regards, Duncan

```
*****************************************************
```

1

PEPPER 199176

B-40

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

In re:                                          :
STUDENT FINANCE CORPORATION,   :
                        Debtor.              :
                                                 :       Civil Action No. 04-1551(JJF)
_____:
CHARLES A. STANZIALE, JR.,           :
CHAPTER 7 TRUSTEE OF STUDENT  :
FINANCE CORPORATION,                  :
                                                 :
                        Plaintiff,            :
        v.                                       :
                                                 :
PEPPER HAMILTON LLP, et al.,          :
                                                 :
                        Defendants.        :
_____:

PEPPER HAMILTON LLP'S RESPONSES AND OBJECTIONS TO
THE TRUSTEE'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant Pepper

Hamilton LLP ("Pepper") objects and responds to the Second Request for Production of

Documents of Charles A. Stanziale, Jr., Chapter 7 Trustee of Student Finance Corporation

Directed to Pepper Hamilton LLP (the "Requests") as follows:

GENERAL OBJECTIONS

1.      Pepper objects to the instructions and definitions in the Requests to the

extent they seek to expand Pepper's obligations under the applicable Federal and Local Rules of

Civil Procedure.  Pepper will respond to the Requests pursuant to the Federal Rules of Civil

B-41

Procedure and Local Rules of Civil Procedure of the United States District Court for the District of Delaware.

2.     Pepper objects to the Requests to the extent they call for the disclosure of attorney work product or of materials prepared in anticipation of litigation or for trial or disclosure of privileged communications between attorney and client.

3.     Pepper objects to the Requests to the extent they call for the disclosure of confidential information.

4.     Pepper objects to the Requests, including the instructions and definitions, to the extent they are overbroad, vague, ambiguous, confusing and misleading.  Pepper will respond in accordance with accepted English usage.

5.     Pepper objects to the Requests as overbroad, unduly burdensome, harassing, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent that they request the production of documents that do not relate to SFC, the SFC Trusts, Yao, Branford Hall, CEC or Day Hill (as those person and entities are defined in the Trustee's first set of requests for the production of documents).  Pepper only will produce documents that relate to SFC, the SFC Trusts, Yao, Branford Hall, CEC or Day Hill (as those person and entities are defined in the Trustee's first set of requests for the production of documents) and that are not subject to other objections.

6.     Pepper objects to the Requests to the extent that responding would impose an undue burden on Pepper and/or to the extent that the information, materials or documents sought are equally available to the Trustee.

2

7.     Pepper objects to the Requests to the extent they seek information, materials or documents that are not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence.

8.     Pepper objects to the Requests to the extent they seek the production of documents in the possession of other persons or entities or the production or creation of documents not in the possession, custody or control of Pepper. Pepper will respond to each request only to the extent such documents are in the possession, custody or control of Pepper and are not otherwise publicly available.

9.     Pepper objects to each request to the extent that it is unreasonably cumulative or duplicative.

10.     Pepper reserves all objections that may be available to it at any hearing or trial or on any motion to the use or admissibility of any material produced. The production of any material does not constitute an admission by Pepper that such material or the information contained therein is relevant to this action or admissible in evidence.

11.     Inadvertent production of any material subject to the attorney-client privilege, the work product doctrine, prepared in anticipation of litigation or for trial, or that is otherwise protected or immune from discovery shall not constitute a waiver of any privilege or of any other ground for objecting to discovery of such material, its subject matter or information contained therein or of Pepper's right to object to the use of such material during any later proceeding or otherwise seek return of the material.

B-43

12.    The failure of Pepper to make a specific objection to a particular, individual request is not, and shall not be construed as, an admission of knowledge of the information or existence of the documents sought therein.

13.    Pepper objects to the Trustee's definition of the term "You" and "Your" in the Trustee's Definition No. 1 to the extent the definition includes W. Roderick Gagné in any capacity other than in his capacity as an attorney practicing at Pepper.  Pepper's responses to the Requests construe the terms "You," and "Your" to mean Pepper Hamilton LLP and W. Roderick Gagné in his capacity as an attorney practicing at Pepper Hamilton LLP.

14.    Pepper objects to the Trustee's definition of the term "Pepper" in the Trustee's Definition No. 2 on the grounds that it is unduly burdensome, overbroad, not reasonably calculated to lead to the discovery of admissible evidence and calculated to harass insofar as it purports to cover persons or entities that are not parties to this action and/or did not have any role in transactions relating to SFC.  Pepper's responses to the Requests construe the term "Pepper" to mean Pepper only, and such of its current and former partners, employees, representatives and agents with material personal knowledge about the areas of inquiry of these Requests.

15.    Pepper objects to the Trustee's definition of the terms "Defendants" or "Defendant" in the Trustee's Definition No. 8 on the grounds that it is unduly burdensome, overbroad, not reasonably calculated to lead to the discovery of admissible evidence and calculated to harass insofar as it purports to cover persons or entities that are not parties to this action and/or did not have any role in transactions relating to SFC.  Pepper's responses to the Requests construe the terms "Defendants" or "Defendant" to mean Pepper and Gagné only, and

4

B-44

such of their current and former partners, employees, representatives and agents with material personal knowledge about the areas of inquiry of these Requests.

16.     Pepper objects to the Trustee's definition of the term "Document" or "documents" in the Trustee's Definition No. 9 on the grounds that it is unduly burdensome insofar as it purports to impose on the Pepper Defendants requirements beyond those provided for in the Federal Rules of Civil Procedure. Pepper construes the term "Document" to have the meaning provided for in Rule 34 of the Federal Rules of Civil Procedure.

17.     Pepper objects to the Trustee's definition of the term "Electronic data" in the Trustee's Definition No. 10 on the grounds that it is unduly burdensome insofar as it purports to impose on Pepper requirements beyond those provided for in the Federal Rules of Civil Procedure.

18.     Pepper objects to the Trustee's definition of the term "Gagné " in the Trustee's Definition No. 12 to the extent the definition includes W. Roderick Gagné in any capacity other than in his capacity as an attorney practicing at Pepper. Pepper's responses to the Requests construe the terms "You," and "Your" to mean Pepper Hamilton LLP and W. Roderick Gagné in his capacity as an attorney practicing at Pepper Hamilton LLP.

19.     Pepper is responding to the Requests subject to and without waiving these general objections.

20.     Any response stating that documents will be produced and/or made available for inspection to the extent they are in the possession, custody or control of Pepper does not constitute an admission that documents responsive to the request exist or ever existed.

5

## RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

1.    Each and every document on which Pepper relies in asserting any affirmative defense to the Amended Complaint and each and every document which sets forth or refers to facts on which any affirmative defense to the Amended Complaint is based.

**RESPONSE:**

**Pepper specifically objects to this request on the grounds that it seeks the production of attorney work product. Subject to and without waiving the foregoing specific and general objections, to the extent responsive documents are or were in the possession, custody or control of the Pepper Defendants, those documents either already have been produced or will be produced and/or made available for inspection.**

2.    Documents sufficient to identify and establish the effect of the fees received from SFC on the compensation paid to Roderick Gagne by Pepper Hamilton.

**RESPONSE:**

**No responsive documents exist.**

3.    Each and every document which sets forth, describes, relates or refers to any consideration, evaluation or reference to the business or fees received or anticipated to be received from SFC and Yao, at or about the time at which Roderick Gagne joined Pepper Hamilton.

**RESPONSE:**

**No responsive documents exist.**

4.    All documents which show all or part of the results, including the results in electronic form, of all conflict searches run by Pepper Hamilton with respect to SFC and the Family Defendants.

**RESPONSE:**

**No responsive documents exist.**

B-46

5.    Documents sufficient to establish the nature of each of Pepper Hamilton's engagements to perform services for Yao, Lore Yao, and the Family Defendants.

**RESPONSE:**

**Pepper specifically objects to this request on the grounds that the phrase "establish the nature" is vague and ambiguous. Subject to and without waiving the foregoing specific and general objections, to the extent responsive documents are or were in the possession, custody or control of the Pepper Defendants, those documents either already have been produced or will be produced and/or made available for inspection.**

6.    Each and every brochure, advertisement or other literature prepared or distributed by Pepper Hamilton or by anyone on its behalf which includes a description or reference to the business of SFC or the work that Pepper Hamilton did for SFC.

**RESPONSE:**

**Pepper specifically objects to this request on the grounds that it is overbroad, burdensome, calculated to harass, and requests the production of documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing general and specific objections, to the extent responsive documents are in the possession, custody or control of Pepper, those documents will be produced and/or made available for inspection.**

7.    Each and every brochure, advertisement or other literature prepared or distributed by Pepper Hamilton or by anyone on its behalf, which includes a description of or reference to Pepper Hamilton's experience and capabilities regarding securitized financing.

**RESPONSE:**

**Pepper specifically objects to this request on the grounds that it is overbroad, burdensome, calculated to harass, and requests the production of documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing general and specific objections, to the extent responsive documents are in the possession, custody or control of Pepper, those documents will be produced and/or made available for inspection.**

B-47

8.     The entire Attorneys' Manual for each year in which Roderick Gagne was an attorney at Pepper Hamilton.

**RESPONSE:**

**Pepper specifically objects to this request on the grounds that it is overbroad, burdensome, calculated to harass, and requests the production of documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.**

9.     The entire Employees' Manual for each year in which Maria DeCarlo was an employee at Pepper Hamilton.

**RESPONSE:**

**Pepper specifically objects to this request on the grounds that it is overbroad, burdensome, calculated to harass, and requests the production of documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.**

10.     All documents filed or submitted to the Court on behalf of Pepper Hamilton in the matter Executive Risk Indemnity, Inc. v. Pepper Hamilton LLP, et al., Index Number 05603624, redacted to eliminate any reference to settlement or settlement negotiations.

**RESPONSE:**

**Pepper specifically objects to this request on the grounds that it is overbroad, burdensome, calculated to harass, and requests the production of documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Pepper also specifically objects to this request on the grounds that it seeks the production of communications protected from disclosure by the attorney client privilege. Pepper also specifically objects to this request on the grounds that it seeks the production of confidential information and communications. Subject to and without waiving the foregoing general and specific objections, to the extent non-privileged, non-confidential responsive documents are in the possession, custody or control of Pepper, those documents will be produced and/or made available for inspection.**

11.    Each and every document in which anyone with management responsibility at Pepper Hamilton evaluated, reviewed or critiqued the work done by Pepper Hamilton attorneys for SFC.

**RESPONSE:**

**Pepper specifically objects to this request on the grounds that it seeks the production of confidential information.  Subject to and without waiving the foregoing general and specific objections, to the extent non-confidential responsive documents are or were in the possession, custody or control of Pepper, those documents either already have been produced or will be produced and/or made available for inspection.**

12.    Each and every document referring to or considering Pepper Hamilton's withdrawal or possible withdrawal from representation of SFC.

**RESPONSE:**

**Pepper specifically objects to this request on the grounds that it seeks the production of privileged communications between attorney and client. Pepper also specifically objects to this request on the grounds that it seeks the production of confidential information and attorney work product. Pepper also specifically objects to this request on the grounds that it is duplicative of Request No. 32 in the Trustee's first set of document requests. Subject to and without waiving the foregoing general and specific objections, to the extent non-privileged, non-confidential responsive documents are or were in the possession, custody or control of Pepper, those documents either already have been produced or will be produced and/or made available for inspection.**

B-49

13.     Each and every document evaluating or considering the possibility of a claim against Pepper Hamilton arising out of its representation of SFC, Yao, or the Family Defendants.

### RESPONSE:

**Pepper specifically objects to this request on the grounds that it seeks the production of privileged communications between attorney and client. Pepper also specifically objects to this request on the grounds that it seeks the production of confidential information and attorney work product. Subject to and without waiving the foregoing general and specific objections, to the extent non-privileged, non-confidential responsive documents are or were in the possession, custody or control of Pepper, those documents either already have been produced or will be produced and/or made available for inspection.**

14.     Each and every document submitted to any government agency or authority regarding Yao or Gagne.

### RESPONSE:

**Pepper specifically objects to this request on the grounds that it is overbroad. Pepper also specifically objects to this request on the grounds that it requests the production of documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Pepper also specifically objects to this request on the grounds that it seeks the production of confidential information. Pepper also specifically objects to this request on the grounds that it seeks the production of documents that, if they exist, may be in the possession of persons or entities other than Pepper. Subject to and without waiving the foregoing general and specific objections, to the extent non-confidential documents that are relevant to this action or that reasonably could lead to the discovery of admissible evidence are or were in the possession, custody or control of Pepper, those documents either already have been produced or will be produced and/or made available for inspection.**

B-50

15.     All documents, including, without limitation, notes, minutes, memoranda and e-mails, prepared, sent or received by any member of Pepper Hamilton's Professional Responsibility Committee referring or relating to Gagne, SFC, Yao or the Family Defendants.

**RESPONSE:**

**Pepper specifically objects to this request on the grounds that it seeks the production of privileged communications between attorney and client. Pepper also specifically objects to this request on the grounds that it seeks the production of confidential information and attorney work product. Pepper further objects that requiring it to log all communications between Pepper attorneys and Pepper's in-house counsel (who also is a member of Pepper Hamilton's Professional Responsibility Committee) that refer or relate to Gagné, SFC, Yao or the Family Defendants would impose an undue and unreasonable burden on Pepper and, therefore, Pepper will not provide a log of such privileged communications. Subject to and without waiving the foregoing general and specific objections, no responsive documents exist that were sent to a member of Pepper Hamilton's Professional Responsibility Committee in his or her capacity as a member of Pepper Hamilton's Professional Responsibility Committee.**

16.     All documents, including, without limitation, notes, minutes, memoranda and e-mails, prepared, sent or received by any member of Pepper Hamilton's Finance Committee referring or relating to Gagne, SFC, Yao or the Family Defendants.

**RESPONSE:**

**Pepper specifically objects to this request on the grounds that it requests the production of documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Pepper also specifically objects to this request on the grounds that it seeks the production of confidential information. Subject to and without waiving the foregoing general and specific objections, to the extent responsive documents are or were in the possession, custody or control of Pepper, those documents either already have been produced or will be produced and/or made available for inspection.**

11

B-51

17.    All documents, including, without limitation, notes, minutes, memoranda and e-mails, prepared, sent or received by any Pepper Hamilton committee or partner, performing the function of an executive or management committee or managing partner, referring or relating to Gagne, SFC, Yao or the Family Defendants.

**RESPONSE:**

**Pepper specifically objects to this request on the grounds that it is overbroad and requests the production of documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Pepper also specifically objects to this request on the grounds that it seeks the production of privileged communications between attorney and client. Pepper also specifically objects to this request on the grounds that it seeks the production of confidential information and attorney work product.**

Dated: June 7, 2006
      Wilmington, Delaware

William H. Sudell, Jr., Esq. (No. 0463)
Donna L. Culver (No. 2983)
Daniel B. Butz (No. 4227)
MORRIS, NICHOLS, ARSHT & TUNNELL
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
(302) 658-9200
(302) 658-3989 (facsimile)

*Counsel for defendant Pepper Hamilton LLP and W. Roderick Gagné*

OF COUNSEL:

SCHNADER HARRISON SEGAL & LEWIS LLP
Elizabeth K. Ainslie, Esq.
Nicholas J. LePore, III, Esq.
Bruce P. Merenstein, Esq.
Stephen J. Shapiro, Esq.
1600 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103
(215) 751-2000
(215) 751-2205 (facsimile)

12

B-52

## <u>CERTIFICATE OF SERVICE</u>

I, Daniel B. Butz, certify that I am not less than 18 years of age, and that service of the foregoing **Pepper Hamilton LLP's Responses And Objections To The Trustee's Second Request For Production Of Documents** was caused to be made on June 7, 2006, in the manner indicated upon the entities on the attached service list.

Date: June 7, 2006

_____

Daniel B. Butz (No. 4227)

523713

B-53

## SERVICE LIST

### Via Hand Delivery

Christopher M. Winter
Duane Morris LLP
1100 North Market Street
Suite 1200
Wilmington, DE 19801
*Counsel for Freed Maxick & Battaglia, CPAs, PC; McGladrey & Pullen LLP and Michael Aquino*

Tiffany Geyer Lydon
Philip Trainer, Jr.
Carolyn Shelly Hake
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899
*Counsel for Royal Indemnity Company*

Karen Lee Turner
Eckert Seamans Cherin & Mellott, LLC
300 Delaware Avenue, Suite 1360
Wilmington, Delaware 19801
*Counsel for W. Roderick Gagné, Pamela Bashore Gagné, Robert L. Bast and the Trusts*

John W. Shaw
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
*Counsel for MBIA*

James L. Holzman
J. Clayton Athey
Prickett, Jones & Elliott, P.A.
1310 King Street
P.O. Box 1328
Wilmington, DE 19899
*Counsel for Freed Maxick & Battaglia, CPAs, PC*

Christopher A. Ward
Anthony Saccullo
Daniel K. Astin
Ashley B. Stitzer
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
*Counsel for Charles A. Stanziale, Jr., Chapter 7 Trustee of Student Finance Corporation*

B-54

**Via First Class Mail**

Stephen J. Shapiro
Elizabeth K. Ainslie
Nicholas J. LePore, III
Bruce P. Merenstein
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Suite 2600
Philadelphia, PA 19103
*Counsel for Pepper Hamilton LLP and W. Roderick Gagné*

Michael S. Waters
Lois H. Goodman
McElroy, Deutsch, Mulvaney
   & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
*Counsel for Charles A. Stanziale, Jr*

Neil G. Epstein
Carol L. Press
Eckert Seamans Cherin & Mellott, LLC
1515 Market Street, 9th Floor
Philadelphia, PA 19102-1909
*Counsel for W. Roderick Gagné, Pamela Bashore Gagné, Robert L. Bast and the Trusts*

John I. Grossbart
Alan S. Gilbert
Sonnenschein Nath & Rosenthal LLP
8000 Sears Tower
233 S. Wacker Drive
Chicago, IL 60606
*Counsel for Royal Indemnity Company*

Veronica E. Rendon
Richard P. Swanson
Jason M. Butler
Arnold & Porter LLP
399 Park Avenue
New York, NY 10022
*Counsel for McGladrey & Pullen LLP and Michael Aquino*

Steven M. Farina
Thomas H.L. Selby
WILLIAMS & CONNOLLY LLP
725 12th Street, N.W.
Washington, D.C. 20005
*Counsel for McGladrey & Pullen LLP*

Andre G. Castaybert
Proskauer Rose LLP
1585 Broadway
New York, NY 10036
*Counsel for MBIA*

John H. Eickemeyer
Vedder Price Kaufman & Kammholz, P.C.
805 Third Avenue
New York, NY 10022
*Counsel for Freed Maxick & Battaglia, CPAs, PC*