317

1    IN THE UNITED STATES DISTRICT COURT
         FOR THE DISTRICT OF DELAWARE

2

3    MBIA INSURANCE CORPORATION      :
     and WELLS FARGO BANK,           :
     N.A. (f/k/a WELLS FARGO         :
4    BANK MINNESOTA N.A.) as         :
     TRUSTEE OF SFC GRANTOR          :
5    TRUST, SERIES 2000-1, SFC       :
     GRANTOR TRUST, SERIES           :
6    2000-2, SFC GRANTOR TRUST,      : C.A. NO.
     SERIES 2000-3, SFC GRANTOR      : 02-1294-JJF
7    TRUST, SERIES 2000-4, SFC       :
     GRANTOR TRUST, SERIES 2001-1,:
8    SFC GRANTOR TRUST, SERIES       :
     2001-2, SFC OWNER TRUST         :
9    2001-I, AND SFC GRANTOR         :
     TRUST, SERIES 2001-3,           :
10        Plaintiffs/Counterclaim :
             Defendants,            : TRACK(I)WITNESS:
11                                  : M. DUNCAN GRANT
             v.                     : VOLUME II
12   ROYAL INDEMNITY COMPANY,       :
          Defendant/Counterclaim: DATE:
13           Plaintiff.            : OCTOBER 11, 2006
     _____
14   ROYAL INDEMNITY COMPANY,
          Third-Party Plaintiff,
15
     vs.
16
     ANDREW N. YAO, STUDENT LOAN
17   SERVICING LLC, STUDENT LOAN
     ACCEPTANCE II LLC, STUDENT LOAN
18   ACCEPTANCE III LLC, STUDENT LOAN
     ACCEPTANCE III LLC, STUDENT LOAN
19   ACCEPTANCE V LLC, STUDENT LOAN
     ACCEPTANCE VIII LLC, STUDENT LOAN
20   ACCEPTANCE IX LLC, SFC FINANCIAL LLC
     I, SFC FINANCIAL LLC II, SFC
21   FINANCIAL LLC VI, SFC FINANCIAL LLC
     VII,
22        Third-Party Defendants.

     _____
23   ROYAL INDEMNITY COMPANY,
          Counter-Claimant,
24   vs.
     MBIA BANK and WELLS FARGO BANK
     MINNESOTA, N.A.,
25        Counter-Defendants.

VERITEXT/SPHERION DEPOSITION SERVICES
(212) 490-3430

B-56

549

1   who request an interview, and works

2   extremely hard and comes up with a

3   compensation schedule, which,

4   typically, is published on, I

5   believe, the third Friday in          15:02:50

6   January.

7   Q.   And what are the financial

8   performance figures of the partner

9   that are reviewed in this process?

10  A.   I believe they are chargeable    15:03:00

11  hours worked, fees collected on the

12  basis of chargeable hours worked.

13  Q.   That's as working timekeeper?

14  A.   Correct.  And then three other

15  categories, which are originating     15:03:24

16  lawyer, both amount billed and

17  collected, billing lawyer, billed

18  and collected, and handling or

19  supervising lawyer, amount billed

20  and amount collected.                 15:03:40

21  Q.   And originating --

22  A.   Let me just change that.  As to

23  those last three categories -- no, I

24  think that's right, billed and

25  collected for each, I think that's    15:03:56

550

1  right.

2  Q.  And originating lawyer is the

3  lawyer that originates the client?

4  A.  Under our system, it is focused

5  on each matter, rather than on the      15:04:08

6  client, and there may be up to five

7  lawyers who share originating

8  credit.  So it could be one, two,

9  three, four, five lawyers.

10 Q.  And billing lawyer is the lawyer  15:04:24

11 that sends out the bill?

12 A.  Or at least is designated for

13 purposes of the accounting system

14 in-house as the one who sends out

15 the bill.                              15:04:34

16 Q.  And handling and supervising

17 lawyer is the one handling the

18 matter on which the bill was sent

19 out?

20 A.  Correct.  So just, for example,   15:04:44

21 I think on the -- I think on the

22 Nielsen litigation, that, probably,

23 I was listed as the handling or

24 supervising lawyer.  I think that's

25 right.                                 15:05:00

# McElroy, Deutsch, Mulvaney & Carpenter, LLP
### ATTORNEYS AT LAW

THREE GATEWAY CENTER
100 MULBERRY STREET
NEWARK, NEW JERSEY  07102-4079
(973) 622-7711
FACSIMILE (973) 622-5314

MICHAEL S. WATERS
Direct Dial: (973) 565-2011
E-mail: nwaters@mdmc-law.com

October 25, 2006

## *VIA E-MAIL AND FIRST CLASS MAIL*

Stephen J. Shapiro, Esq.
Schnader Harrison Segal & Lewis LLP
Suite 3600, 1600 Market Street
Philadelphia, Pennsylvania 19103-7286

> Re:    *In Re: Student Finance Corporation*
> *Charles A. Stanziale, Jr., Chapter 7 Trustee of Student Finance Corporation*
> *vs. Pepper Hamilton LLP, et al.*
> <u>*Civil Action Number: 04-1551 (JJF)*</u>

Dear Steve:

The testimony of Duncan Grant indicated that substantial documentation was provided to Pepper Hamilton's Compensation Committee each year regarding Mr. Gagne, including statistics as originating partner, billing partner, working timekeeper, etc.   That information together with Pepper Hamilton's billing records for SFC, Yao, the Family Trusts, etc. would enable one to compute the significance of these billings in Mr. Gagné's overall presentation for compensation. Therefore, your answer to the interrogatory that such documents do not exist is incorrect.   We ask you to advise us immediately that you will promptly produce all of those documents for each year that Mr. Gagné was a partner at Pepper Hamilton prior to the commencement of the litigation.

Very truly yours,

McElroy, Deutsch, Mulvaney & Carpenter, LLP

Michael S. Waters

MSW:dmc
cc:    John I. Grossbart, Esq. (Via E-Mail)
Neil Epstein, Esq. (Via E-Mail)
Veronica Rendon, Esq. (Via E-Mail)
Andre G. Castaybert, Esq. (Via E-Mail)
John Eickemeyer, Esq. (Via E-Mail)
Thomas H.L. Selby. Esq. (Via E-Mail)

NEW YORK, NEW YORK   DENVER, COLORADO   RIDGEWOOD, NEW JERSEY   MORRISTOWN, NEW JERSEY   PHILADELPHIA, PENNSYLVANIA

# Schnader
### ATTORNEYS AT LAW

1600 MARKET STREET   SUITE 3600
PHILADELPHIA, PA  19103-7286
215.751.2000   FAX 215.751.2205   schnader.com

November 10, 2006

Stephen J. Shapiro
Direct Dial 215-751-2259
E-mail: sshapiro@schnader.com

**VIA E-MAIL AND FIRST CLASS MAIL**

Michael S. Waters, Esquire
McElroy, Deutsch, Mulvaney
    & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, New Jersey 07102

RE:    *Royal Indemn. Co. v. Pepper Hamilton LLP, et al.*, No. 05-165 (D. Del.)
          *Stanziale v. Pepper Hamilton LLP, et al.*, No. 04-1551 (D. Del.)

Dear Mike:

I write in response to your letter of October 25, 2006.

The Trustee's Second Set of Requests for the Production of Documents requested that Pepper produce "[d]ocuments sufficient to identify and establish the effect of fees received from SFC on the compensation paid to Roderick Gagné by Pepper Hamilton." None of the fee statistics that Duncan Grant identified at his deposition are broken out by client and, therefore, do not establish the effect of fees received from SFC on Mr. Gagné's compensation. Nor can they, contrary to your assertion, be used in connection with other documents or information to establish the effect of fees received from SFC on Mr. Gagné's compensation. As such, the documents identified by Mr. Grant are not responsive to your document request and Pepper's response thereto was and remains accurate.

Nevertheless, we are treating your October 25, 2006 letter (and the subsequent motion to compel that you filed three business days later before Pepper had the opportunity to respond to your letter) as a request for the statistics identified by Mr. Grant, and are enclosing the documents, which we have designated "Confidential," with this letter (PEPPER 206375-79). As you can see, the documents do not establish the effect of fees received from SFC on Mr. Gagné's compensation.

Sincerely,

Stephen J. Shapiro
For SCHNADER HARRISON SEGAL & LEWIS LLP

Enclosure

B-60

105

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

C.A. NO.:  02-1294-JJF        COPY

MBIA INSURANCE CORPORATION and            )
WELLS FARGO BANK, N.A. (f/k/a WELLS       )
FARGO BANK MINNESOTA N.A.) as             )
TRUSTEE OF S.F.C. GRANTOR TRUST,          )
SERIES 2000-1, S.F.C. GRANTOR TRUST,      )
SERIES 2000-2, S.F.C. GRANTOR TRUST,      )
SERIES 2000-3, S.F.C. GRANTOR TRUST,      )
SERIES 2000-4, S.F.C. GRANTOR TRUST,      )
SERIES 2001-I, S.F.C. GRANTOR TRUST,      )
SERIES 2001-2, S.F.C. OWNER TRUST 2001-I  )
AND S.F.C. GRANTOR TRUST, SERIES 2001-3,  )
                                          )
        Plaintiffs/Counterclaim Defendants, )
                                          )
    v.                                    )
                                          )
ROYAL INDEMNITY COMPANY,                  )
                                          )
        Defendant/Counterclaim Plaintiff,  )
_____  )
                                          )
ROYAL INDEMNITY COMPANY,                  )
                                          )
        Third-Party Plaintiff,            )
                                          )
    v.                                    )
                                          )
ANDREW N. YAO, STUDENT LOAN SERVICING L.L.C, )
STUDENT LOAN ACCEPTANCE II L.L.C, STUDENT LOAN )
ACCEPTANCE III L.L.C, STUDENT LOAN ACCEPTANCE )
III L.L.C, STUDENT LOAN ACCEPTANCE V, L.L.C,  )
STUDENT LOAN ACCEPTANCE VIII L.L.C, STUDENT LOAN )
ACCEPTANCE IX L.L.C, S.F.C. FINANCIAL L.L.C. I, )
S.F.C. FINANCIAL L.L.C. II, S.F.C. FINANCIAL  )
L.L.C. VI, S.F.C. FINANCIAL L.L.C. VII,       )
                                          )
        Third-Party Defendants.           )
_____  )

VIDEOTAPED TRACK (I) DEPOSITION OF SHEILA GIBSON

B-61

106

```
 1   ROYAL INDEMNITY COMPANY,                      )
                                                   )
 2            Counter-Claimant,                    )
                                                   )
 3        v.                                       )
                                                   )
 4   MBIA BANK and WELLS FARGO BANK MINNESOTA, N.A. )
                                                   )
 5            Counter-Defendants.                  )
                                                   )
     ──────────────────────────────────────────────
 6                                                 )
                                                   )
 7   CHARLES A. STANZIALE, JR., Chapter 7          )
     Trustee of Student Finance Corporation,       )
                                                   )
 8            Plaintiff,                           )
                                                   )
 9        v.              C.A. NO.: 04-1551-JJP    )
                                                   )
10   PEPPER HAMILTON L.L.P., et al.,               )
                                                   )
11            Defendants.                          )
                                                   )
     ──────────────────────────────────────────────
12                                                 )
                                                   )
13   CHARLES A. STANZIALE, JR., Chapter 7          )
     Trustee of Student Finance Corporation,       )
                                                   )
14            Plaintiff,                           )
                                                   )
15        v.              C.A. NO.:  05-72-JJF     )
                                                   )
16   MCGLADREY & PULLEN L.L.P. and                 )
     MICHAEL AQUINO,                               )
17                                                 )
              Defendants.                          )
18                                                 )
     ──────────────────────────────────────────────
19   ROYAL INDEMNITY COMPANY,                      )
                                                   )
20            Plaintiff,                           )
                                                   )
21        v.              C.A. NO.:  05-165-JJF    )
                                                   )
22   PEPPER HAMILTON L.L.P., W. RODERICK GAGNE,    )
     FREED MAXICK & BATTAGLIA, CPAs, MCGLADREY &   )
23   PULLEN L.L.P., and MICHAEL AQUINO,            )
                                                   )
24            Defendants.                          )
                                                   )
     ──────────────────────────────────────────────
25
```

107

1

2

3

4       Videotaped Track (I) Deposition of SHEILA GIBSON

5                 Afternoon Session

6             Taken On Behalf Of The
           Defendant/Counterclaim Plaintiff
7               Royal Indemnity

8

9

10    Date Taken:       September 6, 2006

11    Time:            1:37 p.m. – 6:00 p.m.

12    Place:           The Law Offices of Trenman-Kemker
                      101 E. Kennedy Blvd., Suite 2700
13                    Tampa, Florida  33602

14

15

16

17

18

19

20

21

22

23

24             Stenographically Reported By:
              Randall Jon Belsvik
25            Registered Merit Reporter

231

| | | |
|---|---|---|
| 1 | We have -- the trustee has waived the | 17:51:29 |
| 2 | privilege with regard to S.F.C. And this was an | 17:51:29 |
| 3 | S.F.C. entity and we cleared -- we have gone | 17:51:34 |
| 4 | through the fact that S.M.S. was treated as an | 17:51:37 |
| 5 | S.F.C. entity and billed as an S.F.C. entity. | 17:51:40 |
| 6 | So I don't really understand how this is on a | 17:51:43 |
| 7 | privilege log. And, frankly, I don't even know | 17:51:48 |
| 8 | how to question her on it, because I don't have | 17:51:51 |
| 9 | the document. | 17:51:53 |
| 10 | All I have is a -- well, I don't understand | 17:51:54 |
| 11 | the privilege, and that is another issue that we | 17:51:58 |
| 12 | am going to have, but I am going to have to leave | 17:51:59 |
| 13 | this open, because I don't each know what the | 17:52:01 |
| 14 | document -- what the advice is. It might be | 17:52:04 |
| 15 | something totally inconsequential, but I have the | 17:52:06 |
| 16 | right to know what it is and to question her on | 17:52:08 |
| 17 | it. | 17:52:10 |
| 18 | MR. GROSSBART: Is it your position that you | 17:52:12 |
| 19 | never received a waiver? | 17:52:13 |
| 20 | MR. SHAPIRO: Yes. I asked the trustee | 17:52:14 |
| 21 | whether or not they could waive the | 17:52:17 |
| 22 | attorney/client privilege on behalf of any entity | 17:52:19 |
| 23 | other than S.F.C. And, frankly, we wish they | 17:52:20 |
| 24 | could. And the answer was, no. | 17:52:22 |
| 25 | So unless someone is going to sit here today | 17:52:24 |

232

| | | |
|---|---|---|
| 1 | and tell me that they the authority to waive the | 17:52:27 |
| 2 | privilege on behalf of any of these other | 17:52:29 |
| 3 | entities, I am going to instruct the witness not | 17:52:30 |
| 4 | to answer any questions regarding attorney/client | 17:52:32 |
| 5 | communications with respect to those non-S.F.C. | 17:52:35 |
| 6 | entities. | 17:52:37 |
| 7 | MS. GOODMAN: Well, based upon the questions | 17:52:40 |
| 8 | and answers we have had today, I don't believe | 17:52:42 |
| 9 | that this was separate advice. | 17:52:44 |
| 10 | And I don't even have enough information here | 17:52:47 |
| 11 | to determine what the advice was. The witness | 17:52:49 |
| 12 | has said that she really did not give separate | 17:52:52 |
| 13 | advice. | 17:52:55 |
| 14 | So I would like to know what it relates to so | 17:52:55 |
| 15 | I can make a determination. | 17:52:58 |
| 16 | MR. SHAPIRO: Well, the log identifies that | 17:53:00 |
| 17 | there was a document, I believe -- I do not have | 17:53:03 |
| 18 | it in front of me -- relating to S.M.S. Is that | 17:53:05 |
| 19 | right? | 17:53:09 |
| 20 | MS. GOODMAN: It says legal advice re S.M.S. | 17:53:10 |
| 21 | MR. SHAPIRO: All right. That was legal | 17:53:15 |
| 22 | advice given to an entity that has not waived the | 17:53:16 |
| 23 | privilege. | 17:53:20 |
| 24 | MS. GOODMAN: And I don't hear that there has | 17:53:23 |
| 25 | been any testimony that there was separate legal | 17:53:24 |

233

| | | |
|---|---|---|
| 1 | advice to an entity S.M.S.  There has been | 17:53:27 |
| 2 | entities that are all S.F.C. | 17:53:31 |
| 3 | Well, we sent you a letter with regard to the | 17:53:40 |
| 4 | privilege log.  I don't think that it is | 17:53:42 |
| 5 | appropriate or that the privilege that is being | 17:53:45 |
| 6 | claimed is clear that there is an adequate basis | 17:53:46 |
| 7 | for it on a number of these issues. | 17:53:49 |
| 8 | And to the extent that it turns out there is | 17:53:53 |
| 9 | no privilege, we are going to need to leave this | 17:53:55 |
| 10 | open. | 17:53:57 |
| 11 | MR. SHAPIRO:  Well, then, and for the record, | 17:53:58 |
| 12 | you have had the privilege log for a very long | 17:54:00 |
| 13 | time.  I believe we got your letter last week, | 17:54:02 |
| 14 | maybe a couple -- you know, it had to be less | 17:54:06 |
| 15 | than a week before this deposition. | 17:54:08 |
| 16 | So I would make, you know, no comments about | 17:54:11 |
| 17 | the timing of that and whether that was | 17:54:14 |
| 18 | appropriate and whether that would give you the | 17:54:17 |
| 19 | right to leave the deposition open. | 17:54:19 |
| 20 | Ms. Gibson, did you personally give legal | 17:54:22 |
| 21 | advice to S.M.S.? | 17:54:28 |
| 22 | THE WITNESS:  No. | 17:54:31 |
| 23 | MR. SHAPIRO:  Well, all right.  There you go. | 17:54:33 |
| 24 | MS. GOODMAN:  I'm sorry.  I must have -- | 17:54:36 |
| 25 | MR. SHAPIRO:  Could you please read back my | 17:54:37 |

234

| | | |
|---|---|---|
| 1 | question? | 17:54:39 |
| 2 | THE WITNESS: No. | 17:54:40 |
| 3 | MR. SHAPIRO: The question. | 17:54:42 |
| 4 | MR. GROSSBART: We heard the no. Not the | 17:54:44 |
| 5 | question. | 17:54:46 |
| 6 | [Requested portion of the record read] | |
| 7 | MS. GOODMAN: So if there was no separate | 17:55:12 |
| 8 | legal advice for S.M.S. I think we are entitled | 17:55:14 |
| 9 | to this memo? | 17:55:16 |
| 10 | MR. SHAPIRO: One has nothing to do with the | 17:55:18 |
| 11 | other. She said she didn't give legal advice to | 17:55:19 |
| 12 | S.M.S. It has nothing to do with whatever the | 17:55:22 |
| 13 | memo you are referring to. | 17:55:24 |
| 14 | MS. GOODMAN: All right. Then this is | 17:55:25 |
| 15 | something we will have to address. | 17:55:27 |
| 16 | MR. SHAPIRO: Okay. | 17:55:28 |
| 17 | MS. GOODMAN: We will get a response from you, | 17:55:29 |
| 18 | I hope, before we go much further, so that we can | 17:55:31 |
| 19 | see whether we have to take it to the judge. | 17:55:34 |
| 20 | MR. SHAPIRO: I will take it under advisement. | 17:55:37 |
| 21 | For the record, what entry is that on the | 17:55:40 |
| 22 | privilege log? | 17:55:41 |
| 23 | MS. GOODMAN: That is entry number 98. | 17:55:42 |
| 24 | MR. SELBY: And can I just get a | 17:55:45 |
| 25 | clarification, because I thought I heard two | 17:55:47 |

235

| | | |
|---|---|---|
| 1 | different things.  Does the trustee have | 17:55:49 |
| 2 | authority to waive the privilege for S.M.S. or | 17:55:51 |
| 3 | not? | 17:55:53 |
| 4 | MS. GOODMAN:  The trustee has authority to | 17:55:54 |
| 5 | waive the privilege for S.F.C. for which he has | 17:55:56 |
| 6 | been appointed the trustee. | 17:55:58 |
| 7 | And the question is, whether there was | 17:56:00 |
| 8 | separate advice for other than S.F.C. or whether | 17:56:02 |
| 9 | these are really S.F.C. companies and for which | 17:56:07 |
| 10 | he has waived the privilege. | 17:56:11 |
| 11 | MR. SELBY:  As of today, you are not asserting | 17:56:13 |
| 12 | that the trustee has the authority to waive the | 17:56:15 |
| 13 | privilege for S.M.S. separately? | 17:56:17 |
| 14 | MS. GOODMAN:  Correct. | 17:56:19 |
| 15 | MR. SELBY:  Okay. | 17:56:20 |
| 16 | MR. SHAPIRO:  Lois, actually, if you could | 17:56:22 |
| 17 | just indulge me, would you mind reading entry 98, | 17:56:23 |
| 18 | so I know what it says?  I don't have it. | 17:56:26 |
| 19 | MS. GOODMAN:  Entry 98, Bates | 17:56:43 |
| 20 | number 197283-197290, document typed memorandum, | 17:56:43 |
| 21 | date 7/22/01, author Sheila Gibson, recipient | 17:56:45 |
| 22 | W. Roderick Gagne.  Description legal advice, re | 17:56:53 |
| 23 | S.M.S.  Privilege asserted attorney/client. | 17:56:56 |
| 24 | MR. SHAPIRO:  Thank you. | 17:57:01 |
| 25 | MS. GOODMAN:  With that, maybe we should break | 17:57:05 |

Division of Corporations - Online Services



**State of Delaware**
*The Official Website for the First State*

Visit the Governor | General Assembly | Courts | Other Elected Officials | Federal, State & Local Sites

State Directory | Help | Search Delaware |

Citizen Services | Business Services | Visitor Info.

**Department of State: Division of Corporations**

Frequently Asked Questions    View Search Results    Summary of Charges    Logout

## Entity Details

| | |
|---|---|
| | Incorporation Date / Formation Date: | **02/17/2000** (mm/dd/yyyy) |
| File Number: | 3183340 |
| Entity Name: | STUDENT LOAN SERVICING LLC |
| Entity Kind: | LIMITED LIABILITY COMPANY (LLC) | Entity Type: | **GENERAL** |
| Residency: | **DOMESTIC** | State: | DE |
| Status: | CEASED GOOD STANDING | Status Date: | 06/01/2005 |
| Tax Status: | DELINQUENT | |

**REGISTERED AGENT INFORMATION**

| | |
|---|---|
| Name: | **ANDREW N. YAO** |
| Address: | **261 CHAPMAN ROAD SUITE 101** |
| City: | **NEWARK** | County: | **NEW CASTLE** |

HOME
About Agency
Secretary's Letter
Newsroom
Frequent Questions
Related Links
Contact Us
Office Location

SERVICES
Pay Taxes
File UCC's
Delaware Laws Online
Name Reservation
General Information
Status
Validate Certificate

INFORMATION
Corporate Forms
Corporate Fees
UCC Forms and Fees
UCC Searches
Taxes
Expedited Services
Service of Process
Registered Agents
Get Corporate Status
Submitting a Request

https://sos-res.state.de.us/tin/controller

Division of Corporations - Online Services

Page 2 of 2

State:        **DE**

Postal Code:    **19702**

Phone:

Additional Information is available for a fee of $20.00. This information will include current franchise tax assessment, current filing history and more...

Would you like ◯ Tax & History Information   Submit

Back to Entity Search

To contact a Delaware Online Agent click here.

site map  |  about this site  |  contact us  |  translate  |  delaware.gov

11/21/2006

B-70

Division of Corporations - Online Services

Page 1 of 2

# State of Delaware

The Official Website for the First State

Visit the Governor | General Assembly | Courts | Other Elected Officials | Federal, State & Local Sites

State Directory | Help | Search Delaware :

Citizen Services | Business Services | Visitor Info.

**Department of State: Division of Corporations**

**HOME**
About Agency
Secretary's Letter
Newsroom
Frequent Questions
Related Links
Contact Us
Office Location

**SERVICES**
Pay Taxes
File UCC's
Delaware Laws Online
Name Reservation
General Information
Status
Validate Certificate

**INFORMATION**
Corporate Forms
Corporate Fees
UCC Forms and Fees
UCC Searches
Taxes
Expedited Services
Service of Process
Registered Agents
Get Corporate Status
Submitting a Request

Frequently Asked Questions   View Search Results   Summary of Charges   Logout

## Entity Details

| | | |
|---|---|---|
| File Number: | **3231852** | Incorporation Date / Formation Date: | **05/19/2000** (mm/dd/yyyy) |
| Entity Name: | **STUDENT MARKETING SERVICES, LLC** | | |
| Entity Kind: | **LIMITED LIABILITY COMPANY (LLC)** | Entity Type: | **GENERAL** |
| Residency: | **DOMESTIC** | State: | **DE** |
| Status: | **CANCELLED-VOIDED** | Status Date: | **06/01/2006** |
| Tax Status: | **DELINQUENT** | | |

**REGISTERED AGENT INFORMATION**

| | |
|---|---|
| Name: | **ANDREW N. YAO** |
| Address: | **261 CHAPMAN ROAD SUITE 101** |
| City: | **NEWARK** | County: | **NEW CASTLE** |
| State: | **DE** | Postal Code: | **19702** |

11/21/2006

B-71

Division of Corporations - Online Services

Page 2 of 2

Phone:

Additional Information is available for a fee of $20.00. This information will include current franchise tax assessment, current filing history and more..

Would you like ⟨ Tax & History Information   Submit

Back to Entity Search

To contact a Delaware Online Agent click here.

site map | about this site | contact us | translate | delaware.gov

11/21/2006

https://sos-res.state.de.us/tin/controller

B-72

Division of Corporations - Online Services



# State of Delaware
The Official Website for the First State

Visit the Governor | General Assembly | Courts | Other Elected Officials | Federal, State & Local Sites

State Directory | Help | Search Delaware |

Citizen Services | Business Services | Visitor Info.

**Department of State: Division of Corporations**

Frequently Asked Questions    View Search Results    Summary of Charges    Logout

## Entity Details

| | | |
|---|---|---|
| | | Incorporation Date / **07/16/2001** |
| | | Formation Date: (mm/dd/yyyy) |
| File Number: | **3416029** | |
| Entity Name: | **STUDENT PLACEMENT SERVICES, LLC** | |
| | | Entity Type: **GENERAL** |
| Entity Kind: | **LIMITED LIABILITY COMPANY (LLC)** | |
| Residency: | **DOMESTIC** | State: **DE** |
| Status: | **CANCELLED** | Status Date: **05/13/2003** |
| Tax Status: | **CURRENT** | |

**REGISTERED AGENT INFORMATION**

| | | |
|---|---|---|
| Name: | **PERRY R. TURNBULL** | |
| Address: | **170 LUKENS DRIVE** | |
| City: | **NEW CASTLE** | County: **NEW CASTLE** |
| State: | **DE** | Postal Code: **19720** |

**HOME**
About Agency
Secretary's Letter
Newsroom
Frequent Questions
Related Links
Contact Us
Office Location

**SERVICES**
Pay Taxes
File UCC's
Delaware Laws Online
Name Reservation
General Information
Status
Validate Certificate

**INFORMATION**
Corporate Forms
Corporate Fees
UCC Forms and Fees
UCC Searches
Taxes
Expedited Services
Service of Process
Registered Agents
Get Corporate Status
Submitting a Request

https://sos-res.state.de.us/tin/controller

B-73

Division of Corporations - Online Services

Phone:

Additional Information is available for a fee of $20.00. This information will include current franchise tax assessment, current filing history and more..

Would you like ⊙ Tax & History Information   Submit

Back to Entity Search

To contact a Delaware Online Agent click here.

site map  |  about this site  |  contact us  |  translate  |  delaware.gov

11/21/2006

https://sos-res.state.de.us/tin/controller

B-74



ATTORNEYS AT LAW

1600 MARKET STREET, SUITE 3,600
PHILADELPHIA, PA 19103-7286
215.751.2000   FAX 215.751.2205   schnader.com

April 4, 2006

Stephen J. Shapiro
Direct Dial 215-751-2259
E-mail: sshapiro@schnader.com

Mr. Perry R. Turnbull
224 Peoples Way
Hakessin, DE 19707

RE:   ***Royal Indemnity Company v. Pepper Hamilton LLP, et al.,***
      **No. 05-165 (D. Del.)**
      ***Stanziale v. Pepper Hamilton LLP, et al.***, **No. 04-1551 (D. Del.)**

Dear Mr. Turnbull:

This firm represents Pepper Hamilton, LLP ("Pepper"), and one of its partners, W. Roderick Gagné, in the above-captioned actions, which arise out of Pepper's former representation of Student Finance Corporation ("SFC"). Pepper also formerly represented Student Marketing Services, LLC ("SMS") and Student Placement Services, LLC ("SPS").

In connection with the above-captioned cases, plaintiffs have requested documents from Pepper's files. Some of the documents requested are communications discussing legal advice between attorneys at Pepper on the one hand, and agents or employees of SMS or SPS on the other hand. United States District Judge Joseph J. Farnan, Jr., the judge presiding over the cases, instructed us to attempt to contact SMS and SPS to ascertain whether those entities wished to assert the attorney-client privilege with respect to the communications at issue. Our investigation of corporate records reveals that you are or were an officer and/or director of SMS and SPS. Please let us know whether you are authorized to act on behalf of SMS and SPS and, if so, whether Pepper should assert the attorney-client privilege on behalf of SMS and SPS.

Please do not hesitate to contact me with any questions.

Sincerely,

Stephen J. Shapiro
For SCHNADER HARRISON SEGAL & LEWIS LLP

B-75

**M E M O R A N D U M**

**TO:**     James L. Murray
           Laurence Z. Shiekman
           John E. Pooler

**FROM:**   W. Roderick Gagné

**CC:**     Alfred H. Wilcox

**DATE:**   April 18, 2002

**RE:**     Representation of Student Finance Corporation

---

At the request of John Pooler, I am writing this Memorandum to the Finance

Committee with a copy to the Ethics Committee about Pepper Hamilton LLP's continued

representation of Student Finance Corporation ("SFC" or "Student Finance Corporation").

I have represented Andrew M. Yao, the sole shareholder of SFC, for over 17

years through three firms. Prior to the recent events, I have always known him to be an

honorable and forthright person who always paid his bills on time. However, recent events bring

me to question whether we can continue to represent SFC. Because there are substantial unpaid

legal fees due from SFC, I am looking for input from the Finance Committee on how to proceed.

Fee History

Historically, SFC has paid its bills sixty days from the date of the invoice. From

November through February of this year, we did a substantial amount of work in connection with

several securitization transactions, refinancings and other corporate finance, lending and internal

corporate representation. The total outstanding fees and accounts receivables are approximately

$600,000. SFC was unable to make the payments which normally would have been paid in

March and in April. SFC proposed paying $15,000.00 a week, until completion of its next round

of financing when it would pay all outstanding invoices more than 60 days past due. I discussed

Error! Unknown document property name.         PRIVILEGED         PEPPER 047275

B-76

this matter with John Pooler who approved the payment plan. SFC is meeting its obligations under this plan, but its next round of financing has not occurred for the reasons described below.

SFC is working on several means of producing liquidity for the company. Andrew Yao and the company executives are very sanguine about their prospects of coming out of this liquidity crisis, however, I am not as optimistic for reasons to be discussed below.

Issues in the Continuation of Representation.

SFC provides tuition financing for students attending trade schools, especially trucking schools. SFC generates its business by establishing arrangements with the schools. SFC finances itself through various financings secured by the student loans, and ultimately securitizes the loans by transferring them to a separate entity, which issues securities based on the expected payments from the loans. To attract lenders and investors, SFC obtained insurance guarantying payments on the student loans from Royal Indemnity Company. (Royal is also a client, as to which we have appropriate waivers.)

The crux of the issue we now face is that Student Finance Corporation was using its own funds to make payments on the student loans so that the student loans would not appear to be in default (90 days delinquent). It accounted for these payments as draws against a "forebearance account" established on their balance sheet pursuant to their agreements with the schools. We did not prepare the agreements with the schools, and were unaware of this issue until this past month. The issue came to light when SFC's latest round of financing fell through (at least in part because the proposed lender discovered this situation), and SFC was no longer had the liquidity to make up the monthly short-falls in payments.

We believe that officers of SFC lied to investors and were complicit in misrepresenting this situation to investors, financial insurers and other parties. We know that the

PRIVILEGED

-2-

Error! Unknown document property name.

PEPPER 047276

B-77

performance data distributed by SFC did not identify payments made by SFC out of this so-called forebearance account, but rather reported them as if they were collections received from the students. We also know that Royal was not aware of this situation, and now faces significant losses as a result of these loans becoming defaulted, triggering claims under the policies they issued. Furthermore, last summer, issues were raised about the fact that the reported performance statistics on the SFC loans showed that almost 60% of the pools were remaining in a 60-day delinquencies bucket, but never becoming 90 days past due. In a meeting at which I was present, in response to direct questions on this issue, two officers of the Company stated that it is the habit of truck drivers to pay immediately preceding a road trip and again when they return, and as a result most of the loans are always going to be in a 60-day delinquency bucket. They asserted other reasons, but never said that SFC and the schools were covering the payments on the loans, as it has turned out was clearly the case.

It appears that SFC's position would be that there was no fraud since the forbearance accounts were disclosed in their financial statements. They also purportedly have policy and procedures for the use of the forbearance accounts in their policy manuals which I was told are distributed to investors, auditors, investment bankers and the like. If you looked hard enough, you would have discovered the use of the forbearance payments as skewing the data. In fact, as noted above, that is exactly how the problem was discovered - by another lender who looked carefully at the data. However, to my knowledge, no one at SFC ever fully disclosed the use of the forbearance accounts, and as described above, in my presence, in response to direct questions the correct reason for the unusual performance data was not given.

SFC has made disclosure to Royal Indemnity Company and its investment banker, PNC Bank. It has not gone out to the investors nor the investors in the pools, MBIA and

PRIVILEGED

PEPPER 047277

Error! Unknown document property name.

B-78

Moody's rating agency, upon recommendation by PNC not to do so until such time as they have a complete plan showing how they are going to rectify the situation. Royal Indemnity is conducting an audit and believes it has discovered that some of the schools were participating in a fraud and that many of the loans were fraudulent loans. In addition, they have uncovered other false statistics and SFC's failure to adhere to its own internal policies. I have heard rumors that SFC's marketing department could have participated with the schools in identifying how to create loans that would obtain for the schools the maximum advance rate. In addition, it came to my attention on Thursday or Friday of last week that SFC destroyed its Executive Committee minutes. As a result, continued representation of the Company by its current auditors is in question.

After we first discovered the misrepresentations relating to the forebearance account, Brad Boericke and I discussed our continued representation of the company with Chubb Wilcox. Chubb Wilcox stated that if SFC disclosed the facts to all its investors and any parties affected, that we could continue to represent them and to assist them in restructuring the company and correcting the situation. However, in light of the expanding scope of potential improper actions at the company, my problem is that I am having difficulty believing the client. Heretofore, I thought Andrew and the executives were very honorable and upstanding citizens. As I stated, I have represented Andrew N. Yao for over seventeen years and always found him to be extremely honorable and honest. However, in light of the misrepresentations made to us, and their current course of conduct, I am finding myself in the difficult situation of never being comfortable that we have been apprised of the full facts, always trying to ensure that full disclosure is made to all parties, not being able to rely on statements of the officers that such

PRIVILEGED

-4-

Error! Unknown document property name.

PEPPER 047278

B-79

disclosures have been made, questioning what we can reveal to these investors and continually

drawing a fine ethical line.

       Adding to the ethical considerations is the fact that members of my family and

trusts in which I am a beneficiary have made loans to Student Finance Corporation from time to

time and most recently on March 5, at the request of Andrew Yao. We have received a waiver

for any conflicts that this may pose from Andrew N. Yao.

       My initial reaction is that we should distance ourselves from SFC and terminate

our representation of them because of these issues. However, competing considerations include:

- If we withdraw, I expect that Andrew N. Yao will not pay our fees.

- Our withdrawal may raise a cloud over SFC with the capital markets and impair SFC's
  ability to bring itself out of its liquidity crises.

- SFC made loans to students of or purchased student loans for over 80% of the truck
  driving schools in the country. The lack of financing could cause many of the truck
  driving schools to go bankrupt potentially causing damage to the trucking industry as a
  whole, because of a shortage of truck drivers. The demise of Student Finance
  Corporation will certainly have an impact on the asset-backed securitization market, the
  trucking industry and other ramifications which, in all probability, will become front
  page news.

- Royal Indemnity Company, another client of the firm, could be significantly damaged by
  the losses which have been estimated at between $150 Million and $200 Million Dollars.

       I think we also need to recognize the possibility that this firm will be sued, as a

deep pocket associated with SFC and these transactions, and it may be appropriate to consider

whether one course of action or another might better mitigate this possibility.

       I am looking for guidance from the Finance and the Ethics Committees on what

steps to take in our further representation of SFC. My preference is to resign since I no longer

have confidence in the representations made to us. However, I understand this will put at

PRIVILEGED

Error! Unknown document property name.

PEPPER 047279

substantial risk our fees and, thus, I am asking for guidance.  I will be more than happy to discuss this issue.

WRG/bdw

PRIVILEGED

-6-

Error! Unknown document property name.

PEPPER 047280

B-81

# Pepper Hamilton LLP
### Attorneys at Law

3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
215.981.4000
Fax 215.981.4750

A. H. Wilcox
direct dial: 215-981-4051
wilcoxa@pepperlaw.com

August 25, 2005

*Via Hand Delivery*

Alfred W. Putnam, Esquire
Drinker Biddle & Reath LLP
One Logan Square
18th and Cherry Streets
Philadelphia, PA 19103

Re:    Charles A. Stanziale, Jr., as Chapter 7 Trustee of Student
Finance Corp. v. Pepper Hamilton LLP, et al.

Royal Indemnity Company v. Pepper Hamilton LLP, et al.

Dear Alfie:

This responds to your letter of August 19, 2005. My numbered paragraphs below do my best to respond to your correspondingly numbered paragraphs.

1. I have re-checked my file for the 2002 renewal, and still do not find a questionnaire completed by Mr. Gagné. However, I have also spoken with him by phone (he is in Montana on vacation at this writing), and his recollection is that he did respond to the effect: "See Chub Wilcox." That is because he had spoken with me and I had told him

REDACTED

The other reason he remembers responding is that there was a claim against the partners of his former firm, Clark Ladner, and he recalls responding as to that claim.

2. I have instructed our accounting department to pull the invoices off our computer system, and understand that they are in the process of doing so. I hope to have these for you within a day or two.

3. I provided the conflict waiver letters to Chubb some time ago, but another copy is enclosed. These are tagged with a post-it marked "3."

PEPPER 199151

| Philadelphia | Washington, D.C. | Detroit | New York | Pittsburgh |
| Berwyn | Harrisburg | Princeton | Wilmington | |

www.pepperlaw.com

B-82

**Pepper Hamilton LLP**
Attorneys at Law

Alfred W. Putnam, Esquire
Page 2
August 25, 2005

     4. Enclosed are emails generated in the process of identifying successor counsel and transferring matters to them, and Ms. DeCarlo's resignation as assistant secretary. Also enclosed is a copy of Rod Gagné's letter to Yao dated April 24, 2002, confirming Pepper's withdrawal (with the exception of one matter, the Royal loan transaction, from which we could not withdraw without substantial prejudice to the client, and as to which we knew that Royal had been informed by Yao about the use of school reserves to forestall defaults on student loans). These are tagged with a post-it marked "4."

     5. I think the most accurate way to obtain this information is from Westport. I do not believe there have been any indemnity payments by Westport, or any defense payments, although there was a period during which Westport was advancing some defense costs which we subsequently reimbursed to them, for a claim involving Southwest Bank, for a policy period in which we had an aggregate rather than per claim deductible, and multiple claims for which Westport established reserves. I think that was the 2001-2002 policy period, which was an eighteen month policy, as I recall.

     6. I have forwarded under separate cover two binders of documentation on the several "family" loans. Enclosed herewith, and tagged with a post-it marked "6," is another letter and enclosure I found.

     7. I have reviewed my correspondence file and enclose copies of all correspondence with our insurers (other than Chubb, which I assume you have) related to the SFC matters. My "efforts to place Westport and the Hartford" on notice would have followed my usual practice, which is to give initial notice directly to our primary carrier, with a copy to our broker, who forwards a copy to our following layers of insurance. I also recall that when Dilworth Paxton first approached us about a tolling agreement, I called Dave Marseille at Westport immediately; my letter to Westport would have been drafted either that day or the next.

     I will forward a copy of our invoices to SFC as soon as I have them, and please let me know of any other information needs you may have in order to bring your considerations to a conclusion.

     Yours truly,

A. H. Wilcox

Enclosures

PEPPER 199152

B-83

3

PEPPER 199153

B-84

**Pepper Hamilton LLP**
_____ Attorneys at Law _____

3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
215.981.4000
Fax 215.981.4750

**RECEIVED**

**JUL 1 7 2000**

**TGC**

215.981.4695
gagner@pepperlaw.com

July 12, 2000

Theodore G. Chandler, Jr., Esquire
Royal Indemnity Company
9300 Arrowpoint Boulevard
Charlotte, NC 28273-8135

Dear Gil:

I am delighted to represent Royal Indemnity Company ("Royal") in connection with the drafting and preparation of the Royal Indemnity Policy covering a portion of the cash reserve requirements of the Continental Auto Receivables 1998-1 and 1999-1 Grantor Trusts ("Continental").

It is Pepper Hamilton LLP's (the "Firm") policy to discuss with clients at the beginning of new engagements the basis or rate of the fee to be charged. In this letter we briefly describe our billing policies, procedures and rates. Should you retain our Firm for subsequent matters, the specifics of this agreement will remain the same unless otherwise communicated.

We charge you on the basis of our hourly rates, which we believe to be highly competitive. The current hourly rates of those whom we presently expect to utilize in this matter are in these ranges: partners, $315-215; associates, $180-140; and legal assistants, $115-100. Our hourly rates are adjusted from time to time; generally, such changes occur on a Firm-wide basis every January 1. We are keenly aware of time expenditures and make every effort to achieve the most cost-beneficial mix of hours, rates, and experience. In determining the fee, the Firm may as appropriate also take into account such factors as the novelty and complexity of the questions involved, the skill required, familiarity with the specific area of law involved, the magnitude of the matter, the results achieved, customary fees for similar legal services, and time limitations or by the circumstances of your matter. Our final fees may be revised from an hourly

PHLEGAL: #876106 v1 ($S0@01!.WPD)

PEPPER 199154

| Philadelphia, Pennsylvania | Washington, D.C. | Detroit, Michigan | New York, New York | Pittsburgh, Pennsylvania |
|---|---|---|---|---|
| Wilmington, Delaware | Harrisburg, Pennsylvania | | Berwyn, Pennsylvania | Cherry Hill, New Jersey |

www.pepperlaw.com

B-85

**Pepper Hamilton LLP**
Attorneys at Law

Theodore G. Chandler, Jr., Esquire
July 12, 2000
Page 2

basis amount in order to reflect these types of factors. Our bills will be reviewed by me before being sent to assure that we are delivering our services as efficiently as we can.

Expenses incident to our work will be billed monthly. These items are listed on the enclosed "Summary of Charges for Ancillary Services." (Some disbursements are not always available on a current basis and may require supplemental statements.) In order to allocate these expenses fairly and keep our billing rates as low as possible, these items are charged to the individual clients for whose benefit they are incurred. For services obtained on your behalf from suppliers outside the Firm, unless you instruct us otherwise, we will ask outside vendors to send bills for their services to our attention so that we may review them for appropriateness before sending them on to you for payment. Unless previously agreed, vendors will be engaged only with your prior approval. If we are required to use air or rail transportation, our personnel will travel coach class unless otherwise agreed.

Our statements for professional fees and expenses ordinarily will be rendered to you monthly. Absent special instructions, statements will provide a summary of the services performed. We request payment of our statements within 30 days of the statement date. Any outstanding balances for which payment has not been received within 60 days of the statement date will begin to accrue interest charges at a rate of two points (2%) over prime.

If payment of any of our billings is not made within 60 days of the statement date, the Firm reserves the right to withdraw as counsel to Royal in any matter in which we are representing Royal. Such a withdrawal will not affect the obligation of Royal to pay the Firm the amounts set forth in billing statements that the Firm sends to Royal.

In addition, we acknowledge that we represent Student Finance Corporation and its affiliates and Q Financial Corporation and its affiliates to which the Royal has or is considering issuing policies. We also represent IOA Re, Inc. in litigation against Royal Sun Alliance. Consequently, we request that you waive any conflict of interest that we may have in representing you and Student Finance Corporation and its affiliates, Q Financial Corporation and its affiliates, and IOA Re, Inc. The IOA Re, Inc. representation is currently adversarial. We represent that if the representation of Q Financial becomes adversarial, we would not represent either party in litigation with Q Financial. However, we would retain the right to represent Student Finance Corporation or its affiliates in any litigation.

I encourage you to discuss with me any questions that you may have concerning any of these arrangements. We are most pleased that you have retained us for this matter, and we will make every reasonable effort to assist in achieving your objectives.

PHLEGAL: #876106 v1 (5S0@011.WPD)

PEPPER 199155

B-86

**Pepper Hamilton LLP**
Attorneys at Law

Theodore G. Chandler, Jr., Esquire
July 12, 2000
Page 3

Please confirm your agreement with this letter by signing as provided below and returning the signed copy to us.

Sincerely yours,

W. Roderick Gagné

Enclosure:  Summary of Charges for Ancillary Services

The undersigned, on behalf of The Royal,  acknowledges and agrees to (1) the foregoing terms of representation by Pepper Hamilton LLP and (2) waive any conflict of interest caused by Pepper Hamilton LLP representing Student Finance Corporation and its affiliates, IOA Re, Inc. and Q Financial and its affiliates as outlined above in this letter.

Royal Indemnity Company

Dated: _7/20/2000_____          By: _J Mac W. Wheeler_____
                                  Title: _General Counsel____
                                  Name: _Joyce W. Wheeler____

PHLEGAL: #876106 v1 ($S0@011.WPD)

PEPPER 199156


B-87

**Pepper Hamilton LLP**
Attorneys at Law

3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
215.981.4000
Fax 215.981.4750

215.981.4695
gagner@pepperlaw.com

August 21, 2000

Mr. Gary J. Hawthorne
President
Student Finance Corporation
170 Lukens Drive
New Castle, DE 19720

Re: Waiver of Conflict

Dear Gary:

As we discussed, I need to request a waiver of the conflict of interest in our representation of Student Finance Corporation ("SFC") in connection with the issuance of insurance policies by Royal Indemnity Company ("Royal") in the past and in the future to SFC or its Affiliates, currently formed or to be formed. We represent Royal on matters not related to SFC. In the transactions with SFC, Royal has its own in-house counsel advising them and we are representing SFC. Presently, the transactions between Royal and SFC are not adversarial. Royal is also waiving the conflict including in the event of litigation. However, in the event that the situation should change and litigation between SFC and Royal should ensue, we probably would not be able to represent either of you in that litigation.

Please acknowledge your waiver of any conflicts of interest that we may have in representing SFC and Royal by executing this letter at the signature line indicated below and returning it to me in the self-addressed envelope provided. The enclosed copy is for your records.

Kindly call with any questions you may have.

Sincerely yours,

W. Roderick Gagné

PHLEGAL #: 106806 v1 (N_H201L.WPD)

Philadelphia     Washington, D.C.     Detroit     New York     Pittsburgh
Berwyn     Cherry Hill     Harrisburg     Princeton     Tysons Corner     Wilmington
www.pepperlaw.com

PEPPER 199157

B-88

Pepper Hamilton LLP

Mr. Gary J. Hawthorne
June 21 2001
Page 2

The undersigned, on behalf of SFC and its Affiliates , as an officer of the same, acknowledges and agrees to waive any conflict of interest caused by Pepper Hamilton LLP representing SFC and Royal, as outlined above in this letter, now and in the future.

Royal Indemnity Company

_STUDENT FINANCE CORP._

Dated: _8/21/2000_        By: _____

Title: _PRESIDENT AND COO_

Name: _GARY J. HAWTHORNE_

PHILBGAL #1 24806 v1 (N_FD01LWFD)

PEPPER 199158

B-89

# Pepper Hamilton LLP
### Attorneys at Law

3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
215.981.4000
Fax 215.981.4750

215.981.4650
gagner@pepperlaw.com

August 27, 1998

**PERSONAL & CONFIDENTIAL**

Mr. Andrew N. Yao
Student Finance Corporation
Five Radnor Corporate Center
100 Matsonford Road
Suite 501
Radnor, PA 19087

Re:    Waiver of Conflicts of Interest

Dear Andrew:

As we discussed, in light of my family's recent loan of substantial additional funds to Student Finance Corporation, I feel it is incumbent upon me to reiterate my prior admonitions to you about the need for separate counsel and the inherent conflicts of interest present despite your prior waiver of any conflicts of interest.

As you and I have discussed, you should obtain separate counsel in connection with the loans made to SFC by my family and/or entities in their control and with respect to the execution of this letter, which acts as release of liability and a waiver of conflicts of interest. You have opted not to obtain separate counsel. Accordingly, you acknowledge, waive and release Pepper Hamilton LLP from any conflict of interest that may be present with Pepper Hamilton LLP representing Student Finance Corporation, Andrew N. Yao and Lore N. Yao in connection with loans made by Robert L. Bast, Esquire, the Elizabeth B. Brennan Trust, Pamela B. Gagné and other members of my family in the past several years to Student Finance Corporation and any loans which may occur in the future. You acknowledge the advice of Pepper Hamilton LLP and myself to obtain separate counsel. You have independently decided against the use of separate counsel. All negotiations for the terms, prices and rates of interest have been negotiated and agreed to by you without the need for counsel and you are not relying on Pepper Hamilton LLP or me for separate legal counsel in connection therewith. Accordingly, Pepper Hamilton LLP and I have not advised as to the merits of entering into the loans or the terms thereof, but we are merely acting as the scriveners of the loan documents negotiated by the parties. You concur that Pepper Hamilton LLP and I have not taken a position on behalf of

PHLEGAL: #562730 v1 (C27#01!.WPD)

PEPPER 199159

| Washington, D.C. | Detroit, Michigan | New York, New York | Pittsburgh, Pennsylvania |
|---|---|---|---|
| Wilmington, Delaware | Harrisburg, Pennsylvania | Berwyn, Pennsylvania | Cherry Hill, New Jersey |

B-90

**Pepper Hamilton LLP**
Attorneys at Law

Mr. Andrew N. Yao
Page 2
August 27, 1998

Student Finance Corporation or the lenders and waive any conflicts of interest in connection therewith, causes of action which may have or which may arise in the future against myself or Pepper Hamilton LLP by virtue of the representation described herein. In addition, you hereby release me and Pepper Hamilton LLP from any and all liability in connection with preparing these documents.

      Please acknowledge receipt of this letter and your waiver of any conflicts of interest that may arise and the release of Pepper Hamilton LLP and myself by endorsing the enclosed copy of this letter and returning it to me in the self-addressed envelope provided. Again, you should obtain separate counsel in reviewing this letter as well as any of the other transactions. Please call should you have any questions.

          Sincerely,

          W. Roderick Gagné

WRG/bdw
Enclosures

Agreed to and accepted by:

Andrew N. Yao as President of
  Student Finance Corporation and
  Individually

PHLEGAL: #562730 v1 (C27#01!.WPD)

PEPPER 199160

B-91

**Pepper Hamilton LLP**
Attorneys at Law

3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
215.981.4000
Fax 215.981.4750

215.981.4695
gagner@pepperlaw.com

August 21, 2000

Mr. Gary J. Hawthorne
President
Student Finance Corporation
170 Lukens Drive
New Castle, DE 19720

Re: Waiver of Conflict

Dear Gary:

As we discussed, I need to request a waiver of the conflict of interest in our representation of Student Finance Corporation ("SFC") in connection with the issuance of insurance policies by Royal Indemnity Company ("Royal") in the past and in the future to SFC or its Affiliates, currently formed or to be formed. We represent Royal on matters not related to SFC. In the transactions with SFC, Royal has its own in-house counsel advising them and we are representing SFC. Presently, the transactions between Royal and SFC are not adversarial. Royal is also waiving the conflict including in the event of litigation. However, in the event that the situation should change and litigation between SFC and Royal should ensue, we probably would not be able to represent either of you in that litigation.

Please acknowledge your waiver of any conflicts of interest that we may have in representing SFC and Royal by executing this letter at the signature line indicated below and returning it to me in the self-addressed envelope provided. The enclosed copy is for your records.

Kindly call with any questions you may have.

Sincerely yours,

W. Roderick Gagné

PHLEGAL #: 104806 v1 (N_#201L.WPD)

Philadelphia     Washington, D.C.     Detroit     New York     Pittsburgh

Berwyn     Cherry Hill     Harrisburg     Princeton     Tysons Corner     Wilmington

www.pepperlaw.com

PEPPER 199161

B-92

Pepper Hamilton LLP

Mr. Gary J. Hawthorne
June 21  2001
Page 2

The undersigned, on behalf of SFC and its Affiliates , as an officer of the same,
acknowledges and agrees to waive any conflict of interest caused by Pepper Hamilton LLP
representing SFC and Royal,  as outlined above in this letter, now and in the future.

Royal Indemnity Company

STUDENT FINANCE CORP.

Dated: _B/21/2000_

By: _____

Title: _PRESIDENT AND COO_

Name: _GARY J. HAWTHORNE_

PHILEGAL #1  36806 v1 (X_JE2011.WPD)

PEPPER 199162

B-93

**Pepper Hamilton LLP**
Attorneys at Law

RECEIVED MAR 2 2 2002

3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
215.981.4000
Fax 215.981.4750

215.981.4650
gagner@pepperlaw.com

March 5, 2002

**VIA FEDERAL EXPRESS**
**PERSONAL & CONFIDENTIAL**
Mr. Andrew N. Yao
Student Finance Corporation
Five Radnor Corporate Center
100 Matsonford Road
Suite 501
Radnor, PA  19087

Re:    **Waiver of Conflicts of Interest**

Dear Andrew:

As we discussed, in light of my family's recent loan of substantial additional funds to Student Finance Corporation, I feel it is incumbent upon me to reiterate my prior admonitions to you about the need for separate counsel and the inherent conflicts of interest present despite your prior waiver of any conflicts of interest.

As you and I have discussed, you should obtain separate counsel in connection with the loans made to SFC by my family and/or entities in their control and with respect to the execution of this letter, which acts as release of liability and a waiver of conflicts of interest. You have opted not to obtain separate counsel. Accordingly, you acknowledge, waive and release Pepper Hamilton LLP from any conflict of interest that may be present with Pepper Hamilton LLP representing Student Finance Corporation, Andrew N. Yao and Lore N. Yao in connection with loans made by Robert L. Bast, Esquire, the Elizabeth B. Brennan Trust FBO Elizabeth L. Gagné, the Elizabeth B. Brennan Trust FBO Philip B. Gagné, the James T. Brennan Trust FBO Philip B. Gagné, the James T. Brennan Trust FBO W, Roderick Gagné, the James T. Brennan Trust FBO Elizabeth L. Gagné, Pamela B. Gagné and other members of my family in the past several years to Student Finance Corporation and any loans which may occur in the future. You acknowledge the advice of Pepper Hamilton LLP and myself to obtain separate counsel. You have independently decided against the use of separate counsel. All negotiations for the terms, prices and rates of interest have been negotiated and agreed to by you without the need for counsel and you are not relying on Pepper Hamilton LLP or me for separate legal counsel in connection therewith. Accordingly, Pepper Hamilton LLP and I have not advised as

PHLEGAL: #1247606 v1 (QQNQ01!.WPD)

PEPPER 199163

| Philadelphia | Washington, D.C. | Detroit | New York | Pittsburgh |
| Berwyn | Cherry Hill | Harrisburg | Princeton | Tysons Corner | Wilmington |

www.pepperlaw.com

B-94

**Pepper Hamilton LLP**
Attorneys at Law

Mr. Andrew N. Yao
Page 2
March 5, 2002

to the merits of entering into the loans or the terms thereof, but we are merely acting as the scriveners of the loan documents negotiated by the parties. You concur that Pepper Hamilton LLP and I have not taken a position on behalf of Student Finance Corporation, you or the lenders and waive any conflicts of interest in connection therewith, causes of action which may have or which may arise in the future against myself or Pepper Hamilton LLP by virtue of the representation described herein. In addition, you hereby release me and Pepper Hamilton LLP from any and all liability in connection with preparing these documents.

Please acknowledge receipt of this letter and your waiver of any conflicts of interest that may arise and the release of Pepper Hamilton LLP and myself by endorsing the enclosed copy of this letter and returning it to me in the self-addressed envelope provided. Again, you should obtain separate counsel in reviewing this letter as well as any of the other transactions. Please call should you have any questions.

Sincerely,

W. Roderick Gagné

WRG/vam
Enclosures

Agreed to and accepted by:

_____
Andrew N. Yao as Chief Executive Officer and Treasurer of
   Student Finance Corporation and Individually

PHLEGAL: #1247606 v1 (QQNQ01!.WPD)

PEPPER 199164

4

PEPPER 199165

B-96

**Pepper Hamilton LLP**
————Attorneys at Law————

3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
215.981.4000
Fax 215.981.4750

215.981.4695
gagner@pepperlaw.com

April 24, 2002

**VIA FACSIMILE TRANSMISSION**
**610-995-2060**
Mr. Andrew N. Yao
Five Radnor Corporate Center
Suite 501
100 Matsonford Road
Radnor, PA 19087

Dear Andrew:

This will confirm our telephone call earlier today in which I advised that, with the exception noted below, Pepper Hamilton LLP has determined that it is withdrawing immediately from its representation of Student Finance Corporation, Student Marketing Services, LLC and Student Loan Servicing LLC. We will forward currently active files as soon as possible to successor counsel of your choice.

The exception referred to above is that we are willing to continue with the matter of the loan from Royal Indemnity Company which is scheduled to close later this week. As to that matter, however, we are willing to proceed only on the condition that you agree that in connection with that transaction, Pepper Hamilton will furnish no legal opinion to Royal Indemnity Company as to any matter whatsoever. I understand from our conversation that you agree to that condition.

Please confirm your agreement by signing where indicated below and returning the enclosed copy of this letter to me.

Sincerely,

W. Roderick Gagne

AGREED:    STUDENT FINANCE CORPORATION

By: _____
     Andrew N. Yao, Chief Executive Officer

PEPPER 199166

Dated: _____

| Philadelphia | Washington, D.C. | Detroit | New York | Pittsburgh |
| Berwyn | Cherry Hill | Harrisburg | Princeton | Tysons Corner | Wilmington |

PHLEGAL: #1250488 v1 (QSVS01!.DOC)

www.pepperlaw.com

B-97

4

PEPPER 199167

# Pepper Hamilton LLP
Attorneys at Law

3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
215.981.4000
Fax 215.981.4750

215-981-4394
decarlom@pepperlaw.com

May 1, 2002

*VIA FACSIMILE*

Gary J. Hawthorne, President,
Student Finance Corporation
170 Lukens Drive
New Castle, DE 19720

        Re:    Resignation as Assistant Secretary

Dear Mr. Hawthorne:

      I hereby resign as assistant secretary from all of the following corporations, limited liability companies or other entities listed, effective as of the date of this letter.

        Student Finance Corporation
        SFC Finance Corporation I G.P., Inc.
        SFC Finance Corporation II G.P., Inc
        SFC Finance Corporation III G.P., Inc

      We have filed this letter in the appropriate minute books.

        Sincerely,

        *Maria E. DeCarlo*

        Maria E. DeCarlo
        Senior Legal Assistant

MDC/sg
cc:     Alfred W. Wilcox, Esquire

PHLEGAL: #1253151 v1 (Q%XR011.DOC) 999905-10001

| Philadelphia | Washington, D.C. | | Detroit | New York | Pittsburgh |
| --- | --- | --- | --- | --- | --- |
| Berwyn | Cherry Hill | Harrisburg | Princeton | Tysons Corner | Wilmington |

www.pepperlaw.com

PEPPER 199168

B-99

# Pepper Hamilton LLP
Attorneys at Law

3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
215.981.4000
Fax 215.981.4750

215-981-4394
decarlom@pepperlaw.com

June 6, 2002



**FOR PICKUP**

Debby Pike
Student Finance Corporation
170 Lukens Drive
New Castle, DE  19720

Re:    Student Finance Corporation

Dear Debby:

Enclosed are the minute books for Student Finance Corporation's entities:

**BOX 1**

SFC Acceptance, LLC
SFC Acceptance II, LLC
SFC Acceptance II G.P., Inc.
SFC Acceptance III, LLC
SFC Acceptance III, G.P., Inc.
SFC Acceptance IV, LLC
SFC Acceptance IV, G.P., Inc.
SFC Acceptance V, LLC

**BOX 2**

SFC Acceptance V, G.P., Inc.
SFC Acceptance VI, LLC
SFC Acceptance VI, G.P., Inc.
SFC Acceptance VII, LLC
SFC Acceptance VII, G.P., Inc.
SFC Acceptance VIII, LLC
SFC Acceptance VIII, G.P., Inc.
SFC Acceptance IX, LLC

**BOX 3**

SFC Acceptance IX, G.P., Inc.
SFC Finance Corp. I G.P., Inc.
SFC Finance Corp. II G.P., Inc.
SFC Finance Corp. III G.P., Inc.
SFC Financial I, LLC
SFC Financial II, LLC
SFC Financial III, LLC
SFC Member Corporation

**BOX 4**

Student Loan Servicing LLC
Student Loan Servicing Member LLC
Student Marketing Member LLC
Student Marketing Services LLC
Student Placement Services, LLC

PHLEGAL: #1263714 v2 (R336021.DOC)

| Philadelphia | Washington, D.C. | Detroit | New York | Pittsburgh |
| --- | --- | --- | --- | --- |
| Berwyn | Cherry Hill | Harrisburg | Princeton | Tysons Corner | Wilmington |

www.pepperlaw.com

PEPPER 199169

B-100

**Pepper Hamilton LLP**
Attorneys at Law

Debby Pike
Page 2
June 6, 2002

       Also enclosed are two file folders for DCC Aircraft. Kindly acknowledge receipt of the minute books and folders by signing and returning to me a copy of this letter. I have enclosed a self-addressed, stamped envelope for your convenience in returning the acknowledgment to me.

       Thank you.

               Very truly yours,

               *Maria E. DeCarlo*

               Maria E. DeCarlo
               Senior Legal Assistant

MDC/sg
Enclosures
cc:      W. Roderick Gagné, Esquire

*Received Books
Oks.*

*Deborah Pike*

PHLEGAL: #1263714 v2 (R33602!.DOC)

PEPPER 199170

PEPPER 199171

B-102

**Wilcox, Alfred**

| | |
|---|---|
| **From:** | Gagne, Roderick |
| **Sent:** | Thursday, April 25, 2002 9:38 AM |
| **To:** | Cole, Thomas; Decarlo, Maria; Astolfi, Helena; Tanner, Neil; Schneider, Shari |
| **Cc:** | Wilcox, Alfred |

This is to advise you to stop all work on Student Finance Corporation and its affiliates Student Marketing Services, LLC and Student Loan Servicing, LLC. I forgot to include you in a meeting yesterday on the same. Please refer all calls on the client to Chub Wilcox and do not say anything to anyone on this matter outside of the firm, including spouses. We need to preserve all e-mails and files. Please print out all e-mails off the system relating to this client. We will be making arrangements to send active files to the successor firm when selected. Do not throw away or destroy anything. Please call me or Chub Wilcox at 4051 if you have any questions.

Rod Gagne
Tel: 215-981-4695
Fax: 215-981-4750
e-mail: gagner@pepperlaw.com

PEPPER 199172

1

B-103

Wilcox, Alfred

| | |
|---|---|
| **From:** | AndrewNYao@aol.com |
| **Sent:** | Monday, April 29, 2002 10:42 AM |
| **To:** | gagner@pepperlaw.com |
| **Subject:** | Replacement Counsel |

Rod,

Fox Rothschild has identified three attorneys who may be able to handle our work: Martin Heckler, Carl Maio, and Jay Ochroch. I am faxing their resumes to you. Please let me know what you think.

Additionally, we would prefer to say that Pepper and SFC mutually decided that using alternative counsel would be better due to the conflicts of interest between your representation of us, Royal, and your family. Please let me know if you are comfortable with this spin.

Thank you.

Andrew

PEPPER 199173

1

B-104

**Gagne, Roderick**

| | |
|---|---|
| **From:** | AndrewNYao@aol.com |
| **Sent:** | Tuesday, April 23, 2002 12:25 PM |
| **To:** | gagner@pepperlaw.com |
| **Subject:** | SFC Risk Factors |

Rod,

I know that these are troubling times for you as well. I have been very impressed, and reassured, by your steady hand, and continued guidance.

Please be assured, in return, that I will protect your family's investment in SFC, notwithstanding any adverse outcome that may result, should Royal make an uneconomic decision with respect to our recovery and repurchase proposal.

The SFC/FCS JV cash flows are strong and they are independent of Royal, the SFC business model is strong and it is independent of Royal, and the prospects of Premier Education Group continue to progress extraordinarily and it is independent of Royal.

Please know that I always will reciprocate your good will. I will not abandon those who do not abandon us.

I trust that you will have a productive conversation with Gil. Thank you.

Andrew

PEPPER 199174

1

B-105

4

PEPPER 199175

**Wilcox, Alfred**

| | |
|---|---|
| **From:** | Grant, M. Duncan |
| **Sent:** | Tuesday, April 30, 2002 6:17 PM |
| **To:** | Wilcox, Alfred; Gagne, Roderick |
| **Subject:** | RE: Nielsen v. SFC --- transfer of case to new counsel |

REDACTED

-----Original Message-----
From: Perry Turnbull [mailto:Pturnbull@sfcorp.com]
Sent: Tuesday, April 30, 2002 6:09 PM
To: 'Grant, M. Duncan'
Subject: RE: Nielsen v. SFC --- transfer of case to new counsel


Duncan,

Thank you.  We will most likely send this to the Fox Rothchild group, but we
are exploring alternatives.

Can you make any recommendations as to who might serve SFC as well as you
did?

Not to be embarrass, but we would like to clone you.

Sincerely,
Perry

-----Original Message-----
From: Grant, M. Duncan [mailto:GRANTM@pepperlaw.com]
Sent: Tuesday, April 30, 2002 4:00 PM
To: 'Perry Turnbull'
Subject: Nielsen v. SFC --- transfer of case to new counsel


Dear Perry:

As you know, the Nielsen case has not been active for several months, almost
all of Nielsen's claims have been resolved in SFC's and Andrew's favor, the
court has ruled in favor of SFC on its counterclaim, and there are no
deadlines facing SFC at the moment.  In view of Pepper's withdrawal from SFC
matters, I suggest that you contact Mike Maransky or others at the Fox
Rothschild firm and request that they take over the representation from us.
I have checked Fox Rothschild's web page, and it says they have two
litigators in their Delaware office.  In addition, if the Fox Rothschild
firm wishes to do so, they could utilize lawyers from their other offices to
work on the case.

If SFC would prefer to use Delaware counsel other than the Fox Rothschild
firm, that is of course fine, too.  Although there is no urgency at the
moment, we would like to make the transfer within the next week or two.
Once you have told us which new firm will be representing SFC, we can make
the appropriate arrangements to transfer our pleadings file, etc.

Regards, Duncan


**********************************************************

PEPPER 199176

1

B-107

**Wilcox, Alfred**

| | |
|---|---|
| **From:** | Gagne, Roderick |
| **Sent:** | Tuesday, April 30, 2002 12:51 PM |
| **To:** | 'AndrewNYao@aol.com' |
| **Subject:** | RE: Replacement Counsel |

Andrew,

The decision on new counsel is yours to make, and we cannot make the decision for you. However, of the three names you mention, I know Carl Maio, with whom I worked at Clark Ladner. While that was seven years ago, I recall that he was a solid lawyer who had represented insurance companies in insurance regulatory matters.

As to the second paragraph, we do not countenance any "spin" and only authorize you to say that Pepper withdrew from representing you.

Thank you,
Rod

-----Original Message-----
From: AndrewNYao@aol.com [mailto:AndrewNYao@aol.com]
Sent: Monday, April 29, 2002 10:42 AM
To: gagner@pepperlaw.com
Subject: Replacement Counsel

Rod,

Fox Rothschild has identified three attorneys who may be able to handle our work: Martin Heckler, Carl Maio, and Jay Ochroch. I am faxing their resumes to you. Please let me know what you think.

Additionally, we would prefer to say that Pepper and SFC mutually decided that using alternative counsel would be better due to the conflicts of interest between your representation of us, Royal, and your family. Please let me know if you are comfortable with this spin.

Thank you.

Andrew

PEPPER 199177

1                                                    B-108

Wilcox, Alfred

| | |
|---|---|
| **From:** | Grant, M. Duncan |
| **Sent:** | Thursday, April 25, 2002 3:11 PM |
| **To:** | 'Perry Turnbull' |
| **Subject:** | RE: Date of your receipt of the Bearcat Truck Driving complaint |

Perry --- Thanks for yesterday afternoon's message. As I believe you have probably heard from Andrew Yao, our firm has withdrawn from the representation of SFC (with the exception of one matter which is not a litigation matter). Rich Lyon's firm (Gibson, Dunn & Crutcher) advises that it cannot take on the Bearcat matter. Because Pepper is not in a position to find Texas counsel for you, I recommend that you talk with Mike Maransky or others at the Fox Rothschild firm to obtain alternative recommendations for counsel in the Dallas area.

In order to remove the case from state to federal court, given SFC's receipt of the complaint on April 4, the removal papers have to be filed with the state and federal courts in Texas no later than Friday, May 3. That deadline cannot be extended, even by agreement of Bearcat and SFC, so it is imperative that Texas counsel be engaged right away and that the removal papers be filed no later than May 3.

Regards, Duncan

-----Original Message-----
From: Perry Turnbull [mailto:Pturnbull@sfcorp.com]
Sent: Wednesday, April 24, 2002 2:41 PM
To: 'Grant, M. Duncan'
Subject: RE: Date of your receipt of the Bearcat Truck Driving complaint

We were served the papers on April 10th by a process server, and the overnight package came on April 4th.

Please let me know when you are successfull in refering to the other firm. Thank you.

-----Original Message-----
From: Grant, M. Duncan [mailto:GRANTM@pepperlaw.com]
Sent: Tuesday, April 23, 2002 8:51 AM
To: 'Perry Turnbull'
Subject: RE: Date of your receipt of the Bearcat Truck Driving complaint

Perry, thanks, and do you have any notes or other records that would tell you the exact day on which it arrived? We would like to refer to that date in whatever papers we file to remove the case from state to federal court in Texas.

Also I contacted Richard Lyon at the law firm Gibson, Dunn & Crutcher in Dallas yesterday, and he'll get back to me, probably today, after running a conflict check.

Regards, Duncan

-----Original Message-----
From: Perry Turnbull [mailto:Pturnbull@sfcorp.com]
Sent: Monday, April 22, 2002 5:44 PM
To: 'Grant, M. Duncan'
Subject: RE: Date of your receipt of the Bearcat Truck Driving complaint

Duncan,                                                          **PEPPER 199178**

To be safe it could have been a day or two earlier, perhaps April 2nd, 3rd,

1

Thank you,
Perry

-----Original Message-----
From: Grant, M. Duncan [mailto:GRANTM@pepperlaw.com]
Sent: Monday, April 22, 2002 4:28 PM
To: 'pturnbull@sfcorp.com'
Subject: Date of your receipt of the Bearcat Truck Driving complaint


Perry, according to my notes of a phone call with you on April 5, you
received the Bear Cat Truck Driving complaint that day.  Is that right?  You
also faxed it to me on April 5, together with a March 27 transmittal letter
from Bear Cat's lawyer.  His March 27 transmittal letter does not say that
it is being sent by fax or by FedEx, so I assume that it arrived at SFC on
April 5.

Can you confirm that April 5 was the date upon which you actually received
the complaint?  I need to know in order to be sure that we have correctly
calculated the date for removing the case from state to federal court.  You
have 30 days to do so; if the complaint was received April 5, you will have
until May 3 (May 5, the 30th day, being a Sunday), and thus a few days
longer than I had thought.


*****************************************************
This electronic mail transmission contains confidential
information intended only for the person(s) named.
Any use, distribution, copying or disclosure
by another person is strictly prohibited.
*****************************************************


*****************************************************
This electronic mail transmission contains confidential
information intended only for the person(s) named.
Any use, distribution, copying or disclosure
by another person is strictly prohibited.
*****************************************************


PEPPER 199179

B-110

PEPPER 199180

B-111

**Pepper Hamilton LLP**
Attorneys at Law

3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
215.981.4000
Fax 215.981.4750

215-981-4695
gagner@pepperlaw.com

June 3, 2002

**VIA FEDERAL EXPRESS**
Robert L. Bast, Esquire
10 Spruce Lane
Ambler, PA 19002

Dear Uncle Bob:

Enclosed please find an execution copy of the Pledge Agreement and all three stock certificates to be held as security for our loans.

I did not receive the interest payments from Student Finance Corporation ("SFC") or CEC today. I spoke with Andrew and learned that we will not be receiving the SFC checks for a while. I think you should determine if you intend to execute against the Pledge Agreement and take possession of the stock.

I also spoke to Gary Camp and learned we will not receive the CEC checks for a couple of weeks. It looks like we will be struggling for cash flow for the near future.

Please call me regarding your receipt of the enclosures.

Sincerely,

W. Roderick Gagné

WRG/bdw
Enclosures

PHLEGAL: #1268826 v1 (R71601L.DOC)

PEPPER 199181

| Philadelphia | Washington, D.C. | Detroit | New York | Pittsburgh |
| Berwyn | Cherry Hill | Harrisburg | Princeton | Tysons Corner | Wilmington |

www.pepperlaw.com

B-112



ONE SUMMIT PLACE G.P., INC.

INCORPORATED UNDER THE LAWS OF THE STATE OF DELAWARE

Authorized Capital Stock 1,000 Shares    Par Value $1.00 Per Share

This Certifies that

Andrew N. Yao

is the owner

of

Fifty

(SEE REVERSE FOR CERTAIN DEFINITIONS)

Shares of the Capital Stock of

ONE SUMMIT PLACE G.P., INC.

SECRETARY

PRESIDENT

PEPPER 199182

B-113





PEPPER 199184

B-115