UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>STUDENT FINANCE CORPORATION<br><br>Debtor.<br><br>CHARLES A. STANZIALE, JR.,<br>CHAPTER 7 TRUSTEE OF STUDENT<br>FINANCE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>PEPPER HAMILTON, LLP, et al.,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:   Civil Action No.: 04-1551 (JJF)<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

APPENDIX OF EXHIBITS TO REPLY BRIEF OF THE TRUSTEE
IN SUPPORT OF HIS MOTION TO COMPEL

Michael S. Waters, Esq.
Lois H. Goodman, Esq.
Candice E. Chesson, Esq.
MCELROY, DEUTSCH, MULVANEY
& CARPENTER, LLP
Three Gateway Center
100 Mulberry Street
Newark, New Jersey 07102

Daniel K. Astin, Esq. (No. 4068)
Mary E. Augustine, Esq. (No. 4477)
THE BAYARD FIRM
222 Delaware Avenue
Suite 900
Wilmington, Delaware 19899

## TABLE OF CONTENTS

Letter from Michael Waters dated October 25, 2006 .................................................. C-1

Letter from Stephen Shapiro dated November 10, 2006 ............................................ C-2

Letter from Michael Waters dated November 15, 2006 ............................................. C-3

Letter from Stephen Shapiro dated November 28, 2006 ............................................ C-5

Letter from Stephen Shapiro dated December 5, 2006 .............................................. C-7

Excerpt from Deposition of M. Duncan Grant taken on October 11, 2006 ................ C-8

**MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**
ATTORNEYS AT LAW

THREE GATEWAY CENTER
100 MULBERRY STREET
NEWARK, NEW JERSEY 07102-4079
(973) 622-7711
FACSIMILE (973) 622-5314

MICHAEL S. WATERS
Direct Dial: (973) 565-2011
E-mail: mwaters@mdmc-law.com

October 25, 2006

*VIA E-MAIL AND FIRST CLASS MAIL*

Stephen J. Shapiro, Esq.
Schnader Harrison Segal & Lewis LLP
Suite 3600, 1600 Market Street
Philadelphia, Pennsylvania 19103-7286

    Re:    *In Re: Student Finance Corporation*
             *Charles A. Stanziale, Jr., Chapter 7 Trustee of Student Finance Corporation*
             *vs. Pepper Hamilton LLP, et al.*
             *Civil Action Number: 04-1551 (JJF)*

Dear Steve:

    The testimony of Duncan Grant indicated that substantial documentation was provided to Pepper Hamilton's Compensation Committee each year regarding Mr. Gagne, including statistics as originating partner, billing partner, working timekeeper, etc. That information together with Pepper Hamilton's billing records for SFC, Yao, the Family Trusts, etc. would enable one to compute the significance of these billings in Mr. Gagné's overall presentation for compensation. Therefore, your answer to the interrogatory that such documents do not exist is incorrect. We ask you to advise us immediately that you will promptly produce all of those documents for each year that Mr. Gagné was a partner at Pepper Hamilton prior to the commencement of the litigation.

                      Very truly yours,

                      MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

                      Michael S. Waters

MSW:dmc
cc:    John I. Grossbart, Esq. (Via E-Mail)
      Neil Epstein, Esq. (Via E-Mail)
      Veronica Rendon, Esq. (Via E-Mail)
      Andre G. Castaybert, Esq. (Via E-Mail)
      John Eickemeyer, Esq. (Via E-Mail)
      Thomas H.L. Selby, Esq. (Via E-Mail)

NEW YORK, NEW YORK   DENVER, COLORADO   RIDGEWOOD, NEW JERSEY   MORRISTOWN, NEW JERSEY   PHILADELPHIA, PENNSYLVANIA

# Schnader
ATTORNEYS AT LAW

1600 MARKET STREET    SUITE 3600
PHILADELPHIA, PA 19103-7286
215.751.2000    FAX 215.751.2205    schnader.com

November 10, 2006

Stephen J. Shapiro
Direct Dial 215-751-2259
E-mail: sshapiro@schnader.com

## VIA E-MAIL AND FIRST CLASS MAIL

Michael S. Waters, Esquire
McElroy, Deutsch, Mulvaney
  & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, New Jersey 07102

RE:   *Royal Indemn. Co. v. Pepper Hamilton LLP, et al.*, No. 05-165 (D. Del.)
      *Stanziale v. Pepper Hamilton LLP, et al.*, No. 04-1551 (D. Del.)

Dear Mike:

I write in response to your letter of October 25, 2006.

The Trustee's Second Set of Requests for the Production of Documents requested that Pepper produce "[d]ocuments sufficient to identify and establish the effect of fees received from SFC on the compensation paid to Roderick Gagné by Pepper Hamilton." None of the fee statistics that Duncan Grant identified at his deposition are broken out by client and, therefore, do not establish the effect of fees received from SFC on Mr. Gagné's compensation. Nor can they, contrary to your assertion, be used in connection with other documents or information to establish the effect of fees received from SFC on Mr. Gagné's compensation. As such, the documents identified by Mr. Grant are not responsive to your document request and Pepper's response thereto was and remains accurate.

Nevertheless, we are treating your October 25, 2006 letter (and the subsequent motion to compel that you filed three business days later before Pepper had the opportunity to respond to your letter) as a request for the statistics identified by Mr. Grant, and are enclosing the documents, which we have designated "Confidential," with this letter (PEPPER 206375-79). As you can see, the documents do not establish the effect of fees received from SFC on Mr. Gagné's compensation.

Sincerely,

*[signature]*

Stephen J. Shapiro
For SCHNADER HARRISON SEGAL & LEWIS LLP

Enclosure

Schnader Harrison Segal & Lewis LLP
NEW YORK    PENNSYLVANIA    CALIFORNIA    WASHINGTON, DC    NEW JERSEY    DELAWARE

C-2

# MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
ATTORNEYS AT LAW

THREE GATEWAY CENTER
100 MULBERRY STREET
NEWARK, NEW JERSEY 07102-4079
(973) 622-7711
FACSIMILE (973) 622-5314

MICHAEL S. WATERS
Direct Dial: (973) 565-2011
E-mail: mwaters@mdmc-law.com

November 15, 2006

*VIA E-MAIL AND FIRST CLASS MAIL*

Stephen J. Shapiro, Esq.
Schnader Harrison Segal & Lewis LLP
Suite 3600, 1600 Market Street
Philadelphia, Pennsylvania 19103-7286

    Re:   *In Re: Student Finance Corporation*
              *Charles A. Stanziale, Jr., Chapter 7 Trustee of Student Finance Corporation*
              *vs. Pepper Hamilton LLP, et al.*
              *Civil Action Number: 04-1551 (JJF)*

Dear Steve:

    I have your letter of November 10, 2006 and the enclosed documents. In response to the Trustee's request for documents to identify the effect of fees received from SFC on compensation to Mr. Gagné, Pepper Hamilton responded that no such documents exist. What was clear from Mr. Grant's testimony was not just the existence of the fee statistics that you have now produced, but that they arise out of a computerized time and billing system. Unless that system is radically different from most, Pepper Hamilton has electronic records which allow it to determine lawyer origination by client, lawyer billing by client and handling attorney and that such reports are produced and delivered to the appropriate lawyers annually and monthly, if not more frequently. The documents from which I can endeavor to make the calculation apparently do exist and fall into three categories:

    1.   records of the total annual amounts for Mr. Gagné in each of the categories from 1997 to 2003, which you have now produced;

    2.   the changes in Mr. Gagné's compensation in each of those years. The documents you have produced show a change in his budgeted compensation. If there is any additional compensation granted or denied Mr. Gagné in a year after the Compensation Committee reviews these materials, by bonus or otherwise, please provide me with documents that refer to the amount of and basis for any change. Otherwise, please confirm that the documents you have now produced show the only changes in his compensation year-over-year;

NEW YORK, NEW YORK   DENVER, COLORADO   RIDGEWOOD, NEW JERSEY   MORRISTOWN, NEW JERSEY   PHILADELPHIA, PENNSYLVANIA

## McElroy, Deutsch, Mulvaney & Carpenter, LLP

Stephen J. Shapiro, Esq.
November 15, 2006
Page 2

3. the portion of chargeable hours, assigned lawyer collections, originating lawyer billing and collections, billing lawyer fee billing and collections, and handling attorney billing and collections which are attributable to SFC as defined in the document request. That information, on a client-by-client basis, no doubt exists on Pepper Hamilton's time and billing database and no doubt has been the subject of regular reports, whether or not they have been retained.

I call upon you to produce the documents described above which are responsive to my request and should allow me to complete the analysis.

Very truly yours,

McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

Michael S. Waters

MSW:dmc

# Schnader
ATTORNEYS AT LAW

1600 MARKET STREET   SUITE 3600
PHILADELPHIA, PA 19103-7286
215.751.2000   FAX 215.751.2205   schnader.com

November 28, 2006

Stephen J. Shapiro
Direct Dial 215-751-2259
E-mail: sshapiro@schnader.com

**VIA E-MAIL AND FIRST CLASS MAIL**

Michael S. Waters, Esquire
McElroy, Deutsch, Mulvaney
 & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, New Jersey 07102

RE:  *Royal Indemn. Co. v. Pepper Hamilton LLP, et al.*, No. 05-165 (D. Del.)
 *Stanziale v. Pepper Hamilton LLP, et al.*, No. 04-1551 (D. Del.)

Dear Mike:

I write in response to your letter of November 15, 2006.

The conclusions you have drawn from the documents produced on November 10, 2006 are incorrect. "Budgeted compensation" is a percentage of the amount budgeted (i.e., anticipated to be earned) for the Firm as a whole for each year. Actual compensation is derived by multiplying that percentage by the actual amount earned by the Firm as a whole in a given year. Actual compensation will differ from "budgeted compensation" to the extent Pepper's actual net revenues differ from the net revenue figure as budgeted for the compensation process. Mr. Gagné's actual compensation for the years at issue was calculated using the percentage budgeted and was neither increased by a bonus nor diminished by a surcharge.

Contrary to your speculation, the information you have requested in the paragraph numbered "3" of your letter has not been the "the subject of regular reports" at Pepper because Pepper does not generate compensation reports listing the proportion of a lawyer's total hours or billings that are attributable to each client or matter. As we previously have explained, for purposes of calculating compensation Pepper generates reports listing total hours billed and fees collected, not the percentages of those hours or fees attributable to any given client. Nevertheless, Pepper will attempt to cull the information you have requested from its record keeping system even though the end result of this exercise will be a list of figures that have no

Schnader Harrison Segal & Lewis LLP
NEW YORK   PENNSYLVANIA   CALIFORNIA   WASHINGTON, DC   NEW JERSEY   DELAWARE

C-5

Schnader
ATTORNEYS AT LAW

Michael S. Waters, Esquire
November 28, 2006
Page 2

bearing whatsoever on how Mr. Gagné's compensation was calculated and, therefore, are not responsive to your document request.

Sincerely,

*Stephen Shapiro /dey*
Stephen J. Shapiro
For SCHNADER HARRISON SEGAL & LEWIS LLP

# Schnader
ATTORNEYS AT LAW

1600 MARKET STREET  SUITE 3600
PHILADELPHIA, PA  19103-7286
215.751.2000   FAX 215.751.2205   schnader.com

December 5, 2006

Stephen J. Shapiro
Direct Dial 215-751-2259
E-mail: sshapiro@schnader.com

<u>VIA E-MAIL AND FIRST CLASS MAIL</u>

Michael S. Waters, Esquire
McElroy, Deutsch, Mulvaney
   & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, New Jersey 07102

RE: *Royal Indemn. Co. v. Pepper Hamilton LLP, et al.*, No. 05-165 (D. Del.)
*Stanziale v. Pepper Hamilton LLP, et al.*, No. 04-1551 (D. Del.)

Dear Mike:

Enclosed please find the information that we agreed to produce on behalf of Pepper in my letter of November 28, 2006. The documents, which we have been marked "Confidential," are Bates stamped PEPPER206386-88.

Sincerely,

*[signature]*

Stephen J. Shapiro
For SCHNADER HARRISON SEGAL & LEWIS LLP

Enclosure

Page 317

```
IN THE UNITED STATES DISTRICT COURT
   FOR THE DISTRICT OF DELAWARE

MBIA INSURANCE CORPORATION    :
and WELLS FARGO BANK,         :
N.A. (f/k/a WELLS FARGO       :
BANK MINNESOTA N.A.) as       :
TRUSTEE OF SFC GRANTOR        :
TRUST, SERIES 2000-1, SFC     :
GRANTOR TRUST, SERIES         :
2000-2, SFC GRANTOR TRUST,    : C.A. NO.
SERIES 2000-3, SFC GRANTOR    : 02-1294-JJF
TRUST, SERIES 2000-4, SFC     :
GRANTOR TRUST, SERIES 2001-1, :
SFC GRANTOR TRUST, SERIES     :
2001-2, SFC OWNER TRUST       :
2001-I, AND SFC GRANTOR       :
TRUST, SERIES 2001-3,         :
    Plaintiffs/Counterclaim   :
        Defendants,           : TRACK(I)WITNESS:
                              : M. DUNCAN GRANT
        v.                    : VOLUME II
ROYAL INDEMNITY COMPANY,      :
    Defendant/Counterclaim:    DATE:
        Plaintiff.            : OCTOBER 11, 2006
_____

ROYAL INDEMNITY COMPANY,
    Third-Party Plaintiff,

vs.

ANDREW N. YAO, STUDENT LOAN
SERVICING LLC, STUDENT LOAN
ACCEPTANCE II LLC, STUDENT LOAN
ACCEPTANCE III LLC, STUDENT LOAN
ACCEPTANCE III LLC, STUDENT LOAN
ACCEPTANCE V LLC, STUDENT LOAN
ACCEPTANCE VIII LLC, STUDENT LOAN
ACCEPTANCE IX LLC, SFC FINANCIAL LLC
I, SFC FINANCIAL LLC II, SFC
FINANCIAL LLC VI, SFC FINANCIAL LLC
VII,
    Third-Party Defendants.
_____

ROYAL INDEMNITY COMPANY,
    Counter-Claimant,
vs.
MBIA BANK and WELLS FARGO BANK
MINNESOTA, N.A.,
    Counter-Defendants.
```

VERITEXT/SPHERION DEPOSITION SERVICES
(212) 490-3430

C-8

78774420-c7dc-4cd4-8e30-859d489669c6

| | | |
|---|---|---|
| 1 | didn't feel was accurate, and in the | |
| 2 | motion that we filed with the Court | |
| 3 | in the Nielsen's case; specifically, | |
| 4 | the statement about no merit to the | |
| 5 | Nielsen allegations, I was very, | 14:18:08 |
| 6 | very comfortable that it was | |
| 7 | accurate on the basis of the | |
| 8 | evidence that I described to you | |
| 9 | five or ten minutes ago. | |
| 10 | Q.  And were you comfortable that | 14:18:18 |
| 11 | you had done the due diligence that | |
| 12 | was professionally required of you | |
| 13 | as a lawyer in making the | |
| 14 | representation to the Court? | |
| 15 |       MS. AINSLIE:  Objection. | 14:18:28 |
| 16 |       THE WITNESS:  Absolutely. | |
| 17 |       MR. WATERS:  I will give | |
| 18 | this -- I will just ask you some | |
| 19 | questions first.  Before I mark | |
| 20 | this, would you just pass this to | 14:21:08 |
| 21 | counsel? | |
| 22 |       THE WITNESS:  Sure. | |
| 23 |       MR. WATERS:  I just want | |
| 24 | to ask you, and I don't mind doing | |
| 25 | it on the record, I had a redacted | 14:21:20 |

1  copy, and then I have an unredacted
2  copy. I think you unredacted that.
3  I just want to make sure before I
4  mark it.
5          MS. AINSLIE: Can I                    14:21:30
6  consult with Mr. Wilcox?
7          THE VIDEO TAPE OPERATOR:
8  Off the video record. The time is
9  2:21.
10         (Whereupon the court
11 reporter marked document as Exhibit
12 312-I for identification.)
13         THE VIDEO TAPE OPERATOR:
14 Back on the record. The time is
15 14:24.                                         14:24:46
16         MS. AINSLIE: Mike, are
17 you going to state the agreement on
18 312?
19         MR. WATERS: Just to be
20 very brief, a redacted and                     14:24:58
21 unredacted copy of Exhibit 312 was
22 produced. It apparently was an
23 inadvertent production, not intended
24 to waive any privilege, but upon
25 review of the document, all counsel            14:25:14

```
 1   have agreed to stipulate that we may
 2   examine on the unredacted document,
 3   and that will not be considered a
 4   waiver of the privilege.
 5           MS. AINSLIE:  Thank you.          14:25:24
 6           MR. WATERS:  Just for
 7   purposes of this examination.
 8           MS. AINSLIE:  Thank you.
 9   BY MR. WATERS:
10   Q.  And after much ado, it is really   14:25:34
11   kind of simple.  It came a time when
12   it was determined that Pepper
13   Hamilton would not be representing
14   SFC; correct?
15   A.  That's right.                       14:25:46
16   Q.  And you were to transfer the
17   case to new counsel?
18   A.  That's right.
19   Q.  And in the course of that, there
20   was an exchange of e-mail, as set       14:26:00
21   forth in Exhibit 312?
22   A.  That's right.
23   Q.  And you had previously
24   indicated, I think, that you had a
25   good relationship with Perry            14:26:10
```

Gagne, Roderick

EXHIBIT
312-I
10/11/06

From: Grant, M. Duncan
Sent: Tuesday, April 30, 2002 6:17 PM
To: Wilcox, Alfred; Gagne, Roderick
Subject: RE: Nielsen v. SFC --- transfer of case to new counsel

Hello Chub and Rod. See the following reply from Perry Turnbull. I suspect that we don't want to recommend anyone to him, but rather that we want to ask him to ask the Fox Rothschild folks for alternatives if SFC doesn't want to use Fox -- do I have that right? Also you can see that we have no problems with their view of the work we did for them, although Perry has frequently made that same point to me over the phone and in person during the last several years.

-----Original Message-----
From: Perry Turnbull [mailto:Pturnbull@sfcorp.com]
Sent: Tuesday, April 30, 2002 6:09 PM
To: 'Grant, M. Duncan'
Subject: RE: Nielsen v. SFC --- transfer of case to new counsel

Duncan,

Thank you. We will most likely send this to the Fox Rothschild group, but we are exploring alternatives.

Can you make any recommendations as to who might serve SFC as well as you did?

Not to be embarrass, but we would like to clone you.

Sincerely,
Perry

-----Original Message-----
From: Grant, M. Duncan [mailto:GRANTM@pepperlaw.com]
Sent: Tuesday, April 30, 2002 4:00 PM
To: 'Perry Turnbull'
Subject: Nielsen v. SFC --- transfer of case to new counsel

Dear Perry:

As you know, the Nielsen case has not been active for several months, almost all of Nielsen's claims have been resolved in SFC's and Andrew's favor, the court has ruled in favor of SFC on its counterclaim, and there are no deadlines facing SFC at the moment. In view of Pepper's withdrawal from SFC matters, I suggest that you contact Mike Maransky or others at the Fox Rothschild firm and request that they take over the representation from us. I have checked Fox Rothschild's web page, and it says they have two litigators in their Delaware office. In addition, if the Fox Rothschild firm wishes to do so, they could utilize lawyers from their other offices to work on the case.

If SFC would prefer to use Delaware counsel other than the Fox Rothschild firm, that is of course fine, too. Although there is no urgency at the moment, we would like to make the transfer within the next week or two. Once you have told us which new firm will be representing SFC, we can make the appropriate arrangements to transfer our pleadings file, etc.

Regards, Duncan

*****************************************************

1

PH 044332

C-12