```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF DELAWARE

IN RE:                              :
                                    : Chapter 7
STUDENT FINANCE CORPORATION,        :
                                    : Bankruptcy Case No. 02-11620
      Debtor.                       :
_____:_____
CHARLES A. STANZIALE, JR.,          :
CHAPTER 7 TRUSTEE OF STUDENT        :
FINANCE CORPORATION,                :
                                    : Adversary No. 04-56423
      Plaintiff,                    :
                                    : Civil Action No. 04-1551 JJF
   v.                               :
                                    :
PEPPER HAMILTON LLP, et al.,        :
                                    :
      Defendants.                   :
```

                          **MEMORANDUM ORDER**

Pending before the Court is the Pepper Defendants' Motion For Judgment On The Pleadings On Count IV (Professional Malpractice) And Motion For Partial Judgment On The Pleadings On Count I (Breach Of Fiduciary Duty) Of The Trustee's First Amended Complaint (D.I. 109). For the reasons discussed, the Court will deny the Motion.

**I.   BACKGROUND**

The facts relevant to the pending Motion are as follows. On January 23, 2006, Charles A. Stanziale, Jr. (the "Trustee"), the Chapter 7 Trustee of Student Finance Corporation ("SFC") filed his First Amended Complaint. On July 6, 2006, Defendant Pepper Hamilton LLP ("Pepper") and W. Roderick Gagné (collectively, the "Pepper Defendants") filed the instant Motion For Judgment On The Pleadings (D.I. 109). In their reply brief,

the Pepper Defendants acknowledged that their Motion with respect to the entirety of Count IV for professional malpractice was premature, and converted the Motion to one for partial judgment on the pleadings (D.I. 114).

## II. PARTIES' CONTENTIONS

By their Motion, the Defendants contend that, in light of the Third Circuit's opinion in <u>Seitz v. Detweiler, Hershey and Associates, P.C. (In re CitX Corp.)</u>, 448 F.3d 672 (3d. Cir. 2006), the Trustee should be prohibited from seeking damages based on allegations of deepening insolvency. Specifically, the Defendants contend that, with respect to Count IV for professional malpractice, the Trustee should be limited to recover only payments made on above market terms for loans from the "Family Defendants."[1] With respect to Count I for breach of fiduciary duty, the Defendants contend that the Trustee should be limited to recover only damages based on above market loan terms and the disgorgement of legal fees.

In response, the Trustee contends that <u>Seitz</u> only precludes the use of deepening insolvency as an independent theory of damages but does not limit damages traditionally available for tort liability. Thus, the Trustee contends, there is no basis to

---

[1] The "Family Defendants" refers collectively to Defendants Pamela Bashore Gagné, Robert L. Bast, and W. Roderick Gagné in his capacity as trustee of various trusts whose beneficiaries are Gagné or his relatives.

limit his damages because he has alleged traditional theories of damages for professional malpractice and breach of fiduciary duty.

**III. LEGAL STANDARD**

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is governed by the same standards that apply to a motion to dismiss under rule 12(b)(6). Specifically, the Court must accept the facts alleged in the pleadings as true and draw all reasonable factual inferences in the light most favorable to the nonmovant. A motion for judgment on the pleadings may only be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The movant bears the burden of demonstrating that no material issue of fact remains to be resolved and judgment as a matter of law is appropriate. Institute for Scientific Info v. Gordon & Breach, Sci. Publs., Inc. 931 F.2d 1002, 1005 (3d Cir. 1991)

**IV. DISCUSSION**

In Seitz, the Third Circuit held that, although deepening insolvency is a valid cause of action under Pennsylvania law, it is not a valid theory of damages for an independent cause of action, thereby clarifying its holding in Official Committee of Unsecured Creditors v. R. F. Lafferty & Co., 267 F.3d 340 (3d

3

Cir. 2001). <u>Seitz</u>, 448 F.3d at 677. In <u>Seitz</u>, the Third Circuit affirmed the District Court's grant of summary judgment on the trustee's malpractice claim because he could not establish harm or causation without reliance on the theory of deepening insolvency. <u>Id</u>. at 681.

In the instant action, the Trustee alleges in support of his malpractice and breach of fiduciary duty claims that, "[a]s a direct, proximate and foreseeable result of [Pepper's] acts and omissions, SFC was ultimately driven into insolvency and operated well beyond the point of insolvency, finally resulting in SFC's bankruptcy," and that, "[a]s a direct, proximate and foreseeable result of [Pepper's] acts and omissions, SFC and its creditors were injured in the collapse of Debtor's business and loss of property and assets that would otherwise have been available to SFC and its creditors." (D.I. 76, ¶¶ 203, 204, 246, 247).

By their Motion, the Pepper Defendants do not contend that the Trustee fails to allege harm sufficient to state a claim for professional malpractice or breach of fiduciary duty. Rather, the Pepper Defendants seek only to preclude the Trustee from seeking damages based on the theory of deepening insolvency. The Court understands <u>Seitz</u> to hold that the theory of deepening insolvency is not a valid basis of damages for an independent cause of action. Thus, the Court concludes that, until discovery is complete, it would be premature to decide whether the Trustee

can prove damages that are cognizable under traditional theories of professional malpractice and breach of fiduciary duty. Accordingly, at this juncture, the Court declines to limit the damages which the Trustee may seek, and therefore, the Court will deny the Pepper Defendants' Motion For Judgment On The Pleadings (D.I. 109).

## ORDER

NOW THEREFORE, IT IS HEREBY ORDERED that the Pepper Defendants' Motion For Judgment On The Pleadings On Count IV (Professional Malpractice) And Motion For Partial Judgment On The Pleadings On Count I (Breach Of Fiduciary Duty) Of The Trustee's First Amended Complaint (D.I. 109) is **DENIED**.

March 23, 2007

*[signature]*
UNITED STATES DISTRICT JUDGE