IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | : |
| STUDENT FINANCE CORPORATION, | : Chapter 7 |
| Debtor. | : Bankruptcy Case No. 02-11620 (KJC) |
| CHARLES A. STANZIALE, JR., CHAPTER 7 TRUSTEE OF STUDENT FINANCE CORPORATION, | : Civil Action No. 04-1551 (JJF) |
| Plaintiff, | : |
| v. | : |
| PEPPER HAMILTON LLP, et al., | : |
| Defendants. | : |

**PLAINTIFF, CHARLES A. STANZIALE, JR., CHAPTER 7 TRUSTEE OF STUDENT FINANCE CORPORATION'S BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Charlene D. Davis (No. 2336)
Mary E. Augustine (No. 4477)
THE BAYARD FIRM
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
(302) 655-5000

Michael S. Waters, Esquire
McElroy, Deutsch, Mulvaney
& Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ 07102-4079
(973) 622-7711

*Counsel for Plaintiff
Charles A. Stanziale, Jr., Chapter 7 Trustee*

659098-1

## TABLE OF CONTENTS

Table of Authorities ................................................................................................................ ii

I.   Introduction ................................................................................................................. 1

II.  Statement of Facts ....................................................................................................... 1

III. Procedural Background ............................................................................................... 1

IV.  Summary of Legal Argument ...................................................................................... 3

V.   Legal Argument ........................................................................................................... 3

    A. Motions for Leave to Amend a Complaint
       are to be Liberally Granted ..................................................................................... 3

    B. The United States Court of Appeals for the Third Circuit
       Has Determined That Pennsylvania Recognizes a Cause
       of Action for Aiding and Abetting Breach of a Fiduciary
       Duty Under Pennsylvania Law .............................................................................. 4

    C. Defendants Pepper Hamilton LLP and W. Roderick Gagné
       Will Not Be Prejudiced By Granting Motion for Leave to
       Amend the Complaint as They Have Been Defending
       Against This Cause of Action From the Beginning of the
       Litigation ................................................................................................................ 6

VI.  Conclusion ................................................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**

Allegheny General Hospital v. NLRB,
  608 F.2d 965 (3d Cir. 1979)......................................................................... 5

Arthur v. Maersk, Inc.,
  434 F.3d 196 (3d Cir. 2006).......................................................................... 6

General Refractories v. Fireman's Fund Ins.,
  337 F.3d 297 (3d Cir. 2003).......................................................................... 4

Huber v. Taylor,
  469 F.3d 67 (3d Cir. 2006).................................................................. 2,3,4,5

In re: Student Finance Corporation, 335 B.R. 539,
  2005 U.S. Dist. LEXIS 34927 (D. Del. 2005)............................................... 2

Jaasma v. Shell Oil Co.,
  412 F.3d 501 (3d Cir. 2005).......................................................................... 2

Klaxon Co. v. Stentor Elec. Mfg. Co.,
  313 U.S. 487 (1941)....................................................................................... 4

Koken v. Steinberg,
  825 A.2d 723 (Pa. Commw. Ct. 2003).......................................................... 5

On Air Entm't Corp. v. Nat'l Indem. Co.,
  210 F.3d 146 (3d Cir. 2000).......................................................................... 4

State Bd. of Med. Educ. & Licensure v. Ferry,
  172 Pa.Super. 372 (1953).............................................................................. 5

Thompson v. Glenmede Trust Co.,
  1993 WL 197031 (E.D. Pa. 1993)................................................................. 5

**Rules**

Fed.R.Civ.P. 15............................................................................................... 4,6

## I. INTRODUCTION

Charles A. Stanziale, Jr., Chapter 7 Trustee (hereinafter the "Trustee" or "Plaintiff") of Student Finance Corporation (hereinafter "SFC"), by his undersigned counsel, hereby moves for leave to file a Second Amended Complaint to re-assert a claim for aiding and abetting breach of a fiduciary duty against Defendants, Pepper Hamilton LLP (hereinafter "Pepper") and W. Roderick Gagné (hereinafter "Gagné") (collectively "Defendants").

## II. STATEMENT OF FACTS

This case arises out of actions by Pepper, Gagné, and certain family trusts in relation to the business affairs of SFC. Gagné, a partner of the Pepper law firm, was SFC's counsel prior to its bankruptcy. Gagné's family profited over many years from its relationship with SFC and SFC's founder and principal, Andrew Yao (hereinafter "Yao"). During the time SFC was represented by Gagné and Pepper as outside general counsel, the Defendants aided Yao in breaching his fiduciary duty to SFC.

## III. PROCEDURAL BACKGROUND

The Trustee filed the Complaint on or about November 1, 2004. On or about January 14, 2005, Gagné and Pepper filed a Motion to Dismiss all Counts of the Trustee's Complaint. Count V of the Complaint asserted a claim for "Aiding and Abetting Breach of Fiduciary Duty" against Gagné and Pepper. In support of their Motion to Dismiss, Defendants argued that Count V should have been dismissed because the Pennsylvania Supreme Court had not yet recognized the tort of aiding and abetting a breach of fiduciary duty.

On or about December 22, 2005, this Court issued an Order dismissing Count V of the Trustee's Complaint. See Certification of Michael S. Waters ("Waters Certif."), Exhibit A attaching a copy of this Court's Order of December 22, 2005. In a Memorandum Opinion, dated

659098-1

December 22, 2005, this Court recognized at that time that neither the Pennsylvania Supreme Court nor the United States Court of Appeals for the Third Circuit had considered whether aiding and abetting a breach of fiduciary duty was a valid cause of action in Pennsylvania. In re: Student Finance Corporation, 335 B.R. 539, *550, 2005 U.S. Dist. LEXIS 34927, **20 (D. Del. 2005). This Court further recognized that if a federal court was presented with application of substantive state law to an issue that the state's highest court had not addressed, then the federal Court must predict how the state's highest court would rule on the issue. Id. (citing Jaasma v. Shell Oil Co., 412 F.3d 501, 507 n.5 (3d Cir. 2005)). Thus, this Court analyzed the issue by looking at prior decisions from Pennsylvania intermediate state courts and federal district courts applying Pennsylvania law, which appeared to have conflicting holdings regarding Pennsylvania's recognition of a claim for aiding and abetting breach of a fiduciary duty. Id. at *551, **21. Ultimately, this Court determined in December 2005 that there was insufficient basis to find that the Pennsylvania Supreme Court would recognize a cause of action for aiding and abetting, and accordingly, dismissed Count V of the Trustee's Complaint. Id. An Amended Complaint was thereafter filed on or about January 23, 2006, which retained the allegation in Count V.

Subsequently, the United States Court of Appeals for the Third Circuit issued an opinion in the matter of Huber v. Taylor, 469 F.3d 67 (3d Cir. 2006). The Huber Court examined the tort of aiding and abetting a breach of fiduciary duty under Pennsylvania law and found that such a cause of action is a cognizable claim in Pennsylvania. Id. at 79. At this time, based upon the holding in Huber, there is now sufficient basis for this Court to conclude that Pennsylvania recognizes a cause of action for aiding and abetting breach of a fiduciary duty.

Therefore, the Trustee respectfully requests this Court to grant him leave to file a Second Amended Complaint to re-assert a claim for aiding and abetting breach of a fiduciary duty against Pepper and Gagné. See Waters' Certif., Exhibit C attaching proposed Second Amended Complaint.

## IV.    SUMMARY OF LEGAL ARGUMENT

Because of the Huber decision, the Trustee should be afforded an opportunity to pursue a claim for aiding and abetting breach of a fiduciary duty against Pepper and Gagné. In the Huber decision, which finds that Pennsylvania recognizes such a cause of action, the Third Circuit Court of Appeals provides guidance to this Court that was unavailable when Count V of the Trustee's Complaint was dismissed in December 2005. It is well-settled that a motion for leave to amend a complaint should be liberally granted to ensure justice, especially when it will not result in any prejudice to the non-moving party, as in the case at hand. Accordingly, at this time, the Trustee seeks leave to file a Second Amended Complaint to re-assert a claim for aiding and abetting breach of a fiduciary duty against Pepper and Gagné. The only change in the Second Amended Complaint is to add a few additional paragraphs to Count V.

## V.    LEGAL ARGUMENT

### A.    Motions for Leave to Amend a Complaint are to be Liberally Granted.

Rule 15 of the Federal Rules of Civil Procedure provides in pertinent part:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise **a party may amend the party's pleading only by leave of court** or by written consent of the adverse party; and **leave shall be freely given when justice so requires.**

Fed.R.Civ.P. 15(a) (emphasis added).  To that regard, the Court has held that "[a] party generally should be permitted to amend a complaint where if it did so it could state a claim." General Refractories v. Fireman's Fund Ins., 337 F.3d 297, 309 (3d Cir. 2003) (citation omitted).

Because the Court of Appeals for the Third Circuit has recently recognized that the tort of aiding and abetting breach of a fiduciary duty can be maintained in Pennsylvania, justice requires that the Trustee be afforded an opportunity to pursue that claim at this time.

**B.     The United States Court of Appeals for the Third Circuit Has Determined That Pennsylvania Recognizes a Cause of Action for Aiding and Abetting Breach of a Fiduciary Duty Under Pennsylvania Law.**

In Huber v. Taylor, the United States Court of Appeals for the Third Circuit decided a choice of law issue arising from allegations of a breach of fiduciary duty. 469 F.3d 67 (3d Cir. 2006). Plaintiffs, a group of steelworkers, sued their former attorneys who had represented them in an asbestos-related personal injury class action. Plaintiffs brought suit in the Western District of Pennsylvania on behalf of a putative class for breach of a fiduciary duty, aiding and abetting a breach of a fiduciary duty and conspiracy to breach a fiduciary duty. Id. at 69. The Huber Court recognized that the case was a diversity action, and that it "must apply the choice of law rules of the forum state to determine what substantive law will govern." Id. at 73 (quoting Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941)). The Court noted that "[b]efore a choice of law question arises, there must first be a true conflict between the potentially applicable bodies of law." Id. at 74 (citing On Air Entm't Corp. v. Nat'l Indem. Co., 210 F.3d 146, 149 (3d Cir. 2000)). In addressing the choice of law issue, the Huber Court examined the relevant laws of the various states, including Pennsylvania, which was integral to the Huber Court's holding. Id. at 76.

In examining the multiple conflicts of laws in the states involved, the <u>Huber</u> Court addressed the plaintiffs' claim for aiding and abetting breach of a fiduciary duty. <u>Id.</u> at 79. The <u>Huber</u> Court explained that "[p]roof of a breach of fiduciary duty is required to maintain a claim of aiding and abetting a breach of fiduciary duty." <u>Id.</u> (citing <u>State Bd. of Med. Educ. & Licensure v. Ferry</u>, 172 Pa.Super. 372, 94 A.2d 121, 123 (1953); citations from Texas and Ohio omitted). The Court further held that "[s]tates vary on whether damages are required for such a claim. Pennsylvania appears not to have such a requirement." <u>Id.</u> In support of its position, the <u>Huber</u> Court relied upon the following Pennsylvania cases: <u>Thompson v. Glenmede Trust Co.</u>, 1993 WL 197031 (E.D. Pa.1993) (aiding and abetting a breach of fiduciary duty does not require actual harm); and <u>Koken v. Steinberg</u>, 825 A.2d 723, 732 (Pa. Commw. Ct. 2003) (adopting <u>Thompson</u>). <u>Id.</u>

In its decision in <u>Huber</u>, the United States Court of Appeals for the Third Circuit recognizes a cause of action, under Pennsylvania law, for aiding and abetting breach of a fiduciary duty. In finding that Pennsylvania does not have a requirement for damages to support a claim for aiding and abetting breach of a fiduciary duty, <u>id.</u>, the Court clearly recognized that such a cause of action exists under Pennsylvania law.[1]

Since the cause of action the Trustee seeks to re-assert is cognizable under Pennsylvania law, the Trustee requests this Court to grant leave to amend the Complaint to re-assert a claim of aiding and abetting breach of a fiduciary duty against the Defendants, Pepper and Gagné.

---

[1] It is well settled that decisions of an Appeals Court are binding upon other Courts in the same circuit. <u>See</u> <u>Allegheny General Hospital v. NLRB</u>, 608 F.2d 965, 969-970 (3d Cir. 1979).

659098-1

5

**C.     Defendants Pepper Hamilton LLP and W. Roderick Gagné Will Not Be Prejudiced By Granting Motion for Leave to Amend the Complaint as They Have Been Defending Against This Cause of Action From the Beginning of the Litigation.**

As discussed above, the Federal Rules of Civil Procedure provide that leave to amend a Complaint "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Nonetheless, this standard must take into account any prejudice that may result to the opposing party. See Arthur v. Maersk, Inc., 434 F.3d 196, 203 (3d Cir. 2006). As the Maersk Court explained, this encompasses "equitable factors, including a party's delay in seeking leave to amend and any prejudice to the opposing party. Only when these factors suggest that amendment would be 'unjust' should the court deny leave." Id. (citation omitted).

In this case, the proposed amendment (re-asserting a claim for aiding and abetting breach of a fiduciary duty) would not result in prejudice to the Defendants. First, this cause of action was originally asserted against Pepper and Gagné by the Trustee. Additionally, a cause of action for aiding and abetting a breach of fiduciary duty has been asserted against Pepper and Gagné by Royal Insurance Company in the companion case to this action, Royal Indemnity Co. v. Pepper Hamilton LLP, W. Roderick Gagné, et al., Civil Action Number 05-165-JJF. These cases have been consolidated for purposes of discovery and have the same trial dates. Accordingly, Pepper and Gagné have been conducting discovery on and defending against the exact same cause of action throughout the entire history of this litigation.

No other factual issues will arise as a result of this Court granting leave to re-assert the cause of action, as the facts in support of the claim the Trustee seeks to re-assert are intertwined with facts supporting other existing claims. Therefore, no additional discovery will be required. Since Pepper and Gagné have engaged in full discovery regarding this cause of action (and the facts surrounding same) and since they will have to defend against this cause of action at trial in

the Royal Indemnity Company matter, they will not be prejudiced in any way by the amendment sought at this time. Accordingly, the Trustee requests this Court to grant his motion for leave to file a Second Amended Complaint.

## VI.  CONCLUSION

The cause of action the Trustee seeks to re-assert is permissible under the laws of the State of Pennsylvania, and leave to amend the Complaint will not result in any prejudice to the Defendants, Pepper and Gagné. Accordingly, the Trustee respectfully requests this Court to grant the motion and allow the Trustee to file a Second Amended Complaint to re-assert a cause of action against the Defendants, Pepper and Gagné, for aiding and abetting breach of a fiduciary duty.

Respectfully submitted,

Dated: May 4, 2007
Wilmington, Delaware

THE BAYARD FIRM

*[signature]*

Charlene D. Davis (No. 2336)
Mary E. Augustine (No. 4477)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, Delaware 19899
Telephone: (302) 655-5000

-and-

Michael S. Waters, Esquire
McElroy, Deutsch, Mulvaney &
Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ 07102-4079
(973) 622-7711
*Counsel for Charles A. Stanziale, Jr.,
Chapter 7 Trustee*