**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | : |
| | : Chapter 7 |
| STUDENT FINANCE CORPORATION, | : |
| | : Bankruptcy Case No. 02-11620- |
| Debtor. | : JBR |
| | : |
| CHARLES A. STANZIALE, JR., | : |
| CHAPTER 7 TRUSTEE OF STUDENT | : |
| FINANCE CORPORATION, | : |
| | : Adversary No. 04-56423-PBL |
| Plaintiff, | : |
| | : Civil Action No. 04-1551-JJF |
| v. | : |
| | : |
| PEPPER HAMILTON LLP, et al., | : |
| | : |
| Defendants. | : |

O R D E R

At Wilmington, this 22nd day of December 2005, for the reasons set forth in the Memorandum Opinion issued this date,

IT IS HEREBY ORDERED that:

1. Defendants' Motions To Dismiss (D.I. 19; D.I. 21) are **DENIED** with respect to Counts I, IV, VII, IX, X, and XI of the Complaint;

2. Defendants' Motions To Dismiss (D.I. 19; D.I. 21) are **GRANTED** with respect to Counts II, III, V, VI, and VIII of the Complaint;

3. Count II, deepening insolvency is **DISMISSED**;

4. Count III, negligent misrepresentation is **DISMISSED**;

5. Count V, aiding and abetting a breach of fiduciary duty is <u>DISMISSED</u>;

6. Count VI, civil conspiracy, is <u>DISMISSED</u>;

7. Count VIII, turnover of estate property, is <u>DISMISSED</u>.

_____
UNITED STATES DISTRICT JUDGE

335 B.R. 539, *; 2005 U.S. Dist. LEXIS 34927, **

Page 1

LEXSEE 335 B.R. 539 (D. DEL. 2005)


Positive
As of: Apr 09, 2007

IN RE: STUDENT FINANCE CORPORATION, Debtor. CHARLES A. STANZIALE, JR., CHAPTER 7 TRUSTEE OF STUDENT FINANCE CORPORATION, Plaintiff, v. PEPPER HAMILTON LLP, et al., Defendants.

Civil Action No. 04-1551-JJF

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

335 B.R. 539; 2005 U.S. Dist. LEXIS 34927

December 22, 2005, Decided

**SUBSEQUENT HISTORY:** Motion denied by *In re Student Fin Corp. v. McGladrey & Pullen, LLP*, 2006 U.S. Dist. LEXIS 56759 (D. Del., Aug. 10, 2006)
Related proceeding at, Motion granted by *Royal Indem. Co. v. Pepper Hamilton LLP*, 2006 U.S. Dist. LEXIS 93309 (D. Del., Dec. 26, 2006)

**PRIOR HISTORY:** [**1] Chapter 7, Bankruptcy Case No. 02-11620-JBR, Adversary No. 04-56423-PBL.

**COUNSEL:** Peter C. Hughes, Esquire of DILWORTH PAXSON LLP, Wilmington, Delaware. Of Counsel: James J. Rodgers, Esquire and Derrick A. Dyer, Esquire of DILWORTH PAXSON LLP, Philadelphia, Pennsylvania; SCHWARTZ, TOBIA, STANZIALE, BECKER, ROSENSWEIG & SEDITA, P.A., Montclair, New Jersey, for Plaintiff, Charles A. Stanziale, Jr., Chapter 7 Trustee of Student Finance Corporation.

William H. Sudell, Jr., Esquire and Donna L. Culver, Esquire of MORRIS, NICHOLS, ARSHT & TUNNELL, Wilmington, Delaware. Of Counsel: Elizabeth K. Ainslie, Esquire, Nicholas J. LePore, III, Esquire, Bruce P. Merenstein, Esquire and Stephen J. Shapiro, Esquire, SCHNADER HARRISON SEGAL & LEWIS LLP, Philadelphia, Pennslyvania, for Defendants, Pepper Hamilton LLP and W. Roderick Gagne in his capacity as an attorney practicing at Pepper Hamilton LLP.

Karen Lee Turner, Esquire of ECKERT SEAMANS CHERIN & MELLOT, LLC, Wilmington Delaware. Of Counsel: Neil G. Epstein, Esquire and Carol L. Press, Esquire of ECKERT SEAMANS CHERIN & MELLOT, LLC, Philadelphia, Pennsylvania, for Defendants, W. Roderick Gagne, Robert L. Bast, Pamela Bashore Gagne,

and W. [**2] Roderick Gagne in his capacity as trustee of various trusts.

**JUDGES:** Joseph J. Farnan, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** Joseph J. Farnan

**OPINION:**

[*544] MEMORANDUM OPINION

December 22, 2005
Wilmington, Delaware

Joseph J. Farnan Jr.

Farnan, District Judge:

Pending before the Court are two Motions to Dismiss: the Motion Of Pepper Hamilton LLP And W. Roderick Gagne, In His Capacity As An Attorney Practicing At Pepper Hamilton LLP, For The Dismissal Of Counts I, II, III, IV, And IX Of The Trustee's Complaint in Their Entirety And For The Partial Dismissal Of Count X Of The Trustee's Complaint (D.I. 19); and the Motion To Dismiss Of W. Roderick Gagne, Robert L. Bast, Pamela Bashore Gagne And The Trusts (D.I. 21). Together, the two Motions request dismissal or partial dismissal of all eleven Counts in the Complaint. For the reasons set forth below, [*545] the Court will grant the Motions in part and deny the Motions in part.

BACKGROUND

This action was filed by Charles A. Stanziale, Jr. (the "Trustee"), the Chapter 7 Trustee of Student Finance Corporation ("SFC"). The action was originally filed in

Case 1:04-cv-01551-JJF    Document 225-8    Filed 05/04/2007    Page 5 of 12

Page 2
335 B.R. 539, *; 2005 U.S. Dist. LEXIS 34927, **

the Bankruptcy Court of the District of Delaware as Adversary Proceeding [**3] No. 04-56423-PBL in Bankruptcy Case No. 02-11620-JBR. On January 7, 2005, this Court granted Defendants' uncontested Motion to withdraw the reference to the Bankruptcy Court. (D.I. 5.)

SFC is a Pennsylvania corporation with its principal place of business in New Castle, Delaware. SFC is currently in Chapter 7 bankruptcy proceedings. Andrew Yao ("Yao") was SFC's Chief Executive Officer, Treasurer, and sole shareholder. Defendant Pepper Hamilton LLP ("Pepper") is a law firm organized as a Pennsylvania Limited Liability General Partnership, with its principal place of business in Philadelphia, Pennsylvania. Throughout the relevant time period, Pepper represented SFC. Defendant W. Roderick Gagne ("Gagne") is an attorney and partner at Pepper and was primarily responsible for Pepper's representation of SFC. Defendant Pamela Bashore Gagne is Gagne's wife. Defendant Robert L. Bast is Gagne's uncle. Gagne is also named as a defendant in his capacity as trustee of seven different trusts whose beneficiaries are Gagne or relatives of Gagne. The Court will follow the Trustee's practice of using the term "the Family" to refer collectively to Defendants Pamela Bashore Gagne, Robert L. Bast, and [**4] Gagne in his capacity as trustee of the various trusts.

## DISCUSSION

By their Motions, Defendants contend that all eleven Counts of the Complaint should be dismissed or partially dismissed, for a variety of reasons, under *Federal Rules of Civil Procedure 12(b)(1)* and *12(b)(6)*. After a brief discussion of the applicable legal standards, the Court will address each Count of the Complaint in turn.

### I. Legal Standards

#### A. *Federal Rule of Civil Procedure 12(b)(1)*

A motion to dismiss under *Rule 12(b)(1)* challenges the jurisdiction of the court to address the merits of the plaintiff's complaint. *Fed. R. Civ. P. 12(b)(1)*. The motion should be granted where the asserted claim is "insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Coxson v. Comm. of Pennsylvania, 935 F.Supp. 624, 626 (W.D. Pa. 1996)* (citations omitted). Under *Rule 12(b)(1)*, a court may also dismiss an action for lack of subject matter jurisdiction if the plaintiff lacks [**5] standing to bring his claim. *Kwan v. United States, 84 F.Supp.2d 613, 617 n.2 (E.D. Pa. 2000)*. A motion to dismiss under 12(b)(1) may present either a facial or factual challenge to subject matter jurisdiction. See *Mortensen v. First Fed. Sav. and Loan, 549 F.2d 884, 891 (3d Cir. 1977)*. In considering a facial challenge, a court must accept as true, all allegations in the complaint. Id. In contrast, when considering a factual challenge, a court is free to weigh the evidence and no presumption of truthfulness attaches to the plaintiff's allegations. Id.

#### B. *Federal Rule of Civil Procedure 12(b)(6)*

Pursuant to *Federal Rule of Civil Procedure 12(b)(6)*, the Court may dismiss a complaint for failure to state a claim upon which relief may be granted. *Fed. R. Civ. P. 12(b)(6)*. [*546] The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. *Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993)*. When considering a motion to dismiss, a court must accept as true all allegations [**6] in the complaint and must draw all reasonable factual inferences in the light most favorable to the plaintiff. *Neitzke v. Williams, 490 U.S. 319, 326, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)*; *Piecknick v. Pennsylvania, 36 F.3d 1250, 1255 (3d Cir. 1994)*. The Court is "not required to accept legal conclusions either alleged or inferred from the pleaded facts." *Kost, 1 F.3d at 183*. Dismissal is only appropriate when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson, 355 U.S. 41, 45, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)*. The burden of demonstrating that the plaintiff has failed to state a claim upon which relief may be granted rests on the movant. *Young v. West Coast Industrial Relations Assoc., Inc., 763 F.Supp. 64, 67 (D. Del. 1991)* (citations omitted).

### II. Analysis

#### A. Count I: Breach Of Fiduciary Duty

In Count I, the Trustee alleges that Pepper and Gagne, as counsel to SFC, breached their fiduciary duty by engaging in improperly waived, and unwaivable conflicts of interest. (Adv. Pro. No. 04-56423, D.I. 1 at 36.) Among many purported conflicts with Pepper [**7] and Gagne's representation of SFC, the Trustee alleges that Pepper and Gagne simultaneously represented SFC and various other individuals and entities whose interests were adverse to those of SFC, permitted Gagne and the Family to loan millions of dollars to SFC and to become equity holders in SFC, elevated the interests of Gagne and the Family above those of SFC and its creditors, and represented or considered the Family's interests in transactions with SFC and Yao. (Id.)

Defendants Pepper and Gagne contend that Count I should be dismissed under *Rule 12(b)(1)* because the Trustee lacks standing to bring this claim. Defendants contend that the Trustee does not have standing under *11 U.S.C. § 541* because this claim belongs to SFC's creditors and not to SFC. (D.I. 20 at 16.) Defendants also

Case 1:04-cv-01551-JJF    Document 225-8    Filed 05/04/2007    Page 6 of 12

335 B.R. 539, *; 2005 U.S. Dist. LEXIS 34927, **

Page 3

contend that the Trustee does not have standing under *11 U.S.C. § 544* because that section does not give a trustee standing to bring tort claims. (Id.) Defendants further contend that Count I should be dismissed under *Rule 12(b)(6)* because the Trustee's claim is barred by the doctrine of in pari delicto. (Id. at 17.) In response, the Trustee [**8] contends that he has standing to bring this claim under both *§ 544 (a)* and *§ 541*. (D.I. 15 at 13.) He further contends that Defendants' assertion of in pari delicto is premature at the stage of a Motion to Dismiss under *Rule 12* (Id. at 17), that the doctrine is inapplicable because Defendants are insiders of SFC (Id. at 20), and that the doctrine does not apply to the allegation of breach of fiduciary duty (Id. at 25).

The estate of a bankrupt debtor includes "all legal or equitable interests of the debtor in property as of the commencement of the case." *11 U.S.C. § 541(a)(1)*. This definition includes legal causes of action. *Board of Trustees of Teamsters Local 863 Pension Fund v. Foodtown, Inc., 296 F.3d 164 (3d Cir. 2002)*. Therefore, under *§ 541*, the trustee of a bankrupt debtor may bring any cause of action that the debtor could have brought under state law as of the commencement [*547] of the case. n1 Id. n.5. Count I alleges a breach of the fiduciary duty that arose from Pepper and Gagne's attorney-client relationship with SFC. Thus, this is a cause of action that SFC could have brought on its own behalf. Moreover, the Trustee [**9] alleges that the conflicts of interest constituting the breach began well before the commencement of the bankruptcy case. Therefore, the Court concludes that the Trustee has standing to bring Count I under *11 U.S.C. § 541(a)(1)*.

 n1 The parties agree that state law questions in this case are controlled by the law of Pennsylvania. (See D.I. 15 at 18; D.I. 20 at 9).

Defendants next contend that, even if the Trustee has standing, Count I must be dismissed under *Rule 12(b)(6)* because it is barred by the doctrine of in pari delicto. In pari delicto is an equitable doctrine providing "that a plaintiff may not assert a claim against a defendant if the plaintiff bears fault for the claim." *Official Committee of Unsecured Creditors v. R.F. Lafferty & Co., Inc., 267 F.3d 340, 354 (3d Cir. 2001)*. The Court of Appeals for the Third Circuit has held that the doctrine may be applied to bar a bankruptcy trustee who has stepped into the shoes of a wrongdoing debtor from bringing [**10] an action under *§ 541* against a third party defendant who participated in the same wrongdoing. *Id. at 360*.

Although in pari delicto is an affirmative defense, "a complaint may be subject to dismissal under *Rule 12(b)(6)* when an affirmative defense . . . appears on its face." *Levero v. Lapina, 258 F.3d 156, 161 (3d Cir. 2001)* (quoting *ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994))*. Here, however, the affirmative defense is not established on the face of the complaint. In pari delicto will not operate to bar claims against insiders of the debtor corporation. *Official Committee of Unsecured Creditors v. William Shapiro, 2001 U.S. Dist. LEXIS 18734, No. 99-526, slip op. at *1, 2001 WL 1468250 (E.D. Pa. 2001)* (citing *In re Granite Partners, L.P., 194 B.R. 318, 332 (S.D.N.Y. 1996))*. The Trustee contends that all Defendants are insiders of SFC and his Complaint includes numerous factual allegations in support of that contention. (See Adv. Pro. No. 04-56423, D.I. 1 at 6, 7, 8, 15-17, 18-20, 22, 31-32, 42, & 61.) "Any person or entity whose relationship with the debtor is sufficiently close so as to subject the [**11] relationship to careful scrutiny may qualify as an 'insider.'" *Walsh v. Dutil (In re Demko), 264 B.R. 404, 408 (Bankr. W.D. Pa 2001)* (citing *Butler v. David Shaw Inc., 72 F.3d 437, 443 (4th Cir. 1996))*. Thus, the inquiry into insider status "is fact-intensive and can be made only on a case-by-case basis." *Demko. 264 B.R. at 408* (citing *ABC Elec. Servs. v. Rondout Elec. (In re ABC Elec. Servs.), 190 B.R. 672, 675 (Bankr. M.D. Fla. 1995))*. Therefore, whether Defendants in this case are insiders of SFC can be determined only after full discovery. The Court concludes that the affirmative defense of in pari delicto, not having been established on the face of the Complaint, does not compel dismissal of Count I at this stage of the proceedings. n2 Therefore, the Court will deny Defendants' Motions To Dismiss with respect to Count I.

 n2 Defendants' contentions that in, pari delicto bars the Trustee from bringing other Counts fail for the same reason, so the Court will not address those contentions in its discussion of those Counts.

[**12]

B. Count II: Deepening Insolvency

In Count II, the Trustee alleges that all Defendants engaged in tortious conduct that caused injury to SFC through the wrongful expansion of corporate debt and prolongation of corporate life beyond insolvency. [*548] (Adv. Pro. No. 04-56423, D.I. 1 at 42.) Defendants contend that Count II should be dismissed under *Rule 12(b)(1)* because the Trustee lacks standing to bring the claim. (D.I. 20 at 1; D.I. 22 at 10.) Defendants further contend that Count II should be dismissed under *Rule 12(b)(6)* because Pennsylvania does not recognize an independent cause of action for deepening insolvency. (D.I. 20 at 28; D.I. 22 at 14.) Alternatively, Defendants contend that the Trustee has not alleged the necessary

Case 1:04-cv-01551-JJF  Document 225-8  Filed 05/04/2007  Page 7 of 12

Page 4
335 B.R. 539, \*; 2005 U.S. Dist. LEXIS 34927, \*\*

elements of a claim for deepening insolvency, and that he has not alleged fraud with the particularity required by *Rule 9(b)*. (D.I. 20 at 28; D.I. 22 at 14.) In response, the Trustee contends that the Court is bound by the Third Circuit's decision in *Lafferty, 267 F.3d at 344*, which concluded that Pennsylvania would recognize deepening insolvency as a valid cause of action. (D.I. 15 at 26-28.) The Trustee further contends that the Complaint [\*\*13] alleges all of the elements necessary to state a claim for deepening insolvency, and that fraud is not a necessary element of the claim. (Id. at 28; D.I. 17 at 8.)

The Trustee has standing to bring this claim under *§ 541* if the claim is one that SFC could have brought on its own behalf as of the commencement of the case. In Lafferty, the Third Circuit concluded that a deepening insolvency claim brought by a Committee of Creditors was a claim belonging to the debtor rather than the creditors because the claim sought recovery for damage to the debtor's property. *267 F.3d at 349*. Similarly, the Trustee alleges in this Count that the damage resulting from Defendants' conduct was to SFC itself and not just to the creditors. Therefore, the Court concludes that the Trustee has standing to bring Count II under *§ 541*.

In Lafferty, the Third Circuit concluded "that 'deepening insolvency' constitutes a valid cause of action under Pennsylvania state law . . . ." *Id. at 344*. This interpretation of Pennsylvania law is binding on this Court in the absence of a subsequent state statute or binding state court decision to the contrary. *Lenning v. New York Life Ins. Co., 130 F.2d 580, 581 (3d Cir. 1942)*. [\*\*14] Therefore, in deciding whether to dismiss Count II, the Court need determine only whether the Complaint sufficiently alleges the elements necessary to state a claim for deepening insolvency.

In Lafferty, the Third Circuit did not specify the elements of a deepening insolvency claim. However, it did state that "the Committee alleges an injury to the Debtors' corporate property from the fraudulent expansion of corporate debt and prolongation of corporate life. This type of injury has been referred to as 'deepening insolvency.'" *267 F.3d at 347*. The District Court for the Eastern District of Pennsylvania has concluded that this language means that the tort requires a showing of fraud. *Corporate Aviation Concepts, Inc., v. Multi-Service Aviation Corp., No. 03-3020, slip op. at \*4, WL 1900001 (E.D. Pa. 2001)*; accord *In re CITX Corp. Inc., 2005 U.S. Dist. LEXIS 11374, No. 03-727, slip op. at \*10, 2005 WL 1388963 (E.D. Pa. 2005)*. The Court agrees.

In order to state a claim for deepening insolvency, then, the trustee of a bankrupt debtor must allege that the defendant defrauded the debtor. If the allegation were that the defendant's conduct in expanding the debtor's corporate debt [\*\*15] and prolonging corporate life worked to defraud only the debtor's creditors, then the trustee would lack standing to bring the claim. He could not bring it under *§ 541* because it would not be a claim that the debtor could have brought on its own behalf as of the commencement of the case, nor could he bring it under *§ 544* [\*549] because that section deals only with a trustee's powers regarding avoidance actions and does not empower him to pursue tort claims. n3 Here, the Trustee does not allege that Defendants defrauded SFC, but only that Defendants and Yao, the CEO and sole shareholder of SFC, worked together to defraud SFC's creditors. Therefore, the Court concludes that Count II fails to state a claim upon which relief can be granted, and will dismiss Count II pursuant to *Rule 12(b)(6)*.

> N3 The Court will discuss *§ 544* in more detail in section C infra.

C. Count III: Negligent Misrepresentation

In Count III, the Trustee alleges that Pepper and Gagne, in the preparation of Private Placement Memoranda to [\*\*16] investors in SFC, negligently or recklessly misrepresented or omitted material facts related to SFC's financial condition and operations, that SFC's creditors relied on those misrepresentations or omissions, and that they were damaged as a result. (Adv. Pro No. 04-56423, D.I. 1 at 44.) Defendants Pepper and Gagne contend that the Trustee lacks standing to bring the claim under *§ 541* because he is bringing it on behalf of SFC's creditors and not on behalf of SFC. Alternatively, Defendants contend that the Trustee fails to allege the elements necessary to state a claim of negligent misrepresentation against them. (D.I. 20 at 13-14.) In response, the Trustee contends that he has standing, under *§ 544 (a)*, to bring a general claim on behalf of all of SFC's creditors and that the Complaint alleges all of the elements necessary to state such a claim. (D.I. 15 at 12, 15-16.)

The Trustee does not contend that the claim for negligent misrepresentation was a cause of action that SFC could have brought on its own behalf as of the commencement of the bankruptcy case. Therefore, he does not have standing to bring the claim under *§ 541*. The question presented here then, is whether *§ 544 of the Bankruptcy Code* [\*\*17] gives the Trustee standing to bring tort claims. The Trustee contends that *§ 544* gives him broad authority to pursue general claims on behalf of SFC's creditors, including tort claims. (Id. at 12-13.) Defendants contend that *§ 544* applies only to avoidance actions and gives the Trustee no standing to bring tort claims. (D.I. 20 at 16.)

Case 1:04-cv-01551-JJF   Document 225-8   Filed 05/04/2007   Page 8 of 12

335 B.R. 539, *; 2005 U.S. Dist. LEXIS 34927, **

Page 5

There is ample authority for the contention that § 544 is limited to avoidance actions. See *Baehr v. Touche Ross & Co.*, 62 B.R. 793, 798 (E.D. Pa. 1986) (concluding that § 544(a) did not give a bankruptcy trustee standing to bring a tort claim on behalf of creditors); *Savage & Assocs., P.C. v. BLR Servs SAS (In re Teligent, Inc.)*, 307 B.R. 744, 749 (Bankr. S.D.N.Y. 2004) (concluding that § 544 does not extend beyond avoidance actions); *In re Granite Partners*, 194 B.R. 318, 324 (Bankr. S.D.N.Y. 1996) (concluding that § 544 does not extend beyond avoidance actions). In addition, the Third Circuit has described § 544 as simply defining "the trustee's power over rival creditors." *In re Bridge*, 18 F.3d 195, 198 (3d Cir. 1994). Finally, Collier on Bankruptcy states:

> "*section 544* is the first of the five sections [**18] of the Bankruptcy Code that set out the trustee's power to avoid liens and transfers. . . . The powers granted under [§ 544] enable a trustee to avoid transfers and liens on the debtor's property that could have been avoided by a creditor under the applicable local law. . . ."

5 Collier on Bankruptcy P 544.01 (15th rev. ed. 2004).

On the other hand, the Court can find no support for the Trustee's contention that § 544 provides him with standing to bring [*550] tort claims on behalf of SFC's creditors. None of the numerous cases cited by the Trustee actually supports that contention. (See D.I. 15 at 10-14.) In each of those cases, the "general claim" being asserted was either a claim belonging to the bankruptcy estate at the commencement of the case, or an avoidance claim. In none of the cited cases did a court conclude that § 544 gives a bankruptcy trustee standing to bring a tort claim that was not the property of the bankruptcy estate as of the commencement of the case. Therefore, the Court concludes that the Trustee lacks standing to bring the claim of negligent misrepresentation as alleged in Count III, and will dismiss Count III pursuant [**19] to *Rule 12(b)(1)*.

D. Count IV: Professional Malpractice

In Count IV, the Trustee alleges that Pepper and Gagne failed to exercise the necessary, proper, and ordinary skill and knowledge required of members of the legal profession in connection with their representation of SFC. (Adv. Pro. No. 04-56423, D.I. 1 at 46.) Defendants Pepper and Gagne contend that Count IV should be dismissed under *Rule 12(b)(1)* because the Trustee lacks standing to bring the claim. (D.I. 20 at 1.) In response, the Trustee contends that he has standing to bring the claim under both §§ 541 and 544.

Like Count I's claim of breach of fiduciary duty, Count IV's claim of professional malpractice arises from Pepper and Gagne's attorney-client relationship with SFC. Here too, the Trustee alleges that the conduct giving rise to the claim began well before the commencement of the bankruptcy case. Thus, the claim is one that could have been brought by SFC on its own behalf as of the commencement of the case. The Court concludes therefore, that the Trustee has standing to bring Count IV under § 541(a)(1). Accordingly, the Court will deny Defendants' Motion To Dismiss with respect to Count IV.

E. Count V: Aiding [**20] And Abetting Breach Of Fiduciary Duty

In Count V, the Trustee alleges that Pepper and Gagne aided and abetted SFC's Directors and Officers in breaching their fiduciary duty to SFC. (Adv. Pro. No. 04-56423, D.I. 1 at 48.) Defendants contend that Count V fails to state a claim upon which relief can be granted because the Pennsylvania Supreme Court has not recognized the tort of aiding and abetting a breach of fiduciary duty. (D.I. 20 at 34.) In response, the Trustee contends that this Court should predict that the Pennsylvania Supreme Court would recognize the tort. (D.I. 15 at 35-36.)

Neither the Pennsylvania Supreme Court nor the Court of Appeals for the Third Circuit has considered whether aiding and abetting a breach of fiduciary duty is a valid cause of action under Pennsylvania law. When called to apply substantive state law with respect to an issue that the state's highest court has not addressed, a federal court must predict how the state's highest court would resolve the issue. *Jaasma v. Shell Oil Co.*, 412 F.3d 501, 507 n.5 (3d Cir. 2005). However, "it is not the role of a federal court to expand state law in ways not foreshadowed by state precedent." *City of Philadelphia v. Berretta U.S.A. Corp.*, 277 F.3d 415, 421 (3d Cir. 2002). [**21] In determining what the Pennsylvania Supreme Court would decide if presented with an issue it has not considered, this Court examines: "(1) what the Pennsylvania Supreme Court has said in related areas; (2) the 'decisional law' of the Pennsylvania intermediate courts; (3) opinions of federal courts of appeals and district courts applying state law; and (4) decisions from other jurisdictions that [*551] have discussed the issue . . . ." *Dilworth v. Metropolitan Ins. Co.*, 418 F.3d 345, 349 (3d Cir. 2005) (citing *Gruber v. Owens-Illinois Inc.*, 899 F.2d 1366, 1369-70 (3d Cir. 1990)).

One of Pennsylvania's two intermediate courts, the Commonwealth Court, has concluded that aiding and abetting a breach of fiduciary duty is a valid cause of

Case 1:04-cv-01551-JJF   Document 225-8   Filed 05/04/2007   Page 9 of 12

335 B.R. 539, *; 2005 U.S. Dist. LEXIS 34927, **

Page 6

action under Pennsylvania common law, basing its conclusion on the *Restatement (Second) of Torts § 876. Koken v. Steinberg, 825 A.2d 723, 731 (Pa. Commw. Ct. 2003).* Pennsylvania's other intermediate court, the Superior Court, has been more equivocal. In Burnside v. Abbot Labs, the Superior Court favorably discussed the related cause of action of "concerted action" under [**22] *§ 876 of the Restatement*, but concluded that the Appellant had not established a prima facie case. *351 Pa. Super. 264, 505 A.2d 973, 982-83 (Pa. Super. Ct. 1986).* The Superior Court also noted that "this cause of action has not heretofore been recognized in this Commonwealth as a valid basis for imposing liability." *Id. at 983.* More recently, the Superior Court has made it clear that *§ 876* has not yet been adopted as law in Pennsylvania. See *Welc v. Porter, 450 Pa. Super. 112, 675 A.2d 334, 338 (Pa. Super. Ct. 1996)* (stating that "although *[§§ 876(a)* and *(b)]* have been addressed by this Court, . . these pronouncements are not controlling as the discussions either did not command a majority or constituted dicta. Moreover, these sections heretofore have not been expressly adopted "); see also *Clayton v. McCullough, 448 Pa. Super. 126, 670 A.2d 710, 713 (Pa. Super. Ct. 1996)* (stating that "we are not bound by *§ 876(b)* of the Restatement 2d, as it has not been adopted by the Pennsylvania Supreme Court").

The United States District Court for the Eastern District of Pennsylvania has predicted that the Pennsylvania Supreme Court would recognize a claim for aiding and abetting [**23] breach of fiduciary duty. See *Adena, Inc., v. Cohn, 162 F. Supp. 2d 351, 357 (E.D. Pa. 2001).* However, Pennsylvania's other two Federal District Courts have refused to expand Pennsylvania law to include that cause of action. See *Flood v. Makowski, 2004 U.S. Dist. LEXIS 16957, No. 03-1803, slip op. at *36, 2004 WL 1908221 (M.D. Pa. 2004)* (stating that the court was "hesitant to create an entirely new cause of action on the basis of two cases from the lower courts in Pennsylvania and dictum from a third court"); see also *Daniel Boone Area School Dist. v. Lehman Bros., Inc., 187 F.Supp.2d 400, 413 (W.D. Pa. 2002)* (refusing to expand Pennsylvania tort liability by adopting *§ 876(b)*).

Taking into account all of the foregoing, the Court concludes that there is an insufficient basis to conclude that the Pennsylvania Supreme Court would decide that aiding and abetting breach of fiduciary duty is a valid cause of action under Pennsylvania law. Therefore the Court will dismiss Count V of the Complaint pursuant to *Rule 12(b)(6).*

F. Count VI: Civil Conspiracy

In Count VI, the Trustee alleges that Gagne and the Family combined with one or more members of SFC's Board to [**24] perform a number of unlawful acts resulting in damage to SFC. (Adv. Pro. No. 04-56423, D.I. 1 at 51.) Defendants contend that Count VI should be dismissed because the Trustee fails to allege the elements necessary to state a claim for civil conspiracy. (D.I. 22 at 19.) Specifically, Defendants contend that the Trustee fails to properly allege malice and that he does not sufficiently identify the participants and purpose of the conspiracy, or the unlawful acts or unlawful purposes involved. (Id. at 19-21.) In response, the Trustee contends that, read broadly, the Complaint alleges [*552] all of the elements necessary to state a claim for civil conspiracy. (D.I. 17 at 11-14.)

In order to state a claim for civil conspiracy under Pennsylvania law, a plaintiff must allege: "(1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damage." *Kline v. Security Guards, Inc., 386 F.3d 246, 262 (3d Cir. 2004)* (quoting *McGuire v. Shubert, 722 A.2d 1087, 1092 (Pa. Super. Ct. 1998).* In [**25] addition "proof of malice, i.e., an intent to injure, is essential in proof of a conspiracy." *Skipworth v. Lead Indus. Assoc., Inc., 547 Pa. 224, 690 A.2d 169 (Pa. 1997).* Civil conspiracy "is not independently actionable; rather it is a means for establishing vicarious liability for [an] underlying tort." *Boyanowski v. Capital Area Intermediate Unit, 215 F.3d 396, 407 (3d Cir. 2000).* Thus, a claim for civil conspiracy cannot stand alone, but must be predicated on some underlying tort. *Id. at 405.*

The parties disagree with respect to the level of malice required. Defendants contend that the requisite malice is present only if the sole purpose of the conspiracy was to injure the plaintiff. (D.I. 22 at 21.) The Trustee responds that the Complaint adequately alleges that Defendants intended to injure SFC, and that intent to injure need not be the sole purpose of the conspiracy. (D.I. 17 at 13-14.) The Court concludes that, under either interpretation, the Complaint fails to allege the malice necessary to state a claim for civil conspiracy. When deciding a motion to dismiss under *rule 12(b)(6)*, "a court must take well-pleaded facts as true, but need [**26] not credit a complaint's 'bald assertions.'" *In re Burlington Coat Factory Securities Litig., 114 F.3d 1410, 1429 (3d Cir. 1997)* (quoting *Glassman v. Computervision Corp., 90 F.3d 617, 628 (1st Cir. 1996)).* Here, the Trustee offers no factual allegation to support his assertion that Defendants acted with the intent to injure SFC. Therefore, the Court will dismiss Count VI of the Complaint pursuant to *Rule 12(b)(6).*

G. Count VII: Fraudulent Conveyance Claim

In Count VII, the Trustee alleges that Yao fraudulently transferred his interests in three business

Case 1:04-cv-01551-JJF   Document 225-8   Filed 05/04/2007   Page 10 of 12

Page 7
335 B.R. 539, *; 2005 U.S. Dist. LEXIS 34927, **

entities to the Family. (Adv. Pro. No. 04-56423, D.I. 1 at 53.) The Trustee seeks to avoid the transfers and recover the transferred interests or their value from the Family for the bankruptcy estate pursuant to *11 U.S.C. §§ 544(b) and 550*, and *12 Pa. Cons. Stat. §§ 5101-5119*. (Id. at 54.) Defendants contend that the Trustee lacks standing to bring this claim for two reasons. (D.I. 22 at 25-26.) First, the Trustee fails to identify the actual unsecured creditor whose claim he is seeking to enforce under *§ 544(b)*. Second, *§ 544* allows a trustee to avoid transfers made [**27] by the debtor, but the Trustee here is seeking to avoid a transfer made by Yao and not by SFC, the debtor. Defendants further contend that Count VII fails to state a claim under the applicable Pennsylvania law because it does not identify SFC as a creditor of Yao, it does not identify the claims that SFC had against Yao, and it fails to plead fraud with the specificity required by *Rule 9(b)*. (Id. at 27-30.) In response, the Trustee contends that he has standing under both *§§ 541* and *544(a)*, that the Complaint sufficiently identifies SFC's claim against Yao, that pleading with particularity is not required, and that the Complaint's allegations of fraud are sufficiently particular to satisfy *Rule 9(b)* anyway. (D.I. 17 at 17-19).

[*553] The Court concludes that the Trustee has standing to bring this claim for fraudulent conveyance under *11 U.S.C. § 541*, but not under *§ 544*. Section 544 gives a trustee standing to bring actions to avoid transfers of property by the debtor *11 U.S.C. § 544*. Here, the Trustee seeks to avoid a transfer of Yao's property, not the property of the debtor, SFC. Therefore, *§ 544* is not applicable. However, drawing [**28] all reasonable inferences in the light most favorable to the Trustee, the Court concludes that the Complaint sufficiently alleges that, as of the commencement of the bankruptcy case, SFC had a cause of action against Yao for wrongful distributions of corporate assets to himself. Because SFC had this claim against Yao, it could have sought to avoid Yao's transfers to the Family under the Pennsylvania Uniform Fraudulent Transfers Act ("PUFTA"). *12 Pa Cons. Stat. §§ 5101-5110*. Therefore, the Trustee, stepping into the shoes of the debtor, has standing to bring this claim under *11 U.S.C. § 541(a)(1)*.

Next, the Court must determine whether the Complaint sufficiently alleges the elements of a fraudulent conveyance claim under Pennsylvania law. PUFTA provides in pertinent part that:

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation: (1) with actual intent to hinder, delay or defraud any creditor of the debtor; or (2) without receiving a reasonably equivalent value [**29] in exchange for the transfer or obligation, and the debtor . . . .

*12 Pa Cons. Stat. § 5104(a)(1) & (2)*. As noted above, the Trustee sufficiently alleges that SFC had a claim against Yao as of the commencement of the bankruptcy case. The Trustee also alleges that Yao made the transfers in question with actual intent to defraud his creditors. (Adv. Pro. No. 04-56423, D.I. 1 at 54.) The Court disagrees with the Trustee's contention that the Complaint also alleges constructive fraudulent transfer under *§ 5104(a)(2)* (See D.I. 17 at 19.), because the Complaint does not allege that Yao did not receive a reasonably equivalent value in exchange for the transfers in question.

The last remaining issue with respect to Count VII then, is whether the Complaint alleges fraudulent transfer with sufficient particularity to satisfy *Federal Rule of Civil Procedure 9(b)*. The Court concludes that it does. *Rule 9(b)* states in its entirety: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge and other conditions of mind of a person [**30] may be averred generally." *Fed. R. Civ. P. 9(b)*. The purpose of *Rule 9(b)* is to provide defendants notice of the precise nature of the claim against them, not to test the factual allegations of the claim. *Seville Indus. Machinery Corp. v. Southmost Machinery Corp., 742 F.2d 786, 791 (3d Cir. 1984)*. Here, the Complaint gives Defendants sufficient notice of the interests alleged to have been fraudulently transferred (Adv. Pro. No. 04-56423, D.I. 1 at 53), the approximate date of the transfer (Id.), and the nature of the Trustee's claims against Yao (Id. at 35, 54). Because *Rule 9(b)* requires only general averments with regard to state of mind, the Trustee's allegation that "Yao pledged the assets with an actual intent to defraud his creditors" is adequate. (Id. at 54.) Accordingly, the Court will deny Defendants' Motions To Dismiss with respect to Count VII.

H. Count VIII: Turnover Of Estate Property Claim

In Count VIII, the Trustee alleges that Yao's interests in two business entities, [*554] One Summit Place GP, and DHP GP, Inc., were acquired using funds "inappropriately obtained" from SFC and therefore, those interests, [**31] currently in the possession of the Family, are the property of SFC and are subject to turnover to the bankruptcy estate under *11 U.S.C. § 542*. (Adv. Pro. No. 04-56423, D.I. 1 at 54-55.) The Court

Case 1:04-cv-01551-JJF    Document 225-8    Filed 05/04/2007    Page 11 of 12

Page 8
335 B.R. 539, *; 2005 U.S. Dist. LEXIS 34927, **

notes that the interests in question are two of the three interests that are the subject of the Trustee's fraudulent conveyance claim in Count VII of the Complaint. Defendants contend that Count VIII fails to state a claim upon which relief can be granted because turnover actions under § 542 are limited to recovery of assets that are undisputedly the property of the bankruptcy estate. (D.I. 22 at 31-32.) In response, the Trustee contends that he may properly use § 542 to "obtain the recovery of avoided transfers." (D.I. 17 at 20.)

The Trustee is correct in his contention that he may use § 542 to compel turnover of estate property whose transfer from the estate has been avoided, i.e. property whose ownership is not in dispute. *Hechinger Inv. Co. of Del., Inc. v. Allfirst Bank (In re Hechinger Inv. Co. of Del., Inc.), 282 B.R. 149, 161-62 (Bankr. D. Del. 2002)*. However, the transfer of the interests in question here has not yet been avoided and the interests are very much in dispute; they [**32] are subjects of the Trustee's claim of fraudulent conveyance in Count VII. Turnover actions cannot be used to demand assets whose title is in dispute. In re Allegheny health, *Education, & Research Foundation, 233 B.R. 671, 677-78 (Bankr. W.D. Pa. 1999)*. Therefore, in order to state a claim for turnover of property under § 542, a plaintiff must allege that transfer of the property has already been avoided or that the property is otherwise the undisputed property of the bankruptcy estate. Here, the Trustee has not made, and cannot make that allegation. Accordingly, the Court will dismiss Count VIII of the Complaint pursuant to *Rule 12(b)(6)*.

I. Count IX: Equitable Subordination

In Count IX, the Trustee contends that Pepper's claims against the bankruptcy estate should be equitably subordinated to the claims of all general unsecured creditors pursuant to *11 U.S.C. § 510(c)* because those creditors were harmed by Pepper's inequitable conduct. (Adv. Pro. No. 04-56423, D.I. 1 at 55-56.) Pepper contends that this claim is barred by the doctrine of unclean hands because SFC participated in the same conduct and the Trustee stands in the shoes of [**33] SFC. (D.I. 20 at 36.) The Trustee responds that the unclean hands doctrine is not applicable here because there is no language in § 510(c) preventing the Court from considering post-petition events such as the appointment of the trustee, and the Trustee does not have unclean hands. (D.I. 15 at 37.)

The Court concludes that the Trustee's equitable subordination claim is not barred by the doctrine of unclean hands. Under § 541, the bankruptcy estate contains "all legal or equitable interests of the debtor in property as of the commencement of the case." *11 U.S.C. § 541(a)(1)* (emphasis added). The Third Circuit has held that the quoted language prevents courts from taking into account events that occur after the commencement of the bankruptcy case, including the appointment of a trustee. *Lafferty, 267 F.3d at 357.* Thus, a trustee suing under § 541 is subject to the same defenses as could have been asserted by the defendant had the action been instituted by the debtor. *Id. at 356.* Therefore, participation of the debtor in the conduct giving rise to the action is imputed to the trustee and the [*555] doctrine of in pari delicto [**34] may apply to bar his claim.

However, when a trustee brings an action based on a section of the Bankruptcy Code that does not contain limiting language such as that in § 541, a court may consider post-petition events. *In re The Personal and Bus Ins Agency, 334 F.3d 239, 241 (3d Cir. 2003).* Section 510 does not contain such limiting language. Therefore, the Court may take into account the appointment of the Trustee and his position as an innocent successor to any wrongful conduct that might be imputed to SFC. The Court concludes that imputing that wrongful conduct to the Trustee, who is not himself accused of any wrongdoing, would lead to an inequitable result. Accordingly, the Court will not apply the doctrine of unclean hands and will deny Defendants' Motion To Dismiss with respect to Count IX of the Complaint.

J. Counts X & XI: Preference Claims

In Counts X and XI, the Trustee seeks, under *11 U.S.C § 547*, to avoid payments made by SFC to Pepper and the Family within one year preceding the filing of the bankruptcy petition. (Adv. Pro. No. 04-56423. D.I. 1 at 57-62.) Defendants do not contest the Trustee's ability to seek avoidance [**35] of payments made within ninety days preceding the filing date. The Trustee contends that, under § 547(b)(4)(B), he may avoid payments made between ninety days and one year preceding the filing date because all Defendants are insiders of SFC. (D.I. 15 at 38; D.I. 17 at 21.) Defendants contend that the Trustee's allegation that they are insiders is insufficient, and therefore, the Court should dismiss those portions of the preference claims that seek avoidance of payments made between ninety days and one year preceding the filing date. (D.I. 20 at 37; D.I. 22 at 33-34.)

Section 547(b) reads in pertinent part: "The trustee may avoid any transfer of an interest of the debtor in property . . - made . . . between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider . . . ." *11 U.S.C § 547(b)(4)(B).* Therefore, as the parties have noted, whether the Trustee may avoid payments made by SFC to Defendants more than ninety days preceding the filing date hinges on Defendants' status as insiders of SFC. As noted in section II. A., supra, the Complaint

Case 1:04-cv-01551-JJF   Document 225-8   Filed 05/04/2007   Page 12 of 12

Page 9

335 B.R. 539, *; 2005 U.S. Dist. LEXIS 34927, **

alleges that all Defendants are insiders [**36] of SFC, and that allegation is supported by numerous other factual allegations. Therefore, the Court concludes that the Trustee sufficiently alleges that Defendants are insiders of SFC. Accordingly, the Court will deny Defendants' Motion To Dismiss with respect to Counts X and XI of the Complaint.

CONCLUSION

In sum, for the reasons discussed, the Court will deny Defendants' Motions To Dismiss with respect to Count I, breach of fiduciary duty; Count IV, professional malpractice; Count VII, fraudulent conveyance; Count IX, equitable subordination; Count X, preference with respect to Pepper; and Count XI, preference with respect to the Family. The Court will grant the Motions with respect to Count II, deepening insolvency; Count III, negligent misrepresentation; Count V, aiding and abetting a breach of fiduciary duty; Count VI, civil conspiracy; and Count VIII, turnover of estate property.

An appropriate order will be entered.

ORDER

At Wilmington, this 22nd day of December 2005, for the reasons set forth in the Memorandum Opinion issued this date,

IT IS HEREBY ORDERED that:

1. Defendants' Motions To Dismiss (D.I. 19; D.I. 21) are DENIED with respect to [**37] Counts I, IV, VII, IX, X, and XI of the Complaint;

2. Defendants' Motions To Dismiss (D.I. 19; D.I. 21) are GRANTED with respect to Counts II, III, V, VI, and VIII of the Complaint;

3. Count II, deepening insolvency is DISMISSED;

4. Count III, negligent misrepresentation is DISMISSED;

5. Count V, aiding and abetting a breach of fiduciary duty is DISMISSED;

6. Count VI, civil conspiracy, is DISMISSED;

7. Count VIII, turnover of estate property, is DISMISSED.

Joseph J. Farnan

UNITED STATES DISTRICT JUDGE