**EXHIBIT C**

**RESOLUTIONS, LLC MEDIATION AGREEMENT**
**Royal Indemnity, et al/Pepper Hamilton, et al**
**December 12, 2006**

## *PURPOSE*

The purpose of the mediation is to attempt to arrive at a mutually acceptable resolution of the dispute in a cooperative and informal, rather than a legal and formal, manner.

## *MEDIATION PROCESS*

The Mediator(s) may:

- Review written information submitted by the Parties.

- Have private, confidential conversations with the participants to develop information about the Parties' contentions and objectives.

- Conduct a mediation session with representatives of the Parties and their counsel.

To facilitate a resolution, the Mediator(s) and the Parties and their counsel will work to ensure that each Party appreciates the strengths and weaknesses of each side's factual and legal contentions. Both in the exchange of information and opinions, and in the evaluation of that information, each Party will have the opportunity and responsibility candidly to disclose to the Mediator(s) the facts, theories, and opinions on which it intends to rely with regard to the matters in dispute.

In addition, the mediation process will focus on the interests and objectives of the Parties and possible solutions that the Parties believe would be fair, equitable, and mutually beneficial. Accordingly, each Party will be asked to work with the Mediator(s) in considering and evaluating solutions that would satisfy its own interests and those of the other Party(s).

The mediation session will be attended by representatives of the Parties with full settlement authority and may be attended by counsel. The Parties will follow the recommendation of the Mediator(s) regarding the agenda most likely to resolve the dispute. During the session, the Mediator(s) may have joint and separate meetings with the Parties and their counsel. Private meetings will be confidential. If a Party informs the Mediator(s) that information is conveyed by the Party to the Mediator(s) in confidence, the Mediator(s) will not disclose the information.

At the discretion of the Mediator(s) or upon the request of the Parties, the Mediator(s) will provide an evaluation of the Parties' cases and of the likely resolution of the dispute if not settled. The Parties agree that the Mediator(s) are at all times a neutral intermediary and are not acting as an advocate or attorney or providing legal advice on behalf of any party.

Case 1:04-cv-01551-JJF   Document 232-4   Filed 05/11/2007   Page 3 of 8
RESOLUTIONS, LLC, MEDIATION AGREEMENT
Royal Indemnity, et al/Pepper Hamilton, et al
Page 2

If necessary and if such discussions seem likely to be useful, the Parties and/or their representatives will make themselves available for further discussions or meetings after the mediation session.

## *CONFIDENTIALITY*

This entire process is a compromise negotiation. All offers, promises, conduct and statements, whether oral or written, made in the course of the mediation by any of the Parties, their agents, employees, experts and attorneys, and by RESOLUTIONS, LLC employees, who are the Parties' joint agents and Mediators for purposes of these compromise negotiations, are confidential. Such offers, promises, conduct, and statements will not be disclosed to third parties and are privileged and inadmissible for any purpose, including impeachment, under Rule 408 of the Federal Rules of Evidence and any applicable federal or state statute, rule or common law provisions. However, evidence that is otherwise admissible or discoverable shall not be rendered inadmissible or not discoverable as a result of its use in the mediation.

## *DISQUALIFICATION OF MEDIATOR(S) AND EXCLUSION OF LIABILITY*

The Parties agree not to call the Mediator(s) or any RESOLUTIONS, LLC employee as a witness or as an expert in any pending or subsequent litigation or arbitration involving the Parties and relating in any way to the dispute which is the subject of the mediation. The Parties and RESOLUTIONS, LLC agree that the Mediator(s) and any RESOLUTIONS, LLC employee will be disqualified as a witness or as an expert in any pending or subsequent proceeding relating to the dispute which is the subject of the mediation. The Parties agree to defend the Mediator(s) and RESOLUTIONS, LLC from any subpoenas from outside parties arising out of this Agreement or mediation. The Parties agree that neither RESOLUTIONS, LLC nor any Mediator it provides is a necessary Party in any arbitral or judicial proceedings relating to the mediation or to the subject matter of the mediation. Neither RESOLUTIONS, LLC nor its employees or agents, including the Mediator(s) shall be liable to any Party for any act or omission in connection with any mediation conducted under this Agreement.

## *PRICING*

Professional Service Fees:

Professional services for this Mediation will be billed at the Mediator(s) flat fee daily rate of $11,000 which includes up to ten hours of mediation time. All preparation and follow-up time will be billed at the hourly rate of $600.

Additional Expenses:

Actual expenses are billed at cost.

Responsibility for Fees:

Each party will be responsible for 25% of the mediation fees and expenses. Each party will pay in advance the sum of $2,750, representing their share of fees for the scheduled mediation time.

Cancellation and Rescheduling:

If a mediation session is canceled more than 30 days before a session, professional fees are fully refundable, except where preparation or other professional time has already been incurred.

The parties are charged for booked time in cases canceled less than 30 days before the session unless the time can be rescheduled for another matter. Otherwise the daily fee per scheduled mediation will be billed. Fee will be paid by party or parties requesting cancellation.

No rescheduling fee will be charged if the sessions are rescheduled up to 30 days before the date of the session; a rescheduling fee of 50% of the applicable fee will be charged if sessions are rescheduled within 30 days of the session, unless the time can be rescheduled for another matter. Fee will be paid by party or parties requesting rescheduling.

If a booked mediation session is completed in less than the booked time, the actual time reserved but not used by the parties will be billed unless the time can be used to work on another matter.

## PAYMENT

All fees are due and payable upon receipt of invoice and must be paid in advance of the mediation session.

Once the time of the Mediator(s) is scheduled, it is reserved by the Parties and the Parties' representatives, and may be billed as such, depending upon case scheduling and criteria. Any additional time will be billed to the Parties after the Mediation.

## MISCELLANEOUS

This is a voluntary, non-binding mediation process. The parties agree to participate in good faith in the entire mediation process, but any Party may terminate its participation for any reason by written notification to RESOLUTIONS, LLC and the other Parties.

RESOLUTIONS, LLC, MEDIATION AGREEMENT
Royal Indemnity, et al/Pepper Hamilton, et al
Page 4

The Parties agree to comply with the schedule in Attachment A to this Agreement.

_____
Elizabeth Ainslie, Esq.
For Pepper Hamilton, LLP and Rod
Gagne (in his capacity as an
attorney at Pepper)

_____
John Grossbart, Esq.
For Royal Indemnity

_____
Michael Waters, Esq.
For Charles Stanziale the, Bankruptcy
Trustee of SFC

_____
Neil Epstein, Esq.
For Rod Gagne (in all other capacities),
Pam Gagne, Bob Bast and the "Family
Defendants" (the Trusts)

PLEASE REVIEW THIS AGREEMENT, EXECUTE AND DATE IT ON BEHALF OF YOUR CLIENT, AND FORWARD IT VIA RETURN FAX (617) 556-9900. THE ORIGINAL MEDIATION AGREEMENT SHOULD BE RETURNED VIA MAIL WITH ACCOMPANYING CHECK BY DECEMBER 20, 2006.

ATTENTION:   Cathy A. Kern
             Assistant to Eric D. Green

RESOLUTIONS, LLC, MEDIATION AGREEMENT
Royal Indemnity, et al/Pepper Hamilton, et al
Page 4

The Parties agree to comply with the schedule in Attachment A to this Agreement.

_____
Elizabeth Ainslie, Esq.
For Pepper Hamilton, LLP and Rod Gagne (in his capacity as an attorney at Pepper)

_____
John Grossbart, Esq.
For Royal Indemnity

_____ 12/20/06
Michael Waters, Esq.
For Charles Stanziale the, Bankruptcy Trustee of SFC

_____
Neil Epstein, Esq.
For Rod Gagne (in all other capacities), Pam Gagne, Bob Bast and the "Family Defendants" (the Trusts)

PLEASE REVIEW THIS AGREEMENT, EXECUTE AND DATE IT ON BEHALF OF YOUR CLIENT, AND FORWARD IT VIA RETURN FAX (617) 556-9900. THE ORIGINAL MEDIATION AGREEMENT SHOULD BE RETURNED VIA MAIL WITH ACCOMPANYING CHECK BY DECEMBER 20, 2006.

ATTENTION: Cathy A. Kern
Assistant to Eric D. Green

RESOLUTIONS, LLC. MEDIATION AGREEMENT
Royal Indemnity, et al/Pepper Hamilton, et al
Page 4

The Parties agree to comply with the schedule in Attachment A to this Agreement.

_____  
Elizabeth Ainslie, Esq.  
For Pepper Hamilton, LLP and Rod Gagne (in his capacity as an attorney at Pepper)

_____  
John Grossbart, Esq.  
For Royal Indemnity

_____  
Michael Waters, Esq.  
For Charles Stanziale the, Bankruptcy Trustee of SFC

_____  
Neil Epstein, Esq.  
For Rod Gagne (in all other capacities), Pam Gagne, Bob Bast and the "Family Defendants" (the Trusts)

PLEASE REVIEW THIS AGREEMENT, EXECUTE AND DATE IT ON BEHALF OF YOUR CLIENT, AND FORWARD IT VIA RETURN FAX (617) 556-9900. THE ORIGINAL MEDIATION AGREEMENT SHOULD BE RETURNED VIA MAIL WITH ACCOMPANYING CHECK BY DECEMBER 20, 2006.

ATTENTION: Cathy A. Kern  
Assistant to Eric D. Green

RESOLUTIONS, LLC. MEDIATION AGREEMENT
Royal Indemnity, et al/Pepper Hamilton, et al
Page 4

The Parties agree to comply with the schedule in Attachment A to this Agreement.

_____
Elizabeth Ainslie, Esq.
For Pepper Hamilton, LLP and Rod
Gagne (in his capacity as an
attorney at Pepper)

_____
John Grossbart, Esq.
For Royal Indemnity

_____
Michael Waters, Esq.
For Charles Stanziale the, Bankruptcy
Trustee of SFC

_____ 12/19/06
Neil Epstein, Esq.
For Rod Gagne (in all other capacities),
Pam Gagne, Bob Bast and the "Family
Defendants" (the Trusts)

PLEASE REVIEW THIS AGREEMENT, EXECUTE AND DATE IT ON BEHALF OF YOUR CLIENT, AND FORWARD IT VIA RETURN FAX (617) 556-9900. THE ORIGINAL MEDIATION AGREEMENT SHOULD BE RETURNED VIA MAIL WITH ACCOMPANYING CHECK BY DECEMBER 20, 2006.

ATTENTION: Cathy A. Kern
Assistant to Eric D. Green