**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

In re:                                            :
STUDENT FINANCE CORPORATION,                      :
        Debtor,                                 :
                                            :
                                            :
CHARLES A. STANZIALE, JR.,                         :
CHAPTER 7 TRUSTEE OF STUDENT                       :
FINANCE CORPORATION,                               :
                                            :
        Plaintiff,                              :
                                            :     Civil Action No. 04-1551(JJF)
        v.                                      :
                                            :
PEPPER HAMILTON LLP, et al.,                       :
                                            :
        Defendants.                             :

---

**BRIEF IN RESPONSE TO MOTION BY PLAINTIFF
FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

---

William H. Sudell, Jr., Esq. (No. 0463)          Elizabeth K. Ainslie, Esq.
Donna L. Culver, Esq. (No. 2983)                 Nicholas J. LePore, III, Esq.
Daniel B. Butz (No. 4227)                        Bruce P. Merenstein, Esq.
MORRIS, NICHOLS, ARSHT & TUNNELL                 Stephen J. Shapiro, Esq.
1201 North Market Street                         SCHNADER HARRISON SEGAL & LEWIS LLP
P.O. Box 1347                                    1600 Market Street, Suite 3600
Wilmington, Delaware 19899-1347                  Philadelphia, Pennsylvania 19103
(302) 658-9200                                   (215) 751-2000
(302) 658-3989 (facsimile)                       (215) 751-2205 (facsimile)

*Counsel for defendants Pepper Hamilton LLP and W. Roderick Gagné*

Charles A. Gilman
David G. Januszewski
CAHILL GORDON & REINDEL LLP
Eighty Pine Street
New York, NY 10005
(212) 701-3000
(212) 269-5420 (facsimile)

*Counsel for defendant Pepper Hamilton LLP*

May 18, 2007

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................................ii

SUMMARY OF ARGUMENT ............................................................................................. 1

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS ............................. 2

STATEMENT OF FACTS ................................................................................................... 2

STANDARD OF REVIEW .................................................................................................. 5

ARGUMENT ..................................................................................................................... 6

I.      THE TRUSTEE'S MOTION TO RECONSIDER IS UNTIMELY AND IMPROPER. ........................ 6

     A.      The Trustee's Motion for Reconsideration is Untimely....................................... 6

     B.      There Has Been No Change in the Controlling Law. ........................................... 7

II.     THE TRUSTEE'S UNDUE DELAY IN REQUESTING LEAVE TO AMEND WOULD RESULT IN
     PREJUDICE TO THE PEPPER DEFENDANTS. ...................................................................... 9

CONCLUSION................................................................................................................. 13

# TABLE OF AUTHORITIES

## CASES

*Ahmed v. Dragovich*, 297 F.3d 201 (3d Cir. 2002) .................................................. 5, 6

*Arthur v. Maersk, Inc.*, 434 F.3d 196 (3d Cir. 2006) ................................................ 5

*CC Investors Corp. v. Raytheon Co.,* No. 03-114,
    2005 U.S. Dist. LEXIS 6893 (D. Del. Apr. 22, 2005) ...................................... 10

*Corning Inc. v. SRU Biosystems*, No. 03-633,
    2006 U.S. Dist. LEXIS 1896 (D. Del. Jan. 20, 2006) ...................................... 5, 6

*Cresswell v. Sullivan & Cromwell,* 922 F.2d 60 (2d Cir. 1990) ................................ 10

*DRR, L.L.C., v. Sears, Roebuck and Co.,* 171 F.R.D. 162 (D. Del. 1997) ................. 10

*Foman v. Davis,* 371 U.S. 178 (1962) ......................................................................... 10

*Huber v. Taylor*, 469 F.3d 67 (3d Cir. 2006) ..................................................... *passim*

*Jaasma v. Shell Oil Co.*, 412 F.3d 501 (3d Cir. 2005) ............................................... 8

*Koken v. Steinberg*, 825 A.2d 723 (Pa. Commw. 2003) ................................... 3, 7, 9

*Leonard v. Univ. of Del.*, No. 96-0360,
    2002 U.S. Dist. LEXIS 12583 (D. Del. July 9, 2002) ....................................... 6

*Miller v. Computer Sciences Corp.*, No. 05-10,
    2006 U.S. Dist. LEXIS 48746 (D. Del. July 14, 2006) ................................9, 10, 12

*Packard v. Provident Nat'l Bank,* 994 F.2d 1039 (3d Cir. 1993) ............................... 3

*In re Radnor Holdings*, 353 B.R. 820 (Bankr. D. Del. 2006) ................................... 11

*Royal Indemnity Co. v. Pepper Hamilton LLP,* No. 05-165,
    2007 U.S. Dist. LEXIS 20797 (D. Del. Mar. 22, 2007) ................................... 11

*In re Student Finance Corp.*, 335 B.R. 539 (D. Del. 2005)................................. *passim*

*Thompson v. Glenmede Trust Co.*, No. 92-5233,
    1993 U.S. Dist. LEXIS 7677 (E.D. Pa. Jun. 8, 1993) ..................................... 3, 7, 9

*Tracinda Corp. v. DaimlerChrysler AG*,
    200 F. Supp. 2d 439 (D. Del. 2002) ............................................................... 5

## RULES

FEDERAL RULE OF CIVIL PROCEDURE 15(a) ....................................................................1, 5, 6, 9

DELAWARE LOCAL RULE OF CIVIL PROCEDURE 7.1.5 ...................................................... 1, 6, 7

## OTHER AUTHORITIES

Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1474 ...................................5

## SUMMARY OF ARGUMENT

Thirty months after he filed his initial Complaint, sixteen months after this Court dismissed various counts of his Complaint, six months after the issuance of the sole opinion upon which he mistakenly bases his present request for leave to amend, and four days after the close of all fact discovery, the Trustee asked this Court for permission to amend his Complaint to restate a previously dismissed claim for aiding and abetting a breach of fiduciary duty. Although the Trustee styles his filing as a motion for leave to file an amended complaint under FEDERAL RULE OF CIVIL PROCEDURE 15(a), it is, in fact, a motion for reconsideration under DELAWARE LOCAL RULE OF CIVIL PROCEDURE 7.1.5. The Trustee has exceeded the ten days allotted him for seeking reconsideration of this Court's December 22, 2005 Order dismissing his claim for aiding and abetting breach of fiduciary duty and he should not be permitted to skirt the strict local rule applicable to motions for reconsideration simply by way of artful pleading.

Moreover, even if the Trustee's motion were timely, this Court already has ruled on whether the Trustee can state a claim against Pepper for aiding and abetting a breach of fiduciary duty – he cannot because, as the Court explained more than sixteen months ago, there is "an insufficient basis to conclude that the *Pennsylvania Supreme Court* would decide that aiding and abetting breach of fiduciary duty is a valid cause of action under Pennsylvania law." *In re Student Finance Corp.*, 335 B.R. 539, 551 (D. Del. 2005) (emphasis added). Nothing has changed since this Court made that determination in 2005 that would justify reconsidering the issue now: the Pennsylvania Supreme Court still has not spoken on the matter and the opinion relied upon by the Trustee, *Huber v. Taylor*, 469 F.3d 67 (3d Cir. 2006), did not hold (nor was the court asked to determine) that aiding and abetting breach of fiduciary duty is a valid claim under Pennsylvania law. In any event, one sentence of dicta from a Third Circuit opinion does not constitute a change in the controlling law entitling the Trustee to reconsideration of this Court's prior Order.

Finally, even assuming that the Trustee properly could seek leave to amend here, which he cannot, the lateness of his request – coming after the close of all fact discovery – unduly prejudices defendants by foreclosing any discovery as to the Trustee's new factual allegations. This is especially true given that the Trustee had plenty of time to bring the instant motion within the fact discovery period.

## STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS

Charles A. Stanziale, Jr., Chapter 7 Trustee of Student Finance Corporation (the "Trustee") filed the instant lawsuit against Pepper Hamilton LLP ("Pepper"), W. Roderick Gagné (collectively, the "Pepper Defendants") and others in connection with the bankruptcy of Student Finance Corporation ("SFC"). The Complaint alleged numerous tort claims, which the Pepper Defendants moved to dismiss. In an Opinion and Order dated December 22, 2005, this Court dismissed most of the Trustee's tort claims including his claim for aiding and abetting a breach of fiduciary duty (Count V). Written discovery commenced on September 7, 2005 and depositions commenced on August 21, 2006. Fact discovery closed on April 30, 2007. Trial is scheduled to commence on October 10, 2007.

## STATEMENT OF FACTS[1]

On December 22, 2004, the Pepper Defendants moved to dismiss the Trustee's original Complaint. (D.I. 19.) As part of that motion, the Pepper Defendants moved to dismiss Count V, which stated a claim for aiding and abetting a breach of fiduciary duty, on the basis that the Pennsylvania Supreme Court has never recognized that cause of action. (*Id.* at 34.) The Trustee responded to that motion on February 4, 2005. (D.I. 15.) In his response the Trustee acknowledged that the Pennsylvania Supreme Court has never recognized the tort of aiding and

---

[1]     We recite here only the procedural background and facts that are necessary to respond to the Trustee's motion.

abetting a breach of fiduciary duty but requested that this Court predict that it would do so.  (D.I. 15 at 35-36.)  In discussing the standard used by a federal courts to predict whether a state supreme court would adopt a tort, the Trustee observed that "decisions of that state's own courts must . . . be searched thoroughly and given preeminence, at least in the absence of convincing evidence the state supreme court would not follow them."  (*Id.* at 35, citing *Packard v. Provident Nat'l Bank,* 994 F.2d 1039, 1049 (3d Cir. 1993)).  The Trustee then discussed *Koken v. Steinberg*, 825 A.2d 723 (Pa. Commw. 2003), a Pennsylvania appellate court decision that allegedly supported his argument.  (D.I. 15 at 35-36)  The Trustee also pointed to federal district court opinions that predicted that the Pennsylvania Supreme Court would adopt the tort of aiding and abetting a breach of fiduciary duty, including *Thompson v. Glenmede Trust Co.*, No. 92-5233, 1993 U.S. Dist. LEXIS 7677 (E.D. Pa. Jun. 8, 1993).  (D.I. 15 at 35-36.)

On December 22, 2005, the Court issued an opinion granting in part the Pepper Defendants' motion to dismiss (the "December 2005 Opinion") (D.I. 70.)  A copy of the December 2005 Opinion and accompanying Order was attached as Exhibit A to the Certification of Michael S. Waters in Support of Motion for Leave to File Second Amended Complaint.  (D.I. 225, Document #9.)  The Court examined both state and federal law and concluded that there was an "insufficient basis" to conclude that the Pennsylvania Supreme Court would adopt the tort of aiding and abetting a breach of fiduciary duty.  *See In re Student Finance Corp.*, 335 B.R. at 550. In so holding, this Court discussed the conflicting opinions among Pennsylvania appellate courts (specifically, this Court cited the *Koken* decision of the Pennsylvania Commonwealth Court that was discussed in the Trustee's brief) and the conflicting opinions among the United States District Courts within the Third Circuit.  *See id.* at 551 (acknowledging that the Eastern District of Pennsylvania has opined that the Pennsylvania Supreme Court would adopt the tort but that the Western and Middle Districts of Pennsylvania held the opposite).

On October 31, 2006, the Court of Appeals for the Third Circuit issued its opinion in *Huber*, the sole case upon which the Trustee mistakenly relies in his present motion. On May 4, 2007, more than *six months later*, and after the close of fact discovery, the Trustee filed the instant Motion for Leave to File Second Amended Complaint.  (D.I. 225.)

As required, the Trustee attached a proposed Second Amended Complaint to his motion for leave to amend.  (D.I. 225, Document #9.)  As in his original aiding and abetting count, the Trustee alleges that the board members and officers of SFC (Gary Hawthorne, Perry Turnbull, and Andrew Yao) breached their fiduciary duties to the company by, among other things, authorizing large distributions to the company's sole shareholder, Andrew Yao, and failing to disclose to lenders, investors, and creditors the true nature of student loan default rates. (*See id.*, ¶¶ 25 & 251.)  The Trustee alleges that Pepper had knowledge of the tortious activity of Hawthorne, Turnbull, and Yao and offered substantial assistance to them.  (*See id.*, ¶ 253.) However, the Trustee did not simply reassert his aiding and abetting claim as previously plead, but added several new factual allegations.  Specifically, the Trustee now seeks leave to allege that Pepper aided and abetted Hawthorne, Turnbull, and Yao in the following additional ways:

- Knowingly preparing contracts to facilitate and implement the fraud;

- Misleading regulatory authorities regarding SFC contracts;

- Preparing misleading PPMs with material omissions;

- Issuing opinions to facilitate the fraud; and

- Facilitating the purchase of student loans without liquidity, and loan transactions for forbearance payments.

(*See id.*, ¶ 254.)

The Trustee's motion should be denied because (1) it is untimely, (2) there has been no change in the law, and (3) the Pepper Defendants would be prejudiced if the Trustee were permitted to pursue a previously dismissed claim at this late date.

**STANDARD OF REVIEW**

Having waited far too long to ask this Court to reconsider its December 2005 Opinion, the Trustee attempts to avoid his error by styling his request as a motion for leave to amend.  It is not.  Notwithstanding its label, the Trustee's motion is a motion for reconsideration and the Trustee should be held to the stringent standards that govern such a motion.

Requests for leave to amend pursuant to FEDERAL RULE OF CIVIL PROCEDURE 15 are proper to correct inadvertent errors in pleading (such as an insufficiently stated jurisdictional allegation) (*Arthur v. Maersk, Inc.*, 434 F.3d 196, 202 (3d Cir. 2006)), to correct insufficiently stated claims or defenses (such as adding a necessary allegation in order to properly state a claim), to add a new claim not previously plead, to increase the amount of damages sought, and to add, substitute, or drop parties to an action.  *See* Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1474.

A motion for reconsideration, on the other hand, "challenges the correctness of a previously entered order . . . ."  *Tracinda Corp. v. DaimlerChrysler AG*, 200 F. Supp. 2d 439, 442 (D. Del. 2002) (Farnan, J.).  Motions for reconsideration or reargument "may not be used to rehash arguments which have already been briefed, considered and decided."  *Id.*  Because of this, reconsideration is granted sparingly.  *See Corning Inc. v. SRU Biosystems*, No. 03-633, 2006 U.S. Dist. LEXIS 1896, at 2 (D. Del. Jan. 20, 2006) (Farnan, J.).  Therefore, a court may only amend or alter a ruling if:  (1) there is a change in the controlling law; (2) newly available evidence is discovered; or (3) there is a need to correct a clear error of law or fact to prevent manifest injustice.  *See id.*  In light of the difference between the liberal standard for amendment and the stringent standard for reconsideration, it is imperative that the Trustee's attempt to dress up his motion for reconsideration as a motion to amend be rejected.  *See Ahmed v. Dragovich*, 297 F.3d 201, 207-08 (3d Cir. 2002) (quoting *Wright and Miller* that permitting use of Rule 15 instead of a motion for reconsideration "would enable the liberal amendment policy of Rule 15(a)

to be employed in a way that is contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation").

The Trustee is not requesting permission to correct pleading deficiencies or plead new facts or claims not previously stated, instead he is quite clearly attempting to resurrect a claim that this Court determined, as a matter of law, is unavailable to him. The Court held that insufficient precedent existed to enable it to predict that the Pennsylvania Supreme Court would adopt the tort of aiding and abetting a breach of fiduciary duty. *See In re Student Finance Corp.,* 335 B.R. at 550. No new facts could change that determination and, in fact, the Trustee's own papers make clear that he is asking this Court to reconsider its prior decision because of a supposed change in the law. (D.I. 225, Document #6 at 4.) Therefore, this Court should treat the Trustee's request as a motion for reconsideration and apply the applicable strict standard of review.

## **ARGUMENT**

### I.     THE TRUSTEE'S MOTION TO RECONSIDER IS UNTIMELY AND IMPROPER.

### A.     The Trustee's Motion for Reconsideration is Untimely.

DELAWARE LOCAL RULE OF CIVIL PROCEDURE 7.1.5 provides that "A motion for reargument shall be served and filed within 10 days after the filing of the Court's opinion or decision." Decisions from this Court make clear that even though the rule refers to "reargument," a motion for reconsideration comes within Local Rule 7.1.5. *See Leonard v. Univ. of Del.*, No. 96-0360, 2002 U.S. Dist. LEXIS 12583, at *2 (D. Del. July 9, 2002) ("Thus, to the extent that the letter is a motion for reconsideration of the court's May 24, 2002 Memorandum and Order, it will be disregarded as untimely. *See* Local Rule 7.1.5."). *See also Corning Inc.* 2006 U.S. Dist. LEXIS 1896, at *2 (applying LOCAL RULE 7.1.5 to a motion for reconsideration of an interlocutory order).

The Trustee's motion for reconsideration is untimely pursuant to LOCAL RULE 7.1.5 because the Trustee failed to request reconsideration within ten days of the issuance of the *Huber* decision in October 2006. The Trustee's motion should be denied on that basis alone.

**B.     There Has Been No Change in the Controlling Law.**

Even if the Trustee's motion were timely, *Huber* does not constitute a change in the controlling law that would justify reconsideration by this Court of its December 5, 2005 decision. The entire basis of the Trustee's request is his contention that the *Huber* court determined that the tort of aiding and abetting breach of fiduciary duty can be maintained in Pennsylvania. (D.I. 225, Document #6 at 4.) However, the *Huber* court was not asked to determine whether the Pennsylvania Supreme Court would adopt the tort of aiding and abetting a breach of fiduciary duty, and it did not so hold. Instead, the court was only asked to determine a conflict of laws issue (specifically, whether a possible conflict existed between the laws of Texas, Indiana, Ohio, and Pennsylvania), and concluded that Texas law applied. *See Huber*, 469 F.3d at 74, 82. The single line of dicta in *Huber* upon which the Trustee hangs his hat is the statement that Pennsylvania "appears" not to require proof of actual damages in a claim for aiding and abetting a breach of fiduciary duty. (D.I. 225, Document #6 at 5); *Huber*, 469 F.3d at 79. As support for this passing comment, the court in *Huber* relied exclusively on *Thompson,* an opinion from the Eastern District of Pennsylvania that pre-dates the district court opinions discussed by this Court in the December 2005 Opinion, and *Koken*, one of many conflicting opinions of the Pennsylvania intermediate appellate courts that this Court specifically cited its December 2005 Opinion.

*Huber* did not change the controlling law applicable to the Trustee's dismissed aiding and abetting claim. First, *Huber* is not a decision from the Pennsylvania Supreme Court. As this Court held in its December 2005 Opinion, "[w]hen called to apply substantive state law with respect to an issue that the state's highest court has not addressed, a federal court must

predict how the state's highest court would resolve the issue." *In re Student Finance Corp.,* 335 B.R. at 550 (citing *Jaasma v. Shell Oil Co.*, 412 F.3d 501, 507 n.5 (3d Cir. 2005)). *Huber* is not a decision from the Pennsylvania Supreme Court nor does *Huber* even discuss whether Pennsylvania's highest court would likely adopt the tort of aiding and abetting a breach of fiduciary duty. *See Huber*, 469 F.3d at 79. A change in controlling law here would require a decision from the Pennsylvania Supreme Court adopting the tort and leaving no question that this Court erred in dismissing the Trustee's claim. That has not happened.[2]

Second, *Huber* did not hold that the Pennsylvania Supreme Court would likely adopt the tort of aiding and abetting a breach of fiduciary duty. Instead, the discussion cited and quoted by the Trustee is *dicta* because the issue in *Huber* involved a pure choice of law question and the court ultimately determined that Texas law (not Pennsylvania law) provided the rule of decision. *See Huber*, 469 F.3d at 82. The *Huber* court did not engage in the analysis conducted by this Court and as set forth in *Jaasma* in order to predict whether the Pennsylvania Supreme Court would likely adopt the tort of aiding and abetting a breach of fiduciary duty. The *Huber* court did not look at the conflicting decisions of the Pennsylvania intermediate appellate courts or the conflicting decisions of the district courts within the Third Circuit, as this Court did in its December 2005 decision. The court in *Huber* performed none of that analysis because it was unnecessary to address the issue before the court: whether the district court erred in failing to apply Texas law. *See id.* at 83.

Finally, the only two cases cited by the *Huber* court in connection with its two sentence discussion of Pennsylvania law relating to the tort of aiding and abetting a breach of

---

[2]     In a footnote, the Trustee claims that this Court is bound by the determination in *Huber* because of *stare decisis*. (D.I. 225, Document #6 at 5 n.1.) Setting aside for the moment that the Third Circuit (including the *Huber* court) has never held that the Pennsylvania Supreme Court would adopt the tort of aiding and abetting a breach of fiduciary duty, as this Court noted in its December 22 Opinion, the decisions of federal courts of appeals are but one of several factors to be examined when determining what a state's highest court might do. *See In re Student Finance Corp.*, 335 B.R. at 550-51.

fiduciary duty – *Thompson* and *Koken* – were fully addressed by this Court in its December 2005 Opinion. The Trustee discussed both cases in its response to the Pepper Defendants' motion to dismiss (D.I. 15, at 35-36), and this Court specifically acknowledged both *Koken* and the line of Eastern District cases opining that the Pennsylvania Supreme Court would adopt the tort of aiding and abetting a breach of fiduciary duty. This Court was well aware of the cases cited in *Huber* when it issued its December 2005 Opinion dismissing the Trustee's aiding and abetting claim. Nothing in *Huber* has changed the law with respect to the Trustee's dismissed aiding and abetting claim, and the Trustee should not be permitted to resurrect it.

## II. THE TRUSTEE'S UNDUE DELAY IN REQUESTING LEAVE TO AMEND WOULD RESULT IN PREJUDICE TO THE PEPPER DEFENDANTS.

Even if the Trustee's motion could properly be styled a motion to amend, his failure to bring the motion in a timely fashion (waiting until after the close of fact discovery) is unfair and unduly prejudices the Pepper Defendants. Specifically, the Trustee's proposed claims involve the alleged breach of fiduciary duties by the officers and directors of SFC (Hawthorne, Turnbull, and Yao). Because this Court dismissed the Trustee's aiding and abetting claim, the Pepper Defendants did not take discovery related to the Trustee's new allegations that SFC's officers and directors breached their fiduciary duties to SFC. Fact discovery is now closed. The Trustee's undue delay forecloses amendment at this late date.

Rule 15(a) of the Federal Rules of Civil Procedure permits amendment of a pleading by leave of court "when justice so requires." Leave to amend may be denied: (1) where amendment was unduly delayed or would cause further undue delay; (2) when amendment is sought in bad faith or by dilatory motive; (3) where the party seeking amendment has failed to cure deficiencies by prior amendment; (4) where amendment would cause undue prejudice to those opposing amendment; or (5) where amendment would be futile. *See Miller v. Computer Sciences Corp.*, No. 05-10, 2006 U.S. Dist. LEXIS 48746, at *4 (D. Del. July 14, 2006) (Farnan,

J.); *DRR, L.L.C., v. Sears, Roebuck and Co.,* 171 F.R.D. 162, 167 (D. Del. 1997) (Schwartz, J.) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)).  "[A] movant who offers no adequate explanation for its delay will ordinarily be denied leave to amend."  *DRR*, 171 F.R.D. at 167.  The party seeking leave to amend bears the burden of explaining the reasons for the delay.  *See Cresswell v. Sullivan & Cromwell,* 922 F.2d 60, 72 (2d Cir. 1990).

Undue prejudice results from the amendment of a plaintiff's complaint after the close of fact discovery.  *See DRR*, 171 F.R.D. at 168 (observing that defendant's discovery was "dictated" by the allegations of the complaint and amendment after close of discovery resulted in undue prejudice).  In *CC Investors Corp. v. Raytheon Co.,* No. 03-114, 2005 U.S. Dist. LEXIS 6893 (D. Del. Apr. 22, 2005) (Farnan, J.), this Court observed that the plaintiff's motion for leave to file an amended complaint – which came 20 months after the initial complaint, after the close of written discovery, but before documents were produced or a single deposition took place – presented a "borderline" scenario of undue prejudice.  Here, the Trustee has crossed that borderline.  Fact discovery has closed and all non-expert depositions have concluded.  The parties are now preparing for expert discovery and for trial based on the allegations presently in the case.  The Trustee could have sought leave to amend when the *Huber* opinion issued in October 2006 – when 6 months of fact discovery still remained – and has offered no excuse for his delay.

The Trustee's delay is particularly troubling given that his proposed claim for aiding and abetting necessarily depends on establishing a breach of fiduciary duty by SFC's officers and directors:  Hawthorne, Turnbull, and Yao.  Mr. Hawthorne was deposed for three days during the last week of fact discovery and just one week before the Trustee filed the instant motion.  Had the Trustee successfully moved months ago to have his aiding and abetting claim added back into his complaint, counsel for the Pepper Defendants would have conducted a different deposition of Mr. Hawthorne.  The Pepper Defendants would have delved into the Trustee's allegations that Mr. Hawthorne breached his fiduciary duty to SFC and the Trustee's

allegation that the Pepper Defendants assisted him in doing so.  In fact, had the Trustee successfully resurrected his aiding and abetting claim, the Pepper Defendants would have conducted discovery – both written and deposition discovery –  as to those specific allegations and claims.

The Trustee incorrectly argues that because the Pepper Defendants have been defending against an aiding and abetting breach of fiduciary duty cause of action *brought by Royal* that "Pepper and Gagné have engaged in full discovery regarding this cause of action (and the facts surrounding same) and since they will have to defend against this cause of action at trial in the Royal . . . matter, they will not be prejudiced."  (D.I. 225, Document #6 at 6.)  The Trustee is wrong for two reasons.

First, the Trustee's argument completely ignores the fact that Royal's aiding and abetting claim is based on a completely different alleged breach of fiduciary duty than the Trustee's putative aiding and abetting claim.  Royal claims that SFC allegedly breached the fiduciary duty that SFC owed its *creditors* as it approached the zone of insolvency.  (*See* Royal's Third Amended Complaint at *Royal Indemnity Co. v. Pepper Hamilton LLP*, No 05-165, D.I. 211, ¶ 211-14.)  The Trustee, on the other hand, claims that SFC's officers and directors breached the fiduciary duty they owed *to SFC*.  (D.I. 225, Document #9, ¶ 253.)  The Pepper Defendants did not take discovery on the issue of whether SFC's officers and directors breached their fiduciary obligations *to SFC*, because that issue was dismissed from the case in December 2005.[3]

---

[3]       Judge Walsh recently noted that "it is strikingly odd to have a trial on aiding and abetting breach of duties where the alleged primary wrongdoers (the board) are not named as defendants . . . [Indeed] this Court is not aware of a single reported post-trial or appellate decision awarding or upholding damages for aiding and abetting breach of fiduciary duty where the primary wrongdoers were not named as defendants."  *In re Radnor Holdings*, 353 B.R. 820, 844 n. 3 (Bankr. D. Del. 2006) (applying Delaware law).  Here, the Trustee has not named the officers and directors of SFC as defendants.

Second, and contrary to the Trustee's assertions, Royal's aiding and abetting claim may not go to trial. The Court presumably will determine what state's law applies before trial.[4] If the Court agrees with the Pepper Defendants that Pennsylvania law applies, the Court presumably will dismiss Royal's claim before trial, consistent with the holding in its December 2005 Opinion in this case that Pennsylvania law does not recognize the cause of action.

The Trustee also claims that "[n]o other factual issues will arise as a result of the Court granting leave to re-assert the cause of action, as the facts in support of the claim the Trustee seeks to re-assert are intertwined with the facts supporting other existing claims." If that statement were true, the Trustee would not have included new factual allegations in his proposed amended complaint, as he does here. As set forth above, the Trustee now alleges, among other things, that the Pepper Defendants knowingly prepared contracts to facilitate and implement the fraud and mislead regulatory authorities regarding SFC contracts. (D.I. 225, Document #8, ¶ 254.) Nowhere in the Trustee's initial Complaint did he raise these new allegations. The inclusion of these additional allegations further establishes the prejudice that would result if the Trustee is permitted to amend his complaint at this late date, after the close of all fact discovery.[5]

---

[4]     The Pepper Defendants moved to dismiss the aiding and abetting claim brought by Royal. This Court denied that motion because, at the motion to dismiss stage, the Court held that it did not need to decide whether Pennsylvania, Delaware, or North Carolina law applied. *See Royal Indemnity Co. v. Pepper Hamilton LLP,* No. 05-165, 2007 U.S. Dist. LEXIS 20797, at *24 (D. Del. Mar. 22, 2007).

[5]     Additionally, for the reasons stated in PART I of this brief, amendment would be futile because the Trustee's amended claim for aiding and abetting would be subject to dismissal on the grounds that even after *Huber*, the Pennsylvania Supreme Court still has not recognized the tort of aiding and abetting a breach of fiduciary duty. *See Miller v. Computer Sciences Corp.*, No. 05-10, 2006 U.S. Dist. LEXIS 48746, at *4 (D. Del. July 14, 2006) (Farnan, J.) (denying leave to amend pleading because claim was futile).

## CONCLUSION

For the foregoing reasons, the Pepper Defendants respectfully request that the Court deny the Trustee's motion for leave to file second amended complaint.

Dated:  May 18, 2007
        Wilmington, Delaware

                                       MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                                       */s/ Daniel B. Butz*
                                       William H. Sudell, Jr., Esq. (No. 0463)
                                       Donna L. Culver (No. 2983)
                                       Daniel B. Butz (No. 4227)
                                       1201 North Market Street
                                       P.O. Box 1347
                                       Wilmington, Delaware 19899-1347
                                       (302) 658-9200
                                       (302) 658-3989 (facsimile)

                                       - and -

                                       Elizabeth K. Ainslie, Esq.
                                       Nicholas J. LePore, III, Esq.
                                       Bruce P. Merenstein, Esq.
                                       Stephen J. Shapiro, Esq.
                                       SCHNADER HARRISON SEGAL & LEWIS LLP
                                       1600 Market Street, Suite 3600
                                       Philadelphia, Pennsylvania 19103
                                       (215) 751-2000
                                       (215) 751-2205 (facsimile)

                                       *Counsel for defendant Pepper Hamilton LLP and W. Roderick Gagné*

                                       - and –

                                       Charles A. Gilman
                                       David G. Januszewski
                                       CAHILL GORDON & REINDEL LLP
                                       Eighty Pine Street
                                       New York, NY 10005
                                       (212) 701-3000
                                       (212) 269-5420 (facsimile)

                                       *Counsel for defendant Pepper Hamilton LLP*

13