IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>STUDENT FINANCE CORPORATION,<br>    Debtor. | Chapter 7<br>Case No. 02-11620 (KJC) |
| CHARLES A. STANZIALE, JR.,<br>CHAPTER 7 TRUSTEE OF<br>STUDENT FINANCE CORPORATION,<br>    Plaintiff,<br>v.<br>PEPPER HAMILTON LLP, ET AL.,<br>    Defendants. | Civil No. 04-1551 (JJF) |
| ROYAL INDEMNITY COMPANY,<br>    Plaintiff,<br>v.<br>PEPPER HAMILTON LLP, ET AL.,<br>    Defendants. | Civil No. 05-165 (JJF) |

**REPLY BRIEF IN SUPPORT OF MOTION TO STRIKE EXPERT
REPORTS AND PRECLUDE TESTIMONY OF DOUGLAS M. BRANSON
NANCY J. MOORE AND STEVEN L. SCHWARCZ**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
William H. Sudell, Jr. (No. 0463)
Donna L. Culver (No. 2983)
Daniel B. Butz (No. 4227)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

*Attorneys for Defendant Pepper Hamilton LLP and
W. Roderick Gagne, in his capacity as an attorney
practicing at Pepper Hamilton LLP*

- and -

OF COUNSEL:

| | |
|---|---|
| Charles A. Gilman<br>David G. Januszewski<br>David G. Montone<br>Cahill Gordon & Reindel LLP<br>80 Pine Street<br>New York, NY 10005<br>Telephone: (212) 701-3000<br>Facsimile: (212) 269-5420<br><br>*Attorneys for Defendant*<br>*Pepper Hamilton LLP* | Elizabeth K. Ainslie<br>Stephen J. Shapiro<br>Schnader Harrison Segal & Lewis LLP<br>1600 Market Street, Suite 3600<br>Philadelphia, PA 19103<br>Telephone: (215) 751-2000<br>Facsimile: (215) 751-2205<br><br>*Attorneys for Defendant Pepper Hamilton*<br>*LLP and W. Roderick Gagne, in his*<br>*capacity as an attorney practicing at*<br>*Pepper Hamilton LLP* |

May 23, 2007

i.

## TABLE OF CONTENTS

|  | Page |
|---|---|
| TABLE OF CITATIONS | ii |
| ARGUMENT | 1 |
|    I.  THE MOTION TO STRIKE THE THREE EXPERT REPORTS AND PRECLUDE TESTIMONY BY THE TAINTED EXPERTS SHOULD BE GRANTED | 1 |
| CONCLUSION | 6 |

ii.

# TABLE OF CITATIONS

Page(s)

## Cases

*Beazer East, Inc.* v. *The Mead Corporation*, 412 F.3d 429 (3rd Cir. 2005), *cert. denied*, 126 S. Ct. 1040 (Jan. 9, 2006)     1

*Irwin Seating Company* v. *International Business Machines Corp.*, No. 1:04-CV-568, 2007 WL 518866 (W.D. Mich. Feb. 15, 2007)     4, 5

## Statutes and Rules

42 Pa. Cons. Stat. § 5949     1

6 Del. C., § 7716     1

Fed. R. Civ. P. 37     5

Fed. R. Evid. 408     5

Rule 33.5(c) of the United States Court of Appeals for the Third Circuit     2

Standing Order of the United States District Court for the District of Delaware     1, 2

Rule 9019-5(d)(i) of the Bankruptcy Court for the District of Delaware     2

1.

## ARGUMENT

### I. THE MOTION TO STRIKE THE THREE EXPERT REPORTS AND PRECLUDE TESTIMONY BY THE TAINTED EXPERTS SHOULD BE GRANTED

Plaintiffs seek to excuse their breach of contract and breach of faith in sharing with their testifying experts settlement materials clearly stamped in bold type **"CONFIDENTIAL"** and covered by a signed Mediation Agreement containing a strict confidentiality provision by: (i) misstating the governing law; (ii) misrepresenting the governing Mediation Agreement; and (iii) inviting the complete breach of mediation confidentiality by suggesting that the Court itself breach that confidentiality. Plaintiffs' arguments are without merit.

Plaintiffs' assertion that a mediation privilege is not well-settled or widely recognized is wrong. As the Court of Appeals held in *Beazer East, Inc.* v. *The Mead Corp.*, confidentiality is "essential to the proper functioning" of any alternative dispute resolution program. 412 F.3d 429, 435 (3d Cir. 2005), *cert. denied*, 126 S. Ct. 1040 (Jan. 9, 2006). Both Delaware (where these actions are pending) and Pennsylvania (where the mediation took place) recognize by statute the importance of mediation confidentiality. *See* 6 *Del. C.* § 7716 ("All ADR proceedings shall be confidential and any memoranda submitted . . . shall not be subject to discovery . . . ."); 42 *Pa. Cons. Stat.* § 5949 ("Disclosure of mediation communications and mediation documents may not be required or compelled through discovery."). This Court has a Standing Order respecting the confidentiality of the mediation process. *See* Standing Order of Chief Judge Sue L. Robinson *In re Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District* ("The attorneys and other persons attending the

mediation are likewise prohibited from disclosing statements made or information developed during the mediation process to anyone other than clients, principals or co-counsel, and then, only upon receiving due assurances that the recipients will honor the confidentiality of the information."). The Third Circuit mandates mediation confidentiality by Local Rule. *See* Rules of the United States Court of Appeals for the Third Circuit, Rule 33.5(c) ("The attorneys and other persons attending the mediation are likewise prohibited from disclosing statements made or information developed during the mediation process to anyone other than clients, principals or co-counsel, and then, only upon receiving due assurances that the recipients will honor the confidentiality of the information."). So does the Bankruptcy Court of this District. *See* Local Rule 9019-5(d)(i) of the Bankruptcy Court for the District of Delaware. Plaintiffs do not even mention any of these statutes and rules.

Moreover, here all participants to the mediation contracted to maintain the strictest confidentiality in respect of the submissions and statements made by them during the mediation.

"**CONFIDENTIALITY**

"This entire process is a compromise negotiation. All offers, promises, conduct and statements, whether oral or written, made in the course of the mediation by any of the Parties, their agents, employees, experts and attorneys, and by Resolutions, LLC employees, who are the Parties' joint agents and Mediators for purposes of these compromise negotiations, are confidential. Such offers, promises, conduct, and statements will not be disclosed to third parties and are privileged and inadmissible for any purpose, including impeachment, under Rule 408 of the Federal Rules of Evidence and any applicable federal or state statute, rule or common law provision. However, evidence that is otherwise admissible or discoverable shall not be rendered inadmissible or not discoverable as a result of it's use in the mediation." [Mediation Agreement, p. 2]

Plaintiffs' suggestion that this language permits disclosure of the confidential mediation statements to testifying experts who did not participate in the

mediation is nonsense. The above-quoted language precludes participants in the mediation from disclosing the confidential submissions made in the course of the mediation to any third parties. If Plaintiffs' experts had participated in the mediation, they would be prohibited from submitting reports or testifying because of exposure to confidential mediation material. That they have been provided confidential materials in breach of the Mediation Agreement after the fact does not allow for a different result.

      Plaintiffs' strain credibility in arguing that the last sentence of the above-quoted confidentiality provision ("[h]owever, any evidence that is otherwise admissible or discoverable shall not be rendered inadmissible or not discoverable as a result of its use in the mediation") authorizes disclosure to their testifying experts of confidential position statements exchanged in mediation. This perfectly customary provision merely prevents admissible and/or discoverable evidence from becoming inadmissible or undiscoverable because used in the mediation. Here, it is the actual confidential mediation/settlement submissions themselves — not otherwise admissible documents — that have been wrongfully given out by Plaintiffs to their testifying experts.

      Plaintiffs' suggestion that Pepper Hamilton "has not acted consistently" based on "publicly available pleadings" in its litigation with its insurers is incorrect, improper and irrelevant, and serves to raise further questions. The court file in the *Executive Risk* litigation is "SEALED" by an Order of the New York State Supreme Court. *See* Exhibit A attached hereto. While certain redacted copies of those filings were produced to Plaintiffs, that in no way makes them "publicly available." If Plaintiffs are referring to other documents in the *Executive Risk* action, the question (for another day)

4.

is how, and from whom, did Plaintiffs obtain information filed under seal in a case to which they are not parties.

Plaintiffs' assertion that their bad faith has not been shown is both incorrect and irrelevant. By also filing their submission in the MBIA/Wells Fargo litigation — to which none of the participants to the confidential mediation are parties — Plaintiffs have further, and inexcusably, compounded their breach of confidentiality. The fact that Plaintiffs did so under seal concedes the confidentiality of what they have submitted — and therefore their expanded breach. However, while it is manifest, bad faith on the part of Plaintiffs or their counsel is not relevant to this motion. However they intended their actions, Plaintiffs' multiplying breaches of the confidentiality of the mediation process are "inherently prejudicial . . . even if the extent of the prejudice is not precisely measurable." *Irwin Seating Company* v. *International Business Machines Corp.*, No. 1:04-CV-568, 2007 WL 518866, at *5 (W.D. Mich. Feb. 15, 2007) (Bell, C.J.).

In any event, Plaintiffs' argument that there is no prejudice caused by their conduct is wrong. Mr. Wilcox's January 10, 2007 letter cited by Plaintiffs said only that the mediation session that had taken place two days earlier had not resolved the matter. It did not say that the mediation is over. It is not uncommon for mediators to circle back to mediation participants after a period of reflection. To our knowledge no participant has declared the mediation over. If the breach of mediation confidentiality by Plaintiffs is permitted, there will be no way to restore it. All of the considerable time and expense of the mediation process may have been wasted. If the Court permits disclosure of confidential mediation submissions to Plaintiffs' testifying experts to go uncorrected,

how can Defendants ever trust that any future settlement discussions will be maintained in confidence? How will there be any hope of resolving this matter prior to trial?

Plaintiffs' discussion of Fed. R. Civ. P. 37 is a red herring. No Rule 37 motion has been made. Plaintiffs' discussion of Fed. R. Evid. 408 also misses the point. The reports of each of the three tainted testifying experts explicitly mentions the fact that a confidential mediation was held. Cross-examination of these tainted experts run an impermissible risk of jurors learning of that fact, and of their judgment being adversely affected by that fact and that fact alone.

Plaintiffs' argument that some form of curative instruction can solve the problem they have created has already been rejected. The bell has been rung. "No admonition, reprimand, mediation training or assessment of costs can remove from the experts' mind the information to which they have been exposed. And, because of the ongoing confidentiality of the mediation process, such alternatives cannot remove the obstacle to Defendants' cross-examination of the experts." *Irwin Seating, supra,* at *4-5 (striking similarly tainted experts).

Plaintiffs' suggestion that this Court insinuate itself in the mediation process by reviewing *in camera* the confidential mediation submissions of the parties is both unnecessary and invites error and recusal. The contents of the parties' confidential mediation statements are not relevant to resolution of this motion. Among the claims and defenses to be tried in these actions are equitable claims and equitable defenses. These claims and defenses will be determined by the Court, not by a jury. It would be inappropriate for the Court to enter the confidential circle of the mediation in order to

review the substance of the parties' mediation statements. They are confidential — especially as to the Court that will try these actions.

## CONCLUSION

Confidential mediation materials have been shared by Plaintiffs with three of their thirteen testifying experts. There is no dispute about this fact. Consistent with the explicit language of the Mediation Agreement, the teachings of the Court of Appeals for this Circuit, court rules and clear legislative mandate in Delaware, Pennsylvania and throughout the country, Plaintiffs should not be permitted to benefit from their violation of confidentiality. Under the circumstances, as in *Irwin Seating*, there is no appropriate remedy other than disqualification of the three tainted experts. That still leaves Plaintiffs with ten other testifying experts.

Pepper Hamilton's motion to strike the reports of and preclude trial testimony by Douglas M. Branson, Nancy J. Moore and Steven L. Schwarcz should be granted, with costs assessed.

May 23, 2007
Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ William H. Sudell, Jr.
William H. Sudell, Jr. (No. 0463)
Donna L. Culver (No. 2983)
Daniel B. Butz (No. 4227)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

- and -

Charles A. Gilman
David G. Januszewski
David G. Montone
Cahill Gordon & Reindel LLP
80 Pine Street
New York, NY 10005
Telephone: (212) 701-3000
Facsimile: (212) 269-5420

*Attorneys for Defendant
Pepper Hamilton LLP*

Elizabeth K. Ainslie
Stephen J. Shapiro
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 751-2000
Facsimile: (215) 751-2205

*Attorneys for Defendant Pepper Hamilton
LLP and W. Roderick Gagne, in his
capacity as an attorney practicing at
Pepper Hamilton LLP*

839441