IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>STUDENT FINANCE CORPORATION,<br><br>Debtor. | Chapter 7<br><br>Bankruptcy Case No. 02-11620 (KJC) |
| CHARLES A. STANZIALE, JR., CHAPTER 7 TRUSTEE OF STUDENT FINANCE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>PEPPER HAMILTON LLP, et al.,<br><br>Defendants. | Civil Action No. 04-1551 (JJF) |

**REPLY BRIEF OF PLAINTIFF CHARLES A. STANZIALE, JR., CHAPTER 7 TRUSTEE OF STUDENT FINANCE CORPORATION, IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Charlene D. Davis, Esquire (No. 2336)
THE BAYARD FIRM
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
(302) 655-5000

Michael S. Waters, Esquire
Lois H. Goodman, Esquire
McElroy, Deutsch, Mulvaney
& Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ 07102-4079
(973) 622-7711

*Counsel for Plaintiff
Charles A. Stanziale, Jr., Chapter 7 Trustee*

661176-1

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. i

I.  RULE 15(a) OF THE FEDERAL RULES OF CIVIL
    PROCEURE IS APPLICABLE TO THIS MOTION ........................................................ 1

    A.  Defendants Are Not Prejudiced By Granting Leave
        To Amend The Complaint ......................................................................................... 2

    B.  The Trustee Did Not Unduly Delay Requesting
        Leave to Amend His Complaint ................................................................................. 5

II. THE UNITED STATES COURT OF APPEALS FOR THE
    THIRD CIRCUIT HAS CONSIDERED AND
    RECOGNIZED THAT AIDING AND ABETTING
    BREACH OF FIDUCIARY DUTY IS A VALID CAUSE
    OF ACTION UNDER PENNSYLVANIA LAW ................................................................ 6

III. CONCLUSION ................................................................................................................. 9

# TABLE OF AUTHORITIES

**Cases**

Ahmed v. Dragovich,
    297 F.3d 201 (3d Cir. 2002) .................................................................................. 2

Arthur v. Maersk, Inc.,
    434 F.3d 196 (3d Cir. 2006) .................................................................................. 2

Cerro Metal Products v. Marshall,
    620 F.2d 964 (3d Cir. 1980) .................................................................................. 8

DRR, L.L.C. v. Sears, Roebuck and Co.,
    171 F.R.D. 162 (D. Del. 1997) .............................................................................. 5

Forman v. Davis,
    371 U.S. 178 (1962) ........................................................................................... 1, 2

General Refractories v. Fireman's Fund Ins.,
    337 F.3d 297 (3d Cir. 2003) .................................................................................. 1

Huber v. Taylor,
    469 F.3d 67 (3d Cir. 2006) ........................................................................... 1, 5, 7

In re: Student Finance Corporation, 335 B.R. 539,
    2005 U.S. Dist. LEXIS 34927 (D. Del. 2005) ...................................................... 6

Koken v. Steinberg,
    825 A.2d 723 (Pa. Commw. Ct. 2003) ................................................................. 7

State Bd. of Med. Educ. & Licensure v. Ferry,
    172 Pa.Super. 372 (1953) ..................................................................................... 7

Thompson v. Glenmede Trust Co.,
    1993 WL 197031 (E.D. Pa. 1993) ......................................................................... 7

**Other**

6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure §
§1474, 1488 (2d ed. 1990) ........................................................................................... 1

**Rules**

Fed.R.Civ.P. 15 ............................................................................................................ 1, 5

Charles A. Stanziale, Jr., Chapter 7 Trustee (hereinafter the "Trustee" or "Plaintiff") of Student Finance Corporation (hereinafter "SFC"), by his undersigned counsel, submits this reply brief in support of his motion for leave to file a Second Amended Complaint to re-assert a claim for aiding and abetting breach of a fiduciary duty against Defendants, Pepper Hamilton LLP (hereinafter "Pepper") and W. Roderick Gagné (hereinafter "Gagné") (collectively "Defendants").

### I. RULE 15(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE IS APPLICABLE TO THIS MOTION

The Court of Appeals for the Third Circuit has held that "[a] party generally should be permitted to amend a complaint where if it did so it could state a claim." General Refractories v. Fireman's Fund Ins., 337 F.3d 297, 309 (3d Cir. 2003) (citation omitted). The Supreme Court has held "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; [and] this mandate is to be heeded." Forman v. Davis, 371 U.S. 178, 182 (1962).

Furthermore, Rule 15(a) does not set any time limits within which a party may apply for leave to amend. See 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1488, at 652 (2d ed. 1990). Nor does Rule 15(a) enumerate particular purposes for which amendments may be sought. Rule 15(a) provides the basic policy statement and procedural framework to be followed to amend a pleading. Id. at § 1474, at 523.

In their responding brief, Defendants attempt to characterize the Trustee's motion as a motion for reconsideration. Defendants contend that the Trustee failed to request reconsideration of this Court's Order dismissing Count V of the Complaint within ten days of issuance of the Huber v. Taylor decision. Defendants fail to cite to any authority which requires a party to move for reconsideration within ten days of another court's decision recognizing a cause of action,

when that opinion was issued over ten months after the decision sought to be reconsidered. Perhaps such an ill-considered rule was never adopted because it would require lawyers to update the research on issues such as this at least every nine days during the life of the litigation.

Further, Defendants' reliance on Ahmed v. Dragovich, 297 F.3d 201 (3d Cir. 2002), to support their claim that the Trustee is attempting to avoid the stringent standards for granting a motion for reconsideration, is misplaced. In Ahmed, the plaintiff, a former Pennsylvania prison inmate, tried to amend his complaint after the defendant's motion for summary judgment was granted and the case was closed. The Court held that at that stage of the proceedings, Rules 59 and 60 of the Federal Rules of Civil Procedure governed reconsideration of final judgments. Id. at 208. It is in that context the Court cautioned that Rule 15(a)'s liberal amendment policy should not apply.

In this case, no final judgments have been entered. No court rules or Case Management Orders in this matter prohibit seeking leave to file an amended complaint at this time. Therefore, this Court should follow the Supreme Court's mandate that leave to amend "shall be freely given when justice so requires." Forman, 371 U.S. at 182. The Trustee's motion for leave to file a Second Amended Complaint is appropriate and should be granted.

A.  **Defendants Are Not Prejudiced By Granting Leave To Amend The Complaint.**

The Third Circuit Court of Appeals has consistently recognized that "prejudice to the non-moving party is the touchstone for the denial of an amendment" to a pleading. See Arthur v. Maersk, 434 F.3d 196, 204 (3d Cir. 2006).

Defendants claim that they would be prejudiced by the amendment. They admit that the new cause of action, aiding and abetting the breach of fiduciary duty, is already in the case by virtue of Royal's complaint. Without submitting any affidavits or declarations, Defendants claim

661176-1

2

that they somehow took more limited discovery on the claim that Pepper aided and abetted the officers and directors' breach of their fiduciary duties to SFC because the claim was made by Royal, rather than by the Trustee. Instead, they simply assert that they would have conducted a different deposition of Gary Hawthorne, one of the officers of SFC, had the Trustee's claim been in the case. The fiduciary duty to SFC that SFC's officers and directors breached, is the same pleaded by Royal Indemnity Company and which the Defendants have examined in detail in discovery.

Specifically, in Count VII of Royal's Third Amended Complaint ("Aiding And Abetting Breach Of Fiduciary Duty – All Defendants"), Royal asserts, in relevant part, that "[o]nce SFC was insolvent, its officers and directors had a fiduciary duty to SFC's creditors, including in particular Royal," (¶206), and "[t]he Defendants knowingly aided and abetted SFC in deepening its insolvency and aided and abetted SFC's officers and directors in breaching their fiduciary duty to Royal." (¶207). (See Supplemental Certification of Michael S. Waters ("Waters Suppl. Cert."), Exhibit B, attaching Royal's Third Amended Complaint at Royal Indemnity Co. v. Pepper Hamilton, LLP, No. 05-165, D.I. 211). The Trustee has similarly asserted that SFC's officers and directors breached their fiduciary duty to SFC and to SFC's creditors in his proposed Second Amended Complaint. See Waters Cert., Exhibit B, ¶¶ 250-252. Defendants have exhaustively explored the conduct, actions and duties of SFC's officers and directors to SFC and to SFC's creditors throughout discovery because the conduct, actions and duties of the officers and directors is relevant to the other causes of action pleaded in the Trustee's Complaint, i.e., breach of fiduciary duty and professional malpractice.

The officers and directors of a corporation owe a fiduciary duty to the corporation. When the corporation enters the zone of insolvency (alleged by Royal to have been all during SFC's

corporate life, see Waters Suppl. Cert. Exhibit B ¶ 206), that fiduciary duty extends to creditors. Thus, the issue of Pepper's aiding and abetting the officers and directors of SFC, and in particular Andrew Yao, in the breach of a fiduciary duty has been in this case from the outset. Royal has always asserted a claim that Pepper aided and abetted Yao in the commission of the fraud, as well as aided and abetted Yao in a breach of fiduciary duty. The Trustee asserted a claim against Pepper for aiding and abetting a breach of fiduciary duty and now seeks to re-assert it. There is no support offered in Defendants' papers for the bold statement that somehow they have conducted limited discovery on these claims. The broad scope of discovery involved in preparing to defend against the range of claims Royal has made regarding Pepper's conduct would not in any way be diminished by the presence or absence of the Trustee's claim.

The specific conduct of Pepper described in the proposed amended complaint has been the subject of extensive discovery, and detailed support for those allegations was provided to Pepper in the Trustee's Supplemental Answers to Interrogatories (See Waters Suppl. Cert. Exhibit A, pp. 14-28). The information contained in those answers to interrogatories was similarly provided to Pepper, together with references to supporting documents, by Royal in late December 2006 (See Waters Suppl. Cert. ¶ 5) well in advance of the completion of discovery.

Moreover, Pepper's conduct in aiding and abetting Yao's breach of fiduciary duty goes beyond assisting Yao in taking money out of an insolvent SFC for himself. Many of the fraudulent conveyances Pepper aided were to Pepper partner and individual defendant W. Roderick Gagné's own family. The family lent money to SFC and obtained commitment fees totaling $1 million dollars in excess of market rates. In 2000, Mr. Gagné's wife, his uncle and trusts of which he was trustee and in one case, a beneficiary, became shareholders of SFC. During the year 2000 and into 2001, at a time when the company was insolvent, Pepper, in a

highly conflicted representation, assisted in arrangements for the redemption by SFC of the family's worthless stock for $6,931,636.

The Trustee submits that the additional factual allegations of Pepper's conduct as set forth in his proposed Second Amended Complaint became evident through discovery and were the subject of detailed examination at depositions. Defendants point to one witness that they would have questioned differently had they known that they were being accused of aiding and abetting a breach of fiduciary duty in the Trustee's complaint, rather than solely in the complaint filed by Royal. That witness, Gary Hawthorne, was the subject of three days of deposition, and Defendants' counsel questioned him at length, with full knowledge that a claim of aiding and abetting the officers and directors' breach of fiduciary duty was in the case, albeit by virtue of Royal's complaint. How they now claim they would have conducted the deposition differently if the same claim were also in the Trustee's case is a mystery left unanswered in their response to this motion. Defendants will not be prejudiced by allowing the Trustee to amend his complaint to re-assert the claim of aiding and abetting breach of a fiduciary duty. In addition, allowing the Trustee to re-assert the claim of aiding and abetting breach of a fiduciary duty will not result in delay of the trial.

### B. The Trustee Did Not Unduly Delay Requesting Leave To Amend His Complaint.

The Third Circuit issued its decision in Huber v. Taylor on October 16, 2006. 469 F.3d 67 (3d Cir. 2006). Counsel for the Trustee only recently became aware of the Huber decision, (See Waters Suppl. Certif. ¶ 3) and filed this motion.

Defendants' reliance on DRR, L.L.C. v. Sears, Roebuck and Co., 171 F.R.D. 162 (D. Del. 1997), to oppose the Trustee's motion for leave to amend the complaint, is misplaced. In DRR, the plaintiff corporation filed a motion for reargument and to amend its complaint pursuant

to Fed.R.Civ.P. 15(b) to add a new claim of negligent misrepresentation after the court had granted the defendant's summary judgment motion on the plaintiff's claims of fraud and strict liability. Id. at 163. The plaintiff offered no new evidence in support of its motion to amend, nor did it offer any explanation for failing to assert its new claim before summary judgment was entered. Id. at 167. The court noted that "[o]nce allegations of a complaint are determined on the merits, courts regard attempts to amend with a more jaundiced eye." Id. at 166 (omitting citation). The court found that DRR's delay in filing its motion to amend the complaint after summary judgment motions had been decided could only be characterized as "undue." Id. at 167.

Here, the Trustee has moved for leave to amend the Complaint **before** the Court has made any determinations on the merits of the causes of action pleaded in the Complaint. In addition, the Trustee submits that he did not act in bad faith, with improper motive, or indeed, with undue delay.

II. **THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT HAS CONSIDERED AND RECOGNIZED THAT AIDING AND ABETTING BREACH OF FIDUCIARY DUTY IS A VALID CAUSE OF ACTION UNDER PENNSYLVANIA LAW**

When this Court issued its opinion analyzing whether aiding and abetting breach of fiduciary duty is a valid cause of action under Pennsylvania law, the Court found that there was an insufficient basis to conclude that the cause of action was valid because neither the Pennsylvania Supreme Court nor the Court of Appeals for the Third Circuit had considered the issue. In re: Student Finance Corporation, 335 B.R. 539, *550, 2005 U.S. Dist. LEXIS 34927, **20 (D. Del. 2005). That is no longer the case. After this Court's decision, the United States Court of Appeals for the Third Circuit considered aiding and abetting breach of fiduciary duty as

a valid cause of action under Pennsylvania law. Huber v. Taylor, 469 F.3d 67 (3d Cir. 2006). Therefore, a sufficient basis now exists for this Court to allow the claim to proceed in this case.

In Huber, the Court was presented with a choice of law issue. Id. at 73. To resolve that issue, the Court was required to analyze the laws of Pennsylvania, Ohio, Indiana, and Texas to determine if the various laws conflicted regarding the requisite proofs to maintain a claim of aiding and abetting a breach of fiduciary duty. Id. at 79. The Court presented its analysis of the various states' laws in its opinion. Specifically, the Court found that Indiana did not appear to recognize a civil cause of action for aiding and abetting a breach of fiduciary duty. Id. (omitting citation). The Court then relied on State Bd. of Med. Educ. & Licensure v. Ferry, 172 Pa. Super. 372, 94 A.2d 121, 123 (1953), for its determination that proof of a breach of fiduciary duty is required to maintain a cause of action for aiding and abetting a breach of fiduciary duty in Pennsylvania.

Furthermore, the Court analyzed the laws in the states to determine if the states' laws conflicted on whether actual damages were required to prove a claim of aiding and abetting a breach of fiduciary duty. Id. For this analysis, the Court relied on Thompson v. Glenmede Trust Co., 1993 WL 197031 (E.D. Pa. 1993), and Koken v. Steinberg, 825 A.2d 723, 732 (Pa. Commw. Ct. 2003), to support its determination that Pennsylvania does not require damages to prove a claim of aiding and abetting a breach of fiduciary duty. Id.

For the Court of Appeals to determine that the District Court erred in its choice of law analysis, id. at 83, it was necessary for the Court to carefully analyze and consider the laws of Pennsylvania, Ohio, Indiana, and Texas, specifically regarding the validity of a claim of aiding and abetting a breach of fiduciary duty, among other causes of actions. While Defendants' brief appears to question the adequacy of that analysis, it is clear that the Court of Appeals reached a

conclusion on this subject in order to rule. The Court's analysis of Pennsylvania's law was part of the conflict of laws issue before the Court, was necessary to the holding, and should be given deference and weight. See Cerro Metal Products v. Marshall, 620 F.2d 964, 978 n.38 (3d Cir. 1980).

Consequently, it is evident that the Court of Appeals has considered whether aiding and abetting a breach of fiduciary duty is a valid cause of action under Pennsylvania law and has recognized that as a valid cause of action in Pennsylvania. The Trustee requests that this Court grant leave to amend the Complaint to assert a claim of aiding and abetting breach of a fiduciary duty against the Defendants, Pepper and Gagné.

### III. CONCLUSION

For the foregoing reasons, the Trustee respectfully requests this Court to grant his motion and to allow the Trustee to file a Second Amended Complaint to assert a cause of action against the Defendants, Pepper and Gagné, for aiding and abetting breach of a fiduciary duty.

Respectfully submitted,

Dated: May 25, 2007
Wilmington, Delaware

THE BAYARD FIRM

*[signature]*

Charlene D. Davis, Esquire (No. 2336)
Mary E. Augustine (No. 4477)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, Delaware 19899
Telephone: (302) 655-5000

-and-

Michael S. Waters, Esquire
Lois H. Goodman, Esquire
McElroy, Deutsch, Mulvaney &
Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ 07102-4079
(973) 622-7711
*Counsel for Charles A. Stanziale, Jr.,
Chapter 7 Trustee*