**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ROYAL INDEMNITY COMPANY, | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 05-165-JJF |
| PEPPER HAMILTON LLP, W. RODERICK GAGNE', FREED MAXICK & BATTAGLIA CPAs, McGLADREY & PULLEN LLP, and MICHAEL AQUINO, | ) | |
| Defendants. | ) | |
| CHARLES A. STANZIALE, JR., Chapter 7 Trustee of Student Finance Corporation, | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 05-72-JJF |
| McGLADREY & PULLEN LLP and MICHAEL AQUINO, | ) | |
| Defendants. | ) | |
| CHARLES A. STANZIALE, JR., Chapter 7 Trustee of Student Finance Corporation, | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 04-1551-JJF |
| PEPPER HAMILTON LLP, et al., | ) | |
| Defendants. | ) | |

| | |
|---|---|
| MBIA INSURANCE CORPORATION and ) <br> WELLS FARGO BANK, N.A. (f/k/a WELLS ) <br> FARGO BANK MINNESOTA N.A.) as ) <br> TRUSTEE OF SFC GRANTOR TRUST, ) <br> SERIES 2000-1, SFC GRANTOR TRUST, ) <br> SERIES 2000-2, SFC GRANTOR TRUST, ) <br> SERIES 2000-3, SFC GRANTOR TRUST, ) <br> SERIES 2000-4, SFC GRANTOR TRUST, ) <br> SERIES 2001-1, SFC GRANTOR TRUST, ) <br> SERIES 2001-2, SFC OWNER TRUST 2001-I, ) <br> AND SFC GRANTOR TRUST, SERIES 2001-3, ) <br> ) <br> Plaintiffs/Counterclaim Defendants, ) <br> ) <br> v. ) <br> ) <br> ROYAL INDEMNITY COMPANY, ) <br> ) <br> Defendant/Counterclaim Plaintiff. ) <br> ) | C.A. No. 02-1294-JJF |

### PLAINTIFF ROYAL INDEMNITY COMPANY'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL

Plaintiff Royal Indemnity Company ("Royal") hereby submits this memorandum in support of its motion to compel.

### FACTUAL BACKGROUND AND ARGUMENT

On April 13, 2007, prior to the April 30, 2007 fact discovery deadline set forth in Amended Case Management Order #1, Royal noticed the Rule 30(b)(6) deposition of MBIA Insurance Corporation ("MBIA"), a non-party in these actions. That notice and corresponding subpoena required MBIA to designate and produce the requested witness for deposition on April 30, 2007 in New York City.[1] At that time, only one other deposition was scheduled for April 30, 2007.

MBIA never objected to the substance of the notice but, through its counsel, requested that the deposition be pushed into the early part of May due to scheduling difficulties. At about

---

[1] A copy of the notice and subpoena is attached as exhibit A.

around this time, counsel for all the parties were involved in active discussions and in near-agreement regarding extending, by a week or two, the fact discovery deadline in order to complete depositions in a more orderly manner.  Royal agreed to the accommodation requested by MBIA based on the commitment of MBIA to produce a 30(b)(6) witness in early May.

In the meantime, however, the parties were not able to reach agreement on a short extension of the fact discovery period.  As a result, counsel for Royal advised counsel for MBIA that the 30(b)(6) deposition needed to proceed as originally noticed on April 30, 2007.  Although Royal stood ready and willing to proceed on that date, MBIA refused, claiming that this Court's Discovery Coordination Order allowed for no more than two depositions per day and that the April 30, 2007 schedule, by that point, was fully booked.  In so stating, MBIA ignored that its 30(b)(6) deposition was properly the second deposition scheduled for April 30th.  MBIA also refused to produce a witness in May, as its counsel had previously committed.

MBIA now seeks to take advantage of Royal's willingness to accommodate MBIA's schedule in order to avoid its deposition altogether.  That is neither fair nor appropriate under the circumstances here.

Royal anticipates a short deposition, largely relating to evidentiary foundation and document authenticity issues, which should not take more than half a day.

Accordingly, Royal respectfully requests that this Court relax the fact discovery deadline in order that the MBIA deposition can proceed.

- 4 -

Dated: May 25, 2007

Respectfully submitted,

ASHBY & GEDDES


_____

Michael H. Barr  
Kenneth J. Pfaehler  
SONNENSCHEIN NATH & ROSENTHAL LLP  
1221 Avenue of the Americas  
New York, New York 10020-1089  
(212) 768-6700  
(212) 768-6800 (fax)

Lawrence C. Ashby (#468)  
Philip Trainer, Jr. (#2788)  
Tiffany L. Geyer (#3950)  
Andrew D. Cordo (#4534)  
222 Delaware Avenue, 17th Floor  
Wilmington, Delaware 19899  
(302) 654-1888  
(302) 654 2067 (Fax)

*Attorneys for Plaintiff*  
*Royal Indemnity Company*

- and -

John Grossbart  
Steve Merouse  
SONNENSCHEIN NATH & ROSENTHAL LLP  
7800 Sears Tower  
233 S. Wacker Drive  
Chicago, Illinois 60606  
(312) 876-8000  
(312) 876-7934 (fax)  
180956.1

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROYAL INDEMNITY COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 05-165-JJF |
| vs. ) | |
| ) | |
| PEPPER HAMILTON LLP, et al., ) | |
| ) | |
| Defendants. ) | |

**ROYAL INDEMNITY COMPANY'S NOTICE OF
RULE 30(b)(6) DEPOSITION OF MBIA INSURANCE CORPORATION**

PLEASE TAKE NOTICE that, pursuant to Rules 45 and 30(b)(6) of the Federal Rules of Civil Procedure, defendant and counterclaim plaintiff Royal Indemnity Company will take the oral deposition of MBIA Insurance Corporation on the subjects listed in Exhibit A attached to the subpoena accompanying this notice. The deposition will take place at the offices of Sonnenschein Nath & Rosenthal LLP, 1221 Avenue of the Americas, New York, NY 10020-1089, telephone: (212) 768-6700, beginning at 10:00 A.M. on April 30, 2007. MBIA Insurance Corporation is directed to designate the person or persons to testify on its behalf and the matters on which the person(s) will testify. The deposition shall be recorded stenographically and may be videotaped. The deposition will continue from day to day until completed. All counsel of record are invited to attend and participate.

25199976\V-1

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*
_____
Philip Trainer, Jr. (I.D. #2788)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
ptrainer@ashby-geddes.com
tlydon@ashbygeddes.com

*Attorneys for Royal Indemnity Company*

*Of Counsel:*

Michael H. Barr
Kenneth J. Pfaehler
Robert W. Gifford
SONNENSCHEIN NATH & ROSENTHAL LLP
1221 Avenue of the Americas
New York, New York 10020-1089
(212) 768-6700

John I. Grossbart
Steven L. Merouse
SONNENSCHEIN NATH & ROSENTHAL LLP
8000 Sears Tower
233 S. Wacker Drive
Chicago, Illinois 60606
(312) 876-8000

Dated: April 13, 2007

251999761V-1

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROYAL INDEMNITY COMPANY, Plaintiff,

V.

PEPPER HAMILTON LLP, et al., Defendants.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] C.A. No. 05-165-JJF
pending before the United
States District Court for the
District of Delaware

TO: MBIA INSURANCE CORPORATION
113 King Street
Armonk, NY 10504

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Sonnenschein Nath & Rosenthal LLP<br>1221 Avenue of the Americas, NY 10020-1089 | April 30, 2007, 10:00 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>[signature], for Plaintiff | DATE<br>April 13, 2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Hector Garcia-Santana, SONNENSCHEIN NATH & ROSENTHAL LLP, 1301 K Street, N.W., Ste. 600, Washington, D.C. 20005; Tel. (202) 408-6367

American LegalNet, Inc.
www.FormsWorkflow.com

AO88 (Rev. 12/06) Subpoena in a Civil Case

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.FormsWorkflow.com

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                    DATE                              SIGNATURE OF SERVER

                                                     _____
                                                     ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(D) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

American LegalNet, Inc
www.FormsWorkflow.com

## EXHIBIT A

## DEPOSITION SUBJECTS

1. MBIA's due diligence pertaining to SFC.

2. All investigation, analysis, assessment, audits or appraisal by MBIA of SFC's business practices and business model.

3. All assessment, review, analysis or investigation by MBIA after March 20, 2002 pertaining to SFC including, without limitation, the document produced at MBIA2_0001075 - MBIA2_0001079, and any similar document or draft thereof.

4. Any communications pertaining to the subjects listed herein.

## INSTRUCTIONS

A. The terms "and" and "or" shall be construed either disjunctively or conjunctively so as to bring within the scope of this subpoena all information which might otherwise be construed to be outside its scope.

B. Unless otherwise specified this subpoena shall be limited to the period beginning June 1, 1998, through to the present.

C. The singular form of any noun or pronoun includes the plural, and vice versa.

D. The masculine form of any noun or pronoun includes the feminine, and vice versa. The masculine or feminine form of any noun or pronoun includes the neuter and vice versa.

E. Verbs in present, past, future or any other tense include all tenses.

## DEFINITIONS

The following terms and definitions shall apply to this subpoena:

1. The terms "MBIA" and "You" shall mean MBIA Insurance Corporation, and its current or former officers, directors, employees, agents, representatives, and attorneys, each

2520015611-1

person acting on its behalf or under its control, and any parent, subsidiary, predecessor or affiliated corporation.

2. The term "pertaining to" shall mean analyzing, addressing, concerning, consisting of, regarding, referring to, refuting, discussing, describing, evidencing, constituting, compromising, containing, setting forth, showing, disclosing, explaining, involving, summarizing, memorializing, mentioning, reflecting, commenting on, having to do with, relating to, or otherwise having any logical or factual connection with the subject matter. All the terms included in the definition of "pertaining to" and any of their derivations are themselves used synonymously with "pertaining to" when used in this subpoena.

3. "SFC" shall mean Student Finance Corporation, Student Marketing Services, LLC ("SMS"), Student Loan Servicing, LLC ("SLS"), SFC Financial I, LLC, SFC Financial II, LLC, SFC Acceptance I, SFC Acceptance II, SFC Acceptance III, SFC Acceptance IV, SFC Acceptance V, SFC Acceptance VI, SFC Acceptance VII, SFC Acceptance VIII, SFC Acceptance IX, and their principals, owners, officers, directors, partners, stockholders, shareholders, associates, employees, staff members, agents, representatives, attorneys, subsidiaries, affiliates, divisions, successors, and predecessors individually or in any combination.