# EXHIBIT A

Case 1:04-cv-01551-JJF    Document 258-2    Filed 05/29/2007    Page 1 of 8

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Charles A. Stanziale, Jr., Chapter 7 Trustee of
Student Finance Corporation
                Plaintiff,

SUBPOENA IN A CIVIL CASE

v.

Case Number: 04-1551[1] (JJF)
(D.Del.)

Pepper Hamilton, LLP, et al.
                Defendant.

TO:   Premier Education Group, G.P., Inc.
       c/o Corporation Service Company
       830 Bear Tavern Road
       West Trenton, NJ 08628

   YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

   _X_ YOU ARE COMMANDED to produce and permit inspection of copying of the following documents or objects at the place, date and time specified below (list documents or objects): See attached schedule.

| PLACE | DATE AND TIME |
|---|---|
| McElroy, Deutsch, Mulvaney & Carpenter, LLP<br>Three Gateway Center<br>100 Mulberry Street<br>Newark, NJ 07102 | February 13, 2007 at 10:00A.M |

   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) *[signature]* attorney for Plaintiff | DATE<br>January 26, 2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Michael S. Waters, Esq.
McElroy, Deutsch, Mulvaney & Carpenter LLP

---

[1] If action is pending in district other than district of issuance, state district under case number.
901459_1

Three Gateway Center, 100 Mulbery St.
Newark, NJ 07102
(973) 622-7711

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of the law of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
         DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS:

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorneys' fees.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any and all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(ii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held; or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development or commercial information; or
(ii) requires disclosure of an un-retained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party; or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claims shall be made expressly and shall be supported by a description of the nature of the documents,

communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## **SCHEDULE OF DOCUMENTS**

### Definitions

1.  "Document" is intended to be given the broadest possible scope and includes any written, recorded or graphic matter, or any other means of preserving thought or expression, including all non-identical copies, drafts, worksheets, work papers, proofs, whether handwritten, typed, printed, photocopied, photographed, tape-recorded, transcribed, filed or otherwise created, specifically including, but not limited to, telephone slips and logs, diary entries, facsimiles, presentations, calendars, reports, spreadsheets, minutes, correspondence, memoranda, notes, videotapes, audio tapes, electronic or digital recordings or any kind, photographs, and any other form of communication or representation. It also includes, without limitation, all information stored in a computer system although not yet printed out, all information stored on computer hard drives, all information stored on floppy diskettes, computer tape backups, CD-ROM, and/or e-mail.

2.  "Communication" means any transmission of thoughts, opinions, data, or information, in the form of facts, ideas, inquiries, or otherwise, including, without limitation, correspondence, letters, e-mail, facsimiles, reports, memoranda, contacts, discussions, calculations, presentations and any other written or oral exchanges between any two or more persons.

3.  "SFC" means Student Finance Corporation, Student Loan Servicing, LLC, Student Marketing Services, LLC, Student Placement Services, LLC, SFC Financial I, LLC, SFC Financial II, LLC, SFC Acceptance I, LLC, SFC Acceptance II, LLC, SFC Acceptance III, LLC, SFC Acceptance IV, LLC, SFC Acceptance V, LLC, SFC Acceptance VI, LLC, SFC Acceptance VII, LLC, SFC Acceptance VIII, LLC, and SFC Acceptance IX, LLC (and any other related subsidiaries or affiliates), as well as the parents, subsidiaries, affiliates, officers, directors, employees, agents, attorneys and representatives of the above entities at the present time and, where applicable, during the time period relevant to this action, including without limitation the Grantor Trusts, Andrew Yao, Gary Hawthorne, Perry Turnbull, Diane Messick, Pat Kartha, Frank Martinez, Guy Disimplico, James Pearson, David Zulauf, Maria DeCarlo and Michele Shedrick.

4.  "Premier" shall mean "Premiere Education Group, L.P., Inc." Premier Education Group G.P., Inc., Premier Education Group, CEC, G.P., Inc., DHP, G.P., Inc., Day Hill Partners, L.P., One Summit Place, G.P., One Summit Place, L.P., Branford Hall Career Institute, The Salter School, Seacoast Career Schools, Suburban Technical Schools, Harris School of Business and Deep Muscle Therapy School as well as the parents, subsidiaries, affiliates, officers, directors, employees, agents, attorneys and representatives at the present time and, where applicable, during the time period relevant to this action.

5. "Premier v. Yao" shall mean Premier Education Group G.P., Inc., et al.v. Andrew N. Yao, Court of Common Pleas of Montgomery County, Pennsylvania, Docket No. 04-07474.

6. The time period of these requests shall be from 1993 to the present.

7. The term "McGladrey" means McGladrey & Pullen, LLP, as well as its partners, employees, and representatives at the present time and, where applicable, during the time period relevant to this action, including, but not limited to Jeffrey A. Westad, Mark Colatrella and Michael Aquino.

8. The term "Pepper" means Pepper Hamilton, LLP, as well as its partners, employees and representatives at the present time and, where applicable, during the time period relevant to this action, including, but not limited to, W. Roderick Gangne, Sheila Gibson, Duncan Grant, Alfred Wilcox, Maria DeCarlo, Darcy Lee, Richard Eckman and Andrea Unterberger.

9. "SFC Transactions" refers to all SFC-related warehouse financings, revolving credit facilities, securitizations, bridge or other loans, whether consummated or unconsummated.

10. The term "Gagne" refers to W. Roderick Gagne.

11. The term "Bast" refers to Robert L. Bast.

12. The term "Pepper Hamilton" refers to Pepper Hamilton, LLP.

13. The term "Yao" refers to the individual Andrew N. Yao.

14. All words and phrases shall be construed in accordance with normal custom and usage in the industries or field of commerce to which they apply.

15. "Concerning" means relating to, referring to, describing, evidencing or constituting.

16. The connectives "and" and "or" are to be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

17. The use of the singular form of any word includes the plural and vice versa.

## Documents Requested

1. Each and every Document which sets forth, describes, relates or refers to any and all Communications between Premier and Yao.

2. Each and every Document which sets forth, describes, relates or refers to Communications between Premier and Pepper, Gagné or Bast.

3. Each and every Document which sets forth, describes, relates or refers to any public offering or considerations of a public offering or similar transaction regarding stock in Premier or an entity owning all or any of the assets now owned by Premier.

4. Each and every Document which sets forth, describes, relates or refers to the profitability of Premier.

5. Each and every Document which sets forth, describes, relates or refers to the value of Premier or of any interest in Premier or of any of its assets.

6. Each and every Document and Communication which sets forth, describes, relates or refers to Andrew Yao.

7. Each and every Document and Communication which sets forth, describes, relates or refers to Gagné.

8. Each and every Document and Communication which sets forth, describes, relates or refers to Bast.

9. Each and every Document and Communication which sets forth, describes, relates or refers to Pepper Hamilton.

10. Each and every Document which sets forth, describes, relates or refers to financial statements of Premier.

11. Each and every Document which sets forth, describes, relates or refers to corporate minutes and records of Premier including, without limitations, stock transfer records.

12. Each and every Document and Communication which sets forth, describes, relates or refers to memoranda prepared by any officer or employee of Premier regarding Yao, the ownership of Premier or the profitability of Premier.

13. Each and every Document and Communication which sets forth, describes, relates or refers to money, cash equivalent or anything of value contributed by Yao, Lore Yao, Gagne, Bast, SFC, SLS, SMS or EMC to Premier.

14. Each and every Document and Communication which sets forth, describes, relates or refers to transactions between Premier and Gagne, Bast, Yao, Lore Yao, SFC, SLS, SMS or EMC.

15. Each and every Document which sets forth, describes, relates or refers to payments or distributions to or for the benefit of Yao, Lore Yao, Bast or Gagné.

16. Each and every Document and Communication which sets forth, describes, relates or refers to agreements or understandings between or among shareholders.

17. Each and every Document and Communication which sets forth, describes, relates or refers to litigation involving Yao, Gagné or Bast.

18. Each and every Document and Communication which sets forth, describes, relates or refers to all correspondence, pleadings, discovery, depositions and exhibits in Premier v. Yao.

901463_1