# EXHIBIT B

Case 1:04-cv-01551-JJF   Document 258-3   Filed 05/29/2007   Page 1 of 2

| AO 88 (11/91) Subpoena in a Civil Case | PROOF OF SERVICE |
|---|---|

| SERVED | DATE: 01/29/2007 01:44PM | PLACE: 830 BEAR TAVERN ROAD  WEST TRENTON  NJ  08528 |
|---|---|---|

| SERVED ON: PREMIER EDUCATION GROUP G.P. INC c/o CORPORATION SERVICE COMPANY<br>ACCEPTED BY: VERONICA LUBRANO<br>RELATIONSHIP/TITLE: AUTHORIZED AGENT | MANNER OF SERVICE: RULE 45, FEDERAL CIVIL RULE<br>SERVING: SUBPOENA IN A CIVIL CASE<br>DEFINITIONSDOCUMENTS REQUEST |
|---|---|
| SERVED BY<br>JANE NUNN | TITLE<br>PROCESS SERVER |

## DECLARATION OF SERVER

Description of Person Receiving Document(s):

SEX: __F__   AGE: __21-35__   HEIGHT: __5'4"-5'8"__   WEIGHT: __100-130 LBS.__   SKIN: __WHITE__   HAIR: __BLACK__   OTHER: _____

[X] To the best of my knowledge, said person was not engaged in the U.S. Military at the time of service.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Certification of Service is true and correct.

_Jane Nunn_ L.S.
SIGNATURE OF JANE NUNN
GUARANTEED SUBPOENA SERVICE, INC.
2009 MORRIS AVENUE
UNION, NJ 07083

EXECUTED ON: 01/29/2007 01:44PM

ATTORNEY: MICHAEL S WATERS ESQ
PLAINTIFF: CHARLES A STANZIALE JR
DEFENDANT: PEPPER HAMILTON, LLP ET AL
VENUE: DISTRICT OF PENNSYLVANIA
DOCKET: 04 155 (JJF) (D.DEL.)
FEE: $0.00

May 29, 2007

NICOLE S. ZUKASKY
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Sept 8, 2011

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS
    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but not limited to, lost earnings and a reasonable attorney's fee.
    (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
    (B) Subject to paragraph (d)(2) of this rule, person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
    (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person,

except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
    (iv) subjects a person to undue burden.
    (B) If a subpoena
    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assure that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
    (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
    (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.