# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>STUDENT FINANCE CORPORATION,<br>    Debtor. | Chapter 7<br>Case No. 02-11620 (KJC) |
| CHARLES A. STANZIALE, JR.,<br>CHAPTER 7 TRUSTEE OF<br>STUDENT FINANCE CORPORATION,<br>    Plaintiff,<br>v.<br>PEPPER HAMILTON LLP, ET AL.,<br>    Defendants. | Civil No. 04-1551 (JJF) |
| ROYAL INDEMNITY COMPANY,<br>    Plaintiff,<br>v.<br>PEPPER HAMILTON LLP, ET AL.,<br>    Defendants. | Civil No. 05-165 (JJF) |

## OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION
## FOR LEAVE TO REPLACE STRICKEN EXPERTS

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
William H. Sudell, Jr. (No. 0463)
Donna L. Culver (No. 2983)
Daniel B. Butz (No. 4227)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

*Attorneys for Defendant Pepper Hamilton LLP and
W. Roderick Gagne, in his capacity as an attorney
practicing at Pepper Hamilton LLP*

- and -

OF COUNSEL:

| | |
|---|---|
| Charles A. Gilman | Elizabeth K. Ainslie |
| David G. Januszewski | Stephen J. Shapiro |
| David G. Montone | Schnader Harrison Segal & Lewis LLP |
| Cahill Gordon & Reindel LLP | 1600 Market Street, Suite 3600 |
| 80 Pine Street | Philadelphia, PA  19103 |
| New York, NY  10005 | Telephone:  (215) 751-2000 |
| Telephone:  (212) 701-3000 | Facsimile:   (215) 751-2205 |
| Facsimile:   (212) 269-5420 | |

*Attorneys for Defendant Pepper Hamilton LLP*

*Attorneys for Defendant Pepper Hamilton LLP and W. Roderick Gagne, in his capacity as an attorney practicing at Pepper Hamilton LLP*

May 29, 2007

i.

## TABLE OF CONTENTS

| | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| INTRODUCTION | 1 |
| STANDARD OF REVIEW | 1 |
| ARGUMENT | 2 |
| CONCLUSION | 5 |

ii.

# TABLE OF AUTHORITIES

Page(s)

<u>Cases</u>

*Adkins* v. *Rumsfeld*, 470 F. Supp. 2d 445, 447 (D. Del. 2007) (Farnan, J.)     2

*Bridgestone Sports Co. Ltd.* v. *Acushnet Company*, C.A. No. 05-132-JJF, 2007 U.S. Dist. LEXIS 13347 (D. Del. Feb. 26, 2007) (Farnan, J.)     2, 3, 4

*Corning Incorporated* v. *SRU Biosystems*, C.A. No. 03-633-JJF, 2006 U.S. Dist. LEXIS 1896 (D. Del. Jan. 20, 2006) (Farnan, J.)     2

*Kelly* v. *MBNA America Bank*, C.A. No. 06-228-JJF, 2006 U.S. Dist. LEXIS 76481 (D. Del. Oct. 20, 2006) (Farnan, J.)     2

*Max's Seafood Cafe* v. *Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)     1, 2

*N.A.I.F. Inc.* v. *Snyder*, C.A. No. 03-506-JJF, 2005 U.S. Dist. LEXIS 5127 (D. Del. Mar. 30, 2005) (Farnan, J.)     3

*Narcise v. SEPTA*, Master File No. 86-2229, 1996 U.S. Dist. LEXIS 607 (E.D. Pa. Jan. 24, 1996)     3, 4

1.

## INTRODUCTION

By Memorandum Order dated May 25, 2007, the Court granted Defendants' motion to strike expert reports and preclude testimony of Douglas M. Branson, Nancy J. Moore and Steven L. Schwarcz. Plaintiffs expressly requested that they be given leave to find new experts and to substitute new expert reports. The Court did not grant Plaintiffs' request. The Court's ruling leaves Plaintiffs with ten (10) testifying experts at trial.

The Court also directed Defendants to submit a revised Case Management Order no later than Wednesday, May 30, 2007. Defendants have timely submitted a revised Case Management Order, adjusting a few interim scheduling dates by 14 days, but leaving as is the current dates for pretrial conference, submission of the pretrial order and trial.

Conceding that they previously argued for leave to replace their experts and that the Court did not grant their request, under the guise of an "emergency motion" Plaintiffs now ask the Court to reconsider its May 25 Memorandum Order. The arguments now made were previously made and were considered by the Court. Plaintiffs' motion should be denied. The revised case management order should be entered.

## STANDARD OF REVIEW

In declining to reconsider another order denying leave to supplement expert reports, the Court recently summarized the standard of review applicable to Plaintiffs' motion:

> "The purpose of a motion for reconsideration is 'to correct manifest errors of law or fact or to present newly discovered evidence.' *Max's Seafood Cafe* v. *Quinteros*,

2.

> 176 F.3d 669, 677 (3d Cir. 1999). Motions for reconsideration should be granted sparingly and may not be used to relitigate arguments already considered and decided by the Court. *Corning Inc.* v. *SRU Biosystems*, C.A. No. 03-633-JJF, 2004 U.S. Dist. LEXIS 16025 at *2-3 (D. Del. Aug. 13, 2004) (citations omitted). Thus, a court may only grant reconsideration if there is: (1) a change in the controlling law; (2) newly available evidence; or (3) the need to correct a clear error of law or fact to prevent manifest injustice. *Max's Seafood*, 176 F.3d at 677."

*Bridgestone Sports Co. Ltd.* v. *Acushnet Company*, C.A. No. 05-132-JJF, 2007 U.S. Dist. LEXIS 13347, at *4 (D. Del. Feb. 26, 2007) (Farnan, J.)

ARGUMENT

Plaintiffs do not point to any change in controlling law. Plaintiffs do not point to any newly admissible evidence. Plaintiffs do not identify any clear error of law or fact that must be corrected to prevent manifest injustice. In fact, the brief submitted by Plaintiffs in support of their "emergency" motion says little more than that which was earlier argued by Plaintiffs on page 24 of their May 22, 2007 Memorandum in opposition to the underlying motion to strike.

Where "Plaintiff does not argue there was an intervening change in the controlling law or [demonstrate] the availability of new evidence" but "merely does not agree with the Court's ruling . . . his motion will be denied." *Kelly* v. *MBNA America Bank*, C.A. No. 06-228-JJF, 2006 U.S. Dist. LEXIS 76481, at *3-4 (D. Del. Oct. 20, 2006) (Farnan, J.). "The purpose of the motion for reconsideration is not to 'rehash arguments already briefed.'" *Adkins* v. *Rumsfeld*, 470 F. Supp. 2d 445, 447 (D. Del. 2007) (Farnan, J.) (citation omitted); *see also Corning Incorporated* v. *SRU Biosystems*, C.A. No. 03-633-JJF, 2006 U.S. Dist. LEXIS 1896, at *3 (D. Del. Jan. 20, 2006) (Farnan, J.) ("Motions for reargument or reconsideration should be granted sparingly and may not

3.

be used to rehash arguments which have already been briefed by the parties and considered and decided by the Court."); *N.A.I.F. Inc*. v. *Snyder*, C.A. No. 03-506-JJF, 2005 U.S. Dist. LEXIS 5127, at *4 (D. Del. Mar. 30, 2005) (Farnan, J.) ("Parties should remain mindful that a motion for reconsideration is not merely an opportunity to 'accomplish [the] repetition of arguments that were or should have been presented to the court previously.'").

While first opposing the underlying motion to strike on the grounds that they did no wrong, Plaintiffs now shift gears and claim that they made a "mistake" (Plaintiffs' Mem. p. 1). Plaintiffs argue that the striking of their experts is out of proportion to the mistake they made. Mistake is not good ground for an emergency motion. Moreover, there was no mistake. The conduct of Plaintiffs in providing confidential mediation materials to their testifying experts was not accidental or inadvertent. It was intentionally done. *See* May 23, 2007 Declaration of Trustee's counsel Michael S. Waters: "The Trustee shared with Professor Branson a copy of the mediation statements because they were concise statements of each party's position regarding the claims against Pepper as to which Professor Branson was asked to opine."

Confidential mediation materials were intentionally provided to Plaintiffs' testifying experts in violation of applicable statutes and a contract signed by their counsel because doing so was an easy way to disclose each party's position. Not only is that precisely why it was wrong to do so, but as in *Bridgestone* the situation in which Plaintiffs now find themselves "is of [their] own making," and "the Court [should] not rescue [Plaintiffs] from [their] own choices." 2007 U.S. Dist. LEXIS 13347, at **5-6. *See also Narcise* v. *SEPTA*, Master File No. 86-2229, 1996 U.S. Dist. LEXIS 607, at *4

4.

(E.D. Pa. Jan. 24, 1996) (denying reconsideration of denial of leave to supplement expert reports).

Plaintiffs argue that there is time enough before trial for them to replace their experts without prejudice to Defendants. That is not true, and this Court has recently rejected the same argument. In *Bridgestone*, there were 136 days left before trial at the time that this Court denied Acushnet leave to supplement its expert reports, stating that 136 days was "insufficient time to allow further supplementation of Acushnet's expert report." *Bridgestone Sports Co. Ltd.*, 2007 U.S. Dist. LEXIS 13347, at *6. Here, there are 138 days between the Court's May 25 Memorandum Order and trial. And here the Court struck only three of Plaintiffs' thirteen (13) testifying experts. There is a great deal of work to be done between now and trial on October 10, 2007. It is too late for Plaintiffs now to set out to find replacement experts, develop replacement expert reports and begin the process all over again.

5.

## CONCLUSION

Plaintiffs' emergency motion asking that the Court reconsider its May 25 Memorandum Order should be denied. The revised case management order submitted herewith by Defendants should be entered as the Order of the Court.

May 29, 2007
Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Daniel B. Butz
William H. Sudell, Jr. (No. 0463)
Donna L. Culver (No. 2983)
Daniel B. Butz (No. 4227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
Telephone:  (302) 658-9200
Facsimile:   (302) 658-3989

- and -

Charles A. Gilman
David G. Januszewski
David G. Montone
Cahill Gordon & Reindel LLP
80 Pine Street
New York, NY  10005
Telephone:  (212) 701-3000
Facsimile:   (212) 269-5420

*Attorneys for Defendant
Pepper Hamilton LLP*

Elizabeth K. Ainslie
Stephen J. Shapiro
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Suite 3600
Philadelphia, PA  19103
Telephone:  (215) 751-2000
Facsimile:   (215) 751-2205

*Attorneys for Defendant Pepper Hamilton LLP
and W. Roderick Gagne, in his capacity as an
attorney practicing at Pepper Hamilton LLP*

843646