# EXHIBIT 2

LEXSEE


Analysis
As of: May 30, 2007

CORNING INCORPORATED, et al., Plaintiffs, v. SRU BIOSYSTEMS, et al., Defendants.

Civil Action No. 03-633-JJF

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

2006 U.S. Dist. LEXIS 1896

January 20, 2006, Decided

**SUBSEQUENT HISTORY:** Findings of fact/conclusions of law at Corning Inc. v. SRU Biosystems, 418 F. Supp. 2d 596, 2006 U.S. Dist. LEXIS 9197 (D. Del., Mar. 7, 2006)

**PRIOR HISTORY:** Corning Inc. v. SRU Biosystems, 400 F. Supp. 2d 653, 2005 U.S. Dist. LEXIS 27752 (D. Del., 2005)

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Defendant companies filed a motion for reconsideration in a patent case pursuant to D. Del. R. 7.1.5. Although the motion was couched in terms of a motion for reargument, the court concluded that defendants actually sought reconsideration. Such a motion under D. Del. R. 7.1.5 was the functional equivalent of a motion to alter or amend judgment under Fed. R. Civ. P. 59(e). Plaintiff companies filed an opposition to the motion.

**OVERVIEW:** In support of their motion, defendants claimed that (1) the court overlooked testimony of plaintiffs' own witness in concluding that the patent in question was not invalid for lack of a written description; (2) the court erroneously excluded a prior patent that defendants claimed was relevant to the action; and (3) the court should have considered whether the patent in question was invalid as indefinite as a result of an intervening development in the law. In denying the motion, the court found that defendants previously raised their arguments concerning the court's decision to exclude the prior patent from evidence. The court's decision to exclude that patent was issued on September 27, 2005; thus, defendants were required to raise any motion to reconsider by October 20, 2005, which they did not. Further, defendants' arguments concerning the written description requirement had already been raised in their previous briefing and considered by the court. Defendants did not show that reconsideration of those arguments was warranted. The court also found that the indefiniteness argument was available to defendants well before trial; thus, it was waived.

**OUTCOME:** The court denied the request for reconsideration.

**CORE TERMS:** reconsideration, reargument, written description, indefiniteness, evanescent, invalid, layer, sensors, recent decision, chemo-responsive, wavelength, reconsider, thickness, invention, requesting, overlooked, adsorption, indefinite, sparingly, excluding, discloses, waived, newly, standard of review, reasons discussed, invalidity, patent, collectively, briefing

**LexisNexis(R) Headnotes**

*Civil Procedure > Judgments > Relief From Judgment > Motions to Alter & Amend*
[HN1] A motion for reconsideration under D. Del. R. 7.1.5, which is timely filed and challenges the correctness of a previously entered order, is considered the "functional equivalent" of a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e). The purpose of a motion for reconsideration filed pursuant to Rule

59(e) is to correct manifest errors of law or fact or to present newly discovered evidence. Motions for reargument or reconsideration should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the court. Thus, a court may only grant reconsideration if there is: (1) a change in the controlling law; (2) newly available evidence; or (3) the need to correct a clear error of law or fact to prevent manifest injustice.

Civil Procedure > Judgments > Relief From Judgment > General Overview
Civil Procedure > Judgments > Relief From Judgment > Motions to Alter & Amend
[HN2] Reargument, like reconsideration, is granted sparingly, but the grounds justifying reargument differ slightly from that which is required for reconsideration. Specifically, reargument is only appropriate where: (1) the court has patently misunderstood a party, (2) the court has made an error not of reasoning, but of apprehension, and (3) the court has made a decision outside the scope of the issues presented to the court by the parties.

Civil Procedure > Judgments > Relief From Judgment > General Overview
Civil Procedure > Judgments > Relief From Judgment > Motions to Alter & Amend
[HN3] Newly raised arguments are not properly the subject of a motion for reargument.

**COUNSEL:** [*1] Richard L. Horwitz, Esquire, and David E. Moore, Esquire, of POTTER ANDERSON & CORROON LLP, Wilmington, Delaware. Of Counsel: Larry L. Shatzer, Esquire, Andrew E. Rawlins, Esquire, Kenneth E. Krosin, Esquire, and George C. Best, Esquire, of FOLEY & LARDNER, Washington, D.C. Attorneys for Plaintiffs.

Steven J. Balick, Esquire, and John G. Day, Esquire, of ASHBY & GEDDES, Wilmington, Delaware. Of Counsel: John J. McDonnell, Esquire, Daniel A. Boehnen, Esquire, Matthew J. Sampson, Esquire, Richard A. Machonkin, Esquire, Patrick G. Gattari, Esquire, of McDONNELL BOEHNEN HULBERT & BERGHOFF LLP, Chicago, Illinois. Attorneys for Defendants.

**JUDGES:** JOSEPH J. FARNAN, JR., UNITED STATES DISTRICT JUDGE.

**OPINION BY:** JOSEPH J. FARNAN, JR.

**OPINION:**

**MEMORANDUM OPINION**

**Farnan, District Judge.**

Pending before the Court is a Request For Reconsideration Of November 15, 2005 Memorandum Opinion And Order (D.I. 299) filed by Defendants, SRU Biosystems, LLC, SRU Biosystems, Inc. and SRU Biosystems Holdings, LLC (collectively, "SRU"). Corning Incorporated and Artificial Sensing Instruments ASI AG (collectively, "Corning") have filed an Opposition to SRU's request. For the reasons discussed, the [*2] Court will deny SRU's Request For Reconsideration.

**I. THE PARTIES' CONTENTIONS**

By its Motion, SRU requests the Court to reconsider its November 15, 2005 decision on three grounds. Specifically, SRU contends that (1) the Court overlooked testimony of Corning's own witness in concluding that the '843 patent was not invalid for lack of written description; (2) the Court erroneously excluded the '248 patent which SRU maintains is relevant to this action; and (3) the Court should consider whether the '843 patent is invalid as indefinite as a result of an intervening development in the law, i.e. the Federal Circuit's recent decision in IPXL Holdings, L.L.C. v. Amazon.com, Inc., 430 F.3d 1377 (Fed. Cir. 2005).

In response, Corning contends that the Court should deny reargument, because SRU restates arguments that have already been made by SRU in its prior submissions and rejected by the Court. Corning also contends SRU's request to reconsider the Court's exclusion of the '248 patent is untimely. As for the Federal Circuit's recent decision in IPXL, Corning contends that SRU waived any argument related to indefiniteness by failing to raise an indefinite argument [*3] at any point prior to the instant Request For Reconsideration.

**II. STANDARD OF REVIEW**

[HN1] A motion for reconsideration under Delaware Local Rule 7.1.5 which is timely filed and challenges the correctness of a previously entered ordered is considered the "functional equivalent" of a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). n1 In re DaimlerChrysler AG Securities Litigation, 200 F. Supp. 2d 439, 441 (D. Del. 2002) (citations omitted). The purpose of a motion for reconsideration filed pursuant to Rule 59(e) is "to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Motions for reargument or reconsideration should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the

Court. Karr v. Castle, 768 F. Supp. 1087, 1090 (D. Del. 1991); Brambles USA, Inc. v. Blocker, 735 F. Supp. 1239, 1240 (D. Del. 1990). Thus, a court may only grant reconsideration if there [*4] is: (1) a change in the controlling law; (2) newly available evidence; or (3) the need to correct a clear error of law or fact to prevent manifest injustice. Max's Seafood, 176 F.3d at 677. With this standard in mind, the Court will address SRU's Request For Reconsideration.

n1 Because SRU's motion is made under Del. L.R. 7.1.5, Corning couches its discussion of the standard of review solely in terms of that which is required for reargument. [HN2] Reargument, like reconsideration, is granted sparingly, but the grounds justifying reargument differ slightly from that which is required for reconsideration. Specifically, reargument is only appropriate where: (1) the court has patently misunderstood a party, (2) the court has made an error not of reasoning, but of apprehension, and (3) the court has made a decision outside the scope of the issues presented to the court by the parties.

Though brought under Del. L.R. 7.1.5, the Court believes SRU is seeking reconsideration as evidenced both by the relief it requests and its use of the term "reconsideration" throughout its briefing. However, under either the standard for reargument or the standard for reconsideration, the Court concludes that SRU is not entitled to relief.

[*5]

**III. DISCUSSION**

A. Whether SRU Is Entitled To Reconsideration Of The Court's Decision To Exclude The '248 Patent

SRU requests the Court to reconsider its decision excluding from evidence the '248 patent. SRU contends that the '248 patent is a continuation of the '843 patent, and thus, relevant to demonstrate that the '843 patent fails to satisfy the written description requirement.

SRU raised these arguments previously, and they have already been considered by the Court. In addition, the Court's decision excluding the '248 patent from evidence was issued on September 27, 2005, with a Memorandum Opinion explaining the Court's decision on October 5, 2005. Thus, SRU was required to raise any motion to reconsider or reargue that decision by October 20, 2005, at the latest. Accordingly, the Court declines to grant reconsideration of its decision to exclude the '248 patent.

B. Whether SRU Is Entitled To Reconsideration Of The Court's Decision That SRU Failed To Establish Invalidity Of The '843 Patent Based On Lack Of Written Description

SRU also requests reconsideration of the Court's decision regarding the invalidity of the '843 patent based on the lack of written [*6] description. SRU contends that one of ordinary skill in the art would know that the evanescent field can actually extend into the sample more than one wavelength. SRU contends that the testimony of Corning's Dr. Pollock supports its position, and therefore, the Court erred in concluding that the specification teaches that the evanescent wave penetrates less than one wavelength into the sample and that the chemoresponsive layer within the evanescent field must therefore be less than one wavelength thick.

SRU's arguments concerning the written description requirement have already been raised in its previous briefing and considered by the Court. SRU has not demonstrated that reconsideration of these arguments is warranted.

In a letter requesting oral argument on its request for reconsideration, SRU contends that Corning has changed its position regarding what the '843 patent discloses. Specifically, SRU contends that Corning has "now admitted that the '843 patent discloses that 'the thickness of the chemo-responsive layer can be more than the evanescent filed.'" (D.I. 312) (citing D.I. 306 at 9). However, it appears to the Court that Corning has always recognized that the '843 patent [*7] describes other sensors, such as sensors that work on absorption principles, and that in those types of sensors the thickness of the chemo-responsive layer can be more than the thickness of the evanescent field. D.I. 279 at 25-26; D.I. 275 at PFF 436. However, Corning has also argued that in sensors using adsorption principles, the chemo-responsive layer must be less than the evanescent field, and the Court's discussion of this issue is in the context of an adsorption layer. As such, the Court is not persuaded that it overlooked SRU's arguments or the testimony of Dr. Pollock as it pertains to this issue, and therefore, the Court is not persuaded that reconsideration of the Court's written description decision is warranted.

C. Whether SRU Is Entitled To Reconsideration In Light Of The Federal Circuit's Decision In IPXL Holdings, L.L.C. Relating To Indefiniteness

SRU also contends that reconsideration is appropriate so that the Court can consider whether the '843 patent is invalid for indefiniteness in light of the Federal Circuit's recent decision in IPXL Holdings, L.L.C. v. Amazon.com, Inc., 430 F.3d 1377 (Fed. Cir. 2005). In IPXL, the Federal Circuit concluded [*8] that an invention is invalid for indefiniteness if it is a combination of two

statutory classes of the invention. However, SRU did not raise an indefiniteness defense in response to Corning's Interrogatories requesting SRU's defenses, in the Joint Proposed Pretrial Order, at trial or in any of its original post-trial submissions. Although SRU contends that the IPXL decision was reached by the Federal Circuit as a matter of first impression, the Court notes that this type of indefiniteness argument was available to SRU well before the trial in this case, despite the lack of available Federal Circuit precedent on point. Specifically, the U.S. Patent & Trademark Office concluded in a published decision fifteen years ago that a patent claim is invalid if it is a combination of two statutory classes of invention. See Ex parte Lyell, 17 U.S.P.Q.2d 1548, 1552 (Bd. Pat. App. & Inter. 1990). Further, the United States District Court for the Eastern District of Virginia reached the same conclusion in the IPXL case more than a year ago and before the trial in this case. In addition, SRU has not offered any reasons for its failure to pursue this argument earlier. Accordingly, [*9] the Court concludes that SRU's argument related to indefiniteness has been waived, and therefore, it is not the proper subject of a motion for reargument. See e.g., Davis v. Mountaire Farms, Inc., 2005 U.S. Dist. LEXIS 15375, 2005 WL 180054, *1 (D. Del. Jul. 29, 2005) [HN3] (declining to address newly raised argument and recognizing that such an argument is "not properly the subject of a motion for reargument").

## CONCLUSION

For the reasons discussed, the Court will deny SRU's Request For Reconsideration Of November 15, 2005 Memorandum Opinion And Order.

An appropriate Order will be entered.

## ORDER

At Wilmington, this 20 day of January 2006, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that SRU's Request For Reconsideration Of November 15, 2005 Memorandum Opinion And Order (D.I. 299) is **DENIED**.

JOSEPH J. FARNAN, JR.

UNITED STATES DISTRICT JUDGE