# EXHIBIT 3

LEXSEE

**HERMAN KELLY, Plaintiff, v. MBNA AMERICA BANK, Defendant.**

**Civil Action No. 06-228-JJF**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

**2006 U.S. Dist. LEXIS 76481**

**October 20, 2006, Decided**

**CORE TERMS:** reconsideration, new evidence, discovery, manifest injustice, clear error, intervening, reargument, forma pauperis

**COUNSEL:** [*1] Herman Kelly, Plaintiff, Pro se, Detroit, MI, US.

For National Arbitration Forum, Defendant: Ashley Blake Stitzer, The Bayard Firm, Wilmington, DE.

For Wolpoff & Abramson, Defendant: Neal J. Levitsky, Fox Rothschild LLP, Wilmington, DE.

**JUDGES:** Joseph J. Farnan Jr., UNITED STATES DISTRICT JUDGE.

**OPINION BY:** Joseph J. Farnan Jr.

**OPINION:**

**MEMORANDUM ORDER**

**I. BACKGROUND**

Plaintiff, who appears pro se and was granted in forma pauperis status, filed suit against Defendants MBNA America Bank, ("MBNA"), the National Arbitration Forum ("NAF"), and the law firm of Wolpoff & Abramson, L.L.P. ("Wolpoff & Abramson") alleging discrimination, illegal high compound interest prime rate, harassment, breach of contract agreement, double jeopardy, interference, fraud, sanctions/injunction, false prosecution, false advertising, deceit accounting practice, conspiracy, embezzlement, misrepresentation, negligence, settlement compromise, witness tampering, and extortion. (D.I. 2.) He also alleged denial of his constitutional rights to access to the courts, due process, equal protection, a jury trial, enjoyment of life, appointed counsel, and discovery. Id.

Because Plaintiff was granted [*2] in forma pauperis status, the Court conducted an initial screening pursuant to 28 U.S.C. § 1915 and on July 18, 2003, dismissed the claims against Wolpoff & Abramson for failure to state a claim upon which relief may be granted. (D.I. 23.) In the same order, the Court granted a Motion to Dismiss filed by NAF on the basis of arbitral immunity. On August 31, 2006, Plaintiff filed a "Motion to Vacate Court's Judgment/Order dated July 18, 2006," which the Court construes as a Motion for Reconsideration. (D.I. 31.) Plaintiff also filed a Motion to Compel Discovery from Defendants NAF and Wolpoff & Abramson. (D.I. 34.) For the foregoing reasons, the Court will deny both motions.

**II. STANDARD OF REVIEW**

The standard for obtaining relief under Rule 59(e) is difficult for Plaintiff to meet. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration may be granted if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that [*3] was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. See Glendon Energy Co. v. Borough of Glendon, 836 F.Supp. 1109, 1122 (E. D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." Brambles USA, Inc. v. Blocker, 735 F.Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunder-

stood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Brambles USA, 735 F.Supp. at 1241 (D. Del. 1990) (citations omitted); See also D. Del. LR 7.1.5.

## III. DISCUSSION

Plaintiff does not argue there was an intervening change in the controlling law or the availability [*4] of new evidence that was not available when the Order was entered dismissing the claims against NAF and Wolpoff & Abramson. He appears to argue that the Court overlooked facts and as a result reconsideration is warranted.

The Court thoroughly reviewed the Complaint and the Court's Order dated July 18, 2006. The law has not changed and there is no new evidence. Plaintiff merely does not agree with the Court's ruling. There is no need to correct a clear error of law or fact or to prevent manifest injustice. Plaintiff has not demonstrated any of the grounds necessary to warrant reconsideration and, therefore, his motion will be denied.

## IV. MOTION TO COMPEL

Plaintiff moves the Court, pursuant to Fed. R. Civ. P. 37, to compel NAF and Wolpoff & Abramson to provide discovery. (D.I. 34.) It does not appear that Plaintiff utilized the Federal Rules of Civil Procedure to obtain discovery. Indeed, the motion filed by Plaintiff does not comply with the requisites of Rule 37(a) inasmuch as it does not contain a certification that Plaintiff in good faith conferred or attempted to confer with NAF or Wolpoff & Abramson to secure the discovery without [*5] court action. Therefore, the motion will be denied.

## V. CONCLUSION

THEREFORE, at Wilmington this 20 day of October, 2006, IT IS ORDERED that:

1. The Motion to Vacate Court's Judgment/Order dated July 18, 2006, construed as a Motion for Reconsideration (D.I. 31) is **DENIED.**

2. The Motion to Compel discovery (D.I. 34) is **DENIED.**

Joseph J. Farnan Jr.

UNITED STATES DISTRICT JUDGE