# EXHIBIT 4

LEXSEE

Caution
As of: May 30, 2007

N.A.I.F. INC., Friend of Abdullah T. Hameen; ISMAA'EEL H. HACKETT; and
SHAKIRAH HAMEEN, Plaintiffs, v. ROBERT SNYDER, BETTY BURRIS,
LARRY MCGUIGAN, CHARLES CUNNINGHAM, RON G. HOSTERMEN,
FRANK PENNELL, STANLEY W. TAYLOR, JR., CARL C. DANBERG, and
PAUL HOWARD, Defendants.

Civil Action No. 03-506 JJF

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

2005 U.S. Dist. LEXIS 5127

March 30, 2005, Decided

**SUBSEQUENT HISTORY:** Summary judgment granted by N.A.I.F. Inc. v. Snyder, 2005 U.S. Dist. LEXIS 5103 (D. Del., Mar. 30, 2005)

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Defendant state officials filed a motion to reconsider an order, which granted a motion by plaintiffs, an organization and an associated individual, to add the widow of a former death row inmate as a plaintiff and to add a claim under the Religious Land Use And Institutionalized Person Act (RLUIPA), 42 U.S.C.S. § 2000cc-1, to plaintiffs' action asserting a claim under 42 U.S.C.S. § 1983.

**OVERVIEW:** Plaintiffs originally alleged that defendants violated the death row inmate's First Amendment right to freedom of religion when they failed to allow the individual to act as the inmate's religious advisor at the time of his execution. Plaintiffs sought to amend their complaint after defendants filed a motion for summary judgment. Defendants contended that plaintiffs acted in a dilatory manner. The court concluded that defendants did not show they were substantially or unduly prejudiced by the amendment and plaintiffs did not act in bad faith or had dilatory motives. Defendants also contended that the amendment adding the widow should have been denied on statute of limitation grounds. The court found that defendants had notice of and would not have been prejudiced in maintaining a defense to the claim. But for the individual's mistake, the widow would have been named in the complaint. Thus, under Fed. R. Civ. P. 15(c)(3), the amendment adding the widow related back to the filing of the complaint. The RLUIPA claim was within the court's federal question jurisdiction and arose from the conduct set forth in the original complaint.

**OUTCOME:** The court denied defendants' motion to reconsider.

**CORE TERMS:** adding, reconsideration, summary judgment, newly discovered evidence, manifest injustice, errors of law, dilatory, motion to amend, reasons discussed, prejudiced, unexplained delay, state statute, occurrence, religious, advisor, inmate, notice, motives, widow, undue delay, pro se, undue

**LexisNexis(R) Headnotes**

*Civil Procedure > Judgments > Relief From Judgment > General Overview*
[HN1] Motions for reconsideration should be granted sparingly.

*Civil Procedure > Judgments > Relief From Judgment > General Overview*
[HN2] The purpose of granting motions for reconsideration is to correct manifest errors of law or fact, present

Page 1

newly discovered evidence, or to prevent manifest injustice.

*Civil Procedure > Judgments > Relief From Judgment > Motions to Alter & Amend*
[HN3] Parties should remain mindful that a motion for reconsideration is not merely an opportunity to accomplish the repetition of arguments that were or should have been presented to the court previously.

*Civil Procedure > Judgments > Relief From Judgment > General Overview*
*Governments > Courts > Judicial Precedents*
[HN4] A court should reconsider a prior decision if it overlooked facts or precedent that reasonably would have altered the result.

*Civil Procedure > Pleading & Practice > Pleadings > Amended Pleadings > General Overview*
[HN5] Fed. R. Civ. P. 15(a) declares that leave to amend shall be freely given when justice so requires.

*Civil Procedure > Pleading & Practice > Pleadings > Amended Pleadings > Leave of Court*
[HN6] In the absence of substantial or undue prejudice, denial of a motion for leave to amend a pleading must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment.

*Civil Rights Law > Section 1983 Actions > Scope*
*Governments > Legislation > Statutes of Limitations > Time Limitations*
*Torts > Procedure > Statutes of Limitations > General Overview*
[HN7] The Supreme Court has held that the state statute of limitations for personal injury actions applies to 42 U.S.C.S. § 1983 claims.

*Governments > Legislation > Statutes of Limitations > Time Limitations*
*Torts > Procedure > Statutes of Limitations > General Overview*
[HN8] In Delaware, the limitations period for a personal injury claim is two years. Del. Code Ann. tit. 10, § 8119.

*Civil Procedure > Pleading & Practice > Pleadings > Amended Pleadings > Relation Back*
*Governments > Legislation > Statutes of Limitations > Pleading & Proof*
[HN9] Fed. R. Civ. P. 15(c) allows amendments that add a party despite the running of an applicable state statute of limitations in certain circumstances. Fed. R. Civ. P. 15(c)(3).

*Civil Procedure > Pleading & Practice > Pleadings > Amended Pleadings > Relation Back*
*Governments > Legislation > Statutes of Limitations > Pleading & Proof*
[HN10] To ameliorate the running of the statute of limitations, Fed. R. Civ. P. 15(c)(3) imposes three conditions, all of which must be met for a party to successfully relate back an amended complaint adding a new plaintiff.

*Civil Procedure > Pleading & Practice > Pleadings > Amended Pleadings > Relation Back*
[HN11] The relation back of amendments applies equally to amendments changing and adding plaintiffs.

*Civil Procedure > Pleading & Practice > Pleadings > Amended Pleadings > Relation Back*
*Civil Procedure > Pleading & Practice > Service of Process > Time Limitations > General Overview*
[HN12] The three elements of Fed. R. Civ. P. 15(c)(3) are whether 1) the claim arose out of the same conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, 2) whether the defendant had notice of the filing of the action within the period provided by Fed. R. Civ. P. 4(m) and will not be prejudiced in maintaining a defense, and 3) the newly named plaintiffs failed to add their names to the complaint because of a mistake.

*Civil Procedure > Pleading & Practice > Pleadings > Amended Pleadings > Relation Back*
[HN13] Fed. R. Civ. P. 15(c)(2) allows an amendment stating a different claim than the original complaint to relate back to the date of the original complaint if the new claim is within the court's jurisdiction and arises out of the conduct, transaction, or occurrence set forth in the original complaint. Fed. R. Civ. P. 15(c)(2).

**COUNSEL:** [*1] For N.A.I.F., Inc., Plaintiff, Pro Se, Wilmington, Delaware.

For Ismaa'eel H. Hackett, Plaintiff, Pro Se, Wilmington, Delaware.

For Shakirah Hameen, Plaintiff, Pro Se, Philadelphia, Pennsylvania.

For Robert Snyder, Betty Burris, Larry McGuigan, Charles Cunningham, Ron G. Hostermen, Frank Pennell, Stanley w. Taylor, Jr., Carl C. Danberg, and Paul Howard, Defendants: Stuart B. Drowos, Esquire of the DEPARTMENT OF JUSTICE FOR THE STATE OF DELAWARE, Wilmington, Delaware.

JUDGES: Farnan, District Judge.

OPINION BY: Joseph J. Farnan Jr.

OPINION:

MEMORANDUM OPINION

March 30, 2005
Wilmington, Delaware

**Farnan, District Judge**

Presently before the Court is the Motion To Reconsider The Court's Order Granting Plaintiff's Motion To Amend The Complaint (D.I. 27) filed by State Defendants Robert Snyder, Larry McGuigan, Betty Burris, Charles Cunningham, Ron Hosterman, Frank Pennell, Stan Taylor, Carl C. Danberg, and Paul Howard. For the reasons discussed, the motion will be denied.

**BACKGROUND**

Plaintiff Ismaa'eel Hackett is the Director and Iman of the North American Islamic Foundation, Inc. ("NAIF"), a national not-for-profit organization located in Wilmington, [*2] Delaware. Mr. Hackett and NAIF filed this lawsuit pursuant to 42 U.S.C. § 1983 as next friend of Abdullah T. Hameen, a former death row inmate who was executed in May 2001. Mr. Hackett volunteered his services as a religious advisor to Muslim inmates at the DCC. In their First Amended Complaint (D.I. 3), Plaintiffs Hackett and NAIF allege that Defendants violated Mr. Hameen's First Amendment right to freedom of religion when they failed to allow Mr. Hackett to act as Mr. Hameen's religious advisor at the time of his execution.

On October 24, 2003, Defendants filed a Motion For Summary Judgment (D.I. 14). On January 27, 2004, Plaintiffs Hackett and NAIF filed a Motion For Leave To File Second Amended Complaint (D.I. 23), in which they added Shakirah Hameen, Mr. Hameen's widow, as a plaintiff and added a claim pursuant to the Religious Land Use And Institutionalized Person Act ("RLUIPA"), 42 U.S.C. § 2000cc-1. On February 9, 2004, the Court entered an Order (D.I. 26) granting the Motion For Leave To File Second Amended Complaint. On February 23, 2004, Defendants filed the instant motion for reconsideration of the Court's February 9 [*3] Order.

**PARTIES' CONTENTIONS**

By their motion, Defendants contend that Plaintiffs' Motion For Leave To File Second Amended Complaint (D.I. 23) should be denied for three reasons: 1) Plaintiffs' motion is the product of undue delay; 2) Plaintiffs' amendment adding Ms. Hameen violates the applicable statute of limitations, and 3) the constitutionality of RLUIPA is questionable.

Plaintiffs respond that, because they are acting pro se, they did not have knowledge of RLUIPA at the times they filed the original Complaint and the First Amended Complaint. Plaintiffs further contend that RLUIPA is constitutional.

**LEGAL STANDARD**

"As a general rule, [HN1] motions for reconsideration should be granted 'sparingly.'" Stafford v. Noramco of Delaware, Inc., 2001 WL 65738 at *1 (D. Del. Jan. 10, 2001) (quoting Karr v. Castle, 768 F.Supp. 1087, 1090 (D. Del. 1991)). [HN2] The purpose of granting motions for reconsideration is to correct manifest errors of law or fact, present newly discovered evidence, or to prevent manifest injustice. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985) (citing Keene Corp. v. Int'l Fid. Ins. Co., 561 F.Supp. 656, 665 (N.D. Ill. 1983); [*4] North River Ins. Co. v. CIGNA Reins., 52 F.3d 1194, 1218 (3d Cir. 1995) (citations omitted). [HN3] Parties should remain mindful that a motion for reconsideration is not merely an opportunity to "accomplish [the] repetition of arguments that were or should have been presented to the court previously." Karr v. Castle, 768 F. Supp. 1087, 1093 (D. Del. 1991) (citing Brambles U.S.A., Inc. v. Blocker, 735 F. Supp. 1239, 1240-41 (D. Del. 1990). However, [HN4] a court should reconsider a prior decision if it overlooked facts or precedent that reasonably would have altered the result. Id. (citing Weissman v. Fruchtman, 124 F.R.D. 559, 560 (S.D.N.Y. 1989)).

**DISCUSSION**

For the reasons discussed, the Court concludes that State Defendants have not identified errors of law or fact, newly discovered evidence, or manifest injustice sufficient to allow the Court to grant the motion for reconsideration.

**I. Whether Plaintiffs' Motion For Leave To Amend Should Be Denied As The Product Of Undue Delay**

Defendants first contend that Plaintiffs' motion is the product of undue delay. Defendants specifically contend

that Mr. Hackett [*5] possessed the information he added to his Second Amended Complaint at the time he filed his First Amended Complaint and, therefore, he acted in a dilatory manner. Defendants further contend that it was only after Mr. Hackett received Defendants' Motion For Summary Judgment (D.I. 27), wherein Defendants argued that Mr. Hackett lacked standing, that Mr. Hackett filed the Second Amended Complaint adding Shakeerah Hameen, Mr. Hameen's widow, as a plaintiff.

[HN5] Federal Rule of Civil Procedure 15(a) declares that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). [HN6] In the absence of substantial or undue prejudice, denial of a motion for leave to amend a pleading "must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment." Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993).

The Court concludes that, although the amendment was made after Defendants filed a motion for summary judgment, Defendants have not shown they are substantially or [*6] unduly prejudiced by the amendment. The Court finds that Plaintiffs have not acted in bad faith or had dilatory motives in failing to add Ms. Hameen or file the RLUIPA claim in the original Complaint. Further, the Court finds no undue or unexplained delay on the Plaintiffs' part, particularly because they are acting pro se.

**II. Whether Plaintiffs' Motion For Leave To Amend Should Be Denied With Regard To Ms. Hameen On Statute Of Limitation Grounds**

Defendants contend that Plaintiffs' amendment adding Ms. Hameen should be denied on statute of limitation grounds.

[HN7] The Supreme Court has held that the state statute of limitations for personal injury actions applies to § 1983 claims. See Owens v. Okure, 488 U.S. 235, 239, 102 L. Ed. 2d 594, 109 S. Ct. 573 (1989); Wilson v. Garcia, 471 U.S. 261, 269, 85 L. Ed. 2d 254, 105 S. Ct. 1938 (1985); Smith v. City of Pittsburgh, 764 F.2d 188, 194 (3d Cir). [HN8] In Delaware, the limitations period for a personal injury claim is two years. Del. Code Ann. tit. 10, § 8119 (1974); McDowell v. Delaware State Police, 88 F.3d 188, 190 (3d Cir. 1996).

[HN9] Federal Rule of Civil Procedure 15(c) [*7] allows amendments that add a party despite the running of an applicable state statute of limitations in certain circumstances. Fed. R. Civ P. 15(c)(3). [HN10] To ameliorate the running of the statute of limitations, Rule 15(c)(3) imposes three conditions, all of which must be met for a party to successfully relate back an amended complaint adding a new plaintiff. See Singletary v. Pennsylvania Depot of Corrections, 266 F.3d 186, 193-94 (3d Cir. 2001) (describing the three elements of Rule 15(c)(3)); see also Nelson v. County of Allegheny, 60 F.3d 1010, 1014 n. 7 (3d Cir. 1995)(noting that [HN11] the relation back of amendments applies equally to amendments changing and adding plaintiffs). [HN12] The three elements of Rule 15(c)(3) are whether 1) the claim arose out of the same conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, 2) whether the defendant had notice of the filing of the action within the period provided by Rule 4(m) and will not be prejudiced in maintaining a defense, and 3) the newly named plaintiffs failed to add their names to the complaint because of a mistake. Fed. R. Civ. P. 15(c)(3) [*8] ; Nelson, 60 F.3d at 1015.

The Court finds that, in the circumstances of this case, Defendants had notice of and will not be prejudiced in maintaining a defense to the § 1983 claim. With respect to the third element, the Court finds that the facts in the instant case demonstrate that but for Mr. Hackett's mistake, Ms. Hameen would have been named in the Complaint. Fed. R. Civ. P. 15(c)(3)(B).

For these reasons, the Court concludes that under Rule 15(c)(3) Plaintiff's amendment adding Ms. Hameen as a plaintiff is entitled to relate back to the filing of the Complaint.

**III. Whether Plaintiffs' Motion For Leave To Amend Should Be Denied With Regard To The RLUIPA Claim**

Defendants contend that Plaintiffs' motion to amend adding a RLUIPA claim should be denied because the U.S. Supreme Court has yet to consider the constitutionality of RLUIPA.

[HN13] Federal Rule of Civil Procedure 15(c)(2) allows an amendment stating a different claim than the original Complaint to relate back to the date of the original Complaint if the new claim is within the Court's jurisdiction and arises out of the [*9] conduct, transaction, or occurrence set forth in the original Complaint. Fed. R. Civ. P. 15(c)(2).

The Court concludes that the RLUIPA claim is within the Court's federal question jurisdiction and arises from the conduct set forth in the original Complaint. Thus, the Court concludes that Defendants' Motion To Reconsider (D.I. 27) should be denied with respect to the addition of the RLUIPA claim.

**CONCLUSION**

In sum, the Court concludes that State Defendants have not identified errors of law or fact, newly discov-

ered evidence, or manifest injustice sufficient to allow the Court to grant the motion for reconsideration.

An appropriate Order will be entered.

**ORDER**

At Wilmington, this 30 day of March 2005, for the reasons discussed in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that the Motion To Reconsider The Court's Order Granting Plaintiff's Motion To Amend The Complaint (D.I. 27) filed by State Defendants is **DENIED.**

Joseph J. Farnan Jr.

UNITED STATES DISTRICT JUDGE