# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MBIA INSURANCE CORPORATION, et al., Plaintiffs/Counterclaim Defendants, | ) ) ) | **REDACTED PUBLIC VERSION** |
| v. | ) ) | |
| ROYAL INDEMNITY COMPANY, Defendant/Counterclaim Plaintiff. | ) ) ) | C.A. No. 02-1294-JJF |
| CHARLES A. STANZIALE, JR., Ch. 7 Trustee, Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 04-1551-JJF |
| PEPPER HAMILTON LLP, et al., Defendants. | ) ) ) | |
| CHARLES A. STANZIALE, JR., Ch. 7 Trustee, Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 05-72-JJF |
| McGLADREY & PULLEN LLP, et al., Defendants. | ) ) ) | |
| ROYAL INDEMNITY COMPANY, Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 05-165-JJF |
| PEPPER HAMILTON LLP, et al., Defendants. | ) ) ) | |

---

## MEMORANDUM OF ROYAL INDEMNITY COMPANY IN OPPOSITION TO THE MOTION OF PEPPER HAMILTON AND W. RODERICK GAGNE TO STRIKE EXPERT REPORTS AND PRECLUDE TESTIMONY

---

ASHBY & GEDDES
Lawrence C. Ashby (#468)
Philip Trainer, Jr. (#2788)
Tiffany L. Geyer (#3950)
Andrew D. Cordo (#4534)
500 Delaware Avenue, 8th Floor
Wilmington, Delaware 19899
(302) 654-1888
(302) 654 2067 (Fax)

SONNENSCHEIN NATH & ROSENTHAL LLP
Michael H. Barr
Alan S. Gilbert
John Grossbart
Kenneth J. Pfaehler
1221 Avenue of the Americas
New York, New York 10020-1089
(212) 768-6700
(212) 768-6800 (Fax)

*Attorneys for Royal Indemnity Company*

May 22, 2007

## Table of Contents

|  |  | **Page** |
|---|---|---|
| Table of Contents | | i |
| Table of Authorities | | ii |
| INTRODUCTORY STATEMENT | | 2 |
| NATURE AND STAGE OF PROCEEDINGS AND STATEMENT OF FACTS | | 3 |
| A. | The Three Standard of Care/Industry Custom and Practice Expert Witnesses At Issue | 3 |
| B. | The Mediation Parties Exchanged Advocacy Statements But Shared Their Settlement Positions Only with the Mediator | 5 |
| C. | The Mediation Parties Agreed That Their Position Statements Could Be Shared with Opposing Experts | 6 |
| ARGUMENT | | 7 |
| A. | There is No *Per Se* Rule Against Sharing Mediation Statements with Testifying Expert Witnesses | 7 |
| | 1. This Circuit Does Not Recognize an Absolute Mediation Privilege | 7 |
| | 2. There Is No Authority for Establishing A *Per Se* Rule of Expert Disqualification | 10 |
| | 3. Pepper Even Contends That Royal and the Trustee Cannot Show Their Own Advocacy Statements to Their Own Experts | 12 |
| B. | The Experts Cannot Be Precluded From Testifying Absent Prejudice | 13 |
| | 1. Prejudice Is Required Before A Court Will Use  Its Inherent Powers to Sanction A Party | 14 |
| | 2. Prejudice Is Required Before Rule 37 Sanctions Can Be Imposed | 17 |
| C. | While the Motion Can Be Denied Without an *In Camera* Review of the Mediation Advocacy Statements, It Cannot Be Granted Without One | 19 |
| B. | The Defendants Will Not Be Hampered On Cross-Examination or Otherwise Prejudiced | 20 |
| | 1. The Accountant Defendants Are At No Disadvantage In Cross-Examining Professors Branson, Moore and Schwarcz | 21 |
| | 2. Pepper Will Not Be Harmed or Limited In Cross-Examining Professors Branson,  Moore or Schwarcz | 23 |
| CONCLUSION | | 23 |

# TABLE OF AUTHORITIES

## CASES

**Page**

*ABB Air Preheater Inc. v. Regenerative Environmental Equip. Co.*, 167 F.R.D. 668 (D.N.J. 1996)................................................................................................................17, 18

*Amalgamated Bank of N.Y. v. Pennsylvania Cos.*, 1995 WL. 429130 (E.D. Pa. 1995) .................8

*In re Anonymous*, 283 F.2d 627 (4th Cir. 2002) .............................................................16

*Beazer East, Inc. v. Mead Corp.*, 412 F.3d 429 (3d Cir. 2005) ..........................................12

*Beneville v. Pileggi*, 2005 WL 1026947 (D. Del. 2005)...................................................8

*Matter of Bevill, Bresler & Schulman Asset Mgmt. Corp.*, 805 F.2d 120 (3d Cir. 1986)................................................................................................20

*Block Drug Co. v. Sedona Labs, Inc.*, 2007 WL 1183828 (D. Del. 2007) ....................................8

*Bogosian v. Gulf Oil Corp.*, 738 F.2d 587 (3d Cir. 1984) ...............................................22

*Borden v. Ingersoll-Rand Co.*, 2003 WL. 21488511 (E.D. Pa. Jan. 17, 2003)............................18

*In re Cendant Corp.*, 343 F.3d 658 (3d Cir. 2003) .......................................................22

*Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991)..............................................................14

*Cherry Line, S.A. v. Muma Services*, 2006 WL 1237034 (D. Del. May 8, 2006) .........................18

*Conopco, Inc. v. Wein*, 2007 WL. 1040676 (S.D.N.Y 2007) ...............................................21

*Cook v. CTC Comm'ns Corp.*, 2006 WL 3313838 (D.N.H. 2006) ..............................................9

*DiFlorio v. Nabisco Biscuit Co.*, 1995 WL 710592 (E.D. Pa. Nov. 13, 1995)............................18

*Eash v. Riggins Trucking, Inc.*, 757 F.2d 557 (3d Cir. 1985) ..........................................14

*Fitz Inc. v. Ralph Wilson Plastics Co.*, 184 F.R.D. 532 (D.N.J. 1999)................................17, 18

*Frank v. L.L. Bean, Inc.*, 377 F. Supp. 2d 233 (D. Me. 2005).........................................11, 16

*Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976 (6th Cir. 2003)............8

*Irwin Seating Co. v. International Bus. Machs. Corp.*, No. 1:04-CV-568, 2006 WL 3446584, 2007 WL 518866 (W.D. Mich. 2007)........................................................ *passim*

*Jaffee v. Redmond*, 518 U.S. 1 (1996) ....................................................................9

*Landon v. Hunt*, 938 F.2d at 450 (3d Cir. 1991)..........................................................15

*In re Leap Wireless International v. Crick Comm'ns*, 301 B.R. 80 (S.D. Cal 2003) ...................23

25202848\V-15

*Lithuanian Commerce Corp. v. Sarah Lee Hosiery*, 177 F.R.D. 245 (D.N.J. 1997) ................... 17

*Matsushita Electric Ind. Co. v. Mediatek, Inc.*, 2007 WL 967975 (N.D. Cal. 2007) ................... 21

*Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894 (3d Cir. 1977) ................... 18

*NAACP Legal Defense Fund v. Department of Justice*, 612 F. Supp. 1143 (D.D.C. 1985) ........... 8

*Newman & Assocs. v. J.K. Harris & Co.*, 2005 WL 3610140
   (S.D.N.Y. Dec. 15, 2005) ................................................................................................ 8

*Nguyen v. IBP Inc.*, 162 F.R.D. 675 (D. Kan. 1995) ................................................................... 18

*Novartis Pharm. Corp. v. EON Labs Mf'g , Inc.*, 206 F.R.D. 396 (D. Del. 2002) ....................... 22

*In re Paoli RR Yard PCB Litig.*, 35 F.3d 717 (3d Cir. 1994) .................................................... 18

*Performance Aftermarket Parts Group, Ltd. v. TI Group Auto. Sys., Inc.*, 2007 WL
   1428628 (S.D.Tex. 2007) ................................................................................................ 9

*Princeton Insurance Co. v. Vergano*, 883 A.2d 44 (Del. Ch. 2005) ........................................... 12

*In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 278 F.3d
   175 (3d Cir. 2002) ......................................................................................................... 17

*Rates Technology Inc. v. Cablevision Sys. Corp.*, 2007 WL 1176732 (E.D.N.Y. 2007) ............... 9

*Reed v. Binder*, 165 F.R.D. 424 (D.N.J. 1996) .......................................................................... 17

*Republic of the Philippines v. Westinghouse Electric Corp.*, 43 F.3d 65 (3d Cir. 1994) ............. 15

*Robertson v. Horton Bros. Recovery, Inc.*, 2006 WL 2917377 (D. Del. Oct. 10, 2006) ............... 18

*Schmid v. Milwaukee Electric Tool Corp.*, 13 F.3d 76 (3d Cir. 1994) ........................................ 15

*In re Sealed Case*, 148 F.3d 1073 (D.C. Cir. 1998) .................................................................... 9

*Sippel Dev. Co. v. Western Sur. Co.*, 2007 WL 1115207 (W.D. Pa. 2007) ................................... 8

*St. Marys Area Water Authority v. St. Paul Fire & Marine Insurance Co.*, 2006 WL
   1670281 (M.D. Pa. June 15, 2006) ................................................................................ 22

*In re Subpoena Issued to Commodity Futures Trading Commission*, 370 F. Supp.
   2d 201 (D.D.C. 2005) ............................................................................................. 9, 10, 21

*In re TMI Litig.*, 922 F. Supp. 997 (M.D. Pa. 1996) ................................................................... 18

*Tracinda Corp. v. DaimlerChrysler AG*, 362 F. Supp. 2d 487 (D. Del. 2005) ............................ 18

*U.S. v. Smith*, 123 F.3d 140 (3d Cir. 1997) .............................................................................. 20

*United Coal Cos. v. Powell Constr. Co.*, 839 F.2d 958 (3d Cir. 1988) ........................................ 20

*United States v. Gillock*, 445 U.S. 360 (1980) ........................................................................... 9

*University of Pa. v. Equal Employment Opp'ty Commission*, 493 U.S. 182 (1990) ........................9

## RULES

Federal Rule of Civil Procedure 26 ............................................................................8-10, 21-23

Federal Rule of Evidence 408 ................................................................................................ 8-10

Defendants Pepper Hamilton LLP and W. Roderick Gagne in his capacity as an attorney at Pepper Hamilton LLP (collectively, "Pepper") have moved to strike the expert reports and preclude the testimony of Professors Douglas Branson, Nancy Moore, and Steven Schwarcz. These three expert witnesses, proffered by plaintiffs Charles A. Stanziale, Jr., Chapter 7 Trustee of Student Finance Corporation (the "Trustee") and Royal Indemnity Company ("Royal"), opine about                                        **REDACTED**

Pepper moves to strike these experts because they were given statements voluntarily exchanged by Royal, Pepper, the Trustee and the Gagne/Bast Family trust defendants in connection with a contractual mediation of the case.[1]

## REDACTED

Providing the reports to these experts has not harmed Pepper in any way, and there is no justification for the sanction of precluding the three experts' testimony.

---

[1]     On May 14, 2007, defendants Freed Maxick & Battaglia CPAs PC, Freed Maxick Sachs & Murphy, P.C., McGladrey & Pullen, LLP, and Michael Aquino (collectively, the "Accountant Defendants") joined Pepper's motion, but solely as to the expert report and testimony of Professor Schwarcz that touches upon Royal's claim against them, recognizing that Professors Branson and Moore (and, necessarily, Professor Schwarcz's Pepper-related opinion) do not offer opinions relevant to the Accountant Defendants.

On May 15, 2007, defendants Robert L. Bast, Pamela Bashore Gagne, W. Roderick Gagne as Trustee of the Brennan Trusts, and the Brennan Trusts (collectively, the "Gagne/Bast family trust defendants") joined the motion and adopted all of the positions taken by Pepper in support of its motion. For ease of reference, we simply refer to positions taken and arguments made by "Pepper;" all such positions and contentions have been joined by the Gagne/Bast family trust defendants.

## INTRODUCTORY STATEMENT

Pepper takes the remarkable position that, if an expert sees a writing exchanged in connection with a mediation, no matter how benign the statement or brief the exposure, the expert automatically is forever disqualified from testifying in the case. According to Pepper, it does not matter if the adversary suffers no prejudice.

Such a *per se* disqualification rule is not the law of this Court, this Circuit or the Federal Rules of Civil Procedure or Evidence. Nor is such a rule suggested in the one Michigan case upon which Pepper rests its entire motion. In the absence of a showing of the extreme prejudice that justifies the exclusion of testimony as the only adequate remedial measure, an expert witness should not be precluded. Pepper has made no effort on this motion to show any actual prejudice whatsoever -- other than throwing around (but never defining) the word "taint" -- arising from the disclosure of the mediation position statements to Professors Moore, Branson and Schwarcz.

Pepper avoids the subject of prejudice because there isn't any.

**REDACTED**

---

[2]    Nor can there be any prejudice to the Gagne/Bast family trust defendants, because none of the five opinions in the three expert reports are directed at the claims made against the family trust defendants.

- 2 -

**REDACTED**

The only similarity between the statements at issue here and the statements protected from disclosure in the *Irwin Seating Co. v. IBM Corp.* decision (which Pepper relies upon almost exclusively) is that both sets of statements happened to be exchanged during a mediation. But the defendant's mediation statement in *Irwin* discussed specific settlement offers and expressly assessed weaknesses in the defendant's case.

**REDACTED**

Nor can that draconian step be taken on any other basis, given the harmless nature of the advocacy pieces shared with the experts. Pepper's motion should be denied.

## NATURE AND STAGE OF PROCEEDINGS AND STATEMENT OF FACTS

**A.    The                              REDACTED**
        **Expert Witnesses At Issue**

The three experts at issue all focus their opinions on        **REDACTED**

**REDACTED**            Professor Nancy Moore's report sets forth two opinions, one on

behalf of the Trustee and Royal jointly, and another on behalf of the Trustee alone. (Grossbart

decl. ex. 1). Both of Professor Moore's opinions are submitted in support of claims made against

Pepper and,        **REDACTED**

                        *Id.* Professor Schwarcz's report also contains two opinions.

One relates solely to Royal's and the Trustee's claims against Pepper and

                    The other opines about

**REDACTED**

Professor Douglas Branson has submitted an expert report on behalf of the Trustee that deals

**REDACTED**

    Even assuming *arguendo*

**REDACTED**

                    -- and this Court then would have to

consider sanctions less draconian than excluding the experts if any prejudice could be shown.

    Pepper is the only defendant affected by the Branson or Moore opinions, and by the

**REDACTED**            opinion offered by Professor Schwarcz. None of these opinions

are directed at the Gagne/Bast family trust defendants or the accountant defendants.

---

[3]    The three expert reports at issue are attached as exhibits 1, 2 and 3, respectively, to the
Declaration of John Grossbart, dated May 22, 2007 (cited herein as "Grossbart decl.").

[4]        **REDACTED**
                None of Royal's other experts were shown drafts or final copies of
reports of any other expert. (*Id.* ¶ 5). Thus the reports and testimony of the other experts are not
and cannot be at issue here.

**B.** **The Mediation Parties Exchanged Advocacy Statements But**
     **Shared Their Settlement Positions Only with the Mediator**

On January 2, 2007, Royal, Pepper, the Trustee and the Bast/Gagne Family trusts shared

documents with one another titled "Mediation Position Statements."  (Grossbart decl. ¶ 7).  As

an *in camera* review would quickly show,

**REDACTED**

25202848\V-15

REDACTED

C.     **The Mediation Parties Agreed That Their Position**
       **Statements Could Be Shared with Opposing Experts**

REDACTED

**REDACTED**

**ARGUMENT**

**A.**    **There is No Per Se Rule Against Sharing Mediation Statements with Testifying Expert Witnesses**

Pepper's motion is predicated on this Court establishing a rule that, if an expert sees a writing exchanged in connection with a mediation, no matter its contents, the expert automatically must be disqualified. In Pepper's view, no prejudice need be shown. That is just not the law.

**1.**    **This Circuit Does Not Recognize an Absolute Mediation Privilege**

Pepper's position that Royal and the Trustee cannot even provide their own mediation advocacy pieces to their own experts reflects Pepper's contention that there is an absolute privilege that prohibits disclosure of any mediation communications. But there is no such blanket privilege for writings exchanged by parties in mediation. To the contrary, events that transpire in mediation and statements made in mediation often are considered and relied upon by courts, including this Court. *See, e.g., Beneville v. Pileggi,* 2005 WL 1026947, at *6 (D. Del. 2005).

---

[5]    In this regard, the Mediation Agreement is consistent with the Court's March 15, 2006 Order regarding confidentiality (Case No. 05-165 D.I. 121), which provides that material designated as "confidential" may be shown to experts who have acknowledged their obligations under the Order.

Mediation statements are discoverable under Rule 26(b)(1). There is no common law privilege for settlement negotiations. Federal Rule of Evidence 408 does not create a discovery privilege for settlement communications. Rather, Rule 408 addresses whether evidence relating to settlement discussions is *admissible* at trial. *Sippel Dev. Co. v. Western Sur. Co.*, 2007 WL 1115207, *2 (W.D. Pa. 2007), *citing NAACP Legal Defense Fund v. Department of Justice,* 612 F. Supp. 1143, 1146 (D.D.C. 1985); *see also Block Drug Co. v. Sedona Labs., Inc.*, 2007 WL 1183828, *1 (D. Del. 2007). "Rule 408 does not preclude the discovery of a piece of evidence simply because it is presented during settlement negotiations." *Amalgamated Bank of N.Y. v. Pennsylvania Cos.*, 1995 WL 429130, *2 (E.D. Pa. 1995). Most federal courts join the courts of this Circuit in declining to recognize a privilege that would preclude discovery of settlement negotiations. "This outcome is not surprising in view of the fact that Rule 408 explicitly authorizes the admission of statements made in the course of settlement discussions for a number of purposes and excludes their introduction only for the purpose of proving liability or the amount of damages." *Newman & Assocs. v. J.K. Harris & Co.,* 2005 WL 3610140, at *2 (S.D.N.Y. Dec. 15, 2005).

Pepper asks the Court to adopt the minority view of the Sixth Circuit (which includes Michigan) that there is a settlement privilege that precludes discovery of statements made during mediation. (*See Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976 (6th Cir. 2003)). But the overwhelming majority of the federal courts to consider this issue have rejected such a privilege and have expressly found that such statements are discoverable, even in the presence of a confidentiality agreement. Although "the Sixth Circuit has recognized a narrow privilege limited to protecting the content of settlement negotiations, it is the only circuit to have done so. Other courts have rejected a settlement privilege arising from Rule 408." *Cook*

- 8 -

*v. CTC Comm'ns Corp.*, 2006 WL 3313838, *3 (D.N.H. 2006) (internal citations omitted); *see also, e.g.*, *Rates Technology Inc. v. Cablevision Sys. Corp.,* 2007 WL 1176732, *2 (E.D.N.Y. 2007) (same); *Performance Aftermarket Parts Group, Ltd. v. TI Group Auto. Sys., Inc.*, 2007 WL 1428628, *3 (S.D.Tex. 2007).

"The Federal courts do not enjoy unbridled authority to define new privileges in discovery whenever they see fit." *In re Subpoena Issued to Commodity Futures Trading Comm'n,* 370 F. Supp.2d 201, 207-12 (D.D.C. 2005). Instead, the Supreme Court has identified several factors that should be considered when assessing a proposed new privilege under Federal Rule of Evidence 501. First, the Court has asked whether there exists a broad consensus in federal and state law in favor of the privilege. *See Jaffee v. Redmond*, 518 U.S. 1, 12 (1996). Second, the Court has considered whether "Congress has considered the relevant competing concerns but has not provided the privilege itself." *University of Pa. v. Equal Employment Opp'ty Comm'n*, 493 U.S. 182, 194 (1990). Third, the Court has consulted the list of evidentiary privileges recommended by the Advisory Committee of the Judicial Conference in its proposed Federal Rules of Evidence. *See Jaffee*, 518 U.S. at 14; *United States v. Gillock*, 445 U.S. 360, 365 (1980). Finally, "[t]he Supreme Court has instructed that a party seeking judicial recognition of a new evidentiary privilege under Rule 501 demonstrate with a high degree of clarity and certainty that the proposed privilege will effectively advance a public good." *In re Sealed Case*, 148 F.3d 1073, 1076 (D.C. Cir. 1998).

None of these factors are met with respect to a federal settlement privilege. There is no broad consensus in the federal courts in support of the privilege. *In re Subpoena Issued to Commodity Futures Trading Comm'n*, 370 F. Supp.2d 201, 209-10 (D.D.C. 2005). No such consensus can be found in state law. *Id.* at 210-11. Congress considered the relevant issues

25202848\V-15

when it created Rule 408, and while it clearly enacted the Rule to promote the settlement of

disputes outside the judicial process, "it is equally plain that Congress chose to promote this goal

through limits on *admissibility* of settlement material rather than limits on their *discoverability*."

*Id.* at 211.  The privilege is not listed among the nine privileges identified by the Advisory

Committee of the Judicial Conference and it is not all clear that a testimonial privilege would

advance the public good.  *Id.* at 211-12.  For these and similar reasons, no other circuit has

chosen to follow the Sixth Circuit in creating such a privilege.

## REDACTED

### 2.     There Is No Authority for Establishing A Per Se Rule of Expert Disqualification

Pepper's draconian automatic disqualification rule rests on just one case from the

Western District of Michigan (within the Sixth Circuit), *Irwin Seating Co. v. International Bus.*

*Machs. Corp.*, No. 1:04-CV-568, 2006 WL 3446584 (W.D. Mich. 2006) & 2007 WL 518866

(W.D. Mich. 2007).[7]  But even *Irwin* does not stand for a broad *per se* rule mandating preclusion

## REDACTED

---

[7]     The *Irwin* court relied on, and Pepper relies on, the decision of the Sixth Circuit Court of Appeals in *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 980 (6th Cir. 2003).  Numerous courts in other circuits have rejected *Goodyear* and its rationale, including a number of the cases cited in the preceding section.

of experts in the absence of any discernable prejudice (and if it did, it would be contrary to the controlling law of this Circuit, discussed below). Rather, *Irwin* emphasized "that sanctions determinations are to be based on the totality of the circumstances." 2007 WL 518866 at *5 (*discussing In re Anonymous*, 283 F.3d 627, 635-36 (4th Cir. 2002)). For its part the *In re Anonymous* court, far from proclaiming a *per se* rule that experts must be disqualified if they come into contact with a mediation position statement, observed that experts are generally not considered third parties with whom mediation statements cannot be shared and declined to impose sanctions. 283 F.3d at 633 n. 10, 640.

    *Irwin* also required a showing of prejudice, distinguishing the holding of *Frank v. L.L. Bean, Inc.,* 377 F. Supp.2d 233, 239 (D. Me. 2005)(discussed below) because in *Frank*, "the opposing party could not demonstrate prejudice arising from the breach of confidentiality," whereas Irwin had "disclosed Defendants' settlement positions to its own expert witnesses." *Irwin*, 2007 WL 518866 at * 4-5 (*discussing Frank,* 377 F. Supp. 2d at 240-41).[8]

    By contrast to *Irwin*,

**REDACTED**

As the briefs in *Irwin* explain, the defendant's confidential mediation statement contained "a detailed statement of the strengths and weaknesses of each party's positions as to both liability and damages"[9] and, as noted by the Court, "actual settlement positions." *Irwin*, 2007 WL

---

[8]    In Irwin's reply brief on appeal to the District Court, Irwin argued for the first time that IBM had not been prejudiced, urging that IBM's mediation statement was pure advocacy and did not actually concede any of IBM's weaknesses. Neither the Magistrate Judge nor the District Court had seen the IBM mediation statement, however, and the district court summarily dismissed this objection to the magistrate's finding solely on the ground that it had not been timely raised, and thus was waived. 2007 WL 518866, at *2 fn. 2.

[9]    Defendant IBM's Memorandum in Support of Its Motion to Strike, dated May 5, 2006, at 2006 WL 1862142 at page 2.

518866, at *5. These had to be the communications that the *Irwin* court found to have

irretrievably infused the experts with "knowledge to which they were not entitled." *Irwin*, 2006

WL 3446584, at *4.                    **REDACTED**

 

    *Princeton Ins. Co. v. Vergano*, 883 A.2d 44 (Del. Ch. 2005), relied upon by Pepper, is

equally distinguishable. In *Princeton* the defendants sought to call the mediator to testify,

despite having signed a mediation agreement that "each party agrees to make no attempt to

compel the mediator's testimony against the other." 883 A.2d at 64. Here, however, there is no

issue of a mediator's neutrality -- a core mediation principle -- being threatened. Moreover, the

Mediation Agreement expressly contemplated that statements exchanged in the mediation might

be shown to experts. (Grossbart decl. ex. 4 at page 2). Nor does there appear to be any basis

whatsoever for Pepper's assertion (at page 4 of its brief) that

                                                             **REDACTED**

### 3.    Pepper Even Contends That Royal and the Trustee Cannot Show Their Own Advocacy Statements to Their Own Experts

    Pepper's counsel has asserted that it was improper for Royal and the Trustee to provide

their own mediation advocacy statements to their own experts. This position is completely

unsupported and unsupportable. The advocacy statements were simultaneously exchanged prior

---

[10]    *Irwin* also involved a court-ordered mediation and a court order stating that "all information disclosed during the mediation sessions . . . must remain confidential, and must not be disclosed to any other party nor to this court, without consent of the party disclosing the information." *Irwin*, 2006 WL 3446584, at *1. Irwin's conduct thus was in "direct derogation of the order of this court." *Id.* at *3.    **REDACTED**

[11]    Pepper's reliance on *Beazer East, Inc. v. Mead Corp.*, 412 F.3d 429, 435 (3d Cir. 2005), is similarly misplaced because the court simply held that a party could not use statements made during mediation to prove the fact that an agreement had been reached in light of a local rule expressly prohibiting such disclosure. No such local rule applies here.

to the mediation.  (Grossbart decl. ¶ 7).

# REDACTED

.  Royal and the Trustee can show their experts anything they like so long as they are prepared to disclose it to the other parties, and Royal and the Trustee stand ready to make that disclosure today.  Pepper's position that Royal and the Trustee cannot even provide their own mediation advocacy statements to their own experts is the absurd result of Pepper's contention that there is an absolute privilege that prohibits disclosure of any mediation communications.

### B.    The Experts Cannot Be Precluded From Testifying Absent Prejudice

Pepper seeks to preclude Professors Branson, Moore and Schwarcz from testifying.  Pepper recognizes that it is seeking a sanction.[12]  There is no challenge in the motion to the qualifications of these experts or the aptness of their testimony.  Pepper's brief does not explain the specific basis upon which it seeks the imposition of the extreme sanction of preclusion.  While neither Royal nor the Trustee has done anything remotely warranting a sanction, even if they had such a sanction could only be imposed pursuant to the inherent powers of this Court or pursuant to Rule 37.

Either way, Pepper must show prejudice before the experts can be precluded from testifying.  Pepper has not even attempted to meet its burden, which alone merits denial of its motion.

---

[12]    Pepper's Memorandum in Support of Motion to Strike, dated May 11, 2007, at 6-7 (cited herein as "Pepper mem.").

1.     **Prejudice Is Required Before A Court Will Use**
       **Its Inherent Powers to Sanction A Party**

The *Irwin* decision that Pepper relies upon excluded expert testimony pursuant to the

inherent powers of the district court.  While district courts have inherent authority to fashion

sanctions against parties in appropriate circumstances, because "of their very potency, inherent

powers must be exercised with restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32,

44 (1991); *see also, e.g., Eash v. Riggins Trucking, Inc.*, 757 F.2d 557, 562 (3d Cir. 1985) (en

banc).  A "primary aspect" of a district court's discretion "is the ability to fashion an *appropriate*

sanction for conduct that abuses the judicial process." *Chambers*, 501 U.S. at 44-45 (emphasis

added).  As the Third Circuit has explained:

> Thus, a district court must ensure that there is an adequate factual
> predicate for flexing its substantial muscle under its inherent
> powers, and must also ensure that the sanction is tailored to
> address the harm identified.  In exercising its discretion under its
> inherent powers, the court should be guided by the same
> considerations that guide it in the imposition of sanctions under the
> Federal Rules.  First, the court must consider the conduct at issue
> and explain why the conduct warrants sanctions.
>
> *    *    *    *
>
> Obviously, a pattern of wrongdoing may require a stiffer sanction
> than an isolated incident; a grave wrongdoing may compel a more
> severe sanction than might a minor infraction; and *wrongdoing*
> *that actually prejudices the wrongdoer's opponent or hinders the*
> *administration of justice may demand a stronger response than*
> *wrongdoing that, through good fortune or diligence of court or*
> *counsel, fails to achieve its untoward object.*  Furthermore, there
> may be mitigating factors that must be accounted for in shaping the
> court's response.
>
> Second, having evaluated the conduct at issue, the district
> court must specifically consider the range of permissible sanctions
> and explain why less severe alternatives to the sanction imposed
> are inadequate or inappropriate.  Although the court need not
> "exhaust all other sanctioning mechanisms prior to resorting to its
> inherent power" (*Landon v. Hunt*, 938 F.2d at 450, 454 (3d Cir.
> 1991)), the court must explain why it has chosen any particular

- 14 -

> sanction from the range of alternatives it has identified. *See Poulis*, 747 F.2d at 868 (sanctions under Fed. R. Civ. P. 16 and 37).

*Republic of the Philippines v. Westinghouse Elec. Corp.*, 43 F.3d 65, 74-75 (3d Cir. 1994) (emphasis added).

The lodestar for the Court's analysis here is identifying what, if any, wrong has occurred and then tailoring the narrowest possible remedy for that wrong. Again, Pepper has failed to identify its injury. The experts have not been furnished with any inappropriate information that could "taint" their opinions. But even if some injury were identified, the Court must consider whether a lesser remedy than precluding the testimony of Professors Branson, Moore and Schwarcz is adequate to right any harm that has been done. In doing so, the Court should consider the degree of fault of Royal, the nature of the underlying expert opinions at issue, the prejudice to the defendants, and whether lesser remedies are available to address whatever actual prejudice can be demonstrated. *Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 76, 79 (3d Cir. 1994).

Striking an expert is an "extreme sanction." In one case, a district court struck a plaintiff's expert in a products liability case who had dismantled the allegedly defective power saw that had injured the plaintiff. During the dismantling, debris fell from the saw; when the defense expert reassembled the saw, it worked perfectly. Even though the condition and function of the saw was the core factual issue of the litigation, the Third Circuit held that striking plaintiff's expert was too extreme a sanction when an adverse inference would have been sufficient. *Schmid*, 13 F.3d at 79.

The U.S. District Court for Maine has analyzed when sanctions are appropriate for disclosing confidential settlement information from a mediation:

- 15 -

Although the First Circuit has not set forth a framework for analyzing the appropriateness and severity of sanctions in a case where confidential settlement information is disclosed, the Fourth Circuit has suggested that the factors a Court should weigh in such a case include:

> (1) whether the mediator explained the extent of the confidentiality rules, and the clarity of such explanation; (2) whether the parties executed a confidentiality agreement; (3) the extent of willfulness or bad faith involved in the breach of confidentiality Rule; (4) the severity or adverse impact of the disclosure on the parties or the case; and (5) the severity or adverse impact of the disclosure on the mediation program.

*Frank v. L.L. Bean Inc.*, 377 F. Supp. 2d 233, 239 (D. Me. 2005), quoting *In re Anonymous*, 283 F.2d 627, 635 (4th Cir. 2002).

Even assuming that the statements here could be considered **REDACTED** these factors auger against precluding the testimony of Professors Branson, Moore and Schwarcz. There is no allegation that Royal or the Trustee acted in bad faith in supplying the mediation advocacy pieces to the three experts. Royal and the Trustee did not, in fact, violate the Mediation Agreement when they provided the advocacy statements to their experts. (Grossbart decl. ex. 4 at page 2). Royal and the Trustee violated no orders of the Court. The defendants have ignored their burden of showing *any* adverse impact from the disclosure, much less a severe impact.

**REDACTED**

Thus there is no basis to impose the "extreme sanction" of striking three of the Trustee's and two of Royal's experts.

### 2.   Prejudice Is Required Before Rule 37 Sanctions Can Be Imposed

"Although a court retains the inherent right to sanction when rules of court or statutes also provide a vehicle for sanctioning misconduct, resort to these inherent powers is not preferred when other remedies are available." *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 278 F.3d 175, 189 (3d Cir. 2002). The analysis in *Chambers* "leads to the conclusion that if statutory or rules-based sanctions are entirely adequate, they should be invoked, rather than the inherent power." *Id.* Therefore, "[g]enerally, a court's inherent power should be reserved for those cases in which the conduct of a party or an attorney is egregious and no other basis for sanctions exists." *Id.*

Pepper contends that it was wrong for Royal and the Trustee to provide the mediation advocacy pieces to the three experts because Pepper opposes the disclosure of those reports to the other defendants in the case, and Rule 26(a)(2)(B) would require disclosure. (Pepper mem. at 5-6). In other words, Pepper seeks sanctions in the form of excluding the three professors because their testimony may, in part, be predicated on the advocacy pieces which Pepper contends cannot be disclosed to the other parties.

"In order to exclude expert testimony, the opposing party must be prejudiced." *Fitz, Inc. v. Ralph Wilson Plastics Co.*, 184 F.R.D. 532, 536 (D.N.J. 1999); *Lithuanian Commerce Corp. v. Sarah Lee Hosiery*, 177 F.R.D. 245, 254 (D.N.J. 1997), *vacated in part on other grounds*, 179 F.R.D. 450 (D.N.J. 1998); *ABB Air Preheater Inc. v. Regenerative Envtl. Equip. Co.*, 167 F.R.D. 668, 672 (D.N.J. 1996). Failure to comply with Rule 26 regarding expert witnesses is harmless when "there is no prejudice to the party entitled to disclosure." *Fitz*, 184 F.R.D. at 536; *Reed v. Binder*, 165 F.R.D. 424, 430 (D.N.J. 1996); *Nguyen v. IBP Inc.*, 162 F.R.D. 675, 680 (D. Kan. 1995).

- 17 -

Where prejudice is minimal -- much less non-existent -- it is error to exclude evidence. *In re Paoli RR Yard PCB Litig.*, 35 F.3d 717, 792-93 (3d Cir. 1994), *cert. denied*, 513 U.S. 1190 (1995). The Third Circuit is averse, absent extreme circumstances, to the exclusion of crucial evidence. *Fitz*, 184 F.R.D. at 536; *ABB Air Preheater*, 167 F.R.D. at 673. Courts must be mindful that the "exclusion of critical evidence is an 'extreme sanction,' not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence." *Tracinda Corp. v. DaimlerChrysler AG*, 362 F. Supp. 2d 487, 506 (D. Del. 2005), *quoting Borden v. Ingersoll-Rand Co.*, 2003 WL 21488511, at *2 (E.D. Pa. Jan. 17, 2003), and *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904-05 (3d Cir. 1977); *see also, e.g., In re TMI Litig.*, 922 F. Supp. 997, 1003-04 (M.D. Pa. 1996); *DiFlorio v. Nabisco Biscuit Co.*, 1995 WL 710592 at *2, (E.D. Pa. Nov. 13, 1995).

In determining whether to exclude evidence under Rule 37, this Court should consider "the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified," "the ability of that party to cure the prejudice," "the orderly and efficient trial of the case," and whether is "bad faith or willfulness" in failing to comply with a court's order. *Tracinda Corp.*, 362 F. Supp. 2d at 506, *quoting Meyers v. Pennypack*, 559 F.2d at 904-05; *see also, e.g., Robertson v. Horton Bros. Recovery, Inc.*, No. Civ. A. 02-1656, 2006 WL 2917377, at * 2 (D. Del. Oct. 10, 2006); *Cherry Line, S.A. v. Muma Servs.*, No. Civ. A 03-199, 2006 WL 1237034, at * 1 (D. Del. May 8, 2006).

Applying this standard, it is clear that the three experts should not be precluded. As discussed above, there is no prejudice in fact to Pepper or the other defendants,

## REDACTED

! with the three experts. The orderly and efficient trial of the action will be enhanced if Royal and the Trustee do

not have to go to the time and expense of hiring new experts.

**REDACTED**

No court order has been breached by Royal or the Trustee.  No bad faith has been suggested on the part of Royal or the Trustee, nor was there any.  In short, there is no basis to exclude the testimony of Professors Branson, Moore and Schwarcz under Rule 37.

      **C.**      **While the Motion Can Be Denied Without an *In Camera* Review of the Mediation Advocacy Statements, It Cannot Be Granted Without One**

**REDACTED**

No evidence has been offered by Pepper to show that it is prejudiced, and no evidence can be offered.  Pepper has not attempted to meet its burden of showing that it has been prejudiced, effectively conceding that it has not been.  The motion can and should be denied on the papers.

But while the motion can and should be denied on the papers, it cannot be granted without a review by this Court of the supposedly prejudicial statements.  Otherwise, the Court has no basis to determine if there is prejudice.  Pepper's counsel has taken the position that an *in camera* inspection would "taint"

**REDACTED**

Moreover, this Court is not the finder of fact in these cases, did not conduct or order the mediation, and presumably has extensive experience at conducting *in camera* inspections of documents without imperiling its objectivity.

An *in camera* inspection, of course, is the standard procedure whenever a claim of privilege or confidentiality has to be assessed.  The Third Circuit has "approved of examining

- 19 -

material *in camera* in order to preserve the potentially privileged or secret nature of that information when faced with a dispute about whether that material is in fact privileged or secret, as in this case." *U.S. v. Smith*, 123 F.3d 140, 151 (3d Cir. 1997); *see also, e.g., United Coal Cos. v. Powell Constr. Co.*, 839 F.2d 958, 966 (3d Cir. 1988). The Third Circuit has rejected an analogous objection to an *in camera* review of documents on the ground that such review violated the attorney-client privilege, "because *in camera* review is frequently the only way to resolve whether in fact the privilege asserted applies." *Matter of Bevill, Bresler & Schulman Asset Mgmt. Corp.*, 805 F.2d 120, 125 n. 2 (3d Cir. 1986). There is nothing unique in the circumstances of this motion to render *in camera* review inappropriate or improper.

### B. The Defendants Will Not Be Hampered On Cross-Examination or Otherwise Prejudiced

Pepper asserts in its brief that it and McGladrey will be "severely hampered" when cross-examining Professors Branson, Moore and Schwarcz by not being able to cross them about their review of Pepper's own mediation position statements. The Accountant Defendants, who have requested the statements in discovery, have joined the motion, solely with respect to Professor Schwarcz (by necessity limited to Professor Schwarcz's opinion **REDACTED**

on the grounds "that Royal cannot, consistent with its obligation to keep the Pepper mediation statement confidential, comply with the Rule 26 requirement that Royal produce all of the materials" that Professor Schwarcz "considered in connection with his expert report."[13] Neither of those positions is accurate as a matter of fact, and neither is supported as a matter of law.

---

[13]    The Accountant Defendants' Memorandum in Support of Pepper Hamilton, LLP and W. Roderick Gagne's Motion to Strike Expert Report and Testimony of Steven L. Schwarcz (05-cv-00165 D.I. 481), at page 1 (cited herein as "McGladrey mem.").

1.    **The Accountant Defendants Are At No Disadvantage In Cross-Examining Professors Branson, Moore and Schwarcz**

McGladrey has requested the mediation advocacy statements in discovery. Royal believes they should be produced. As discussed above, most federal courts to have considered the issue, including the courts of this Circuit, find that settlement negotiations are not sheltered from discovery. *See, e.g., In re Subpoenas Issued to Commodity Futures Trading Comm'n*, 370 F. Supp. 2d 201, 207-12 (D.D.C. 2005); *Conopco, Inc. v. Wein*, 2007 WL 1040676, at *5 (S.D.N.Y 2007); *Matsushita Elec. Ind. Co. v. Mediatek, Inc.*, 2007 WL 967975, at *4 (N.D. Cal. 2007). All the advocacy position statements can and should be produced to the Accountant Defendants. However, if not, then production of Royal's and the Trustee's statements, along with an *in camera* finding by this Court that Pepper's statement

## REDACTED

That said, the Accountant Defendants are incorrect when they contend that all documents provided to Professor Schwarcz must be produced in discovery, even if the documents are protected from discovery, on penalty of Professor Schwarcz being precluded from testifying regarding **REDACTED** because the accountants' right to cross-examine will be infringed. (McGladrey mem. at 3.) In this Circuit, Rule 26 does not create an absolute right to discover every document provided to a testifying expert witness. Similarly, in the analogous context of attorney-client privilege, the Third Circuit has held that documents reflecting core attorney work product that are considered by testifying experts need not be produced because the interest in protecting attorney work product outweighs the "marginal" benefit to an adversary on cross-examination of having access to the protected documents. *Bogosian v. Gulf Oil Corp.*, 738 F.2d 587, 593 (3d Cir. 1984); *see also, e.g., In Re Cendant* Corp, 343 F.3d 658, 665 (3d Cir. 2003). As one district court has explained:

> While we are cognizant of the cases that have interpreted Rule 26(a)(2)(B) as requiring the discovery of attorney work-product that has been disclosed to experts, we cannot reach the same conclusion based on prevailing Third Circuit case law. While other courts have found *Bogosian* to be "inapposite" after the 1993 amendments, *In re: Cendant Corp.* makes it clear that *Bogosian's* holding is still binding on lower courts.
>
>           \* \* \* \*
>
> Given that *In re: Cendant Corp.* was decided ten years after Rule 26 was amended, we cannot find that the Third Circuit's holding in *Bogosian* is inapplicable to the instant case. As such, we must find that core attorney work-product cannot be discovered under Rule 26 even if it is disclosed to an expert.

*St. Marys Area Water Auth. v. St. Paul Fire & Marine Ins. Co.*, 2006 WL 1670281, at \*\*1-2 (M.D. Pa. June 15, 2006). "Under Federal Rule of Civil Procedure 26(b)(3), attorney work product is not discoverable absent a showing of extraordinary circumstances." *Novartis Pharm. Corp. v. EON Labs Mfg., Inc.*, 206 F.R.D. 396, 398 (D. Del. 2002) (citing *Bogosian*, 738 F.2d at 593). Thus the mere fact that not every document is available to cross-examine experts is not grounds to disqualify that expert.

      The Accountant Defendants also argue that Professor Schwarcz must be precluded from testifying with respect to     **REDACTED**     because "[n]othing causes greater prejudice than to have to guess how and why an adversarial expert reached his or her conclusion." (McGladrey mem. at 5). But, as discussed above, the Accountant Defendants do not have to "guess how and why" Professor Schwarcz reached his conclusions. They have heard all the arguments and received all the documents discussed in the mediation statements, are well aware of all those arguments and documents, and have made use of them in discovery, depositions and pleadings. There is no mystery to harm the Accountant Defendants here.

### 2.    Pepper Will Not Be Harmed or Limited In Cross-Examining Professors Branson, Moore or Schwarcz

Pepper claims that it will be "severely hampered in any cross-examination of Branson, Moore and Schwarcz, because such examination 'runs a risk of touching on the privileged communications.'"[14]  But the Magistrate Judge in *Irwin* was concerned because the experts had reviewed *detrimental* statements made by the defendant in mediation, and these detrimental statements might be revealed during cross-examination when the experts were asked the bases for their opinions.  Indeed, one of the experts in *Irwin* purportedly was designated to testify regarding "assessing the liability of the defendants;" consideration of admissions by IBM inevitably would taint this expert's opinion.  2007 WL 518866, at *1.  No such danger is present here because    **REDACTED**


### CONCLUSION

None of the defendants are prejudiced in any way by Professors Branson, Moore and Schwarcz having considered the mediation parties' advocacy position statements.  In the absence of any discernable prejudice, their reports may not be stricken nor their testimony precluded. Accordingly, Defendants' motion to strike the expert reports of Douglas M. Branson, Nancy J.

---

[14]    Pepper mem. at 8, *quoting Irwin*, 2006 WL 3446584, at *3.

[15]    Pepper's reliance on In *In re Leap Wireless Int'l v. Crick Communications*, 301 B.R. 80 (S.D. Cal 2003), is misplaced.  There, the expert's report was stricken because the "underlying facts or data" were confidential and proprietary data and could not be provided to his adversary for use in cross-examination.  *Id.* at 84.  The analogy here would be if Pepper or the Accountant Defendants were unaware of the substantive arguments or document relied upon in the mediation statements -- which, as explained above, is not the case.

25202848\V-15

Moore and Steven L. Schwarcz and to preclude them from testifying at trial in this action should be denied.

If, however, this Court should determine to strike any portion of the reports of Professors Moore or Schwarcz, Royal requests sufficient time to find replacement experts and to file replacement reports.  Pepper has not sought to exclude the subject matters of the testimony, and we know of no authority that would deny replacement experts.  Even the *Irwin* case relied upon by Pepper recognized that denying expert testimony altogether would be an excessive sanction. 2007 WL 518866 at *6.  Therefore, if Pepper's motion is granted, Royal requests that it be afforded an opportunity to replace Professors Moore and Schwarcz.

Dated:  May 22, 2007

Respectfully submitted,

ASHBY & GEDDES

Michael H. Barr
Kenneth J. Pfaehler
SONNENSCHEIN NATH & ROSENTHAL LLP
1221 Avenue of the Americas
New York, New York 10020-1089
(212) 768-6700
(212) 768-6800 (fax)

 - and -

Alan S. Gilbert
John I. Grossbart
SONNENSCHEIN NATH & ROSENTHAL LLP
7800 Sears Tower
233 S. Wacker Drive
Chicago, Illinois 60606
(312) 876-8000
(312) 876-7934 (fax)
180836.1

Lawrence C. Ashby (#468)
Philip Trainer, Jr. (#2788)
Tiffany L. Geyer (#3950)
Andrew D. Cordo (#4534)
500 Delaware Avenue, 8th Floor
Wilmington, Delaware 19899
(302) 654-1888
(302) 654 2067 (Fax)

*Attorneys for Plaintiff*
*Royal Indemnity Company*

- 24 -

25202848\V-15

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of May, 2007, the attached **MEMORANDUM OF ROYAL INDEMNITY COMPANY IN OPPOSITION TO PEPPER HAMILTON'S AND W. RODERICK GAGNÉ'S MOTION TO STRIKE EXPERT REPORTS AND PRECLUDE TESTIMONY** was served upon the below-named counsel of record at the address and in the manner indicated:

William H. Sudell, Jr., Esquire                    HAND DELIVERY
Morris Nichols Arsht & Tunnell
1201 North Market Street
Wilmington, DE  19899-1347

David E. Wilks, Esquire                            HAND DELIVERY
Reed Smith LLP
1201 North Market Street, Suite 1500
Wilmington, DE  19801

Michael R. Lastkowski, Esquire                     HAND DELIVERY
Christopher M. Winter, Esquire
Duane Morris LLP
1100 North Market Street, Suite 1200
Wilmington, DE  19801

John W. Shaw, Esquire                              HAND DELIVERY
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19899

Karen Lee Turner, Esquire                          HAND DELIVERY
Susan E. Poppiti, Esquire
Eckert Seamans Cherin & Mellott, LLC
300 Delaware Avenue, Suite 1210
Wilmington, DE  19801

Charlene D. Davis, Esquire                         HAND DELIVERY
Mary E. Augustine, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE  19899

John H. Eickemeyer, Esquire                    <u>VIA ELECTRONIC MAIL</u>
Jonathan A. Wexler, Esquire
Vedder, Price, Kaufman & Kammholz, P.C.
1633 Broadway, 47th Floor
New York, NY  10019

Charles A. Gillman, Esquire                    <u>VIA ELECTRONIC MAIL</u>
David Montone, Esquire
David G. Januszewski, Esquire
M. Justin Lubeley, Esquire
Cahill Gordon & Reindel LLP
80 Pine Street
New York, NY  10005-1702

Elizabeth K. Ainslie, Esquire                  <u>VIA ELECTRONIC MAIL</u>
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103

Richard P. Swanson, Esquire                    <u>VIA ELECTRONIC MAIL</u>
Veronica E. Rendon, Esquire
Jason M. Butler, Esquire
Arnold & Porter LLP
399 Park Avenue
New York, NY  10022-4690

Steven M. Farina, Esquire                      <u>VIA ELECTRONIC MAIL</u>
Thomas H.L. Selby
Amber M. Mettler
Williams & Connolly LLP
725 Twelfth Street, NW.
Washington, DC  20005

Andre G. Castaybert, Esquire                   <u>VIA ELECTRONIC MAIL</u>
Ronald Rauchberg, Esquire
Steven Obus, Esquire
David McTaggart, Esquire
Proskauer Rose LLP
1585 Broadway
New York, NY  10036-8299

Michael S. Waters, Esquire
Lois H. Goodman, Esquire
McElroy, Deutsch, Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ 07102-4079

VIA ELECTRONIC MAIL

Neil G. Epstein, Esquire
Eckert Seamans Cherin & Mellott, LLC
1515 Market Street, 9th Floor
Philadelphia, PA 19102

VIA ELECTRONIC MAIL

Andrew N. Yao
107 Leighton Drive
Bryn Mawr, PA 19010

U.S. MAIL

/s/ Andrew D. Cordo
_____
Andrew D. Cordo

171237.1

3