# ATTACHMENT 2d

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

CHARLES A. STANZIALE, JR.,　　　　　)
CHAPTER 7 TRUSTEE OF　　　　　　　)
STUDENT FINANCE CORPORATION,　　)
　　　　　　　　　　　　　　　　　　)　　Misc. No. M8-85
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　Plaintiff,　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　vs.　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
PEPPER HAMILTON LLP, et. al.,　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　Defendant.　　　　)

## RESPONSE OF MANDIANT CORPORATION AND ROYAL INDEMNITY COMPANY TO ORDER TO SHOW CAUSE

Mandiant Corporation, successor in interest to Red Cliff Consulting LLC ("Mandiant"),

and Royal Indemnity Company ("Royal"), through their undersigned counsel Sonnenschein Nath

& Rosenthal LLP, hereby show cause why Mandiant should not be compelled to produce

documents pursuant to the *subpoena duces tecum* served by Pepper Hamilton LLP ("Pepper")

under the terms of the subpoena as currently stated. As grounds therefore, Mandiant and Royal

state as follows:

　　　　1.　　On or after November 21, 2006, Mandiant was served with a *subpoena duces*

*tecum* by Pepper, a defendant in the captioned case. Mandiant is not a party to the case. The

subpoena purports to require Mandiant to produce e-mails from servers formerly maintained by

Student Loan Servicing, LLC ("SLS"), or a complete copy of the servers. SLS is an affiliate of

Student Finance Corporation ("SFC"), which is in a chapter 7 bankruptcy proceeding in the

United States District Court for the District of Delaware. Mandiant and Royal understand that

SLS acquired the servers from SFC.

25192771\V-2

2.      The trustee has brought an adversary proceeding against, among others, Pepper. Royal has sued Pepper in another case also proceeding in the District of Delaware. The cases are jointly supervised for discovery purposes by the Honorable Judge Joseph J. Farnan, Jr. In those cases, the trustee and Royal have alleged that Pepper functioned as outside general counsel to SFC, and that a Pepper partner and his family invested more than $34 million in SFC and related companies. The trustee alleges that Pepper committed professional malpractice and breached its fiduciary duties to SFC. Royal also has sued Pepper, alleging among other things that Pepper aided and abetted SFC's fraud.[1]

3.      The SLS servers came into Mandiant's possession in 2004 pursuant to an agreement among the parties to the SFC bankruptcy. SLS was not and is not a party to the SFC bankruptcy or the bankruptcy adversary proceedings. Royal, however, sought access to the computer servers maintained by SLS as a potential source of discoverable information. (*See* exhibit A attached hereto). The trustee and SLS demurred because, among other things, the servers contained confidential and privileged communications with counsel. (Exhibit B).

4.      To assuage the trustee's and SLS's concerns, on June 17, July 8 and July 29, 2004, Royal sent letters proposing that a forensic consultant could duplicate the data on the servers, and release to Royal only data created or modified before September 29, 2003 (the date of the trustee's appointment) and screened for privileged communications. Protection of the privilege, and confidentiality, thus would be assured. Copies of these letters are attached as exhibits C, D and E.

5.      Counsel for Royal, the trustee and SLS held a telephonic conference on August 11, 2004, and agreed that SLS would produce the servers on the terms outlined in Royal's letters.

---

[1]    Oddly, counsel for Pepper declares that these allegations are false. Declaration of Stephen J. Shapiro in Support of Motion to Compel Discovery, dated December 29, 2006, at paragraph 7. We doubt that Mr. Shapiro bases this statement on any actual knowledge on his part.

25192771\V-2

On August 16, 2004, counsel for SLS wrote to counsel for Royal to confirm SLS's agreement. A copy of the letter from SLS's counsel is attached as exhibit F.

6.     On October 13, 2004, Mandiant was engaged by Royal's counsel to perform the August 16, 2004 agreement among counsel. A copy of the Engagement Protocols and Statement of Work for the engagement is attached as exhibit G.

7.     Mandiant performed the work and produced to Royal documents from the SLS servers, subject to the limitations in the August, 2004 agreement. As Pepper concedes (Shapiro decl. ¶ 8), Royal has produced all such documents to Pepper. The only documents on the servers relevant to the Pepper cases that have not been produced should be privileged communications, which as Pepper concedes (Shapiro decl. ¶ 8) have never been produced in the litigations relating to SFC. Mandiant still has custody of a copy of the server(s).

8.     Mandiant and Royal would not have a principled objection to Mandiant's responding to the subpoena as propounded if the August, 2004 agreement did not exist. However, the SLS servers were provided to Royal, and Royal provided them to Mandiant, on the condition that Royal -- and others -- not have access to SLS's privileged communications. For this reason, Mandiant and Royal share a concern that to respond to the Pepper subpoena could subject Mandiant or Royal to a claim from SLS for violating the August, 2004 agreement. For this reason too, counsel discussed the matter and a potential resolution with counsel for Pepper. On December 11, 2006, Mandiant sent a letter to Pepper indicating that it would not comply with the subpoena while counsel attempted to resolve the dilemma. A copy of this letter is attached as exhibit H.

9.     In addition, because the servers were formerly owned and operated by SFC, the SFC bankruptcy trustee has expressed concerns that the servers may contain emails or documents that are privileged communications between SFC, or the SFC trustee, and counsel.

25192771\V-2

Accordingly, the SFC trustee objected to the unfiltered production of the SLS servers, and has directed Mandiant not to produce the servers. A copy of the trustee's letter is attached as exhibit I. The SFC trustee is unwilling to allow the SLS servers to be produced unless they are first filtered to protect SFC's privilege. Applying such a filter can be an expensive proposition; Mandiant estimates the cost here at $30,000 - $50,000.

10.     If filters are to be applied to protect the trustee, the cost should be borne by Pepper. *See, e.g., R.J. Reynolds Tobacco v. Philip Morris, Inc.*, No. 00-4226, 29 Fed. Appx. 880, 883, 2002 WL 334111, **2 (3d Cir. Feb. 28, 2002) ("Significant expenses must be borne by the party seeking discovery") (attached as exhibit J); *see also, cf., Chimie v. PPG Indus., Inc.*, 218 F.R.D. 416, 422 fn. 7 (D. Del. 2003); *Zubulake v. USB Warburg LLC*, 216 F.R.D. 280, 284 (S.D.N.Y. 2003). For its part, we note that Mandiant cannot be compelled to produce the information in a filtered fashion, but has the option of producing them as they are maintained by Mandiant, unfiltered. Fed. R. Civ. P. 45(d)(1)(A).

11.     SLS is not a party to the bankruptcy adversary proceeding or Royal's case against Pepper, and Royal and Mandiant do not know whether SLS actually received a copy of Pepper's subpoena to Mandiant. To ensure that SLS had a chance to protect its privilege, on December 14, 2006, Mandiant wrote to SLS's registered agent and sent the letter by Federal Express overnight delivery service to afford SLS an opportunity to protect its privilege. A copy of this letter is attached as exhibit K. SLS has not responded to this letter in any way.

12.     Although Pepper's counsel is aware of the August, 2004 agreement with SLS, Pepper's response has been to ignore the issue of how Mandiant came to be an possession of SLS's privileged communications and to simply demand that Mandiant comply forthwith. For the reasons set forth above, the relief sought by Pepper should be denied.

- 4 -

WHEREFORE, Mandiant and Royal respectfully request the Court to determine:

(i) whether the communications on the SLS servers may be produced to Pepper pursuant to the subpoena notwithstanding the August, 2004 agreement with SLS,

(ii) to determine appropriate safeguards for such a production, if any, and to require Pepper to bear the cost for Mandiant to comply with the safeguards; and

(iii)(a) to require Pepper to bear the cost of applying any filters that are required to protect the trustee's privilege, or

(b) to determine that the allocation of cost for applying the filters sought by the trustee is not a matter to be determined on this order to show cause, but rather a matter for resolution by the United States District Court for the District of Delaware.

Dated: January 10, 2007          Respectfully submitted,

SONNENSCHEIN NATH & ROSENTHAL LLP

Michael H. Barr          (MB-3171)
Kenneth J. Pfachler
1221 Avenue of the Americas
New York, New York 10020-1089
(212) 768-6700
(212) 768-6800 (Fax)

*Attorneys for Respondents Mandiant Corporation
and Royal Indemnity Company*

25192771\V-2

# Exhibit A


SONNENSCHEIN NATH & ROSENTHAL LLP

1301 K Street N.W.
Suite 600, East Tower
Washington, D.C. 20005
202.408.6400
202.408.6399 fax
www.sonnenschein.com

Chicago
Kansas City
Los Angeles
New York
San Francisco
Short Hills, N.J.
St. Louis
Washington, D.C.
West Palm Beach

Marc J. Zwillinger
202.408.9171
mzwillinger@sonnenschein.com

June 14, 2004

<u>VIA FACSIMILE AND FEDERAL EXPRESS</u>

Sheryl L. Auerbach
Member
Dilworth Paxson LLP
3200 Mellon Bank Center
1735 Market Street
Philadelphia, PA  19103-7595

Dear Ms. Auerbach:

As we discussed, this firm ("Sonnenschein") will engage FTI Consulting, Inc. ("FTI") on behalf of our client, Royal Indemnity Company ("Royal").   This engagement will consist of the data restoration, data preservation, and potentially data analysis and preparation services set forth in the Statement of Work provided by FTI (the "Services").  The Services will be performed in connection with those servers identified in the Statement of Work which have been used by SFC to transmit and store data (the "Servers").  SFC shall provide FTI with reasonable cooperation to allow it to conduct the Services, and shall use reasonable efforts to assist Royal to obtain permission from Student Loan Servicing, LLC ("SLS") to the extent necessary to perform the Services.

Attached hereto as Exhibit A is a list of prior counsel for SFC that will be used by FTI to identify electronic records that Royal and SFC have agreed shall be treated as privileged (the "Privileged Materials"). All correspondence sent by or directed to individuals listed on Exhibit A (as a main addressee and not a "cc") shall be excluded from the material provided to Royal and Sonnenschein. SFC will cooperate with Royal and FTI to help locate and identify email addresses for these individuals to assist FTI in locating and excluding such materials.  SFC and Royal agree that any inadvertent production of privileged material by FTI shall not be deemed a waiver of any work product or attorney-client privileges pertaining to such material.  SFC and Royal also agree that by this agreement, Royal is not waiving and is expressly reserving its right to challenge any privilege asserted by SFC with regard to such documents, but shall not use this letter agreement or any inadvertent production pursuant hereto to demonstrate waiver.



Sheryl L. Auerbach
June 14, 2004
Page 2

Royal shall bear the entire cost of the Services and shall furnish SFC with access to all records extracted from the Servers and provided to Royal by FTI in the same manner and format as the material is made available to Royal. SFC will not commission any additional work or changes to work by FTI or otherwise incur any fees or costs payable by Royal, unless approved in advance by Sonnenschein. SFC shall be entitled to have access to any Privileged Materials excluded from the data made available to Sonnenschein and Royal, but any such expenses incurred in searching through or duplicating such data shall be borne entirely by SFC.

Please sign below and return a copy to me to indicate your agreement to the terms of this letter. Feel free to contact me if you have any questions.

Sincerely,

*Marc J. Zwillinger /sm*

Marc J. Zwillinger

Acknowledged and Agreed by:

_____        _____
Sheryl L. Auerbach                          Date
DILWORTH PAXSON LLP
for CHARLES A. STANZIALE, JR., Chapter 7 Trustee of SFC

Read and Accepted by:

_____        *Marc J. Zwillinger /sm 6/14/04*
Neal B. Lawson              Date       Marc Zwillinger, Esq.              Date
FTI CONSULTING, INC.                   SONNENSCHEIN NATH & ROSENTHAL LLP
                                       for ROYAL INDEMNITY COMPANY

cc:     Alan S. Gilbert, Esq.
        Daniel D. Barnowski, Esq.
        Peter D. Wolfson, Esq.
        Shane M. McGee, Esq.



SONNENSCHEIN NATH & ROSENTHAL LLP

1301 K Street N.W.
Suite 600, East Tower
Washington, D.C. 20005
202.408.6400
202.408.6399 fax
www.sonnenschein.com

*Chicago*
*Kansas City*
*Los Angeles*
*New York*
*San Francisco*
*Short Hills, NJ*
*St. Louis*
*Washington, D.C.*
*West Palm Beach*

## Facsimile Transmittal Sheet

*DATE▪*    June 14, 2004

*PLEASE DELIVER THE FOLLOWING PAGES TO:*

*NAME▪*              Sheryl L. Auerbauch
*FIRM▪*              Dilworth Paxson
*PHONE▪*             215-575-7000
*FAX▪*               215-575-7200
*CLIENT / MATTER▪*
*FROM▪*              Marc J. Zwillinger
*TOTAL NUMBER OF PAGES TRANSMITTED, INCLUDING THIS SHEET:*    3

*MESSAGE ▪*

*Original will NOT be mailed*

*CONFIDENTIALITY NOTE*

*The documents accompanying this facsimile transmission and the Facsimile Transmission Sheet contain information from the law firm of Sonnenschein Nath & Rosenthal LLP which is confidential or privileged. The information is intended to be for the use of the individual or entity named on this transmission sheet. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this facsimiled information is prohibited. If you have received this facsimile in error, please notify us by telephone immediately so that we can arrange for the retrieval of the original documents at no cost to you.*

*IF YOU DO NOT RECEIVE ALL OF THE PAGES ABOVE, PLEASE CALL 202.408.6400 AS SOON AS POSSIBLE.*

*SN&R FACSIMILE DEPARTMENT USE ONLY:*

*TRANSMISSION COMPLETED AT:*              *DOCUMENT TRANSMITTED BY:*

```
                          *********************
                          ***   TX REPORT   ***
                          *********************

          TRANSMISSION OK

          TX/RX NO              0351
          CONNECTION TEL                912155757200
          SUBADDRESS
          CONNECTION ID
          ST. TIME              06/14 11:39
          USAGE T               00'47
          PGS. SENT                3
          RESULT                OK
```

# Sonnenschein
SONNENSCHEIN NATH & ROSENTHAL LLP

1301 K Street N.W.
Suite 600, East Tower
Washington, D.C. 20005
202.408.6400
202.408.6399 fax
www.sonnenschein.com

Chicago
Kansas City
Los Angeles
New York
San Francisco
Short Hills, NJ
St. Louis
Washington, D.C.
West Palm Beach

## Facsimile Transmittal Sheet

DATE•   June 14, 2004

PLEASE DELIVER THE FOLLOWING PAGES TO:

NAME•       Sheryl L. Auerbauch

FIRM•       Dilworth Paxson

PHONE•      215-575-7000

FAX•        215-575-7200

CLIENT / MATTER•

FROM•       Marc J. Zwillinger

TOTAL NUMBER OF PAGES TRANSMITTED, INCLUDING THIS SHEET:        3

MESSAGE •



**Sonnenschein**
SONNENSCHEIN NATH & ROSENTHAL LLP

1301 K Street N.W.
Suite 600, East Tower
Washington, D.C. 20005
202.408.6400
202.408.6399 fax
www.sonnenschein.com

*Chicago*
*Kansas City*
*Los Angeles*
*New York*
*San Francisco*
*Short Hills, NJ*
*St. Louis*
*Washington, D.C.*
*West Palm Beach*

## Facsimile Transmittal Sheet

*DATE:*  June 14, 2004

*PLEASE DELIVER THE FOLLOWING PAGES TO:*

| NAME | FIRM | PHONE | FAX |
|------|------|-------|-----|
| Alan S. Gilbert | SNR-CH | 312-876-7410 | 312-876-7934 |
| Peter D. Wolfson | SNR-NY | 212-768-6840 | 212-768-6800 |

*CLIENT / MATTER:*  Royal & Sun Alliance/SFC 20010580-0087

*FROM:*  Marc J. Zwillinger

*TOTAL NUMBER OF PAGES TRANSMITTED, INCLUDING THIS SHEET:*  3

*MESSAGE:*

*Original will NOT be mailed*

*CONFIDENTIALITY NOTE*

*The documents accompanying this facsimile transmission and the Facsimile Transmission Sheet contain information from the law firm of Sonnenschein Nath & Rosenthal LLP which is confidential or privileged. The information is intended to be for the use of the individual or entity named on this transmission sheet. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this facsimiled information is prohibited. If you have received this facsimile in error, please notify us by telephone immediately so that we can arrange for the retrieval of the original documents at no cost to you.*

*IF YOU DO NOT RECEIVE ALL OF THE PAGES ABOVE, PLEASE CALL 202.408.6400 AS SOON AS POSSIBLE.*

*SN&R FACSIMILE DEPARTMENT USE ONLY:*

*TRANSMISSION COMPLETED AT:*                *DOCUMENT TRANSMITTED BY:*

```
                    *********************
                    ***   TX REPORT   ***
                    *********************


        TRANSMISSION OK

        TX/RX NO              0354
        CONNECTION TEL               912127686800
        SUBADDRESS
        CONNECTION ID
        ST. TIME             06/14 11:43
        USAGE T              01'26
        PGS. SENT            3
        RESULT               OK
```

# Sonnenschein
### SONNENSCHEIN NATH & ROSENTHAL LLP

1301 K Street N.W.
Suite 600, East Tower
Washington, D.C. 20005
202.408.6400
202.408.6399 fax
www.sonnenschein.com

*Chicago*
*Kansas City*
*Los Angeles*
*New York*
*San Francisco*
*Short Hills, NJ*
*St. Louis*
*Washington, D.C.*
*West Palm Beach*

## Facsimile Transmittal Sheet

*DATE*  June 14, 2004

*PLEASE DELIVER THE FOLLOWING PAGES TO:*

| NAME | FIRM | PHONE | FAX |
|------|------|-------|-----|
| Alan S. Gilbert | SNR-CH | 312-876-7410 | 312-876-7934 |
| Peter D. Wolfson | SNR-NY | 212-768-6840 | 212-768-6800 |

CLIENT / MATTER•   Royal & Sun Alliance/SFC 20010580-0087

FROM•   Marc J. Zwillinger

*TOTAL NUMBER OF PAGES TRANSMITTED, INCLUDING THIS SHEET:*   3

*MESSAGE* •

From:   Origin ID:   (202)408-9171
Marc Zwillinger
Sonnenschein Nath and Rosenthal
1301 K Street, NW
5th Floor
Washington, DC 20005


**FedEx**
Express



Ship Date: 14JUN04
Actual Wgt: 1 LB
System# 3887387/INFT1850
Account#: S ********

REF: 20010580-0087 (MJ7)

Delivery Address Bar Code

SHIP TO:   (202)408-9171        BILL SENDER

**Sheryl Auerbach**
**Dilworth Paxson LLP**
**3200 Mellon Bank Center**
**1735 Market Street**
**Philadelphia, PA 191037595**





**STANDARD OVERNIGHT**                    **TUE**
                                       Deliver By:
TRK#   **7906 6840 7040**   FORM       **15JUN04**
                            0201
                                       **PHL**   A1

**19103**   -PA-US

**Z9 PSQA**

---

Shipping Label: Your shipment is complete

1.  Use the 'Print' feature from your browser to send this page to your laser or inkjet printer.
2.  Fold the printed page along the horizontal line.
3.  Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.**

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

**Exhibit B**

## SCHWARTZ, TOBIA, STANZIALE, SEDITA & CAMPISANO

Kip's Castle
22 Crestmont Road
Montclair, NJ 07042
Telephone # (973) 746-6000
Telecopier #1 (973) 655-0699

---

### FACSIMILE TRANSMITTAL COVERSHEET

---

8660-03

DATE:    June 15, 2004

TO:      Marc J. Zwillinger, Esquire          (202) 408-6399
         Neal B. Lawson, FTI Consulting       (202) 312-9101
         Sheryl L. Auerbach, Esquire          (215) 575-7200
         Daniel K. Astin, Esquire             (302) 658-6395

FROM:    Charles A. Stanziale, Esq.

Re:      *Student Finance Corporation*
         *Engagement by Sonnenschein Firm of FTI Consulting, Inc.*

TOTAL PAGES:    4

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS ATTORNEY PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPY OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

N:\docs1\008660\03\A0072175.WPD

LAW OFFICES

## SCHWARTZ, TOBIA, STANZIALE, SEDITA & CAMPISANO

A PROFESSIONAL ASSOCIATION

KIP'S CASTLE

22 CRESTMONT ROAD

MONTCLAIR, NEW JERSEY 07042

(973) 746-6000

FAX

(973) 746-5848

(973) 746-8250

(973) 655-0699 Direct Fax

THEODORE A. SCHWARTZ
CHARLES A. STANZIALE, JR. "II"
RONALD L. TOBIA•••
DAMON R. SEDITA••
JOSEPH M. CAMPISANO
WARREN B. KAGGAN
FRANK R. CAMPISANO
DONALD J. CRECCA
SANDRA T. AYRES
WILLIAM A. BAKER'
JILL TOBIA SORGER ••••
RICHARD J. SCHWARTZ••••
WANDA CHIN MONAHAN •••••
JEFFREY T. TESTA
KIM M. DIDDIO••

OF COUNSEL
ROGER C. WARD

COUNSEL
KENT A. P. WEISERT

TRENTON OFFICE
172 W. STATE STREET
P.O. BOX 2041
TRENTON, NJ 08607
(609) 393-0041
FAX
(609) 393-1980

ALSO CA BAR•
ALSO D.C. BAR••
ALSO FL BAR•••
ALSO NY BAR••••
ALSO MD BAR•
ALSO PA BAR•••

June 15, 2004

## VIA FACSIMILE – 202-408-6399 and FIRST CLASS MAIL

Marc J. Zwillinger, Esquire
Sonnenschein Nath & Rosenthal LLP
1301 K Street N.W.
Suite 600, East Tower
Washington, DC 20005

Re: **Student Finance Corporation ("SFC") - Engagement**
**by Sonnenschein Firm of FTI Consulting, Inc.**

Dear Mr. Zwillinger:

Sheryl L. Auerbach forwarded to me a copy of the June 14, 2004 letter concerning Sonnenschein's engagement of FTI Consulting, Inc. and its affiliates and subcontractors (collectively "FTI") on behalf of Royal Indemnity Company ("Royal") which she received from you without the referenced exhibit. (Agreement will need to be reached regarding the exhibit.) Because your letter does not recite our entire agreement concerning the data preservation and restoration, I am circulating this supplement to more fully reflect the parties' understanding regarding FTI's services.

First, as Ms. Auerbach and I previously advised, the Estate does not own several of the pieces of equipment on which FTI will be working. Accordingly, you will need to obtain appropriate consents from Student Loan Services ("SLS") to copying and/or restoring its equipment. Of course, because SFC is a user of SLS systems, the time period for any shutdown of the systems which SFC currently uses must be agreed to by SFC as well.

Second, no data on the hard drives or other equipment or disks (including back-up tapes) created after the date of my appointment as Trustee, September 29, 2003, shall be provided by FTI to Royal or its counsel. See legend at the bottom of the privilege list which was sent by Ms. Auerbach to you last week and which reflected Royal's June 1, 2004 agreement on that point. As counsel have discussed several times, due to e-mailing between counsel for the Trustee and representatives at SFC working with counsel, there is considerable work product contained within the data created after the date of my appointment.

N:\docs1\008660\03\A0072169.DOC

Marc J. Zwillinger, Esquire
June 15, 2004
Page 2

   With respect to privilege, it is our agreement that all e-mails and other communications sent by or directed to individuals identified on Exhibit A including all attachments thereto are deemed as protected by the work product doctrine or attorney-client privilege. The privileged protection designation will **not** be subject to subsequent challenge by Royal. While we may determine to provide Royal with any non-privileged communications which we detect in the course of our review, it is expressly understood that the Trustee has no obligation to review the material withheld as presumptively protected and is not required to furnish any privilege list or log.

   Further, all charges by FTI for providing access to the Trustee of the records extracted from the servers and other items copied and provided to Royal and its counsel in the same manner and format as is made available to Royal, shall be paid for by Royal. Additionally, FTI will provide, at Royal's expense, to SFC only in the same format as the previous items a copy of the privileged materials excluded from the data produced to Royal and its counsel.

   Lastly, this agreement is subject to your appending and my reviewing the subject Statement of Work, which is deemed modified as necessary by our agreement. Consistent with our discussion with you, we request that both you and FTI acknowledge your understanding of the above by signing and returning to us a copy of this letter supplement.

                                        Sincerely,

                                        Charles A. Stanziale, Jr.

CAS/ja
Cc:    Neal B. Lawson, FTI Consulting, Inc. (via Facsimile – 202-312-9101)
       Sheryl L. Auerbach, Esquire (via Facsimile)
       Daniel K. Astin, Esquire (via Facsimile)


Read and Accepted by:


_____
Neal B. Lawson                    Date
FTI Consulting, Inc.


_____
Marc J. Zwillinger, Esquire       Date
On behalf of Royal Indemnity Company

**Exhibit C**

# S⊖nnensche⊓n
### SONNENSCHEIN NATH & ROSENTHAL LLP

Marc J. Zwillinger
202.408.9171
mzwillinger@sonnenschein.com

1301 K Street N.W.
Suite 600, East Tower
Washington, D.C. 20005
202.408.6400
202.408.6399 fax
www.sonnenschein.com

Chicago
Kansas City
Los Angeles
New York
San Francisco
Short Hills, N.J.
St. Louis
Washington, D.C.
West Palm Beach

June 17, 2004

VIA FACSIMILE AND FEDEX

Charles A. Stanziale, Jr.
Schwartz, Tobia, Stanziale, Sedita & Campisano
Kip's Castle
22 Crestmont Road
Montclair, NJ 07042

      Re:     Engagement of FTI Consulting, Inc.

Dear Mr. Stanziale:

      We received your letter of June 15, 2004, and agree with many of the terms contained therein. Specifically, we agree to obtain the consent of Student Loan Services ("SLS") before starting work, and that we will instruct FTI Consulting, Inc. ("FTI") to produce no data that was created after the date of your appointment as Trustee.

      There are two aspects of your letter with which we do not agree, and have never agreed. First, with regard to claims of privilege, we agreed that whatever agreement we reached with regard to this forensic imaging would not result in any waiver of your claims of privilege and work-product whatsoever. We did not agree, however, that this agreement would bind Royal Indemnity Company ("Royal") to accept all materials excluded from the production as privileged. This result would be absurd, as we have intentionally (and at your request) designed a protocol to exclude documents – many of which are clearly not privileged – from being produced to Royal so that you can avoid a lengthy and costly privilege review. Even without the over-inclusiveness issue, we have never agreed that all communications with and among the entities to be included in the Exhibit are privileged. In fact, some of those communications may be within well-recognized exceptions to the privilege, including without limitation the crime-fraud exception. Accordingly, under no circumstances does Royal agree that our willingness to allow you to exclude a broad category of materials for these purposes constitutes a waiver of Royal's right to challenge privilege or otherwise binds Royal.

      The second, less significant point of disagreement concerns your language regarding the documents that will be produced to you at Royal's expense. For purposes of clarity, we agree that you shall be provided with access to all materials provided by FTI to Royal, in the same manner and form as they are provided to Royal. With regard to the excluded materials, however, Royal will pay for you to obtain only a single electronic copy of all materials excluded from the



June 17, 2004
Page 2

production to Royal. We will not pay for any additional searches, printouts, or other analysis of these materials.

We believe that these three letters (our letter of June 14, 2004, your response of June 15, 2004, and this response of June 17, 2004) adequately memorialize the agreement between us. If you disagree, please let me know.

Sincerely,

Marc J. Zwillinger /sm

Marc J. Zwillinger

cc:    Sheryl L. Auerbach, Esq.
       Neal B. Lawson, FTI Consulting, Inc.
       Alan S. Gilbert, Esq.
       Daniel D. Barnowski, Esq.
       Peter D. Wolfson, Esq.
       Shane M. McGee, Esq.

From: Origin ID: (202)408-9171
Marc Zwillinger
Sonnenschein Nath and Rosenthal
1301 K Street, NW
5th Floor
Washington, DC 20005



Ship Date: 17JUN04
Actual Wgt. 1 LB
System#: 3987387/INET1850
Account#: S *********

REF: 20010580-0087 (MJZ)

Delivery Address Bar Code

SHIP TO: (202)408-9171     BILL SENDER
**Charles A. Stanziale, Jr.**
Schwartz, Tobia, Stanziale, Sedita
22 Crestmont Road

**Montclair, NJ 07042**



STANDARD OVERNIGHT        **FRI**

Deliver By:
TRK#   **7920 2472 3475**    FORM        18JUN04
                      0201    **EWR**    A1

**07042**    -NJ-US

# Z3 SXPA

Shipping Label: Your shipment is complete

1. Use the 'Print' feature from your browser to send this page to your laser or inkjet printer.

2. Fold the printed page along the horizontal line.

3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.**

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

```
                        ***********************
                        ***    TX REPORT    ***
                        ***********************


        TRANSMISSION OK

        TX/RX NO            0363
        CONNECTION TEL              919736550699
        SUBADDRESS
        CONNECTION ID
        ST. TIME           06/17 17:10
        USAGE T            00'47
        PGS. SENT            3
        RESULT             OK
```

# Sonnenschein
SONNENSCHEIN NATH & ROSENTHAL LLP

1301 K Street N.W.
Suite 600, East Tower
Washington, D.C. 20005
202.408.6400
202.408.6399 fax
www.sonnenschein.com

*Chicago*
*Kansas City*
*Los Angeles*
*New York*
*San Francisco*
*Short Hills, NJ*
*St. Louis*
*Washington, D.C.*
*West Palm Beach*

## Facsimile Transmittal Sheet

DATE•   June 17, 2004

PLEASE DELIVER THE FOLLOWING PAGES TO:

NAME•        Charles A. Stanziale, Jr.

FIRM•        Schwartz, Tobia, Stanziale, Sedita & Campisano

PHONE•

FAX•         (973) 655-0699

CLIENT / MATTER•

FROM•        Marc J. Zwillinger

TOTAL NUMBER OF PAGES TRANSMITTED, INCLUDING THIS SHEET:        3

MESSAGE •



Sonnenschein
SONNENSCHEIN NATH & ROSENTHAL LLP

1301 K Street N.W.
Suite 600, East Tower
Washington, D.C. 20005
202.408.6400
202.408.6399 fax
www.sonnenschein.com

Chicago
Kansas City
Los Angeles
New York
San Francisco
Short Hills, NJ
St. Louis
Washington, D.C.
West Palm Beach

## Facsimile Transmittal Sheet

DATE•   June 17, 2004

PLEASE DELIVER THE FOLLOWING PAGES TO:

NAME•          Charles A. Stanziale, Jr.

FIRM•          Schwartz, Tobia, Stanziale, Sedita & Campisano

PHONE•

FAX•           (973) 655-0699

CLIENT / MATTER•

FROM•          Marc J. Zwillinger

TOTAL NUMBER OF PAGES TRANSMITTED, INCLUDING THIS SHEET:        3

MESSAGE •

Original will NOT be mailed

CONFIDENTIALITY NOTE

The documents accompanying this facsimile transmission and the Facsimile Transmission Sheet contain information from the law firm of
Sonnenschein Nath & Rosenthal LLP which is confidential or privileged. The information is intended to be for the use of the individual or entity
named on this transmission sheet. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the
contents of this facsimiled information is prohibited. If you have received this facsimile in error, please notify us by telephone immediately so
that we can arrange for the retrieval of the original documents at no cost to you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES ABOVE, PLEASE CALL 202.408.6400 AS SOON AS POSSIBLE.

SN&R FACSIMILE DEPARTMENT USE ONLY:

TRANSMISSION COMPLETED AT:              DOCUMENT TRANSMITTED BY:

```
                    ***********************
                    ***   TX REPORT   ***
                    ***********************

        TRANSMISSION OK

        TX/RX NO             0364
        CONNECTION TEL               912155757200
        SUBADDRESS
        CONNECTION ID
        ST. TIME             06/17 17:11
        USAGE T              00'43
        PGS. SENT            3
        RESULT               OK
```

# Sonnenschein
SONNENSCHEIN NATH & ROSENTHAL LLP

1301 K Street N.W.
Suite 600, East Tower
Washington, D.C. 20005
202.408.6400
202.408.6399 fax
www.sonnenschein.com

*Chicago*
*Kansas City*
*Los Angeles*
*New York*
*San Francisco*
*Short Hills, NJ*
*St. Louis*
*Washington, D.C.*
*West Palm Beach*

## Facsimile Transmittal Sheet

*DATE*.   June 17, 2004

*PLEASE DELIVER THE FOLLOWING PAGES TO:*

NAME.        Sheryl L. Auerbauch

FIRM.        Dilworth Paxson

PHONE.       215-575-7000

FAX.         215-575-7200

CLIENT / MATTER.

FROM.        Marc J. Zwillinger

*TOTAL NUMBER OF PAGES TRANSMITTED, INCLUDING THIS SHEET:*        3

*MESSAGE* ♦



Sonnenschein
SONNENSCHEIN NATH & ROSENTHAL LLP

1301 K Street N.W.
Suite 600, East Tower
Washington, D.C. 20005
202.408.6400
202.408.6399 fax
www.sonnenschein.com

*Chicago*
*Kansas City*
*Los Angeles*
*New York*
*San Francisco*
*Short Hills, NJ*
*St. Louis*
*Washington, D.C.*
*West Palm Beach*

## Facsimile Transmittal Sheet

*DATE*  June 17, 2004

*PLEASE DELIVER THE FOLLOWING PAGES TO:*

*NAME*          Sheryl L. Auerbauch

*FIRM*          Dilworth Paxson

*PHONE*        215-575-7000

*FAX*           215-575-7200

*CLIENT / MATTER*

*FROM*         Marc J. Zwillinger

*TOTAL NUMBER OF PAGES TRANSMITTED, INCLUDING THIS SHEET:*     3

*MESSAGE*

*Original will NOT be mailed*

**CONFIDENTIALITY NOTE**

*The documents accompanying this facsimile transmission and the Facsimile Transmission Sheet contain information from the law firm of Sonnenschein Nath & Rosenthal LLP which is confidential or privileged. The information is intended to be for the use of the individual or entity named on this transmission sheet. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this facsimiled information is prohibited. If you have received this facsimile in error, please notify us by telephone immediately so that we can arrange for the retrieval of the original documents at no cost to you.*

*IF YOU DO NOT RECEIVE ALL OF THE PAGES ABOVE, PLEASE CALL 202.408.6400 AS SOON AS POSSIBLE.*

*SN&R FACSIMILE DEPARTMENT USE ONLY:*

*TRANSMISSION COMPLETED AT:*                  *DOCUMENT TRANSMITTED BY:*

```
                    ***********************
                    ***   TX REPORT   ***
                    ***********************

   TRANSMISSION OK

   TX/RX NO            0365
   CONNECTION TEL             93129101
   SUBADDRESS
   CONNECTION ID
   ST. TIME           06/17 17:13
   USAGE T            00'42
   PGS. SENT          3
   RESULT             OK
```

# Sonnenschein
SONNENSCHEIN NATH & ROSENTHAL LLP

1301 K Street N.W.
Suite 600, East Tower
Washington, D.C. 20005
202.408.6400
202.408.6399 fax
www.sonnenschein.com

Chicago
Kansas City
Los Angeles
New York
San Francisco
Short Hills, NJ
St. Louis
Washington, D.C.
West Palm Beach

## Facsimile Transmittal Sheet

DATE•   June 17, 2004

PLEASE DELIVER THE FOLLOWING PAGES TO:

NAME•       Neal B. Lawson

FIRM•       FTI Consulting, Inc.

PHONE•

FAX•        (202) 312-9101

CLIENT / MATTER•

FROM•       Marc J. Zwillinger

TOTAL NUMBER OF PAGES TRANSMITTED, INCLUDING THIS SHEET:       3

MESSAGE•



SONNENSCHEIN NATH & ROSENTHAL LLP

1301 K Street N.W.
Suite 600, East Tower
Washington, D.C. 20005
202.408.6400
202.408.6399 fax
www.sonnenschein.com

*Chicago*
*Kansas City*
*Los Angeles*
*New York*
*San Francisco*
*Short Hills, NJ*
*St. Louis*
*Washington, D.C.*
*West Palm Beach*

# Facsimile Transmittal Sheet

*DATE*•   June 17, 2004

*PLEASE DELIVER THE FOLLOWING PAGES TO:*

*NAME*•      Neal B. Lawson

*FIRM*•      FTI Consulting, Inc.

*PHONE*•

*FAX*•       (202) 312-9101

*CLIENT / MATTER*•

*FROM*•      Marc J. Zwillinger

*TOTAL NUMBER OF PAGES TRANSMITTED, INCLUDING THIS SHEET:*      3

*MESSAGE* •

*Original will NOT be mailed*

*CONFIDENTIALITY NOTE*

*The documents accompanying this facsimile transmission and the Facsimile Transmission Sheet contain information from the law firm of Sonnenschein Nath & Rosenthal LLP which is confidential or privileged. The information is intended to be for the use of the individual or entity named on this transmission sheet. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this facsimiled information is prohibited. If you have received this facsimile in error, please notify us by telephone immediately so that we can arrange for the retrieval of the original documents at no cost to you.*

*IF YOU DO NOT RECEIVE ALL OF THE PAGES ABOVE, PLEASE CALL 202.408.6400 AS SOON AS POSSIBLE.*

*SN&R FACSIMILE DEPARTMENT USE ONLY:*

*TRANSMISSION COMPLETED AT:*                *DOCUMENT TRANSMITTED BY:*

```
                    ************************
                    ***   TX REPORT   ***
                    ************************

      TRANSMISSION OK

      TX/RX NO            0367
      CONNECTION TEL           912127686800
      SUBADDRESS
      CONNECTION ID
      ST. TIME           06/17 17:16
      USAGE T            01'25
      PGS. SENT          3
      RESULT             OK
```

# Sonnenschein
SONNENSCHEIN NATH & ROSENTHAL LLP

1301 K Street N.W.
Suite 600, East Tower
Washington, D.C. 20005
202.408.6400
202.408.6399 fax
www.sonnenschein.com

*Chicago*
*Kansas City*
*Los Angeles*
*New York*
*San Francisco*
*Short Hills, NJ*
*St. Louis*
*Washington, D.C.*
*West Palm Beach*

## Facsimile Transmittal Sheet

*DATE▪*  June 17, 2004

*PLEASE DELIVER THE FOLLOWING PAGES TO:*

| NAME | FIRM | PHONE | FAX |
|------|------|-------|-----|
| Alan S. Gilbert | SNR-CH | 312-876-7410 | 312-876-7934 |
| Peter D. Wolfson | SNR-NY | 212-768-6840 | 212-768-6800 |

*CLIENT/MATTER▪*  Royal & Sun Alliance/SFC 20010580-0087

*FROM▪*  Marc J. Zwillinger

*TOTAL NUMBER OF PAGES TRANSMITTED, INCLUDING THIS SHEET:*  3

*MESSAGE ▪*


**Sonnenschein**
SONNENSCHEIN NATH & ROSENTHAL LLP

1301 K Street N.W.
Suite 600, East Tower
Washington, D.C. 20005
202.408.6400
202.408.6399 fax
www.sonnenschein.com

*Chicago*
*Kansas City*
*Los Angeles*
*New York*
*San Francisco*
*Short Hills, NJ*
*St. Louis*
*Washington, D.C.*
*West Palm Beach*

# Facsimile Transmittal Sheet

*DATE*•   June 17, 2004

*PLEASE DELIVER THE FOLLOWING PAGES TO:*

| NAME | FIRM | PHONE | FAX |
|------|------|-------|-----|
| Alan S. Gilbert | SNR-CH | 312-876-7410 | 312-876-7934 |
| Peter D. Wolfson | SNR-NY | 212-768-6840 | 212-768-6800 |

*CLIENT / MATTER*•   Royal & Sun Alliance/SFC 20010580-0087

*FROM*•   Marc J. Zwillinger

*TOTAL NUMBER OF PAGES TRANSMITTED, INCLUDING THIS SHEET:*          3

*MESSAGE* •

*Original will NOT bo mailed*

*CONFIDENTIALITY NOTE*

*The documents accompanying this facsimile transmission and the Facsimile Transmission Sheet contain information from the law firm of Sonnenschein Nath & Rosenthal LLP which is confidential or privileged. The information is intended to be for the use of the individual or entity named on this transmission sheet. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this facsimiled information is prohibited. If you have received this facsimile in error, please notify us by telephone immediately so that we can arrange for the retrieval of the original documents at no cost to you.*

*IF YOU DO NOT RECEIVE ALL OF THE PAGES ABOVE, PLEASE CALL 202.408.6400 AS SOON AS POSSIBLE.*

*SN&R FACSIMILE DEPARTMENT USE ONLY:*

*TRANSMISSION COMPLETED AT:*          *DOCUMENT TRANSMITTED BY:*

**Exhibit D**

# Sonnenschein
SONNENSCHEIN NATH & ROSENTHAL LLP

**Marc J. Zwillinger**
202.408.9171
mzwillinger@sonnenschein.com

1301 K Street N.W.
Suite 600, East Tower
Washington, D.C. 20005
202.408.6400
202.408.6399 fax
www.sonnenschein.com

Chicago
Kansas City
Los Angeles
New York
San Francisco
Short Hills, N.J.
St. Louis
Washington, D.C.
West Palm Beach

July 8, 2004

<u>Via Facsimile and Federal Express</u>

Linda Richenderfer, Esq.
Saul Ewing LLP
222 Delaware Avenue
Suite 1200
Wilmington, DE 19899

    Re:  Letter Agreement

Dear Linda:

    Thank you for your cooperation in connection with Royal Indemnity Company's ("Royal") acquisition of the Student Finance Company ("SFC") data located on servers owned or controlled by Student Loan Servicing, LLC ("SLS"). As we discussed, SFC, through its Chapter 7 Trustee, owns data located on a file server and a Microsoft Exchange e-mail server (the "Servers"), both which are controlled by SLS. The Chapter 7 Trustee, as the title-holder of the data formerly belonging to SFC (the "SFC Data"), is allowing Royal to access the SFC Data. Royal is in the process of engaging FTI Consulting, Inc. ("FTI") to acquire and preserve the SFC Data on Royal's behalf.

    In order to access the SFC Data, FTI must obtain physical access to the Servers. In exchange for SLS' cooperation in this regard, FTI will access the Servers outside of SLS' normal business hours and observe any other reasonable requests made by SLS with respect to FTI's onsite activities. Royal anticipates that the acquisition process will last no longer than one or two evenings, and will have little or no impact on SLS' business environment.

    Royal is sensitive to SLS' concerns about the confidential nature of its information. Specifically, Royal understands that some of the data created after SLS acquired the Servers (the "Purchase Date") is unrelated to SFC. Accordingly, Royal will keep confidential any and all data found on the Servers that was created after the Purchase Date to the extent that such data pertains to SLS clients other than SFC (collectively, the "SLS Data"). For purposes of this Letter Agreement, "keep confidential" shall mean that Royal will neither use nor distribute the SLS Data for any purpose, and will ensure that FTI is bound by the same or more rigorous obligations of confidentiality. Finally, to the extent that SLS sufficiently identifies certain SLS Data prior to the acquisition process, Royal will instruct FTI to forego providing such identified data to Royal.



Linda Richenderfer, Esq.
July 8, 2004
Page 2


We hope this letter agreement addresses all of your concerns. Please contact me once you have had a chance to review this letter so that we can arrange to begin the acquisition process. Feel free to contact me if you have any questions.

Sincerely,

Marc J. Zwillinger

cc:     Chad J. Toms, Esq.
        Alan S. Gilbert, Esq.
        Daniel D. Barnowski, Esq.
        Peter D. Wolfson, Esq.
        Shane M. McGee, Esq.

```
                     *********************
                     ***   TX REPORT   ***
                     *********************


     TRANSMISSION OK

     TX/RX NO              0962
     CONNECTION TEL             913024215880
     SUBADDRESS
     CONNECTION ID
     ST. TIME              07/08 14:34
     USAGE T               01'02
     PGS. SENT               3
     RESULT                OK
```

# Sonnenschein
SONNENSCHEIN NATH & ROSENTHAL LLP

## Facsimile Transmittal Sheet

DATE♦  July 8, 2004

PLEASE DELIVER THE FOLLOWING PAGES TO:

NAME♦      Linda Richenderfer

FIRM♦      Saul Ewing LLP

PHONE♦     302-421-6804

FAX♦       302-421-5880

FROM♦      Marc J. Zwillinger

TOTAL NUMBER OF PAGES TRANSMITTED, INCLUDING THIS SHEET:      3

MESSAGE♦

1301 K Street N.W.
Suite 600, East Tower
Washington, D.C. 20005
202.408.6400
202.408.6399 fax
www.sonnenschein.com

Chicago
Kansas City
Los Angeles
New York
San Francisco
Short Hills, NJ
St. Louis
Washington, D.C.
West Palm Beach



**Sonnenschein**
SONNENSCHEIN NATH & ROSENTHAL LLP

1301 K Street N.W.
Suite 600, East Tower
Washington, D.C. 20005
202.408.6400
202.408.6399 fax
www.sonnenschein.com

*Chicago*
*Kansas City*
*Los Angeles*
*New York*
*San Francisco*
*Short Hills, NJ*
*St. Louis*
*Washington, D.C.*
*West Palm Beach*

## Facsimile Transmittal Sheet

*DATE●*    July 8, 2004

*PLEASE DELIVER THE FOLLOWING PAGES TO:*

*NAME●*       Linda Richenderfer

*FIRM●*        Saul Ewing LLP

*PHONE●*     302-421-6804

*FAX●*         302-421-5880

*FROM●*      Marc J. Zwillinger

*TOTAL NUMBER OF PAGES TRANSMITTED, INCLUDING THIS SHEET:*      3

*MESSAGE ●*

*Original will NOT be mailed*

*CONFIDENTIALITY NOTE*

*The documents accompanying this facsimile transmission and the Facsimile Transmission Sheet contain information from the law firm of Sonnenschein Nath & Rosenthal LLP which is confidential or privileged. The information is intended to be for the use of the individual or entity named on this transmission sheet. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this facsimiled information is prohibited. If you have received this facsimile in error, please notify us by telephone immediately so that we can arrange for the retrieval of the original documents at no cost to you.*

*IF YOU DO NOT RECEIVE ALL OF THE PAGES ABOVE, PLEASE CALL 202.408.6400 AS SOON AS POSSIBLE.*

*SN&R FACSIMILE DEPARTMENT USE ONLY:*

*TRANSMISSION COMPLETED AT:*            *DOCUMENT TRANSMITTED BY:*

_____        _____

From: Origin ID: (202)408-6400
Marc J. Zwillinger
Sonnenschein Nath & Rosenthal
1301 K Street, N.W.
Suite 600, East Tower
Washington, DC 20005



Ship Date: 08JUL04
Actual Wgt: 1 LB
System#: 3452043/INET1850
Account#: S *********

RFF: 20010580-0087-MJZ

SHIP TO:    (302)421-6804          BILL SENDER
**Linda Richenderfer**
**Saul Ewing LLP**
**222 Delaware Avenue**
**Suite 1200**
**Wilmington, DE 19899**

Delivery Address Bar Code

**PRIORITY OVERNIGHT**                          **FRI**
TRK# 7926 8033 5820        FORM        Deliver By:
                            0201        09JUL04

                                        PHL      A2

19899   -DE-US



Z9 ZWIA

Shipping Label: Your shipment is complete

1. Use the 'Print' feature from your browser to send this page to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

**Exhibit E**

# Sonnenschein
SONNENSCHEIN NATH & ROSENTHAL LLP

1301 K Street N.W.
Suite 600, East Tower
Washington, D.C. 20005
202.408.6400
202.408.6399 fax
www.sonnenschein.com

*Chicago*
*Kansas City*
*Los Angeles*
*New York*
*San Francisco*
*Short Hills, N.J.*
*St. Louis*
*Washington, D.C.*
*West Palm Beach*

Marc J. Zwillinger
202.408.9171
mzwillinger@sonnenschein.com

July 29, 2004

<u>VIA FACSIMILE AND FEDERAL EXPRESS</u>

Linda Richenderfer, Esq.
Chad J. Toms, Esq.
Saul Ewing LLP
222 Delaware Avenue
Suite 1200
Wilmington, DE 19899

Re:     Clarification of Letter Agreement

Dear Linda and Chad:

Thank you for your July 19, 2004 letter requesting clarification on some of the issues in connection with Royal Indemnity Company's ("Royal") acquisition of the Student Finance Company ("SFC") data located on servers owned or controlled by Student Loan Servicing, LLC ("SLS"). According to your letter, there are three issues to be resolved: (1) clarification of the process that will be used to access and copy the data; (2) the scope of the definition of "SFC Data"; and (3) the status of certain confidentiality obligations.

With respect to the first issue, FTI plans to use standard forensic imaging software and procedures to duplicate the data on the servers discussed in our last letter (the "Servers"). That information will then be forensically examined, most likely with an application called Encase. This process will enable FTI to identify and exclude certain data from its production to Royal based on keywords, date of creation, and other criteria. To the extent that SLS is able to identify non-SFC Data, Royal will instruct FTI to exclude that data from any production to Royal.

You are correct that our definition of "SFC Data" includes information about SFC that might otherwise be SLS data. Our goal is to identify and examine all data relating to SFC. Because some of the information found on the server will be in fragments (e.g., deleted files and/or slack space), there will be no way to determine who created that data and when it was created. Moreover, we expect to find information created by people that were, at some point, employed by both SFC and SLS, making that information relevant to both companies. In both of these scenarios, we believe that Royal has a right to view the SFC-related data.

We have attached the latest draft of the agreement between Royal and FTI per your request. However, we fail to see how that agreement -- still in the process of being formalized --



Linda Richenderfer, Esq.
July 29, 2004
Page 2

will be helpful to this discussion. As you will see, SFC agreed that the agreement for FTI's services would be solely between FTI and Royal. Any agreements or understandings between Royal and SFC, and/or between Royal and SLS, are being handled separately, and not within that agreement. FTI is obligated to act in accordance with Royal's instructions, and Royal will instruct FTI to perform its services consistent with Royal's obligations as set forth in this and other agreements.

If necessary, Royal will enter into an agreement governing Royal's and FTI's use and disclosure of SLS information. We propose that the following language -- included in our July 8, 2004 letter -- be used as the framework for that agreement:

Royal is sensitive to SLS' concerns about the confidential nature of its information. Specifically, Royal understands that some of the data created after SLS acquired the Servers (the "Purchase Date") is unrelated to SFC. Accordingly, Royal will keep confidential any and all data found on the Servers that was created after the Purchase Date to the extent that such data pertains to SLS clients other than SFC (collectively, the "SLS Data"). For purposes of this Letter Agreement, "keep confidential" shall mean that Royal will neither use nor distribute the SLS Data for any purpose, and will ensure that FTI is bound by the same or more rigorous obligations of confidentiality. Finally, to the extent that SLS sufficiently identifies certain SLS Data prior to the acquisition process, Royal will instruct FTI to forego providing such identified data to Royal.

To the extent you have other suggestions or prefer specific language, please let us know.

We hope we have addressed all of your concerns. Please contact me once you have had a chance to review this letter so that we can arrange to begin the acquisition process. Feel free to contact me if you have any questions.

Sincerely,

Marc J. Zwillinger

Attachment

cc:    Alan S. Gilbert, Esq.
       Daniel D. Barnowski, Esq.
       Peter D. Wolfson, Esq.
       Shane M. McGee, Esq.

# ATTACHMENT 1

1201 Eye Street, N.W.
Suite 400
Washington, DC 20005
202.312.9100 telephone
202.312.9101 facsimile
www.fticonsulting.com

[logo] F T I

June 11, 2004

Marc J. Zwillinger, Esq.
Sonnenschein Nath & Rosenthal LLP
1301 K Street, NW
Washington, DC 20005

Re:    Letter of Engagement: *Royal Indemnity Company and Student Finance Company*

Dear Mr. Zwillinger:

This letter confirms that FTI Consulting, Inc. ("FTI") has been retained by **Royal Indemnity Company** ("Royal") through **Sonnenschein Nath & Rosenthal LLP ("Sonnenschein")**, to provide the **data restoration, data preservation, and potentially data analysis and preparation services** set forth in the attached Statement of Work (the "Services"). This Letter of Engagement, the Statement of Work, and the attached Terms and Conditions constitute the engagement contract (the "Engagement Contract") pursuant to which the Services will be provided.

Sonnenschein will provide direction to FTI on behalf of Royal, and Royal is solely responsible for making payment to FTI for the Services rendered hereunder. FTI is authorized to proceed with Phase I of the Statement of Work, but shall not proceed with Phases II or III unless authorized by Sonnenschein in writing.

Prior to Phase III, if authorized, Sonnenschein will deliver to FTI a set of criteria agreed to by Royal and Charles A. Stanziale, Jr., Chapter 7 Trustee of Student Finance Company ("SFC"), which FTI will use to identify information Royal and SFC have agreed to treat as privileged (the "Privileged Materials"). FTI shall exclude the Privileged Materials from any data provided, or made available, to Sonnenschein or Royal.

Please acknowledge your acceptance of the terms set forth in this Letter of Engagement and the attached Terms and Conditions by signing below and on page five (5) of the Terms and Conditions, and returning a copy of each to me at the above address.

We very much appreciate this opportunity to work with you on this assignment. If you have any questions, please do not hesitate to contact me at (202) 312.9183.

[PLEASE SEE NEXT PAGE]

Agreed and Accepted by,


_____   _____
Neal B. Lawson              Date
FTI CONSULTING, INC.

_____   _____
Marc Zwillinger, Esq.          Date
SONNENSCHEIN NATH & ROSENTHAL LLP
for ROYAL INDEMNITY COMPANY


- 2 -

# ATTACHMENT 2

## FTI CONSULTING, INC.

## STANDARD TERMS AND CONDITIONS

The following are the Terms and Conditions on which we will provide the Services to you set forth within the attached Statement of Work. The Letter of Engagement, the Terms and Conditions and the Statement of Work ("Contract") together comprise the entire Contract for the provision of the Services to the exclusion of any other express or implied terms, whether expressed orally or in writing, including any conditions, warranties and representations, and shall supersede all previous proposals, letters of engagement, undertakings, agreements, understandings, correspondence and other communications, whether written or oral, regarding the Services. The headings and titles in the Contract are included to make it easier to read but do not form part of the Contract.

**1.**     **Scope of Services**

1.1     FTI is engaged by *Royal Indemnity Company ("Royal")* through *Sonnenschein Nath and Rosenthal LLP ("Sonnenschein")* to provide the **data restoration, data preservation, and potentially data analysis and preparation services** set forth in the attached Statement of Work (the "Services").

1.2     The Services may be performed by FTI or by any subsidiary of FTI, as FTI shall determine. FTI may also provide Services through agents or independent contractors where approved in advance by Royal. References herein to FTI and its employees shall be deemed to apply also, unless the context shall otherwise indicate, to employees of each such subsidiary and to any such agents or independent contractors and their employees. The Services are subject to change as mutually agreed between FTI and Royal.

1.3     Accordingly, while we may from time to time suggest options which may be available to you, and further give our professional evaluation of these options, the ultimate decision as to which, if any, of these options to implement rests with Royal. FTI and its employees will not make any management decisions for Royal and will not communicate information concerning Royal to any third party.

1.4     FTI agrees that it will perform no Phase II or Phase III work (as set forth in the Statement of Work) unless Sonnenschein authorizes such work in writing.

**2.**     **Fees**

2.1     Fees in connection with this engagement will be based upon the time necessary spent in providing the Services, multiplied by our standard hourly rates, summarized as follows:

|  | Per Hour |
|---|---|
| i. Senior Managing Directors | $450-595 |
| ii. Directors / Managing Directors | $350-475 |
| iii. Managers | $310-365 |
| iv. Consultants / Sr. Consultants | $175-305 |
| v. Administrative / Paraprofessionals | $50-150 |

Based on our discussions, FTI does not foresee the need for significant time spent at the Senior Managing Director level.

2.2    Hourly rates are revised periodically. We will notify you of any such changes to our rates, at least thirty (30) days prior to those rates becoming effective. You agree that payment of our fees is not contingent upon the outcome of this matter.

2.3    Our invoices shall become due thirty (30) days after receipt; provided, however, in the event that Royal disputes any charge or expense on such invoice, such disputed amount shall not become due, and Royal shall be obligated to pay only such undisputed amounts. With regard to any disputed amounts for which Royal has withheld payment, Royal shall immediately provide notification to FTI of Royal's challenge to such disputed amount, and the parties shall attempt to resolve such disputed amounts within ten (10) days following the original due date of the invoice reflecting the amount in dispute.

2.4    We reserve the right to suspend further services until any such disputed amount is resolved or undisputed past-due amount is received. Our Federal Tax Identification number is 52-1261113. Please use this number in filings concerning the reporting of fees paid to our firm.

2.5    It is FTI's policy to collect a retainer for payment in relation to the professional services to be rendered and disbursements to be incurred by FTI. The retainer, if required, will serve as security for Royal's agreement to pay FTI for all fees and disbursements authorized by Royal and incurred by FTI in its representation hereunder. The advance is not intended to be an estimate for the total cost of the work to be performed. The retainer will be applied to the final invoice rendered for this matter and any amount not used by FTI pursuant to the terms of this agreement will be returned to Royal.

3.    **Reports and Advice**

3.1    **Use and purpose of advice and reports.** Other than as set forth herein, any advice given or report issued by us is provided solely for your use and benefit. Unless required by law, you shall not provide any advice given or reports issued by us to any third party, or refer to us or the Services, without our prior written consent, except that such advice and reports may be used and disclosed in connection with litigation to which Royal or Student Finance Company ("SFC") are a party, including in the bankruptcy proceedings for Student Finance Company. In no event, regardless of whether consent has been provided, shall we assume any responsibility to any third party to which any advice or report is disclosed or otherwise made available. This provision does not apply to data extracted by FTI and provided to Royal.

4.    **Information and Assistance**

4.1    **Provision of information and assistance.** Performance of the Services is dependent upon your providing us with such information and assistance as we may reasonably require from time to time.

4.2    **Punctual and accurate information.** You shall use reasonable skill, care and attention to ensure that all information we may reasonably require is provided on a timely basis and is accurate and complete and relevant for the purpose for which it is required. You shall also notify us if you subsequently learn that the information provided is incorrect or inaccurate or otherwise should not be relied upon.

- 2 -

5.    **Additional Services**

5.1    **Your responsibility for other parties.** You shall be solely responsible for the work and fees of any other party engaged by you to provide services in connection with this Contract regardless of whether such party was introduced to you by us. Except as provided in the Letter of Engagement or Statement of Work, we shall not be responsible for providing or reviewing the advice or services of any such third party, including advice as to legal, regulatory, accounting or taxation matters. Further, we acknowledge that we are not authorized under our Contract to engage any third party to provide services or advice to you without your written authorization.

6.    **Confidentiality**

6.1    **Restrictions on confidential information.** Confidential information means any electronically stored information contained on the servers or other items made available to FTI or its representatives (a) which is protected by the attorney-client privilege or work product doctrine or (b) which is disclosed by a party that the receiving party knows or should know is confidential. The parties agree that any confidential information received from the other party shall only be used for the purposes of providing or receiving Services under this or any other Contract between us. Except as provided below, neither party will disclose the other party's confidential information to any third party without the other party's consent. Confidential information shall not include information that: i) is or becomes generally available to the public other than as a result of a breach of an obligation under this Clause 6.1; ii) is acquired from a third party who, to the recipient party's knowledge, owes no obligation of confidence in respect of the information; or iii) is or was independently developed by the recipient. Advice and Reports shall not be confidential information to the extent they fall within the exception in Section 3.1.

6.2    **Disclosing confidential information.** Notwithstanding Clause 6.1 above, either party will be entitled to disclose confidential information of the other to a third party to the extent that this is required by valid legal process, provided that (and without breaching any legal or regulatory requirement) where reasonably practicable not less than 15 business days' notice in writing is first given to the other party.

6.3    **Citation of engagement.** Without prejudice to Clause 6.1 and Clause 6.2 above, we may cite generally the performance of the Services to our clients and prospective clients as an indication of our experience, unless we both specifically agree otherwise in writing.

6.4    **Internal quality reviews.** Notwithstanding the above, we may disclose any information referred to in this Clause 6 to any FTI subsidiary or use it for internal quality reviews.

6.5    **Maintenance of work papers.** Notwithstanding the above, we may keep one archival set of our working papers from the engagement, at no cost to Royal, including working papers containing or reflecting confidential information, in accordance with our professional standards and internal document retention policies.

7.    **Termination**

7.1    **Termination of Contract with notice.** Royal may terminate the Contract for whatever reason upon written notice to FTI; provided, however, that Royal will be solely responsible for any fees and expenses accrued prior to such termination to the extent such work was authorized as set forth herein. FTI may terminate the Contract a) upon thirty (30) days written notice for non-payment of fees, unless Royal remedies such non-

- 3 -

payment within the thirty (30) day notice period; or b) upon written notice if the requested Services would violate state or federal law or other applicable regulations.

7.2    **Continuation of terms.** Clauses 3.1, 6, 8 and 9 of the Standard Terms and Conditions, shall survive the termination or expiration of the Contract and shall continue to bind both parties.

## 8.    Indemnification and Liability Limitation; Waiver of Jury Trial

8.1    **Indemnification.** Royal agrees to indemnify and hold harmless FTI and its subsidiaries and affiliates and each of its and their officers, directors, principals, shareholders, agents, independent contractors and employees ("Indemnified Persons") against any and all claims, liabilities, damages, obligations, costs and expenses (including reasonable attorneys' fees and expenses and costs of investigation) arising out of FTI's performance of Services requested by Royal, except to the extent that any such claim, liability, obligation, damage, cost or expense results from FTI's negligence or willful misconduct.

8.2    **Limitation of liability.** Royal agrees that neither FTI nor any Indemnified Person shall have any liability as a result of the retention of FTI, the execution and delivery of this Engagement Contract or the provision of Services requested other than liabilities that result from the negligence or willful misconduct of FTI or the Indemnified Person(s) in respect of whom such liability is asserted. Without limiting the generality of the foregoing, in no event shall any party be liable for consequential, indirect or punitive damages, damages for lost profits or opportunities or other like damages or claims of any kind, or for damages in excess of the amount of fees paid for services rendered, in connection with the Engagement Contract or the provision of Services.

9.    **Governing Law and Jurisdiction.** This Contract shall be governed by and interpreted in accordance with the laws of the State of Delaware, without giving effect to the choice of law provisions thereof.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

Agreed and Accepted by,


_____  Date         _____  Date
Neal B. Lawson                              Marc Zwillinger, Esq.
FTI CONSULTING, INC.                        SONNENSCHEIN NATH & ROSENTHAL LLP
                                            for ROYAL INDEMNITY COMPANY

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO              1015
CONNECTION TEL
SUBADDRESS                      913024215880
CONNECTION ID
ST. TIME             07/29 14:55
USAGE T              01'47
PGS. SENT            12
RESULT               OK
```

# Sonnenschein
SONNENSCHEIN NATH & ROSENTHAL LLP

**Facsimile Transmittal Sheet**

1301 K Street N.W.
Suite 600, East Tower
Washington, D.C. 20005
202.408.6400
202.408.6399 fax
www.sonnenschein.com

Chicago
Kansas City
Los Angeles
New York
San Francisco
Short Hills, NJ
St. Louis
Washington, D.C.
West Palm Beach

*DATE•*   July 29, 2004

*PLEASE DELIVER THE FOLLOWING PAGES TO:*

*NAME•*      Linda Richenderfer

*FIRM•*      Saul Ewing LLP

*PHONE•*     302-421-6804

*FAX•*       302-421-5880

*FROM•*      Marc J. Zwillinger

*TOTAL NUMBER OF PAGES TRANSMITTED, INCLUDING THIS SHEET:*      11

*MESSAGE•*

# Sonnenschein
SONNENSCHEIN NATH & ROSENTHAL LLP

1301 K Street N.W.
Suite 600, East Tower
Washington, D.C. 20005
202.408.6400
202.408.6399 fax
www.sonnenschein.com

*Chicago*
*Kansas City*
*Los Angeles*
*New York*
*San Francisco*
*Short Hills, NJ*
*St. Louis*
*Washington, D.C.*
*West Palm Beach*

## Facsimile Transmittal Sheet

*DATE*▪  July 29, 2004

*PLEASE DELIVER THE FOLLOWING PAGES TO:*

*NAME*▪      Linda Richenderfer

*FIRM*▪      Saul Ewing LLP

*PHONE*▪   302-421-6804

*FAX*▪      302-421-5880

*FROM*▪     Marc J. Zwillinger

*TOTAL NUMBER OF PAGES TRANSMITTED, INCLUDING THIS SHEET:*    11

*MESSAGE* ▪

*Original will NOT be mailed*

**CONFIDENTIALITY NOTE**

*The documents accompanying this facsimile transmission and the Facsimile Transmission Sheet contain information from the law firm of Sonnenschein Nath & Rosenthal LLP which is confidential or privileged. The information is intended to be for the use of the individual or entity named on this transmission sheet. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this facsimiled information is prohibited. If you have received this facsimile in error, please notify us by telephone immediately so that we can arrange for the retrieval of the original documents at no cost to you.*

*IF YOU DO NOT RECEIVE ALL OF THE PAGES ABOVE, PLEASE CALL 202.408.6400 AS SOON AS POSSIBLE.*

SN&R FACSIMILE DEPARTMENT USE ONLY:

*TRANSMISSION COMPLETED AT:*               *DOCUMENT TRANSMITTED BY:*

Page 1 of 1

From:  Origin ID:  (202)408-6400
Marc J. Zwillinger
Sonnenschein Nath & Rosenthal
1301 K Street, N.W.
Suite 600, East Tower
Washington, DC 20005

FedEx Express

E

Ship Date: 29JUL04
Actual Wgt: 1 LB
System#: 3452043/INET1850
Account#: S ********

REF: 20010580-0087-MJZ

SHIP TO:  (302)421-6804         BILL SENDER
**Linda Richenderfer**
**Saul Ewing LLP**
**222 Delaware Avenue**
**Suite 1200**
**Wilmington, DE 19899**

Delivery Address Bar Code





**PRIORITY OVERNIGHT**          **FRI**

TRK#  **7920  5561  1386**    FORM 0201    Deliver By:
30JUL04

**19899**    -DE-US              PHL    A2

**Z9 ZWIA**

Shipping Label: Your shipment is complete

1.  Use the 'Print' feature from your browser to send this page to your laser or inkjet printer.
2.  Fold the printed page along the horizontal line.
3.  Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

# Exhibit F

# FACSIMILE COVER SHEET



## SAUL EWING
### Attorneys at Law
#### A Delaware LLP

P.O. Box 1266
Wilmington, DE 19899-1266

COURIER ADDRESS
222 Delaware Avenue, Suite 1200
Wilmington, DE 19801-1611

**From:** LINDA RICHENDERFER          **Date:**          August 16, 2004
**Pages (including cover):** 4          **Direct Phone:**   (302) 421-6804
**Client/Matter #:**   16597/83927          **Direct Fax:**   (302) 421-5880
**User #:**   490          **Sender's Floor:**   12

| To: Name | Fax Number | Phone Number |
|---|---|---|
| Marc J. Zwillinger, Esq. | 202-408-6399 | 202-408-6400 |

| CC: Name | Fax Number | Phone Number |
|---|---|---|
| Sheryl L. Auerbach, Esq. | 973-655-0699 | 973-746-8000 |
| Daniel K. Astin, Esq. | 302-658-6395 | 302-655-5000 |

**Comments:**
See attached correspondence re: Student Loan Servicing, LLC – Computer Servers

☐ The Original will be sent by regular mail.
☐ The Original will be sent by overnight delivery.
☒ No Original will be sent.

## IMPORTANT NOTICE
This transmission is intended only for the addressees named above and may contain information that is privileged, confidential, or otherwise protected from disclosure to anyone else. Any review, dissemination or use of this transmission or its contents by persons other than the addressees is strictly prohibited. If you have received this facsimile in error, please telephone us immediately at (302) 421-6800 and return the original to us by mail at the address stated above.

# SAUL EWING
### Attorneys at Law
A Delaware LLP

LINDA RICHENDERFER

Phone: (302) 421-6804

Fax: (302) 421-5880

lrichenderfer@saul.com

www.saul.com

August 16, 2004

**FACSIMILE (202) 408-6399**

Marc J. Zwillinger, Esquire
Sonnenschein Nath & Rosenthal LLP
1301 K Street N.W.
Suite 600, East Tower
Washington, D.C. 20005

RE: Student Loan Servicing, LLC – Computer Servers

Dear Marc:

This letter shall confirm the agreement reached between Student Loan Servicing, LLC ("SLS") and Royal Indemnity Company ("Royal") regarding Royal's request for access to the computer servers (the "Servers") purchased by SLS from the bankruptcy estate of Student Finance Company ("SFC"). The agreement, which was originally proposed in Royal's letters to SLS dated July 8, 2004 and July 29, 2004, was discussed during a telephone conference call held on August 11, 2004. During that conference call the scope of the information sought by Royal was quantified. The terms of the agreement reached between the parties, as understood by SLS, are recited below. To the extent the terms below are inconsistent with the agreement originally outlined in Royal's letters, the terms outlined herein shall control.

- FTI Consulting, Inc. ("FTI") will use their forensic imaging software to duplicate the data on the Servers. Access to the Servers will be outside of SLS' normal business hours and FTI will observe any other reasonable requests made by SLS with respect to FTI's onsite activities.
- FTI will not release to Royal any data from the Servers that was created or modified after September 29, 2003.
- Before providing any data to Royal, FTI will screen that data for privilege based upon the criteria provided to Royal by SFC and SLS. The screening to be performed by FTI on behalf of SLS shall take into consideration all individuals listed on Exhibit A attached hereto. However, should a question arise, SLS reserves the right to assert a claim of privilege to any information released by FTI to Royal.

P.O. Box 1266 • Wilmington, DE 19899-1266 • Phone: (302) 421-6800 • Fax: (302) 421-6813
Courier Address: 222 Delaware Avenue, Suite 1200 • Wilmington, DE 19801-1611

BALTIMORE    CHESTERBROOK    HARRISBURG    PHILADELPHIA    PRINCETON    WASHINGTON    WILMINGTON

Marc J. Zwillinger, Esquire
August 16, 2004
Page 2

- The confidentially provisions, contained in paragraph three of Royal's July 8, 2004 letter, are hereby reaffirmed.

  Please feel free to call me should you have any questions. You should contact Chad Toms, Esquire to make arrangements for access to the Servers.

                                        Very truly yours,

                                        Linda Richenderfer

cc:     Chad J. Toms, Esquire
        Sheryl L. Auerbach, Esquire (via telecopy)
        Daniel K. Astin, Esquire (via telecopy)

EXHIBIT A

**Saul Ewing LLP Attorneys and Staff:**

| | |
|---|---|
| Elizabeth Witmer | ewitmer@saul.com |
| Linda Richenderfer | lrichenderfer@saul.com |
| Suzanne Laumakis | slaumakis@saul.com |
| Chadd Fitzgerald | cfitzgerald@saul.com |
| Christine Kovan | ckovan@saul.com |
| Chad Toms | ctoms@saul.com |
| Nicole Gicker | ngicker@saul.com |
| Derrick Lowe | dlowe@saul.com |
| Terri Pawelski | tpawelski@saul.com |
| David Falcone | dfalcone@saul.com |
| Chris Pippett | cpippett@saul.com |
| Mary Kay Christodoulou | mchristodoulou@saul.com |
| Colleen Nihill | cnihill@saul.com |
| John Royer | jroyer@saul.com |

**Other Counsel:**

| | |
|---|---|
| William C. Cleveland, III, Esquire | wcleveland@bmsmlaw.com |
| Richard Hawley, Esquire | rhawley@k-glaw.com |
| Chad A. Cicconi | ccicconi@thorpreed.com |
| Constance R. Ariagno | cariagno@PattonBoggs.com |
| Gerald R. Flatten | RienDF@aol.com |
| Bruce S. Haines | bhaines@hangley.com |
| Kathleen M. Laubenstein | klaubenstein@hangley.com |
| | cariagno@PattonBoggs.com |
| Rendi Mann-Stadt | rmann-stadt@mwbavl.com |
| Heather Goldstein | hgoldstein@mwbavl.com |
| Fred Barbour | fbarbour@mwbavl.com |
| Russell S. Sayre | sayre@taftlaw.com |
| Scott Hickman | shickman@sherrardroe.com |
| Stephen Hurd | shurd@sherrardroe.com |
| Anthony P. DeMichele | ademichele@foxrothschild.com |
| David A. Gradwohl | dgradwohl@foxrothschild.com |
| Andrew W. Bonekemper | abonekemper@foxrothschild.com |

**Exhibit G**



**SONNENSCHEIN NATH & ROSENTHAL LLP**

Marc J. Zwillinger
202.408.9171
mzwillinger@sonnenschein.com

1301 K Street N.W.
Suite 600, East Tower
Washington, D.C. 20005
202.408.6400
202.408.6399 fax
www.sonnenschein.com

*Chicago*
*Kansas City*
*Los Angeles*
*New York*
*San Francisco*
*Short Hills, N.J.*
*St. Louis*
*Washington, D.C.*
*West Palm Beach*

October 13, 2004

<u>VIA FACSIMILE</u>

Brian Dykstra
Red Cliff Consulting LLC
111 South Fairfax Street
Alexandria, VA 22314

    Re:   Engagement Protocols

Dear Brian:

    As you know, Red Cliff's engagement by Royal Indemnity Company ("Royal") will involve the evaluation (phase I), restoration and preservation (phase II), and analysis and preparation (phase III) of three separate servers. Red Cliff will consult with Marc Zwillinger or Shane McGee at Sonnenschein Nath & Rosenthal LLP ("Sonnenschein") prior to beginning each phase, and Red Cliff will not begin a new phase without obtaining Sonnenschein's consent.

    As a part of this engagement, Red Cliff will access data owned by Student Finance Company through its Chapter 7 Trustee ("SFC"). This data is located on three servers: an EMC server with a 40-drive RAID array; a file server with a small RAID array; and a small Exchange server (collectively, the "Servers"). The latter two servers are owned or controlled by Student Loan Servicing, LLC ("SLS"). Red Cliff will access the SLS-owned Servers outside of SLS' normal business hours and will observe any other reasonable requests made by SLS with respect to Red Cliff's onsite activities.

    Red Cliff's activities in performing the work pursuant to this retention will follow the attached Statement of Work. In addition, at all times Red Cliff will adhere to the following protocol in connection with this engagement:

    1.    There are three categories of information that *must not* and *will not* be provided to Sonnenschein or its client Royal:

        A.    Any and all email messages (along with any attachments thereto) in which an address in either or both of the "TO:" and/or "FROM:" fields (but not including the "CC:" field) contain any of the email addresses on the attached Schedule A; and



**SONNENSCHEIN NATH & ROSENTHAL LLP**

Brian Dykstra
October 13, 2004
Page 2

        B.     Any file or other data that was initially created after September 29, 2003.

    2.     Red Cliff shall not, under any circumstances, disclose the contents of any files or other data located on the Servers to any person or entity other than Royal (through Sonnenschein), SFC (through Dilworth Paxson), SLS (through Saul Ewing LLP), or a judicial officer, unless required by law to do so.

    3.     After the acquisition phase, Red Cliff will provide to SFC (through the Trustee or his counsel) a single copy of all information acquired from the Servers in the same form and manner as such information was provided to Royal.

    4.     Red Cliff will access the SLS-owned Servers outside of SLS' normal business hours and will observe any other reasonable requests made by SLS with respect to Red Cliff's onsite activities.

Please let me know if you have any questions.

                Sincerely,

                Marc J. Zwillinger

**Sonnenschein**
SONNENSCHEIN NATH & ROSENTHAL LLP

Brian Dykstra
October 13, 2004
Page 3

## SCHEDULE A

### Saul Ewing LLP Attorneys and Staff:

| | |
|---|---|
| Elizabeth Witmer | ewitmer@saul.com |
| Linda Richenderfer | lrischenderfer@saul.com |
| Suzanne Laumakis | slaumakis@saul.com |
| Chad Fitzgerald | cfitzgerald@saul.com |
| Christine Kovan | ckovan@saul.com |
| Chad Toms | ctoms@saul.com |
| Nicole Gicker | ngicker@saul.com |
| Derrick Lowe | dlowe@saul.com |
| Terri Pawelski | tpawelski@saul.com |
| David Falcone | dfalcone@saul.com |
| Chris Pippett | cpippett@saul.com |
| Mary Kay Christodoulou | mchristodoulou@saul.com |
| Colleen Nihill | cnihill@saul.com |
| John Royer | jrover@saul.com |

### Pepper Hamilton LLP Attorneys and Staff:

| | |
|---|---|
| Abbott, Natalie S. | abbottn@pepperlaw.com |
| Abelson, Barry | abelsonb@pepperlaw.com |
| Adler, Matthew | adlerm@pepperlaw.com |
| Agran, Joan | agranj@pepperlaw.com |
| Allen, Eileen | allene@pepperlaw.com |
| Anderson, M. | andersonm@pepperlaw.com |
| Arnold, Joan | arnoldj@pepperlaw.com |
| Barberena, Irene | barbernai@pepperlaw.com |
| Barbour, Aisha | barboura@pepperlaw.com |
| Bassett, Rhonda | bassettr@pepperlaw.com |
| Battista, Julie | battistaj@pepperlaw.com |
| Beard, Glenn A. | beardg@pepperlaw.com |
| Bettinger, William C. | bettingerw@pepperlaw.com |
| Boericke, J. Bradley | boerickej@pepperlaw.com |
| Braun, George | braung@pepperlaw.com |
| Brookman, Andrew | brookmana@pepperlaw.com |
| Butler, Cinque | butlcrc@pepperlaw.com |
| Cappaso, Jane | cappasoj@pepperlaw.com |
| Caputo, Jodi Simme | caputojs@pepperlaw.com |
| Cole, Thomas | colet@pepperlaw.com |

# Sonnenschein
SONNENSCHEIN NATH & ROSENTHAL LLP

Brian Dykstra
October 13, 2004
Page 4

| | |
|---|---|
| Comisky, Hope A. | comiskyh@pepperlaw.com |
| Cook, J. | cookj@pepperlaw.com |
| DeCarlo, Maria E. | decarlome@pepperlaw.com |
| Demirjian, Heather | demirjianh@pepperlaw.com |
| Dery, Janet | deryj@pepperlaw.com |
| Dobrydnia, Beth A. | dobrydniaba@pepperlaw.com |
| Donnely-Evans, Deneen | donnelyevansd@pepperlaw.com |
| Doyal, D. | doyald@pepperlaw.com |
| Dukes, J. Andrea | dukesja@pepperlaw.com |
| Eastridge, Jacqueline | eastridgecj@pepperlaw.com |
| Eckman, Richard | eckmanr@pepperlaw.com |
| Epstein, James D. | epsteinj@pepperlaw.com |
| Farrell, Michael V. | farrellmv@pepperlaw.com |
| Fenton, Bruce K. | fentonb@pepperlaw.com |
| Fisher, Linda K. | fisherl@pepperlaw.com |
| Folensbee-Moore, Barbara | folsenbeemooreb@pepperlaw.com |
| Fungaroli, Jane | fungarolij@pepperlaw.com |
| Gagne, W. Roderick | gagner@pepperlaw.com |
| Gayman, Denise | gaymand@pepperlaw.com |
| Gibson, Sheilah | gibsons@pepperlaw.com |
| Goldberg, Howard | goldbergh@pepperlaw.com |
| Gordon, Paul | gordonp@pepperlaw.com |
| Grant, M. Duncan | grantm@pepperlaw.com |
| Grassi, Lila S. | grassils@pepperlaw.com |
| Grassi, Rita | grassir@pepperlaw.com |
| Grossman, Robert | grossmanr@pepperlaw.com |
| Heagle, Khristan A. | heagleka@pepperlaw.com |
| Herrmann, K. | herrmannk@pepperlaw.com |
| Holden, Joseph | holdenj@pepperlaw.com |
| Horowitz, Joel E. | horowitzj@pepperlaw.com |
| Hughes, Maureen | hughesm@pepperlaw.com |
| Inamdar, U. | indamaru@pepperlaw.com |
| Isayev, Gennady | isayevg@pepperlaw.com |
| Jenkins, Julie | jenkinsj@pepperlaw.com |
| Kaplan, David M. | kapland@pepperlaw.com |
| Kennedy, Paul J. | kennedyp@pepperlaw.com |
| Kessell, Edward | kessele@pepperlaw.com |
| Kim, S. | kims@pepperlaw.com |
| Klammer, Steven R. | klammers@pepperlaw.com |
| | klammersr@pepperlaw.com |
| Klein, Sharon | kleins@pepperlaw.com |

# Sonnenschein
SONNENSCHEIN NATH & ROSENTHAL LLP

Brian Dykstra
October 13, 2004
Page 5

| | |
|---|---|
| Kohn, Debra E. | kohnd@pepperlaw.com |
| | kohnde@pepperlaw.com |
| Kopelman, Rena M. | kopelmanrm@pepperlaw.com |
| | kopelmanr@pepperlaw.com |
| Krepto, Laurie | kreptol@pepperlaw.com |
| Lane, Robert D. | laner@pepperlaw.com |
| Lawlor, James | lawlorj@pepperlaw.com |
| Leadbetter, Amanda | leadbettera@pepperlaw.com |
| Lee, Darcy | leed@pepperlaw.com |
| Lee, Joo Young | leejy@pepperlaw.com |
| Leone, Michael | leonem@pepperlaw.com |
| Liebman, Daniel S. | liebmand@pepperlaw.com |
| | liebmands@pepperlaw.com |
| Lindenfeldar, R. | lindenfeldarr@pepperlaw.com |
| Lisansky, Mary | lisanskym@pepperlaw.com |
| Lozoff, Gary | lozoffg@pepperlaw.com |
| Manwaring, Albert H. | manwaringa@pepperlaw.com |
| Marino, Carla | marinoc@pepperlaw.com |
| Matlock, Tracy | matlockt@pepperlaw.com |
| McDonald, Barbara | mcdonaldb@pepperlaw.com |
| McGrenrey, Sharon | mcgrenreys@pepperlaw.com |
| Moore, Darlene | moored@pepperlaw.com |
| Morais, Michael M. | moraism@pepperlaw.com |
| | moraismm@pepperlaw.com |
| Naylor, Joseph | naylorj@pepperlaw.com |
| Pace, M. | pacem@pepperlaw.com |
| Pang, Juliana | pangj@pepperlaw.com |
| Perez, Kimberly K. | perezk@pepperlaw.com |
| | perezkk@pepperlaw.com |
| Petkun, Lisa B | petkunl@pepperlaw.com |
| Pigeon, Jennifer M. | pigeonjm@pepperlaw.com |
| | pigeonj@pepperlaw.com |
| Proffitt, Leslie | proffittl@pepperlaw.com |
| Quirk, Marion | quirkm@pepperlaw.com |
| Reed, Michael H. | reedm@pepperlaw.com |
| Richardson, Shari | richardsons@pepperlaw.com |
| Robertson, Monica | robertsonm@pepperlaw.com |
| Rollins, Gene | rollinsg@pepperlaw.com |
| Rudolph, Andrew | rudolpha@pepperlaw.com |
| Ruggiero, Christopher A. | ruggieroca@pepperlaw.com |
| | ruggieroc@pepperlaw.com |

# Sonnenschein
SONNENSCHEIN NATH & ROSENTHAL LLP

Brian Dykstra
October 13, 2004
Page 6

| | |
|---|---|
| Schless, Adam | schlessa@pepperlaw.com |
| Schneider, Shari | schneiders@pepperlaw.com |
| Schwartz, Mindy E. | schwartzme@pepperlaw.com |
| Serritella, Joseph S. | serritellaj@pepperlaw.com |
| Shea, Kathleen Ballay | sheaballayk@pepperlaw.com |
| Shire, D. | shired@pepperlaw.com |
| Smith, D. | smithdg@pepperlaw.com |
| Smith, N. | smithn@pepperlaw.com |
| Spangler, L. | spanglerl@pepperlaw.com |
| Spitofsky, Amy | spitofszkya@pepperlaw.com |
| Stephenson, Kathleen A. | stephensonk@pepperlaw.com |
| Strauss, Benjamin | straussb@pepperlaw.com |
| Street, R. | streetr@pepperlaw.com |
| Sullivan, Mark | sullivanm@pepperlaw.com |
| Surbeck, David | surbeckd@pepperlaw.com |
| Tanner, Neil B. | tannern@pepperlaw.com |
| Thompson, J. | thompsonj@pepperlaw.com |
| Townsend, J. | townsendj@pepperlaw.com |
| Unterberger, Andrea | unterbergera@pepperlaw.com |
| Vargo, Brian S. | vargob@pepperlaw.com |
| | vargobs@pepperlaw.com |
| Wallen, John | wallenj@pepperlaw.com |
| Warren, Laura D. | warrenl@pepprlaw.com |
| Weisensee, Barbara D. | weisenseeb@pepperlaw.com |
| | weisenseebd@pepperlaw.com |
| Woodward, Matthew A. | woodwardm@pepperlaw.com |
| | woodwardma@pepperlaw.com |

## Dilworth Paxson LLP Attorneys and Staff:

Any email address ending in "dilworthlaw.com"

## Other Counsel:

**Brownstein, Hyatt & Farber, P.C.**

| | |
|---|---|
| Farbes, Hubert A. | hfarbes@bhf-law.com |
| Gill, Terence C. | tgill@bhf-law.com |
| Imhoff, Elizabeth Rae | eimhoff@bhf-law.com |
| Keegan, Teresa A. | tkeegan@bhf-law.com |
| Warnkey, Kathleen A. | kwarnkey@bhf-law.com |



Sonnenschein
SONNENSCHEIN NATH & ROSENTHAL LLP

Brian Dykstra
October 13, 2004
Page 7


**Powell, Trachtman, Logan, Carrle, Bowman & Lombardo**
Curley, C.V.                    ccurley@powelltrachtman.com
Curry, Michael J.               mcurry@powelltrachtman.com
Halberstadt, E.N.               ehalberstadt@powelltrachtman.com
Hall, C.B.                      chall@powelltrachtman.com
Jacobson, M.B.                  mjacobson@powelltrachtman.com
Maransky, Michael J.            mmransky@powelltrachtman.com

**Montgomery, McCracken, Walker & Rhoads, LLP**
Bloxom, John M.                 jbloxom@mmwr.com
Newcomer, J.H.                  jnewcomer@mmwr.com

**Fox Rothschild**
Berger, Allison                 aberger@foxrothschild.com
Bonekemper, Andrew W.           abonekemper@foxrothschild.com
Baume, Hal                      hbaume@foxrothschild.com
Cornell, L. Jason               jcornell@foxrothschild.com
DeMichele, Anthony P.           ademichele@foxrothschild.com
Dorr, Teresa M.                 tdorr@foxrothschild.com
Gradwohl, David A.              dgradwohl@foxrothschild.com
Hinerman, Philip L.             phinerman@foxrothschild.com
Jobes, T.H.                     tjobes@foxrothschild.com
Kelly, Kimberly L.              kkimberly@foxrothschild.com
Maransky, Michael J.            mmaransky@foxrothschild.com
Menkowitz, Michael G.           mmenkowitz@foxrothschild.com
Pileggi, Francis                fpileggi@foxrothschild.com
Rennie, Sheldon                 srenni@foxrothschild.com
Solomon, Robin I.               rsolomon@foxrothschild.com
Wanger, William R.              wwanger@foxrothschild.com


**The Bayard Firm**
Astin, Daniel K.                dastin@bayardfirm.com
Davis, Charlene D.              cdavis@bayardfirm.com
Matthews, Tiffany               cmatthews@bayardfirm.com
Richards, Deirdre               drichards@bayardfirm.com
Saccullo, Anthony               asaccullo@bayardfirm.com

**Gardere & Wynne**
Nicewander, Dan L.              dnicewander@gardere.com

# Sonnenschein
SONNENSCHEIN NATH & ROSENTHAL LLP

Brian Dykstra
October 13, 2004
Page 8


**Dorsey & Whitney**
Reeslund, Michael                      reeslund.mike@dorsey.com

**Schwartz, Tobia, Stanziale, Sedita & Campisano**
Crecca, Donald J.                      creccd@kipslaw.com
Diddio, Kim M.                         kim@kipslaw.com
Stanziale, Jr., Charles A.             stanzch@kipslaw.com
Testa, Jeffrey T.                      testaj@kipslaw.com
Ward, Roger C.                         wardr@kipslaw.com

## Others

William C. Cleveland, III, Esquire     wcleveland@bmsmlaw.com
Richard Hawley, Esquire                rhawley@k-glaw.com
Chad A. Cicconi                        ccicconi@thorpreed.com
Constance R. Ariagno                   cariagno@PattonBoggs.com
Gerald R. Flatten                      RicnDF@aol.com
Rendi Mann-Stadt                       rmann-stadt@mwbavl.com
Heather Goldstein                      hgoldstein@mwbavl.com
Fred Barbour                           fbarbour@mwbavl.com
Russell S. Sayre                       sayre@taftlaw.com
Scott Hickman                          shickman@sherrardroe.com
Stephen Hurd                           shurd@sherrardroe.com
James (Jim) M. Matour                  jmatour@hangley.com
Perry K. Delay                         pdelay@hangley.com
Bruce S. Haines                        bhaines@hangley.com
Kathleen M. Laubenstein                klaubenstein@hangley.com
Richard J. Zook                        rzook@cdzc.com

# Electronic Evidence Discovery and Analysis

## Statement of Work

### For:

## Royal Indemnity Company

through

## Sonnenschein Nath & Rosenthal LLP

October 13, 2004

Prepared For:

Mr. Marc Zwillinger, Esq.
Sonnenschein Nath & Rosenthal LLP

## Engagement Summary

Royal Indemnity Company ("ROYAL"), through Sonnenschein Nath & Rosenthal LLP ("SONNENSCHEIN") has retained Red Cliff Consulting, Inc. ("Red Cliff") to provide forensic preservation, forensic and data analysis, file recovery and file processing services. As part of this engagement, Red Cliff will preserve and attempt to recover data from the following servers:

1.  EMC Storage Device – 40-36GB RAID drives – 1.5TB total. EMC owned 20 of the 40 drives, removed those 20 drives and disabled the machine for failure to pay rental fees. The machine has been offline for more than one year. Configuration and server model are unknown. Preserve forensically and attempt to rebuild RAID array and recover data.

2.  Microsoft Exchange 5.5 Email Server – Machine is currently in use supporting 8 user mailboxes, but had supported approximately 200 user mailboxes at one time. Size and server model unknown. Preserve forensically and attempt to recover the previous 192 mailboxes.

3.  File Server – 8-18GB RAID drives. Machine is currently in use. Configuration and server model are unknown. Preserve forensically and attempt to recover data.

Once onsite, Red Cliff will assess the functionality of the servers and determine the exact course of action to take for efficient restoration. Due to the unknown model and state of each of the machines, there may be no relevant data that can be recovered from a particular machine. Red Cliff may engage EMC Professional Services to provide technical background and consulting related to the EMC storage device.

## Engagement Tasks

### Phase I – Preservation and Data Restoration of Identified Hardware

Red Cliff's foremost task and goal will be to preserve the data available on each machine's hard drive(s). Because this project involves a large number of drives that must be preserved individually, Red Cliff will establish an onsite data acquisition lab including multiple acquisition workstations with write-protection hardware. This will enable Red Cliff to preserve multiple drives concurrently to shorten the preservation process.

Provided the Exchange server and the File server are in working order, Red Cliff should be able to complete the restoration and assessment in very short order. However, the fact that drives have been removed from the EMC server increases the potential complexity of the restoration process exponentially due to the fact that each drive must be put back in the exact same order as when the server was being used. In order to maximize the opportunity for a successful restoration of the EMC RAID array, Red Cliff may partner with EMC Professional Services to develop a custom EMC approach to determine the viability of the machine and data drives. EMC may require restitution for any outstanding invoices before any support will be provided. If so, Sonnenschein will instruct Red Cliff how to proceed.

Once the data has been preserved, the following tasks will take place for the specific hardware in order to collect the relevant data:

A.  EMC Server – Once preserved, if the RAID array cannot be rebuilt onsite with EMC's support, Red Cliff will bring the preserved drives back to its lab in Fairfax, VA, and use the EnCase forensic software to attempt to reconstruct the order and configuration drives. NOTE: This is a manually intensive process with a possibility of no success.

B.  Exchange Server – Once preserved, Red Cliff will review the preserved data for the Exchange server file (.edb) that may have contained the previous 192 mailboxes. If it exists, Red Cliff will restore the .edb file and attempt to extract any identified mailboxes. If the previous .edb cannot be located or restored, Red Cliff will examine the preserved data forensically to determine if any email fragments can be recovered.

C.  File Server – If a logical preservation can be made of the file server, Red Cliff will allow the server to reconstruct the RAID array and preserve the data directly. If a forensic preservation is required, Red Cliff will preserve each drive individually and then rebuild the RAID array using either the existing hardware or by bringing the data back to Red Cliff's VA lab and reconstructing it using the EnCase forensic software.

Due to the availability of EMC Professional Services, Red Cliff may begin work on the Exchange server and the File Server before beginning work on the EMC server. This will allow EMC to perform the necessary research into the EMC server's specific history, and Red Cliff and EMC to prepare for the onsite assessment.

## Phase II –Analysis and Preparation of Resulting Data

Once the existing data has been preserved and reconstructed, the data will be verified and reviewed for consistency, and recoverable deleted files will be restored. Due to the processing requirements for email and user files, the data will be broken into two different processing paths at this point.

EMAIL – All recovered mailboxes will be screened for exclusion consistent with the Engagement Protocols at the end of this document, searched, and prepared for review in multiple formats. Because the mailboxes are a structured format, Red Cliff will convert each email message into an HTML representation of the message, establish an automated link between the email and any attachments (only to the extent that the email message containing the attachment was not already excluded pursuant to the Engagement Protocols at the end of this document), and de-duplicate the email messages.

Cost estimates provided for these tasks will be based on the assumption that only 25 PSTs need to be recovered from the Exchange server. Final determination on the approach to take will be made by Sonnenschein once the volume of data is identified.

USER FILES – These are non-email files that are typically found on custodian's computers or on file servers that custodians have access to (this could also include email file stores which will be processed as described above). Red Cliff's standard approach for processing user files is to begin by filtering out known files that are not specific to the custodians including system executable files (e.g., .exe, .dll, .sys, etc.). The remaining files are then filtered to exclude non-

Privileged and Confidential

business documents which are typically not relevant to litigation (e.g., .gif, .avi, .mp3, etc.). The remaining business documents will be de-duplicated to remove multiple versions of the same file. The resulting files will be indexed and searched according to Sonnenschein's instructions.

## Engagement Protocols

**Red Cliff will adhere to the following protocol in connection with this engagement:**

1.     There are three categories of information that *must not* and *will not* be provided to Sonnenschein or its client Royal Indemnity Company ("Royal"):

     A.     Any and all email messages (along with any attachments thereto) in which an address in either or both of the "TO:" and/or "FROM:" fields (but not including the "CC:" field) contain any of the email addresses on the attached Schedule A; and

     B.     Any file or other data that was initially created after September 29, 2003.

2.     Red Cliff shall not, under any circumstances, disclose the contents of any files or other data located on the Servers to any person or entity other than Royal (through Sonnenschein), SFC (through Dilworth Paxson), SLS (through Saul Ewing LLP), or a judicial officer, unless required by law to do so.

3.     After the acquisition phase, Red Cliff will provide to SFC (through the Trustee or his counsel) a single copy of all information acquired from the Servers in the same form and manner as such information was provided to Royal.

4.     Red Cliff will access the SLS-owned Servers outside of SLS' normal business hours and will observe any other reasonable requests made by SLS with respect to Red Cliff's onsite activities.

**Exhibit H**



**MANDIANT**
INTELLIGENT INFORMATION SECURITY

Stephen J. Shapiro
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103-7286

    Re: Subpoena

Dear Mr. Shapiro:

    We received your subpoena dated November 17, 2006.  As you know,
Mandiant acquired the data referenced in your subpoena pursuant to a
multi-party agreement.  Releasing the data you requested without the
consent of all parties to that original agreement would be a breach of
our confidentiality obligations.

    We understand that negotiations are underway among counsel to
find a way to make this information available.  We will address your
subpoena once those negotiations conclude.  If you have any questions,
please contact Shane McGee at 202-408-9216.

    Regards,

    Michael Malin
    Executive Vice President & CFO
    Mandiant Corporation

cc: Shane M. McGee, Esq.

**Exhibit I**

# McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
### ATTORNEYS AT LAW

THREE GATEWAY CENTER
100 MULBERRY STREET
NEWARK, NEW JERSEY 07102-4079
(973) 622-7711
FACSIMILE (973) 622-5314

LOIS H. GOODMAN
Direct dial: (973) 565-2079
lgoodman@mdmc-law.com

December 21, 2006

**VIA OVERNIGHT MAIL AND FACSIMILE**
Mr. Michael Malin
Executive Vice President & CFO
Mandiant Corporation
675 North Washington Street, Suite 210
Alexandria, VA 22314

Re:    **Subpoena to Mandiant Corp. issued in** *Charles A. Stanziale Jr., Ch. 7 Trustee of Student Finance Corp. v. Pepper Hamilton LLP, et al.* **Civil Action Number: 04-1551(JJF)**

Dear Mr. Malin:

     We represent Charles A. Stanziale Jr., Chapter 7 Trustee of Student Finance Corp. (the "Trustee") in the above-referenced case. We are aware that on November 17, 2006 Schnader Harrison Segal & Lewis LLP, counsel for Pepper Hamilton LLP ("Pepper"), issued a third-party subpoena to Mandiant Corporation, formerly known as Red Cliff Consulting LLC ("Mandiant"), seeking to obtain information Mandiant acquired from two Student Loan Servicing, LLC ("SLS") servers in late 2004. Mandiant obtained forensic images of the two SLS servers pursuant to an agreement among SLS, Royal Indemnity Company, and the Trustee. As you have stated in your letter dated December 14, 2006, Mandiant retained copies of the unfiltered forensic images, and is prepared to produce those copies in response to the subpoena.

     While the Trustee does not object in concept to the production of e-mail communications between Student Financing Corporation ("SFC") and Pepper and other non-privileged communications, the Trustee does object to the following:

- Communications between the Trustee and his previous counsel, Dilworth Paxson LLP ("Dilworth").
- Communications between Dilworth and SFC or any of its agents.
- Communications between the Trustee, Dilworth and SFC or any of its agents.
- Communications between the Trustee and Schwartz, Tobia, Stanziale, Sedita & Campisano, PA, including but not limited to the e-mail domain @kipslaw.com ("Schwartz").

NEW YORK, NEW YORK      DENVER, COLORADO      RIDGEWOOD, NEW JERSEY      MORRISTOWN, NEW JERSEY      PHILADELPHIA, PENNSYLVANIA

12/21/2006  18:05    7036932891             MANDIANT                        PAGE  02/02

## McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

Mr. Michael Malin
December 21, 2006
Page 2

- Communications between Schwartz and SFC or any of its agents.
- Communications between the Trustee, Schwartz, and SFC or any of its agents.

As the above-listed communications are attorney-client privileged, please refrain from producing those e-mails to Pepper or any other parties. Further, before production of any e-mail communications, please contact me to address the specifics of the exclusions requested. Also, please be advised that any production should be at the cost of the requesting party. Thank you for your assistance in this matter.


Very truly yours,

McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP


Lois H. Goodman


cc: Stephen J. Shapiro, Esq. (via facsimile and overnight mail)
    Edwin M. Goldsmith, III, Esq. (via facsimile and overnight mail)
    John Bicks, Esq. (via facsimile and overnight mail)
    Lisa A. MacVittie, Esq. (via facsimile and overnight mail)

**Exhibit J**

25192771\V-2

Westlaw.

29 Fed.Appx. 880                                                          Page 1
29 Fed.Appx. 880, 2002 WL 334111 (C.A.3 (Pa.))
(Cite as: 29 Fed.Appx. 880)

▷

Briefs and Other Related Documents

R.J. Reynolds Tobacco v. Philip Morris, Inc.C.A.3 (Pa.),2002.This case was not selected for publication in the Federal Reporter.NOT PRECEDENTIAL Please use FIND to look at the applicable circuit court rule before citing this opinion. Third Circuit Local Appellate Rule 28.3(a) and Internal Operating Procedure 5.3. (FIND CTA3 Rule 28.0 and CTA3 IOP APP I 5.3.)

United States Court of Appeals,Third Circuit.
R.J. REYNOLDS TOBACCO,
v.
PHILIP MORRIS, INC., Philip Morris, Incorporated
WaWa, Inc., Appellant.
No. 00-4226.

Argued Jan. 17, 2002.
Filed Feb. 28, 2002.

Tobacco manufacturer brought antitrust suit against competitor, challenging competitor's retailer program. The United States District Court for the Eastern District of Pennsylvania, Marvin Katz, J., issued orders enforcing subpoenas served upon nonparty retailer, and requiring each party to bear its own discovery expenses. Retailer appealed. The Court of Appeals, Roth, Circuit Judge, held that: (1) orders were final for appeals purposes; (2) subpoena requests did not exceed bounds of permissible discovery; (3) retailer failed to establish that subpoened documents were privileged as trade secrets; and (4) expense reimbursement request should not have been denied without consideration whether expenses were extraordinary.

Affirmed in part; reversed and remanded in part.

West Headnotes

[1] Federal Courts 170B ☞594

170B Federal Courts
    170BVIII Courts of Appeals
        170BVIII(C) Decisions Reviewable
            170BVIII(C)2 Finality of Determination
                170Bk585 Particular Judgments, Decrees or Orders, Finality
                170Bk594 k. Discovery and Production of Documents; Depositions. Most Cited Cases
District court orders, enforcing subpoenas requiring nonparty retailer to provide information to tobacco

manufacturer, suing competitor under antitrust laws, were final as to retailer, allowing for appeal, as retailer would not be able to appeal orders to close of antitrust suit. 28 U.S.C.A. § 1291.

[2] Witnesses 410 ☞16

410 Witnesses
    410I In General
        410k16 k. Subpoena Duces Tecum. Most Cited Cases
Manufacturer of tobacco products, suing competitor for antitrust violations allegedly arising from competitor's retailer program, did not exceed scope of relevant discovery by issuing subpoena requiring nonparty retailer to provide documents relating to its retail cigarette business and dealings with competitor. Fed.Rules Civ.Proc.Rules 26(b)(1), 45, 28 U.S.C.A.

[3] Witnesses 410 ☞16

410 Witnesses
    410I In General
        410k16 k. Subpoena Duces Tecum. Most Cited Cases
Nonparty retailer failed to establish that documents subpoened by tobacco products manufacturer, bringing antitrust suit against competitor challenging competitor's retailer program, were privileged as trade secrets; its privilege log was insufficiently detailed, and retailer failed to show it would be harmed by disclosures. Fed.Rules Civ.Proc.Rule 45(c)(3)(B)(i), 28 U.S.C.A.

[4] Witnesses 410 ☞24

410 Witnesses
    410I In General
        410k23 Compensation
            410k24 k. In General. Most Cited Cases
Trial court could not deny request of nonparty retailer, for fees and costs incurred in connection with response to subpoena served by tobacco manufacturer, bringing antitrust action challenging competitor's retailer program, without considering evidence as to whether expenses in question were significant. Fed.Rules Civ.Proc.Rule 45(c)(2)(B), 28 U.S.C.A.

*881 Appeal from the United States District Court

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

29 Fed.Appx. 880                                                          Page 2
29 Fed.Appx. 880, 2002 WL 334111 (C.A.3 (Pa.))
(Cite as: 29 Fed.Appx. 880)

for the Eastern District of Pennsylvania, (D.C. Civil Action No. 01-mc-00193), District Judge: Honorable Marvin Katz.

Nicholas J. Lisi, Jason Miles Levien, (Argued), Padova & Lisi, Philadelphia, PA, for Appellee.
Robert G. Devine, (Argued), Michael W. Horner, White & Williams, Westmont, NJ, for Appellant.

Before ALITO and ROTH, Circuit Judges SCHWARZER [FN*], District Judge.

> FN* Honorable William W Schwarzer, Senior District Judge for the Northern District of California, sitting by designation.

OPINION

ROTH, Circuit Judge.
**1 Wawa, a non-party and retail distributor of defendant Phillip Morris's tobacco products, appeals two discovery orders issued by the District Court for the Eastern District of Pennsylvania. The first order, entered on November 15, 2000, directed Wawa to produce certain documents requested in plaintiff R.J. Reynolds' subpoena. The second order, entered on November 20, 2000, directed Wawa to pay its own expenses in complying with the subpoena. We will affirm the first order and reverse the second.

JURISDICTION AND STANDARD OF REVIEW

[1] As a non-party, Wawa cannot appeal the District Court's orders at the conclusion of R.J. Reynolds' suit against Phillip Morris in North Carolina. Thus, these orders are final orders over which we have appellate jurisdiction. 28 U.S.C. § 1291; In re: Mark Madden, 151 F.3d 125, 127 (3d Cir.1998). Our standard of review is whether the District Court abused its discretion. James Wm. Moore, 9 Moore's Federal Practice § 45.04[8][b] (3d ed.2001).

NOVEMBER 15 ORDER

R.J. Reynolds' subpoena requests documents and information concerning Wawa's *882 cigarette business, especially its dealings with Phillip Morris and Phillip Morris's Retail Leaders Program. The documents and information that R.J. Reynolds seeks under this subpoena are subject to a protective order entered in the North Carolina action. The protective order provides that the "information and documents provided shall be used only for purposes of the instant litigation and shall not be otherwise disclosed." Nevertheless, Wawa refused to produce certain documents requested by R.J. Reynolds on the ground that they are privileged trade secrets.

[2] Wawa advances two main arguments on appeal. First, it argues that R.J. Reynolds' subpoena exceeds the scope of relevant discovery permitted under Fed.R.Civ.P. 26(b)(1). Although the Federal Rule governing subpoenas is Rule 45, and not Rule 26, it is not necessary to resolve this distinction here. R.J. Reynolds' subpoena meets the requirements of Rule 26 in any event. Rule 26(b)(1) allows discovery regarding "any matter, not privileged, that is relevant to the claim or defense of any party." Here, R.J. Reynolds has requested documents related to Wawa's retail cigarette business and dealings with Phillip Morris. This information plainly relates to R.J. Reynolds' antitrust claims challenging Phillip Morris's Retail Leaders program.

[3] Second, Wawa argues that its documents are privileged as trade secrets and, thus, not obtainable under Fed.R.Civ.P. 45(c)(3)(B)(i). Wawa has the burden of establishing that its documents are privileged. See Charles Alan Wright & Arthur R. Miller, 9A Fed. Prac. & Proc. § 2458 (1995); Fed.R.Civ.P. 45(d)(2) (when information subject to a subpoena is withheld under a claim of privilege, it must be supported by a sufficient description of the nature of the documents produced). Although Wawa has assembled a privilege log listing certain documents as trade secrets, the skeletal descriptions in its privilege log do not support a trade secret privilege for many documents. See, e.g. A118 (listing "various daily log entries" as trade secrets); A119 (listing "interoffice emails" with "various" authors and "various" addressees as trade secrets); A121 (listing "various miscell. Wawa notes/correspondence" as trade secrets).

**2 Even if Wawa's privilege log did establish that certain documents were trade secrets, however, Wawa's argument would still fail. This is because Wawa cannot meet the additional showing of good cause for restricting dissemination on the ground that it would be harmed by its disclosures. Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, 8 Fed. Prac. & Proc. § 2043 (1994). The disclosure required by R.J. Reynolds' subpoena would be made under the limitations of the protective order entered in North Carolina. That order restricts the use of information gained from Wawa to the pending antitrust and unfair trade practices litigation between R.J. Reynolds, Phillip Morris and other tobacco

29 Fed.Appx. 880                                                          Page 3
29 Fed.Appx. 880, 2002 WL 334111 (C.A.3 (Pa.))
(Cite as: 29 Fed.Appx. 880)

producers.   In light of this protective order, Wawa
has not presented sufficient showing of harm to
establish that the District Court abused its discretion
in ordering production.

Therefore, we find that the District Court did not
abuse its discretion in requiring Wawa to comply
with R.J. Reynolds' subpoena.


                  NOVEMBER 20 ORDER

[4] The District Court also denied Wawa fees and
costs incurred as a result of its compliance with R.J.
Reynolds' subpoena.   We find that the court abused
its   discretion   when   it   summarily   denied
compensation without considering evidence of the
expenses Wawa incurred.

Fed.R.Civ.P. 45(c)(2)(B) imposes mandatory fee
shifting and directs the court to *883 "protect" a
nonparty from "significant expense resulting from
inspection and copying commanded."  Thus, district
courts must determine whether the subpoena imposes
expenses on a non-party and whether those expenses
are significant.   James Wm. Moore, 9 Moore's
Federal   Practice   §   45.04[2]   (3d   ed.2001).
Significant expenses must be borne by the party
seeking discovery.  Id. The District Court abused its
discretion when it denied Wawa compensation
without determining the existence and magnitude of
Wawa's expenses.


                      CONCLUSION

We will affirm the District Court's November 15,
2000, order requiring Wawa to comply with R.J.
Reynolds' subpoena.    We will reverse the District
Court's November 20, 2000, order and remand this
case to the District Court to make findings regarding
Wawa's expenses and to award any expenses required
by Fed.R.Civ.P. 45(c)(2)(B).

C.A.3 (Pa.),2002.
R.J. Reynolds Tobacco v. Philip Morris, Inc.
29 Fed.Appx. 880, 2002 WL 334111 (C.A.3 (Pa.))

Briefs and Other Related Documents (Back to top)

• 2001 WL 34108410 (Appellate Brief) Reply Brief
of Appellant (Sep. 26, 2001) Original Image of this
Document (PDF)
• 2001 WL 34108411 (Appellate Brief) Brief of
Appellee (Sep. 10, 2001) Original Image of this

Document (PDF)
• 2001 WL 34108412 (Appellate Brief) Brief of
Appellant (Aug. 13, 2001) Original Image of this
Document (PDF)
• 00-4226 (Docket) (Dec. 12, 2000)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# Exhibit K

2519277\V-2

December 14, 2006

<u>VIA REGISTERED MAIL</u>

Student Loan Servicing, LLC
c/o Andrew N. Yao, Registered Agent
261 Chapman Road, Suite 101
Newark, Delaware  19702

Student Loan Servicing, LLC
c/o Andrew N. Yao, Registered Agent
107 Leighton Drive
Bryn Mawr, Pennsylvania  19010

> Re:  Subpoena to Mandiant Corp. issued in *Charles A. Stanziale Jr., Ch. 7 Trustee of Student Finance Corp. v. Pepper Hamilton LLP, et al.* (D. Del. case no. 04-1551-JJF) and *Royal Indemnity Co. v. Pepper Hamilton LLP, et al.*(D. Del. case no. 05-165-JJF)

Dear Mr. Yao:

On November 17, 2006, Schnader Harrison Segal & Lewis LLP issued the attached subpoena to Mandiant Corporation ("Mandiant") seeking to obtain information Mandiant acquired from two Student Loan Servicing, LLC ("SLS") servers in late 2004. Mandiant, formerly Red Cliff Consulting LLC, acquired forensic images of the two SLS servers pursuant to an agreement among SLS, Royal Indemnity Company, and Student Finance Corporation through its Chapter 7 Trustee.  Pursuant to the agreement, Mandiant filtered these forensic images to remove communications between SLS and its attorneys before the remaining data were produced to the parties.

The subpoena, however, seeks all the communications on these servers, which would include the privileged communications filtered out in 2004. As the privilege is SLS's, and we are unsure if you are aware of the subpoena, we wanted to bring the subpoena to SLS's attention.  Please be advised that, consistent with the 2004 agreement, Mandiant retained copies of the unfiltered forensic images, and may be compelled to produce those copies in response to the subpoena unless the subpoena is quashed or modified pursuant to a court order.

Please notify us in writing prior to December 22, 2006 whether you intend to move to quash or otherwise challenge the subpoena.

Sincerely yours,

Michael Malin
Executive Vice President & CFO
Mandiant Corporation

Mr. Andrew N. Yao
December 14, 2006
Page 2


Enclosure

cc:    Stephen Shapiro, Esq.
       Lois Goodman, Esq.
       Shane M. McGee, Esq.

**FedEx** Express   *USA Airbill*   FedEx Tracking Number **8461 9146 5904**

0200   Recipient's Copy

**From** Date 12/14/06

Sender's Name MIKE MALIN   Phone 703 683-3141

Company LAND. NET

Address 675 North Washington 210

City ALEXANDRIA   State VA   ZIP 22314

Your Internal Billing Reference LAND. NET

**To**
Recipient's Name ANDREW YAO   Phone

Company STUDENT LOAN SERVICING LLC

Address 261 Chapman Road 101

City Newark   State DE   ZIP 19702

12/15/06

**4a Express Package Service** — *Packages up to 150 lbs.*
☒ FedEx Priority Overnight   ☐ FedEx Standard Overnight   ☐ FedEx First Overnight
☐ FedEx 2Day   ☐ FedEx Express Saver

**4b Express Freight Service** — *Packages over 150 lbs.*
☐ FedEx 1Day Freight   ☐ FedEx 2Day Freight   ☐ FedEx 3Day Freight

**5 Packaging**
☒ FedEx Envelope   ☐ FedEx Pak   ☐ Other

**6 Special Handling**
☐ HOLD Weekday   ☐ HOLD Saturday
Does this shipment contain dangerous goods?
☒ No   ☐ Yes Shipper's Declaration not required   ☐ Yes As per attached Shipper's Declaration   ☐ Dry Ice   ☐ Cargo Aircraft Only

**7 Payment** Bill to:
☒ Sender   ☐ Recipient   ☐ Third Party   ☐ Credit Card   ☐ Cash/Check

Total Packages   Total Weight   Total Declared Value $   Total Charges

**8 Release Signature**

446



12/11/2006  18:18    2125544215              MANDIANT              PAGE  02



**MANDIANT**

INTELLIGENT INFORMATION SECURITY

Stephen J. Shapiro
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103-7286

          Re: Subpoena

Dear Mr. Shapiro:

    We received your subpoena dated November 17, 2006. As you know,
Mandiant acquired the data referenced in your subpoena pursuant to a
multi-party agreement. Releasing the data you requested without the
consent of all parties to that original agreement would be a breach of
our confidentiality obligations.

    We understand that negotiations are underway among counsel to
find a way to make this information available. We will address your
subpoena once those negotiations conclude. If you have any questions,
please contact Shane McGee at 202-408-9216.

          Regards,

          Michael Malin
          Executive Vice President & CFO
          Mandiant Corporation

    cc: Shane M. McGee, Esq.

WWW.MANDIANT.COM

675 North Washington Street   Suite 210   Alexandria, VA 22514   703.683.3141 OFFICE   703.683.2891 FAX