# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

William H. Sudell, Jr.
302 351 9284
302 425 4685 Fax
wsudell@mnat.com

July 30, 2007

**E-FILED AND HAND DELIVERED**

The Honorable Joseph J. Farnan, Jr.
United States District Court
District of Delaware
844 N. King Street
Room 4124, Lockbox 27
Wilmington, DE 19801

    Re:    <u>Charles A. Stanziale v. Pepper Hamilton LLP, et al., No. 04-1551 (JJF)</u>

Dear Judge Farnan:

        I write pursuant to the Second Amended Case Management Order #1 and Your Honor's comments at the May 17, 2006 conference, on behalf of Pepper Hamilton LLP ("Pepper Hamilton") and W. Roderick Gagné (Mr. Gagné), in his capacity as an attorney practicing at Pepper Hamilton, to identify the bases upon which we intend to move for summary judgment in the above-referenced action. I outline in a separate letter the grounds upon which we intend to move for summary judgment in *Royal Indemnity Co. v. Pepper Hamilton LLP, et al.*, No. 05-165 (JJF).

        Four claims alleged by the Trustee against Pepper Hamilton and Mr. Gagné survived the Court's December 22, 2005 Opinion and Order. Those claims are: (i) Count I (breach of fiduciary duty); (ii) Count IV (professional malpractice); (iii) Count IX (bankruptcy equitable subordination claim); and (iv) Count X (bankruptcy preference claim). In summary, Pepper Hamilton and Mr. Gagné are entitled to summary judgment as to each for the following reasons.

The Honorable Joseph J. Farnan, Jr.
July 30, 2007
Page Two

**Count I (breach of fiduciary duty) and Count IV (professional malpractice)**

    *1.    The Trustee's claims are barred by the doctrine of in pari delicto.*

        The Trustee "brings this Complaint pursuant to 11 U.S.C. § 541(a) as successor to the interests in property of the Estate [of Student Finance Corporation]. . . ." (Trustee's First Amended Complaint ¶ 15). In its December 22, 2005 Opinion and Order, 335 B.R. 539 (D. Del. 2005), the Court acknowledged that "the doctrine [of *in pari delicto*] may be applied to bar a bankruptcy trustee who has stepped into the shoes of a wrongdoing debtor from bringing an action under § 541 against a third party defendant who participated in the same wrongdoing." *Id.* at 547, citing *Official Comm. of Unsecured Creditors* v. *R.F. Lafferty & Co., Inc.*, 267 F.3d 340, 360 (3d Cir. 2001). Recently, Bankruptcy Judge Walsh has applied the *in pari delicto* doctrine to bar a bankruptcy trustee's claims of legal malpractice and breach of fiduciary duty against a debtor's former counsel in *Claybrook* v. *Broad & Cassel, P.A.*, 364 B.R. 562, 570 (Bankr. D. Del. 2007) ("[I]f a claim by a debtor is barred by an *in pari delicto* defense, that same claim brought by a trustee is similarly barred. Every circuit court that has addressed this issue has come to the same conclusion.") (collecting cases). Even more recently, this Court reiterated that "[t]he doctrine of *in pari delicto* may be applied against a bankruptcy trustee standing in the shoes of the wrongdoing debtor." *Astropower Liquidating Trust* v. *KPMG LLP*, 2007 U.S. Dist. LEXIS 38222 at *15 (D. Del. May 25, 2007) (Farnan, J.).

        Here, the Trustee stands in the shoes of SFC, "a Pennsylvania corporation" (Trustee's First Amended Complaint ¶ 23). Pennsylvania's doctrine of *in pari delicto* applies to bar the Trustee's claims in this case. *See Official Committee of Unsecured Creditors of Allegheny Health, Educ. and Research Found.* v. *PriceWaterhouse Coopers, LLP*, 2007 U.S. Dist. LEXIS 3331 (W.D. Pa. Jan. 17, 2007) (granting summary judgment).

        The Trustee does not dispute that SFC meets the "wrongdoing debtor" requirement. SFC's wrongdoing is the crux of the Trustee's case. Rather, on Defendants' Motion to Dismiss, the Trustee argued that Mr. Gagné and Pepper Hamilton were "insiders of SFC." In its December 22, 2005 Opinion and Order, the Court stated that insider status could only be determined "after full discovery." 335 B.R. at 547. Discovery is now complete. The Trustee cannot raise a genuine issue that Pepper Hamilton or Mr. Gagné were insiders of SFC.

        The insider exception to the *in pari delicto* doctrine requires proof of domination and control over the debtor entity by the third-party. "*There must be day-to-day control, rather than some monitoring or exertion* of *influence regarding financial transactions in which the creditor has a direct stake.*" *In re Winstar Communications, Inc.*, 348 B.R. 234, 279 (Bankr. D. Del. 2005) (emphasis in original; citation omitted), *aff'd.*, 2007 U.S. Dist. LEXIS 31137 (D. Del. Apr. 26, 2007 ) (Farnan, J.); *see also In* re *Radnor Holdings Corp.*, 353 B.R. 820, 840-41 (Bankr. D. Del. 2006) (requiring proof that defendant "exercised 'day-to-day control' over [the debtor's] business affairs and dictated [debtor's] business").

The Honorable Joseph J. Farnan, Jr.
July 30, 2007
Page Three

"Attorneys have not generally been considered insiders of their debtor-clients." *Glassman* v. *Heimbach, Spitko & Heckman*, 2007 Bankr. LEXIS 2050 at *27 (Bankr. E.D. Pa. June 11, 2007) (granting summary judgment dismissing a Chapter 7 Trustee's claim against debtors' former counsel).[1]  For example, in *Hirsch* v. *Arthur Andersen & Co.*, 72 F.3d 1085 (2d Cir. 1995), a Chapter 11 trustee brought an action for, *inter alia*, professional malpractice, against the debtor's accountants and outside counsel based upon the professional defendants allegedly engaging in fraudulent conduct by preparing and/or disseminating financial information for private placement memoranda in connection with a Ponzi scheme carried forward by their client.  The Court of Appeals rejected the plaintiff trustee's argument that the outside professionals "controlled" the debtors based upon their sophistication, knowledge and skill relative to the real estate syndications through which the Ponzi scheme was run, stating: "Indeed, it is the ordinary situation for generalist business executives to be less skilled and knowledgeable concerning specialized areas of activity than the professionals, whether employees or independent contractors, engaged in those areas of activity on behalf of the enterprise. . . ." *Id*. at 1094-95.

The Trustee cannot meet its burden of raising a genuine issue as to whether Mr. Gagné or anyone else from Pepper Hamilton dominated and controlled the day-to-day operations and business decisions of SFC.  None of the nearly 100 witnesses deposed in this case testified that anyone from Pepper Hamilton in any way dominated or controlled the day-to-day business affairs of SFC.  Summary judgment on grounds of *in pari delicto* is now appropriate.

   2.   ***The Trustee's claims are barred by unclean hands and contributory negligence.***

The Trustee's claims of breach of fiduciary duty and legal malpractice are similarly barred, as a matter of law, by the doctrines of unclean hands and contributory negligence.  *See Meyers* v. *Sudfeld*, Civ. A. No. 05-CV-2970, 2007 U.S. Dist. LEXIS 7634, at *17 (E.D. Pa. Feb. 2, 2007), quoting *Gorski* v. *Smith*, 812 A.2d 683, 700 (Pa. Super. Ct. 2002) ("Pennsylvania is a contributory negligence state . . . [and] 'the negligence of a client may be raised as an affirmative defense by an attorney in a legal malpractice action that is based on a theory of negligence.'")

---

[1]   In *Glassman*, a partner in the defendant law firm was the brother of the individual debtor on whose behalf the Chapter 7 Trustee was suing.  Even so, the Court observed just last month: "it is not sufficient for the trustee to maintain that the entire [law] firm should be considered an 'insider' simply because one partner is related to the debtor . . . .  Indeed, the Trustee has not referred to any reported decision in support of this contention." *Id*. at 33-34.

The Honorable Joseph J. Farnan, Jr.
July 30, 2007
Page Four

### 3. *Breach of fiduciary duty and legal malpractice claims fail for lack of causation.*

Pepper Hamilton "is a Pennsylvania Limited Liability General Partnership . . . [and] provided legal services to SFC . . . from its Philadelphia office, primarily under the guidance of Gagné." (Trustee's First Amended Complaint at ¶ 3). To prevail on a claim for legal malpractice, the Trustee must prove that "'but for' the attorney's alleged error, the plaintiff would not have been harmed." *Scaramuzza v. Sciolla*, Civ. A. No. 04-1270, 2006 U.S. Dist. LEXIS 8264, at *22-23 (E.D. Pa. Mar. 3, 2006) (citations omitted). *See also Storm v. Golden*, 371 Pa. Super. 368, 375, 538 A.2d 61, 64 (Pa. Super. Ct. 1988) (attorney's negligence must be proximate cause of plaintiff's damages). The Trustee cannot raise a genuine issue as to whether any act or omission of Pepper Hamilton or Mr. Gagné so caused its alleged damages.

### 4. *The claims of breach of fiduciary duty and legal malpractice are duplicative.*

For the reasons outlined above, the Trustee's claims of breach of fiduciary duty and legal malpractice should not proceed. In any event, the Trustee's claim of breach of fiduciary duty is duplicative of its claim of legal malpractice. Because breach of fiduciary duty is tried to the Court while legal malpractice is tried to a jury, if one claim is to proceed it must be the latter.[2] *See Iannazzo v. Day Pitney LLP*, 2007 WL 2020052, at *10 (S.D.N.Y. July 10, 2007) ("[C]ourts routinely dismiss a breach of fiduciary duty claim against an attorney where the claim is based on the same facts as the legal malpractice claim because they are duplicative.").

### Count X (bankruptcy preference)

The Trustee's bankruptcy preference claim seeks to expand the 90-day bankruptcy preference period to one year by alleging that Pepper Hamilton was an SFC "insider." *See* Trustee's First Amended Complaint ¶ 303. This effort fails because Pepper Hamilton was not an SFC "insider." *See* 11 U.S.C. § 101(31) (defining "insider" to include a "person in control of the debtor"). While § 101(31) is not an exhaustive list, clear indicia of the actual exercise of control is essential to a finding of insider status. *See Lucent Technologies, Inc. v. Schubert*, 2007 U.S. Dist. LEXIS 31137 at * 8 (D. Del. Apr. 26, 2007) (Farnan, J.) (finding "Lucent controlled Winstar's purchasing decisions in order to inflate its own revenue"); *see also In re Radnor Holdings Corp.*, 353 B.R. 820, 840-41 (Bankr. D. Del. 2006) (insider status not

---

[2] "Actions for breach of fiduciary duty, historically speaking, are almost uniformly actions 'in equity' — carrying with them no right to trial by jury." *Liquidation Trust of Hechinger Inv. Co. v. Fleet Retail Finance Group*, 327 B.R. 537 (D. Del. 2005) (striking jury demand); *see also Cantor v. Perelman*, Civ. A. No. 97-586-KAJ, 2006 U.S. Dist. LEXIS 5210 (D. Del. Feb. 10, 2006) (same; striking jury demand).

The Honorable Joseph J. Farnan, Jr.
July 30, 2007
Page Five

established under statutory "person in control of the debtor" provision where there was no evidence of day-to-day control over debtor's business affairs). *See also Glassman* v. *Heimbach, Spitko & Heckman*, 2007 Bankr. LEXIS 2050 at * 33-34 (Bankr. E. D. Pa. June 11, 2007) (granting summary judgment dismissing a Chapter 7 Trustee's preference claim outside 90-day period against debtor's former counsel, holding former counsel was not an "insider"). The Trustee cannot raise a genuine issue as to whether Pepper Hamilton controlled the day-to-day business affairs of SFC. Thus, as a matter of law, the applicable period for the Trustee's bankruptcy preference claim is 90 days, not one year. The Trustee concedes that $835,475 of the $985,475 sought to be recovered as a preference was paid outside the 90-day period. *See* Trustee's First Amended Complaint ¶¶ 301-305.

Even as to the $150,000 paid within 90 days of SFC's bankruptcy, those payments were contemporaneous exchanges made in the ordinary course of business of the Debtor according to ordinary business terms. These payments satisfy the contemporaneous exchange and ordinary course of business defenses, and cannot for those reasons be recovered by the Trustee. *See In re Hechinger Inv. Co.*, 2007 WL 1630004, at *4-8 (3d Cir. June 7, 2007).

**Count IX (Equitable Subordination)**

In Count IX of its First Amended Complaint the Trustee alleges that approximately $527,000 in claims by Pepper Hamilton in the SFC bankruptcy proceeding for unpaid legal fees should be equitably subordinated pursuant to Bankruptcy Code § 510(c). The Trustee's claim of equitable subordination is predicated solely on the Trustee's other claims of wrongful conduct addressed above. *See* Trustee's First Amended Complaint ¶¶ 291-298. The dismissal of the Trustee's other claims requires dismissal of its claim for equitable subordination. *See Liquidation Trust of Hechinger Inv. Co.* v. *Fleet Retail Finance Group*, 327 B.R. 537, 551 n.22 (D. Del. 2005) (granting summary judgment dismissing equitable subordination claim).

*        *        *

We believe that there is no reasonable dispute as to any material fact relevant to these issues, and therefore believe summary judgment is warranted on the grounds described herein. We will be happy to supplement this letter in any way the Court might find helpful, and thank the Court for its consideration of these matters.

Respectfully submitted,

William H. Sudell, Jr.

WHS/clh
cc:   All Counsel on Attached Service List
1089012