# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

William H. Sudell, Jr.
302 351 9284
302 425 4685 Fax
wsudell@mnat.com

August 15, 2007

**E-FILED AND HAND-DELIVERED**

The Honorable Joseph J. Farnan, Jr.
United States District Court
District of Delaware
844 N. King Street
Room 4124, Lockbox 27
Wilmington, DE 19801

Re:    *Charles A. Stanziale* v. *Pepper Hamilton LLP, et al.*, No. 04-1551 (JJF)

Dear Judge Farnan:

I write on behalf of Pepper Hamilton LLP ("Pepper Hamilton") and W. Roderick Gagné ("Mr. Gagné"), in his capacity as an attorney practicing at Pepper Hamilton, in response to the August 14, 2007 letter to Your Honor from Plaintiff Charles A. Stanziale, Jr. ("Trustee").

The Trustee's letter is completely <u>silent</u> and tenders no opposition to three of the four bases for our requested motion for summary judgment:

1.    that the Trustee's claims are barred by unclean hands and contributory negligence;

2.    that the Trustee's breach of fiduciary duty and legal malpractice claims fail for lack of causation; and

3.    that the Trustee's claims of breach of fiduciary duty and legal malpractice are duplicative.

As to what the Trustee does say, at pages 2-3 of its letter, the Trustee confuses the standards on a motion to dismiss with those governing summary judgment. Unlike a motion to dismiss where the Court must accept as true all facts alleged in the complaint, on a motion for summary judgment the moving party is entitled to judgment as a matter of law if the Court

The Honorable Joseph J. Farnan, Jr.
August 15, 2007
Page Two

determines, after examination of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that there are no genuine issues of material fact. Fed. R. Civ. P. 56(c). Once the moving party demonstrates a prima facie absence of any genuine issue of material fact and entitlement to judgment as a matter of law, the burden shifts to the party opposing the motion to submit evidentiary proof sufficient to create genuine issues of material fact requiring a trial to resolve. *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). *See also* Fed. R. Civ. P. 56(e). In order successfully to oppose a Rule 56 motion, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts. In the language of the Rule, the non-moving party must come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co., Ltd.* v. *Zenith Radio Corp.*, 475 U .S. 574, 586-87 (1986) (citations omitted) (emphasis in original). The mere existence of some evidence in support of the non-moving party is insufficient to defeat a Rule 56 motion — there must be enough evidence to enable a jury to reasonably find for the non-moving party on that issue. *Anderson*, 477 U.S. at 249. Thus, if the evidence is "merely colorable, or is not significantly probative," the moving party's motion may be granted. *Id.* (citations omitted). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *See Celotex Corp.* v. *Catrett*, 477 U.S. 317, 322 (1986).

The Trustee's recitation at page 2 of its letter of what needs to be done to try this action on schedule is not relevant to whether Trustee is entitled to put Pepper Hamilton to the burden of trial in the first place. Claims just like those now presented by the Trustee are routinely addressed and disposed of on summary judgment. Moreover, the Trustee agreed to the scheduling order currently in place.

The Trustee's reliance at page 3 of its letter on filings by Royal does not in any way shore up the Trustee's claims. Non-client Royal Indemnity Company does not assert claims of malpractice or breach of fiduciary duty. Simply stated:

4.    It is undisputed that Trustee stands in the shoes of wrongdoer SFC;

5.    It is undisputed that the doctrine of *in pari delicto* bars Trustee's claims unless the "insider" exception applies;

6.    It is the Trustee's burden to establish applicability of the insider exception;

7.    The "facts" asserted by the Trustee at pages 3-8 of its letter in supposed support of its insider argument

The Honorable Joseph J. Farnan, Jr.
August 15, 2007
Page Three

           a.       are (even if they could be established) legally irrelevant, and

           b.       in any event relate almost exclusively to Mr. Gagné, and do not begin to support any claim of insider status as to the Pepper Hamilton law firm.

        Thus, the first "fact" cited by the Trustee — "Gagné was sufficiently involved in SFC to give business advice to Andrew Yao and the company" (Trustee letter at 6) — speaks only to Mr. Gagné and not to the Pepper Hamilton law firm.[1]

        The second, third and fourth "facts" cited by the Trustee — that "Gagné and his family members were shareholders in SFC [for a period of time]," "executed" routine corporate ratifications and "were involved with Yao in substantial financial investments" (Trustee letter at 6-7 ) — again speaks only to Mr. Gagné in his family (not lawyer) capacity and not to the Pepper Hamilton law firm. The minority equity investments also support the near obvious conclusion that the Gagné family had no inkling of any SFC insolvency for no one would knowingly invest in equity in an insolvent business. Under the Supreme Court's summary judgment trilogy discussed above, common sense plays a role in summary judgment determinations.

        The fifth "fact" cited by the Trustee — "[a] Pepper employee was an officer of SFC for several years" (Trustee letter at 7) — is grossly misleading. The Trustee's oblique reference is to Maria DeCarlo, a paralegal at Pepper Hamilton. Ms. DeCarlo was designated by the SFC Board of Directors as an "assistant secretary" so that in the event a corporate document needed attestation she would sign it or witness signatures or perform other ministerial tasks.

---

[1]    Advice — which is what the Trustee alleges — is not "day-to-day control," *In re Winstar Communications, Inc.*, 348 B.R. 234, 279 (Bankr. D. Del. 2005), *aff'd.*, 2007 U.S. Dist. LEXIS 31137 (D. Del. Apr. 26, 2007 ) (Farnan, J.); *see also In re Radnor Holdings Corp.*, 353 B.R. 820, 840-41 (Bankr. D. Del. 2006) (requiring proof that defendant "exercised 'day-to-day control' over [the debtor's] business affairs and dictated [debtor's] business").

Because attorneys render advice — and do not control or dictate the business of their clients — "[a]ttorneys have not generally been considered insiders of their debtor-clients." *Glassman* v. *Heimbach, Spitko & Heckman*, 2007 Bankr. LEXIS 2050 at *27 (Bankr. E.D. Pa. June 11, 2007) (granting summary judgment dismissing a Chapter 7 Trustee's claim against debtors' former counsel). In *Glassman*, a partner in the defendant law firm was the brother of the individual debtor on whose behalf the Chapter 7 Trustee was suing. Even so, the Court observed: "it is not sufficient for the trustee to maintain that the entire [law] firm should be considered an 'insider' simply because one partner is related to the debtor . . . . Indeed, the Trustee has not referred to any reported decision in support of this contention." *Id.* at 33-34.

The Honorable Joseph J. Farnan, Jr.
August 15, 2007
Page Four

Ms. DeCarlo was in no way involved in the management or control of SFC, and understood her functions to be purely those of a notary. She never undertook to exercise any dominion or control over SFC in any way. *See* DeCarlo at 20-22 (testifying that she never attended an SFC closing, never attended any meeting at SFC, never went to SFC's offices, never had any conversations with Mr. Yao or Mr. Hawthorne and never attended any meetings with Mr. Yao or Mr. Hawthorne). That the Trustee would even mention this as proof that Pepper Hamilton was an "insider" speaks volumes as to the lack of merit to the Trustee's claim.

The sixth "fact" cited by the Trustee — "Gagné aided Andrew Yao in manipulating SFC's assets among various inter-related companies" (Trustee letter at 7) — again speaks only to Mr. Gagné and <u>not to the Pepper Hamilton law firm</u>. The Trustee does not allege that Mr. Gagné was aware of or in any way intended to "mask distributions to Yao" and Yao's undisclosed intent certainly cannot serve to support a claim of insider status against Pepper Hamilton or Mr. Gagné.

The last "fact" cited by the Trustee — that the Gagné family loaned money to SFC in March 2002 (Trustee letter at 7-8) — again speaks only to Mr. Gagné and <u>not to the Pepper Hamilton law firm</u>. The evidence of record supports the conclusion that the Gagné family loaned money to SFC in March 2002 so that SFC could purchase additional student loans (its business as they understood it), and also supports the near obvious conclusion that Mr. Gagné had no reason to believe that SFC was about to go out of business. There is no evidence that the Gagné family (or Pepper Hamilton) was aware that the loaned funds would be used to make forbearance payments. The Trustee does not contend otherwise.

The "facts" marshaled by the Trustee, even if established, do not support a claim of insider status in respect of Mr. Gagné and certainly do not do so in respect of the Pepper Hamilton law firm. The Trustee's purported issues of fact depend entirely on his position that the standard for determining whether a person is an insider for *in pari delicto* purposes turns on whether the relationship goes "well beyond that typical of the attorney client relationship." *See* Trustee letter at 5, 8. As this Court has recently held, that is not the correct legal standard. "*There must be day-to-day control, rather than some monitoring or exertion of influence regarding financial transactions in which the creditor has a direct stake.*" *In re Winstar Communications, Inc.*, 348 B.R. 234, 279 (Bankr. D. Del. 2005) (emphasis in original; citation omitted), *aff'd.*, 2007 U.S. Dist. LEXIS 31137 (D. Del. Apr. 26, 2007) (Farnan, J.); *see also In re Radnor Holdings Corp.*, 353 B.R. 820, 840-41 (Bankr. D. Del. 2006) (requiring proof that defendant "exercised 'day-to-day control' over [the debtor's] business affairs and dictated [debtor's] business").

The Trustee's suggestion that *Glassman* v. *Heimbach, Spitko & Heckman*, 2007 WL 1720242 (Bankr. E.D. Pa. June 11, 2007) sets forth a less rigorous standard for determining insider status when lawyers are involved, is wrong. *Id.* at *9 (citing the day-to-day control test set forth in *Winstar* and *Radnor Holdings* as the insider standard in cases where the creditor and debtor are in a "business relationship"). The Trustee's citation at page 5 of its letter of an <u>unpublished</u> disposition of the Fourth Circuit, *In re Broumas*, 1998 WL 77842, (4th Cir. Feb. 24,

The Honorable Joseph J. Farnan, Jr.
August 15, 2007
Page Five

1998), confirms "that there is no published opinion" (4th Cir. L. Rule 32.1) supporting the Trustee's argument. *Broumas* is, in any event, distinguishable because there the attorney gave the client power to make withdrawals from his law firm's bank account "as if it were his own by giving him signature authority," and the two "were involved in investment deals without written agreements." *Id.* at *8. The relationship between Pepper Hamilton and SFC was nothing like that.

The Trustee "brings this Complaint pursuant to 11 U.S.C. § 541(a) as successor to the interests in property of the Estate [of Student Finance Corporation]. . . ." (Trustee's First Amended Complaint ¶ 15). In its December 22, 2005 Opinion and Order, 335 B.R. 539 (D. Del. 2005), the Court acknowledged that "the doctrine [of *in pari delicto*] may be applied to bar a bankruptcy trustee who has stepped into the shoes of a wrongdoing debtor from bringing an action under § 541 against a third party defendant who participated in the same wrongdoing." *Id.* at 547, citing *Official Comm. of Unsecured Creditors* v. *R.F. Lafferty & Co., Inc.*, 267 F.3d 340, 360 (3d Cir. 2001). The doctrine of *in pari delicto* plainly applies. Equally plainly, the Trustee cannot satisfy its burden of proof in respect of the "insider" exception to that doctrine. Pepper Hamilton and Mr. Gagné in his capacity as a lawyer at Pepper Hamilton should be permitted to move for summary judgment at this time.

\*                    \*                    \*

We believe that there is no reasonable dispute as to any material fact relevant to these issues, and therefore believe summary judgment is warranted on the grounds described herein. We will be happy to supplement this letter in any way the Court might find helpful, and thank the Court for its consideration of these matters.

Respectfully submitted,

William H. Sudell Jr. / by permission

William H. Sudell, Jr.

WHS/clh

cc:    All Counsel on Attached Service List

1212116