

Eckert Seamans Cherin & Mellott, LLC
300 Delaware Avenue, Suite 1210
Wilmington, DE 19801

TEL 302 425 0430
FAX 302 425 0432
www.eckertseamans.com

Karen L. Turner
302.425.0430 (Wilmington)
215.851.8431 (Philadelphia)
kturner@eckertseamans.com

August 16, 2007

The Honorable Joseph J. Farnan, Jr.
United States District Court for the
District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street, Room 4124
Lockbox 27
Wilmington, DE  19801

Re:  **Charles A. Stanziale, Jr., Chapter 7 Trustee of**
     **Student Finance Corporation v. Pepper Hamilton LLP, *et al.***
     **Civil Action No. 04-1551 (JJF)**

Dear Judge Farnan:

This letter responds on behalf of defendants Robert L. Bast, Pamela Bashore Gagné, the Brennan Trusts and W. Roderick Gagné ("Gagné") as a Trustee of the Brennan Trusts ("the Family defendants") to the letter to Your Honor dated August 14, 2007 from Charlene D. Davis, Esquire, counsel for Charles A. Stanziale, Jr., Chapter 7 Trustee ("Trustee") of Student Finance Corporation ("SFC") ("August 14 letter").

The thrust of the Trustee's argument is that the Family defendants should not be permitted to move for summary judgment on claims as to which the Court denied their motion to dismiss. However, on the motion to dismiss, the Trustee did not have to come forward with any evidence to support his claims, but could rely solely on the allegations of the Complaint. In contrast here, once the moving parties demonstrate a prima facie absence of any genuine issue of material fact and entitlement to judgment as a matter of law, the Trustee *must* come forward with *evidence* sufficient to create genuine issues of *material* fact requiring a trial to resolve. *E.g., Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The Trustee's August 14 letter demonstrates quite clearly that he will not be able to do so.

*Alleged Insider Status*: The August 14 letter does not even acknowledge, let alone address, the legal standard applicable to the Trustee's preference claims against the Family defendants based on alleged insider status. The Bankruptcy Code specifically provides that a transfer between 90 days and one year before the date of a bankruptcy petition is avoidable if the creditor was an insider "*at the time of such transfer.*" 11 U.S.C. § 547(b)(4)(B) (emphasis added). The laundry list of purported evidence of insider status in the August 14 letter (pp. 6-8) does not show how the Trustee will attempt to establish a genuine issue of fact as to insider status at the time of transfers made to the Family defendants between June 5, 2001 (one year before the filing date)

**ECKERT**
**SEAMANS**

The Honorable Joseph J. Farnan, Jr.
August 16, 2007
Page 2

and March 7, 2002 (90 days before the filing date), which is the sole issue that is legally material.

The Trustee's principal and only specific assertion in regard to the relevant time period is that in early March 2002, the Family defendants made loans to SFC, which Yao allegedly used to make forbearance payments (August 14 letter, pp. 7-8). The Family defendants agree that they made these loans – indeed, the loans form the basis of their new value defense, discussed below. However, the fact that the Family defendants made these loans does nothing whatsoever to establish that they were insiders of SFC. With respect to the allegation that Yao used these funds to make forbearance payments, even were this relevant to insider status, there is no evidence at all that the Family defendants knew that the money would be used for this purpose. In fact, the overwhelming evidence is to the contrary, since the loan documents expressly provided that the loan proceeds would be used to finance SFC's purchase of student loans, and each of the Family defendants testified unequivocally that this was their understanding as to how the proceeds would be used.

*Ordinary Course of Business Defense*: As with the Trustee's insider status claims, the August 14 letter focuses entirely on purported facts that are legally irrelevant to the ordinary course of business defense. The Trustee seeks to recover allegedly preferential payments totaling $4,229,073 made by SFC to the Family defendants in the year preceding the filing date. As the Family defendants explained in their letter to Your Honor dated July 30, 2007 ("July 30 letter"), the undisputed evidence establishes that each and every payment made by SFC to the Family defendants meets the three-prong standard for the ordinary course defense under 11 U.S.C. § 547(c)(2).

Apparently recognizing the futility of arguing that there is any contrary evidence as to whether the statutory standard is met, the Trustee's August 14 letter does not address the standard, but instead argues only that the loans were not "reasonable" and that the March 2002 loans made by the Family defendants to SFC were made in a "flurry of frantic activity" and therefore were not made in the ordinary course (p. 8). However, under section 547(c)(2), the test is not whether the terms of the loans are reasonable or whether they were made calmly or in a flurry, but whether the loans and the payments were made in the ordinary course of the business or financial affairs of SFC and the Family defendants and whether the *payments* were made according to ordinary business terms. With respect to these restrictions on the ability of the Trustee to avoid the payments to the Family defendants, there are no genuine issues of material fact.

Further, even if it were relevant whether the March 2002 loans were made in a flurry, which it is not, the Trustee does not explain, nor could he, how this is material to whether the payments made within the one-year period before the filing date on all the other loans between SFC and the Family defendants meet the requirements of section 547(c)(2). These other payments, which include repayment of $3 million in principal, constitute almost 99% of the Trustee's preference

**ECKERT SEAMANS**

The Honorable Joseph J. Farnan, Jr.
August 16, 2007
Page 3

claim. Even if the allegations in the Trustee's August 14 letter regarding the March 2002 loans had any evidentiary support, which they do not, this would not create a genuine issue of material fact as to whether the other 99% of payments that the Trustee seeks to avoid were made in the ordinary course of business.

*New Value Defense*: The August 14 letter does not address this defense, and for good reason: the Trustee cannot show any genuine issue of material fact. For the reasons set forth in the July 30 letter, the Family defendants are entitled to summary judgment on their new value defense.

*Fraudulent Conveyance*: As with his preference claims, the Trustee makes no effort to show that there are genuine issues of material fact for trial on his fraudulent conveyance claim, but relies on argument and immaterialities in contending that this claim is not appropriate for summary judgment. He first argues that the Family defendants should not be permitted to move for summary judgment because determination of intent to defraud is fact intensive (August 14 letter, p. 9). However, even if this proposition is correct, it does not mean that the Family defendants should be forced to incur the burden and expense of a trial when the Trustee cannot meet his burden on summary judgment to show that there are genuine issues of material fact to be tried.

The Trustee's contention that SFC's redemption of stock from the Family defendants was a fraudulent conveyance by SFC to the Family defendants (August 14 letter, pp. 6, 10) is a desperate attempt by the Trustee to inject an eleventh hour claim into the case that was not made in the Complaint, the First Amended Complaint or even the Second Amended Complaint which the Trustee has sought leave to file. As this Court has found, the only purported fraudulent transfer alleged in the Complaint is the claim that "*Yao* fraudulently transferred his interests in three business entities [general partner interests in three limited partnerships] to the Family." *See Stanziale v. Pepper Hamilton LLP (In re Student Finance Corp.)*, 335 B.R. 539, 552 (D. Del. 2005) (emphasis added). The Trustee's assertion of unfounded claims that were not contained in his Complaint or First Amended Complaint is improper and provides no legally cognizable basis to defeat a motion for summary judgment.[1]

Because the only transfer at issue is the transfer by Yao of his general partner stock, the Trustee's reliance on *Liebersohn v. Campus Crusade for Christ, Inc. (In re C.F. Foods)*, 280 B.R. 103, 110 (Bankr. E.D. Pa. 2002) and similar cases (August 14 letter, p. 9) is misplaced. As the Court held in *C.F. Foods*, when allegedly fraudulent transfers are made to present investors by a debtor that is running a Ponzi scheme, fraudulent intent may be inferred because, by

---

[1] The Family defendants first learned of this purported claim in July 2007, more than two months after the close of fact discovery, when the Trustee served what he called Rule 26(a)(1)(C) disclosures listing the payment by SFC to redeem stock from the Family defendants and "overpayment of commitment fees" to the Family defendants made by SFC between 1999 and November 2001 as alleged categories of damages. Neither of these claims is the subject of a remaining count in the Trustee's First Amended Complaint and both are improper. The Family defendants will move to strike these improper and belatedly asserted damage claims.

**ECKERT**
**SEAMANS**

The Honorable Joseph J. Farnan, Jr.
August 16, 2007
Page 4

definition, investors at the end of the line will lose their money. *Id.* at 111. Here, even if the Trustee is able to prove that SFC was running a Ponzi scheme (which the Family defendants dispute), the reasoning of *C.F. Foods* could apply only to transfers made by SFC, not to the transfer of general partner stock at issue, because as this Court has concluded, this was a "transfer of Yao's property, not the property of the debtor, SFC." *In re Student Finance Corp.*, 335 B.R. at 553.

The Trustee's contention that the transfer of the general partner stock was "fraught with intent to defraud" (August 14 letter, p. 10) is nothing more than bombast. The Trustee's bald allegations of intent to defraud were sufficient to defeat a motion to dismiss, but they cannot carry the day on summary judgment. The Trustee's failure in the August 14 letter to cite any facts that he contends constitute badges of fraud or otherwise might prove fraudulent intent speaks volumes. As set forth in detail in the Family defendants' July 30 letter, no such facts exist, and therefore there are no genuine issues of material fact for trial.

For these reasons and the reasons set forth in their July 30 letter, the Family defendants believe that they should be permitted to move for summary judgment to save, both for the Court and themselves, the enormous time and expense that will be entailed in an unnecessary trial of the Trustee's claims. Thank you for your consideration of these matters.

Respectfully submitted,

*/s/ Karen Lee Turner/KLT*

Karen Lee Turner

KLT:hbw

cc: All counsel on attached Service List

M0605983.DOC

## SERVICE LIST

William H. Sudell, Jr.
Donna L. Culver
Joanna F. Newdeck
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
Email: wsudell@mnat.com
*Counsel for Pepper Hamilton LLP and W. Roderick Gagné*

Elizabeth K. Ainslie
Stephen J. Shapiro
Nicholas J. LePore, III
Bruce P. Merenstein
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Suite 2600
Philadelphia, PA 19103
Email: eainslie@schnader.com
       sshapiro@schnader.com
       nlepore@schnader.com
       bmerenstein@schnader.com
*Counsel for Pepper Hamilton LLP and W. Roderick Gagné*

Tiffany Geyer Lydon
Philip Trainer, Jr.
Carolyn Shelly Hake
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899
Email: tlydon@ashby-geddes.com
       ptrainer@ashby-geddes.com
*Counsel for Royal Indemnity Company*

John H. Eickemeyer
Marie A. Tieri
Vedder, Price, Kaufman & Kammholz, P.C.
1633 Broadway, 47th Floor
New York, NY 10019
Email: jeickemeyer@vedderprice.com
       mtieri@vedderprice.com
*Counsel for Freed Maxick & Battaglia, CPAs, PC*

David E. Wilks
Reed Smith LLP
1201 North Market Street, Suite 1500
Wilmington, DE 19801
Email: dwilks@reedsmith.com
*Counsel for Freed Maxick & Battaglia, CPAs, PC*

Christopher M. Winter
Duane Morris LLP
1100 North Market Street
Suite 1200
Wilmington, DE 19801
Email: cmwinter@duanemorris.com
*Counsel for Freed Maxick & Battaglia, CPAs, PC; McGladrey & Pullen LLP and Michael Aquino*

John I. Grossbart
Alan S. Gilbert
Sonnenschein Nath & Rosenthal LLP
8000 Sears Tower
233 S. Wacker Drive
Chicago, IL 60606
Email:  jgrossbart@sonnenschein.com
        agilbert@sonnenschein.com
*Counsel for Royal Indemnity Company*

John W. Shaw
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
Email:  jshaw@ycst.com
*Counsel for MBIA*

Steven M. Farina
Thomas H.L. Selby
Williams & Connolly LLP
725 12th Street, N.W.
Washington, DC 20005
Email:  sfarina@wc.com
        tselby@wc.com
*Counsel for McGladrey & Pullen LLP*

Veronica E. Rendon
Richard P. Swanson
Jason M. Butler
Arnold & Porter LLP
399 Park Avenue
New York, NY 10022
Email:  veronica_rendon@aporter.com
        richard.swanson@aporter.com
        jason_butler@aporter.com
*Counsel for McGladrey & Pullen LLP and Michael Aquino*

Charlene M. Davis
Ashley B. Stitzer
Mary E. Augustine
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
Email:  cdavis@bayardfirm.com
        astitzer@bayardfirm.com
        maugustine@bayardfirm.com
*Counsel for Charles A. Stanziale, Jr., Chapter 7 Trustee of Student Finance Corporation*

Charles A. Gilman
David G. Montone
David G. Januszewski
M. Justin Lubeley
Cahill Gordon & Reindel LLP
80 Pine Street
New York, NY 10005
Email:  cgilman@cahill.com
        dmontone@cahill.com
        djanuszewski@cahill.com
        jlubeley@cahill.com
*Counsel for Pepper Hamilton LLP*

| | |
|---|---|
| Michael S. Waters<br>Lois H. Goodman<br>Jeffrey T. Testa<br>Donald Crecca<br>John P. Dwyer<br>McElroy, Deutsch, Mulvaney &<br>  Carpenter, LLP<br>Three Gateway Center<br>100 Mulberry Street<br>Newark NJ 07102<br>Email: lgoodman@mdmc-law.com<br>       mwaters@mdmc-law.com<br>       dcrecca@mdmc-law.com<br>       jtesta@mdmc-law.com<br>       jdwyer@mdmc-law.com<br>*Counsel for Charles A. Stanziale, Jr., Chapter 7 Trustee of Student Finance Corporation* | Andre G. Castaybert<br>Ronald Rauchberg<br>Steven Obus<br>Proskauer Rose LLP<br>1585 Broadway<br>New York, NY 10036<br>Email: acastaybert@proskauer.com<br>       rrauchberg@proskauer.com<br>       sobus@proskauer.com<br>*Counsel for MBIA* |