IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

In re:  :
STUDENT FINANCE CORPORATION,  :
        Debtor.  :
   :   CIVIL ACTION No. 04-1551 (JJF)
CHARLES A. STANZIALE, JR.,  :
CHAPTER 7 TRUSTEE OF STUDENT  :
FINANCE CORPORATION,  :
        Plaintiff,  :
v.  :
PEPPER HAMILTON LLP, et al.,  :
        Defendants.  :

**MEMORANDUM IN SUPPORT OF THE FAMILY DEFENDANTS'
MOTION TO STRIKE THE TRUSTEE'S IMPROPER DAMAGE CLAIMS**

Dated: August 28, 2007

KAREN LEE TURNER (No. 4332)
Eckert Seamans Cherin & Mellott, LLC
300 Delaware Avenue, Suite 1210
Wilmington, DE 19801
Telephone: (302) 425-0430
Fax:      (302) 425-0431
E-mail:  kturner@eckertseamans.com

Neil G. Epstein
Carol L. Press
Eckert Seamans Cherin & Mellott, LLC
Two Liberty Place
50 South 16th Street, 22nd Floor
Philadelphia, PA 19102
Telephone: (215) 851-8400
Fax:   (215) 851-8383

Attorneys for Defendants Robert L. Bast,
Pamela Bashore Gagné, the Brennan Trusts
and W. Roderick Gagné, as Trustee of the
Brennan Trusts

**TABLE OF CONTENTS**

I.  STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS..................2

II. SUMMARY OF ARGUMENT ...............................................................................................2

III. FACTS ................................................................................................................................3

    A. Count VII Seeks Only to Avoid Transfers by Yao of Stock in Three Corporation..................................................................................................4
    B. Count XI Seeks Only to Avoid Claimed Preferential Payments ...........................4
    C. The Trustee's Newly Raised Damages Claims......................................................5
    D. The Family Defendants' Unsuccessful Attempt to Resolve this Dispute ..................................................................................................................6

IV. ARGUMENT .......................................................................................................................7

    A. The Trustee's Two New Damage Claims are Improper .........................................7
    B. The Trustee Has Not Complied With Rule 26(a)(1)(C) .......................................10
    C. This Court Should Preclude the Trustee From Asserting the Two New Damage Claims at Trial ..............................................................................12

V. CONCLUSION...................................................................................................................15

# **TABLE OF AUTHORITIES**

## **CASES**

American Realty Trust, Inc. v. Matisse Partners, L.L.C., Civil Action No. 3:00-CV-1801-G, 2002 U.S. Dist. LEXIS 12560 (N.D. Tex. July 10, 2002) ...........................................11, 12

AstraZeneca AB v. Mutual Pharmaceutical Co., 278 F. Supp. 2d 491 (E.D. Pa. 2003) ................................................................................................................. 13

Austrian Airlines Oesterreichische Lufverkehrs AG v. UT Finance Corp., No. 04 Civ. 3854, 2005 U.S. Dist. LEXIS 7283 (S.D.N.Y. Apr. 28, 2005) ...............................................11

Bridgestone Sports Co. v. Acushnet Co., Civil Action No. 05-132-JJF, 2007 U.S. Dist. LEXIS 11370 (D. Del. Feb. 15, 2007)...........................................................................................13

Bullard v. Roadway Express, 3 Fed. Appx. 418 (6th Cir. 2001) ................................................. 11

City & County of San Francisco v. Tutor-Saliba Corp., 218 F.R.D. 219 (N.D. Cal. 2003) .............................................................................................................. 11

Conley v. Gibson, 355 U.S. 41 (1957) ........................................................................................... 8

Design Strategy, Inc. v. Davis, 469 F.3d 284 (2d Cir. 2006) ...................................................... 11

Frederick v. Hanna, Civil Action No. 05-514, 2007 U.S. Dist. LEXIS 18626 (W.D. Pa. Mar. 16, 2007) .............................................................................................12

Gallup, Inc. v. Kenexa Corp., Civil Action No. 00-5523, 2003 U.S. Dist. LEXIS 9821 (E.D. Pa. May 28, 2003) ..............................................................................................12, 13

Gilvin v. Fire, Civil Action No. 99-530, 2002 U.S. Dist. LEXIS 15249 (D.D.C. Aug. 15, 2002) ...................................................................................................11

Hewlett-Packard Co. v. Factory Mutual Ins. Co., 04 Civ. 2791, 2006 U.S. Dist. LEXIS 44365 (S.D.N.Y. June 27, 2006).............................................................................................11

Krause v. Buffalo & Erie County Workforce Devel. Consortium, Inc., 426 F. Supp. 2d 68 (W.D.N.Y. 2005) ................................................................................................................ 11

Meyers v. Pennypack Woods Home Ownership Ass'n, 559 F.2d 894 (3d Cir. 1977) ................................................................................................................. 13

National Fire Protection Assoc. Inc. v. Int'l Code Council, Inc., Civil Action No. 03-10848-DPW, 2006 U.S. Dist. LEXIS 14360 (D. Mass. Mar. 29, 2006).........................11

OHC Liquidation Trust v. Credit Suisse First Boston, 340 B.R. 510
    (Bankr. D. Del. 2006) ............................................................................................. 11

San Francisco Bay Area Rapid Transit Dist. v. Spencer, Civil Action No. C 04-04632 SI,
    2007 U.S. Dist. LEXIS 11693 (N.D. Cal. Feb. 5, 2007) ......................................... 10

Stanziale v. Pepper Hamilton LLP (In re Student Finance Corp.), 335 B.R. 539
    (D. Del. 2005) ................................................................................................ 3, 4, 6, 7

Tolerico v. Home Depot, 205 F.R.D. 169
    (M.D. Pa. 2002) .................................................................................................. 13, 14

Wilson v. Pope, No. 96 C 5818, 1997 U.S. Dist. LEXIS 10228
    (N.D. Ill. July 9, 1997) ............................................................................................ 12

## STATUTES

11 U.S.C. § 544 ................................................................................................................... 4

## FEDERAL RULES OF CIVIL PROCEDURE

Rule 26(a)(1)(C) ..................................................................................................... 3, 10, 15

Rule 26(a) ADVISORY COMMITTEE'S NOTE (1993 Amendments) ...................................... 11

Rule 37(c)(1) ..................................................................................................................... 12

I.  **STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS.**

On July 10, 2007, the Trustee served a Rule 26(a)(1)(C) Disclosure Statement. This was the first time that the Trustee had made any disclosures regarding his purported damages. This disclosure, served more than two months after the April 30, 2007 close of fact discovery, a mere three days before the due date for the defendants' expert reports and only three months before the scheduled October 10, 2007 trial date, asserts two additional damage claims against defendants Robert L. Bast, Pamela Bashore Gagné, the Brennan Trusts and W. Roderick Gagné ("Gagné") as Trustee of the Brennan Trusts (the "Family defendants") that are totally unrelated to the two remaining Counts in the Trustee's First Amended Complaint, which are: (1) Count VII – a fraudulent conveyance claim with respect to a transfer of stock by Andrew Yao ("Yao") to the Family defendants; and (2) Count XI – a preference claim which seeks to avoid payments of approximately $4 million from the debtor, Student Finance Corporation ("SFC"), to the Family defendants in the year before the bankruptcy petition was filed.

II.  **SUMMARY OF ARGUMENT.**

1.  The two new damage claims asserted by the Trustee in the Disclosure Statement purportedly arise out of (1) asserted overpayment of commitment fees paid by SFC to the Family defendants during the period from 1999 through 2001 with respect to loans made by the Family defendants to SFC; and (2) payments in the total amount of approximately $7 million made by SFC to the Family defendants during the period from February 2000 through January 2001 to redeem stock of SFC owned by the Family defendants. The Trustee did not assert these damage claims in his Complaint, his October 3, 2005 Rule 26(a)(1)(A) Disclosures, his First Amended Complaint or his responses to the Family defendants' interrogatories requesting

detailed information about the Trustee's claimed damages.[1] Nor did the Trustee mention these claims in the proposed Second Amended Complaint that he seeks leave to file. Neither putative damage claim is recoverable under the remaining Counts in the First Amended Complaint and both are improperly asserted.

2. To allow the Trustee to assert these two damage claims – totaling almost $8 million – against the Family defendants at the eleventh hour would amount to nothing less than trial by ambush; would turn Rule 26(a)(1)(C) of the Federal Rules of Civil Procedure on its head; and would greatly prejudice the Family defendants. As set forth below, the Family defendants request that the Court strike the Trustee's improper damage claims and preclude the Trustee from asserting those damage claims at trial.

### III. FACTS.

This Court's Order and Memorandum Opinion, dated December 22, 2005, granted in part the Family defendants' motion to dismiss the Complaint, leaving only Counts VII and XI for trial. See Stanziale v. Pepper Hamilton LLP (In re Student Finance Corp.), 335 B.R. 539, 552 (D. Del. 2005). On January 23, 2006, the Trustee filed a First Amended Complaint, which did not assert any new causes of action and made no changes to the two remaining Counts of the Complaint against the Family defendants, i.e., Counts VII and XI. The First Amended Complaint asserted no cause of action or claim of damages with respect to the alleged overpayment of commitment fees or redemption of stock.

---

[1] A copy of the Trustee's October 3, 2005 Rule 26(a)(1)(A) Disclosures is Exhibit "A" in the Appendix that accompanies this Motion. A copy of the Trustee's July 10, 2007 Rule 26(a)(1)(C) Disclosure Statement is Exhibit "B" in the Appendix. A copy of the Trustee's response to interrogatory No. 10 on damages is Exhibit "C" in the Appendix.

### A. Count VII Seeks Only To Avoid Transfers by Yao of Stock in Three Corporations.

Count VII of the First Amended Complaint seeks to avoid transfers of stock in three entities (each of which was the general partner in a limited partnership in which certain Family defendants were limited partners) by Yao, CEO and at most times sole shareholder of SFC, to certain Family defendants. Although the Trustee sought to avoid the transfer under 11 U.S.C. § 544, this Court held that he did not have standing to do so, because this Count of the Complaint "seeks to avoid a transfer of *Yao's* property, *not the property of the debtor, SFC.*" Stanziale v. Pepper Hamilton, LLP, 335 B.R. at 552-53 (emphasis added).

In accordance with Count VII of the Amended Complaint, the Trustee's July 10, 2007 Disclosure Statement asserts the following damage claim against the Family defendants: "Fraudulent conveyance to Family Defendants of Andrew Yao's stock in Premier Education Group G.P., Inc.; Andrew Yao's stock in DHP G.P., Inc., and Andrew Yao's stock in One Summit Place G.P., Inc." (July 10, 2007 Disclosure Statement ¶ II(A).)

### B. Count XI Seeks Only To Avoid Claimed Preferential Payments.

Count XI, the only other remaining Count against the Family defendants in the First Amended Complaint, seeks to avoid, as an alleged preference under Section 547 of the Bankruptcy Code, payments of interest, fees and principal on debentures and loans totaling $4,229,093 made by SFC to the Family defendants within one year preceding the filing of the bankruptcy petition on June 5, 2002. See Stanziale v. Pepper Hamilton LLP, 335 B.R. at 555 (summarizing Count XI). The Trustee's *ad damnum* clause following Count XI asserts the following:

> WHEREFORE, the Trustee respectfully requests that this Court enter an Order requiring Pamela Gagné to pay the sum of $64,106.78, Robert Bast to pay the sum of $2,486,596.94, the Elizabeth Brennan Trust to pay the

sum of $81,369.86, the Elizabeth Brennan Trust FBO [W. Roderick] Gagné to pay the sum of $403,750, the Elizabeth Brennan Trust FBO Phillip Gagné to pay the sum of $268,583, the Elizabeth Brennan Trust FBO Elizabeth Gagné to pay the sum of $403,750, the James Brennan Trust FBO [W. Roderick] Gagné to pay the sum of $192,217, the James Brennan Trust FBO Phillip Gagne to pay the sum of $136,483, and the James Brennan Trust FBO Elizabeth Gagné to pay the sum of $192,217, each together with interest, costs, attorney's fees and such other legal and equitable relief as the Court deems appropriate.

The July 10, 2007 Disclosure Statement repeats these damage claims, with minor changes not relevant here. (July 10, 2007 Disclosure Statement ¶ II(D).)[2]

### C. The Trustee's Newly Raised Damage Claims.

Turning his back on the required process set forth in the Federal Rules of Civil Procedure for asserting claims for relief – not to mention his own pleadings and discovery responses – the Trustee's July 10, 2007 Disclosure Statement now asserts the following two *additional* damage claims against the Family defendants:

- Overpayment of $1,018,500 for commitment fees paid to the Family defendants with respect to loans that they made to SFC. (July 10, 2007 Disclosure Statement ¶ II (B).)

- Fraudulent conveyance to Family defendants by redemption of SFC stock in the amount of $6,932,000, which redemption was finalized in early 2001, more than six years ago. (Id. at ¶ II (C).)

These damage claims are unrelated to the two remaining Counts and, indeed, were never mentioned as damage claims in the Complaint, the First Amended Complaint, the Trustee's proposed Second Amended Complaint, or the Trustee's October 3, 2005 Disclosures. The Trustee's Supplemental Objections and Responses to the Family defendants' First Set of Interrogatories likewise failed to mention these damage claims:

---

[2] The Trustee increased the amount of his claim against Pamela Gagné, from $64,106.78 to $92,856.78; and decreased the amount of his claim against Elizabeth Brennan Trust FBO W. Roderick Gagné, from $403,750.00 to $375,000.00.

5

> **[Interrogatory] 10.**  Provide a calculation of any category of damages you claim in this matter, specifying as to each element of damages the parties against whom you claim such damages are recoverable.
>
> **[The Trustee's] Response.**  The Trustee seeks a return of all money and items of value obtained by the Family Defendants directly or indirectly from SFC, including those obtained from Yao. This includes but is not limited to $4,293,179.40 million [sic] in payments within one year of the filing date, together with the value of other transfers that are identified in discovery, interest, costs and attorneys' fees.

No reasonable person could construe the Trustee's pleadings, disclosures and interrogatory responses – individually or collectively – as setting forth a claim that the Trustee was entitled to relief as a result of (1) the Family defendants' receipt of allegedly excessive commitment fees or (2) an additional fraudulent conveyance claim arising out of SFC's redemption of its stock from the Family defendants. Nor could any reasonable person interpret the Trustee's disclosure statements and discovery responses as stating claims against the Family defendants that were not asserted in the Trustee's First Amended Complaint. Notably, in describing each of the Counts in the Trustee's Complaint, this Court did not mention anything whatsoever about a claim relating to overpayment of commitment fees or an avoidable stock redemption. See 335 B.R. at 546-555.

For these reasons, the conclusion is inescapable that the two new damage claims set forth in the July 10, 2007 Disclosure Statement are nothing more than the Trustee's improper attempt – after the close of fact discovery and less than three months before trial – to spring additional claims upon the Family defendants that are separate from and independent of the Trustee's two remaining claims in the First Amended Complaint.

**D.   The Family Defendants' Unsuccessful Attempt to Resolve this Dispute.**

Promptly after receiving the Trustee's July 10, 2007 Disclosure Statement, the Family defendants requested the Trustee to "amend the Trustee's Disclosures to eliminate the[se]

two categories of damages . . . and, thereby, obviate the need for [counsel for the Family defendants] to file a motion to obtain that relief and appropriate costs." The Family defendants also requested to meet and confer with the Trustee's counsel.[3]

The Trustee's response to the Family defendants' request did not claim that he had pleaded causes of action that would give rise to these damage claims.[4] However, the Trustee refused to amend the Rule 26 disclosures.

## IV.    ARGUMENT.

### A.    The Trustee's Two New Damage Claims Are Improper.

There is no legally cognizable theory under which the Trustee's two newly asserted damage claims are recoverable under the remaining Counts of the First Amended Complaint. As this Court already has described, the Trustee's Complaint in Count VII seeks relief arising out of one and only one purported fraudulent transfer – "*Yao['s]* fraudulent transfer [of] his interests in three business entities [general partner interests in three limited partnerships] to the Family." Stanziale v. Pepper Hamilton LLP, 335 B.R. at 552 (emphasis added). One is hard-pressed to articulate any connection whatsoever between the fraudulent conveyance alleged in the First Amended Complaint, by Yao, with the recently asserted fraudulent conveyance, by SFC, let alone to articulate a rationale as to how the conveyance by SFC was included in Count VII of the First Amended Complaint. Likewise, the Trustee's claim regarding purported overpayments of commitment fees certainly is not included in or even remotely connected to Count VII or to Count XI, the Trustee's preference claim under section 547 of the Bankruptcy Code.

---

[3]    A copy of the Family defendants' July 25, 2007 letter to the Trustee's counsel is Exhibit "D" in the Appendix.

[4]    A copy of the Trustee's August 1, 2007 response is Exhibit "E" in the Appendix.

The Trustee's August 1, 2007 letter, in seeking to inject these two claims into this lawsuit, contends that (1) these two brand new causes of action "are within the framework of claims made in the complaint against the family"; (2) "these issues have come up in discovery"; and (3) these issues "were the subject of expert reports and answers to appropriate contention interrogatories prior to the filing of the disclosure." The Trustee is flat-out wrong on all three arguments.

**First**, there is no "framework" of claims in the First Amended Complaint against the Family defendants. There are two remaining claims against the Family defendants – Counts VII and XI – nothing more and nothing less. Perhaps the "framework" that the Trustee is referring to includes Counts II (deepening insolvency), VI (civil conspiracy) and VII (turnover of estate property) of the Complaint, each of which Counts was dismissed by this Court. That "framework," of course, no longer stands.

The Trustee's contention that the Federal Rules of Civil Procedure allow a party to proceed at trial on claims that he or she did not expressly plead, but that appear in the "framework" of a pleading, is specious. It is akin to saying that a defendant is required not only to discern the substance of plaintiff's claims from the complaint, but to read between the lines of the complaint and divine the "framework" of the claims in the pleading, whatever that means. Not surprisingly, the Trustee proffers no support for this remarkable proposition, which would undermine the very purpose of a complaint. See Conley v. Gibson, 355 U.S. 41, 47 (1957) (complaint must give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests").

**Second**, as this Court already has recognized in deciding the motion to dismiss, there is only one fraudulent conveyance claim in the First Amended Complaint against the

8

Family defendants; that claim has nothing to do with redemption of SFC stock or the alleged overpayment of commitment fees. The Trustee's statement that the redemption of the SFC stock and the contention that the commitment fees were excessive have "come up" during discovery is totally irrelevant as to whether the Trustee has properly alleged those claims against the Family defendants in his pleadings. Certainly, the Trustee cannot credibly contend that the fact or amount of commitment fees and the fact that SFC redeemed stock owned by the Family defendants were not known to him before discovery began. These facts are readily apparent from SFC's own records. In the eighty-two fact witness depositions that have been taken, hundreds or thousands of facts and issues have been touched upon or, in the Trustee's words, "come up." The fact that commitment fees and stock redemption were among these issues provides no basis whatsoever for the Trustee to assert damage claims against the Family defendants that are not contained in the First Amended Complaint.

**Third**, the fact that the Trustee has presented purported experts' opinions that the commitment fees were excessive and that the redemption of the SFC stock may have raised issues in regard to Gagné's or Pepper's representation of SFC is totally irrelevant to whether the Trustee has alleged in his First Amended Complaint that the Family defendants are liable for the claimed purported damages. Pleadings – not expert reports – are the manner by which a party gives due notice to an adversary that a claim for relief is being made.

The same is true for the Trustee's "answers to appropriate contention interrogatories" on which the Trustee appears to hang his hat. Even if the Trustee's answers to contention interrogatories asserted such claims against the Family defendants, which they did not, counsel for the Family defendants, not surprisingly, have found no case permitting a party to assert new causes of action through answers to contention interrogatories.

9

What the Trustee is attempting to do is similar to the plaintiff's failed attempt in <u>San Francisco Bay Area Rapid Transit Dist. v. Spencer</u>, Civil Action No. C 04-04632 SI, 2007 U.S. Dist. LEXIS 11693, at *13-*14 (N.D. Cal. Feb. 5, 2007), to prove at trial that an additional 532 claims under the California False Claims Act were subject to civil penalty, where the plaintiff specifically identified 97 such claims in its first amended complaint and during discovery. The Court roundly rejected plaintiff's attempt in <u>San Francisco Bay Area Rapid Transit Dist.</u>, in large part due to the prejudice to the defendant if required to defend claims not alleged in the pleadings and not previously identified. Here, although the Trustee's two new claims have been identified before trial, the prejudice to the Family defendants, in having to defend these new claims, would also be great, as discussed in Section III.C of this Memorandum, since they received such identification more than two months after the close of fact discovery and three days before their expert reports were due.

**B.     The Trustee Has Not Complied With Rule 26(a)(1)(C).**

Even had the Trustee's new damage claims been within the purview of Counts VII or XI, which they were not, the Court nevertheless would be obliged to strike the claims for a separate and independent reason – the Trustee's July 10, 2007 Disclosure Statement seeks items of damage that the Trustee did not disclose to the Family defendants until after the close of fact discovery.

Rule 26(a) requires a party to disclose a computation of any category of damages claimed shortly before the initial scheduling conference, i.e., at the outset of the case. See FED. R. CIV. P. 26(a)(1)(C). The purposes of this rule are well known and beyond dispute: "The primary purpose of Rule 26(a) is to accelerate the exchange of information about the case so that parties may effectively engage in discovery and prepare for trial." FED. R. CIV. P. 26(a)

ADVISORY COMMITTEE'S NOTE (1993 Amendments). With regard to damage computations, early disclosure provides the opposing party "with an early understanding of the basis and amount of any damages claim it is facing, so that it may conduct meaningful discovery as to the underpinning of such a claim." Hewlett-Packard Co. v. Factory Mutual Ins. Co., 04 Civ. 2791, 2006 U.S. Dist. LEXIS 44365, at *30 (S.D.N.Y. June 27, 2006) (citing Krause v. Buffalo & Erie County Workforce Devel. Consortium, Inc., 426 F. Supp. 2d 68, 87-88 (W.D.N.Y. 2005); City & County of San Francisco v. Tutor-Saliba Corp., 218 F.R.D. 219, 221 (N.D. Cal. 2003) ); see also OHC Liquidation Trust v. Credit Suisse First Boston, 340 B.R. 510, 515 (Bankr. D. Del. 2006).

Courts have not hesitated to preclude damage claims at trial if a party fails timely to comply with Rule 26(a)(1)(C). See, e.g., Bullard v. Roadway Express, 3 Fed. Appx. 418 (6th Cir. 2001) (*per curiam*) (affirming dismissal of *pro se* complaint where plaintiff failed to comply with Court's standing order and with Rule 26(a)(1)(C)); Design Strategy, Inc. v. Davis, 469 F.3d 284, 295 (2d Cir. 2006) (affirming order that precluded plaintiff from presenting lost profits claim first asserted on eve of trial); National Fire Protection Assoc. Inc. v. Int'l Code Council, Inc., Civil Action No. 03-10848-DPW, 2006 U.S. Dist. LEXIS 14360, at *96-*97 (D. Mass. Mar. 29, 2006) (granting summary judgment motion and dismissing claim for corrective advertising damages); Austrian Airlines Oesterreichische Lufverkehrs AG v. UT Finance Corp., No. 04 Civ. 3854, 2005 U.S. Dist. LEXIS 7283, at *4-*5 (S.D.N.Y. Apr. 28, 2005) (striking Rule 26(a) supplemental disclosure that added new category of damages); Gilvin v. Fire, Civil Action No. 99-530, 2002 U.S. Dist. LEXIS 15249, at *8 (D.D.C. Aug. 15, 2002) (granting motion *in limine* where plaintiff failed to comply with the disclosure requirement in Rule 26(a)(1)(C)); American Realty Trust, Inc. v. Matisse Partners, L.L.C., Civil Action No. 3:00-CV-1801-G, 2002 U.S. Dist. LEXIS 12560, at *18 (N.D. Tex. July 10, 2002) (granting motion to exclude

11

damages evidence); <u>Wilson v. Pope</u>, No. 96 C 5818, 1997 U.S. Dist. LEXIS 10228, at *22 (N.D. Ill. July 9, 1997) (granting motion *in limine* and precluding certain damages evidence at trial).

Here, the Trustee's failure to disclose is far more severe than in any of the above cases. Under those cases, the Trustee's damage claims would be precluded even if they only constituted a previously undisclosed category of damages for a claim that was disclosed. However, the Trustee failed to disclose far more: he not only failed to disclose these purported damages, he completely failed to disclose that he was making claims of liability against the Family defendants on which such purported damages are based.

### C. This Court Should Preclude the Trustee From Asserting the Two New Damage Claims at Trial.

First and foremost, the new damage claims in the Trustee's July 10, 2007 Disclosure Statement should be stricken because they have no basis in the First Amended Complaint (or, even if the pending motion for leave is granted, in the Second Amended Complaint). The Federal Rules of Civil Procedure simply do not allow for the assertion of damages claims that are unrelated to the causes of action of which the defendant was apprised by the allegations of a complaint.

In addition, the new damage claims should be stricken under Rule 37, which provides for virtually automatic preclusion of information that a party fails to disclose pursuant to Rule 26(a) unless the non-disclosing party provides substantial justification for its failure to disclose or the failure to disclose is harmless. FED. R. CIV. P. 37(c)(1). Under this rule, the non-producing party bears the burden of proving substantial justification and harmlessness. <u>See, e.g.,</u> <u>Frederick v. Hanna</u>, Civil Action No. 05-514, 2007 U.S. Dist. LEXIS 18626, at *13 (W.D. Pa. Mar. 16, 2007); <u>Gallup, Inc. v. Kenexa Corp.</u>, Civil Action No. 00-5523, 2003 U.S. Dist. LEXIS

9821, at *5 (E.D. Pa. May 28, 2003); <u>Tolerico v. Home Depot</u>, 205 F.R.D. 169, 175 (M.D. Pa. 2002).

In this Circuit, Courts considering the imposition of sanctions under Rule 37 are to consider (1) the prejudice or surprise to a party against whom the evidence is offered; (2) the ability of the injured party to cure the prejudice; (3) the likelihood of disruption to the trial schedule; (4) bad faith or willfulness involved in not complying with the disclosure rules; and (5) the importance of the evidence to the party offering it. <u>Meyers v. Pennypack Woods Home Ownership Ass'n</u>, 559 F.2d 894, 904-05 (3d Cir. 1977); <u>Bridgestone Sports Co. v. Acushnet Co.</u>, Civil Action No. 05-132-JJF, 2007 U.S. Dist. LEXIS 11370, at *10-*11 (D. Del. Feb. 15, 2007). Courts do not require the injured party to satisfy all five factors; for instance, this Court has excluded evidence even where there were no allegations – let alone proof – of bad faith or willfulness. <u>Bridgestone Sports Co. v. Acushnet Co.</u>, 2007 U.S. Dist. LEXIS 11370, at *10-*11 ("Particularly in the absence of excuse for the late disclosure, despite the absence of allegations of bad faith or willfulness, the factors weigh in favor of exclusion."); see also <u>AstraZeneca AB v. Mutual Pharmaceutical Co.</u>, 278 F. Supp. 2d 491, 508 (E.D. Pa. 2003). This Court has also observed that "Courts applying the <u>Pennypack</u> factors in the case of sophisticated, complex litigation involving parties represented by competent counsel have been less indulgent in their application and more willing to exclude evidence without a strict showing that each of the <u>Pennypack</u> factors has been satisfied." <u>Bridgestone Sports Co. v. Acushnet Co.</u>, 2007 U.S. Dist. LEXIS 11370, at *11 (citing <u>AstraZeneca AB v. Mutual Pharmaceutical Co.</u>).

Here, the Trustee cannot carry his burden of providing a justification, "substantial" or otherwise, for his failure timely to disclose these two additional items of claimed damages. Nor can the Trustee demonstrate that his failure timely to provide this information was

"harmless." Given that fact discovery has been over for months, expert reports have been submitted and the October 10, 2007 trial date is imminent, the Family defendants are without sufficient time to prepare to deal with the Trustee's new damage claims, which total more than $8 million. Even if the trial were delayed, the Family defendants would suffer severe prejudice in having to prepare to rebut these new claims. This Court would have to reopen both fact and expert discovery to allow the Family defendants to conduct the discovery needed to formulate a proper response. Numerous fact witnesses, both parties and non-parties, would need to have their depositions reopened to allow the Family defendants to gather evidence and present expert testimony on issues such as SFC's financial condition and value and the lack of fraudulent intent at the time of each of the payments that the Trustee apparently contends were fraudulent transfers, the only conceivable basis for his new damage claims. Reopening discovery at this juncture would cause inordinate expense for the Family defendants and all other parties, and would place additional burdens on non-parties, some of whom have already sat for multiple days of deposition in this action.

Further, it is hard to believe that the Trustee's failure to comply with Rule 26(a)(1)(C) was due to anything other than his own willfulness. The alleged facts underlying the additional damage claims have been known to the Trustee for years. This is not a case where new facts or theories of damages were obtained only through discovery. The conclusion is inescapable that the Trustee intentionally chose – for strategic and tactical reasons or otherwise – to delay disclosing his newly asserted damage claims. The Trustee's refusal timely to submit his disclosure statement thus was not an inadvertent "harmless error." See, e.g., Tolerico v. Home Depot, 205 F.R.D. at 176 ("Th[e] connotation of the term 'harmless' [in Rule 37(c)(1)] is derived from the Committee Note to the 1993 amendments to Rule 37(c), which offers as examples of

14

'harmless' violations of Rule 26(a), the inadvertent failure to disclose the name of a potential witness known to all parties or the failure to list as a trial witness a person listed by another party.").

V.    **CONCLUSION.**

Allowing the Trustee to assert two improper and belatedly asserted damage claims would defeat the purpose of notice pleading, destroy the orderly process of discovery, and unfairly prejudice the Family defendants. This Court should not allow the Trustee to flout his obligations under the Federal Rules of Civil Procedure. Accordingly, this Court should strike these two claims from the Trustee's July 10, 2007 Disclosure Statement and preclude the Trustee from asserting these claims at trial. Further, the Family defendants request that this Court award costs, including attorney's fees, incurred by the Family defendants with respect to this Motion.

Respectfully submitted,

ECKERT SEAMANS CHERIN & MELLOTT, LLC

Dated: August 28, 2007

KAREN LEE TURNER (No. 4332)
300 Delaware Avenue, Suite 1210
Wilmington, DE 19801
Telephone: (302) 425-0430
Fax:       (302) 425-0431
E-mail:    kturner@eckertseamans.com

Neil G. Epstein
Carol L. Press
Eckert Seamans Cherin & Mellott, LLC
Two Liberty Place
50 South 16th Street, 22nd Floor
Philadelphia, PA 19102
Telephone: (215) 851-8400
Fax:    (215) 851-8383

15

16

Attorneys for Defendants Robert L. Bast,
Pamela Bashore Gagné, the Brennan Trusts
and W. Roderick Gagné, as Trustee of the
Brennan Trusts

M0604057v2.DOC