IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHARLES A. STANZIALE, JR., CHAPTER 7 TRUSTEE OF STUDENT FINANCE CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>PEPPER HAMILTON LLP, ET AL.,<br><br>    Defendants. | Civil No. 04-1551 (JJF) |
| ROYAL INDEMNITY COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>PEPPER HAMILTON LLP, ET AL.,<br><br>    Defendants. | Civil No. 05-165 (JJF) |

**MEMORANDUM IN SUPPORT OF PEPPER HAMILTON LLP'S
MOTION TO COMPEL THE DEPOSITION OF JOHN P. GARVEY**

On May 7, 2007, plaintiffs Charles A. Stanziale, Jr., Chapter 7 Trustee of Student Finance Corporation (the "Trustee"), and Royal Indemnity Company ("Royal") (together, "Plaintiffs") both designated John P. Garvey, President of Chicago Partners, as their testifying accounting expert on accounting issues and delivered Mr. Garvey's expert report. The Garvey Report opines that at all relevant points in time the financial statements of Student Finance Corporation ("SFC") were materially false and misleading and that the services performed in the examination and reporting on those financial statements by SFC's auditors were consistent with claims by both the Trustee and Royal that the auditors were grossly negligent. Pepper Hamilton served formal notice to take Mr. Garvey's deposition on September 5, 2007, the date proposed therefore by Plaintiffs' counsel. September 5 is the last day for expert discovery.

On August 30, 2007, two business days before his scheduled deposition, Plaintiffs withdrew Mr. Garvey as an expert witness. Despite our immediate request to proceed with the deposition (at our expense) Plaintiffs refuse to make Mr. Garvey available. They also refuse to allow us to contact Mr. Garvey because, so they say, he remains as a consultative expert to them.

For the reasons set forth below, we should be permitted to take Mr. Garvey's deposition. Absent the deposition being allowed, the only fair alternative would be a reasonable adjournment of the October 10, 2007 trial setting of these actions in order to allow Pepper Hamilton to retain an expert on the subjects about which Mr. Garvey was expected to testify.

## FACTUAL BACKGROUND

Pursuant to the Court's First Amended Case Management Order #1, on May 7, 2007 Royal proffered its Rule 26 expert disclosure, which stated that Mr. Garvey was one of eight "expert witnesses to be used at trial." Along with its expert disclosure, Royal provided the "Expert Report of John P. Garvey" (the "Garvey Report"), which on its cover and elsewhere indicated that it was being submitted on behalf of the Trustee in addition to Royal.

The conclusions set forth in the Garvey Report are consistent with the positions of both the Trustee and Royal that the financial statements of Student Finance Corporation ("SFC") for the years 1998-2001 were materially false and misleading and that Freed Maxick & Battaglia CPAs PC, McGladrey & Pullen LLP, Michael Aquino and Freed Maxick Sachs & Murphy, P.C. (the "Accountants") were grossly negligent in the fulfillment of their professional duties in connection with their examinations of and re-

ports on SFC's financial statements. At Plaintiffs' request, the deposition of Mr. Garvey was scheduled for September 5, 2007, the last day for expert discovery pursuant to the Court's Second Amended Case Management Order #1.

The Trustee and Royal reached settlements of all claims against the Accountants in mid-July 2007. We were so informed by counsel for Royal and for the Accountants at that time. Neither the Trustee nor Royal withdrew Mr. Garvey at that time. Settlement papers between the Trustee, Royal and the Accountants were completed on or about August 10, 2007. Neither the Trustee nor Royal withdrew Mr. Garvey at that time. Although counsel for Royal indicated that they might change their mind about Mr. Garvey, his deposition remained set for September 5.

Then, on Thursday, August 30, 2007, Royal withdrew Mr. Garvey as a testifying expert, and has since refused to produce him for deposition. In order to preclude anyone else speaking with Mr. Garvey, Royal's counsel has stated that Mr. Garvey remains in a consulting capacity. *See* August 31, 2007 e-mail from counsel for Royal attached as <u>Exhibit A</u>. The Trustee also refuses to produce Mr. Garvey for deposition.

## ARGUMENT

In light of Mr. Garvey's designation as an "expert witness to be used at trial," as set forth in Rule 26(b)(4)(A) of the Federal Rules of Civil Procedures, Plaintiffs may not prevent the deposition of Mr. Garvey, and Royal's purported withdrawal of Mr. Garvey as an expert is irrelevant. Fed. R. Civ. P. 26(b)(4)(A) ("[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial."). In his treatise, Professor Moore states that "[o]nce a party has designated an expert witness as someone who will testify at trial, the later withdrawal of that designation may nei-

ther prevent the deposition of that witness by the opposing party nor the expert's testimony at trial." 6 *Moore's Federal Practice* § 26.80[1][a] (3d ed.) (citing *House v. Combined Ins. Co. of America*, 168 F.R.D. 236, 245-47 (N.D. Iowa 1996)). In *House*, the court addressed the various approaches used by courts addressing withdrawn witnesses and determined that the "practical effect of a Rule 26 designation of an expert is to make an expert available for deposition by the opposing party." 168 F.R.D. at 245. The court held that "even if that designation is subsequently withdrawn" by the party who proffered the expert the expert should still be made available to be deposed barring significant prejudice. *Id.* at 245-47.

Pepper Hamilton may seek to use the Garvey Report and/or introduce Mr. Garvey's deposition testimony at trial. Mr. Garvey is an expert in accounting, and the Garvey Report reflects as much, but his testimony and report have not been made irrelevant as a result of the tentative settlement between Plaintiffs and the Accountants for each of two independent reasons.

First, the Garvey Report is important for consideration of any fair allocation of responsibility at trial. The Trustee and Royal have settled all of their claims against the Accountants. It had been alleged by Royal that the Accountants and Pepper Hamilton were joint tortfeasors. As a non-settling defendant Pepper Hamilton will be entitled to a judgment credit equal to the *greater* of either the amount of the settlement or the proportional fault determined by the jury. *See* 42 Pa. C.S.A. §§ 8321-8327; 10 Del. C. §§ 6301-6308. The application of these judgment reduction statutes is conceded by the Trustee, by Royal and by the Accountants in their Settlement Agreements. Should

either the Trustee or Royal actions proceed past summary judgment,[1] Pepper Hamilton is entitled as a matter of law to present to the relevant jury the allocation of responsibility, if any, as between Pepper Hamilton and the Accountants (and others). The Garvey Report and Mr. Garvey's testimony will be important to that undertaking. The Garvey Report is not just an expert report. It is an expert report as to which, by their submission of it, both the Trustee and Royal have "manifested an adoption or belief in its truth" within the meaning of Fed. R. Evid. 801(d)(2)(B). Mr. Garvey's deposition testimony will illuminate his report and thus is especially relevant on the issue of any fair allocation of responsibility at trial.

Second, the Garvey Report is relevant to the Court's consideration of the equitable doctrine of *in pari delicto*, which we believe is a complete defense to the claims of the Trustee. The Trustee stands squarely in the shoes of SFC. The Garvey Report opines that at all relevant points in time the financial statements of SFC were materially false and misleading. By its submission of the Garvey Report, the Trustee has "manifested an adoption or belief in its truth" within the meaning of Fed. R. Evid. 801(d)(2)(B), and the Garvey Report may properly be received in evidence against the Trustee as a statement which is not hearsay. SFC is responsible for its own financial statements. SFC's concession that its financial statements were at all times materially false and misleading is classic evidence supporting application of the *in pari delicto* de-

---

[1] In keeping with the Court's practice, Pepper Hamilton has written letters to the Court in both the Trustee and Royal actions respectfully requesting leave to file motions for summary judgment. We are prepared to do so expeditiously upon receipt of the Court's invitation. We do not believe that there is a real need for trial of either action and urge the Court to permit the filing of the requested motions.

fense. Again, Mr. Garvey's deposition testimony will illuminate his expert report and may be of assistance to the Court in ruling on the case dispositive application of the *in pari delicto* doctrine.

Pepper Hamilton believes that this important evidence (both the Garvey Report and Mr. Garvey's testimony) likely will be admissible at trial pursuant to Rule 801(d)(2)(B) of the Federal Rules of Evidence, Rule 32(a)(3) of the Federal Rules of Civil Procedure or other rationales. *See Kreppel* v. *Guttman Breast Diagnostic Inst., Inc.*, 1999 WL 1243891, at *1-2 (S.D.N.Y. Dec. 21, 1999) (holding that expert witness' report was admissible as an adoptive admission pursuant to Rule 801(d)(2)(B)).

Mr. Garvey's deposition testimony will be usable at trial. *See Vandenbraak* v. *Alfieri*, 2005 WL 1242158, at *1, *5 (D. Del. May 25, 2005) (holding that plaintiffs could read into the record pertinent portions of withdrawn expert witness' deposition testimony pursuant to Rule 32(a)(3)(D) or (E)); *Agron* v. *Trustees of Columbia Univ.*, 176 F.R.D. 445, 453-54 (S.D.N.Y. 1997) (permitting the introduction of opposing party's withdrawn expert witness' report and testimony at trial); *see also Peterson* v. *Willie*, 81 F.3d 1033, 1037-38 (11th Cir. 1996) (holding that there was no error in allowing defendants to call expert witness retained by plaintiff at trial).[2] Prior to Mr. Garvey's deposi-

---

[2] Pepper Hamilton does not believe that either the Court of Appeals' decision in *Kirk* v. *Raymark Industries, Inc.*, 61 F.3d 147 (3d Cir. 1995), or this Court's decision in *Pfizer, Inc.* v. *Ranbaxy Laboratories, Ltd.*, No. Civ. A. 03-209 JJF, 2005 WL 2296613 (D. Del. Sept. 20, 2005) (Farnan, J.), is controlling under these circumstances or precludes the admission at trial of either the Garvey Report or Mr. Garvey's deposition testimony. *Kirk* and *Pfizer* both held that an expert witness, in the case of *Kirk* an expert witness who had testified in a different case, was not an "agent" of the party who hired the expert and thus prior testimony remained inadmissible hearsay pursuant to Rule 801(d)(2)(C) of the Federal Rules of Evidence. Consistent with both *Kirk* and *Pfizer*, Pepper Hamilton does not believe that Mr. Garvey is or was an agent of Royal or the Trustee. If Pepper Hamilton seeks to introduce any evidence from Mr. Garvey at trial it anticipates doing so on the basis that under the facts present here, any such evidence is not hearsay because Royal

Footnote continued on next page.

tion it is not necessary to determine whether his deposition testimony will be admissible at trial if Plaintiffs choose not to call him. *See Fitzpatrick* v. *Holiday Inns, Inc.*, 507 F. Supp. 979, 980 (E.D. Pa. 1981) (holding that plaintiff could subpoena expert witness to appear at trial, who defendant had decided not to call, in order to authenticate the expert witness' report and examine the expert regarding the facts and opinions in the report).

Pepper Hamilton is not aware of any reason why Plaintiffs should not be required to cover the costs associated with Mr. Garvey's appearance at deposition, but Pepper Hamilton is willing to pay for such costs, including any previously agreed to hourly rate between Plaintiffs and Mr. Garvey. If despite the foregoing, the Court determines that it will not compel the deposition of Mr. Garvey, Pepper Hamilton requests that the trial be adjourned and that the Court allow Pepper Hamilton sufficient time to retain an expert to replace Mr. Garvey, allow the new expert to familiarize himself with the facts and matters at issue, create a written report and permit Plaintiffs to depose Pepper Hamilton's proffered expert witness to be used at trial.

## CONCLUSION

Pepper Hamilton is entitled to take the deposition of Mr. Garvey, and should be permitted to do so as soon as possible in order to avoid the significant prejudice that will otherwise result. Alternatively, trial should be adjourned for a period sufficient to permit Pepper Hamilton to retain an expert on the subjects about which Mr. Garvey

---

Footnote continued from previous page.

    and/or the Trustee have "manifested an adoption or belief in its truth." Fed. R. Evid. 801(d)(2)(B). The courts in *Kirk* and *Pfizer* did not address 801(d)(2)(B). As noted above, those courts that have addressed Rule 801(d)(2)(B) have permitted introduction at trial of the expert reports and deposition testimony of withdrawn experts.

was expected to testify. Such an adjournment is necessitated by Plaintiffs' eleventh-hour withdrawal of Mr. Garvey and Plaintiffs' refusal to make him available for deposition.

Dated: September 4, 2007

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/*

William H. Sudell, Jr. (No. 0463)
Daniel B. Butz (No. 4227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

*Attorneys for Defendant Pepper Hamilton LLP and W. Roderick Gagne, in his capacity as an attorney practicing at Pepper Hamilton LLP*

Of Counsel:

| | |
|---|---|
| Charles A. Gilman | Elizabeth K. Ainslie |
| David G. Januszewski | Stephen J. Shapiro |
| David G. Montone | Schnader Harrison Segal & Lewis LLP |
| Cahill Gordon & Reindel LLP | 1600 Market Street, Suite 3600 |
| 80 Pine Street | Philadelphia, PA 19103 |
| New York, NY 10005 | Telephone: (215) 751-2000 |
| Telephone: (212) 701-3000 | Facsimile: (215) 751-2205 |
| Facsimile: (212) 269-5420 | |
| *Attorneys for Defendant Pepper Hamilton LLP* | *Attorneys for Defendant Pepper Hamilton LLP and W. Roderick Gagne, in his capacity as an attorney practicing at Pepper Hamilton LLP* |

### Local Rule 7.1.1 Certification

The undersigned counsel conferred by exchange of email with John Grossbart, counsel for Plaintiff Royal Indemnity Company, and with Michael Waters, counsel for Plaintiff Charles J. Stanziale, Jr., and requested that each consent to the relief requested herein for the reasons stated. Counsel declined to do so. Our communications satisfy the requirements of Local Rule 7.1.1.

_____
Charles A. Gilman