**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| MBIA INSURANCE CORPORATION, et al.,<br>　　Plaintiffs/Counterclaim Defendants, | )<br>)<br>) | |
| | ) | C.A. No. 02-1294-JJF |
| v. | )<br>) | |
| ROYAL INDEMNITY COMPANY,<br>　　Defendant/Counterclaim Plaintiff. | )<br>)<br>) | |
| CHARLES A. STANZIALE, JR., Ch. 7 Trustee,<br>　　Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | C.A. No. 04-1551-JJF |
| PEPPER HAMILTON LLP, et al.,<br>　　Defendants. | )<br>)<br>) | |
| CHARLES A. STANZIALE, JR., Ch. 7 Trustee,<br>　　Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | C.A. No. 05-72-JJF |
| McGLADREY & PULLEN LLP, et al.,<br>　　Defendants. | )<br>)<br>) | |
| ROYAL INDEMNITY COMPANY,<br>　　Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | C.A. No. 05-165-JJF |
| PEPPER HAMILTON LLP, et al.,<br>　　Defendants. | )<br>)<br>) | |

**ROYAL INDEMNITY COMPANY'S MOTION *IN LIMINE* NO. 4
TO EXCLUDE ROYAL'S INTERNAL
<u>EMPLOYEE PERFORMANCE EVALUATIONS</u>**

Royal respectfully submits this motion *in limine* to preclude Wells Fargo Bank, N.A. ("Wells") and any other party from introducing at trial internal performance evaluations regularly made by Royal Indemnity Company ("Royal") of its own employees. This Court previously considered the relevance of these evaluations in ruling on a motion to compel brought

by Royal, and stated that "personnel evaluations, generally, not specific to the issue" are not proper evidence. (Transcript of February 7, 2007, Hearing, at 13, annexed hereto as Exhibit A). Because these employee evaluations have no bearing on any issue, claim, or defense in this contract action, this Court should again rule that this evidence is irrelevant and inadmissible.

## ARGUMENT

During the discovery process, Royal moved to compel production of internal employee evaluations that Defendant McGladrey & Pullen LLP ("McGladrey") created for each of its employees who had worked on the transactions at issue in this litigation. At that time, Royal had already produced its own employee evaluations in response to McGladrey's document requests. In moving to compel McGladrey's production of the same material, Royal argued, *inter alia*, that because Royal was asserting fraud claims against McGladrey, the employee evaluations were especially pertinent to proving McGladrey's scienter in committing that fraud. Royal further argued that it would be inequitable not to require McGladrey to produce its employee evaluations given that it had previously obtained Royal's. In the alternative, Royal argued that if this Court decided that employee evaluations were not discoverable, then it should also preclude any of the defendants from offering evidence of Royal's already-produced evaluations.

At a February 7, 2007 hearing, this Court denied Royal's motion to compel production of McGladrey's employee evaluations. Although this Court declined to rule on Royal's application to preclude the use of its own evaluations, it stated:

> I would think, to give you my present thinking, manuals probably get in. *Irrelevant personnel evaluations, generally, not specific to the issue don't*.

(Feb. 7, 2007 Hearing Tr., annexed hereto as Exhibit A, at p. 13).

2

Counsel for Royal then asked directly whether this Court's denial of discovery encompassed even those personnel evaluations that might have concerned SFC-related performance. The Court replied, "Yes." (*Id*. at p. 14).

In concluding that McGladrey's employee evaluations were not discoverable, this Court has effectively ruled upon the legal issue raised by the instant motion. The chief axiom of civil discovery is that litigants may obtain discovery of all relevant, non-privileged information that is either admissible at trial or even likely to lead to the discovery of evidence admissible at trial. By denying Royal discovery of McGladrey's internal employee evaluations – including those that concerned work for SFC – this Court signaled not only that this material has no direct connection to any issue in this case, but that it is so tangential that it cannot ultimately lead to the discovery of relevant information. *Accord, Stabilus, A Div. of Fichtel & Sachs Indus., Inc. v. Haynsworth, Baldwin, Johnson and Greaves, P.A.*, 144 F.R.D. 258, 265 (E.D.Pa. 1992) ("the scope of relevance in discovery is far broader than that allowed for evidentiary purposes"). There is no basis upon which to change that ruling now. Just as McGladrey's employee evaluations were irrelevant to Royal's fraud case against McGladrey, nothing in Royal's year-end employee evaluations is relevant to the sole issue to be tried in this case – whether Wells violated its duties under certain contracts to which Royal was a named third party beneficiary.

The court in *Closterman v. Liberty Mutual Insurance Co.* reached that very conclusion when it held, in a bad faith action against an insurer, that the insurer's personnel files and evaluations were not relevant to the insurer's conduct in delaying payment on certain claims. No. CIV.A. 93-4458, 1995 WL 472105, *2 (E.D.Pa. Aug. 9, 2005). In that case, the plaintiff had argued that it needed the personnel evaluations to show the insurer's state of mind, but the court rejected that argument because the evaluations were not relevant to "the propriety of [the insurer's] *conduct* in handling Plaintiff's claim of loss." *Id.* (emphasis added); *see also Stabilus*,

3

144 F.R.D. at 266 (holding performance evaluations unrelated to claim for legal malpractice). Similarly, in this case, the issue is whether Wells breached its contractual duties, and Royal's personnel files do not speak to that issue.[1]

Moreover, there is a recognized public policy against exposing confidential discussions about an employee's performance to use at trial. As the Court stated in *Closterman*, "[e]mployees 'justifiably expect their personnel files to be kept confidential.' The disclosure of personnel files and evaluations would discourage the candid evaluations of employees and thereby hamper the ability of companies to maintain their standard and improve their performance." *Closterman*, 1995 WL 472105, at *1, *citing New York Stock Exch., Inc. v. Sloan*, No. 71CV2912, 1976 WL 169086, *3 (S.D.N.Y. Oct. 21, 1976); *Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16, 40 (S.D.N.Y. 1984). The court went on to state that the limited relevance of these evaluations was "insufficient to overcome the confidential nature of the material." *Closterman*, 1995 WL 472105, at *2.

## CONCLUSION

For the foregoing reasons, Royal respectfully requests that this Court preclude the use of Royal's internal employee evaluations at trial.

---

[1] To the extent Wells or any other party seeks to use the evaluations as evidence that Royal's due diligence in connection with the SFC transactions was inadequate, the evaluations are also irrelevant for the additional reasons set forth in Royal's Motion *in Limine* No. 1.

4

*Of Counsel:*

Michael H. Barr
Kenneth J. Pfaehler
SONNENSCHEIN NATH & ROSENTHAL LLP
1221 Avenue of the Americas
New York, New York 10020-1089
(212) 768-6700

- and -

John Grossbart
Steve Merouse
SONNENSCHEIN NATH & ROSENTHAL LLP
7800 Sears Tower
233 S. Wacker Drive
Chicago, Illinois 60606
(312) 876-8000

Dated: September 28, 2007
184593.1

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*
_____
Philip Trainer, Jr. (I.D. #2788)
Tiffany Geyer Lydon (I.D. #3950)
Andrew D. Cordo (I.D. #4534)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
ptrainer@ashby-geddes.com
tlydon@ashby-geddes.com
acordo@ashby-geddes.com

*Attorneys for Defendant/Counterclaim Plaintiff Royal Indemnity Company*