# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

September 28, 2007

The Honorable Joseph J. Farnan, Jr.  
United States District Court  
844 King Street  
Wilmington, DE 19801

VIA ELECTRONIC FILING AND
HAND DELIVERY

    Re:    *Wells Fargo Bank N.A. v. Royal*, Case No. 02-1294-JJF;

            *Charles A. Stanziale, Jr., Chapter 7 Trustee of Student Finance Corp. v. Pepper Hamilton, et al.*, Case No. 04-1551-JJF;

            *Charles A. Stanziale, Jr., Chapter 7 Trustee of Student Finance Corp. v. McGladrey & Pullen LLP, et al.*, Case No. 05-72-JJF; and

            *Royal v. Pepper Hamilton, et al.*, Case No 05-165-JJF

Dear Judge Farnan:

    We write on behalf of Royal Indemnity Company ("Royal"). In order to facilitate this Wednesday's pre-trial conference, enclosed please find courtesy copies of Royal's motions *in limine*, which address the following issues:

- **Motion to exclude evidence regarding Royal's due diligence in connection with the SFC transactions.** As a matter of black-letter Pennsylvania law, Wells cannot raise Royal's alleged negligence as a defense to this breach of contract action;

- **Motion to exclude evidence regarding the conduct of SFC's Attorneys and Accountants.** Wells cannot attempt to pass off its liability here onto the accountants and lawyers who perpetuated the fraud against Royal. Wells was contractually obligated to protect Royal from precisely the conduct to which Royal ultimately fell victim;

- **Motion to exclude evidence regarding Royal's alleged violation of Delaware Insurance Code Section 909.** Wells lacks standing to raise this argument, and the Delaware Insurance Department, which closely monitored Royal at all

The Honorable Joseph J. Farnan, Jr.
September 28, 2007
Page 2

> relevant times, never viewed Royal's conduct in connection with the SFC securitizations as a violation of this statute;
>
> - **Motion to exclude Royal's internal employee performance evaluations.** This this Court has already stated that personnel evaluations are not proper evidence, and they have no bearing on any issue, claim, or defense in this contract action;
>
> - **Motion to exclude evidence regarding "other" transactions conducted by Royal's Financial Enhancements Unit.** The soundness of other transactions underwritten by Royal's FEU – transactions that did not involve Wells or SFC in any way – is irrelevant to the issue of whether Wells breached its contractual obligations to Royal in connection with the SFC securitizations.

Every one of Royal's motions *in limine* addresses evidence that, if admitted, will necessitate a significant and very lengthy detour from the simple breach of contract case that will be tried before Your Honor. We are prepared to discuss these motions with the Court at the pre-trial conference.

Respectfully,

/s/ *Tiffany Geyer Lydon*

Tiffany Geyer Lydon (I.D. #3950)

Enclosure
184597.1

cc: John W. Shaw, Esquire (by e-mail)
  Andre G. Castaybert, Esquire (by e-mail)
  Charlene Davis, Esquire (by e-mail)
  Michael S. Waters, Esquire (by e-mail)
  William H. Sudell, Jr., Esquire (by e-mail)
  Michael R. Lastowski, Esquire (by e-mail)
  Karen Lee Turner, Esquire (by e-mail)
  John H. Eickemeyer, Esquire (by e-mail)
  Stephen Shapiro, Esquire (by e-mail)
  Neil G. Epstein, Esquire (by e-mail)
  David E. Wilks, Esquire (by e-mail)
  Thomas Selby, Esquire (by e-mail)
  Charles A. Gillman, Esquire (by e-mail)
  Veronica E. Rendon, Esquire (by e-mail)