IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>STUDENT FINANCE CORPORATION,<br>                  Debtor.<br><br>CHARLES A. STANZIALE, JR.,<br>CHAPTER 7 TRUSTEE OF STUDENT<br>FINANCE CORPORATION,<br><br>                  Plaintiff,<br>    v.<br><br>PEPPER HAMILTON LLP, et al.,<br><br>                  Defendants. | :<br>:<br>:<br>:<br>:   CIVIL ACTION No. 04-1551 (JJF)<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## DECLARATION OF CAROL L. PRESS IN SUPPORT OF
## THE FAMILY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

I, Carol L. Press, declare as follows:

1. I am a member of Eckert Seamans Cherin & Mellott, LLC, counsel for the Family defendants in this action. I submit this declaration in support of the Family Defendants' Motion for Summary Judgment and to place before the Court documents referred to in the Family Defendants' Memorandum of Law in Support of Motion for Summary Judgment.

2. In order to facilitate the Court's review and so as not to burden the Court with voluminous documents, we are submitting only relevant portions of lengthy documents, and are submitting representative documents only when a number of documents are identical or the same in all respects material to the Motion for Summary Judgment (for example, loan agreements made by different Family defendants to SFC on the same date). Should the Court wish to review any documents or sets of documents in their entirety, the Family defendants will promptly submit such documents for the Court's review.

3. Exhibit 5 is a true and correct copy of the Limited Partnership Agreement dated February 1, 1993 for Premier Education Group LP (formerly CEC Partnership LP), as attested in Exhibit 1, Declaration of Robert L. Bast.

4. Exhibit 6 is a true and correct copy of relevant portions of the Limited Partnership Agreement dated June 1, 1994 for One Summit Place Partners, LP, as attested in Exhibit 1, Declaration of Robert L. Bast.

5. Exhibit 7 is a true and correct copy of relevant portions of the Limited Partnership Agreement dated June 1, 1996 for Day Hill Partners, LP, as attested in Exhibit 1, Declaration of Robert L. Bast.

6. Exhibit 8 is a true and correct copy of the Loan Agreement and Subordinated Debenture for the loan in the amount of $750,000 made by Bast to SFC on December 31, 1995, as attested in Exhibit 1, Declaration of Robert L. Bast.

7. Exhibit 9 is a true and correct copy of the Loan Agreement and Subordinated Debenture for the loan in the amount of $250,000 made by Pamela Gagné to SFC on December 31, 1995, as attested in Exhibit 2, Declaration of Pamela Bashore Gagné.

8. Exhibit 10 is a true and correct copy of the Loan Agreement and Subordinated Debenture for the loan in the amount of $600,000 made by Bast to SFC on August 1, 1997, as attested in Exhibit 1, Declaration of Robert L. Bast.

9. The Loan Agreement and Subordinated Debenture for the loan in the amount of $150,000 made by the Elizabeth Brennan Trust to SFC on August 1, 1997 and the loan in the amount of $250,000 made by Pamela Gagné to SFC on August 1, 1997 are identical to the Bast Loan Agreement and Subordinated Debenture attached as Exhibit 10, except for the identity of the lenders and the principal amount of the loans.

10. Exhibit 11 is a true and correct copy of the Loan Agreement and Subordinated Debenture for the loan in the amount of $500,000 made by Bast to SFC on August 7, 1998, as attested in Exhibit 1, Declaration of Robert L. Bast.

11. The Loan Agreement and Subordinated Debenture for the loan in the amount of $500,000 made by the Elizabeth Brennan Trust to SFC on August 7, 1998 is identical to the Bast Loan Agreement and Subordinated Debenture attached as Exhibit 11, except for the identity of the lender and the principal amount of the loan.

12. Exhibit 12 is a true and correct copy of the Amended and Restated Loan Agreement and the Amended and Restated Secured Note with respect to the $3 million (later reduced to $2.6 million) loan made by Bast to SFC on March 22, 1999, as attested in Exhibit 1, Declaration of Robert L. Bast.

13. Exhibit 13 is a true and correct copy of the Loan Agreement and Secured Note for the loan in the amount of $2 million made by Bast to SFC on September 25, 2001, as attested in Exhibit 1, Declaration of Robert L. Bast.

14. The Loan Agreement and Secured Note for (a) the loan in the amount of $375,000 made by the Elizabeth Brennan Trust f/b/o Elizabeth Gagné to SFC on September 25, 2001, (b) the loan in the amount of $175,000 made by the James Brennan Trust f/b/o Elizabeth Gagné to SFC on September 25, 2001, (c) the loan in the amount of $175,000 made by the James Brennan Trust f/b/o W. Roderick Gagné to SFC on September 25, 2001, (d) the loan in the amount of $125,000 made by the James Brennan Trust f/b/o Philip Gagné to SFC on September 25, 2001, and (e) the loan in the amount of $250,000 made by the Elizabeth Brennan Trust f/b/o Philip Gagné to SFC on October 2, 2001 are identical to the Bast Loan Agreement and Secured

Note attached as Exhibit 13, except for the identity of the lenders, the principal amounts of the loans and, as to the October 2, 2001 loan, the date.

15. Exhibit 14 is a true and correct copy of the Loan Agreement and Secured Note for the loan in the amount of $375,000 made by Pamela Gagné to SFC on September 25, 2001, as attested in Exhibit 2, Declaration of Pamela Bashore Gagné.

16. Exhibit 15 is a true and correct copy of the Loan Agreement and Secured Note for the loan in the amount of $2 million made by Bast to SFC on March 5, 2002, as attested in Exhibit 1, Declaration of Robert L. Bast.

17. The Loan Agreement and Secured Note for (a) the loan in the amount of $400,000 made by the Elizabeth Brennan Trust f/b/o Elizabeth Gagné to SFC on March 5, 2002, (b) the loan in the amount of $200,000 made by the James Brennan Trust f/b/o Elizabeth Gagné to SFC on March 5, 2002, (c) the loan in the amount of $200,000 made by the James Brennan Trust f/b/o W. Roderick Gagné to SFC on March 5, 2002 and (d) the loan in the amount of $100,000 made by the James Brennan Trust f/b/o Philip Gagné to SFC on March 5, 2002 are identical to the Bast Loan Agreement and Secured Note attached as Exhibit 15, except for the identity of the lenders and the principal amounts of the loans.

18. Exhibit 16 is a true and correct copy of the Loan Agreement and Secured Note for the loan in the amount of $400,000 made by Pamela Gagné to SFC on March 5, 2002, as attested in Exhibit 2, Declaration of Pamela Bashore Gagné.

19. Exhibit 17 is a true and correct copy of the Conditional Guaranty executed by Yao for the $750,000 loan made by Bast to SFC on December 31, 1995, as attested in Exhibit 1, Declaration of Robert L. Bast.

20. The Conditional Guaranty executed by Yao for the $250,000 loan made by Pamela Gagné to SFC on December 31, 1995 is identical to the Conditional Guaranty for the Bast December 31, 1995 loan attached as Exhibit 17, except for the identity of the lender and the principal amount of the loan.

21. Exhibit 18 is a true and correct copy of the Conditional Guaranty executed by Yao for the $600,000 loan made by Bast to SFC on August 1, 1997, as attested in Exhibit 1, Declaration of Robert L. Bast.

22. The Conditional Guaranties executed by Yao for the $250,000 loan made by Pamela Gagné to SFC on August 1, 1997 and the $150,000 loan made by the Elizabeth Brennan Trust to SFC on August 1, 1997 are identical to the Conditional Guaranty for the Bast August 1, 1997 loan attached as Exhibit 18, except for the identity of the lenders and the principal amount of the loans.

23. Exhibit 19 is a true and correct copy of the Conditional Guaranty executed by Yao for the $500,000 loan made by Bast to SFC on August 7, 1998, as attested in Exhibit 1, Declaration of Robert L. Bast.

24. The Conditional Guaranty executed by Yao for the $500,000 loan made by the Elizabeth Brennan Trust to SFC on August 7, 1998 is identical to the Conditional Guaranty for the Bast August 7, 1998 loan attached as Exhibit 19, except for the identity of the lender and the principal amount of the loan.

25. Exhibit 20 is a true and correct copy of the Conditional Guaranty executed by Yao and Lore Yao for the $3 million loan made by Bast to SFC on March 22, 1999, as attested in Exhibit 1, Declaration of Robert L. Bast.

26. Exhibit 21 is a true and correct copy of the Guaranty executed by Yao and Lore Yao for the $2 million loan made by Bast to SFC on March 5, 2002, as attested in Exhibit 1, Declaration of Robert L. Bast.

27. The Guaranties executed by Yao and Lore Yao for (a) the loan in the amount of $400,000 made by Pamela Gagné to SFC on March 5, 2002, (b) the loan in the amount of $400,000 made by the Elizabeth Brennan Trust f/b/o Elizabeth Gagné to SFC on March 5, 2002, (c) the loan in the amount of $200,000 made by the James Brennan Trust f/b/o Elizabeth Gagné to SFC on March 5, 2002, (d) the loan in the amount of $200,000 made by the James Brennan Trust f/b/o W. Roderick Gagné to SFC on March 5, 2002 and (e) the loan in the amount of $100,000 made by the James Brennan Trust f/b/o Philip Gagné to SFC on March 5, 2002 are identical to the Guaranty for the Bast March 5, 2002 loan attached at Exhibit 21, except for the identity of the lenders and the principal amounts of the loans.

28. Exhibit 22 is a true and correct copy of a Pledge Agreement by Yao, dated as of May 5, 2002, as attested in Exhibit 3, Declaration of W. Roderick Gagné.

29. Exhibit 23 is a true and correct copy of the Acceptance and Assignment Agreement dated as of June 14, 2002, between Yao and Bast, with regard to the December 31, 1995 loan, as attested in Exhibit 1, Declaration of Robert L. Bast.

30. The Assignment and Acceptance Agreements dated as of June 14, 2002 (a) between Yao and Bast with respect to the August 1, 1997 loan, the August 7, 1998 loan, the March 22, 1999 loan and the March 5, 2002 loan, (b) between Yao and Pamela Gagné with respect to the December 31, 1995 loan, the August 1, 1997 loan and the March 5, 2002 loan, (c) between Yao and the Elizabeth Brennan Trust with respect to the August 1, 1997 loan and the August 7, 1998 loan, (d) between Yao and the Elizabeth Brennan Trust f/b/o Elizabeth Gagné

with respect to the March 5, 2002 loan, (e) between Yao and the James Brennan Trust f/b/o Elizabeth Gagné with respect to the March 5, 2002 loan, (f) between Yao and the James Trust f/b/o W. Roderick Gagné with respect to the March 5, 2002 loan, and (g) between Yao and the James Brennan Trust f/b/o Philip Gagné with respect to the March 5, 2002 loan contain the same terms and provisions as the Assignment and Acceptance Agreement attached as Exhibit 23, except for differences on account of the different lenders and different principal amounts of the loans involved.

31. Exhibit 24 is a true and correct copy of relevant portions of the Trustee's Amended Responses to the Family Defendants' First Set of Requests for Admissions.

32. Exhibit 25 is a true and correct copy of relevant portions of the Trustee's proposed Statement of Facts That Are Admitted and Require No Proof.

33. Exhibit 26 is a true and correct copy of a document bearing Exhibit No. 1059-I, which was identified at the deposition of Gary Hawthorne, former President of SFC, as an SFC Organizational Chart.

34. Exhibit 27 is a true and correct copy of the first two pages of a document titled SFC General Ledger as of November 30, 2001, bearing Bates number WSFC0319248-49, signifying that it was produced by the Trustee from the SFC warehouse.

35. Exhibit 28 is a true and correct copy of a document bearing Exhibit No. 229-II, which was introduced at the deposition of Patricia Kartha, former SFC accounting manager, by counsel for Royal Indemnity Company.

36. Exhibit 29 is a true and correct copy of relevant portions of the Trustee's Supplemental Objections and Responses to the Family Defendants' First Set of Interrogatories.

37. Exhibit 30 is a true and correct copy of relevant portions of the Report of Owen Carney, dated July 10, 2007.

38. Exhibit 31 is a true and correct copy of relevant portions of the Valuation and Analysis of J. Mark Penny, ASA, dated July 13, 2007.

39. Exhibit 32 is a true and correct copy of relevant portions of the Report of Edward M. Waddington, CPA, dated July 13, 2007.

40. Exhibit 33 is a true and correct copy of relevant portions of the Report of William Hecht, CPA, dated May 7, 2007.

41. Exhibit 34 is a true and correct copy of relevant portions of the Appraisal of John W. Houck, dated May 4, 2007.

42. Exhibit 35 is a true and correct copy of relevant portions of the Report of Martin J. Lieberman, ASA, dated May 14, 2007.

43. Exhibit 36 is a true and correct copy of relevant portions of the transcript of the deposition of Guy DiSimplico.

44. Exhibit 37 is a true and correct copy of relevant portions of the transcript of the deposition of Pamela Bashore Gagné.

45. Exhibit 38 is a true and correct copy of relevant portions of the transcript of the deposition of Mark Harris.

46. Exhibit 39 is a true and correct copy of relevant portions of the transcript of the deposition of Gary Hawthorne.

47. Exhibit 40 is a true and correct copy of relevant portions of the transcript of the deposition of William Hecht.

48. Exhibit 41 is a true and correct copy of relevant portions of the transcript of the deposition of Patricia Kartha.

49. Exhibit 42 is a true and correct copy of relevant portions of the transcript of the deposition of Dennis Lafferty.

50. Exhibit 43 is a true and correct copy of relevant portions of the transcript of the deposition of Diane Messick.

51. Exhibit 44 is a true and correct copy of relevant portions of the transcript of the deposition of Deborah Pike.

52. Exhibit 45 is a true and correct copy of relevant portions of the transcript of the deposition of Stephanie Scola.

53. Exhibit 46 is a true and correct copy of relevant portions of the transcript of the deposition of Charles A. Stanziale, Jr., Chapter 7 Trustee of SFC.

54. Exhibit 47 is a true and correct copy of relevant portions of the transcript of the deposition of David Zulauf.

I declare under penalty of perjury that the foregoing statements made by me are true.

_____
Carol L. Press

Dated: 9/28/07

M0611328.DOC