# GUARANTY

GUARANTY made as of the 5th day of March, 2002, between ANDREW N. YAO and LORE N. YAO, both of 107 Leighton Drive, Bryn Mawr, Pennsylvania 19010 (the "Guarantors"), and ROBERT L. BAST, of 110 Spruce Lane, Ambler, Pennsylvania 19002 (the "Lender").

WHEREAS, Student Finance Corporation, a corporation (the "Borrower") is about to execute various loan documents (the "Loan Documents") in connection with the loan from the Lender to the Borrower of Two Million Dollars ($2,000,000.00), upon the terms and conditions therein set forth, which indebtedness, together with interest thereon, is referred to as the "Obligations." Pursuant to the Loan Documents, the obligation of the Lender is subject to the condition among others that the Guarantors execute and deliver this Guaranty to the Lender.

NOW THEREFORE, to induce the Lender to make said loan to the Borrower, and for other good and valuable consideration, intending to be legally bound, the Guarantors hereby agree with the Lender as follows:

1. **Guaranty**. If an Event of Default occurs as that term is defined in the Loan Agreement between Borrower and Lender dated even date herewith (the "Loan Agreement"), the Guarantors hereby absolutely, jointly, severally and unconditionally guarantee to pay to the Lender, and its successors and assigns, an amount equal to the difference between the full and prompt payment when due, whether at stated maturity, acceleration, demand or otherwise (including amounts that would become due but for the operation of the automatic stay under Section 362(a) of the Bankruptcy Code, 11 U.S.C. § 362(a)), of the Obligations and the amount realized from the sale or collection of payments due under the Collateral (as defined in the Loan Agreement), and agree to pay any expenses, including without limitation reasonable legal fees, which may be incurred by the Lender in collecting any of the Obligations or enforcing rights or remedies under this Guaranty. Upon an Event of Default as provided in the Loan Agreement, the Lender may treat all of the Obligations as due and payable and collect from the Guarantors the total amount hereby guaranteed, whether or not demand for payment has been made upon the Borrower.

2.  **Enforcement of Guaranty.** The Lender may, in its sole discretion, exercise any right or remedy which the Lender has under this Guaranty or by law (such rights and remedies being cumulative and not alternative or exclusive) without pursuing or exhausting any right or remedy the Lender has against the Borrower or any other person or entity, or which the Lender has with respect to any collateral for any Obligation, any collateral under any other guaranty of any Obligations. The Lender need not join the Borrower or any other person as a party in any action brought to enforce the provisions hereof. The Lender may exercise any right or remedy which it has under this Guaranty without regard to any actions of the Borrower or any other person. The Guarantors are jointly and severally liable for the Obligations and the Lender may pursue any right or remedy granted hereunder or under any "Loan Document" (as that term is defined in the Loan Agreement) against either or both of the Guarantors.

3.  **Guaranty Absolute.** The obligations of the Guarantors hereunder shall be absolute and unconditional and shall continue in full force and effect irrespective of the validity, legality or enforceability of any Loan Document, or the existence, value or condition of any collateral for any of the Obligations, or of any other guaranty, or any other circumstance which might otherwise constitute a legal or equitable discharge of a surety or guarantor. This Guaranty and the obligations of the Guarantors hereunder shall be irrevocable, joint and severable and shall not be discharged until (i) the Obligations are fully paid and satisfied and (ii) the Lender has no further obligation to extend credit to the Borrower under the terms of any Loan Document.

4.  **Guaranty Not Affected.** Without limiting the generality of the prior paragraphs, the Guarantors hereby consent and agree that, at any time, and from time to time, without notice to the Guarantors:

    (a)  the time, manner, place and/or terms of payment of any Obligation may be renewed, extended or modified;

    (b)  any collateral, or any other guaranty, for any Obligation may be exchanged, released, surrendered or otherwise disposed of;

    (c)  any action may be taken under or in respect of any of the Loan Documents, in the exercise of any remedy, power or privilege therein contained or otherwise with respect thereto, or such remedy, power or privilege may be waived, omitted, or not enforced;

    (d)  the time for the Borrower's performance of or compliance with any term, covenant or agreement on the Borrower's part to be performed or observed under any Loan Document may be extended, or such performance or compliance waived, or failure in or departure from such performance or compliance consented to;

-2-

PEPPER 056845

    (e) any of the Loan Documents, or any term thereof, may be amended or modified in any respect (including, without limitation, with respect to interest rates); provided, however, no such amendment to the Loan Documents shall increase the Borrower's principal indebtedness hereunder guaranteed by the Guarantors;

    (f) the liability of the Borrower or any other guarantor to pay any Obligation may be settled or compromised; and

    (g) monies received from the Borrower or others, or from collateral held for the Obligations, may be applied by the Lender against any of the Obligations as the Lender in its sole discretion determines.

Any or all of the foregoing may be done in such manner and upon such terms as the Lender determines, without notice to or further assent from the Guarantors, and without affecting this Guaranty or the obligations of the Guarantors hereunder, which shall continue in full force and effect until the Obligations and all obligations of the Guarantors hereunder shall have been fully paid and performed and the Lender has no further obligation to extend credit to the Borrower under the terms of any Loan Document.

    5. **Waiver**.  The Guarantors hereby waive notice of acceptance of this Guaranty, presentment, demand, protest, notice of any loans or advances by the Lender to the Borrower at any time, notice of the occurrence of any default hereunder or under any Loan Document, other notices of any kind whatsoever with respect to the Obligations, and promptness in making any claim or demand hereunder. No act or omission of any kind shall in any way affect or impair this Guaranty.

    6. **Reinstatement**.  Whether or not this Guaranty has been terminated, and whether or not the Lender continues to hold an executed copy hereof, this Guaranty shall continue to be effective or shall be reinstated, as the case may be, if at any time, payment of any of the Obligations, or any part thereof, is rescinded or must otherwise be returned by the Lender upon the insolvency or bankruptcy of the Borrower, or for any other reason, all as though such payment had not been made.

    7. **Subrogation**.  The Guarantors will not exercise any rights acquired by way of subrogation under this Guaranty or otherwise, unless and until all of the Obligations have been paid to the Lender in full. If any payment is made to the Guarantors on account of such subrogation rights at a time when the Obligations have not been paid in full, every amount so paid will forthwith be paid to the Lender to be credited and applied upon any of the Obligations, whether matured or unmatured, in accordance with the terms of the Loan Documents or otherwise as the Lender may determine. Any indebtedness of Borrower now or hereafter held by the Guarantors is hereby subordinated in right of payment to the Obligations, and any such indebtedness of Borrower to the Guarantors collected or received by the Guarantors after an Event of Default has occurred and is continuing shall be held in trust for the Lender and shall

PHLEGAL: #1235511 v1 (QHBR01!.WPD)

PEPPER 056846

forthwith be paid over to the Lender to be credited and applied against the Obligations, but without affecting, impairing or limiting in any manner the liability of the Guarantors under any other provision of this Guaranty.

        8.      **Warranties and Representations**. The Guarantors hereby warrant and represent as follows:

        (a)      The Guarantors are individuals.

        (b)      The Guarantors have read and reviewed the Loan Documents and the representations of the Borrower contained therein are correct and complete.

        (c)      This Guaranty has been duly executed and delivered and constitutes the valid and legally binding obligation of the Guarantors, enforceable in accordance with its terms.

        (d)      No consent or approval of any person or waiver of any lien or right of distraint or similar right, and no consent, license, approval or authorization of or registration, qualification, designation, declaration or filing with any governmental authority on the part of the either of the Guarantors is required in connection with the execution and delivery of this Guaranty.

        (e)      The Guarantors are not in default under any indenture, mortgage, agreement or other instrument to which the Guarantors are a party or by which the Guarantors are bound. The Guarantors are not in default in any material respect under any applicable statue, rule, order, decree or regulation of any court, arbitrator or governmental body or agency having jurisdiction over the Guarantors.

        (f)      The execution, delivery and the performance of and compliance with this Guaranty on the part of the Guarantors will not (with or without the giving of notice or lapse of time, or both) result in any violation of, or be in conflict with, or constitute a default under, the terms of any agreement, indenture or other instrument to which the Guarantors are a party, or of any judgment, decree, order, statue, rule or regulation to which the Guarantors are subject.

        (g)      The Guarantors are not a party to any agreement or instrument, materially and adversely affecting the operations, business, properties or financial condition of the Guarantors.

        (h)      There are no outstanding judgments, actions, proceedings, claims or investigations pending or threatened before any court or governmental body which may materially and adversely affect the operations, business, properties or financial condition of the Guarantors.

PHLEGAL: #1235511 v1 (QHBR01!.WPD)

PEPPER 056847

(i) The Guarantors represent that they have and will have sufficient unencumbered assets to satisfy the Obligations.

(j) The Guarantors have filed all tax returns which are required to be filed, and has paid all taxes which have become due pursuant to such returns or pursuant to any assessment received by the Guarantors.

(k) Neither the financial statements nor any certificate, statement, report or other document furnished to the Lender by the Guarantors in connection herewith or in connection with any transaction contemplated hereby, nor this Guaranty contain any untrue statement of material fact or omit to state any material fact necessary in order to make the statements contained therein not misleading.

(l) The Guarantors have a direct financial interest in the Borrower and the Guarantors will benefit from the consummation of the transactions contemplated by the Loan Documents.

9. **Covenants**. The Guarantors covenant and agree as follows:

(a) The Guarantors shall, upon reasonable request of the Lender and as soon as reasonably possible, furnish to the Lender such financial statements, tax returns and business information or other data pertaining to the Guarantors as Lender shall deem necessary.

(b) The Guarantors shall, upon application by the Lender, give any representative of the Lender access during normal business hours to examine, copy or make excerpts from, any and all books, records and documents in the possession of the Guarantors relating to the business affairs of the Guarantors, and to inspect properties of the Guarantors.

(c) The Guarantors shall pay and discharge, as they become due, all taxes, assessments, debts, claims and other governmental or nongovernmental charges incurred by Guarantors or lawfully imposed upon Guarantors' properties and assets, except taxes, assessments, debts, claims and charges contested in good faith in appropriate proceedings.

(d) The Guarantors shall promptly notify the Lender of any litigation, actions, proceedings, claims or investigations pending or threatened which may materially and adversely affect the financial condition of the Guarantors.

(e) The Guarantors shall promptly notify the Lender of any material and adverse change in the financial condition of the Guarantors.

PHLEGAL: #123551:1 v1 (QHBR01!.WPD)

PEPPER 056848

(f) The Guarantors shall keep Guarantors' properties in good repair, working order and condition and from time to time make all needful and proper repairs, renewals, replacements, additions and improvements thereto.

(g) The Guarantors shall observe, perform and comply with all of the covenants, terms and conditions of this Guaranty until the Obligations are fully paid and satisfied, and the Lender has determined not to extend further credit to the Borrower.

10. **No Waiver; Amendments, etc.** No failure or delay on the part of the Lender in exercising any right, power or remedy hereunder shall operate as a waiver thereof; nor shall any single or partial exercise of any such right, power or remedy preclude any other right, power or remedy hereunder. Any amendment, modification, termination or waiver of any provision of this Guaranty or consent to any departure by the Guarantors therefrom, shall be effective only if the same is in writing making explicit reference to this Guaranty, and shall be effective only in the specific instance and for the specific purpose for which given. No notice to or demand on the Guarantors shall entitle the Guarantors to any other or further notice or demand in similar or other circumstances.

11. **Notices**. All notices, requests and other communications pursuant to this Guaranty shall be in writing, either delivered by hand or sent certified mail, return receipt requested, to the Lender at 110 Spruce Lane, Ambler, Pennsylvania 19002 or to the Guarantors at the address first indicated above, or at such other address as either may give by notice to the other as herein provided. Any notice, request or communication hereunder shall be deemed to have been given three days after deposit in the mails, postage prepaid, or in the case of hand delivery, when delivered. However, notice of a change of address as provided in this section shall, when mailed as aforesaid, be deemed to have been given only when actually received by the party to which mailed.

12. **Severability**. If any provision of this Guaranty shall contravene or be held invalid under the laws of any jurisdiction, this Guaranty shall be construed as if it did not contain such provision and the rights, remedies, warranties, representations, covenants and provisions hereof shall be construed and enforced accordingly in such jurisdiction and shall not in any manner affect such provision in any other jurisdiction, or any other provisions of this Guaranty.

13. **Choice of Forum, Consent to Jurisdiction, Service of Process**. The Guarantors irrevocably (a) agree that any suit, action or other legal proceeding arising out of this Guaranty may be brought in the courts of the Commonwealth of Pennsylvania, or of the United States District Court for the Eastern District of Pennsylvania; (b) consent to the jurisdiction of each such court in any such suit, action or proceeding; and (c) waive any objection which the Guarantors may have to the laying of venue of any such suit, action or proceeding in any of such courts. The Guarantors agree that service on the Guarantors by registered mail shall constitute valid personal service upon the Guarantors whether or not the Guarantors are then doing, or at any time have done, business within, or are physically present within, the Commonwealth of

PHLEGAL: #1235511 v1 (QHBR01!.WPD)

PEPPER 056849

Pennsylvania, and that such service of process have the same force and validity as if such service were made upon the Guarantors according to the then current laws governing the validity and requirements of service in Pennsylvania, and the Guarantors waive any claim of error by reason of any such service. For purposes of service by mail as aforesaid, the Guarantors agree to give notice to the Lender of any change of address, and, in event of failure so to do, the Lender may make service by mail to the Guarantors's last known address shown on the Lender's records.

14.  **Waiver of Trial by Jury.** The Guarantors and the Lender, by their acceptance of this Guaranty or any benefit hereunder, each hereby irrevocably waive all right to trial by jury in any action, proceeding or counterclaim, arising out of or relating to the Obligations or this Guaranty, or the actions of the Lender in enforcement thereof.

15.  **Governing Law.** The laws of Pennsylvania shall govern the construction of this Guaranty and the rights, remedies, warranties, representations, covenants, and provisions hereof.

16.  **Interpretations.** Words importing the singular number mean and include the plural number, and words of the masculine gender mean and include correlative words of the feminine and/or neuter gender, and vice versa.

17.  **Headings.** Paragraph headings in this Guaranty are included for convenience of reference only and shall not constitute a part hereof for any other purpose.

18.  **Transfer of Benefit.** This Guaranty shall be binding upon the Guarantors, their heirs, successors, representatives and assigns, and shall inure to the benefit of, and be enforceable by the Lender or his heirs, successors and assigns.

19.  **Guarantors' Relationship to Borrower.** Lender's agreement to make loans to Borrower is of substantial and material benefit to Guarantors, and Guarantors have reviewed and approved copies of the Loan Agreement and the other Loan Documents and is fully informed as to the remedies Lender may pursue upon the occurrence of an Event of Default under the Loan Agreement or the other Loan Documents.

20.  **CONFESSION OF JUDGMENT.** GUARANTORS IRREVOCABLY AUTHORIZE AND EMPOWER ANY ATTORNEY OF ANY COURT OF RECORD TO APPEAR FOR THEM IN ANY SUCH COURT (UPON THE OCCURRENCE OF A DEFAULT HEREUNDER OR AN EVENT OF DEFAULT UNDER THE LOAN AGREEMENT) AT ANY TIME TO WAIVE THE ISSUANCE AND SERVICE OF PROCESS AND TO CONFESS AND ENTER JUDGMENT AGAINST EITHER OF THEM AND IN FAVOR OF LENDER FOR SUCH AGGREGATE AMOUNT AS IS UNPAID, WITH ACCRUED INTEREST, TOGETHER WITH COSTS AND ATTORNEYS' FEES EQUAL TO TEN PERCENT (10%) OF THE INDEBTEDNESS THEN DUE HEREON. GUARANTORS HEREBY RATIFY AND CONFIRM ALL

PHLEGAL: #1235511 v1 (QHBR01!.WPD)

PEPPER 056850

THAT THE ATTORNEY MAY DO BY VIRTUE HEREOF AND WAIVE AND RELEASE ALL ERRORS WHICH MAY INTERVENE IN SUCH PROCEEDINGS. IF A COPY OF THIS GUARANTY SHALL BE PRODUCED IN ANY PROCEEDING BROUGHT UPON THE WARRANT OF ATTORNEY CONTAINED IN THIS SECTION 20, SUCH COPY SHALL BE CONCLUSIVE EVIDENCE OF SUCH ATTORNEY'S AUTHORITY TO TAKE THE ACTION SPECIFIED HEREIN AND IT SHALL NOT BE NECESSARY TO PRODUCE THE ORIGINAL INSTRUMENT. THE AUTHORITY GRANTED HEREIN TO CONFESS JUDGMENT AGAINST GUARANTORS SHALL NOT BE EXHAUSTED BY ANY EXERCISE THEREOF, BUT MAY BE EXERCISED FROM TIME TO TIME AS OFTEN AS THERE IS OCCASION THEREFOR UNTIL PAYMENT IN FULL OF ALL AMOUNTS DUE HEREUNDER AND ALL AMOUNTS DUE UNDER THE LOAN AGREEMENT OR ANY OTHER LOAN DOCUMENT.

21. **Further Assurances.** At any time and from time to time, upon the request of Lender, Guarantors shall execute and deliver such further documents and of such other acts and things as Lender may reasonably request in order to effect fully the purposes of this Guaranty.

IN WITNESS WHEREOF, the undersigned, intending to be legally bound hereby, has executed this Agreement below on the day and year first written above.

Witness:

_____     _____
                                     Andrew N. Yao

_____     _____
                                     Lore N. Yao

-8-

PHLEGAL: #1235511 v1 (QHBR01!.WPD)

PEPPER 056851