### ASSIGNMENT AND ACCEPTANCE OF LOAN AND SECURITY AGREEMENT

Reference is made to the Loan and Security Agreement dated as of December 31, 1995 between STUDENT FINANCE CORPORATION ("Borrower"), and ROBERT L. BAST as LENDER (as amended, modified and supplemented to date, the "Loan Agreement"). Capitalized terms used herein and not otherwise defined are as defined in the Loan Agreement.

This Assignment and Acceptance Agreement (the "Assignment and Acceptance") memorializes the agreements entered into in connection with the consensual execution by Assignor against the Assignee on June 14, 2002 under the Assignee's guarantee of the Loan Agreement pursuant to the Guarantee.

Robert L. Bast (the "Assignor") and Andrew N. Yao (the "Assignee") agree as follows:

1. Subject to the provisions hereinafter set forth, the Assignor hereby sells and assigns to the Assignee, and the Assignee hereby purchases and assumes from the Assignor, WITHOUT RECOURSE, in the maximum Principal Amount of $750,000 the Loan Agreement and the Debt Instrument together with all interest and fees due thereafter as provided in the Loan Agreement. The effective date of this Assignment and Acceptance shall be June 14, 2002 (the "Effective Date").

2. The Assignor makes no representations nor any warranties and assumes no responsibility with respect to (i) any statements, warranties or representations made in or in connection with the Loan Agreement or the execution, legality, validity, enforceability, genuineness, sufficiency or value of the Loan Agreement or any other instrument or document furnished pursuant thereto, or the creation, perfection, priority or enforceability of any Lien or the existence, nature, value or sufficiency to any Collateral; or (ii) the financial condition of the Borrower or the performance or observance by the Borrower or any subsidiary of the Borrower of any of its obligations under the Loan Agreement or any other instrument or document furnished pursuant thereto.

3. The Assignee (i) confirms that he has received a copy of the Loan Agreement, together with copies of the financial statements referred to in Section 4.01(h) of the Loan Agreement and such other documents and information as he has deemed appropriate to make its own credit analysis and decision to enter into this Assignment of Loan and Security Agreement (the "Assignment and Acceptance"); (ii) agrees that he will, independently and without reliance upon the Assignor or any other person, and based on such documents and information as it shall deem appropriate at the time, continue to make its own credit decisions in taking or not taking action under the Loan Agreement; (iii) agrees that he will perform in accordance with his terms all of the obligations which by the terms of the Loan Agreement are required to be performed by Lender; and (v) specifies as its address for notices the address set forth beneath his name on the signature pages hereof.

4. On the Effective Date, the Assignee (a) transferred, assigned and conveyed to the Assignor all of the Assignee's right, title and interest in 12 shares of DHP G.P. Inc.; 12 shares of One Summit Place G.P. Inc., 12 shares of Premier Education Group G.P. Inc. (said

shares are herein collectively referred to as the "Stock") in partial satisfaction of the Assignor's obligations under the Guarantee. Assignee further agrees to pay to Assignor the excess of (i) all principal and accrued interest and fees due under the Loan Agreement from the date of the loan through and including the date of disposition of the Stock as calculated under the Loan Agreement (including, but not limited to, default rates of interest, exit fees and the like) over (ii) the amount received on the disposition of the Stock and any distributions thereon. Such amount shall be payable within ten (10) days of notice by the Assignor to the Assignee of the amount due, which amount may not be contested by the Assignee. Assignor agrees to pay to Assignee within ten (10) days of the sale of the Stock the excess of (i) the amount received on the disposition of the Stock and any distributions thereon over (ii) all principal and accrued interest and fees due under the Loan Agreement from the date of the loan through and including the date of disposition of the Stock as calculated under the Loan Agreement (including, but not limited to, default rates of interest, exit fees and the like).

     5. As of the Effective Date, (i) the Assignee shall be substituted for the Lender under the Loan Agreement and, to the extent provided in this Assignment and Acceptance, have the rights and obligations of the Lender thereunder, and (ii) the Assignor shall, to the extent provided in this Assignment and Acceptance, relinquish Assignor's rights and be released from his obligations under the Loan Agreement.

     6. The assignment by the Assignor hereunder is expressly conditioned upon payment by the Assignee to the Assignor of the consideration set forth in Section 4 above and should any of the consideration be disgorged, taken as a preference amount or not paid or subsequently taken for any other reason, the sale, assignment and assumption made pursuant to this Assignment and Acceptance shall be void *ab initio*.

     7. Miscellaneous.

     a. <u>Indemnity</u>. Except to the extent the Assignor is entitled to and receives indemnification from some other Person, the Assignee agrees to indemnify and hold harmless the Assignor from and against any and all losses, costs, expenses (including, without limitation, reasonable attorneys' fees) and liabilities incurred by the Assignor in connection with or arising in any manner from the performance by the Assignee of any obligation assumed by the Assignee under this Assignment and Acceptance and from any action or other suit brought against the Assignor by reason of the Assignor entering this Assignment and Acceptance.

     b. <u>Notices</u>. Notices shall be given under this Assignment and Acceptance in the manner set forth in the Loan Agreement. The addresses for notices shall be those set forth below the respective signatures of the Assignor and the Assignee on this Assignment and Acceptance.

     c. <u>Headings</u>. Headings are for reference only and are to be ignored in interpreting this Assignment and Acceptance.

     d. <u>Governing Law</u>. THIS ASSIGNMENT AND ACCEPTANCE SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE COMMONWEALTH OF PENNSYLVANIA.

PHLEGAL: #1280469 v1 (RG0L01!.DOC)

GBT003029

e. <u>Entire Agreement</u>. This Assignment and Acceptance embodies the entire agreement and understanding between the parties hereto and supersedes all prior agreements and understandings between the parties relating to the subject matter hereof

f. <u>Further Assurances</u>. The Assignor and the Assignee hereby agree to execute and deliver such other instruments, and take such other action, as either party may reasonably request in furtherance of the transactions contemplated by this Assignment and Acceptance.

g. <u>Counterparts</u>. This Assignment and Acceptance may be executed in one or more duplicate counterparts, and when executed and delivered by all the parties listed below shall constitute a single binding agreement.

8. Notwithstanding any other provision of this Assignment and Acceptance or the Loan Agreement, the Assignor shall be entitled to retain for his own account any fees that may be applicable to the Assignor in a capacity other than as Lender and any and all amounts received prior to the effective date and as otherwise provided hereunder.

IN WITNESS WHEREOF, the parties hereto have executed this Assignment and Acceptance intending to bind their respective successors and assigns as of the Effective Date.

The Assignor
ROBERT L. BAST

_____
Robert L. Bast
110 Spruce Lane
Ambler, PA  19002
Tel: (215) 793-6000
Execution Date: 11-14-02

The Assignee
ANDREW N. YAO

_____
Andrew N. Yao
Five Radnor Corporate Center
Suite 501
100 Matsonford Road
Radnor, PA  19087
Tel: (610) 995-2300
Execution Date: 11-12-02

-3-

PHLEGAL: #1280469 v1 (RG0L01!.DOC)

GBT003030