# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

In re:                                          :

STUDENT FINANCE CORPORATION,                    :

                                :     Civil Action No. 04-1551-JJF

            Debtor.                          :

_____                 :

CHARLES A. STANZIALE, JR., CHAPTER              :

7 TRUSTEE OF STUDENT FINANCE                    :

CORPORATION,                                    :

            Plaintiff,                        :

     v.                                      :

                               :

PEPPER HAMILTON LLP, et al.,                    :

            Defendants.                      :

**TRUSTEE'S AMENDED RESPONSES TO DEFENDANTS ROBERT L. BAST, PAMELA BASHORE GAGNÉ, W. RODERICK GAGNÉ FIRST SET OF REQUESTS FOR ADMISSIONS DIRECTED TO CHARLES A. STANZIALE, JR., CHAPTER 7 TRUSTEE OF STUDENT FINANCE CORPORATION**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, plaintiff Charles A. Stanziale, Jr., as Trustee in Bankruptcy for Student Finance Corporation ("SFC"), responds to the Requests for Admissions served upon him by defendants Robert L. Bast, Pamela Bashore Gagné, W. Roderick Gagné and the Trusts, (the "Family Defendants") as follows:

## GENERAL OBJECTIONS

The Trustee objects to each request, definition and/or instruction propounded by the Family Defendants, to the extent that:

951055-2

## RESPONSES TO REQUESTS FOR ADMISSION

1.      On or about December 31, 1995, Robert L. Bast purchased from Student Finance Corporation ("SFC") a subordinated debenture in the principal amount of $750,000 ("the Bast 12/31/95 Debenture"), which had an interest rate of 15 percent per annum.

**Response:**

**The Trustee admits that as Trustee of Student Finance Corporation, he came into possession of documents setting forth loan transactions and stock purchases by the Family Defendants and guarantees by Andrew and Lore Yao, which were listed in and identified as Exhibit 1202-I at the deposition of Roderick Gagné on February 27, 2007. The Trustee has offered and continues to offer to seek to reach agreement with the Family Defendants to stipulate as to the authenticity and admissibility of the documents for trial. The Trustee also came into possession of certain books and records of Student Finance Corporation. From those records, the Trustee has compiled a list of payments indicated to have been made to the Family Defendants regarding those transactions, a copy of which has been sent to counsel. The Trustee has offered to seek to reach agreement to a stipulation with the Family Defendants regarding those payments. The Trustee does not contest the fact that Bast made investments and therefore admits this Request.**

951055-2

**employees of SFC have been deposed, and all parties had the opportunity to explore all issues, including those raised in this Request for Admissions. For purposes of this response, and because the Trustee does not have any control over those former employees, and in light of the nature of the allegations made in the complaint, the Trustee deems those former employees as potentially adverse. In addition, in light of the several millions of pages of documents produced in this matter, by parties and pursuant to third party subpoenas, it is impossible to identify each and every instance in which a document may contradict the document in question. The Trustee's review of these documents continues. For purposes of this response, however, after reasonable inquiry, the Trustee is without knowledge sufficient to admit the allegations, with regard to the documents themselves, their contents, the facts surrounding their preparation or execution, whether they were prepared in the ordinary course of business, or their authenticity. The Trustee continues in his offer to stipulate to the authenticity of the documents contained on Exhibit 1202-I.**

17.     On or about December 31, 1995, Pamela B. Gagné ("Pamela Gagné") purchased from SFC a subordinated debenture in the principal amount of $250,000 ("the P. Gagné 12/31/95 Debenture"), which had an interest rate of 15 percent per annum.

**Response:**

**The Trustee admits that as Trustee of Student Finance Corporation,**

**he came into possession of documents setting forth loan transactions and stock purchases by the Family Defendants and guarantees by Andrew and Lore Yao, which were listed in and identified as Exhibit 1202-I at the deposition of Roderick Gagné on February 27, 2007. The Trustee has offered and continues to offer to seek to reach agreement with the Family Defendants to stipulate as to the authenticity and admissibility of the documents for trial. The Trustee also came into possession of certain books and records of Student Finance Corporation. From those records, the Trustee has compiled a list of payments indicated to have been made to the Family Defendants regarding those transactions, a copy of which has been sent to counsel. The Trustee has offered to seek to reach agreement to a stipulation with the Family Defendants regarding those payments. The Trustee does not contest the fact that Pamela Gagné made investments and therefore admits this Request.**

18.    SFC signed and delivered to Pamela Gagné a Loan Agreement made as of December 31, 1995 ("the P. Gagné 12/31/95 Loan Agreement"), under which Pamela Gagné agreed to lend SFC $250,000 and SFC agreed to repay Pamela Gagné in accordance with the P. Gagné 12/31/95 Debenture.

**Response:**

**The Trustee neither prepared the document in question, nor was he involved with SFC or present when the document was created. Furthermore, reasonable inquiry of employees is not possible or**

**Request for Admissions.  For purposes of this response, and because the Trustee does not have any control over those former employees, and in light of the nature of the allegations made in the complaint, the Trustee deems those former employees as potentially adverse.  In addition, in light of the several millions of pages of documents produced in this matter, by parties and pursuant to third party subpoenas, it is impossible to identify each and every instance in which a document may contradict the document in question.  The Trustee's review of these documents continues.  For purposes of this response, however, after reasonable inquiry, the Trustee is without knowledge sufficient to admit the allegations, with regard to the documents themselves, their contents, the facts surrounding their preparation or execution, whether they were prepared in the ordinary course of business, or their authenticity.  The Trustee continues in his offer to stipulate to the authenticity of the documents contained on Exhibit 1202-I.**

33.    On or about August 1, 1997, Bast purchased from SFC a subordinated debenture in the principal amount of $600,000 ("the Bast 8/1/97 Debenture"), which had an interest rate of 10 percent per annum.

**Response:**

**The Trustee admits that as Trustee of Student Finance Corporation, he came into possession of documents setting forth loan transactions and stock purchases by the Family Defendants and guarantees by**

**Andrew and Lore Yao, which were listed in and identified as Exhibit 1202-I at the deposition of Roderick Gagné on February 27, 2007. The Trustee has offered and continues to offer to seek to reach agreement with the Family Defendants to stipulate as to the authenticity and admissibility of the documents for trial. The Trustee also came into possession of certain books and records of Student Finance Corporation. From those records, the Trustee has compiled a list of payments indicated to have been made to the Family Defendants regarding those transactions, a copy of which has been sent to counsel. The Trustee has offered to seek to reach agreement to a stipulation with the Family Defendants regarding those payments. The Trustee does not contest the fact that Bast made investments and therefore admits this Request.**

34.     SFC signed and delivered to Bast a Loan Agreement made as of August 1, 1997 ("the Bast 8/1/97 Loan Agreement"), under which Bast agreed to lend SFC $600,000 and SFC agreed to repay Bast in accordance with the Bast 8/1/97 Debenture.

**Response:**

**The Trustee neither prepared the document in question, nor was he involved with SFC or present when the document was created. Furthermore, reasonable inquiry of employees is not possible or feasible. SFC has no current employees, and no former employees are subject to the Trustee's control, other than Guy DiSimplico who is retained as a consultant pursuant to an order of the Bankruptcy**

offer to stipulate to the authenticity of the documents contained on Exhibit 1202-I.

48.    On or about August 1, 1997, Pamela Gagné purchased from SFC a subordinated debenture in the principal amount of $250,000 ("the P. Gagné 8/1/97 Debenture"), which had an interest rate of 10 percent per annum.

**Response:**

**The Trustee admits that as Trustee of Student Finance Corporation, he came into possession of documents setting forth loan transactions and stock purchases by the Family Defendants and guarantees by Andrew and Lore Yao, which were listed in and identified as Exhibit 1202-I at the deposition of Roderick Gagné on February 27, 2007. The Trustee has offered and continues to offer to seek to reach agreement with the Family Defendants to stipulate as to the authenticity and admissibility of the documents for trial. The Trustee also came into possession of certain books and records of Student Finance Corporation. From those records, the Trustee has compiled a list of payments indicated to have been made to the Family Defendants regarding those transactions, a copy of which has been sent to counsel. The Trustee has offered to seek to reach agreement to a stipulation with the Family Defendants regarding those payments. The Trustee does not contest the fact that Pamela Gagné made investments and therefore admits this Request.**

49.    SFC signed and delivered to Pamela Gagné a Loan Agreement made as of

**and in light of the nature of the allegations made in the complaint, the Trustee deems those former employees as potentially adverse. In addition, in light of the several millions of pages of documents produced in this matter, by parties and pursuant to third party subpoenas, it is impossible to identify each and every instance in which a document may contradict the document in question. The Trustee's review of these documents continues. For purposes of this response, however, after reasonable inquiry, the Trustee is without knowledge sufficient to admit the allegations, with regard to the documents themselves, their contents, the facts surrounding their preparation or execution, whether they were prepared in the ordinary course of business, or their authenticity. The Trustee continues in his offer to stipulate to the authenticity of the documents contained on Exhibit 1202-I.**

63.     On or about August 1, 1997, the Elizabeth B. Brennan Trust ("EBB Trust") purchased from SFC a subordinated debenture in the principal amount of $150,000 ("the EBB Trust 8/1/97 Debenture"), which had an interest rate of 10 percent per annum.

**Response:**

**The Trustee admits that as Trustee of Student Finance Corporation, he came into possession of documents setting forth loan transactions and stock purchases by the Family Defendants and guarantees by Andrew and Lore Yao, which were listed in and identified as Exhibit**

**1202-I at the deposition of Roderick Gagné on February 27, 2007. The Trustee has offered and continues to offer to seek to reach agreement with the Family Defendants to stipulate as to the authenticity and admissibility of the documents for trial. The Trustee also came into possession of certain books and records of Student Finance Corporation. From those records, the Trustee has compiled a list of payments indicated to have been made to the Family Defendants regarding those transactions, a copy of which has been sent to counsel. The Trustee has offered to seek to reach agreement to a stipulation with the Family Defendants regarding those payments. The Trustee does not contest the fact that EBB Trust made investments and therefore admits this Request.**

64.    SFC signed and delivered to EBB Trust a Loan Agreement made as of August 1, 1997 ("the EBB Trust 8/1/97 Loan Agreement"), under which EBB Trust agreed to lend SFC $150,000 and SFC agreed to repay EBB Trust in accordance with the EBB Trust 8/1/97 Debenture.

**Response:**

**The Trustee neither prepared the document in question, nor was he involved with SFC or present when the document was created. Furthermore, reasonable inquiry of employees is not possible or feasible. SFC has no current employees, and no former employees are subject to the Trustee's control, other than Guy DiSimplico who is retained as a consultant pursuant to an order of the Bankruptcy**

**knowledge sufficient to admit the allegations, with regard to the documents themselves, their contents, the facts surrounding their preparation or execution, whether they were prepared in the ordinary course of business, or their authenticity. The Trustee continues in his offer to stipulate to the authenticity of the documents contained on Exhibit 1202-I.**

78.    On or about August 7, 1998, Bast purchased from SFC a subordinated debenture in the principal amount of $500,000 ("the Bast 8/7/98 Debenture"), which had an interest rate of 15 percent per annum.

**Response:**

**The Trustee admits that as Trustee of Student Finance Corporation, he came into possession of documents setting forth loan transactions and stock purchases by the Family Defendants and guarantees by Andrew and Lore Yao, which were listed in and identified as Exhibit 1202-I at the deposition of Roderick Gagné on February 27, 2007. The Trustee has offered and continues to offer to seek to reach agreement with the Family Defendants to stipulate as to the authenticity and admissibility of the documents for trial. The Trustee also came into possession of certain books and records of Student Finance Corporation. From those records, the Trustee has compiled a list of payments indicated to have been made to the Family Defendants regarding those transactions, a copy of which has been sent to counsel. The Trustee has offered to seek to reach agreement to**

**a stipulation with the Family Defendants regarding those payments. The Trustee does not contest the fact that Bast made investments and therefore admits this Request.**

79.    SFC signed and delivered to Bast a Loan Agreement made as of August 7, 1998 ("the Bast 8/7/98 Loan Agreement"), under which Bast agreed to lend SFC $500,000 and SFC agreed to repay Bast in accordance with the Bast 8/7/98 Debenture.

**Response:**

**The Trustee neither prepared the document in question, nor was he involved with SFC or present when the document was created. Furthermore, reasonable inquiry of employees is not possible or feasible. SFC has no current employees, and no former employees are subject to the Trustee's control, other than Guy DiSimplico who is retained as a consultant pursuant to an order of the Bankruptcy Court.  Mr. DiSimplico was not involved in the preparation of the document in question and has no personal knowledge of the facts and circumstances relating to its preparation.  Numerous former employees of SFC have been deposed, and all parties had the opportunity to explore all issues, including those raised in this Request for Admissions.  For purposes of this response, and because the Trustee does not have any control over those former employees, and in light of the nature of the allegations made in the complaint, the Trustee deems those former employees as potentially adverse.  In addition, in light of the several millions of pages of documents**

**produced in this matter, by parties and pursuant to third party subpoenas, it is impossible to identify each and every instance in which a document may contradict the document in question. The Trustee's review of these documents continues. For purposes of this response, however, after reasonable inquiry, the Trustee is without knowledge sufficient to admit the allegations, with regard to the documents themselves, their contents, the facts surrounding their preparation or execution, whether they were prepared in the ordinary course of business, or their authenticity. The Trustee continues in his offer to stipulate to the authenticity of the documents contained on Exhibit 1202-I.**

93.    On or about August 7, 1998, the EBB Trust purchased from SFC a subordinated debenture in the principal amount of $500,000 ("the EBB Trust 8/7/98 Debenture"), which had an interest rate of 15 percent per annum.

**Response:**

**The Trustee admits that as Trustee of Student Finance Corporation, he came into possession of documents setting forth loan transactions and stock purchases by the Family Defendants and guarantees by Andrew and Lore Yao, which were listed in and identified as Exhibit 1202-I at the deposition of Roderick Gagné on February 27, 2007. The Trustee has offered and continues to offer to seek to reach agreement with the Family Defendants to stipulate as to the authenticity and admissibility of the documents for trial. The Trustee**

951055-2                              93

**also came into possession of certain books and records of Student Finance Corporation. From those records, the Trustee has compiled a list of payments indicated to have been made to the Family Defendants regarding those transactions, a copy of which has been sent to counsel. The Trustee has offered to seek to reach agreement to a stipulation with the Family Defendants regarding those payments. The Trustee does not contest the fact that EBB Trust made investments and therefore admits this Request.**

94.    SFC signed and delivered to EBB Trust a Loan Agreement made as of August 7, 1998 ("the EBB Trust 8/7/98 Loan Agreement"), under which EBB Trust agreed to lend SFC $500,000 and SFC agreed to repay EBB Trust in accordance with the EBB Trust 8/7/98 Debenture.

**Response:**

**The Trustee neither prepared the document in question, nor was he involved with SFC or present when the document was created. Furthermore, reasonable inquiry of employees is not possible or feasible. SFC has no current employees, and no former employees are subject to the Trustee's control, other than Guy DiSimplico who is retained as a consultant pursuant to an order of the Bankruptcy Court. Mr. DiSimplico was not involved in the preparation of the document in question and has no personal knowledge of the facts and circumstances relating to its preparation. Numerous former employees of SFC have been deposed, and all parties had the**

**document in question and has no personal knowledge of the facts and circumstances relating to its preparation. Numerous former employees of SFC have been deposed, and all parties had the opportunity to explore all issues, including those raised in this Request for Admissions. For purposes of this response, and because the Trustee does not have any control over those former employees, and in light of the nature of the allegations made in the complaint, the Trustee deems those former employees as potentially adverse. In addition, in light of the several millions of pages of documents produced in this matter, by parties and pursuant to third party subpoenas, it is impossible to identify each and every instance in which a document may contradict the document in question. The Trustee's review of these documents continues. For purposes of this response, however, after reasonable inquiry, the Trustee is without knowledge sufficient to admit the allegations, with regard to the documents themselves, their contents, the facts surrounding their preparation or execution, whether they were prepared in the ordinary course of business, or their authenticity. The Trustee continues in his offer to stipulate to the authenticity of the documents contained on Exhibit 1202-I.**

118.    On or about March 22, 1999, Bast loaned $3,000,000 to SFC.

**Response:**

**The Trustee admits that as Trustee of Student Finance Corporation,**

**he came into possession of documents setting forth loan transactions and stock purchases by the Family Defendants and guarantees by Andrew and Lore Yao, which were listed in and identified as Exhibit 1202-I at the deposition of Roderick Gagné on February 27, 2007. The Trustee has offered and continues to offer to seek to reach agreement with the Family Defendants to stipulate as to the authenticity and admissibility of the documents for trial. The Trustee also came into possession of certain books and records of Student Finance Corporation. From those records, the Trustee has compiled a list of payments indicated to have been made to the Family Defendants regarding those transactions, a copy of which has been sent to counsel. The Trustee has offered to seek to reach agreement to a stipulation with the Family Defendants regarding those payments. The Trustee does not contest the fact that Bast made investments and therefore admits this Request.**

119.    On or about May 20, 1999, $400,000 of the $3,000,000 loaned by Bast to SFC on March 22, 1999, was refinanced with a term loan, leaving a principal balance of $2,600,000.

**Response:**

**The Trustee neither prepared the document in question, nor was he involved with SFC or present when the document was created. Furthermore, reasonable inquiry of employees is not possible or feasible. SFC has no current employees, and no former employees are**

**opportunity to explore all issues, including those raised in this Request for Admissions. For purposes of this response, and because the Trustee does not have any control over those former employees, and in light of the nature of the allegations made in the complaint, the Trustee deems those former employees as potentially adverse. In addition, in light of the several millions of pages of documents produced in this matter, by parties and pursuant to third party subpoenas, it is impossible to identify each and every instance in which a document may contradict the document in question. The Trustee's review of these documents continues. For purposes of this response, however, after reasonable inquiry, the Trustee is without knowledge sufficient to admit the allegations, with regard to the documents themselves, their contents, the facts surrounding their preparation or execution, whether they were prepared in the ordinary course of business, or their authenticity. The Trustee continues in his offer to stipulate to the authenticity of the documents contained on Exhibit 1202-I.**

146.    During the period from on or about September 25, 2001, through on or about October 2, 2001, Bast, Pamela Gagné, Elizabeth B. Brennan Family Trust #2 TUD 1/12/94 F/B/O Elizabeth L. Gagné ("EBB Trust f/b/o ELG"), JTB Trust f/b/o WRG, JTB Trust f/b/o PBG, JTB Trust f/b/o ELG, J. Welch Trust, Leighton B. Welch Trust ("L. Welch Trust") and Elizabeth B. Brennan Family Trust #2 TUD 1/12/94 F/B/O Philip B. Gagné ("EBB Trust f/b/o PBG") made the following loans to SFC:

| Lender | Date | Amount |
|--------|------|--------|
| Bast | 9/25/01 | $ 2,000,000 |
| Pamela Gagné | 9/25/01 | $ 375,000 |
| EBB Trust f/b/o ELG | 9/25/01 | $ 375,000 |
| JTB Trust f/b/o WRG | 9/25/01 | $ 175,000 |
| JTB Trust f/b/o PBG | 9/25/01 | $ 125,000 |
| JTB Trust f/b/o ELG | 9/25/01 | $ 175,000 |
| J. Welch Trust | 9/28/01 | $ 1,500,000 |
| L. Welch Trust | 9/28/01 | $ 1,500,000 |
| EBB Trust f/b/o PBG | 10/2/01 | $ 250,000 |

**Response:**

**The Trustee admits that as Trustee of Student Finance Corporation, he came into possession of documents setting forth loan transactions and stock purchases by the Family Defendants and guarantees by Andrew and Lore Yao, which were listed in and identified as Exhibit 1202-I at the deposition of Roderick Gagné on February 27, 2007. The Trustee has offered and continues to offer to seek to reach agreement with the Family Defendants to stipulate as to the authenticity and admissibility of the documents for trial. The Trustee also came into possession of certain books and records of Student Finance Corporation. From those records, the Trustee has compiled a list of payments indicated to have been made to the Family Defendants regarding those transactions, a copy of which has been sent to counsel. The Trustee has offered to seek to reach agreement to a stipulation with the Family Defendants regarding those payments. The Trustee does not contest the fact that the Family Defendants**

made investments and therefore admits this Request as to the Family Defendants. The J. Welch Trust and the L. Welch Trust were not deposed in this case and as to the J. Welch Trust and L. Welch Trust documents, the Trustee neither prepared the documents in question, nor was he involved with SFC or present when the documents were created. Furthermore, reasonable inquiry of employees is not possible or feasible. SFC has no current employees, and no former employees are subject to the Trustee's control, other than Guy DiSimplico who is retained as a consultant pursuant to an order of the Bankruptcy Court. Mr. DiSimplico was not involved in the preparation of the documents in question and has no personal knowledge of the facts and circumstances relating to their preparation. Numerous former employees of SFC have been deposed, and all parties had the opportunity to explore all issues, including those raised in this Request for Admissions. For purposes of this response, and because the Trustee does not have any control over those former employees, and in light of the nature of the allegations made in the complaint, the Trustee deems those former employees as potentially adverse. In addition, in light of the several millions of pages of documents produced in this matter, by parties and pursuant to third party subpoenas, it is impossible to identify each and every instance in which a document may contradict the documents in question. The Trustee's review of these documents continues. For purposes of this

**response, however, after reasonable inquiry, the Trustee is without knowledge sufficient to admit the allegations, with regard to the documents themselves, their contents, the facts surrounding their preparation or execution, whether they were prepared in the ordinary course of business, or their authenticity. The Trustee continues in his offer to stipulate to the authenticity of the documents contained on Exhibit 1202-I.**

147.    Each of the loans described in paragraph 146 was a short term loan which was to be used by SFC for the purpose set forth in the Loan and Security Agreement for each such loan and was to be repaid in accordance with the terms set forth in the Loan and Security Agreements and Secured Notes for each such loan.

**Response:**

**The Trustee neither prepared the document in question, nor was he involved with SFC or present when the document was created. Furthermore, reasonable inquiry of employees is not possible or feasible. SFC has no current employees, and no former employees are subject to the Trustee's control, other than Guy DiSimplico who is retained as a consultant pursuant to an order of the Bankruptcy Court. Mr. DiSimplico was not involved in the preparation of the document in question and has no personal knowledge of the facts and circumstances relating to its preparation. Numerous former employees of SFC have been deposed, and all parties had the opportunity to explore all issues, including those raised in this**

**and in light of the nature of the allegations made in the complaint, the Trustee deems those former employees as potentially adverse. In addition, in light of the several millions of pages of documents produced in this matter, by parties and pursuant to third party subpoenas, it is impossible to identify each and every instance in which a document may contradict the document in question. The Trustee's review of these documents continues. For purposes of this response, however, after reasonable inquiry, the Trustee is without knowledge sufficient to admit the allegations, with regard to the documents themselves, their contents, the facts surrounding their preparation or execution, whether they were prepared in the ordinary course of business, or their authenticity. The Trustee continues in his offer to stipulate to the authenticity of the documents contained on Exhibit 1202-I.**

156.    On or about March 5, 2002, Bast loaned $2,000,000 to SFC ("the Bast 3/5/02 Loan") which loan had an interest rate of 12 percent per annum and a commitment fee of 6 to 10 percent depending on the time the loan remained outstanding.

**Response:**

**The Trustee admits that as Trustee of Student Finance Corporation, he came into possession of documents setting forth loan transactions and stock purchases by the Family Defendants and guarantees by Andrew and Lore Yao, which were listed in and identified as Exhibit 1202-I at the deposition of Roderick Gagné on February 27, 2007.**

**The Trustee has offered and continues to offer to seek to reach agreement with the Family Defendants to stipulate as to the authenticity and admissibility of the documents for trial. The Trustee also came into possession of certain books and records of Student Finance Corporation. From those records, the Trustee has compiled a list of payments indicated to have been made to the Family Defendants regarding those transactions, a copy of which has been sent to counsel. The Trustee has offered to seek to reach agreement to a stipulation with the Family Defendants regarding those payments. The Trustee does not contest the fact that Bast made investments and therefore admits this Request.**

157.    SFC signed and delivered to Bast a Loan and Security Agreement made as of March 5, 2002 ("the Bast 3/5/02 Loan Agreement") under which Bast agreed to lend SFC $2,000,000 and SFC agreed to repay Bast in accordance with the terms of the Bast 3/5/02 Loan Agreement.

**Response:**

**The Trustee neither prepared the document in question, nor was he involved with SFC or present when the document was created. Furthermore, reasonable inquiry of employees is not possible or feasible. SFC has no current employees, and no former employees are subject to the Trustee's control, other than Guy DiSimplico who is retained as a consultant pursuant to an order of the Bankruptcy Court. Mr. DiSimplico was not involved in the preparation of the**

951055-2                                    163

offer to stipulate to the authenticity of the documents contained on Exhibit 1202-I.

192.    On or about March 5, 2002, EBB Trust f/b/o ELG loaned $400,000 to SFC ("the EBB Trust f/b/o ELG 3/5/02 Loan") which loan had an interest rate of 12 percent per annum and a commitment fee of 6 to 10 percent depending on the time the loan remained outstanding.

**Response:**

**The Trustee admits that as Trustee of Student Finance Corporation, he came into possession of documents setting forth loan transactions and stock purchases by the Family Defendants and guarantees by Andrew and Lore Yao, which were listed in and identified as Exhibit 1202-I at the deposition of Roderick Gagné on February 27, 2007. The Trustee has offered and continues to offer to seek to reach agreement with the Family Defendants to stipulate as to the authenticity and admissibility of the documents for trial. The Trustee also came into possession of certain books and records of Student Finance Corporation. From those records, the Trustee has compiled a list of payments indicated to have been made to the Family Defendants regarding those transactions, a copy of which has been sent to counsel. The Trustee has offered to seek to reach agreement to a stipulation with the Family Defendants regarding those payments. The Trustee does not contest the fact that EBB Trust f/b/o ELG made investments and therefore admits this Request.**

**Trustee's review of these documents continues. For purposes of this response, however, after reasonable inquiry, the Trustee is without knowledge sufficient to admit the allegations, with regard to the documents themselves, their contents, the facts surrounding their preparation or execution, whether they were prepared in the ordinary course of business, or their authenticity. The Trustee continues in his offer to stipulate to the authenticity of the documents contained on Exhibit 1202-I.**

210.    On or about March 5, 2002, JTB Trust f/b/o ELG loaned $200,000 to SFC ("the JTB Trust f/b/o ELG 3/5/02 Loan") which loan had an interest rate of 12 percent per annum and a commitment fee of 6 to 10 percent depending on the time the loan remained outstanding.

**Response:**

**The Trustee admits that as Trustee of Student Finance Corporation, he came into possession of documents setting forth loan transactions and stock purchases by the Family Defendants and guarantees by Andrew and Lore Yao, which were listed in and identified as Exhibit 1202-I at the deposition of Roderick Gagné on February 27, 2007. The Trustee has offered and continues to offer to seek to reach agreement with the Family Defendants to stipulate as to the authenticity and admissibility of the documents for trial. The Trustee also came into possession of certain books and records of Student Finance Corporation. From those records, the Trustee has compiled a**

**list of payments indicated to have been made to the Family Defendants regarding those transactions, a copy of which has been sent to counsel. The Trustee has offered to seek to reach agreement to a stipulation with the Family Defendants regarding those payments. The Trustee does not contest the fact that JTB Trust f/b/o ELG made investments and therefore admits this Request.**

211.    SFC signed and delivered to JTB Trust f/b/o ELG a Loan and Security Agreement made as of March 5, 2002 ("the JTB Trust f/b/o ELG 3/5/02 Loan Agreement") under which JTB Trust f/b/o ELG agreed to lend SFC $200,000 and SFC agreed to repay JTB Trust f/b/o ELG in accordance with the terms of the JTB Trust f/b/o ELG 3/5/02 Loan Agreement.

**Response:**

**The Trustee neither prepared the document in question, nor was he involved with SFC or present when the document was created. Furthermore, reasonable inquiry of employees is not possible or feasible. SFC has no current employees, and no former employees are subject to the Trustee's control, other than Guy DiSimplico who is retained as a consultant pursuant to an order of the Bankruptcy Court. Mr. DiSimplico was not involved in the preparation of the document in question and has no personal knowledge of the facts and circumstances relating to its preparation. Numerous former employees of SFC have been deposed, and all parties had the opportunity to explore all issues, including those raised in this**

Court.  Mr. DiSimplico was not involved in the preparation of the document in question and has no personal knowledge of the facts and circumstances relating to its preparation.  Numerous former employees of SFC have been deposed, and all parties had the opportunity to explore all issues, including those raised in this Request for Admissions.  For purposes of this response, and because the Trustee does not have any control over those former employees, and in light of the nature of the allegations made in the complaint, the Trustee deems those former employees as potentially adverse.  In addition, in light of the several millions of pages of documents produced in this matter, by parties and pursuant to third party subpoenas, it is impossible to identify each and every instance in which a document may contradict the document in question.  The Trustee's review of these documents continues.  For purposes of this response, however, after reasonable inquiry, the Trustee is without knowledge sufficient to admit the allegations, with regard to the documents themselves, their contents, the facts surrounding their preparation or execution, whether they were prepared in the ordinary course of business, or their authenticity. The Trustee continues in his offer to stipulate to the authenticity of the documents contained on Exhibit 1202-I.

228.    On or about March 5, 2002, JTB Trust f/b/o PBG loaned $100,000 to SFC ("the JTB Trust f/b/o PBG 3/5/02 Loan") which loan had an interest rate of 12 percent

per annum and a commitment fee of 6 to 10 percent depending on the time the loan remained outstanding.

**Response:**

**The Trustee admits that as Trustee of Student Finance Corporation, he came into possession of documents setting forth loan transactions and stock purchases by the Family Defendants and guarantees by Andrew and Lore Yao, which were listed in and identified as Exhibit 1202-I at the deposition of Roderick Gagné on February 27, 2007. The Trustee has offered and continues to offer to seek to reach agreement with the Family Defendants to stipulate as to the authenticity and admissibility of the documents for trial. The Trustee also came into possession of certain books and records of Student Finance Corporation. From those records, the Trustee has compiled a list of payments indicated to have been made to the Family Defendants regarding those transactions, a copy of which has been sent to counsel. The Trustee has offered to seek to reach agreement to a stipulation with the Family Defendants regarding those payments. The Trustee does not contest the fact that JTB Trust f/b/o PBG made investments and therefore admits this Request.**

229.    SFC signed and delivered to JTB Trust f/b/o PBG a Loan and Security Agreement made as of March 5, 2002 ("the JTB Trust f/b/o PBG 3/5/02 Loan Agreement") under which JTB Trust f/b/o PBG agreed to lend SFC $100,000 and SFC agreed to repay JTB Trust f/b/o PBG in accordance with the terms of the JTB Trust f/b/o

**Trustee deems those former employees as potentially adverse. In addition, in light of the several millions of pages of documents produced in this matter, by parties and pursuant to third party subpoenas, it is impossible to identify each and every instance in which a document may contradict the document in question. The Trustee's review of these documents continues. For purposes of this response, however, after reasonable inquiry, the Trustee is without knowledge sufficient to admit the allegations, with regard to the documents themselves, their contents, the facts surrounding their preparation or execution, whether they were prepared in the ordinary course of business, or their authenticity. The Trustee continues in his offer to stipulate to the authenticity of the documents contained on Exhibit 1202-I.**

246.    On or about March 5, 2002, JTB Trust f/b/o WRG loaned $200,000 to SFC ("the JTB Trust f/b/o WRG 3/5/02 Loan") which loan had an interest rate of 12 percent per annum and a commitment fee of 6 to 10 percent depending on the time the loan remained outstanding.

**Response:**

**The Trustee admits that as Trustee of Student Finance Corporation, he came into possession of documents setting forth loan transactions and stock purchases by the Family Defendants and guarantees by Andrew and Lore Yao, which were listed in and identified as Exhibit 1202-I at the deposition of Roderick Gagné on February 27, 2007.**

**The Trustee has offered and continues to offer to seek to reach agreement with the Family Defendants to stipulate as to the authenticity and admissibility of the documents for trial. The Trustee also came into possession of certain books and records of Student Finance Corporation. From those records, the Trustee has compiled a list of payments indicated to have been made to the Family Defendants regarding those transactions, a copy of which has been sent to counsel. The Trustee has offered to seek to reach agreement to a stipulation with the Family Defendants regarding those payments. The Trustee does not contest the fact that JTB Trust f/b/o WRG made investments and therefore admits this Request.**

247.    SFC signed and delivered to JTB Trust f/b/o WRG a Secured Note dated March 5, 2002 ("the JTB Trust f/b/o WRG 3/5/02 Note") under which SFC obligated itself to repay JTB Trust f/b/o WRG in accordance with the terms of the JTB Trust f/b/o WRG 3/5/02 Note.

**Response:**

**The Trustee neither prepared the document in question, nor was he involved with SFC or present when the document was created. Furthermore, reasonable inquiry of employees is not possible or feasible. SFC has no current employees, and no former employees are subject to the Trustee's control, other than Guy DiSimplico who is retained as a consultant pursuant to an order of the Bankruptcy Court. Mr. DiSimplico was not involved in the preparation of the**

412.    On or about June 14, 2002, when Bast, Pamela Gagné, EBB Trust, EBB Trust f/b/o ELG, JTB Trust f/b/o WRG, JTB Trust f/b/o PBG and JTB Trust f/b/o ELG executed against the Yao Guaranties, and Yao agreed to transfer his stock in Premier Education Group G.P., Inc., DHP G.P., Inc. and One Summit Place G.P., Inc. to Bast, Pamela Gagné, EBB Trust, EBB Trust f/b/o ELG, JTB Trust f/b/o WRG, JTB Trust f/b/o PBG and JTB Trust f/b/o ELG in partial satisfaction of the Yao Guaranties, none of Bast, Pamela Gagné, Gagné, EBB Trust, EBB Trust f/b/o ELG, JTB Trust f/b/o WRG, JTB Trust f/b/o PBG or JTB Trust f/b/o ELG exercised control over Yao.

**Response:**

**The Trustee admits the existence of the Assignment Agreement and otherwise denies this request.**

413.    On or about May 5, 2002, when Yao pledged his stock in Premier Education Group G.P., Inc., DHP G.P., Inc. and One Summit Place G.P., Inc. to Bast, Pamela Gagné, EBB Trust, EBB Trust f/b/o ELG, JTB Trust f/b/o WRG, JTB Trust f/b/o PBG and JTB Trust f/b/o ELG, Yao had other substantial assets, including interests in real estate, personal property and publicly traded securities.

**Response:**

**The Trustee admits that Yao owned other assets, asserts that they were the result of monies improperly taken from SFC with the assistance of Gagné and Pepper Hamilton and otherwise denies this request.**

414.    On or about June 14, 2002, when Bast, Pamela Gagné, EBB Trust, EBB Trust f/b/o ELG, JTB Trust f/b/o WRG, JTB Trust f/b/o PBG and JTB Trust f/b/o ELG

executed against the Yao Guaranties, and Yao agreed to transfer his stock in Premier Education Group G.P., Inc., DHP G.P., Inc. and One Summit Place G.P., Inc. to Bast, Pamela Gagné, EBB Trust, EBB Trust f/b/o ELG, JTB Trust f/b/o WRG, JTB Trust f/b/o PBG and JTB Trust f/b/o ELG in partial satisfaction of the Yao Guaranties, Yao had other substantial assets, including interests in real estate, personal property and publicly traded securities.

**Response:**

**The Trustee admits that Yao owned other assets, asserts that they were the result of monies improperly taken from SFC with the assistance of Gagné and Pepper Hamilton and otherwise denies this request.**

415.    Yao was not insolvent on or about May 5, 2002, and the pledge of his stock in Premier Education Group G.P., Inc., DHP G.P., Inc. and One Summit Place G.P., Inc. to Bast, Pamela Gagné, EBB Trust, EBB Trust f/b/o ELG, JTB Trust f/b/o WRG, JTB Trust f/b/o PBG and JTB Trust f/b/o ELG did not render him insolvent.

**Response:**

**Denied.**

416.    Yao was not insolvent on or about June 14, 2002, and the transfer of his stock in Premier Education Group G.P., Inc., DHP G.P., Inc. and One Summit Place G.P., Inc. to Bast, Pamela Gagné, EBB Trust, EBB Trust f/b/o ELG, JTB Trust f/b/o WRG, JTB Trust f/b/o PBG and JTB Trust f/b/o ELG did not render him insolvent.

**Response:**

**Denied.**

**Response:**

**The Trustee's information is not complete, and certainly does not extend to the current state of the entity, and therefore denies.**

452.    Bast and EBB Trust were the initial Limited Partners of CEC Partnership, L.P.

**Response:**

**The Trustee admits that they were limited partners of CEC. Beyond that, the Trustee neither prepared documents relevant to this allegation, nor was he involved with SFC or present when the documents were created. Furthermore, reasonable inquiry of employees is not possible or feasible. SFC has no current employees, and no former employees are subject to the Trustee's control, other than Guy DiSimplico who is retained as a consultant pursuant to an order of the Bankruptcy Court. Mr. DiSimplico was not involved in the preparation of the documents in question and has no personal knowledge of the facts and circumstances relating to their preparation. Numerous former employees of SFC have been deposed, and all parties had the opportunity to explore all issues, including those raised in this Request for Admissions. For purposes of this response, and because the Trustee does not have any control over those former employees, and in light of the nature of the allegations made in the complaint, the Trustee deems those former employees as potentially adverse. In addition, in light of the several millions of**

pages of documents produced in this matter, by parties and pursuant to third party subpoenas, it is impossible to identify each and every instance in which a document may contradict the document in question. The Trustee's review of these documents continues. For purposes of this response, however, after reasonable inquiry, the Trustee is without knowledge sufficient to admit the allegations, with regard to the documents themselves, their contents, the facts surrounding their preparation or execution, whether they were prepared in the ordinary course of business, or their authenticity.

453.    After EBB Trust was terminated, the interests of EBB Trust in CEC Partnership, L.P., later named Premier Education Group, L.P., were distributed to Gagné, EBB Trust f/b/o ELG and EBB Trust f/b/o PBG.

**Response:**

**The Trustee admits that the EBB Trust interests were distributed. Beyond that, the Trustee neither prepared documents relevant to this allegation, nor was he involved with SFC or present when documents were created. Furthermore, reasonable inquiry of employees is not possible or feasible. SFC has no current employees, and no former employees are subject to the Trustee's control, other than Guy DiSimplico who is retained as a consultant pursuant to an order of the Bankruptcy Court. Mr. DiSimplico was not involved in the preparation of the documents in question and has no personal knowledge of the facts and circumstances relating to their**

interest at the entity, the Trustee denies the request.

464.    The Amended and Restated Agreement of Limited Partnership of Premier Education Group, L.P. governed and governs the allocation of profits and losses of the partnership and distributions from operations, dispositions, financings, liquidation or dissolution of the partnership as among the General Partner and Limited Partners of Premier Education Group, L.P. while the Agreement was and is in effect.

**Response:**

**As Pepper Hamilton, Premier and the Family Defendants have created and obtained documents showing that Yao owned a larger interest at the entity, the Trustee denies the request.**

465.    Exhibit 1234-I is a true, correct and authentic copy of the Limited Partnership Agreement of Day Hill Partners, L.P. effective as of June 1, 1996.

**Response:**

**Admitted.**

466.    DHP G.P., Inc. was at all times from on or about June 1, 1996, and currently is, the General Partner of Day Hill Partners, L.P.

**Response:**

**The Trustee admits it initially was the General Partner.    The Trustee's information is not complete, and certainly does not extend to the current state of the entity, and therefore denies.    Furthermore, the Trustee neither prepared documents relevant to the allegations, nor was he involved with SFC or present when the documents were created.    Furthermore, reasonable inquiry of employees is not possible**

or feasible. SFC has no current employees, and no former employees are subject to the Trustee's control, other than Guy DiSimplico who is retained as a consultant pursuant to an order of the Bankruptcy Court. Mr. DiSimplico was not involved in the preparation of the document in question and has no personal knowledge of the facts and circumstances relating to its preparation. Numerous former employees of SFC have been deposed, and all parties had the opportunity to explore all issues, including those raised in this Request for Admissions. For purposes of this response, and because the Trustee does not have any control over those former employees, and in light of the nature of the allegations made in the complaint, the Trustee deems those former employees as potentially adverse. In addition, in light of the several millions of pages of documents produced in this matter, by parties and pursuant to third party subpoenas, it is impossible to identify each and every instance in which a document may contradict the document in question. The Trustee's review of these documents continues. For purposes of this response, however, after reasonable inquiry, the Trustee is without knowledge sufficient to admit the allegations, with regard to the documents themselves, their contents, the facts surrounding their preparation or execution, whether they were prepared in the ordinary course of business, or their authenticity.

document in question and has no personal knowledge of the facts and circumstances relating to its preparation.    Numerous former employees of SFC have been deposed, and all parties had the opportunity to explore all issues, including those raised in this Request for Admissions.  For purposes of this response, and because the Trustee does not have any control over those former employees, and in light of the nature of the allegations made in the complaint, the Trustee deems those former employees as potentially adverse.  In addition, in light of the several millions of pages of documents produced in this matter, by parties and pursuant to third party subpoenas, it is impossible to identify each and every instance in which a document may contradict the document in question.  The Trustee's review of these documents continues.  For purposes of this response, however, after reasonable inquiry, the Trustee is without knowledge sufficient to admit the allegations, with regard to the documents themselves, their contents, the facts surrounding their preparation or execution, whether they were prepared in the ordinary course of business, or their authenticity.

473.    Exhibit 1235-I is a true, correct and authentic copy of the Limited Partnership Agreement of One Summit Place Partners, L.P. dated June 1, 1994.

**Response:**

Admitted.

474.    One Summit Place G.P., Inc. was at all times from on or about June 1, 1994, and currently is, the General Partner of One Summit Place Partners, L.P.

**Response:**

**Admitted.**

475.    Bast, EBB Trust f/b/o PBG and the Elizabeth B. Brennan Trust f/b/o Gagné or, when the Elizabeth B. Brennan Trust f/b/o Gagné was terminated, Gagné individually, were and are the Limited Partners of One Summit Place Partners, L.P.

**Response:**

**The Trustee admits it initially was the General Partner.    The Trustee's information is not complete, and certainly does not extend to the current state of the entity, and therefore denies.    Furthermore, the Trustee neither prepared documents relevant to the allegations, nor was he involved with SFC or present when the documents were created.    Furthermore, reasonable inquiry of employees is not possible or feasible. SFC has no current employees, and no former employees are subject to the Trustee's control, other than Guy DiSimplico who is retained as a consultant pursuant to an order of the Bankruptcy Court.    Mr. DiSimplico was not involved in the preparation of the document in question and has no personal knowledge of the facts and circumstances relating to its preparation.    Numerous former employees of SFC have been deposed, and all parties had the opportunity to explore all issues, including those raised in this Request for Admissions.    For purposes of this response, and because**

course of business, or their authenticity.

534.    Exhibit 510-I is a true, correct and authentic copy of the SWH 9/4/98 Term Sheet.

**Response:**

**Admitted.**

535.    Exhibit 510-I is a business record pursuant to Rule 803(6) of the Federal Rules of Evidence.

**Response:**

**The Trustee is in litigation with SWH.  Furthermore, the Trustee neither prepared the document in question, nor was he involved with SFC or present when the document was created.  Furthermore, reasonable inquiry of employees is not possible or feasible. SFC has no current employees, and no former employees are subject to the Trustee's control, other than Guy DiSimplico who is retained as a consultant pursuant to an order of the Bankruptcy Court.  Mr. DiSimplico was not involved in the preparation of the document in question and has no personal knowledge of the facts and circumstances relating to its preparation.  Numerous former employees of SFC have been deposed, and all parties had the opportunity to explore all issues, including those raised in this Request for Admissions.  For purposes of this response, and because the Trustee does not have any control over those former employees, and in light of the nature of the allegations made in the complaint, the**

538.    Exhibit 511-I is a true, correct and authentic copy of the SWH 1/10/00 Term Sheet.

**Response:**

**Admitted.**

539.    Exhibit 511-I is a business record pursuant to Rule 803(6) of the Federal Rules of Evidence.

**Response:**

**The Trustee neither prepared the document in question, nor was he involved with SFC or present when the document was created. Furthermore, reasonable inquiry of employees is not possible or feasible. SFC has no current employees, and no former employees are subject to the Trustee's control, other than Guy DiSimplico who is retained as a consultant pursuant to an order of the Bankruptcy Court. Mr. DiSimplico was not involved in the preparation of the document in question and has no personal knowledge of the facts and circumstances relating to its preparation. Numerous former employees of SFC have been deposed, and all parties had the opportunity to explore all issues, including those raised in this Request for Admissions. For purposes of this response, and because the Trustee does not have any control over those former employees, and in light of the nature of the allegations made in the complaint, the Trustee deems those former employees as potentially adverse. In addition, in light of the several millions of pages of documents**

**circumstances relating to its preparation. Numerous former employees of SFC have been deposed, and all parties had the opportunity to explore all issues, including those raised in this Request for Admissions. For purposes of this response, and because the Trustee does not have any control over those former employees, and in light of the nature of the allegations made in the complaint, the Trustee deems those former employees as potentially adverse. In addition, in light of the several millions of pages of documents produced in this matter, by parties and pursuant to third party subpoenas, it is impossible to identify each and every instance in which a document may contradict the document in question. The Trustee's review of these documents continues. For purposes of this response, however, after reasonable inquiry, the Trustee is without knowledge sufficient to admit the allegations, with regard to the documents themselves, their contents, the facts surrounding their preparation or execution, whether they were prepared in the ordinary course of business, or their authenticity.**

541.    Exhibit 512-I is a true, correct and authentic copy of the SWH 2/11/00 Agreement without exhibits.

**Response:**

**Admitted.**

542.    Exhibit 512-I is a business record pursuant to Rule 803(6) of the Federal Rules of Evidence.

**Request for Admissions. For purposes of this response, and because the Trustee does not have any control over those former employees, and in light of the nature of the allegations made in the complaint, the Trustee deems those former employees as potentially adverse. In addition, in light of the several millions of pages of documents produced in this matter, by parties and pursuant to third party subpoenas, it is impossible to identify each and every instance in which a document may contradict the document in question. The Trustee's review of these documents continues. For purposes of this response, however, after reasonable inquiry, the Trustee is without knowledge sufficient to admit the allegations, with regard to the documents themselves, their contents, the facts surrounding their preparation or execution, whether they were prepared in the ordinary course of business, or their authenticity.**

545.    Exhibit 514-I is a true, correct and authentic copy of the SWH 8/7/00 Term Sheet.

**Response:**

**Admitted.**

546.    Exhibit 514-I is a business record pursuant to Rule 803(6) of the Federal Rules of Evidence.

**Response:**

**The Trustee neither prepared the document in question, nor was he involved with SFC or present when the document was created.**

**Trustee deems those former employees as potentially adverse. In addition, in light of the several millions of pages of documents produced in this matter, by parties and pursuant to third party subpoenas, it is impossible to identify each and every instance in which a document may contradict the document in question. The Trustee's review of these documents continues. For purposes of this response, however, after reasonable inquiry, the Trustee is without knowledge sufficient to admit the allegations, with regard to the documents themselves, their contents, the facts surrounding their preparation or execution, whether they were prepared in the ordinary course of business, or their authenticity.**

549.    Exhibit 515-I is a true, correct and authentic copy of the SWH 9/8/00 Term Sheet.

**Response:**

**Admitted.**

550.    Exhibit 515-I is a business record pursuant to Rule 803(6) of the Federal Rules of Evidence.

**Response:**

**The Trustee neither prepared the document in question, nor was he involved with SFC or present when the document was created. Furthermore, reasonable inquiry of employees is not possible or feasible. SFC has no current employees, and no former employees are subject to the Trustee's control, other than Guy DiSimplico who is**

document in question and has no personal knowledge of the facts and circumstances relating to its preparation. Numerous former employees of SFC have been deposed, and all parties had the opportunity to explore all issues, including those raised in this Request for Admissions. For purposes of this response, and because the Trustee does not have any control over those former employees, and in light of the nature of the allegations made in the complaint, the Trustee deems those former employees as potentially adverse. In addition, in light of the several millions of pages of documents produced in this matter, by parties and pursuant to third party subpoenas, it is impossible to identify each and every instance in which a document may contradict the document in question. The Trustee's review of these documents continues. For purposes of this response, however, after reasonable inquiry, the Trustee is without knowledge sufficient to admit the allegations, with regard to the documents themselves, their contents, the facts surrounding their preparation or execution, whether they were prepared in the ordinary course of business, or their authenticity.

555.    Exhibit 517-I is a true, correct and authentic copy of the SWH 9/4/98 Term Sheet.

**<u>Response:</u>**

**Admitted.**

556.    Exhibit 517-I is a business record pursuant to Rule 803(6) of the Federal

**circumstances relating to its preparation. Numerous former employees of SFC have been deposed, and all parties had the opportunity to explore all issues, including those raised in this Request for Admissions. For purposes of this response, and because the Trustee does not have any control over those former employees, and in light of the nature of the allegations made in the complaint, the Trustee deems those former employees as potentially adverse. In addition, in light of the several millions of pages of documents produced in this matter, by parties and pursuant to third party subpoenas, it is impossible to identify each and every instance in which a document may contradict the document in question. The Trustee's review of these documents continues. For purposes of this response, however, after reasonable inquiry, the Trustee is without knowledge sufficient to admit the allegations, with regard to the documents themselves, their contents, the facts surrounding their preparation or execution, whether they were prepared in the ordinary course of business, or their authenticity.**

559.   Exhibit 518-I is a true, correct and authentic copy of the SWH 10/9/01 Agreement without exhibits and the First Amendment.

**Response:**

**Admitted.**

560.   Exhibit 518-I is a business record pursuant to Rule 803(6) of the Federal Rules of Evidence.

**documents themselves, their contents, the facts surrounding their preparation or execution, whether they were prepared in the ordinary course of business, or their authenticity.**

561.    On or about December 18, 2001, SWH sent a letter to Yao and Gary Hawthorne stating the terms of a proposed loan of $80,000,000 from SWH to a single asset, bankruptcy remote affiliate of SFC ("SWH 12/18/01 Term Sheet").

**Response:**

**Admitted.**

562.    Exhibit 110-I is a true, correct and authentic copy of the SWH 12/18/01 Term Sheet.

**Response:**

**Admitted.**

563.    Exhibit 110-I is a business record pursuant to Rule 803(6) of the Federal Rules of Evidence.

**Response:**

**The Trustee neither prepared the document in question, nor was he involved with SFC or present when the document was created. Furthermore, reasonable inquiry of employees is not possible or feasible. SFC has no current employees, and no former employees are subject to the Trustee's control, other than Guy DiSimplico who is retained as a consultant pursuant to an order of the Bankruptcy Court. Mr. DiSimplico was not involved in the preparation of the document in question and has no personal knowledge of the facts and**