IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: :<br>STUDENT FINANCE CORPORATION, :<br>                  Debtor. :<br>_____ :<br>CHARLES A. STANZIALE, JR., :<br>CHAPTER 7 TRUSTEE OF STUDENT :<br>FINANCE CORPORATION, :<br>                  Plaintiff, :<br>        v. :<br>PEPPER HAMILTON LLP, et al., :<br>                  Defendants. : | CIVIL ACTION No. 04-1551 (JJF) |

**THE FAMILY DEFENDANTS' MOTION IN LIMINE NO. 1 TO STRIKE CERTAIN WITNESSES FROM THE TRUSTEE'S WITNESS LISTS AND TO EXCLUDE EVIDENCE RELATING ONLY TO THE TRUSTEE'S AND ROYAL'S <u>CLAIMS AGAINST THE SETTLED DEFENDANTS</u>**

For the reasons set forth in the accompanying memorandum, defendants Robert L. Bast, Pamela Bashore Gagné, the Brennan Trusts and W. Roderick Gagné as Trustee of the Brennan Trusts (the "Family defendants") respectfully move this Court to enter an Order in the form attached hereto (a) granting the Family defendants' Motion in Limine No. 1 to Strike Certain Witnesses from the Trustee's Witness Lists and to Exclude Evidence Relating only to the Trustee's and Royal's Claims Against the Settled Defendants; (b) striking from the Trustee's witness lists Maria DeCarlo, Duncan Grant, Esquire, Bruce Green, Esquire, Darcy Lee Malcolm, Konrad Smith, Andrea Unterberger, Esquire, Alfred Wilcox, Esquire, Myron Glucksman, Steve Haenchun, David Pauker and William Spear; and (c) excluding evidence at trial that relates only to the Trustee's now-settled claims against Pepper Hamilton LLP and W. Roderick Gagné as a practicing attorney and a partner of Pepper.

|  |  |
|---|---|
| Dated: October 2, 2007 | ECKERT SEAMANS CHERIN & MELLOTT, LLC<br><br>*/s/ Karen Lee Turner*<br>―――――――――――――――――――<br>KAREN LEE TURNER (No. 4332)<br>300 Delaware Avenue, Suite 1210<br>Wilmington, DE 19801<br>Telephone: (302) 425-0430<br>Fax:   (302) 425-0432<br>E-mail: kturner@eckertseamans.com<br><br>Neil G. Epstein<br>Carol L. Press<br>Charles F. Forer<br>Eckert Seamans Cherin & Mellott, LLC<br>Two Liberty Place<br>50 South 16th Street, 22nd Floor<br>Philadelphia, PA 19102<br>Telephone: (215) 851-8400<br>Fax:   (215) 851-8383<br><br>Attorneys for Defendants Robert L. Bast, Pamela Bashore Gagné, the Brennan Trusts and W. Roderick Gagné, as Trustee of the Brennan Trusts |

M0611983

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>STUDENT FINANCE CORPORATION,<br>　　　　　　　　　Debtor.<br><br>CHARLES A. STANZIALE, JR.,<br>CHAPTER 7 TRUSTEE OF STUDENT<br>FINANCE CORPORATION,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br><br>PEPPER HAMILTON LLP, et al.,<br><br>　　　　　　　　　Defendants. | :<br>:<br>:<br>:<br>:  CIVIL ACTION No. 04-1551 (JJF)<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**MEMORANDUM IN SUPPORT OF THE FAMILY DEFENDANTS'
MOTION IN LIMINE NO. 1 TO STRIKE CERTAIN WITNESESS FROM THE
TRUSTEE'S WITNESS LISTS AND TO EXCLUDE EVIDENCE RELATING ONLY TO
THE TRUSTEE'S AND ROYAL'S CLAIMS AGAINST THE SETTLED DEFENDANTS**

Dated: October 2, 2007

KAREN LEE TURNER (No. 4332)
Eckert Seamans Cherin & Mellott, LLC
300 Delaware Avenue, Suite 1210
Wilmington, DE  19801
Telephone:  (302) 425-0430
Fax:　　　　(302) 425-0431
E-mail:　　　kturner@eckertseamans.com

Neil G. Epstein
Carol L. Press
Charles F. Forer
Eckert Seamans Cherin & Mellott, LLC
Two Liberty Place
50 South 16th Street, 22nd Floor
Philadelphia, PA  19102
Telephone:  (215) 851-8400
Fax:　　　　(215) 851-8383

Attorneys for Defendants Robert L. Bast, Pamela Bashore Gagné, the Brennan Trusts and W. Roderick Gagné, as Trustee of the Brennan Trusts

I.     **INTRODUCTION.**

The Trustee's First Amended Complaint ("FAC") asserted several claims against Pepper Hamilton LLP ("Pepper") and W. Roderick Gagné ("Gagné") as a practicing attorney and a partner of Pepper (together the "Pepper defendants"), in connection with their representation of Student Finance Corporation ("SFC"). The FAC separately made claims against Robert L. Bast, Pamela Bashore Gagné, the Brennan Trusts and Gagné as Trustee of the Brennan Trusts (the "Family defendants").

In its Third Amended Complaint filed on August 18, 2006 in Civil Action No. 05-165-JJF, plaintiff Royal Indemnity Company ("Royal") claimed that the Pepper defendants and SFC's accountants made material omissions or misrepresentations regarding SFC's operations and the performance of its student loans; and that the Pepper defendants and SFC's accountants issued, or participated in issuing, various false and misleading documents to perpetrate SFC's alleged fraud. Royal claimed that these purported misrepresentations and omissions induced it to issue credit risk insurance policies to provide coverage for loan defaults caused by students failing to make student loan payments. Royal alleged that it eventually insured approximately $650 million of student loans between January 1999 and November 2001; that it never knew that the student loans defaulted at rates well in excess of its expectations; and that the masking of the actual default rates of student loans has led to the presentation of credit risk insurance claims to Royal totaling approximately $430 million.

The Trustee and Royal have now settled all of their claims against the Pepper defendants and SFC's former accountants. The only remaining claims in this action are against the Family defendants. However, counsel for the Trustee has informed counsel for the Family defendants that the Trustee intends to call certain witnesses at trial against the Family defendants

1

whose testimony the Family defendants believe is relevant only to the Trustee's and Royal's now-settled claims against the Pepper defendants.

This Court should exclude this proffered evidence relating to the Trustee's claims against the now-settled Pepper defendants for two separate and independent reasons. First, it is not material or relevant to the Trustee's remaining claims against the Family defendants. Second, introducing this evidence would lead to a casebook example of the very risks – the dangers of unfair prejudice, confusion of the issues, misleading of the jury, undue delay and waste of time – that Rule 403 of the Federal Rules of Evidence was specifically designed to prevent.

## II.  FACTS.

As a result of this Court's Order and Memorandum Opinion dated December 22, 2005, which granted in part the Pepper defendants' motion to dismiss the FAC, see Stanziale v. Pepper Hamilton LLP (In re Student Finance Corp.), 335 B.R. 539 (D. Del. 2005), the Trustee's remaining claims against the Pepper defendants were that the Pepper defendants, in their legal representation of SFC, breached fiduciary duties to SFC (Count I) and committed professional malpractice (Count IV). The Trustee also asserted an equitable subordination claim (Count IX) and a preference claim (Count X) against the Pepper defendants, both of which claims relate to Pepper's legal fees to SFC.

As a result of this Court's December 22, 2005 Order and Memorandum, which granted in part the Family defendants' Motion to Dismiss, only two Counts of the FAC against the Family defendants remain: (1) Count VII, which alleges a claimed fraudulent conveyance – a stock transfer by Yao to certain Family defendants – and seeks to avoid only that transaction; and (2) Count XI, which seeks to avoid, as alleged preferences under Section 547 of the Bankruptcy Code, specifically identified payments totaling $4,229,093 of interest, fees and principal on de-

bentures and loans that SFC made to the Family defendants within one year preceding the Filing Date.

On or about September 26, 2007, counsel for the Family defendants received a revised witness list from the Trustee in connection with the proposed pretrial order. The list labeled "Witnesses Specific to the Trustee's Claims" includes the following seven persons whose testimony is relevant only to the Trustee's and Royal's settled claims against the Pepper defendants – and not to the Trustee's remaining claims against the Family defendants:

1. **Maria DeCarlo** – paralegal at Pepper.

2. **Duncan Grant, Esquire** – attorney at Pepper.

3. **Bruce Green, Esquire** – proffered expert on legal ethics.

4. **Darcy Lee Malcolm** – legal assistant at Pepper.

5. **Konrad Smith** – employee of a trucking school that SFC dealt with.

6. **Andrea Unterberger, Esquire** – former Pepper attorney.

7. **Alfred Wilcox, Esquire** – General Counsel of Pepper.

On or about September 28, 2007, the Trustee and Royal settled all of their claims against the Pepper defendants. Consequently, the Trustee's claims against the Pepper defendants for breach of fiduciary duty and professional malpractice, equitable subordination and preference are no longer part of this case and evidence relevant only to those claims is no longer material to this case. However, counsel for the Trustee answered affirmatively in response to an inquiry from counsel for the Family defendants as to whether the Trustee still intends to call these seven persons as witnesses in the Trustee's case against the Family defendants. The Trustee has served a subpoena on all or most of those persons. Counsel for the Trustee did not describe specifically or even generally how the testimony of these witnesses is relevant to the remaining issues in dis-

pute between the Trustee and the Family defendants. Nor did counsel for the Trustee explain how the expert opinions of Mr. Green have any relevance to the Trustee's remaining claims against the Family defendants.

The Trustee originally identified these witnesses when the Trustee had claims against the Pepper defendants. While these witnesses may have knowledge of facts and expert opinions regarding the Pepper firm's legal representation of SFC, the Family defendants know of nothing in the record to support a contention that the knowledge or opinions of those persons are relevant to the Trustee's remaining claims against the Family defendants. Under these circumstances, the conclusion is inescapable that the Trustee's insistence on retaining these witnesses on the Trustee's witness list evidences the Trustee's intent to try the issues alleged in the Trustee's now-settled claims against the Pepper defendants, even though these issues have been settled and have no relevance whatsoever to his remaining claims against the Family defendants.

The Trustee's improper intent to try immaterial issues is further supported by the fact that the Witness List labeled "Witnesses Common to Trustee's and Royal's Claims" includes the following four additional persons whose testimony, once again, is material only to the now-settled claims against the Pepper defendants and has no relevance to the Trustee's remaining claims against the Family defendants:

1. **Myron Glucksman** – proffered expert on securitizations.

2. **Steve Haenchun** – employee of Grant Thornton, which conducted an investigation of SFC on behalf of Royal.

3. **David Pauker** – proffered expert on Royal's alleged damages.

4. **William Spears** – a Grant Thornton partner.

None of these persons has any first-hand knowledge of any facts or expert opinions relevant to the Trustee's two remaining claims against the Family defendants. Indeed, each

4

of the 11 witnesses described above was deposed and nothing in their testimony suggested any information at all relevant to the Trustee's remaining claims against the Family defendants. Similarly, the expert reports of Messrs. Green, Haenchun and Pauker and the report of Mr. Spears contain no opinions or conclusions relevant to the remaining claims.

### III.   ARGUMENT.

#### A.   The Trustee Asserted Separate and Distinct Causes of Action Against the Pepper Defendants and the Family Defendants.

The Trustee's now-settled claims against the Pepper defendants are separate and distinct from the Trustee's remaining claims against the Family defendants. The claims against the Pepper defendants related entirely to a law firm's representation of SFC, a former client. On the other hand, the Trustee's two remaining claims against the Family defendants relate exclusively to payments made by SFC on loans that the Family defendants made to SFC and to a transfer of stock from Yao to the Family defendants.

The FAC separated its claims and causes of action against these two sets of defendants. Certain sections of the FAC relate only to the Pepper defendants. See FAC ¶¶ 28-35 ("Pepper's Representation Of And Functioning As General Counsel To SFC"); ¶¶ 106-135 ("Pepper's Preparation of PPMs And SFC's Insolvency"); ¶¶ 136-149 ("Pepper's Withdrawal From Representing SFC"). Other sections of the FAC relate exclusively to the Family defendants. See FAC ¶¶ 73-95 ("The Gagne Family Loans To SFC"); ¶¶ 150-163 ("Yao Preferred The Family Loans").

There are no overlapping causes of action in the FAC between these two sets of defendants; the remaining Counts of the FAC that this Court did not dismiss were asserted either against the Pepper defendants (Counts I [breach of fiduciary duty], IV [malpractice], V [aiding and abetting breaches of fiduciary duty], IX [equitable subordination], and X [preference with

respect to SFC's payments of the Pepper firm's legal fees]); **or** against the Family defendants (Counts VII [fraudulent conveyance from Yao to the Family defendants] and XI [preference with respect to SFC's loan payments]).

As would be expected, the Family defendants' Answer and Affirmative Defenses did not respond to the Trustee's claims against the Pepper defendants. Similarly, the Family defendants directed their affirmative defenses only to the claims at issue between the Trustee and the Family defendants.

Because the Family defendants had no need to take any discovery directed to issues that were not relevant to Counts VII or XI, the Family defendants conducted no discovery with respect to the Trustee's now-settled claims against the Pepper defendants. Nor did the Family defendants participate in any expert discovery relating to the issues then in dispute between the Trustee and the Pepper defendants, except to the extent that such discovery might relate to the Trustee's claims against the Family defendants.

### B. The Family Defendants Will Suffer Unfair Prejudice if the Trustee is Permitted to Introduce Evidence Relating to the Pepper Defendants.

In order to recover on his fraudulent conveyance claim alleged against the Family defendants, the Trustee must prove that Yao transferred to the Family defendants the stock of three corporations that were the general partners in three limited partnerships in which certain of the Family defendants were limited partners, and that Yao made these transfers with actual intent to hinder, delay or defraud his other creditors. The issues to be tried on this cause of action are the following:

> 1. whether the challenged transfer by Yao of his stock in One Summit Place, GP, Inc., DHP, GP, Inc. and Premier Education Group GP, Inc. to certain of the Family defendants was made with actual intent to hinder, delay or defraud other creditors of Yao;

2. whether at the time of the challenged transfer, Yao owed approximately $7 million to the Family defendants to whom the transfer was made;

3. whether those Family defendants who received the challenged transfer received the transfer in good faith and for a reasonably equivalent value; and

4. what was the fair market value on or about June 14, 2002, of the stock in One Summit Place, GP, Inc., DHP, GP, Inc. and Premier Education Group GP, Inc. that Yao transferred to certain Family defendants.

The Pepper defendants' representation of SFC and the range of legal and legal-related services that the Pepper defendants performed for SFC have nothing to do with and are irrelevant to these issues. The alleged misrepresentations and omissions by the Pepper defendants likewise are not relevant to those issues. Nor is it relevant to those issues whether the Pepper defendants breached fiduciary or any other duties that they may have owed to SFC, as alleged in Count I of the FAC, or committed professional malpractice, as alleged in Count IV of the FAC. Finally, whether the Trustee, absent a settlement, would have been entitled to subordinate Pepper's claims for legal fees against SFC, as alleged in Count IX, or would have been entitled to recover on his preference claim relating to SFC's payments of Pepper's legal fees, as alleged in Count X, are irrelevant to the Trustee's fraudulent conveyance claim against the Family defendants.

Likewise, the legal work that the Pepper defendants purportedly performed or failed to perform as SFC's outside lawyers has nothing to do with the issues to be tried in the Trustee's preference claim against the Family defendants:

1. whether the Family defendants were insiders of SFC at the time of each challenged payment made by SFC during the period between ninety days and one year prior to the Filing Date;

7

2. whether the payments made by SFC to the Family defendants during the applicable period (either ninety days prior to the Filing Date or one year prior to the Filing Date if the Family defendants were insiders at the time of such payments) are subject to being avoided as preferences;

3. whether SFC was insolvent at the time of each such payment;

4. whether any or all of such payments were made in payment of a debt incurred by SFC in the ordinary course of business or financial affairs of SFC and the Family defendants, were made in the ordinary course of business or financial affairs of SFC and the Family defendants and were made according to ordinary business terms; and

5. whether after any such payment to a Family defendant, that Family defendant gave new value to or for the benefit of SFC (a) not secured by an unavoidable security interest; and (b) on account of which new value SFC did not make an otherwise unavoidable transfer to or for the benefit of that Family defendant.

Requiring the Family defendants at trial to respond and defend against evidence relating, not to any of the above material issues, but instead to the Trustee's or Royal's now-settled claims against the Pepper defendants will for no legitimate reason increase the Family defendants' trial burdens. It will force the Family defendants to respond to countless immaterial allegations, designated deposition testimony, exhibits and expert opinions relating solely and exclusively to the now-settled Pepper defendants. Further, the Family defendants might be required to seek leave to present expert testimony relating to these side issues.

The Family defendants from the start of this case have had no reason to defend against the Trustee's causes of action against the Pepper defendants. As set forth above, those now-settled causes of action have nothing to do with the Trustee's separate and distinct claims against the Family defendants. The Family defendants should not now be forced to defend against these immaterial claims.

8

Even more importantly, because the Trustee's purported evidence relating to the now-settled Pepper defendants has no relevance to the issues to be tried between the Trustee and the Family defendants, the Trustee's only conceivable purpose in proffering this evidence is to distract the jury into considering evidence of the Pepper defendants' alleged improper actions and omissions as evidence of the Family defendants' alleged improper actions and, hence, as evidence of the Family defendants' alleged liability to the Trustee. Allowing a misled and distracted jury to decide this case on the base of such immaterial side issues is just the sort of improper prejudice and confusion that Rule 403 was expressly designed to prevent, even if the proffered evidence was relevant, which it is not.

### C. There Would be Undue Delay and a Waste of Time if the Trustee is Permitted to Introduce Evidence Relating to the Pepper Defendants.

In view of the likelihood of jury confusion, the Family defendants would have no choice, at this late date, but to obtain and then offer evidence to attempt to counter the improper and prejudicial inferences that could flow from the unrebutted introduction of evidence relating to the Pepper defendants and the Trustee's improper attempt to prove his claims against the Family defendants by relying on the negative inferences from that evidence. The evidence relating to the Trustee's and Royal's now-settled causes of action against the Pepper defendants would lead to additional and unnecessary trial time and thereby increase the burdens on the Court, the jurors and the Family defendants.

It is somewhat ironic that Royal, in its Motion *In Limine* No. 2 to Exclude Evidence Regarding the Conduct of SFC's Attorneys and Accountants, filed on September 28, 2007 opposes Wells Fargo's intent to introduce much of the same evidence that the Trustee seeks to introduce in this case – evidence relating to the alleged wrongdoing of SFC's lawyers and accountants. As set forth in Royal's September 28, 2007 motion *in limine*, Wells Fargo seeks at

trial to rely on at least six fact witnesses, at least three expert witnesses, deposition testimony that alone could take one week of trial time, and hundreds of e-mails, memoranda and other documents. According to Royal, these witnesses and documents do not relate to the material issues in dispute between Royal and Wells Fargo, but to Royal's now-settled case against SFC's former accountants and the Pepper defendants. Putting aside the question of whether that evidence is relevant to the Royal-Wells Fargo case, that evidence is indisputably irrelevant to the two remaining Counts of the FAC against the Family defendants.

Even if the evidence is relevant, which it is not here, Rule 403 was specifically designed to prevent the "undue delay," "waste of time" and confusion that would result from the introduction of the Trustee's proffered evidence relating to the now-settled Pepper defendants. Excluding evidence that relates solely and exclusively to now-settled claims against now-settled defendants would expedite the trial, avoid satellite litigation on immaterial side issues that have nothing to do with the remaining claims in dispute, and greatly reduce the chance of confusing or misleading the jury in a trial that already promises to involve complex issues of fact.

## IV.   CONCLUSION.

For these reasons, the Family defendants respectfully request that this Court (a) grant their Motion *in Limine;* (b) strike from the Trustee's witness lists Maria DeCarlo, Duncan Grant, Esquire, Bruce Green, Esquire, Darcy Lee Malcolm, Konrad Smith, Andrea Unterberger, Esquire, Alfred Wilcox, Esquire, Myron Glucksman, Steve Haenchun, David Pauker and William Spears, whose testimony relates only to the Trustee's now-settled claims against the Pepper defendants; and (c) exclude evidence at trial that relates only to the Trustee's now-settled claims against the Pepper defendants.

Respectfully submitted,

ECKERT SEAMANS CHERIN & MELLOTT, LLC

Dated: October 2, 2007

_____
KAREN LEE TURNER (No. 4332)
300 Delaware Avenue, Suite 1210
Wilmington, DE 19801
Telephone: (302) 425-0430
Fax: (302) 425-0431
E-mail: kturner@eckertseamans.com

Neil G. Epstein
Carol L. Press
Charles F. Forer
Eckert Seamans Cherin & Mellott, LLC
Two Liberty Place
50 South 16th Street, 22nd Floor
Philadelphia, PA 19102
Telephone: (215) 851-8400
Fax: (215) 851-8383

Attorneys for Defendants Robert L. Bast, Pamela Bashore Gagné, the Brennan Trusts and W. Roderick Gagné, as Trustee of the Brennan Trusts

M0612191

11

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2007, I electronically filed the Family defendants' Notice of Motion, Proposed Order, Motion In Limine No. 1 to Exclude Evidence Relating Only to the Trustee's Claims Against the Settled Defendants, and Memorandum in Support of Motion In Limine to Exclude Evidence Relating Only to the Trustee's Claims Against the Settled Defendants with the Clerk of Court using CM/ECF, which will send notification of such filings to the following, and that I also caused a true and correct copy of the foregoing filings to be sent via e-mail and United States first class regular mail postage prepaid to the following:

William H. Sudell, Jr., Esquire
Donna L. Culver, Esquire
Joanna F. Newdock, Esquire
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
Email: wsudell@mnat.com
*Counsel for Pepper Hamilton LLP and
W. Roderick Gagné*

John H. Eickemeyer, Esquire
Marie A. Tieri, Esquire
Vedder, Price, Kaufman & Kammholz, P.C.
1633 Broadway, 47th Floor
New York, NY 10019
Email: jeickemeyer@vedderprice.com
    mtieri@vedderprice.com
*Counsel for Freed Maxick & Battaglia,
CPAs, PC*

Elizabeth K. Ainslie, Esquire
Nicholas J. LePore, III, Esquire
Bruce P. Merenstein, Esquire
Stephen J. Shapiro, Esquire
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103
Email: eainslie@schnader.com
    sshapiro@schnader.com
    nlepore@schnader.com
    bmerenstein@schnader.com
*Counsel for Pepper Hamilton LLP and
W. Roderick Gagné*

David E. Wilks, Esquire
Reed Smith, LLP
1201 North Market Street, Suite 1500
Wilmington, DE 19801
Email: dwilks@reedsmith.com
*Counsel for Freed Maxick & Battaglia,
CPAs, PC*

Tiffany Geyer Lydon, Esquire
Philip Trainer, Jr., Esquire
Carolyn Shelly Hake, Esquire
Ashby & Geddes
222 Delaware Avenue
P. O. Box 1150
Wilmington, DE 19899
Email: tlydon@ashby-geddes.com
ptrainer@ashby-geddes.com
*Counsel for Royal Indemnity Company*

John I. Grossbart, Esquire
Alan S. Gilbert, Esquire
Sonnenschein Nath & Rosenthal LLP
8000 Sears Tower
233 S. Wacker Drive
Chicago, IL 60606
Email: jgrossbart@sonnenschein.com
agilbert@sonnenschein.com
*Counsel for Royal Indemnity Company*

John W. Shaw, Esquire
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE 19899-0391
Email: jshaw@ycst.com
*Counsel for McGladrey & Pullen LLP*

Christopher M. Winter, Esquire
Duane Morris LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801
Email: cmwinter@duanemorris.com
*Counsel for Freed Maxick & Battaglia, CPAs, PC; McGladrey & Pullen LLP and Michael Aquino*

Veronica E. Rendon, Esquire
Richard P. Swanson, Esquire
Jason M. Butler, Esquire
Arnold & Porter LLP
399 Park Avenue
New York, NY 10022
Email: veronica_rendon@aporter.com
richard.swanson@aporter.com
jason_butler@aporter.com
*Counsel for McGladrey & Pullen LLP and Michael Aquino*

Charlene M. Davis, Esquire
Ashley B. Stitzer, Esquire
Mary E. Augustine, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
P. O. Box 25130
Wilmington, DE 19899
Email: cdavis@bayardfirm.com
astitzer@bayardfirm.com
maugustine@bayardfirm.com
*Counsel for Charles A. Stanziale, Jr., Chapter 7 Trustee of Student Finance Corporation*

Steven M. Farina, Esquire
Thomas H.L. Selby, Esquire
Williams & Connolly LLP
725 12th Street, N.W.
Washington, DC 20005
Email: sfarina@wc.com
tselby@wc.com
*Counsel for McGladrey & Pullen LLP*

Michael S. Waters, Esquire
Lois H. Goodman, Esquire
Jeffrey T. Testa, Esquire
Donald Crecca, Esquire
John P. Dwyer, Esquire
McElroy, Deutsch, Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ 07102
Email: lgoodman@mdmc-law.com
mwaters@mdmc-law.com
dcrecca@mdmc-law.com
dtesta@mdmc-law.com
jdwyer@mdmc-law.com
*Counsel for Charles A. Stanziale, Jr., Chapter 7 Trustee of Student Finance Corporation*

Charles A. Gilman, Esquire
David G. Montone, Esquire
David G. Januszewski, Esquire
M. Justin Lubeley, Esquire
Cahill Gordon & Reindel LLP
80 Pine Street
New York, NY 10005
Email: cgilman@cahill.com
dmontone@cahill.com
djanuszewski@cahill.com
jlubeley@cahill.com
*Counsel for Pepper Hamilton LLP*

Andre G. Castaybert, Esquire
Ronald Rauchberg, Esquire
Steven Obus, Esquire
Proskauer Rose LLP
1585 Broadway
New York, NY 10035
Email: acastaybert@proskauer.com
rrauchberg@proskauer.com
sobus@proskauer.com
*Counsel for MBIA*

_____
KAREN LEE TURNER