## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

In re:                                              :
STUDENT FINANCE CORPORATION,                        :
              Debtor.                         :
                               :    CIVIL ACTION No. 04-1551 (JJF)
CHARLES A. STANZIALE, JR.,                          :
CHAPTER 7 TRUSTEE OF STUDENT                        :
FINANCE CORPORATION,                                :
                               :
              Plaintiff,                      :
     v.                                             :
                               :
PEPPER HAMILTON LLP, et al.,                        :
                               :
              Defendants.                     :
                               :

## THE FAMILY DEFENDANTS' MOTION IN LIMINE NO. 2 TO PRECLUDE THE USE OF "PONZI SCHEME," "PYRAMID SCHEME" AND SIMILAR TERMS

For the reasons set forth in the accompanying memorandum, defendants Robert L. Bast, Pamela Bashore Gagné, the Brennan Trusts and W. Roderick Gagné as Trustee of the Brennan Trusts (the "Family defendants") respectfully move this Court to enter an Order in the form attached hereto granting the Family defendants' Motion In Limine No. 2 to Preclude the Use of "Ponzi Scheme," "Pyramid Scheme" and Similar Terms in describing or referring to the business or activities of Student Finance Corporation.

ECKERT SEAMANS CHERIN & MELLOTT, LLC

Dated: October 2, 2007

KAREN LEE TURNER (No. 4332)
300 Delaware Avenue, Suite 1210
Wilmington, DE 19801
Telephone: (302) 425-0430
Fax:     (302) 425-0432
E-mail: kturner@eckertseamans.com

Neil G. Epstein
Carol L. Press
Charles F. Forer
Eckert Seamans Cherin & Mellott, LLC
Two Liberty Place
50 South 16th Street, 22nd Floor
Philadelphia, PA 19102
Telephone: (215) 851-8400
Fax:    (215) 851-8383

Attorneys for Defendants Robert L. Bast, Pamela
Bashore Gagné, the Brennan Trusts and W.
Roderick Gagné, as Trustee of the Brennan Trusts

M0612460

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

In re:                                          :
STUDENT FINANCE CORPORATION,                    :
                    Debtor.  :
_____    :    CIVIL ACTION No. 04-1551 (JJF)
                                :
CHARLES A. STANZIALE, JR.,                       :
CHAPTER 7 TRUSTEE OF STUDENT                     :
FINANCE CORPORATION,                            :
                                :
                Plaintiff,        :
     v.                                    :
                                :
PEPPER HAMILTON LLP, et al.,                     :
                                :
                Defendants.       :
_____    :

## MEMORANDUM OF LAW IN SUPPORT OF THE FAMILY DEFENDANTS' MOTION IN LIMINE NO. 2 TO PRECLUDE THE USE OF "PONZI SCHEME," "PYRAMID SCHEME" AND SIMILAR TERMS

Dated: October 2, 2007

KAREN LEE TURNER (No. 4332)
Eckert Seamans Cherin & Mellott, LLC
300 Delaware Avenue, Suite 1210
Wilmington, DE 19801
Telephone: (302) 425-0430
Fax:     (302) 425-0431
E-mail:   kturner@eckertseamans.com

Neil G. Epstein
Carol L. Press
Charles F. Forer
Eckert Seamans Cherin & Mellott, LLC
Two Liberty Place
50 South 16th Street, 22nd Floor
Philadelphia, PA 19102
Telephone: (215) 851-8400
Fax:    (215) 851-8383

Attorneys for Defendants Robert L. Bast,
Pamela Bashore Gagné, the Brennan Trusts
and W. Roderick Gagné, as Trustee of the
Brennan Trusts

## I.    INTRODUCTION.

It has long been recognized that a "Ponzi scheme" is a "fraudulent investment scheme in which money contributed by later investors generates artificially high dividends for the original investors, whose example attracts even larger investments." *Official Committee of Unsecured Creditors v. R.F. Lafferty and Co.,* 267 F.3d 340 (3d Cir. 2001) (*citing* Black's Law Dictionary 7th ed. 1999). Claiming that someone has engaged in a Ponzi scheme is akin to accusing that person of participating in a criminal swindle that involves robbing Peter to pay Paul.

The Family defendants anticipate that the Trustee and his counsel will attempt to label the business and activities of Student Finance Corporation ("SFC") as a "Ponzi scheme" or "pyramid scheme" and suggest that SFC's purported scheme is somehow related to the Trustee's existing claims against the Family defendants, which it is not. The mere use of these terms, which have such strong negative connotations, could well inflame the jury and create a risk that a distracted jury could decide this case on improper and highly prejudicial suggestions. This Court therefore should preclude the Trustee from using "Ponzi scheme," "pyramid scheme" and similar terms at trial.

## II.    ARGUMENT.

### A.    Proof of a Ponzi Scheme is Not Relevant to the Trustee's Claims Against the Family Defendants.

There is no legitimate reason for the Trustee to use the highly inflammatory "Ponzi scheme" label, since the unresolved issue as to whether SFC was operated as a Ponzi scheme has nothing whatsoever to do with the Trustee's case against the Family defendants. As a result of this Court's December 22, 2005 Order and Memorandum, which granted in part the Family defendants' Motion to Dismiss, only two Counts of the Trustee's First Amended Complaint ("FAC") remain against the Family defendants: (1) Count VII, which alleges one claimed

fraudulent conveyance – a stock transfer by Yao to certain Family defendants – and seeks to avoid only that transaction; and (2) Count XI, which seeks to avoid, as alleged preferences under Section 547 of the Bankruptcy Code, specifically identified payments totaling $4,229,093 of interest, fees and principal on debentures and loans that SFC made to the Family defendants within one year preceding the Filing Date.[1]  Whether or not SFC was operated as a Ponzi scheme has no relevance to these claims.

In a letter to the Court dated August 14, 2007, opposing the Family defendants' request to file a motion for summary judgment, counsel for the Trustee sought to rely on a Ponzi scheme accusation; the Trustee's counsel stated that the Trustee could prove his fraudulent conveyance claim against the Family defendants by relying on the proposition that "the existence of a fraudulent scheme in the nature of a Ponzi scheme is, in and of itself, sufficient to establish an inference of fraudulent intent."[2]  Even if the Trustee could present evidence that SFC was operated as a Ponzi scheme, that evidence would not be material to the Trustee's fraudulent conveyance claim against the Family defendant because the Trustee's fraudulent conveyance claim is based solely on the allegation that Yao – not SFC – had the requisite fraudulent intent.

The Trustee's reliance on *Liebersohn v. Campus Crusade for Christ, Inc.* (*In re C.F. Foods, L.P.*), 280 B.R. 103, 111 (Bankr. E.D. Pa. 2002), is misplaced.  In *Liebersohn*, the Court held that when a debtor engaged in a Ponzi scheme makes allegedly fraudulent transfers to present investors, fraudulent intent may be inferred because, by definition, investors at the end of the line will lose their money.  Here, even if the Trustee could come forward with evidence that SFC was operated as a Ponzi scheme, the reasoning of *C.F. Foods* would apply only to transfers

---

[1]    The Trustee has asserted new claims of damages in a Rule 26(a)(1)(C) Disclosure Statement filed July 10, 2007.  The Family defendants have moved to strike the improper damage claims, which motion is pending.

[2]    A copy of the Trustee's counsel's August 14, 2007 letter to the Court is attached as Exhibit "A."

made by the debtor, SFC, not to transfers made by a third party. As this Court has already held, however, the allegedly fraudulent transfer of the GP stock to the Family defendants was a ***"transfer of Yao's property, not the property of the debtor, SFC."*** *Stanziale v. Pepper Hamilton, LLP (In re Student Finance Corp.),* 335 B.R. 539, 553 (D. Del. 2005) (emphasis added).

### B. References at Trial to a "Ponzi Scheme" would be Unfair and Prejudicial to the Family Defendants.

It is expected that the Trustee will contend at trial that SFC was operated as a "Ponzi scheme" and that somehow, in some way that purported fact is relevant to or supports the Trustee's claims against the Family defendants. To the contrary, the Trustee's contention is totally irrelevant to his existing claims. Consequently, the issue before the Court is whether this highly inflammatory term and related terms properly should be permitted where the existence of a Ponzi scheme is irrelevant to the claims presented and where there is a strong possibility that the use of the term could taint and prejudice the Family defendants. Indeed, the Trustee's use of the term "Ponzi scheme" might be viewed as nothing less than an improper attempt to prove his case by resorting to prejudicial, misleading and distracting accusations or suggestions. Even if the issue of whether SFC was operated as a Ponzi scheme was relevant to the Trustee's remaining claims against the Family defendants, which it is not, there would be little probative value in using the term and a substantial danger of unfair prejudice, confusion of the issues and misleading the jury. These are the very risks that Rule 403 of the Federal Rules of Evidence was specifically designed to prevent.

## III. CONCLUSION.

The parties, witnesses and counsel all should be precluded from describing or referring to the business operations or activities of SFC as a "Ponzi scheme," a "pyramid scheme" or a similar inflammatory term.

Respectfully submitted,

ECKERT SEAMANS CHERIN & MELLOTT, LLC

Dated: October 2, 2007

KAREN LEE TURNER (No. 4332)
300 Delaware Avenue, Suite 1210
Wilmington, DE  19801
Telephone:  (302) 425-0430
Fax:          (302) 425-0431
E-mail:      kturner@eckertseamans.com

Neil G. Epstein
Carol L. Press
Charles F. Forer
Eckert Seamans Cherin & Mellott, LLC
Two Liberty Place
50 South 16th Street, 22nd Floor
Philadelphia, PA 19102
Telephone:  (215) 851-8400
Fax:      (215) 851-8383

Attorneys for Defendants Robert L. Bast,
Pamela Bashore Gagné, the Brennan Trusts
and W. Roderick Gagné, as Trustee of the
Brennan Trusts

M0612191

11

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2007, I electronically filed the Family Defendants' Notice of Motion, Proposed Order, Motion In Limine No. 2 to Preclude the Use of "Ponzi Scheme," "Pyramid Scheme" and Similar Terms, and Memorandum of Law in Support of Motion In Limine No. 2 to Preclude the Use of "Ponzi Scheme," "Pyramid Scheme" and Similar Terms with the Clerk of Court using CM/ECF, which will send notification of such filings to the following, and that I also caused a true and correct copy of the foregoing filings to be sent via e-mail and United States first class regular mail postage prepaid:

William H. Sudell, Jr., Esquire
Donna L. Culver, Esquire
Joanna F. Newdock, Esquire
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
Email:wsudell@mnat.com
*Counsel for Pepper Hamilton LLP and
W. Roderick Gagné*

John H. Eickemeyer, Esquire
Marie A. Tieri, Esquire
Vedder, Price, Kaufman & Kammholz, P.C.
1633 Broadway, 47th Floor
New York, NY 10019
Email: jeickemeyer@vedderprice.com
      mtieri@vedderprice.com
*Counsel for Freed Maxick & Battaglia,
CPAs, PC*

Elizabeth K. Ainslie, Esquire
Nicholas J. LePore, III, Esquire
Bruce P. Merenstein, Esquire
Stephen J. Shapiro, Esquire
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103
Email: eainslie@schnader.com
      sshapiro@schnader.com
      nlepore@schnader.com
      bmerenstein@schnader.com
*Counsel for Pepper Hamilton LLP and
W. Roderick Gagné*

David E. Wilks, Esquire
Reed Smith, LLP
1201 North Market Street, Suite 1500
Wilmington, DE 19801
Email: dwilks@reedsmith.com
*Counsel for Freed Maxick & Battaglia,
CPAs, PC*

Tiffany Geyer Lydon, Esquire
Philip Trainer, Jr., Esquire
Carolyn Shelly Hake, Esquire
Ashby & Geddes
222 Delaware Avenue
P. O. Box 1150
Wilmington, DE  19899
Email:  tlydon@ashby-geddes.com
       ptrainer@ashby-geddes.com
*Counsel for Royal Indemnity Company*

John I. Grossbart, Esquire
Alan S. Gilbert, Esquire
Sonnenschein Nath & Rosenthal LLP
8000 Sears Tower
233 S. Wacker Drive
Chicago, IL  60606
Email:  jgrossbart@sonnenschein.com
      agilbert@sonnenschein.com
*Counsel for Royal Indemnity Company*

John W. Shaw, Esquire
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE  19899-0391
Email:  jshaw@ycst.com
*Counsel for McGladrey & Pullen LLP*

Christopher M. Winter, Esquire
Duane Morris LLP
1100 North Market Street, Suite 1200
Wilmington, DE  19801
Email:  cmwinter@duanemorris.com
*Counsel for Freed Maxick & Battaglia,
CPAs, PC; McGladrey & Pullen LLP
and Michael Aquino*

Veronica E. Rendon, Esquire
Richard P. Swanson, Esquire
Jason M. Butler, Esquire
Arnold & Porter LLP
399 Park Avenue
New York, NY  10022
Email:  veronica_rendon@aporter.com
      richard.swanson@aporter.com
      jason_butler@aporter.com
*Counsel for McGladrey & Pullen LLP
and Michael Aquino*

Charlene M. Davis, Esquire
Ashley B. Stitzer, Esquire
Mary E. Augustine, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
P. O. Box 25130
Wilmington, DE  19899
Email:  cdavis@bayardfirm.com
      astitzer@bayardfirm.com
      maugustine@bayardfirm.com
*Counsel for Charles A. Stanziale, Jr.,
Chapter 7 Trustee of Student Finance
Corporation*

Steven M. Farina, Esquire
Thomas H.L. Selby, Esquire
Williams & Connolly LLP
725 12th Street, N.W.
Washington, DC 20005
Email: sfarina@wc.com
       tselby@wc.com
*Counsel for McGladrey & Pullen LLP*

Charles A. Gilman, Esquire
David G. Montone, Esquire
David G. Januszewski, Esquire
M. Justin Lubeley, Esquire
Cahill Gordon & Reindel LLP
80 Pine Street
New York, NY 10005
Email: cgilman@cahill.com
       dmontone@cahill.com
       djanuszewski@cahill.com
       jlubeley@cahill.com
*Counsel for Pepper Hamilton LLP*

Michael S. Waters, Esquire
Lois H. Goodman, Esquire
Jeffrey T. Testa, Esquire
Donald Crecca, Esquire
John P. Dwyer, Esquire
McElroy, Deutsch, Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ 07102
Email: lgoodman@mdmc-law.com
       mwaters@mdmc-law.com
       dcrecca@mdmc-law.com
       jtesta@mdmc-law.com
       jdwyer@mdmc-law.com
*Counsel for Charles A. Stanziale, Jr.,*
*Chapter 7 Trustee of Student Finance*
*Corporation*

Andre G. Castaybert, Esquire
Ronald Rauchberg, Esquire
Steven Obus, Esquire
Proskauer Rose LLP
1585 Broadway
New York, NY 10035
Email: acastaybert@proskauer.com
       rrauchberg@proskauer.com
       sobus@proskauer.com
*Counsel for MBIA*

KAREN LEE TURNER

M0611680.DOC