IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WELLS FARGO BANK N.A. f/k/a WELLS FARGO BANK MINNESOTA, N.A. as TRUSTEE OF SFC GRANTOR TRUST, SERIES 2000-1, SFC GRANTOR TRUST, SERIES 2000-2, SFC GRANTOR TRUST SERIES 2000-3, SFC GRANTOR TRUST SERIES 2000-4, SFC GRANTOR TRUST SERIES 2001-1, SFC GRANTOR TRUST SERIES 2001-2, SFC, SFC OWNER TRUST 2001-I, AND SFC GRANTOR TRUST, SERIES 2001-3 | ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiff/Counterclaim Defendant, | ) ) ) | C.A. No. 02-1294-JJF |
| vs. | ) ) | |
| ROYAL INDEMNITY COMPANY, | ) ) ) | |
| Defendant/Counterclaim Plaintiff. | ) ) | |
| ROYAL INDEMNITY COMPANY, | ) ) ) | |
| Third-Party Plaintiff, | ) ) | C.A. No. 02-1294-JJF |
| vs. | ) ) ) | |
| STUDENT LOAN SERVICING, LLC, et al., | ) ) ) | |
| Third-Party Defendants. | ) ) ) | |
| CHARLES A. STANZIALE, JR., Ch. 7 Trustee of Student Finance Corporation, | ) ) ) ) | |
| Plaintiff, | ) ) ) | C.A. No. 04-1551-JJF |
| vs. | ) ) | |
| PEPPER HAMILTON LLP, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

# [PROPOSED] JOINT PRETRIAL ORDER[1]

**Counsel for Royal Indemnity Company**
**(Defendant / Counterclaim Plaintiff)**

Philip Trainer, Jr. (I.D. #2788)
Tiffany Geyer Lydon (I.D. #3950)
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888

Michael Barr
Sonnenschein Nath & Rosenthal LLP
1221 Avenue of the Americas
New York, New York 10020-1089
(212) 768-6700

John Grossbart
Steve Merouse
Sonnenschein Nath & Rosenthal LLP
233 S. Wacker Drive
7800 Sears Tower
Chicago, Illinois 60606
(312) 876-8000

Kenneth J. Pfaehler
Sonnenschein Nath & Rosenthal LLP
1301 K. Street, N.W.
Suite 600, East Tower
Washington, D.C. 20005
(202) 408-6399

**Counsel for Wells Fargo Bank**
**(Counterclaim Defendant)**

Melanie Sharp (I.D. #2501)
John W. Shaw (I.D. # 3362)
Dawn M. Jones (I.D. #4270)
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600

Ronald S. Rauchberg
Steven E. Obus
André Castaybert
Proskauer Rose LLP
1585 Broadway
New York, New York 10036
(212) 969-3000

---

[1] By joining this Joint Pretrial Order, neither Wells Fargo nor the Family defendants waive, and expressly reserve, their right to assert that there should be two separate trials in this matter.

| **Counsel for Charles A. Stanziale Jr., Trustee (Plaintiff)** | **Counsel for Robert L. Bast, Pamela Gagne, the Brennan Trusts and W. Roderick Gagne as Trustee of the Brennan Trusts (Defendants)** |
|---|---|
| Charlene D. Davis (I.D. #2336) <br> Mary E. Augustine (I.D. #4477) <br> The Bayard Firm <br> 222 Delaware Avenue, Suite 900 <br> P.O. Box 25130 <br> Wilmington, DE  19899 <br> (302) 429-4260 | Karen Lee Turner (I.D. #4332) <br> Brya M. Keilson (I.D. # 4643) <br> Eckert Seamans Cherin & Mellott, LLC <br> 300 Delaware Avenue, Suite 1210 <br> Wilmington, Delaware 19801 <br> (302) 425-0430 |
| Michael S. Waters <br> Lois H. Goodman <br> John P. Dwyer <br> McElroy, Deutsch, Mulvaney & Carpenter, LLP <br> Three Gateway Center <br> 100 Mulberry Street <br> Newark, New Jersey  07102 <br> (973) 622-7711 | Neil G. Epstein <br> Carol L. Press <br> Charles F. Forer <br> Eckert Seamans Cherin & Mellott, LLC <br> Two Liberty Place <br> 50 South 16th Street, 22nd Floor <br> Philadelphia, PA  19102 <br> (215) 851-8400 |

# JOINT PRE-TRIAL ORDER

## TABLE OF CONTENTS

I.    NATURE OF THE ACTION AND PLEADINGS (DEL. L.R. 16.3(c)(1)). ............. 1

II.   BASIS FOR FEDERAL JURISDICTION (DEL. L. R. 16.3 (c)(2)). ....................... 4

III.  STATEMENT OF FACTS THAT ARE ADMITTED AND REQUIRE
      NO PROOF (DEL. L.R. 16.3(c)(3). ................................................................. 5

IV.   ISSUES OF FACT THAT REMAIN TO BE LITIGATED AND
      EXPECTED PROOFS (DEL. L.R. 16.3(c)(4) & (8-10)). ........................................ 5

V.    ISSUES OF LAW THAT REMAIN TO BE LITIGATED (DEL. L.R.
      16.3(c)(5)). ................................................................................................. 6

VI.   EXHIBITS (DEL. L.R. 16.3(c)(6)). ................................................................. 6

VII.  WITNESSES (DEL. L.R. 16.3(c)(7)). ............................................................. 8

VIII. DISCOVERY DESIGNATIONS (DEL. L.R. 16.3(c)(7)). .................................... 9

IX.   OPINION TESTIMONY. ............................................................................ 10

X.    MISCELLANEOUS ISSUES AND MOTIONS IN LIMINE .............................. 11

XI.   VOIR DIRE (DEL. L.R. 47.1(A)). ................................................................ 11

XII.  SETTLEMENT STATUS (DEL. L.R. 16.3(c)(12). ........................................... 11

XIII. JURY INSTRUCTIONS (DEL. L.R. 51.1) ..................................................... 12

XIV.  VERDICT FORM (DEL. L.R. 51.1 (C)) ........................................................ 12

XV.   OTHER MATTERS (DEL. L.R. 16.4(D)(13) .................................................. 12

XVI.  JURORS ................................................................................................. 14

XVII. PRETRIAL ORDER TO CONTROL FUTURE PROCEEDINGS (DEL.
      L.R. (16.4(d)(4)). ....................................................................................... 15

On October 3, 2007, counsel for Plaintiff / Counterclaim plaintiff Royal Indemnity Company ("Royal"), Plaintiff Charles A. Stanziale, Jr., Trustee ("Trustee"), Defendants Robert L. Bast ("Bast"), Pamela Gagne, the Brennan Trusts and W. Roderick Gagne as trustee of the Brennan Trusts (collectively the "Family Defendants"), and Counterclaim defendant Wells Fargo Bank, as Trustee ("Wells Fargo") attended a pre-trial conference before this Court.  Third-Party Defendants Andrew Yao ("Yao"), Student Loan Servicing LLC ("SLS"), SFC Acceptance II LLC, SFC Acceptance III LLC, SFC Acceptance IV LLC, SFC Acceptance V LLC, SFC Acceptance VI LLC, SFC Acceptance VII LLC, SFC Acceptance VIII LLC, SFC Acceptance IX LLC, SFC Financial I LLC, and SFC Financial II LLC (the SFC Acceptance and Financial entities hereinafter collectively referred to as the "SFC Entities") did not attend through counsel or otherwise.  Having now conducted that conference, the Court hereby orders the following matters as to this action:

**I.    NATURE OF THE ACTION AND PLEADINGS (DEL. L.R. 16.3(c)(1)).**
   <u>**02-1294**</u>

1.    On July 17, 2002, MBIA Insurance Corporation ("MBIA") and Wells Fargo filed a complaint against Royal alleging that Royal had breached its payment obligations under eight credit risk insurance policies as to which Wells Fargo, in its role as Trustee in eight Student Finance Corporation ("SFC") securitizations, was the beneficiary.  (D.I. 1.)

2.    On April 28, 2003, Royal filed a three count Counterclaim against Wells Fargo.  (D.I. 80.)

3.    On April 28, 2003, Royal also filed third-party claims alleging equitable fraud, negligent and fraudulent misrepresentation, and breach of contract against Yao, SLS and the SFC SFC Entities.  (*Id.*)

4.  On June 23, 2003, Yao filed an Answer to Royal's third-party claims denying the material allegations of Royal's third-party complaint and asserting certain affirmative defenses. (D.I. 133.)

5.  On September 30, 2003, the Court granted summary judgment in favor of MBIA and Wells Fargo and held Royal was obligated to pay on its credit risk insurance policies. (D.I. 149, 150.)

6.  On October 23, 2003, the Court dismissed Counts I and II of Royal's Counterclaim against Wells. (D.I. 157.)

7.  On October 3, 2005, the Third Circuit affirmed this Court's declaration that Royal was obligated to pay on its credit risk insurance policies, but remanded for further determinations regarding the extent of Royal's coverage obligations and amounts due under the policies. Thereafter, those claims were settled. (D.I. 383.) Royal's counterclaims against Wells Fargo were not encompassed by that settlement.

8.  On May 3, 2005, both SLS (D.I. 183) and the SFC Entities (D.I. 182) filed Answers and Affirmative Defenses denying the material allegations of Royal's third-party complaint and asserting certain affirmative defenses.

9.  On June 22, 2005, Royal amended Count III of its Counterclaim against Wells Fargo alleging that Wells Fargo breached certain provisions contained in eight substantively identical Pooling and Servicing Agreements under which Royal claimed to be a third-party beneficiary. (D.I. 219.)

10. On March 20, 2006, Wells Fargo filed its Answer to Count III of Royal's Counterclaim, denying the material allegations of Royal's Counterclaim and asserting certain affirmative defenses.

11. On September 14, 2007, Wells Fargo moved for summary judgment on Royal's remaining Counterclaim. (D.I. 475.) On Monday, October 1, 2007, Royal filed its motion for summary judgment and its opposition to Wells Fargo's motion. (D.I. 511, 512.)

**04-1551**

12. On November 1, 2004, the Trustee filed a Complaint in the United States Bankruptcy Court for the District of Delaware (Adversary No. 04-56423 D.I. 1), alleging various claims against former defendants Pepper Hamilton LLC and W. Roderick Gagné, in his capacity as an attorney practicing at Pepper Hamilton, and alleging claims of deepening insolvency (Count II), civil conspiracy (Count VI), fraudulent conveyance (Count VII), turnover of estate property (Count VIII) and preference (Count XI) against the Family defendants. On December 10, 2004, the former defendants moved to withdraw the reference. (D.I. 18.) That motion was joined by the Family Defendants (D.I. 19) and granted on January 7, 2005. (D.I. 51.)

13. On December 22, 2005, the Court granted in part the Family Defendants' motion to dismiss (D.I. 70) and dismissed Counts II, VI and VIII of the Complaint. The Court's Order and Memorandum Opinion left remaining two Counts against the Family Defendants: Count VII, fraudulent conveyance, and Count XI, preference.

14. On January 23, 2006, the Trustee filed its First Amended Complaint, which did not add any Counts against the Family defendants.

15. On February 6, 2006, the Family Defendants (D.I. 77) answered the Trustee's First Amended Complaint, denied the material allegations of the Trustee's First Amended Complaint and asserted certain affirmative defenses.

16. On May 4, 2007, the Trustee sought leave to file its Second Amended Complaint. (D.I. 225.) Pepper and Gagne have opposed the motion. (D.I. 237.)

17. On August 28, 2007, the Family defendants filed a Motion to Strike the Trustee's Improper Damages Claims. (D.I. 317.) On September 17, 2007, the Trustee filed his opposition to the Motion. (D.I. 333.) On September 27, 2007, the Family defendants filed a reply and the Motion is pending.

18. On September 28, 2007, the Family defendants moved for Summary Judgment. (D.I. 353, 354.) The Trustee's response is due October 5, 2007.

## II.    BASIS FOR FEDERAL JURISDICTION (DEL. L. R. 16.3 (c)(2)).

### 02-1294

19. Counterclaim plaintiff Royal is a Delaware corporation having its principal place of business in Charlotte, North Carolina.

20. Counterclaim defendant Wells Fargo is a Minnesota National Banking Association having its principal place of business in Minneapolis, Minnesota.

21. The amount in controversy between Royal and Wells Fargo exceeds $75,000.

22. This Court has subject matter jurisdiction over the Counterclaim pursuant to the provisions of 28 U.S.C. § 1332. Neither Royal nor Wells Fargo disputes personal jurisdiction or venue.

23. Third-Party Defendant Yao is an individual who resides in Pennsylvania. Third-Party Defendants SLS and the SFC Entities are each residents of Delaware as Delaware Domestic Limited Liability Companies. The Court has subject matter jurisdiction over Royal's Third-Party Complaint pursuant to the provisions of 28 U.S.C. § 1367 and applicable principles of pendent, ancillary and supplemental jurisdiction. None of Yao, SLS, or the SFC Entities have disputed personal jurisdiction or venue.

**04-1551**

24.     The Trustee's action against the Family Defendants is brought pursuant to 28 U.S.C. § 1334 and § 157(b), and §§ 547, 550 and 551 of Title 11 of the United States Bankruptcy Code, and pursuant to Federal Rule of Bankruptcy Procedure 7001 to, *inter alia*, avoid transfers and to recover the transfers for the benefit of the bankruptcy estate.  None of the Trustee or the Family defendants dispute personal jurisdiction or venue.

**III.     STATEMENT OF FACTS THAT ARE ADMITTED AND REQUIRE NO PROOF (DEL. L.R. 16.3(c)(3).**

25.     The parties to 02-1294 admit the facts and the authenticity of documents stated in Exhibit 1A.

26.     The parties to 04-1551 admit the facts and the authenticity of documents stated in Exhibit 1B.

**IV.     ISSUES OF FACT THAT REMAIN TO BE LITIGATED AND EXPECTED PROOFS (DEL. L.R. 16.3(c)(4) & (8-10)).**

27.     Royal's statement of issues of fact that remain to be litigated is attached as Exhibit 2.

28.     Royal's statement of what it intends to prove in support of it claims, including the details of its claimed damages, is attached as Exhibit 3.

29.     The Trustee's statement of issues of fact that remain to be litigated is attached as Exhibit 4.

30.     The Trustee's statement of what it intends to prove in support of it claims, including the details of its claimed damages, is attached as Exhibit 5.

31.     Wells Fargo's statement of issues of fact that remain to be litigated is attached as Exhibit 6.

32. Wells Fargo's statement of what it intends to prove in defense of Royal's claims is attached as Exhibit 7.

33. The Family defendants' statement of issues of fact that remain to be litigated is attached as Exhibit 8.

34. The Family defendants' statement of what they intend to prove in support of their defenses is attached as Exhibit 9.

**V.    ISSUES OF LAW THAT REMAIN TO BE LITIGATED (DEL. L.R. 16.3(c)(5)).**

35. Royal's statement of issues of law that remain to be litigated is attached as Exhibit 10.

36. The Trustee's statement of issues of law that remain to be litigated is attached as Exhibit 11

37. Wells Fargo's statement of issues of law that remain to be litigated is attached as Exhibit 12.

38. The Family defendants statement of issues of law that remain to be litigated is attached as Exhibit 13.

**VI.    EXHIBITS (DEL. L.R. 16.3(c)(6)).**

39. Royal's and the Trustee's list of pre-marked exhibits to be offered at trial, and Wells Fargo's objections thereto, is attached hereto as Exhibit 14A.  Royal and the Trustee have each separately identified exhibits they believe will most likely be used in support of their specific claims.  The Trustee's list of exhibits to be used in support of its claims, and the Family defendants objections thereto, is attached hereto as Exhibit 14B.

40. Wells Fargo's list of pre-marked exhibits to be offered at trial, and Royal's objections thereto, is attached hereto as Exhibit 15.

41. The Family defendants' list of pre-marked exhibits to be offered at trial, and the Trustee's objections thereto, is attached hereto as Exhibit 16.

42. Any exhibit identified in any party's exhibit list that is not objected to is deemed to be admissible, except that relevance and F.R.E. 403 objections are preserved. The parties will meet and confer in a further effort to refine and shorten these exhibit lists and to resolve objections without the Court's intervention.

43. Where possible, exhibits utilized at trial will be denominated with the same exhibit number as that used during depositions. These lists include the exhibit number to be used at trial and a description sufficient to identify the exhibit, *i.e.*, by deposition exhibit number or, if not so marked, by production number or citation. These lists may include exhibits and potential rebuttal exhibits that may not necessarily be introduced into evidence. In its direct case, a party may offer any exhibit appearing on any party's exhibit list.

44. With respect to demonstrative exhibits, including those demonstrative exhibits any party plans to use during the first two days of trial, the parties shall exchange color representations of final demonstrative exhibits and physical exhibits to be used at trial, labeled with the exhibit or demonstrative number, by 7:00 p.m. [[two or three]] nights before the demonstrative is planned to be used, *i.e.*, if a party plans to use a demonstrative on Thursday the party must exchange the demonstrative by 7:00 p.m. on [[Tuesday or Monday]]. The [[two-day or three-day]] time period may be shortened by the Court for good cause shown. This paragraph shall not apply to demonstrative exhibits created during a witness' testimony at trial, which nothing in this Order precludes. Exchange of large boards is not required, and these demonstrative exhibits may be exchanged on 8.5" x 11" paper.

45. The parties stipulate that a duplicate of any document or photograph may be marked for identification and, if otherwise admissible, offered and received into evidence with the same force and effect as the original, subject to any and all objections as could be made to the original, and on condition that the original of any such duplicate, if within the custody or control of a party, be made available for inspection at the trial upon reasonable notice.

46. Any document or deposition or portion thereof, not specifically identified herein or offered into evidence, may still be used at trial for purposes of cross-examination, impeachment, or rehabilitation.

## VII.    WITNESSES (DEL. L.R. 16.3(c)(7)).

47. Royal's and the Trustee's list of witnesses, and whether those witnesses will be called live at trial or by deposition, is attached hereto as Exhibit 17.

48. Wells Fargo's list of witnesses, and whether those witnesses will be called live at trial or by deposition, is attached hereto as Exhibit 18.

49. Royal's objections to Wells Fargo's list of witnesses is attached hereto as Exhibit 18A.

50. The Family defendants' list of witnesses, and whether those witnesses will be called live at trial or by deposition, is attached hereto as Exhibit 19.

51. The Family defendants' objections to the Trustee's list of witnesses is attached hereto as Exhibit 19A.

52. No party shall be required to present testimony from any witness on its witness list.

53. Each party will provide the other party with a list, in order of anticipated presentation, of witnesses whom it intends to call on direct examination by 7:00 p.m. three nights before those witnesses are intended to testify in court (designating whether each is live or by deposition),

including those witnesses whom any party intends to call during the first two days of trial. The parties shall promptly notify all counsel of any changes to this daily list.

**VIII.    DISCOVERY DESIGNATIONS (DEL. L.R. 16.3(c)(7)).**

54.    Royal's / Wells list of deposition designations, objections thereto, counter-designations, and objections thereto, is attached hereto as Exhibit 20.

55.    The Trustee's list of deposition designations, objections thereto, counter-designations, and objections thereto, is attached hereto as Exhibit 21

56.    The Family defendants' list of deposition designations, objections thereto, counter-designations, and objections thereto, is attached hereto as Exhibit 22.

57.    The parties will continue to meet and confer in an effort to refine and shorten these lists and to resolve objections and counter-designations without the Court's intervention.

58.    Unless otherwise agreed during trial, each party will provide the other party a list of final deposition designations (from the previously designated testimony) that it intends to introduce by 7:00 p.m. two nights before the designations are intended to be presented in Court, including those designations that any party intends to introduce during the first two days of trial. New deposition designations may not be added without good cause. The other party will provide revised counter-designations and objections by 1:00 p.m. the day before the designations are intended to be presented in Court. Reply designations, if any, will be provided by 7:00 p.m. the evening before the designations are intended to be presented in Court. The parties will meet and confer in person or by telephone on any objections by 8:30 p.m. the evening before the designations are intended to be presented in Court so that all unresolved issues can be addressed by the Court the morning of the proposed use of disputed testimony. Once confirmed, the deposition designations may not change absent good cause, although the proponent of the deposition testimony is not obligated to present

9

testimony. The same procedure shall apply to the use of videotaped deposition designations at trial. The parties will continue to meet and confer to address the practicalities of the final steps of meeting and conferring and ultimately resolving any disputes with respect to particular videotaped designations and how to incorporate the final changes into the trial presentation.

59. To the extent reasonably practical, the manner of using counter-designations at trial shall be in the same manner (video versus read deposition transcripts) as that used for the designation sought to be rebutted, such that all designations, counter-designations, and cross-designations will be played or read to the jury, as the case may be, as one consecutive segment in the order the testimony appears in the transcript. If a party offers video testimony, that party shall be responsible, to the extent reasonably practical, for including video portions of counter-designated testimony that is designated as described in this section. If a party does not offer video testimony, that party need not offer video of the other party's counter-designations, but if the opposing party wishes to offer video testimony of any such witness, it may do so, so long as all designations and counter- or cross-designations are also included.

## IX.  OPINION TESTIMONY.

60. Royal's and the Trustee's expert witnesses are listed in the attached witness list (Exhibit 17) and are designated by an "*". The anticipated subject matter of each expert's testimony is set forth in the expert reports and the depositions of the expert witnesses.

61. Wells Fargo's expert witnesses are listed in the attached witness list (Exhibit 18) and are designated by an "*". The anticipated subject matter of each expert's testimony is set forth in the expert reports and the depositions of the expert witnesses.

62. The Family defendants' expert witnesses are listed in the attached witness list (Exhibit 19) and are designated by an "*". The anticipated subject matter of each expert's testimony is set forth in the expert reports and the depositions of the expert witnesses.

## X.    MISCELLANEOUS ISSUES AND MOTIONS IN LIMINE

63. A list and brief discussion of miscellaneous issues and motions in limine that Royal wishes to address at the pretrial conference is set forth in Exhibit 23.

64. A list and brief discussion of miscellaneous issues and motions in limine that the Trustee wishes to address at the pretrial conference is set forth in Exhibit 24.

65. A list and brief discussion of miscellaneous issues and motions in limine that the Wells Fargo wishes to address at the pretrial conference is set forth in Exhibit 25.

66. A list and brief discussion of miscellaneous issues and motions in limine that the Family defendants wishes to address at the pretrial conference is set forth in Exhibit 26.

## XI.    VOIR DIRE (DEL. L.R. 47.1(A)) (Case No. 04-1551 only)

67. The parties proposed voir dire will be filed separately.

## XII.    AMENDMENTS TO PLEADINGS (DEL. L.R. 16.3(c)(11)

68. The Trustee seeks to amend the First Amended Complaint by adding the following:

278a. The Trustee seeks a return of all money and items of value obtained by the Family Defendants directly or indirectly from SFC, including those obtained from Yao. This includes but is not limited to $4,293,179.40 million in payments within one year of the filing date, together with the value of other transfers that are identified in discovery, interest, costs and attorneys' fees.

278b. The SFC payments the Trustee seeks to have returned include $6,932,000 paid to the Family Defendants to redeem worthless stock in SFC, when SFC was insolvent and operated as a fraudulent endeavor and $1,018,500 paid to the Family Defendants in interest and fees that were above market and without value.

69. If an amendment to the First Amended Complaint is to be considered by the Court, the

11

Family defendants request that the Trustee be required to file a Motion for Leave to File an Amended Complaint, which includes the requisite averments for the cause of action the Trustee seeks to add. If such a motion is filed, the Family defendants reserve the right to oppose that motion on any applicable grounds, including failure to state a claim upon which relief may be granted and that any such cause of action asserted by the Trustee is barred by the applicable statute of limitations.

### XIII. SETTLEMENT STATUS (DEL. L.R. 16.3(c)(12))

70. The parties attempted but have been unable to reach any agreement that would resolve these matters.

### XIV. JURY INSTRUCTIONS (DEL. L.R. 51.1) (Case No. 04-1551 only)

71. The parties' proposed Jury Instructions will be filed separately. The parties will work to narrow any disputes with respect to particular instructions before the pretrial conference. Where there is a dispute as to an instruction, the parties will provide their objections and authority to the Court at the pretrial conference or as directed otherwise (i.e. at a separately scheduled pretrial conference) by the Court.

### XV. VERDICT FORM (DEL. L.R. 51.1 (C)) (Case No. 04-1551 only)

72. The parties proposed Verdict Forms will be filed separately.

### XVI. OTHER MATTERS (DEL. L.R. 16.4(D)(13))

73. Discovery is complete with the exception of the following:

    (a) Royal will move to compel the production of a Wells Fargo Corporate Trust procedures manual.

    (b) Wells Fargo has moved to compel the deposition of John Garvey (Case No. 02-1294 D.I. 472) and Royal has filed its opposition to that motion (Case No. D.I.

12

497). Wells Fargo has filed its reply in support of that motion. (Case No. D.I. 510.)

(c) Royal will seek to take the depositions of certain witnesses on Wells Fargo's witness list that were not previously deposed.

(d) If the Family defendants pending motions are not granted, the Family defendants will seek to take the depositions of certain witnesses listed on the Trustee's witness lists and other witnesses.

### A.    Handling of Confidential Information at Trial

74.    The parties' request that trial be open to the public and not sealed unless a party requests that a particularly sensitive portion be sealed and not open. If a party makes such a request, subject to the Court's approval, and for good cause shown, the courtroom should be cleared of those individuals not qualified under the March 15, 2006 Order For The Protection Of Confidential Information entered in this case, except that each party may designate one representative who may remain in the courtroom throughout the entirety of trial. Each party must notify the opposing party of the identity of this representative before trial.

75.    Counsel for the parties shall redact personal data identifiers contained in any document that they intend to introduce as an exhibit at trial, whether or not such document has previously been designated confidential. Such personal data identifiers are social security numbers, dates of birth, financial account numbers and names of minor children.

76.    Transcripts of any sealed testimony, and exhibits entered while the courtroom is sealed, shall remain under seal until thirty (30) days after the conclusion of the trial. Prior to that time, the parties may designate, by page and line designations, the portions of the transcript they seek to have filed under seal and the exhibits they seek to have placed under seal, subject to the Court's

approval. Counsel for the parties shall be responsible for supplying the envelopes and labels necessary for any materials placed under seal.

### B. Exclusion of Witnesses

77. The parties request pursuant to F.R.E. 615 that the Court prevent fact witnesses from hearing the testimony of other witnesses or otherwise having that testimony summarized or shown to them. The parties further request that the attorneys for a party be enjoined from discussing any witnesses' testimony or expected interrogation during the period after that witness has been sworn up to being excused by the Court. This rule shall not apply to expert witnesses, individual parties or one designated representative of a corporate party or trust.

### C. Set-up of Electronic and Computer Devices

78. The parties request that the Court grant access to the courtroom on the day before trial for purposes of setting up electronic and computer devices.

## XVII. JURORS (Case No. 04-1551 only)

79. The jury will consist of eight (8) jurors, all of whom shall deliberate if still able to do so by the time of deliberations, provided that there shall be a minimum of six (6) jurors who deliberate and render a verdict.

80. The parties agree that the jurors be permitted to take handwritten notes during the presentations of the parties and that jurors be permitted to bring these notebooks and handwritten notes into the deliberation room. The parties further propose that the jurors be instructed not to share the notebooks with each other (though they can discuss the contents of their notes) and that the notebooks be collected and destroyed after the verdict without review.

## XVIII. PRETRIAL ORDER TO CONTROL FUTURE PROCEEDINGS (DEL. L.R. (16.4(d)(4)).

81. This Order shall control the subsequent course of the action, unless modified by the Court to prevent manifest injustice.

ASHBY & GEDDES

/s/ Tiffany Geyer Lydon
_____
Philip Trainer, Jr. (I.D. # 2788)
Tiffany Geyer Lydon (I.D. # 3950)
500 Delaware Avenue, 8th Floor
Wilmington, Delaware 19899
(302) 654-1888

*Attorneys for Defendant / Counterclaim Plaintiff Royal Indemnity Company*

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Melanie Sharp
_____
Melanie Sharp (I.D. #2501)
John W. Shaw (I.D. # 3362)
Dawn M. Jones (I.D. #4270)
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600

*Attorneys for Counterclaim Defendant Wells Fargo Bank*

THE BAYARD FIRM

/s/ Charlene D. Davis
_____
Charlene D. Davis (I.D. #2336)
Mary E. Augustine (I.D. #4477)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
(302) 429-4260

*Attorneys for Plaintiff Charles A. Stanziale Jr., Trustee*

ECKERT SEAMANS CHERIN & MELLOTT, LLC

/s/ Karen Lee Turner
_____
Karen Lee Turner (I.D. #4332)
Brya M. Keilson (I.D. # 4643)
300 Delaware Avenue, Suite 1210
Wilmington, Delaware 19801
(302) 425-0430

*Attorneys for Defendants Robert L. Bast, Pamela Gagne, the Brennan Trusts and W. Roderick Gagne as Trustee of the Brennan Trusts*

Dated: October 2, 2007

**SO ORDERED:**

Date:_____

_____
United States District Judge

Chi/12299834
184672.1