# EXHIBIT 21

# EXHIBIT 21

**Deposition Designations for Trustee's Witnesses**
**Not Expected to Appear in Person[1]**

| DEPONENT AND DATE | WITNESS DESIGNATION | OBJECTION | COUNTER DESIGNATION[2,3] | OBJECTION[4] |
|---|---|---|---|---|
| Gary Camp 4/30/2007 | 9:8-9:10 | | | |
| | 24:17-25:15 | | | |
| | 26:11-26:15 | | | |
| | 29:21-30:16 | R | 28:2-29:20 | |
| | 37:22-38:21 | SP R | | |
| | 45:2-45:19 | | | |
| | 46:9-46:19 | | | |
| | 47:18-47:24 | | | |
| | 48:18-49:1 | | | |
| | 52:18-52:24 | CO | | |
| | 53:5-54:1 | R | | |
| | 54:19-55:12 | R | | |
| | 55:16-56:2 | R | | |
| | 56:9-56:12 | R LE CO | 56:16-17, 56:19, 56:21-57:8 | |
| Gary Camp 4/30/2007 | 177:14-177:16 | CO | | |
| | 177:23-179:1 | FP | | |
| | 181:2-181:19 | FP | 182:16-22, 183:4-11, 324:4-13, 324:15-16, 345:3-4, 345:12-15 | |
| | 233:22-234:1 | | | |
| | 236;25-237:2 | CO | | |
| | 237:11-239:16 | R | | |
| | 240:10-240:19 | R | 243:18-19, 243:24-244:5 | |
| | 241:12-241:20 | R SP | 333:3-6, 333:8-13, 333:15- | |

[1] The Family defendants reserve their right to make additions or changes to these objections and counter-designations.

[2] The Family defendants' counter-designations do not repeat the Family defendants' designations.

[3] When there is an objection, counter-designations will apply only if the objection is overruled.

[4] The parties have agreed that the Trustee is deemed to have objected to all counter-designations on this Exhibit, and a revised Exhibit with specific objections will be submitted.

| DEPONENT AND DATE | WITNESS DESIGNATION | OBJECTION | COUNTER DESIGNATION[2,3] | OBJECTION[4] |
|---|---|---|---|---|
| | | | 334:18 | |
| | 247:11-249:8 | R | | |
| | 250:3-250:19 | R | | |
| | 291:25-292:13 | | | |
| | 292:23-293:11 | | | |
| Joseph Domal 4/17/2007 | 7:23-25 | | | |
| | 8:5-10:11 | | | |
| | 11:7-21 | | | |
| | 12:18-22 | | | |
| | 28:7-29:2 | R SP FP LE | 232:2-233:13, 233:15-234:4, 234:6-234:12, 234:14-17, 234:22-235:11, 238:1-6, 238:8-13, 238:15-18, 238:20-239:3, 239:5 | |
| | 30:5-17 | R SP FP LE | Same as above | |
| | 31:12-25 | R SP FP LE | Same as above | |
| | 32:12-21 | R SP FP LE | Same as above | |
| | 33:8-12 | R SP FP LE | Same as above | |
| Gary Hawthorne 4/25/2007 | 33:22-25 | CO R FP | 32:14-23, 33:11-21, 34:1-2, 34:4-5 | |
| | 34:10-12 | R FP | | |
| | 35:22-24 | R CO | 36:1 | |
| | 36:3-18 | R FP | | |
| | 38:24-39:5 | R FP | 39:17-19, 39:21, 39:23-25, 40:2-3 | |
| | 50:18-51:1 | R LE | | |
| | 51:21-52:1 | R | 52:6-12, 52:14, 52:16-17 | |
| | 107:22-108:1 | R LE | | |
| | 168:7-169:15 | R | 167:16-168:6 | |
| | 176:8-21 | R | | |
| | 177:23-178:1 | R | | |
| | 183:12-18 | R LE CO | | |
| | 184:7-17 | R | 184:18-25, 185:3-4 | |
| | 194:23-24 | R | | |

| DEPONENT AND DATE | WITNESS DESIGNATION | OBJECTION | COUNTER DESIGNATION[2,3] | OBJECTION[4] |
|---|---|---|---|---|
| | 196:9-13 | R | | |
| | 200:24-201:1 | R | | |
| | 201:23-202:14 | R FP | 200:3-5, 200:22-23 | |
| | 202:21-203:2 | R FP LE | 200:3-5, 200:22-23 | |
| Gary Hawthorne 4/26/2007 | 259:12-16 | R FP CO LE | | |
| | 287:3-7 | R LE | | |
| | 290:20-291:9 | R LE | 292:12-14, 292:16-17, 665:16-20, 665:22, 665:24-666:1, 666:3, 666:15-666:22, 666:24-667:3, 667:5, 667:7-11 | |
| | 293:21-295:2 | CO R FP LE | | |
| | 295:9-14 | R LE FP | | |
| | 295:19-296:23 | R LE FP | | |
| | 298:1-18 | R FP LE | | |
| | 300:7-12 | R LE | | |
| | 327:10-21 | R LE FP SP | | |
| | 329:6-9 | R LE | | |
| | 330:18-331:6 | R FP LE CO | | |
| | 333:16-334:1 | R LE FP | | |
| | 338:3-18 | R | | |
| | 347:2-8 | CO R | | |
| | 349:2-23 | CO R | | |
| | 417:1-418:7 | R | 419:2-6, 419:8-16 | |
| | 422:17-423:14 | R CO LE | | |
| | 429:16-430:16 | R FP SP LE | 426:24-427:1, 427:3, 427:5-6, 430:18-431:1, 431:7, 431:9 | |
| | 445:6-22 | R CO | | |
| | 447:18-448:3 | R LE | | |
| | 453:8-12 | R LE | | |
| | 534:3-21 | R | | |
| | 560:10-17 | R | | |
| | 626:4-13 | R | | |

| DEPONENT AND DATE | WITNESS DESIGNATION | OBJECTION | COUNTER DESIGNATION[2,3] | OBJECTION[4] |
|---|---|---|---|---|
| Gary Hawthorne 4/27/2007 | 774:21-775:7 | R LE | | |
| | 1015:22-1016:1 | R | | |
| | 1064:12-1065:15 | R CUM | | |
| | 1067:13-1068:8 | R | | |
| | 1069:9-14 | R LE | | |
| | 1070:2-12 | R LE | | |
| | 1086:22-24 | R CO | | |
| Sanford S. Herrick 4/27/2007 | 7:21-8:7 | | | |
| | 8:11-27[5] | | | |
| | 10:19-21 | | | |
| | 22:25-23:6[6] | | | |
| | 82:6-83:7 | R | | |
| | 83:13-84:3 | CO LE R | | |
| | 92:7-22 | R | | |
| | 94:8-22 | LE R | | |
| | 96:2-4, 11-25 | CO | | |
| | 99:18-100:10 | LE R FP SP | | |
| | 182:7-14 | LE R | | |
| | 182:17-183:11 | FP R NR SP | | |
| | 193:21-194:3 | R | | |
| | 194:2-3, 6-12 | R | | |
| | 194:24-196:4 | FP CO LE R SP | | |
| | 226:4-230:14 | R | | |
| | 229:3-20,24 | R | | |
| | 230:15-18, 21-22 | R | | |
| | 231:3-6 | R | | |
| | 239:16-240:9 | CO R SP FP | | |
| | 241:2-11 | H CO FP R SP | 241:12-15 | |
| | 242:14-25 | R[7] | | |
| | 251: 10-28 | R FP SP | | |
| | 251:20-252:13 | R FP SP | 257:13-18, 257:20-21 | |

---

[5] The Family defendants assume this refers to 8:11-20, since there is no line 27.
[6] Answer at 23:5-6 was corrected in later testimony.
[7] The Family defendants will withdraw this objection if their two previous objections are not sustained.

| DEPONENT AND DATE | WITNESS DESIGNATION | OBJECTION | COUNTER DESIGNATION[2,3] | OBJECTION[4] |
|---|---|---|---|---|
| John Loofbourrow 1/29/2007 | 8:17-13:13 | | | |
| | 15:10-21 | | | |
| | 16:7-25 | | | |
| | 17:6-18:23 | | | |
| | 85:14-86:5 | R SP FP | | |
| John Loofbourrow 1/30/2007 | 310:6-21 | | | |
| | 312:19-313:4 | R | | |
| | 520:25-521:5 | CO | | |
| | 521:25-522:4-19 | CO R | 526:18-527:20 | |
| | 529:6-530:6 | R FP | | |
| | 530:18-531:12 | LE R | | |
| | 532:15-533:20 | FP R SP | | |
| | 535:3-10 | R | | |
| John Loofbourrow 7/31/2007 | 791:5-792:5 | R | | |
| | 821:4-12(from "But I. . .) | CO R | | |
| | 844:14-21 | R | | |
| | 845:14-846:6 | R | | |
| | 847:15-23 | CO CUM R | | |
| | 856:13-25 | LE R | | |
| | 857:5-858:14 | CO SP R | | |
| | 859:11-861:13 | SP R | | |
| | 901:15-903:4 | SP R | | |
| John Loofbourrow 2/1/2007 | 944:13-946:22 | | | |
| | 947:18-948:13 | FP SP H R | | |
| | 951:14-21 | CO R | | |
| | 955:14-25 | H R | | |
| | 963:16-964:3 | LE H R SP | | |
| | 973:3-974:4 | LE R CO | | |
| | 1153:16-19 | CO LE R | | |
| | 1155:11-1156:4 | LE SP R | | |
| | 1214:10-1215:13 | CO LE R | | |

| DEPONENT AND DATE | WITNESS DESIGNATION | OBJECTION | COUNTER DESIGNATION[2,3] | OBJECTION[4] |
|---|---|---|---|---|
| Roger Saylor 10/30/2006 | 10:11-20 | | | |
| | 11:25-12:4 | | | |
| | 14:18-20 | | | |
| | 14:24-15:2 | | | |
| | 32:6-13 | | | |
| | 35:4-8 | | | |
| | 193:2-17, 21-22 | R SP FP | | |
| | 227:10-229:12 | R SP | | |
| Roger Saylor 10/31/2007 | 271:13-16, 20 | R SP | 56:18-57:3, 57:18-58:11 | |
| | 271:13-272:22 | R SP | 56:18-57:3, 57:18-58:11 | |
| | 291:2-301:18 | R (except for portions defendants previously designated) | | |
| | 304:11-15 | R | | |
| | 306:20-307:4 | R | | |
| | 309:23-310:15 | R FP | 306:10-19 | |
| | 324:13-325:15 | R FP | 311:12-22 | |
| Roger Saylor 11/16/2007 | 601:17-602:13 | CO R | | |
| | 705:10-16 | R | | |
| | 715:18-716:16 | R | | |
| Scott Schauer 11/7/2006 | 8:6-9:18 | | | |
| | 10:13-11:9 | | | |
| | 11:15-12:7 | | | |
| | 15:20-17:23 | | | |
| | 22:4-23:5 | | | |
| | 43:12-47:2 | R SP | | |
| | 48:23-49:20 | R | | |
| | 65:11-67:3 | R | | |
| | 108:15-111:17 | R SP FP | | |
| Scott Schauer 11/18/2006 | 445:15-22 | R CO | | |

| DEPONENT AND DATE | WITNESS DESIGNATION | OBJECTION | COUNTER DESIGNATION[2,3] | OBJECTION[4] |
|---|---|---|---|---|
| | 448:5-24 | R | | |
| | 450:17-22 | R | | |
| | 452:11-453:8 | R | | |
| Scott Schauer 11/9/2006 | 639:8-11 | | | |
| | 695:4-19 | R | | |
| Konrad Smith 12/4/2006 | 6:24-7:5 | | | |
| | 7:11-13 | | | |
| | 9:1-13:22 | R FP | | |
| | 14:1-5 | R | 56:4-11 | |
| | 14:21-15:3 | R | | |
| | 15:12-25 | R H | | |
| | 16:10-11 | R CO | | |
| | 16:17-17:6 | R | | |
| | 17:9-10 | R CO | | |
| | 17:12-18:8 | R | | |
| | 18:16-19:24 | R | | |
| | 20:5-7 | R | | |
| | 20:11-16 | R | | |
| | 20:18-22:4 | R H | | |
| | 25:11-16 | R | | |
| | 25:21-26:15 | R H | | |
| | 56:12-21 | R | 56:4-11, 57:9-11 | |
| | 62:21-25 | R | | |
| | 63:10-19 | R H | | |

M0612243.DOC

EXHIBIT 22

# EXHIBIT 22

<u>Family Defendants' List of Deposition Designations</u>[1]

*In response to Family Defendants' deposition designations and counter-designations, the Trustee hereby counter-designates the following portions of deposition transcript as those it may use at trial. By making these designations, the Trustee does not waive, and expressly reserves, all objections to the Family Defendants' witnesses and the relevance and admissibility of the Family Defendants' deposition designations and other evidence. The Trustee also does not concede that the Family Defendants have the right to designate the testimony of any witnesses within the subpoena power of the Court who can be produced as a live witness at trial.*

| DEPONENT AND DATE | DESIGNATION (page:line) | OBJEC-TION | COUNTER DESIGNATIONS | OBJEC-TION |
|---|---|---|---|---|
| WILLIAM ANDREW BARBEE 10/23/2006 | 6:17-21 | | | |
| | 16:22-20:3 | | | |
| | 20:6 | | | |
| | 20:10-21 | | | |
| | 22:25-23:14 | | | |
| | 23:16-17 | | | |
| | 23:19-23 | | | |
| | 24:2-7 | | | |
| | 24:25-25:1 | | | |
| | 25:3 (from "I mean") -7 | | | |
| | 294:1-4 | | | |
| | 294:6-15 | | | |
| | 294:17 | | | |
| | 294:19-24 | | | |
| | 295:1 (from "I don't') -2 | | | |
| | 295:4-7 | | | |
| | 295:9 (from "I don't') -10 | | | |
| | 295:12-16 | | | |
| | 295:18 (from "I do not') -19 | | | |
| | 295-21-25 | | | |
| | 296:6 | | | |
| | 296:8 (from "Not") | | | |
| WILLIAM ANDREW BARBEE 10/24/2006 | 319:22 (from "Other") -320:1 | | | |
| | 320:3 (from "Not") -7 | | | |
| | 320:9-12 | | | |
| | 320:14 (from "I have) | | | |

---

[1] Subject to revision and adding cross-designations after receiving the Trustee's revised designations

| WILLIAM **ANDREW** **BARBEE** 11/03/2006 | 723:6 (from "Now') -10 | | | |
|---|---|---|---|---|
| | 723:12 (from "I don't") - 15 | | | |
| | 723:17-21 | | | |

2

| DEPONENT AND DATE | DESIGNATION (page:line) | OBJEC-TION | COUNTER DESIGNATIONS | OBJEC-TION |
|---|---|---|---|---|
| | 723:23 ("No") | | | |
| GUY DISIMPLICO 11/15/2006 | 9:22-25 | | | |
| | 13:2-9 | | | |
| | 19:18-22:14 | | | |
| | 25:19-27:8 | | | |
| | 31:7-33:11 | | | |
| | 34:19-36:8 | | | |
| | 37:17 | | | |
| | 37:19-38:17 | | | |
| | 38:19-39:3 | | | |
| | 39:5-7 | | | |
| | 40:10-19 | | | |
| | 41:5-42:16 | | | |
| | 92:12-15 | | | |
| | 92:18-24 | | | |
| | 93:3-8 | | | |
| | 93:10-11 | | | |
| | 134:7-12 | | | |
| JOSEPH DOMAL 4/17/2007 | 7:23 – 25 | | | |
| | 8:5 – 14 | | 8:14-10:11 | |
| | 11:7 – 12:22 | | | |
| DENNIS HALTERMAN 10/18/2006 | 15:19 – 21 | | | |
| | 23:4 -16 | | | |
| | 26:19 – 23 | | | |
| | 27:8 –15 | | | |
| | 219:12 - 220:7 | | 220:8-21 | R |
| | 237:5 – 7 | | 237:11-14 | |
| | 237:15 –17 | | | |
| | 239:9 – 22 | | | |
| | 245:6 (from "For") - 12 | | | |
| | 247:3 –12 | | | |
| DENNIS HALTERMAN 10/19/2006 | 385:22 - 23 (to "327-2") | | | |
| | 386:13 (from "327-2") - 388:22 | | | |
| | 389:14 - 390:15 | | | |
| | 392:22 - 25 | | | |
| | 393:5 - 394:12 | | | |

| DEPONENT AND DATE | DESIGNATION (page:line) | OBJEC-TION | COUNTER DESIGNATIONS | OBJEC-TION |
|---|---|---|---|---|
| | 394:17 – 25 | | | |
| | 395:7 - 14 | | | |
| | 396:22 - 397:25 | SP | | |
| | 398:9 - 398:16 | CUM | | |
| | 400:12 - 403:18 | | | |
| | 403:20 | | | |
| | 404:2 - 405:10 | | | |
| | 405:15 - 407:17 | R | | |
| | 408:1 - 409:19 | | | |
| | 410:11 - 411:13 | R | | |
| | 411:18 (through "360-2") | | | |
| | 412:1 - 413:18 | R | | |
| | 414:22 - 417:10 | R | | |
| | 418:14 - 420:25 | R | | |
| | 423:20 - 425:5 | R | | |
| | 425:10 - 426:9 | R | | |
| | 426:18 - 25 | | | |
| | 427:5 - 428:17 | R | | |
| | 431:19 - 433:4 | R | | |
| | 433:16 - 22 | R | | |
| | 434:18 - 435:12 | R | | |
| | 437:24 - 439:1 | R | | |
| | 442:15 - 20 | | | |
| | 445:10 - 446:16 | R | | |
| | 447:6 (from "To") - 448:9 | R | | |
| | 448:14 - 449:14 | R | | |
| | 450:5 - 451:17 | R | | |
| | 451:20 - 452:11 | R | | |
| | 453:23 - 455:9 | R | | |
| | 463:4 - 464:10 | SP/FP | | |
| | 464:12 | SP/FP | | |
| | 464:14 –15 | SP/FP | | |
| | 464:17 -18 | SP/FP | | |
| | 467:1 - 8 | R | | |
| | 468:2 - 23 | R | | |
| | 613:11 - 614:18 | R | | |
| GARY HAWTHORNE 4/25/2007 | 5:5 - 5:7 | | | |
| | 17:16 - 17:18 | | | |
| | 18:2 - 18:5 | | | |
| | 18:8 - 18:16 | | | |
| | 19:7 - 19:8 | | | |
| | 19:10 | | | |

4

| DEPONENT AND DATE | DESIGNATION (page:line) | OBJEC-TION | COUNTER DESIGNATIONS | OBJEC-TION |
|---|---|---|---|---|
| | 19:22 - 20:3 | | | |
| | 20:17 - 20:20 | | | |
| | 20:24 - 21:12 | | | |
| | 22:5 - 22:12 | | | |
| | 22:17 - 22:23 | | | |
| | 23:7 - 23:10 | | | |
| | 27:4 - 27:5 | | | |
| | 27:13 - 27:16 | | | |
| | 27:24 - 28:5 | | | |
| | 28:10 - 28:18 | | | |
| **GARY HAWTHORNE** 4/26/2007 | 410:12 - 411:3 | LE/SP | | |
| | 414:23 - 414:24 | | | |
| | 415:2 - 415:3 | | | |
| | 427:16 - 428:1 | | | |
| | 428:22 - 429:15 | | 429:16-430-16 | R FP SP LE BC [2] |
| **GARY HAWTHORNE** 4/27/2007 | 971:2 - 20 | LE | | |
| | 972:1 – 20 | LE | | |
| | 972:22 | LE | | |
| | 972:24 - 973:22 | LE | | |
| | 973:25 - 974:3 | LE | | |
| | 974:5 | LE/FP | | |
| | 974:7 - 8 | FP | | |
| | 974:10 | FP | | |
| | 974:12 - 15 | SP/FP | | |
| | 974:17 | SP/FP | | |
| | 979:21 - 980:16 | R/NR | | |
| **SANFORD HERRICK** 4/27/2007 | 1:3 -5 | | | |
| | 5:20 – 6:21 | | | |
| | 7:2 –17 | | | |
| | 7:21 – 8:20 | | | |
| | 9:7 - 12 | | | |
| | 10:19 – 11:13 | | 11:14-11:17 | |
| | 12:3 – 6 | R | 11:18-12:2 | |
| | 14:21 – 15:11 | R | 15:2-15:21 | |
| | 45:23 (From "I'm")– 46:21 | R | 45:7-45:18 | |
| | 57:10 – 22 | R | | |
| | 134:13 – 23 | | | |
| | 135:6 - 17 | R | | |
| | 136:11 – 137:19 | R | 137:20-137:24 | |

[2] Beyond the scope and not responsive to the designation; not a proper counter-designation.

| DEPONENT AND DATE | DESIGNATION (page:line) | OBJEC-TION | COUNTER DESIGNATIONS | OBJEC-TION[?] |
|---|---|---|---|---|
| | 137:25 – 140:24 | R | 23:2-23:6 | co |
| | 141:14 –144:4 | R | | |
| | 144:19 – 148:13 | R | | |
| | 149:14 – 150:22 | R | | |
| | 151:9 – 25 | R | | |
| | 152:18 – 154:23 | R | | |
| | 154:25 – 155:18 | R | 155:19-156:15 | |
| | 156:16 – 21 | R | | |
| | 157:5(from "In") – 7 | R | | |
| | 157:10 –12 [4] | R | | |
| | 157:13 | R | | |
| | 157:15 – 158:23 | SP/R | | |
| | 159:5 – 9 | R | | |
| | 159:11 – 12 | R | 159:13-159:17 | |
| | 161:9 – 162:10 | R | | |
| | 210:2 – 4 | | | |
| | 223:3 –16 | R | 223:17-224:10 | |
| | 224:11 – 18 | R | | |
| | 224:20 – 226:3 | R | 226:4-230:14 | R [5] |
| **JOHN LOOFBOURROW** 1/29/2007 | 8:6-9, 11-12 | | | |
| | 8:17-9:8 | | | |
| | 10:13-20 (through "world") | | | |
| | 10:25-11:25 | | | |
| | 14:18-15:6 | | | |
| | 16:3-9, 18-25 | | | |
| | 17:6-15 | | | |
| | 18:21-19:5 | | | |
| | 31:12-21 | R | | |
| | 37:25-38:6 | R | | |
| | 47:22-48:2 (through "Yeah.") | R | | |
| | 48:14-49:10 | R | | |
| | 50:4-9 | R | | |
| | 51:3-52:11 | R/SP | | |
| | 52:19-54:5 | R | | |
| | 61:23-62:15 | R | | |
| | 67:21-69:5 | R | | |
| | 111:14-112:5 | R | | |
| | 112:10-20 | R/FP | | |
| | 112:25-113:8 | R/FP | | |

[3] Answer was corrected in later testimony.

[4] This designation should read 157:10-13.

[5] The Family Defendants counter-designate 230:15-18, 21-22, if their objection is not sustained.

| DEPONENT AND DATE | DESIGNATION (page:line) | OBJEC-TION | COUNTER DESIGNATIONS | OBJEC-TION |
|---|---|---|---|---|
| **JOHN LOOFBOURROW** 1/31/2007 | 724:11-726:14 | | | |
| | 726:23-727:19 | R | | |
| | 728:3-10 | R | | |
| | 729:4-16 | R/SP | | |
| | 729:18-730:8 | SP | | |
| | 730:10-14 | SP | | |
| | 730:16-22 | SP | | |
| | 730:25 (from "I believe")-731:13 | SP | | |
| | 731:22-732:6 | SP | | |
| | 732:15-16 | SP | | |
| | 732:18-734:12 | R | | |
| | 734:21-24 | H/SP | | |
| | 735:2-736:8 | H/SP | | |
| | 736:20-737:11 | R | | |
| | 737:20-738:21 | R | | |
| | 739:15-22 | R | | |
| | 741:14-22 | R | | |
| | 742:9-21 | R | | |
| | 742:23-743:13 | R/FP | | |
| | 743:15-748:8 | R/FP | | |
| | 749:4-12 | R/SP | | |
| | 749:23-750-8 | R/SP | | |
| | 750:10-752:5 | R/SP | | |
| | 752:17-20 | R/SP | | |
| | 752:22-753:5 | R/SP | | |
| | 753:7-754:12 | R/SP | | |
| | 754:14-24 | R/SP | | |
| | 756:13-17 | R | | |
| | 757:15-23 | R | | |
| | 760:25-761:10 | R | | |
| | 761:21-24 | R/SP | | |
| | 762:2-3 | R/SP | | |
| | 765:11-766:15 | R | | |
| | 767:4-19 | R/SP | | |
| | 768:8-769:18 | R | | |
| | 769:25-770:22 | R | | |
| | 771:22-774:4 | R/SP | | |
| | 775:8 (from "I'm showing") -776:12 | R | | |
| | 779:3-780:5 | R | | |
| | 782:9-24 | R | | |

| DEPONENT AND DATE | DESIGNATION (page:line) | OBJEC-TION | COUNTER DESIGNATIONS | OBJEC-TION |
|---|---|---|---|---|
| | 783:2-4, 6 | R/SP | | |
| ROGER SAYLOR 10/30/2006 | 9:21 - 22 | | | |
| | 10:2 – 4 | | | |
| | 10:7 –8 | | 10:11-20 | |
| | 11:25 - 12:4 | | | |
| | 13:6 - 18 | | | |
| | 14:18 – 20 | | 14:24-15:2 | |
| | 15:15 –18 | | 14:24-15:2 | |
| | 25:19 - 26:10 | | | |
| | 27:25 - 30:20 | | 32:6-13 | |
| | 35:9 - 35:19 | | 35:4-8 | |
| | 36:13 - 18 | | | |
| | 36:24 - 37:13 | | | |
| | 37:20 - 24 | | | |
| | 40:14-18 | | | |
| | 41:13 - 42:5 | | | |
| ROGER SAYLOR 10/31/2006 | 294:5 –10 | | 291:12-301:18, 304:11-15 | R [6] |
| | 295:7 –12 | | 291:12-301:18, 304:11-15 | R [6] |
| | 296:9 –17 | | 291:12-301:18, 304:11-15 | R [6] |
| | 297:2 –17 | | 291:12-301:18, 304:11-15 | R [6] |
| | 300:22 - 302:15 | | 291:12-301:18, 304:11-15 | R [6] |
| | 302:17 - 303:7 | | 291:12-301:18, 304:11-15 | R [6] |
| | 303:12 - 13 | | 291:12-301:18, 304:11-15 | R [6] |
| | 303:17 –25 | | 291:12-301:18, 304:11-15 | R [6] |
| | 320:11 - 21 | | | |
| | 321:15 –18 | SP | | |
| ROGER SAYLOR 1/16/2007 | 493:13 –19 | SP | | |
| | 499:20 - 500:4 | LE | | |
| | 704:9 - 705:9 | | 705:10-16, 707:16-16 | |
| | 713:17 – 22 | | 705:10-16, 707:16-16 | |
| | 713:24 - 714:7 | LE/SP | | |
| | 714:9 - 13 | LE/SP | | |
| | 714:15 | | | |
| SCOTT SCHAUER 11/7/2006 | 7:10 -13 | | | |
| | 8:6 – 9:18 | | | |
| | 12:15 - 20 | | | |
| | 13:14 -18 | | | |
| | 14:4 - 18:9 | | | |
| | 19:22 - 21:5 | | | |
| | 22:4 -12 | | | |

[6]    Except for portions that the Family defendants have designated.

| DEPONENT AND DATE | DESIGNATION (page:line) | OBJEC-TION | COUNTER DESIGNATIONS | OBJEC-TION |
|---|---|---|---|---|
| | 26:24 - 27:17 | | | |
| | 69:15 -18 | | | |
| | 69:20 - 70:16 | R/SP | | |
| | 70:18 | R/SP | | |
| | 73:9 – 76:4 | R/SP | | |
| | 93:14 – 94:9 | | | |
| | 113:13 - 114:4 | | | |
| | 188:4 - 15 | SP | | |
| | 188:7 -14 | SP | | |
| | 199-18 - 23 | | | |
| SCOTT SCHAUER 11/9/2006 | 602:16 - 606:9 | R | | |
| | 606:13 - 608:2 | R | | |
| | 608:4 - 609:2 | R | | |
| | 609:4 – 7 | R/SP | | |
| | 609:9 –11 | R/SP | | |
| | 609:13 – 610:2 | R/SP | | |
| | 611:20 – 24 | R/SP | | |
| | 612:2 - 8 | R/SP | | |
| | 612:10 - 614:11 | R/SP | | |
| | 614:13 - 15 | CO/R | | |
| | 614:17 –18 | R/FP/SP | | |
| | 614:25 - 615:20 | R/FP/SP | | |
| | 616:6 - 619:16 | R/FP/SP | | |
| | 619:18 – 620:2 (to    1") | R/SP | | |
| | 620:9 – 24 | R | | |
| | 621:2 - 622:9 | R | | |
| | 622:13 - 623:2 | R | | |
| | 623:4 - 6 | R | | |
| | 623:13 - 624:6 | R | | |
| | 624:17 - 24 | R/SP/MS | | |
| | 625:2 - 12 | R/SP | | |
| | 625:14 - 18 | R/SP | | |
| | 625:20 | R/SP | | |
| | 627:7 –11 | R | | |
| | 627:24 - 628:2 | R | | |
| | 628:6 - 13 | R | | |
| | 628:17 | R | | |
| | 628:19 – 22 | R | | |
| | 629:7 - 22 | R/SP | | |
| | 629:24 - 630:2 | R/SP | | |
| | 630:4 -19 | R | | |
| | 630:22 - 23 | R | | |
| | 631:7 -17 | R | | |

9

| DEPONENT AND DATE | DESIGNATION (page:line) | OBJEC-TION | COUNTER DESIGNATIONS | OBJEC-TION |
|---|---|---|---|---|
| | 631:20 - 632:4 | R | | |
| | 632:9 -10 (to "515 I) | R | | |
| | 632:16 - 635:10 | R/FP | | |
| | 635:12 - 24 | R/FP | | |
| | 636:23 - 637:5 | R/SP | | |
| | 637:7 | R/SP | | |
| | 639:12 –15 | R | | |
| | 639:20 - 640:19 | R | | |
| | 641:14 - 642:9 | R | | |
| | 642:11 – 15 | R | | |
| | 642:17 - 643:13 | R | | |
| | 643:15 - 644:20 | R/SP | | |
| | 644:22 - 645:20 | R | | |
| | 645:25 - 646:24 | R/SP | | |
| | 647:2 – 7 | R/SP | | |
| | 649:25 - 650:4 | R | | |
| | 650:9 - 651:15 | R/SP | | |
| | 652:2 - 653:24 | R | | |
| | 654:1 | R | | |
| | 654:21 - 655:6 | R/SP | | |
| | 655:8 - 655:19 | R | | |
| | 657:19 - 23 | R | | |
| | 658:3 - 660:12 (to "521 I") | R/FP | | |
| | 660:18 - 661:19 | R/FP | | |
| | 61:21 – 24 | R/SP | | |
| | 843:21 - 844:5 | R/FP/SP | | |

# EXHIBIT 23

**Exhibit 23**

**In Limine Motions and Matters Royal Wishes to Address at the Pre-Trial Conference**

     **1.  Motion in limine  to exclude evidence regarding Royal's due diligence in connection with the SFC transactions**.  As a matter of black-letter Pennsylvania law, Wells cannot raise Royal's alleged negligence as a defense to this breach of contract action.

     **2.  Motion in limine to exclude evidence regarding the conduct of SFC's Attorneys and Accountants**.  Wells cannot attempt pass off its contractual liability onto the accountants and lawyers who allegedly  participated in the fraud against Royal.  Wells was contractually obligated to protect Royal from precisely the conduct to which Royal fell victim.

     **3.  Motion in limine to exclude evidence regarding Royal's alleged violation of Delaware Insurance Code Section 909**.  Whether Royal violated Delaware Insurance Code Section 909 is irrelevant to any issue in this breach of contract action.  In addition, Wells lacks standing to make this contention.  Moreover, the Delaware Insurance Department, which closely monitored Royal at all relevant times, never viewed Royal's conduct in connection with the SFC securitizations as a violation of this statute.

     **4.  Motion in limine to exclude Royal's internal employee performance evaluations**.  This Court already has stated that personnel evaluations are not proper evidence, and they have no bearing on any issue, claim, or defense in this contract action.

     **5.  Motion in limine to exclude evidence regarding "other" transactions conducted by Royal's Financial Enhancements Unit**.  The soundness of other transactions underwritten by Royal's FEU -- transactions that did not involve Wells or SFC in any way -- is irrelevant to whether Wells breached its contractual obligations to Royal in connection with the SFC securitizations.

     Each of Royal's five motions *in limine* address evidence that, if admitted, will necessitate a significant and very lengthy detour from the simple breach of contract case that otherwise would be tried.

     **6.  Motion to Strike Wells' supplement to its witness list adding witnesses, or in the alternative for leave to take their depositions and the depositions of Michael Reeslund and Rick Potter.**  Wells has belatedly added five witnesses to its ever-growing trial witness list (now at 56 witnesses) -- Robert Blake, Todd Hampton, David Heitzman, Peter Klein and Judith Schweikart -- none of whom were identified by Wells in its Rule 26(a) disclosures.  Royal was precluded from deposing these witnesses during the discovery period.  Royal immediately requested depositions of

these witnesses, as well as two other undeposed witnesses who were added at the same time. Wells has refused (whereas Royal immediately made Mr. Strobach, whom Wells contends should be stricken as a late addition, available to be deposed).

In addition to failing to disclose Hampton and Klein in its Rule 26(a) disclosures, Wells never identified these witnesses in its answers to Royal's interrogatories.

Mr. Heitzman, a former Wells employee, should be stricken because Wells submitted a misleading interrogatory answer about him, stating that it did not know his address. Wells' witnesses testified they did not know Mr. Heitzman had a role with respect to Wells' work on SFC.

Blake and Schweikart are employees or agents of MBIA which, although no longer a party to this action, is represented by the same counsel as Wells.  During the discovery period Royal served MBIA with a Rule 30(b)(6) deposition subpoena. MBIA did not object yet nonetheless failed to produce a witness for deposition. Wells' counsel refused to produce the witness or show up for that deposition.  Having actively blocked the deposition during the discovery period, and continuing to refuse to make Blake and Schweikart available for deposition now, Wells may not seek to call MBIA witnesses at trial.

Accordingly, Royal requests the Court to preclude Wells from calling at trial Robert Blake, Todd Hampton, David Heitzman, Peter Klein and Judith Schweikart.  In the alternative, Royal requests that Wells be compelled to make these witnesses available for deposition before trial.  Royal also asks the Court to order the depositions of Michael Reeslund and Rick Potter, neither of whom were identified on Wells' Rule 26(a) disclosures or previously deposed, for depositions prior to trial.

**7.  Opposition to motion to preclude expert testimony of Daniel Reser and motion to preclude expert testimony of Robert Lazenby if Mr. Reser is precluded.**  Wells has moved to preclude the testimony of Royal's expert witness Daniel Reser. Royal has opposed that motion and believes it is inappropriate. Although Wells contends that Mr. Reser is offering legal conclusions, in fact he opines only on custom and practice in the corporate trust industry.  Wells' proffered expert Robert Lazenby, by contrast, has no experience in that industry and, more significantly, his opinions are based solely on his personal, legal interpretation of the PSA provisions.  Mr. Lazenby is in no position to offer admissible evidence about the interpretation of the PSAs, since he has no knowledge of the negotiation of the transactions and Mr. Lazenby's testimony is not relevant to the contracting parties' understanding of the PSAs' terms.  In no event should Mr. Lazenby be permitted to testify if Mr. Reser is precluded.  Accordingly, Royal is opposing Wells' motion to disqualify Mr. Reser but in the alternative moving, pursuant to FRE 702 and 703, to exclude the proposed trial testimony by Mr. Lazenby in its entirety.

**8.  Motion to compel deposition of Charles Lundelius.**  Royal moves to compel the deposition of Charles Lundelius, an expert previously designated by Pepper Hamilton to testify about damages.  Wells did not disclose Mr. Lundelius in its expert disclosures or in its initial pre-trial order witness list provided to Royal. He was belatedly added to Wells' witness list last week and Wells has not responded to a request for his deposition.  Absent a deposition, Mr. Lundelius' testimony should be precluded.

EXHIBIT 24

## **EXHIBIT 24**

### **The Trustee's Statement of Miscellaneous Issues**

The Trustee seeks to amend the complaint to include two paragraphs described in the body of the pretrial order. A proposed revised pleading will be submitted. The first paragraph incorporates the language of the Trustee's answers to interrogatories, in which the scope of the Trustee's claims was made clear to the Family Defendants early in discovery and before depositions. The second paragraph describes the claims that were stated in answers to contention interrogatories at the end of fact discovery.

The claims described in the amendment are based on proofs which, in any event, will be part of this case with regard to other claims. Specifically, the evidence that the Family Defendants received above market rates is one of the elements that would be addressed in proving their insider status. They acknowledge this and have an expert witness on this subject. It also will be addressed in response to the affirmative defense of ordinary course of business. Similarly, the fact that the Family Defendants purchased and SFC redeemed its stock is an element of proof supporting the claim that the Family Defendants are insiders and in opposition to their affirmative defenses. Undisclosed related party shareholders were used by Andrew Yao to enhance SFC's appearance of credit worthiness.

Claims by the Trustee against Gagné in his capacity as a lawyer and Gagné in his capacity as a Family defendant were all asserted in the same lawsuit. The individuals who were involved in the Family Defendants transactions with SFC were Yao, Gagné and Bast. All of the evidence was developed in one enormous consolidated discovery project in which all of the witnesses were examined by numerous lawyers on these issues.

The issue of SFC's financial condition and its operation as a fraudulent scheme was the subject of numerous depositions where they were thoroughly explored.

EXHIBIT 25

**Exhibit 25**

**In Limine Motions and Matters Wells Fargo Wishes to Address**

**At the Pre-Trial Conference**

**1.    Schedule for the Remaining Briefing on Wells Fargo's Motion for Summary Judgment to Dismiss Royal's Counterclaim and Royal's Cross Motion for Summary Judgment.** Wells Fargo submitted its motion for summary judgment and Royal has now responded and cross moved for summary judgment. Wells Fargo intends to file a single reply and opposition. At the pre-trial conference Wells Fargo will request the Court's guidance regarding the remaining briefing on the summary judgment motions.

**2. Sequence of Evidence at Trial.** Wells Fargo opposes Royal's effort to combine the trials of (a) Royal's claim against Wells Fargo, to be tried to the Court, and (b) the jury trial of the SFC Bankruptcy Trustee's claims against Gagne and the Bast Family. There are no common parties and no common issues in the two cases. At most, they share some relevant general background. While the cases were consolidated for discovery purposes for the benefit of third party witnesses, Wells Fargo and the defendants in the separate action brought by the SFC Bankruptcy Trustee are concerned with the inefficiencies, waste and confusion that can result from a single consolidated trial and will seek to have the issues tried in sequence rather than together. Wells Fargo objected to Royal's efforts to have a single pre-trial order for all cases, but at Royal's insistence compromised and agreed, subject to its objection, to have a single pre-trial order with separate exhibits for each case.

**3 .    Wells Fargo's Motion to Strike Royal's Amendment Adding Michael Strobach to its Rule 26(a)(1) Disclosures and Interrogatory Responses and to Quash Any Subpoena Directed to Michael Strobach.** Wells Fargo has moved to exclude trial testimony of Michael Strobach, a former SFC employee who was never identified by Royal during discovery as a person with knowledge, and whom Royal purported to identify as a trial witness for the first time by letter on September 18, 2007, after filing its portion of the pre-trial order. Royal did not identify Mr. Strobach in its initial FRCP 26(a)(1) disclosures and refused to supplement its disclosures on August 10, 2004. Royal did not list him in response to Wells Fargo's First Set of Interrogatories, which asked that Royal identify all persons with knowledge concerning: (a) Wells Fargo's obligations as trustee under the PSAs; (b) the duties and responsibilities of the Servicer and any Sub-servicer; or (c) Royal's allegations that Wells Fargo breached the PSAs. Royal now asserts that Mr. Strobach has knowledge of SFC's MIS Department operations, forbearance payments and the tapes referred to in PSAs on which Royal is suing. But the nature and extent of Strobach's knowledge is so ill-defined as to make efficient preparation for any deposition impossible, and Royal has made no proffer for his proposed trial testimony. Accordingly, Wells Fargo requests that its motion to strike be granted and that Royal be precluded from calling this unidentified witness at trial.

**4..    Wells Fargo Bank N.A.'s Motion in Limine to Preclude Expert Testimony by Daniel Reser.** Wells Fargo moves pursuant to FRE 702 to exclude proposed trial testimony by Daniel Reser, an expert witness designated by Royal. Royal proposes to have Reser testify to his

views regarding Wells Fargo's legal duties under several provisions of the PSAs at issue in this case.  Wells Fargo believes the provisions at issue are unambiguous and can be interpreted by the court as a matter of law.  But even if there is any material ambiguity that would give rise to a triable factual dispute, Mr. Reser is in no position to offer admissible parol evidence on that subject, since he has no knowledge of the negotiation of the transactions, or the context in which those negotiations took place.  His opinion, that trustees are – like any other party to a contract – customarily responsible for complying with the terms of the contract into which they enter, is based solely on his personal legal interpretation of the PSA provisions.  This is not an adequate basis for expert testimony under FRE 702, and his testimony is not relevant to the contracting parties' understanding of the PSAs' terms.  Accordingly, Mr. Reser's proposed expert testimony should be excluded in its entirety.

**5.    Wells Fargo Bank N.A.'s Motion to Compel Deposition of John P. Garvey.**
Wells Fargo moves to compel the deposition of John Gavey, an expert previously designated as a testifying witness by Royal to advance its position as to the knowledge and fault of the accountant defendants prior to settlement being reached with them.  After having designated Mr. Garvey as a testifying expert, serving his written expert report, and agreeing to produce him for a deposition, Royal withdrew him as a testifying expert and refused to produce him on the designated deposition date.  Wells Fargo seeks his deposition to have him authenticate his report and to state its conclusions in the form of sworn testimony usable at trial.  Wells Fargo *does not* seek to inquire into or interfere with any communication between Garvey and Royal.  And, if Royal agrees to the admissibility of his report, or if the Court were to so hold, Wells Fargo would forego his deposition altogether.

**6.    Wells Fargo Bank N.A.'s Opposition to Royal's Attempt to Reopen Fact Discovery to Take Depositions of Proposed Wells Fargo Trial Witnesses Whose Names and Areas of Knowledge Were Identified by Wells Fargo in Response to Royal Interrogatories and in Discovery and Scheduling.**  In its statement of matters that Royal wishes to address at the pre-trial conference, Royal has indicated that it will seek to reopen fact discovery and take depositions of six witnesses on Wells Fargo's trial witness list.  Royal should not be permitted to reopen deposition discovery.  Each of these witnesses was disclosed by Wells Fargo to Royal as persons with knowledge:  four were disclosed in Wells Fargo's Responses and Objections to Royal's October 19, 2004 First Set of Interrogatories; three were also disclosed in Wells Fargo's Responses and Objections to Royal's Fourth Set of Interrogatories dated March 12, 2007; two were the subject of numerous scheduling emails sent by Royal during deposition discovery and listed by Wells Fargo as a potential deponent.  Royal had ample notice of the relevance of each of these witnesses and an ample opportunity to depose each and every one during deposition discovery.  Royal's request to depose them now, nearly six months after the close of fact discovery, and on the eve of or during trial, contravenes this Court's Second Amended Case Management Order No. 1.

**7.    Counsel for Wells Fargo Will Seek the Court's Guidance on Scheduling the Remaining Briefing on the Wells Fargo and Royal Motions In Limine.**  On Friday, September 28, Royal filed five motions *in limine*.  Wells Fargo intends to respond to Royal's motions promptly.  Wells Fargo will raise with the Court the need to schedule the remaining briefing on both parties' motions.

**8. Wells Fargo Objections to Royal's Witness List**:  Wells Fargo objects to every instance in which Royal wants to read its own depositions and the deposition of people within subpoena range on the ground that it should bring these individuals to the trial.

EXHIBIT 26

# EXHIBIT 26

1.      Motion in Limine No. 1 To Strike Certain Witnesses From the Trustee's Witness Lists and to Exclude Evidence Relating Only to the Trustee's and Royal's Claims Against the Settled Defendants -- The witnesses who are the subject of this Motion are Pepper Hamilton attorneys and paralegals, an employee of a trucking school SFC dealt with and purported experts whose testimony and opinions relate only to the Trustee's claims against the Pepper Hamilton defendants (including a Grant Thornton partner and employee). [To be filed separately].

2.      Motion in Limine No. 2 to Preclude to Use of "Ponzi Scheme," "Pyramid Scheme" and Similar Terms. [To be filed separately].

3.      The Family defendants may file a Motion in Limine to Exclude the Testimony of Martin J. Lieberman.

4.      The Family defendants intend to raise the position of the Family defendants and Wells Fargo that the two cases be tried separately.

MO612448