# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

October 2, 2007

**VIA ELECTRONIC FILING AND HAND DELIVERY**

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 N. King Street
Wilmington, DE 19801

    Re:    *MBIA Ins. Corp. & Wells Fargo Bank, N.A. v. Royal Indemnity Co.,*
            C.A. No. 02-1294-JJF;

            *Charles A. Stanziale, Jr., Chapter 7 Trustee of Student Finance Corporation vs. Pepper Hamilton LLP, et al.,* C.A. No. 04-1551-JJF

Dear Judge Farnan:

       We write in response to Wells Fargo's reply brief in support of its motion, originally brought by Pepper Hamilton, to compel the deposition of Royal's accounting expert, John Garvey. (D.I. 472.) Pepper's motion, adopted wholesale by Wells Fargo, argued for Mr. Garvey's deposition—though Royal had withdrawn Mr. Garvey as a testifying expert and is not calling him at trial. Royal responded to Wells Fargo's request with substantial case law confirming the futility of Wells Fargo request for Mr. Garvey's deposition. (D.I. 497.)

       Wells Fargo has now changed course. In its reply, Wells Fargo implicitly acknowledges that Mr. Garvey's deposition is legally unavailable. Instead, it focuses on Mr. Garvey's report, claiming that the only reason for his deposition is to authenticate the report, which Wells Fargo apparently then plans to use at trial in lieu of Mr. Garvey's testimony. (D.I. 510.) Wells Fargo's argument rests wholly on the specious notion that Mr. Garvey's report can be deemed an adoptive admission of Royal. In so doing, Wells Fargo's brief ignores controlling Third Circuit authority plainly holding the opposite—that expert witness testimony is by definition ***not*** considered an admission of a party:

> Because an expert witness is charged with the duty of giving *his or her* expert *opinion* regarding the matter before the court, we fail to comprehend how an expert witness, who is not an agent of the party who called him, can be authorized to make an admission for that party.

The Honorable Joseph J. Farnan, Jr.
October 2, 2007
Page 2

*Kirk v. Raymark Inds., Inc.*, 61 F.3d 147, 164 (3d Cir. 1995) (emphasis in original); *see also Pfizer, Inc. v. Ranbaxy Labs., Ltd.*, No. 03-209 JJF, 2005 WL 2296613 at *2 (Sept. 20, 2005) (holding *Kirk* applicable to exclude deposition testimony of designated expert witnesses). The holding in *Kirk*, controlling here, should end the matter and Wells Fargo's motion should be denied.

                                      Respectfully,

                                        /s/ *Tiffany Geyer Lydon*

                                        Tiffany Geyer Lydon

184685.1

cc:    Melanie Sharp, Esquire (by e-mail)
        Andre G. Castaybert, Esquire (by e-mail)
        Charlene Davis, Esquire (by e-mail)
        Michael S. Waters, Esquire (by e-mail)
        Karen Lee Turner, Esquire (by e-mail)
        Neil G. Epstein, Esquire (by e-mail)