# McElroy, Deutsch, Mulvaney & Carpenter, LLP
### ATTORNEYS AT LAW

THREE GATEWAY CENTER
100 MULBERRY STREET
NEWARK, NEW JERSEY 07102-4079
(973) 622-7711
FACSIMILE (973) 622-5314

MICHAEL S. WATERS
Direct dial: (973) 565-2011
mwaters@mdmc-law.com

October 4, 2007

Honorable Joseph J. Farnan, Jr., U.S.D.J.
United States District Court
District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Room 4124
Lockbox 27
Wilmington, DE 19801

  RE:  **Charles A. Stanziale, Jr., Chapter 7 Trustee of Student Finance Corporation vs. Pepper Hamilton LLP, et al.**
      <u>**Civil Action No. 04-1551 (JJF)**</u>

Dear Judge Farnan:

  Pursuant to the leave of Court granted at the status conference yesterday, this letter memorandum is submitted in further support of the Trustee's motion to amend the Complaint by adding two paragraphs set forth in the order.

  The Trustee's First Amended Complaint set forth a claim against the Family Defendants for recovery of fraudulent conveyance. All of the elements of a fraudulent conveyance claim were alleged, including facts incorporated by reference into that Count.

  Early in discovery and before any depositions, the Trustee gave the Family Defendants notice in Answers to Interrogatories that the Trustee was examining all of the transfers from SFC to the Family Defendants and that the Trustee's claim would extend to all such transfers disclosed in discovery. The language of that answer to interrogatory

**McElroy, Deutsch, Mulvaney & Carpenter, LLP**

Honorable Joseph J. Farnan, Jr., U.S.D.J.
October 4, 2007
Page 2

has been proposed as a paragraph in the Amended Complaint. At the end of discovery, the parties agreed to amend contention interrogatories and the contention that the large commitment fees paid to the Family Defendants were excessive, even for a corporation such as Student Finance Corporation, was added and later an expert report was presented. Similarly, the Trustee's contention that SFC's redemption of stock also constituted a fraudulent conveyance, developed in the deposition of Robert Bast, was also included in answers to contention interrogatories.

Courts give the rules respecting the allowance of amendments a liberal construction, trying where possible to see that cases are decided on their merits. McHenry v. Ford Motor Co., 269 F.2d 18 (6th Cir. 1959). Defendants have the burden of showing that the amendment is sought in bad faith, that it is futile, or that it would cause substantial prejudice, undue delay or injustice. Smith v. Chrysler Corp., 938 F.Supp. 1406, 1412 (S.D. Ind. 1996).

Courts may allow an amendment of a complaint to change the theory of the case up to and even after trial, in absence of clear showing of harm to defendant from tardy amendment. Id. At 1413. Change in theory alone is not adequate ground for denying an amendment to a complaint, unless it also causes prejudice to defendants. Koch v. Koch Industries, 127 F.R.D. 206 (D. Kan. 1989); In re Gailey, Inc., 119 B.R. 504 (W.D. Pa 1990).

Although permitting a proposed amendment to a complaint may be prejudicial if discovery already has been completed, this concern is alleviated, where, as here, the new claim arises from similar set of operative facts and similar time period as existing claims.

# McElroy, Deutsch, Mulvaney & Carpenter, LLP

Honorable Joseph J. Farnan, Jr., U.S.D.J.
October 4, 2007
Page 3

Bleiler v. Cristwood Contracting Co., Inc., 868 F.Supp 461, 463 (D. Conn. 1994) aff'd in part, rev'd on other grounds, 72 F.3d 13 (2d Cir. 1995); see also State Teachers Retirement Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981) ("Although State Teachers' amendment may result in a delay, it will not unduly prejudice the defendant. The amended claim was obviously one of the objects of discovery and related closely to the original claim…"). Leave to amend a complaint should be permitted even when predicated on a new theory wholly inconsistent with allegations of the original complaint so long as no prejudice results to the opposing party. Aalco Const. Co. v. F.H. Linneman Const. Co., 399 F.2d 516 (10th Cir. 1968).

The facts underlying these claims have always been in the case and necessarily will be part of the Trustee's proofs on insider status regarding the preference claim and in response to the Family Defendants' affirmative defenses.

The Trustee has contended that the preference period should be extended to one year prior to the date on which the Petition in Bankruptcy was filed because the Family Defendants are insiders. The facts underlying both of the claims which the Family Defendants seek to avoid as claims for relief will necessarily be put into evidence before this Court on the Trustee's claim that the Family Defendants are insiders. Specifically, one of the things for the finder of fact to consider in determining the status of the Family Defendants as insiders is whether they were able to obtain better than market terms for their loan transactions. The testimony of the Trustee's expert, Mr. Hecht, that they did obtain above market rate supports the Trustee's insider case. Similarly, conduct of the defendants which supports or furthers the operation of SFC as a fraudulent business

3

672309-1

**MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**

Honorable Joseph J. Farnan, Jr., U.S.D.J.
October 4, 2007
Page 4

endeavor, is also evidence that they were insiders. Mr. Bast's testimony at his deposition shows that he understood the purpose of the Family Defendants making an equity investment instead of a loan and how Mr. Yao planned to use that in making SFC appear more credit worthy to lenders.

The Family Defendants have asserted an affirmative defense on which they have the burden to show that the payments that they received were payments received in the ordinary course of business. The testimony of Mr. Hecht that the payments were at above market rate is evidence that they were not in the ordinary course of business. Similarly, the Family Defendants buying stock and having it redeemed in a fashion used by Mr. Yao to further the fraudulent endeavor of SFC is not in the ordinary course of business. The Defendants may not avail themselves of that defense where the business of the company involves fraudulent activity.

These issues have been the subject of extensive discovery. The Defendants' argument that there is a need for further discovery is just a device to avoid confronting as a prayer for relief the claims that will have to confront anyway as part of plaintiff's case.

There are almost no fact issues that arise with respect to the redemption of the stock in SFC by the Family. The purchase of this stock was documented by Mr. Gagné and the payments received by the Family Defendants are not in dispute. Defendants contend that there is an issue as to whether SFC was insolvent and SFC's operation as a fraudulent endeavor or Ponzi scheme. But they have been core subjects of all discovery in this case, none of which has to be repeated.

**McElroy, Deutsch , Mulvaney & Carpenter, LLP**

Honorable Joseph J. Farnan, Jr., U.S.D.J.
October 4, 2007
Page 5

    Defendants claim that they have a statute of limitations defense. The Pennsylvania Uniform Fraudulent Transfer Act covers transactions back to November 1, 2000. The Trustee contends that the redemptions of stock is effective on the completion in January 2001. That is a legal argument to be presented to the Court. If the Trustee is successful, all of the redemptions are covered. If the Trustee is not successful, the statute of limitations defense bars recovery of redemptions prior to November 1, 2000. This requires no further discovery; it can be resolved by this Court.

    Similarly, claims that the fees paid to the Family Defendants are above market require no further discovery. Fees that were paid to the Family Defendants will be in the record. The Family Defendants have been preparing to address that argument because of its relation to their insider status. Accordingly, it will be resolved on the jury's consideration of two experts, one of whom says that the fees were above market and the other who says that they were not. No further discovery is necessary, because the discovery to try this issue has been conducted by the parties because the issue is to be resolved at trial. If the fees are above market, they are not only evidence of insider status but they are also a fraudulent conveyance and they should be returned to the estate.

    For all these reasons, the Trustee respectfully requests that he be allowed to proceed on the Amended Complaint a copy of which is submitted with this letter as

672309-1

## MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

Honorable Joseph J. Farnan, Jr., U.S.D.J.
October 4, 2007
Page 6

Exhibit A. A redlined copy is submitted as Exhibit B.

Respectfully submitted,

McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

Michael S. Waters

MSW:cb