EXHIBIT
GAGNE
1281-I
2-28-07

803822

THE INTERESTS EVIDENCED BY THIS AGREEMENT HAVE NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED, OR CERTAIN STATE SECURITIES LAWS. INTERESTS ACQUIRED BY LIMITED PARTNERS MAY NOT BE SOLD OR OFFERED FOR SALE IN THE ABSENCE OF AN EFFECTIVE REGISTRATION STATEMENT FOR THE INTERESTS UNDER THE SECURITIES ACT OF 1933, AS AMENDED, AND SUCH STATE LAWS AS MAY BE APPLICABLE, OR DELIVERY TO THE PARTNERSHIP OF AN OPINION OF COUNSEL SATISFACTORY TO THE GENERAL PARTNER THAT SUCH REGISTRATION IS NOT REQUIRED. INTERESTS ACQUIRED BY PENNSYLVANIA RESIDENTS MAY NOT BE SOLD OR TRANSFERRED EXCEPT IN ACCORDANCE WITH SECTION 203(d) OF THE PENNSYLVANIA SECURITIES ACT OF 1972 AND THE REGULATIONS THEREUNDER. ADDITIONAL RESTRICTIONS ARE SET FORTH IN THE PARTNERSHIP AGREEMENT.

## LIMITED PARTNERSHIP AGREEMENT

## CEC PARTNERSHIP, L.P.

This Limited Partnership Agreement ("Agreement") is effective as of February 1, 1993, by and among CEC G.P., INC., a Pennsylvania corporation (the "General Partner"), and Robert L. Bast, an individual residing at 110 Spruce Lane, Ambler, Pennsylvania 19002 ("Bast") and the Elizabeth B. Brennan Trust, a trust formed under the laws of Pennsylvania pursuant to that deed of trust dated August 6, 1983 by and through its trustee(s) W. Roderick Gagné, Elizabeth B. Brennan and Robert L. Bast (the "Trust") (Bast and the Trust individually, each a "Limited Partner" and collectively, the "Limited Partners"). The General Partner and the Limited Partners are sometimes referred to herein individually as a "Partner" or collectively as the "Partners."

HALTERMAN 6732

replacement of Partnership assets, but shall be reduced by any cash released from such reserves.

"Partner" means any General Partner or Limited Partner.

"Partnership Interest" means the undivided fractional interest of each Partner in the profits, losses, credits, distributions, capital and assets of the Partnership. Each Partner shall have the Partnership Interest indicated opposite his name in Exhibit A, adjusted as provided in this Agreement.

If a Partner transfers all or a part of his interest in the Partnership (whether with or without consideration), the transferor-Partner and the transferee-Partner shall each have such Partnership Interest as they may agree upon, provided that the sum of such Partnership Interests shall equal the percentage interest of the transferor immediately before the transfer.

If the Partnership acquires the interest of a Partner or issues additional Partnership Interests, the Partnership Interest of each remaining Partner shall be appropriately increased or decreased.

"Person" means any natural Person, corporation, partnership, trust or other entity.

HALTERMAN 6742

800422

of the Partnership within the meaning of Treasury Regulations Section 1.704-1(b)(2)(ii)(g). In the event the Gross Asset Value of any Partnership asset is adjusted pursuant to this Paragraph 5.08, subsequent allocations of income, gain loss and deductions with respect to such assets shall account for any variations between the adjusted basis of such asset for federal income tax purposes and its Gross Asset Value in the same manner as is prescribed under Code Section 7.04(c) and the regulations thereunder. Any elections or other decisions relating to such allocation shall be made by the General Partner in any manner that reasonably reflects the purpose and intention of this Agreement. Allocations pursuant to this Section 5.08 are solely for purposes of allocating income for federal, state and local tax purposes and shall not effect or in any way be taken into account in computing any Partner's Capital Account or distributions pursuant to any other provision of this Agreement. This Section 5.08 shall take precedence in the allocation of profits over any other paragraph hereunder should the provisions of Code Section 7.04(c) apply.

ARTICLE VI

Distributions

6. Cash Distributions

6.01 Cash Distributions From Operations, Dispositions and Financings. Cash from Operations, Cash from Dispositions and Cash

31

HALTERMAN 6762

003822

from Financings shall be distributed in the following order of priority:

    (a) first, 95% to the Limited Partners (as a class) and 5% to the General Partner until all of the Limited Partners have recovered their Unrecovered Capital Contributions;

    (b) then, 95% to the Limited Partners (as a class) and 5% to the General Partner until all of the Limited Partners receive an amount equal to their Preferred Return; and

    (c) then, 90% to the Limited Partners (as a class) and 10% to the General Partner until the earlier of (A) the Limited Partners (as a class) receive a 45% compounded return on their investment or (B) the fourth anniversary of the date hereof. If on the fourth anniversary of the date hereof, the Limited Partners (as a class) shall not have received a 45% compounded return on their respective investment, then profits and losses from dispositions shall be allocated 80% to the Limited Partners (as a class) and 20% to the General Partner until the Limited Partners (as a class) shall receive a 45% compounded return on their respective investment; and

    (d) then, 60% to the Limited Partners (as a class) and 40% to the General Partner.

32

HALTERMAN 6763

803822

## 6.02 Cash Distributions upon Liquidation or Dissolution.

(a) Upon liquidation or dissolution of the Partnership, or its sooner termination, the Partnership shall be dissolved and its assets shall be liquidated and the proceeds therefrom distributed in the following order of priority, no distribution being made in any category set forth below unless and until each preceding category has been satisfied in full.

(i) Payment of debts and liabilities of the Partnership and any expenses of liquidation; provided that the Liquidator shall first pay to the extent permitted by law, liabilities with respect to which any Partner is or may be Personally liable;

(ii) Establishment of reserves deemed reasonably necessary to cover contingent or unforeseen liabilities or obligations of the Partnership or of the Partners arising out of, or in connection with, the Partnership;

(iii) Payment to the Limited Partners of the amounts set forth in Paragraph 6.01 (a) & (b) above;

(iv) Payment to the General Partners of accrued and current Management Fees;

33

HALTERMAN 6764

80382.2

(v) Payment to the Partners of the amounts set forth in Paragraph 6.01 (c) & (d) above; and

(vi) Payment to the Partners in accordance with the positive Capital Account balances of the Partners, as determined after taking into account all Capital Account adjustments for the Fiscal Year of the Partnership during which the liquidation of the Partnership or an interest in the Partnership (within the meaning of Treasury Regulation Section 1.704-1(b)(2)(ii)(g)) occurs, and such distributions shall be made no later than the end of the Fiscal Year of the Partnership in which such liquidation occurs (determined without regard to Section 706(c)(2)(A) of the Code), or, if later, within ninety (90) days after the date of such liquidation.

(b) If, after all distributions, if any, pursuant to this Subparagraph 6.02, any General Partner has a deficit balance in his or its Capital Account, as determined after taking into account all Capital Account adjustments for the Fiscal Year during which the Partnership (within the meaning of Treasury Regulation Section 1.704-1(b)(2)(ii))(g)) occurs (other than those made pursuant to this Subparagraph 6.02(b), then each such General Partner shall make an additional cash capital contribution to the Partnership, by the end of the Fiscal Year in which such liquidation occurs (determined without regard to Section

34

HALTERMAN 6765

803922

706(c)(2)(A) of the Code) or, if later, within ninety (90) days after the date of such liquidation, in an amount equal to the lesser of such Partner's deficit Capital Account balance or 1.01% of the total capital contributions to the Partnership. All such additional capital contributions shall be applied first to the payment of the debts of the Partnership (including debts owed to a Partner), if any, and the excess of such additional capital contributions, if any, shall be distributed to the Partners with positive Capital Account balances, if any, in proportion to such positive Capital Account balances.

(c) For the purposes of determining the Capital Accounts of the Partners under Subparagraphs 6.02 (a) and (b) above, if any of the assets of the Partnership are to be distributed in kind, the fair market value of such assets shall be determined as of the time of such distribution (or at such other date reasonably close to the date of such distribution as the General Partner shall determine). There shall be allocated to the Partners, in accordance with Paragraph 5.02, the amount of Profit or Loss, if any, which would have been realized by the Partnership if such assets had been sold by the Partnership for prices equal to their respective fair market values as so determined. The fair market value of such assets shall be determined by an independent appraiser to be selected by the Partnership's accountant.

35

HALTERMAN 6766

6.03 <u>Distribution Among Limited Partners</u>. All distributions of Cash from Operations, Cash from Dispositions and Cash from Financings to the Limited Partners (as a class) shall be allocated among the Limited Partners in accordance with their relative Partnership Interests on the date of the distribution.

6.04 <u>Determination of Time and Amount of Distributions</u>. The time and amount of all distributions, if any, made pursuant to this Article VI shall be determined by the General Partner in its sole discretion (except for distributions of cash upon liquidation or dissolution of the Partner as set forth in Subparagraph 6.02(a)(i)(ii) and (iii)), but shall be made within a reasonable period of time after the receipt by the Partnership of Cash from Operations, Cash from Dispositions or Cash from Financings, as the case may be; provided, however, that an amount equal to the Preferred Return shall be distributed from Cash from Operations, if any, at least once annually, within seventy-five (75) days after the end of the Partnership's year.

HALTERMAN 6767

800822

Partnership Interest will be converted to a Limited Partnership interest but in all other respects, (except those that are inconsistent with that of a Limited Partner) such interest shall remain the same including rights to distributions.

## ARTICLE IX

### Transfer

9. **Transfer of Partnership Interests**

    9.01 **Prohibited Transfers.** The Partners may not sell, assign, transfer or otherwise dispose of, or pledge, hypothecate or in any manner encumber, her, his or its Partnership Interest or any part thereof except as permitted in this Article IX, and any act in violation of this Paragraph 9.01 shall not be binding upon, or recognized by, the Partnership regardless of whether the General Partner shall have knowledge thereof.

    9.02 **Permitted Transfers of the General Partner.**

    (a) The General Partner may only appoint a replacement/successor General Partner or otherwise sell, transfer or assign its Partnership interest upon notice to, and consent of the Limited Partners holding a majority of the Partnership Interests. In order to appoint such a replacement/successor General Partner or

49

HALTERMAN 6780

sell, assign or assign its Partnership interest, the present General Partner must also obtain an opinion of counsel to the effect that: (i) the appointment of such replacement/successor General Partner will not result in a termination of the Partnership for purposes of Section 708 of the Internal Revenue Code; and (ii) that the appointment of such replacement/successor General Partner will not result in the Partnership being taxed as a corporation under Section 7701 of the Internal Revenue Code.

(b) No General Partner shall withdraw, retire or resign, sell or transfer his or its interest unless the General Partner does so in compliance with subparagraph 9.02(a) above, or otherwise obtains the consent of the Limited Partners holding a majority of the Partnership Interests. Although such withdrawal, retirement or resignation in breach of this subparagraph 9.02(b) may not be enjoined, such General Partner shall be liable for actual damages incurred by the Partnership as a result of such breach.

(c) To the extent the General Partner appoints a replacement/successor General Partner without notice to, or consent of the Limited Partners pursuant to the provisions of subparagraph 9.02(a) above, unless otherwise agreed to by those Limited Partners holding a majority of the Partnership Interests:

HALTERMAN 6781

603822

# EXHIBIT A

LIST OF PARTNERS, THEIR RESPECTIVE INTEREST AND INITIAL CAPITAL CONTRIBUTIONS.

| | | Percentage Interest | Initial Capital Contribution |
|---|---|---|---|
| 1. | General Partner | | |
| | GEO GP, Inc.<br>Andrew N. Yao, President<br>3508 Market Street<br>Suite 202<br>Philadelphia, PA 19104-3379 | [redacted] | $50,000 |
| 2. | Limited Partners* | | |
| | Robert L. Bast, Esquire<br>Reed, Smith, Shaw & McClay<br>2500 One Liberty Place2<br>Philadelphia, PA 19103 | 47.5% | *475,000 |
| | Elizabeth B. Brennan Trust<br>T/U/D 8/6/83<br>c/o W. Roderick Gagné, Esquire<br>Clark, Ladner, Fortenbaugh & Young<br>One Commerce Square - 22nd Floor<br>2005 Market Street<br>Philadelphia, PA 19103 | 47.5% | *475,000 |

* Consist of $250,000 in cash and a demand note for $225,000.

HALTERMAN 6815