**ECKERT SEAMANS**

Eckert Seamans Cherin & Mellott, LLC
300 Delaware Avenue, Suite 1210
Wilmington, DE 19801

TEL 302 425 0430
FAX 302 425 0432
www.eckertseamans.com

Brya M. Keilson
302.425.0430 (Wilmington)
215.851.8430 (Philadelphia)
bkeilson@eckertseamans.com

October 4, 2007

The Honorable Joseph J. Farnan, Jr.
United States District Court for the
District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street, Room 4124
Lockbox 27
Wilmington, DE 19801

Re:   **Charles A. Stanziale, Jr., Chapter 7 Trustee of**
      **Student Finance Corporation v. Pepper Hamilton LLP, *et al.***
      **Civil Action No. 04-1551 (JJF)**

Dear Judge Farnan:

This letter is written on behalf of the Family defendants and responds to the letter memorandum submitted today to Your Honor from Michael S. Waters, counsel for the Trustee. The letter is in support of the Trustee's attempt, after the close of discovery and on the eve of trial, to add claims relating to stock redemption and purportedly excessive commitment fees to his case against the Family defendants.

This letter states that the First Amended Complaint set forth a claim against the Family defendants for recovery of fraudulent conveyance. The Family defendants do not dispute that assertion. However, that claim related only to a transfer of stock of three general partnerships (the "GP Stock") from Andrew Yao ("Yao") to certain Family defendants.

The Count in the Complaint alleging that Yao's transfer of the GP Stock was a fraudulent conveyance does not somehow allow the Trustee to make other fraudulent conveyance claims against the Family defendants after the close of discovery. That argument is akin to saying that pleading a breach of contract action on a particular contract somehow allows a plaintiff to proceed on breach of contract claims on any other contract that the plaintiff (or principals of the plaintiff) had with the defendant, even if the complaint did not allege that those other contracts were breached. To allow this would be in plain derogation of the most fundamental purpose of a complaint: to give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 335 U.S. 41, 47 (1957).

The Trustee's argument that he gave notice of his claim by stating in answers to interrogatories that he would seek the return of items of value, including "$4,293,179.40 million [sic] in payments within one year of the filing date, together with the value of other transfers that are identified in discovery" is baseless. The stock redemption and payment of commitment fees

**ECKERT
SEAMANS**

Eckert Seamans Cherin & Mellott, LLC
300 Delaware Avenue, Suite 1210
Wilmington, DE 19801

TEL 302 425 0430
FAX 302 425 0432
www.eckertseamans.com

The Honorable Joseph J. Farnan, Jr.
October 4, 2007
Page 2

were not "identified in discovery." They were known to the Trustee at the time the complaint was filed. The only unknown was on the part of the Family defendants – they did not know until after the close of discovery that the Trustee would attempt to assert $8 million in claims against them by contending that these transfers, known to the Trustee for years, should be recoverable as fraudulent conveyances.

The prejudice to the Family defendants if these claims are now added to the case would be severe. It is true, as the Trustee contends, that the Family defendants are prepared to present testimony on the reasonableness of the commitment fees paid by SFC on their loans. However, because the claims that the payment of allegedly excessive commitment fees and the redemption of stock were not in the case when discovery was conducted, the Family defendants are not prepared to present evidence on issues critical to their defense of these claims. Indeed, they still do not know (because the proffered Second Amended Complaint does not allege) whether the Trustee is contending that these transfers were constructively fraudulent, actually fraudulent or both. At a minimum, the Family defendants would need to depose former SFC employees, accountants and consultants regarding SFC's finances before May 2001 and the SFC value of the stock when it was redeemed; if actual intent is at issue, they would also need to depose witnesses regarding SFC's intent at the time of each transfer.

To the extent that the Trustee is arguing that such discovery has already been taken by the Family defendants, he is flat-out wrong. The Family defendants did not conduct any discovery on issues relating to SFC's financial condition before the beginning of the preference period alleged by the Trustee (June 5, 2001 to June 4, 2002), or on the value of the SFC stock, because they had no reason to do so. The Family defendants will also need expert testimony, which they do not have, on these issues.

If the Family defendants are forced to defend these new claims at trial, now only days away, the prejudice would be irreparable. Moreover, there would be severe prejudice even if the trial is delayed and discovery reopened. To require the Family defendants, who are individuals and trusts, to bear the expense of reopening discovery, because of the Trustee's failure to timely assert his purported claims, would be an extreme and unwarranted burden.

Under these circumstances, the Trustee should not be permitted to file the proffered Second Amended Complaint. *See, e.g., Lorenz v. CSX Corp.*, 1 F.3d 1406, 1444 (3d Cir. 1993) (motion to amend complaint denied; amendment was proposed three years after action filed and nearly two years after complaint was amended twice); *Berger v. Edgewater Steel Co.*, 911 F.2d 911, 924 (3d Cir. 1990) (motion to amend complaint denied; motion sought to add a different legal theory that would require new discovery after the close of discovery); *Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 824-25 (3d Cir. 1978) (motion to amend denied; amendment would change the legal and factual matters in dispute; defendant was entitled to rely on movant's earlier pleaded allegations).

# ECKERT SEAMANS

Eckert Seamans Cherin & Mellott, LLC
300 Delaware Avenue, Suite 1210
Wilmington, DE 19801

TEL 302 425 0430
FAX 302 425 0432
www.eckertseamans.com

The Honorable Joseph J. Farnan, Jr.
October 4, 2007
Page 3

For these reasons, as well as the reasons stated in their Memorandum and Reply Memorandum in Support of the Motion to Strike the Trustee's Improper Damage Claims, the Family defendants respectfully request that the Court deny the Trustee's request to proceed on the Second Amended Complaint.

Respectfully submitted,

Brya M. Keilson

Brya M. Keilson

cc:    All counsel on attached Service List

*M0612888.DOC*