# EXHIBIT 7

## Exhibit 7

## FAMILY DEFENDANTS' STATEMENT OF ISSUES OF LAW THAT REMAIN TO BE LITIGATED

The following issues of law remain to be litigated at trial. Most are mixed questions of fact and law and are also included in the Family Defendants' Statement of Issues of Fact To be Litigated.

1. Whether Roderick Gagné and the Family defendants were insiders of SFC under section 101(31)(B) of the Bankruptcy Code at the time of each challenged payment made by SFC during the period between 90 days and one year prior to the Filing Date.

       Bankruptcy Code § 101(31)(B), 11 U.S.C. §101(31)(B).

       *Official Comm. of Unsecured Creditors of Radnor Holdings Corp. v. Tennenbaum Capital Partners, LLC (In re Radnor Holdings Corp.)*, 353 B.R. 820 (Bankr. D. Del. 2006).

       *Shubert v. Lucent Techs., Inc. (In re Winstar Commc'ns, Inc.)*, 348 B.R. 234 (Bankr. D. Del. 2005).

2. Whether the payments made by SFC to the Family defendants during the applicable period (either 90 days prior to the Filing Date or one year prior to the Filing Date if the Family defendants were insiders at the time of such payments) are subject to being avoided as preferences.

       Bankruptcy Code § 547(b)(4), 11 U.S.C. § 547(b)(4).

       Bankruptcy Code § 547, 11 U.S.C. § 547.

3. Whether SFC was insolvent at the time of each such payment.

       Bankruptcy Code, § 547(b)(3), 11 U.S.C. § 547(b)(3).

       Bankruptcy Code, § 101(32)(A), 11 U.S.C. § 101(32)(A).

       *Mellon Bank, N.A. v. Metro Commc'ns, Inc.*, 945 F.2d 635 (1991)

4. Whether any or all of such payments were made in payment of a debt incurred by SFC in the ordinary course of business or financial affairs of SFC and the Family defendants, were made in the ordinary course of business or financial affairs of SFC and the Family defendants and were made according to the ordinary business terms.

    Bankruptcy Code § 547(c)(2), 11U.S.C. § 547(c)(2).

    *Hechinger Inv. Co. v. Universal Forest Prods., Inc.*, 489 F.3d 568 (3d Cir. 2007).

    *Fiber Lite Corp. v. Molded Acoustical Prods., Inc. (In re Molded Acoustical Prods., Inc.)*, 18 F.3d 217 (3d Cir. 1994).

    *HL1 Creditor Trust v. Metal Techs. Woodstock Corp. (In re Hayes Lemmerz Int'l, Inc.)*, 339 B.R. 97 (Bankr. D. Del. 2006).

    *Safety-Kleen Creditor Trust v. Eimco Process Equip. Co. (In re Safety-Kleen Corp.)*, 331 B.R. 591 (Bankr. D. Del. 2005).

    *Hechinger Liquidation Trust v. James Austin Co. (In re Hechinger Inv. Co. of Del., Inc.)*, 320 B.R. 541 (Bankr. D. Del. 2004).

5. Whether after any such payment to a Family defendant, that Family defendant gave new value to or for the benefit of SFC (a) not secured by an unavoidable security interest; and (b) on account of which new value SFC did not make an otherwise unavoidable transfer to or for the benefit of that Family defendant.

    Bankruptcy Code § 547(c)(4), 11 U.S.C. § 547(c)(4).

    *New York City Shoes, Inc .v. Bentley Int'l, Inc. (In re New York City Shoes, Inc.)*, 880 F.2d 679 (3d Cir. 1989).

    *Williams v. Agama Sys., Inc. (In re Micro Innovations Corp.)*, 185 F.3d 329 (5th Cir. 1999).

    *In re Kroh Brothers*, 930 F.2d 648 (8th Cir. 1991).

    *Maxwell v. Begler (In re March First, Inc.)*, Case No. 01 B 24742, Adv. No. 03 A 241, 2007 Bankr. LEXIS 2513, at *13-16 (Bankr. N.D. Ill. July 20, 2007).

*Intercontinental Polymers, Inc. v. Equistar Chems., LP*, 359 B.R. 868 (Bankr. E.D. Tenn. 2005).

*In re Formed Tubes, Inc.*, 46 B.R. 645 (Bankr. E.D. Mich. 1985).

6. Whether, by clear and convincing evidence, Yao transferred his stock in One Summit Place, GP, Inc., DHP, GP, Inc. and Premier Education Group, GP, Inc. to certain of the Family defendants with actual intent to hinder, delay or defraud his creditors.

Pennsylvania Uniform Fraudulent Transfers Act § 5104.

*Lichtenstein v. MBNA Am. Bank (In re Computer Personalities Sys. Inc.)*, 284 B.R. 415 (Bankr. E.D. Pa. 2002).

*Protocomm Corp. v. Novell Advanced Services, Inc.*, 171 F. Supp.2d 459 (E.D. Pa. 2001.

*Erie Marine Enters., Inc. v. Nationsbank, N.A. (In re Erie Marine Enters., Inc.)*, 216 B.R. 529 (W.D. Pa. 1998).

*Provident Life & Accident Ins. Co. v. Gen Syndicators of Am. (In re Laramie Assoc.)*, No. 97-3135, 1997 U.S. Dist. LEXIS 14170 (E.D. Pa. Sept. 8, 1997)

*Morse Operations, Inc. v. Goodway Graphics of Va., Inc. (In re Lease-A-Fleet, Inc.)*, 155 B.R. 666 (Bankr. E.D. Pa. 1993).

*Beard v. DeVito (In re DeVito)*, 111 B.R. 529 (Bankr. W.D. Pa. 1990).

*Schaps v. Just Enough Corp. (In re Pinto Trucking Serv., Inc.)*, 93 B.R. 379 (Bankr. E.D. Pa. 1988).

*Commonwealth Nat'l Bank v. Miller*, 437 A.2d 1012, 1014 (Pa. Super. 1981).

7. Whether the Family defendants who received the challenged transfer received the transfer in good faith and for a reasonably equivalent value.

Pennsylvania Uniform Fraudulent Transfers Act § 5108(a).

Pennsylvania Uniform Fraudulent Transfers Act § 5108(a), comment (6).

*In re Burry*, 309 B.R. 130 (Bankr. E.D. Pa. 2004).