# EXHIBIT 16

**EXHIBIT 16**

**The Trustee's Statement of Miscellaneous Issues**

The Trustee seeks to amend the complaint to include two paragraphs described in the body of the pretrial order. A proposed revised pleading will be submitted. The first paragraph incorporates the language of the Trustee's answers to interrogatories, in which the scope of the Trustee's claims was made clear to the Family Defendants early in discovery and before depositions. The second paragraph describes the claims that were stated in answers to contention interrogatories at the end of fact discovery.

The claims described in the amendment are based on proofs which, in any event, will be part of this case with regard to other claims. Specifically, the evidence that the Family Defendants received above market rates is one of the elements that will be addressed in proving their insider status. They acknowledge this and have an expert witness on this subject. It also will be addressed in response to the affirmative defense of ordinary course of business. Similarly, the fact that the Family Defendants purchased and SFC redeemed its stock is an element of proof supporting the claim that the Family Defendants are insiders and in opposition to their affirmative defenses. Undisclosed related party shareholders were used by Andrew Yao to enhance SFC's appearance of credit worthiness.

Claims by the Trustee against Gagné in his capacity as a lawyer and Gagné in his capacity as a Family defendant were all asserted in the same lawsuit. The individuals who were involved in the Family Defendants transactions with SFC were Yao, Gagné and Bast. All of the evidence was developed in one enormous consolidated discovery project in which all of the witnesses were examined by numerous lawyers. The issue of

SFC's financial condition and its operation as a fraudulent scheme was the subject of numerous depositions.