IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: : <br> STUDENT FINANCE CORPORATION, : <br> Debtor. : <br> CHARLES A. STANZIALE, JR., CHAPTER : <br> 7 TRUSTEE OF STUDENT FINANCE : <br> CORPORATION, : <br> Plaintiff, : <br> v. : <br> PEPPER HAMILTON LLP, et al., : <br> Defendants. : | Civil Action No. 04-1551 (JJF) <br><br> **DECLARATION OF** <br> **MICHAEL S. WATERS** |

I, Michael S. Waters hereby declare as follows:

1. I am an attorney at law of the State of New Jersey and a member of the firm McElroy, Deutsch, Mulvaney & Carpenter, LLP counsel for Plaintiff, Charles A. Stanziale, Jr., Chapter 7 Trustee of Student Finance Corporation ("SFC"). I submit this declaration in opposition to the Motion for Summary Judgment filed by the Family Defendants on September 28, 2007.

2. Attached hereto as Exhibit 1 is a true and accurate copy of an email dated January 4, 2001 from Diane Messick concerning use of forbearance to prevent defaults, which was marked as Deposition Exhibit 141-I.

3. Attached hereto as Exhibit 2 is a true and accurate copy of SFC Finance Committee meeting minutes dated November 13, 2001, which was marked as Deposition Exhibit 560-I.

631196v1

4. Attached hereto as Exhibit 3 is a true and accurate copy of document describing "Third Balance" forbearance, which was marked as Deposition Exhibit 195-II.

5. Attached hereto as Exhibit 4 is a true and accurate copy of email from David Aksim dated January 23, 2001, providing description of the Forbearance Process, which was marked as Deposition Exhibit 1568-I.

6. Attached hereto as Exhibit 5 is a true and accurate copy of the expert report of Harry Steinmetz, which was marked as Deposition Exhibit 2038-I.

7. Attached hereto as Exhibit 6 is a true and accurate copy of letter from W. Roderick Gagné dated March 1, 2001, which was marked as Deposition Exhibit 22-I.

8. Attached hereto as Exhibit 7 is a true and accurate copy of chart reflecting that Maria DeCarlo, a paralegal at Pepper Hamilton LLP, was Assistant Secretary of SFC, marked as Deposition Exhibit 1015-I.

9. Attached hereto as Exhibit 8 is a true and accurate copy of Consent to Corporate Action dated January 20, 1999, which was marked as Deposition Exhibit 1024-I.

10. Attached hereto as Exhibit 9 is a true and accurate copy of SFC Secretary Certificate of Andrew Yao, which was marked as Deposition Exhibit 1028-I.

11. Attached hereto as Exhibit 10 is a true and accurate copy of pertinent pages of the transcript of the deposition of W. Roderick Gagné, dated February 26, 2007.

12. Attached hereto as Exhibit 11 is a true and accurate copy of email from W. Roderick Gagné, dated October 28, 1999, concerning structure of deals and interests rates, which was marked as Deposition Exhibit 28-I.

13. Attached hereto as Exhibit 12 is a true and accurate copy of memorandum from W. Roderick Gagné, dated February 14, 2001, which was marked as Deposition Exhibit 1209-I.

14. Attached hereto as Exhibit 13 is a true and accurate copy of meeting minutes of Board and Executive Committee SF Group, dated February 22, 2001, which was marked as Deposition Exhibit 51-I, at page WSFC0754183.

15. Attached hereto as Exhibit 14 is a true and accurate copy of pertinent pages of the transcript of the deposition of W. Roderick Gagné, dated February 23, 2007.

16. Attached hereto as Exhibit 15 is a true and accurate copy of email of Andrew Yao, dated January 5, 2001, which was marked as Deposition Exhibit 1189-I.

17. Attached hereto as Exhibit 16 is a true and accurate copy of the expert report of William Hecht, which was marked as Deposition Exhibit 2001-II.

18. Attached hereto as Exhibit 17 is a true and accurate copy of email from Andrew Yao, dated October 8, 1999, which was marked as Deposition Exhibit 1206-I.

19. Attached hereto as Exhibit 18 is a true and accurate copy of letter from Andrew Yao to Wilmington Trust Company, dated February 23, 2000, concerning sale of SFC common stock, which was marked as Deposition Exhibit 1205-I.

20. Attached hereto as Exhibit 19 is a true and accurate copy of pertinent pages from the deposition of Robert Bast.

21. Attached hereto as Exhibit 20 is a true and accurate copy of email from W. Roderick Gagné concerning Student Loan Servicing, which was marked as Deposition Exhibit 1033-I.

22. Attached hereto as Exhibit 21 is a true and accurate copy of letter from Robert Bast, dated February 5, 2000, which was marked as Deposition Exhibit 72-III.

23. Attached hereto as Exhibit 22 is a true and accurate copy of email from Diane Messick, dated January 16, 2001, which was marked as Deposition Exhibit 38-I.

24. Attached hereto as Exhibit 23 is a true and accurate copy of Action by Consent in Writing of Shareholder in Lieu of Annual Meeting, which was marked as Deposition Exhibit 1037-I.

25. Attached hereto as Exhibit 24 is a true and accurate copy of email from W. Roderick Gagné, dated March 4, 2002, which was marked as Deposition Exhibit 1713-I.

26. Attached hereto as Exhibit 25 is a true and accurate copy of email from Andrew Yao, dated April 23, 2002, which was marked as Deposition Exhibit 1172-I.

27. Attached hereto as Exhibit 26 is a true and accurate copy of Pledge Agreement, which was marked as Deposition Exhibit 1176-I.

28. Attached hereto as Exhibit 27 is a true and accurate copy of the Assignment and Acceptance of Loan and Security Agreement, dated December 31, 1998, which was marked as Deposition Exhibit 868-II.

29. Attached hereto as Exhibit 28 is a true and accurate copy of email from Andrew Yao, dated December 18, 2001, which was marked as Deposition Exhibit 1179-I.

30. Attached hereto as Exhibit 29 is a true and accurate copy of email from W. Roderick Gagné, dated October 3, 2002, which was marked as Deposition Exhibit 1181-I.

31. Attached hereto as Exhibit 30 is a true and accurate copy of draft memo prepared by W. Roderick Gagné concerning Pepper Hamilton LLP withdrawing its representation, which was marked as Deposition Exhibit 1192-I.

32. Attached hereto as Exhibit 31 is a true and accurate copy of December 18, 1998 Loan and Security Agreement, Bates numbered PH009011-35.

33. Attached hereto as Exhibit 32 is a true and accurate copy of email from Perry Turnbull, dated January 29, 1998, concerning Nielsen Electronics Institute, which was marked as Deposition Exhibit 1190-I.

34. Attached hereto as Exhibit 33 is a true and accurate copy of facsimile from Andrea Unterberger attaching document concerning transaction codes, dated November 9, 1999, which was marked as Deposition Exhibit 306-I.

35. Attached hereto as Exhibit 34 is a true and accurate copy of deposition outline to review with SFC witnesses in Nielsen litigation, which was marked as Deposition Exhibit 1518-I.

36. Attached hereto as Exhibit 35 is a true and accurate copy of email from Perry Turnbull, dated November 10, 1999, which was marked as Deposition Exhibit 294-I.

37. Attached hereto as Exhibit 36 is a true and accurate copy of SFC Agenda for meeting with attorneys, which was marked as Deposition Exhibit 297-I.

38. Attached hereto as Exhibit 37 is a true and accurate copy of email from Andrew Yao, dated December 17, 1999, which was marked as Deposition Exhibit 298-I.

39. Attached hereto as Exhibit 38 is a true and accurate copy of pertinent pages of the deposition transcript of M. Duncan Grant.

40. Attached hereto as Exhibit 39 is a true and accurate copy of email from Darcy Lee (Malcolm), dated April 27, 2001, which was marked as Deposition Exhibit 609-I.

41. Attached hereto as Exhibit 40 is a true and accurate copy of memorandum from W. Roderick Gagné, dated April 18, 2002, which was marked as Deposition Exhibit 313-I.

42. Attached hereto as Exhibit 41 is a true and accurate copy of memorandum from W. Roderick Gagné, dated May 15, 2002, which was marked as Deposition Exhibit 1709-I.

I declare that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Michael S. Waters

Dated: October 5, 2007