# EXHIBIT 9

**STUDENT FINANCE CORPORATION**

**SECRETARY CERTIFICATE**



The undersigned, Andrew N. Yao , does hereby certify that he is the Secretary of Student Finance Corporation a Pennsylvania corporation (the "Company"), and as such is duly qualified and authorized to execute and deliver this Certificate and does further certify that:

1. Attached hereto as <u>Exhibit A</u> is a true, correct and complete copy of the Articles of Formation of the Company, including all amendments thereto, as in effect on the date hereof.

2. Attached hereto as <u>Exhibit B</u> is a true, correct and complete copy of the bylaws of the Company including all amendments thereto, as currently in force and effect as of the date hereof.

3. Attached hereto as <u>Exhibit C</u> is a true, correct and complete copy of resolutions adopted by unanimous written consent of the Directors of the Company on April 21, 1999 and such resolutions have not been modified, repealed, rescinded or amended and continue in full force and effect.

4. Attached hereto as <u>Exhibit D</u> is a certificate of good standing issued in respect of the Company by the Secretary of State of Pennsylvania as of the date indicated on such certificate.

5. Each of the persons named below is, as of the date hereof, a duly elected, qualified and acting officer of the Company, holding the office set forth opposite his or her name and is authorized to execute all documents relating to the transactions referred to in the resolutions attached hereto as <u>Exhibit C</u>, and the signature set forth opposite his or her name is genuine.

| <u>Name</u> | <u>Office</u> | <u>Signature</u> |
|---|---|---|
| Andrew N. Yao | President, Secretary and Treasurer | *[signature]* |
| Maria DeCarlo | Assistant Secretary | *[signature]* |

PHLEGAL:#607934 v1 (D132011.WPD)

CONFIDENTIAL

ACCT022891

IN WITNESS WHEREOF, the undersigned has executed this Secretary's Certificate this 21st day of April 1999.

Student Finance Corporation

By:_____
    Name: Maria E. DeCarlo
    Title:   Assistant Secretary

PHLEGAL: #607934 v1 (D132011.WPD)

CONFIDENTIAL

ACCT022892

Microfilm Nur 's._____    '-· ' '· '    Filed with the Department of State on _____

Entry Number ___2510467_____

~~Bnchley~~

Secretary of the Commonwealth

# ARTICLES OF INCORPORATION-FOR PROFIT

DSCB:15-1306/2102/2303/2702/2903/7102A (Rev 90)

Indicate type of domestic corporation (check one):

X Business-stock (15 Pa.C.S. § 1306)    ___ Management (15 Pa.C.S. § 2702)

___ Business-nonstock (15 Pa.C.S. § 2102)    Professional (15 Pa.C.S. § 2903)

___ Business-statutory close (15 Pa.C.S. § 2303)    ___ Cooperative (15 Pa.C.S. § 7102A)

In compliance with the requirements of the applicable provisions of 15 Pa.C.S. (relating to corporations and unincorporated associations) the undersigned, desiring to incorporate a corporation for profit hereby state(s) that:

1. The name of the corporation is:    Student Finance Corporation

2. The (a) address of this corporation's initial registered office in this Commonwealth or (b) name of its commercial registered office provider and the county of venue is:

(a) Suite 202, 3508 Market Street, Philadelphia, Pennsylvania 19104  Philadelphia
   Number and Street          City          State       Zip       County

(b) c/o:_____
    Name of Commercial Registered Office Provider                    County

For a corporation represented by a commercial registered office provider, the county in (b) shall be deemed the county in which the corporation is located for venue and official publication purposes.

3. The corporation is incorporated under the provisions of the Business Corporation Law of 1988.

4. The aggregate number of shares authorized is:    1,000    (other provisions, if any, attach 8 1/2 x 11 sheet)

5. The name and address, including street and number, if any, of each incorporator is:
   Name                      Address

   Molly Graham              c/o Clark, Ladner, Fortenbaugh & Young
                             One Commerce Square – 22nd Floor
                             2005 Market Street
                             Philadelphia, PA 19103

6. The specified effective date, if any, is:_____
                                   month      day      year      hour, if any

7. Any additional provisions of the articles, if any, attach an 8 1/2 x 11 sheet.  See Attached Rider

8. ~~Statutory close corporation only: Neither the corporation nor any shareholder shall make an offering of any of its shares of any class that would constitute a "public offering" within the meaning of the Securities Act of 1933 (15 U.S.C. § 77 et seq.)~~

93 JUN 23 PM 2: 23

CONFIDENTIAL

ACCT022893

RIDER TO ARTICLES OF INCORPORATION
OF
STUDENT FINCANCE CORPORATION

7.    In all elections of directors, cumulative voting shall
not be allowed.

CONFIDENTIAL

ACCT022894

# BYLAWS

## OF

## STUDENT FINANCE CORPORATION

---

## ARTICLE I. - OFFICES

1. **Registered Office.** The registered office of the Corporation shall be located within the Commonwealth of Pennsylvania, at such place as the Board of Directors shall, from time to time, determine.

2. **Other Offices.** The Corporation may also have offices at such other places, within or without the Commonwealth of Pennsylvania, as the Board of Directors may, from time to time, determine.

## ARTICLE II. - CORPORATE SEAL

1. **Corporate Seal.** The corporate seal shall have inscribed thereon the name of the Corporation, the year of its organization and the words "CORPORATE SEAL, PENNSYLVANIA." The affixation of the corporate seal shall not be necessary to the valid execution, assignment or endorsement by the Corporation of any instrument or other document.

## ARTICLE III. - SHAREHOLDERS' MEETINGS

1. **Place of Shareholders' Meetings.** Meetings of shareholders shall be held at such place within or without the Commonwealth of Pennsylvania as shall be fixed by the Board of Directors from time to time. If no such place is fixed by the Board of Directors, meetings of the shareholders shall be held at the registered office of the Corporation.

2. **Annual Meeting.** A meeting of the shareholders of the corporation shall be held in each calendar year, on the 30th day of June (or if such day is a holiday, then on the next succeeding business day) or at such other time as the Board of Directors shall determine. At the annual meeting the shareholders shall elect a Board of Directors and transact such other business as may be properly brought before the meeting. If the annual meeting is not

CONFIDENTIAL

ACCT022895

called and held within six months after the designated time, any shareholder may call the meeting at any time thereafter.

3. **Special Meetings.** Special meetings of the shareholders may be called at any time:

(a) By the Board of Directors; or

(b) Unless otherwise provided in the Articles of Incorporation, by the shareholders entitled to cast at least 20% of the votes that all shareholders are entitled to cast at that particular meeting; or

(c) By the Chairman of the Board, if one has been elected, otherwise by the President of the Corporation.

Upon written request of any person who has called a special meeting, it shall be the duty of the Secretary to fix the time of the meeting which shall be held not more than 60 days after the receipt of the request. If the Secretary neglects or refuses to fix the time of the meeting, the person or persons calling the meeting may do so.

4. **Notice of Shareholders' Meetings.** Written notice of every meeting of shareholders shall be given by, or at the direction of, the Secretary or other authorized person to each shareholder of record entitled to vote at the meeting at least:

(a) ten days prior to the day named for a meeting called to consider a "fundamental change" under Chapter 19 of the Pennsylvania Business Corporation Law of 1988; or

(b) five days prior to the day named for the meeting in any other case.

If the Secretary or other authorized person neglects or refuses to give notice of a meeting, the person or persons calling the meeting may do so. The contents and method of notice shall be in accordance with the provisions of Article VIII, Section 1 of these Bylaws.

5. **Quorum and Manner of Acting.** Except as otherwise specified in the Articles, these By-Laws or provided by law, all matters shall be decided by the vote of the holders of a majority of the shares cast at a meeting at which a quorum shall be present, though such majority be less than a majority of all the outstanding shares entitled to vote thereon. The shareholders present at a duly organized meeting can continue to do business until adjournment, notwithstanding the withdrawal of enough

2

CONFIDENTIAL

ACCT022896

shareholders to leave less than a quorum. If a meeting cannot be organized because of the absence of a quorum, those present may, except as otherwise provided by law, adjourn the meeting to such time and place as they may determine. In the case of any shareholder meeting for the election of directors, those shareholders who attend the second of such adjourned meetings, although less than a quorum as fixed in this Section, shall nevertheless constitute a quorum for the purpose of electing directors. In the case of any shareholder meeting for any purpose other than for the election of directors, by those shareholders who attend the second of such adjourned meetings for one or more periods aggregating at least fifteen (15) days because of an absence of a quorum, although less than a quorum as fixed herein, upon any matter set forth in the notice of the meeting if the notice states that those shareholders who attend the adjourned meeting shall nevertheless constitute a quorum for the purpose of acting upon any matter.

   6.  **Proxies.** Every shareholder entitled to vote at a meeting of shareholders or to express consent or dissent to corporate action in writing without a meeting may authorize another person to act for him by proxy. Every proxy shall be executed in writing by the shareholder or by his duly authorized attorney-in-fact and filed with the Secretary of the Corporation. A proxy, unless coupled with an interest, shall be revocable at will, notwithstanding any other agreement or any provision in the proxy to the contrary, but the revocation of a proxy shall not be effective until written notice thereof has been given to the Secretary of the Corporation. An unrevoked proxy shall not be valid after three years from the date of its execution unless a longer time is expressly provided therein. A proxy shall not be revoked by the death or incapacity of the maker unless, before the vote is counted or the authority is exercised, written notice of the death or incapacity is given to the Secretary of the Corporation.

   7.  **Voting.** The officer or agent having charge of the transfer books of the Corporation shall make a complete list of the shareholders entitled to vote at a meeting, arranged in alphabetical order, with the address of and the number of shares held by each. The list shall be produced and kept open at the time and place of the meeting and shall be subject to the inspection of any shareholder during the whole time of the meeting for the purpose thereof.

   Any vote of shareholders may be taken by voice vote. A vote of shareholders need not be by ballot except, in elections of directors, upon demand made by a shareholder entitled to vote at the election and before the voting begins.

3

CONFIDENTIAL

ACCT022897

**8.    Consent of Shareholders in Lieu of Meeting.** Actions of the shareholders may be taken by written consent in either of the following manners:

(a) **Unanimous Consent.** Any action required or permitted to be taken at a meeting of the shareholders, or of a class of shareholders, may be taken without a meeting if, prior to or subsequent to the action, a consent or consents thereto signed by all of the shareholders who would be entitled to vote at a meeting for such purpose shall be filed with the Secretary of the Corporation. Consents may be executed in any number of counterparts; or

(b) **Partial Consent.** Any action required or permitted to be taken at a meeting of the shareholders or of a class of shareholders may be taken without a meeting upon the written consent of shareholders who would have been entitled to cast the minimum number of votes necessary to authorize the action at a meeting at which all shareholders entitled to vote thereon were present and voting. The consent(s) shall be filed with the Secretary of the Corporation. The action shall not become effective until after at least ten days' written notice of the action has been given to each shareholder entitled to vote thereon who has not consented in writing thereto. Such consent may be executed in any number of counterparts.

**9.    Participation in Shareholder Meetings by Telephone.** One or more shareholders may participate in a meeting of the shareholders of the Corporation by means of conference telephone or similar communications equipment by means of which all persons participating in the meeting can hear each other.

## ARTICLE IV. - BOARD OF DIRECTORS

**1.    Number, Qualifications, and Term of Office.** The business and affairs of the Corporation shall be managed by its Board of Directors. The number of directors of the Corporation shall be one or more as may be determined from time to time by the Board of Directors. Each director of the Corporation shall be a natural person of full age who need not be a resident of Pennsylvania or a shareholder of the Corporation. Other than those directors constituting the initial Board of Directors and, except in the case of vacancies, the directors of the Corporation shall be elected by the shareholders. Each director shall hold office for a term of one year or until his successor has been selected and qualified, or until his earlier death, resignation or removal.

**2.    Vacancies.** Vacancies in the Board of Directors, including vacancies resulting from an increase in the number of

4

ACCT022898

directors, may be filled by a majority vote of the remaining members of the Board though less than a quorum, or by a sole remaining director, and each person so selected shall be a director to serve for the balance of the unexpired term. When one or more directors resigns from the Board effective at a future date, the directors then in office, including those who have so resigned, shall have the power by the applicable vote to fill the vacancies, the vote thereon to take effect when the resignations become effective.

3.  **Removal by Shareholders.**  The entire Board of Directors or any individual director may be removed from office without assigning any cause by a vote of the holders of the outstanding shares entitled to vote at an election of directors.  In case the Board of Directors or any one or more directors shall be so removed, new directors may be elected at the same time.

4.  **Place of Meetings.**  Meetings of the Board of Directors may be held at such place within the Commonwealth of Pennsylvania or elsewhere, as the Board of Directors may from time to time appoint, or as may be designated in the notice calling the meeting.

5.  **Regular Meetings.**  A regular meeting of the Board of Directors shall be held annually, immediately following the annual meeting of shareholders at the place where such meeting of the shareholders is held or at such other place, date and hour as a majority of the newly elected directors shall determine for the purposes of electing officers of the Corporation and such other business as may properly come before the meeting.  In addition to such regular meeting, the Board of Directors shall have the power to fix, by resolution, the place, date and hour of other regular meetings of the Board.

6.  **Special Meetings.**  Special meetings of the Board may be called by the Chairman of the Board, if one has been elected, otherwise by the President or by a majority of the directors then in office.

7.  **Notice of Directors' Meetings.**  Written notice of every special meeting of the Board of Directors shall be given to each director at least five days before the day named for the meeting. Neither the business to be transacted at, nor the purpose of, any special meeting of the Board need be specified in the notice of the meeting.  Notice of regular and annual meetings of the Board of Directors need not be given.  No notice shall be necessary to the newly-elected directors in order to legally constitute a regular meeting.  The contents and method of notice shall be in accordance with Article VIII, Section 1 of these Bylaws.

5

CONFIDENTIAL

40542.1

**8.    Quorum and Manner of Acting.** A majority of the directors in office shall be necessary to constitute a quorum for the transaction of business at any meeting, and the acts of a majority of the directors present at a meeting at which a quorum is present shall be the acts of the Board of Directors. If there shall be less than a quorum present at a meeting, a majority of those present may adjourn the meeting from time to time and place to place and shall cause notice of each such adjourned meeting to be given to all absent directors.

**9.    Consent of Directors in Lieu of Meeting.** Any action required or permitted to be taken at a meeting of the directors (or any committee of the Board) may be taken without a meeting if, prior or subsequent to the action, a consent or consents thereto signed by all the directors in office is filed with the Secretary of the Corporation. Such consents may be executed in any number of counterparts.

**10.    Participation in Directors' Meetings by Telephone.** One or more directors may participate in a meeting of the Board of Directors (or of any committee of the Board) by means of conference telephone or similar communications equipment by means of which all persons participating in the meeting can hear each other.

**11.    Powers.**

**(a)    General Powers.** The Board of Directors shall have all the power and authority granted by law to a Board of Directors, including all powers necessary or appropriate for the management of the business and affairs of the Corporation.

**(b)    Specific Powers.** Without limiting the general powers conferred by the last preceding clause and the powers conferred by the Articles of Incorporation and these Bylaws, it is hereby expressly declared that the Board of Directors shall have the following powers:

(1)    to confer upon any officer or officers of the Corporation, the power to choose, remove or suspend assistant officers, agents or servants;

(2)    to appoint any person, firm or corporation to accept and hold in trust for the Corporation any property belonging to the Corporation, or in which it is interested, and to authorize any such person, firm or corporation to execute any documents and perform any duties that may be requisite in relation to any such trust;

(3)    to appoint any person or persons to vote shares of another corporation held and owned by the Corporation;

6

CONFIDENTIAL

ACCT022900

40842.1

(4) by resolution adopted by a majority of the whole Board of Directors to delegate two or more of its number to constitute an Executive Committee which, to the extent provided in such resolution, shall have and exercise the authority of the Board of Directors in the management of the business of the Corporation subject to the limitations of law and of these Bylaws;

(5) to fix the place, time and purpose of meetings of shareholders; and

(6) to determine who shall be authorized on the Corporation's behalf to sign bills, notes, receipts, acceptances, endorsements, checks, releases, contracts, and documents.

**12. Compensation.** Compensation of directors, if any, shall be as determined from time to time by resolution of the Board of Directors.

**13. Committees.** The Board of Directors of the Corporation may, by resolution adopted by a majority of the directors in office, establish one or more committees to consist of one or more directors of the Corporation. Any committee, to the extent provided in the resolution of the Board of Directors or in these Bylaws, shall have and may exercise all the powers and authority of the Board of Directors except that a committee shall not have any power or authority as to the following:

(a) the submission to the shareholders of any action requiring approval of shareholders under law;

(b) the creation or filling of vacancies in the Board of Directors;

(c) the adoption, amendment or repeal of the Bylaws;

(d) the amendment or repeal of any resolution of the Board that by its terms is amendable or repealable only by the Board; or

(e) action on matters committed by these Bylaws or resolution of the Board of Directors to another committee of the Board.

The Board may designate one or more directors as alternate members of any committee who may replace any absent or disqualified member at any meeting of the committee or for the purpose of any written action by the committee. In the absence or disqualification of a member and alternate member or members of a

7

CONFIDENTIAL

ACCT022901

committee, the member or members of the committee present at any meeting and not disqualified from voting, whether or not he or they constitute a quorum, will not have the power to appoint another director to act in the place of the absent or disqualified member.

## ARTICLE V. - OFFICERS

1. **Election.** The Corporation shall have a President, a Secretary, and a Treasurer, or person or persons who shall act as such, regardless of the name or title by which they may be designated, elected or appointed, and may have such other officers and assistant officers as may be authorized from time to time by the Board of Directors. Said officers shall be elected or appointed by the Board of Directors at its annual meeting, but the Board of Directors may elect or appoint officers to fill any vacancies among the officers at any other meeting.

2. **Qualification.** The President and the Secretary shall be natural persons of full age. The Treasurer may be a corporation, but if a natural person, shall be of full age. It shall not be necessary for the officers to be directors. Any number or all of the offices may be held by the same person. The Corporation may secure the fidelity of any and all of its officers by bond or otherwise.

3. **Term.** Subject to earlier termination of office, as herein provided, each officer shall hold office for a term of one year or until his successor has been selected and qualified or until his death, resignation, replacement, or removal. Any officer may resign at any time upon written notice to the Corporation and the resignation shall be effective upon receipt thereof by the Corporation or at such subsequent time as may be specified in the resignation.

4. **Powers and Duties of the President.** Unless otherwise determined by the Board of Directors, the President shall have the usual duties of an executive officer with general supervision over and direction of the affairs of the Corporation. In the exercise of these duties and subject to the limitations of the laws of the Commonwealth of Pennsylvania, these Bylaws, and the actions of the Board of Directors, he may appoint, suspend and discharge employees and agents, shall be a member of all committees and, unless there is a Chairman of the Board of Directors, shall preside at all meetings of the shareholders and Board of Directors at which he shall be present. He shall also do and perform such other duties as may be assigned to him by the Board of Directors.

Unless otherwise determined by the Board of Directors, the President shall have full power and authority on behalf of the

8

CONFIDENTIAL

48542.1

Corporation, to attend and to act and to vote at any meeting of the shareholders of any corporation in which the Corporation may hold stock and, at any such meeting, shall possess and may exercise any and all of the rights and powers incident to the ownership of such stock and which, as the owner thereof, the Corporation might have possessed and exercised.

5. **Powers and Duties of the Secretary.** Unless otherwise determined by the Board of Directors, the Secretary shall keep the minutes of all meetings of the Board of Directors, shareholders and all committees, in books provided for that purpose, and shall attend to the giving and serving of all notices for the Corporation. He shall have charge of the corporate seal, the stock certificate books, transfer books and stock ledgers, and such other books and papers as the Board of Directors may direct. He shall perform all other duties ordinarily incident to the office of Secretary and shall have such other powers or perform such other duties as may be assigned to him by the Board of Directors.

6. **Powers and Duties of the Treasurer.** Unless otherwise determined by the Board of Directors, the Treasurer shall have charge of all the funds and securities of the Corporation. When necessary or proper, unless otherwise ordered by the Board of Directors, he shall endorse for collection, on behalf of the Corporation, checks, notes and other obligations and shall deposit the same to the credit of the Corporation in such banks or depositories as the Board of Directors may designate and shall sign all receipts and vouchers for payments made to the Corporation. He shall enter regularly, in books of the Corporation to be kept by him for such purpose, full and accurate accounts of all monies received and paid by him on account of the Corporation. Whenever required by the Board of Directors, he shall render a statement of the financial condition of the Corporation; he shall, at all reasonable times, exhibit his books and accounts to any director of the Corporation, upon application at the office of the Corporation during business hours. He shall have such other powers and shall perform such other duties as may be assigned to him by the Board of Directors, and shall give such bond for the faithful performance of his duties as may be required by the Board of Directors.

7. **Powers and Duties of the Chairman of the Board of Directors.** Unless otherwise determined by the Board of Directors, the Chairman of the Board of the Directors, if one is elected, shall preside at all meetings of shareholders and directors and shall serve ex-officio as a member of every committee of the Board of Directors. He shall have such other powers and perform such further duties as may be assigned to him by the Board of Directors.

8. **Powers and Duties of Vice Presidents and Assistant Officers.** Unless otherwise determined by the Board of Directors,

9

each Vice President and each assistant officer shall have the powers and perform the duties of his respective superior officer. Vice Presidents and assistant officers, if any, shall have such rank as shall be designated by the Board of Directors and each, in the order of rank, shall act for such superior officer in his absence or upon his disability, or when so directed by such superior officer or by the Board of Directors. The President shall be the superior officer of the Vice Presidents. The Treasurer and Secretary shall be the superior officers of the assistant treasurers and assistant secretaries, respectively.

9. **Vacancies.** The Board of Directors shall have the power to fill any vacancy in any office occurring for whatever reason.

10. **Removal.** Any officer or agent of the Corporation may be removed by the Board of Directors with or without cause. The removal shall be without prejudice to contract rights, if any, of any person so removed. Election or appointment of an officer or agent shall not of itself create contract rights.

11. **Compensation.** Compensation of the officers may be determined from time to time by resolution of the Board of Directors.

## ARTICLE VI. - LIABILITY OF DIRECTORS; INDEMNIFICATION

1. **Limited Liability.** A director shall not be personally liable, as such, for monetary damages for any action taken or any failure to take any action, unless:

(a) the director has breached or failed to perform the duties of his office; and

(b) the breach or failure to perform constitutes self-dealing, willful misconduct or recklessness.

The provisions of this Bylaw shall not apply to:

(a) the responsibility or liability of a director pursuant to any criminal statute; or

(b) the liability of a director for the payment of taxes pursuant to local, State or Federal law.

The intent of this Section is to limit the liability of a director to the fullest extent permitted by the Pennsylvania Business Corporation Law of 1988, as amended. Any amendment of this Section shall not adversely affect any right or protection of a director existing at the time of such amendment.

10

CONFIDENTIAL

ACCT022904

2.   **Indemnification Generally.**   The Corporation shall indemnify its directors, its officers and such other persons pursuant to, and to the full extent permitted by, the Pennsylvania Business Corporation Law of 1988, as amended.   The following provisions shall be in furtherance of and not in limitation of the foregoing.

3.   **Directors and Officers; Third Party Actions.**   The Corporation shall have the power to indemnify any person who was or is a party or is threatened to be made party to any threatened, pending or completed action or proceeding, whether civil, criminal, administrative or investigative (other than an action by or in the right of the Corporation), by reason of the fact that he is or was a representative of the Corporation, or is or was serving at the request of the Corporation as a representative of another domestic or foreign corporation for profit or not-for-profit, a partnership, joint venture, trust or other enterprise, against expenses (including attorneys' fees), judgments, fines and amounts paid in settlement actually and reasonable incurred by him in connection with the action or proceeding if he acted in good faith and in a manner he reasonably believed to be in, or not opposed to, the best interests of the Corporation and, with respect to any criminal proceeding, had no reasonable cause to believe that his conduct was unlawful.   The termination of any action or proceeding by judgment, order, settlement or conviction or upon a plea of nolo contendere or its equivalent shall not of itself create a presumption that the person did not act in good faith and in a manner which he reasonably believed to be in, or not opposed to, the best interests of the Corporation and, with respect to any criminal action or proceeding, had reasonable cause to believe that his conduct was unlawful.

4.   **Directors and Officers; Derivative Actions.**   The Corporation shall indemnify any director or officer of the Corporation who was or is a party or is threatened to be made a party to any threatened, pending or completed action or suit by or in the right of the Corporation to procure a judgment in its favor by reason of the fact that he is or was an authorized representative of the Corporation, against expenses (including attorney's fees) actually and reasonably incurred by him in connection with the defense or settlement of such action or suit if he acted in good faith and in a manner he reasonably believed to be in, or not opposed to, the best interests of the Corporation, except that no indemnification shall be made in respect of any claim, issue or matter as to which such person shall have been adjudged to be liable for negligence or misconduct in the performance of his duty to the Corporation unless and only to the extent that the court of common pleas of the county in which the registered office of the Corporation is located or the court in which such action or suit was brought shall determine upon

11

CONFIDENTIAL

ACCT022905

application that, despite the adjudication of liability but in view of all the circumstances of the case, such person is fairly and reasonably entitled to indemnity for such expenses which the court of common pleas or such other court shall deem proper.

5. **Employees and Agents.** To the extent that an authorized representative of the Corporation who neither was nor is a director or officer of the Corporation has been successful on the merits or otherwise in defense of any action, suit or proceeding referred to in Sections 3 and 4 of this Article or in defense of any claim, issue or matter therein, he shall be indemnified by the Corporation against expenses (including attorneys' fees) actually and reasonably incurred by him in connection therewith. Such an authorized representative may, at the discretion of the Board of Directors, be indemnified by the Corporation in any other circumstances to any extent if the Corporation would be required by Sections 3 or 4 of this Article to indemnify such person in such circumstances to such extent if he were or had been a director or officer of the Corporation.

6. **Procedure for Effecting Indemnification.** Indemnification under this Article shall be made when ordered by a court or shall be made in a specific case upon a determination by the Corporation that indemnification of the authorized representative is required or proper in the circumstances because he has met the applicable standards of conduct set forth in the Pennsylvania Business Corporation Law of 1988, as amended. Such determination shall be made:

(a) by the Board of Directors by a majority vote of a quorum consisting of directors who were not parties to such action, suit or proceeding; or

(b) if such a quorum is not obtainable, or if obtainable and a majority vote of a quorum of disinterested directors so direct, by independent legal counsel in a written opinion; or

(c) by the shareholders.

7. **Advancing Expenses.** Expenses (including attorneys' fees) incurred in defending a civil or criminal action, suit or proceeding may be paid by the Corporation in advance of the final disposition of such action, suit or proceeding, as authorized by the Board of Directors in a specific case or if requested by the Board of Directors upon a written opinion of independent legal counsel, upon receipt of an agreement by or on behalf of an authorized representative to undertake the repayment of such amount unless it shall ultimately be determined that he is entitled to be indemnified by the Corporation as required in this Article or as authorized by law.

12

CONFIDENTIAL

ACCT022906

8. **Scope of Article.** Each person who shall act as an authorized representative of the Corporation shall be deemed to be doing so in reliance upon such rights of indemnification as are provided in this Article.

The indemnification provided by this Article shall not be deemed exclusive of any other rights to which those seeking indemnification may be entitled under any agreement, vote of shareholders or disinterested directors, statute or otherwise, both as to action in his official capacity and as to action in another capacity while holding such office or position, shall continue as to a person who has ceased to be an authorized representative of the Corporation and shall inure to the benefit of the heirs, executors and administrators of such person.

9. **Insurance.** The Corporation shall have power to purchase and maintain insurance on behalf of any person who is or was a director, officer, employee or agent of the Corporation, or is or was serving at the request of the Corporation as a director, officer, employee or agent of another corporation, partnership, joint venture, trust or other enterprise, against any liability asserted against him and incurred by him in any such capacity, or arising out of his status as such, whether or not the Corporation would have the power to indemnify him against such liability under the provisions of these Bylaws.

## ARTICLE VII. - STOCK

1. **Share Certificates.** The shares of the Corporation shall be represented by certificates or, if authorized by the Board of Directors, may be uncertificated shares. Share certificates shall state: (a) that the Corporation is incorporated under the laws of the Commonwealth of Pennsylvania, (b) the name of the person to whom issued, and (c) the number and class of shares and the designation of the series, if any, that the certificate represents. Every share certificate shall be signed by any one of the President, a Vice President, the Treasurer, the Secretary or in such other manner as the Board may otherwise direct. If authorized by the Board of Directors, any signature of a corporate officer may be a facsimile, engraved or printed.

2. **Transfers of Shares.** Transfer of shares will be made on the books of the Corporation only upon surrender of the share certificate, duly endorsed and otherwise in proper form for transfer, which certificate shall be cancelled at the time of transfer. Restrictions on the transfer of shares may be imposed by resolution of the Board of Directors.

13

CONFIDENTIAL

ACCT022907

The property in a certificate, and the shares of stock represented thereby, can be transferred only:

          (i) by delivery of the certificate endorsed either in blank or to a specified person by the person appearing on the certificate to be the owner of the shares represented thereby, or

          (ii) by delivery of the certificate and a separate document containing a written assignment of the certificate or a power of attorney to sell, assign or transfer the same or the shares represented thereby. Such assignment or power of attorney may be either in blank or to a specified person.

3.   **Determination of Shareholders of Record**.  The Board of Directors may fix a time prior to the date of any meeting of shareholders or prior to any other date including, but not limited to, the date fixed for the payment of any dividend or distribution, as a record date for the determination of the shareholders entitled to notice of and to vote at any such meeting or entitled to receive payment of any such dividend or distribution or as a record date for any other purpose.  In the case of a meeting of shareholders, the record date shall be not more than 90 days prior to the date of the meeting, except in the case of an adjourned meeting.  Only such shareholders as shall be shareholders of record on the date so fixed shall be entitled to notice of, and to vote at, such meeting, or to receive payment of such dividend or distribution, or to such other rights as are involved, notwithstanding any transfer of any shares on the books of the Corporation after any record date fixed as aforesaid.

     Unless a record date is fixed by the Board of Directors for the determination of shareholders entitled to receive notice of or to vote at a shareholders' meeting:  (a) the record date for determining shareholders entitled to notice of or to vote at a meeting of shareholders shall be the close of business on the tenth day next preceding the day on which notice is given or, if notice is waived, at the close of business on the day immediately preceding the day on which the meeting is held;  (b) the record date for determining shareholders entitled to express consent or dissent to corporate action in writing without a meeting, when prior action by the Board of Directors is not necessary, shall be the close of business on the day on which the first written consent or dissent is filed with the Secretary of the Corporation; and (c) the record date for determining shareholders for any other purpose shall be the close of business on the day on which the Board of Directors adopts the resolution relating thereto.

    4.   **Lost Share Certificates**.  Unless waived in whole or in part by the Board of Directors, any person requesting the issuance

14

CONFIDENTIAL

ACCT022908

466421

of a new certificate in lieu of an alleged lost, destroyed, mislaid or wrongfully taken certificate shall (a) make an affidavit or affirmation of the facts and circumstances surrounding the same; (b) advertise such facts to the extent and in such manner as the Board of Directors may require; and (c) give the Corporation a bond of indemnity in such form and amount, and with such sureties to be determined by the Board, whereupon the proper officers may issue a new certificate.

5.    **Uncertificated Shares**.  If the Board of Directors so decides, any or all classes and series of shares, or any part thereof, shall be uncertificated shares, except to the extent that issued shares are represented by a certificate, until the certificate is surrendered to the Corporation. Within a reasonable time after the issuance or transfer of uncertificated shares, the Corporation shall send to the registered owner thereof a written notice containing the information required to be set forth or stated on certificates by these Bylaws.  Except as otherwise expressly provided by law, the rights and obligations of the holders of shares represented by certificates and the rights and obligations of holders of uncertificated shares of the same class and series shall be identical.

### ARTICLE VIII. — NOTICES

1.    **Contents and Method of Notice**.  Whenever written notice is required to be given to any person under the provisions of these Bylaws or by the Articles of Incorporation, it may be given to the person either personally or by sending a copy thereof by first class or express mail, postage paid, or by telegram (with messenger service specified), telex or TWX (with answerback received) or courier service, charges prepaid or by telecopier, to his or her address (or to his or her telex, TWX, telecopier or telephone number) appearing on the books of the Corporation or, in the case of the directors, supplied by him or her to the Corporation for the purpose of notice.  If the notice is sent by mail, telegraph or courier service, it shall be deemed to have been given to the person entitled thereto when deposited in the United States mail, or with a telegraph office or courier service for delivery to that person, or, in the case of telex or TWX, when dispatched.  A notice of a meeting shall specify the place, day and hour of the meeting and other information required by any other provision of these Bylaws.  In the case of a special meeting of the shareholders, the notice shall specify the general nature of the business to be transacted.  Neither the business to be transacted at, nor the purpose of, any regular or special meeting of the Board of Directors, or any annual meeting of the shareholders, need be specified in the notice of the meeting.

15

CONFIDENTIAL

ACCT022909

2. **Waiver of Notice.** Whenever any written notice is required to be given by statute, or by the Articles of Incorporation or Bylaws of the Corporation, a waiver thereof in writing, signed by the person or persons entitled to the notice, whether before or after the meeting, shall be deemed equivalent to the giving of the notice. Except as otherwise required by statute, neither the business to be transacted at, nor the purpose of, a meeting need be specified in the waiver of notice of the meeting. In the case of a special meeting of shareholders, the waiver of notice shall specify the general nature of the business to be transacted. Attendance of a person at any meeting shall constitute a waiver of notice of the meeting except where a person attends a meeting for the express purpose of objecting, at the beginning of the meeting, to the transaction of any business because the meeting was not lawfully called or convened.

## ARTICLE IX. - CORPORATE RECORDS; INSPECTION

1. **Form of Records.** The Corporation shall keep books and records of account, minutes of the proceedings of the shareholders and directors and a share register giving the names and addresses of all shareholders and the number and class of shares held by each. The share register shall be kept at either the registered office of the Corporation in this Commonwealth or at its principal place of business wherever situated or at the office of the registrar or transfer agent. Any books, minutes or other records may be in written form or any other form capable of being converted into written form within a reasonable time.

2. **Inspection.** Any shareholder shall, upon written verified demand stating the purpose thereof, have a right to examine, in person or by agent or attorney, during the usual hours for business for any proper purpose, the share register, books and records of account, and records of the proceedings of the shareholders and directors and to make copies or extracts therefrom.

## ARTICLE X. - MISCELLANEOUS PROVISIONS

1. **Fiscal Year.** The Board of Directors shall have the power by resolution to fix the fiscal year of the Corporation. If the Board of Directors shall fail to do so, the President shall fix the fiscal year.

2. **Annual Financial Statements.** Unless waived in a written agreement by the shareholders, separate from the Articles of Incorporation or these Bylaws, the Corporation shall furnish to its shareholders annual financial statements, including at least a

16

CONFIDENTIAL

ACCT022910

balance sheet as of the end of each fiscal year and a statement of income and expenses for the fiscal year. The financial statements shall be prepared on the basis of generally accepted accounting principles, if the Corporation prepares financial statements for the fiscal year on that basis for any purpose, and may be consolidated statements of the Corporation and one or more of its subsidiaries. The financial statements shall be mailed by the Corporation to each of its shareholders entitled thereto within 120 days after the close of each fiscal year and, after the mailing and upon written request, shall be mailed by the Corporation to any shareholder or beneficial owner entitled thereto to whom a copy of the most recent annual financial statements has not previously been mailed. Statements that are audited or reviewed by a public accountant shall be accompanied by the report of the accountant; in other cases, each copy shall be accompanied by a statement of the person in charge of the financial records of the Corporation stating his reasonable belief as to whether or not the financial statements were prepared in accordance with generally accepted accounting principles and, if not, describing the basis of presentation and describing any material respects in which the financial statements were not prepared on a basis consistent with those prepared for the previous year.

3.  **Execution of Instruments.** Except as otherwise authorized by the Board of Directors, any note, mortgage, evidence of indebtedness, contract, or other instrument of writing, or any assignment or endorsement thereof, executed or entered into between the Corporation and any other person, co-partnership, association or corporation, when signed by any one of the Chairman, the President, a Vice-President, the Treasurer or the Secretary shall be held to have been properly executed for and on behalf of the Corporation.

## ARTICLE XI. - AMENDMENTS

1.  These Bylaws may be amended or repealed by a vote of the shareholders at any annual or special meeting of the shareholders, duly convened after notice to the shareholders of that purpose. The Board of Directors shall have the power to alter, amend and repeal these Bylaws, at any regular or special meeting duly convened, subject always to the power of the shareholders to change such action.

CONFIDENTIAL

ACCT022911

## STUDENT FINANCE CORPORATION

## CONSENT TO CORPORATE ACTION
## IN LIEU OF MEETING OF THE SOLE DIRECTOR

### April 21, 199

The undersigned, constituting the sole director of Student Finance Corporation, a Pennsylvania corporation (the "Corporation"), does hereby consent to and adopt the following resolutions with the same force and effect as if presented to and adopted at a duly called and convened meeting of the Sole Director of the Corporation:

**WHEREAS,** the Corporation has entered into negotiations with William B. Packer ("Packer") whereby the Corporation would borrow from Packer the principal amount of One Million Dollars ($1,000,000) (the "Loan") evidenced by a secured note (the "Secured Note") in the amount of the Loan.

**NOW, THEREFORE, BE IT RESOLVED,** that the Corporation shall borrow from Packer the principal amount of One Million Dollars ($1,000,000) on the terms and conditions set forth in a certain Loan and Security Agreement (the "Loan and Security Agreement") and related documents between the Corporation and Packer, copies of which have been presented to the Sole Director, be and hereby are, in all respects, authorized, approved and adopted; and be it further

**RESOLVED,** that the Secured Note, the Servicing Agreement (the "Servicing Agreement") and the Intercreditor, Custodian, Collateral and Assignment Agreement (the "Custody Agreement") referred to in the Loan and Security Agreement, copies of which have been presented to the Sole Director, be and hereby are, in all respects, authorized, approved and adopted; and be it further

**RESOLVED,** that the officers of the Corporation be, and they hereby are, authorized and directed to make, execute and deliver the Loan and Security Agreement, the Secured Note, the Custody Agreement and the Servicing Agreement and all other documents referred to therein, in the name of the Corporation, in substantially the form presented, which such changes therein as they may in their sole discretion approve, such officers' execution thereof to be conclusive evidence of their approval, together will all such other instruments, evidences of indebtedness, mortgages, security agreements, guarantees, indemnities, certificates and other agreements and documents as may be required to be executed and delivered pursuant thereto or in connection therewith; and be it further

PHLEGAL: #607933 v1 (D131011.WPD) 111419-1

CONFIDENTIAL

ACCT022912

**RESOLVED,** that in connection with this transaction only, Maria E. DeCarlo be, and she hereby is, elected to the office of Assistant Secretary of the Corporation; and be it further

**RESOLVED,** that the officers of the Corporation be, and they hereby are, authorized and directed to make, execute and deliver, and do and perform, on behalf of and in the name of the Corporation, any and all such other agreements, documents, certificates, instruments, acts and things as they in their sole discretion deem necessary or appropriate in order to carry out the intent of the foregoing resolutions.

The actions taken by the foregoing resolutions shall be deemed to have been taken at the

offices of the Corporation on the day and year first above written.

Andrew N. Yao

Constituting the Sole Director

PHLEGAL: #607933 v1 (D13101!.WPD) 111419-1

-2-

CONFIDENTIAL

ACCT022913

COMMONWEALTH OF PENNSYLVANIA

DEPARTMENT OF STATE

NOVEMBER 13, 1998

TO ALL WHOM THESE PRESENTS SHALL COME, GREETING:

I DO HEREBY CERTIFY THAT,

STUDENT FINANCE CORPORATION

is duly incorporated under the laws of the Commonwealth of Pennsylvania
and remains a subsisting corporation so far as the records of this office
show, as of the date herein.



IN TESTIMONY WHEREOF, I have
hereunto set my hand and caused
the Seal of the Secretary's
Office to be affixed, the day
and year above written.

ACTING Secretary of the Commonwealth

SSCH

CONFIDENTIAL

ACCT022915