# EXHIBIT 19

```
00001
 1  IN THE UNITED STATES DISTRICT COURT
    FOR THE DISTRICT OF DELAWARE
 2
    MBIA INSURANCE CORPORATION  :
 3  and WELLS FARGO BANK,       :
    N.A. (f/k/a WELLS FARGO     :
 4  BANK MINNESOTA N.A.) as     :
    TRUSTEE OF SFC GRANTOR      :
 5  TRUST, SERIES 2000-1, SFC   :
    GRANTOR TRUST, SERIES       :
 6  2000-2, SFC GRANTOR TRUST,  : C.A. NO.
    SERIES 2000-3, SFC GRANTOR  : 02-1294-JJF
 7  TRUST, SERIES 2000-4, SFC   :
    GRANTOR TRUST, SERIES 2001-1,:
 8  SFC GRANTOR TRUST, SERIES   :
    2001-2, SFC OWNER TRUST     :
 9  2001-I, AND SFC GRANTOR     :
    TRUST, SERIES 2001-3,       :
10      Plaintiffs/Counterclaim :
            Defendants,         : WITNESS:
11                              : ROBERT BAST
         v.                     : TRACK III, VOLUME I
12  ROYAL INDEMNITY COMPANY,    :
        Defendant/Counterclaim  : DATE:
13      Plaintiff.              : APRIL 4, 2007
    ─────────────────────────────
14  ROYAL INDEMNITY COMPANY,
        Third-Party Plaintiff,
15
     vs.
16
    ANDREW N. YAO, STUDENT LOAN
17  SERVICING LLC, STUDENT LOAN
    ACCEPTANCE II LLC, STUDENT LOAN
18  ACCEPTANCE III LLC, STUDENT LOAN
    ACCEPTANCE III LLC, STUDENT LOAN
19  ACCEPTANCE V LLC, STUDENT LOAN
    ACCEPTANCE VIII LLC, STUDENT LOAN
20  ACCEPTANCE IX LLC, SFC FINANCIAL LLC
    I, SFC FINANCIAL LLC II, SFC
21  FINANCIAL LLC VI, SFC FINANCIAL LLC
    VII,
22      Third-Party Defendants.
    ─────────────────────────────
23  ROYAL INDEMNITY COMPANY,
        Counter-Claimant,
24  vs.
    MBIA BANK and WELLS FARGO BANK
    MINNESOTA, N.A.,
25      Counter-Defendants.
```

```
00002
 1  _____
    CHARLES A. STANZIALE, JR.,
 2  Chapter 7 Trustee of Student Finance
    Corporation,
 3      Plaintiff,

 4  vs.        C.A. No. 04-1551-JJF

 5  PEPPER HAMILTON LLP, et al,
        Defendants.
 6  _____
    CHARLES A. STANZIALE, JR.,
 7  Chapter 7 Trustee of Student Finance
    Corporation,
 8      Plaintiff,

 9  vs.        C.A. No. 05-72-JJF

10  McGLADREY & PULLEN LLP
    and MICHAEL AQUINO,
11      Defendants.
    _____
12  ROYAL INDEMNITY COMPANY,
        Plaintiff,
13
    vs.        C.A. No. 05-165-JJF
14
    PEPPER HAMILTON LLP,
15  W. RODERICK GAGNE',
    FREED MAXICK & BATTAGLIA CPAs,
16  McGLADREY & PULLEN LLP,
    and MICHAEL AQUINO,
17      Defendants.
    _____
18

19

20

21

22

23

24

25
```

00163

1  to you: SFC sold common stock to
2  demonstrate that it has the
3  capability to raise equity financing
4  on short notice and to signal SFC's
5  commitment to its long-term business
6  plan. SFC did not need equity for
7  cash flow, nor did it need equity to
8  satisfy its external auditors. SFC
9  intends to repurchase the stock in
10 2000.
11         Is that description by Mr.
12 Yao in this letter consistent with
13 what Mr. Yao told to you about the
14 raising of equity financing?
15 A. Yes.
16         - - -
17         (Whereupon the court
18 reporter marked document as Exhibit
19 80-III for identification.)
20         - - -
21 BY MR. WATERS:
22 Q. Can you identify that document?
23 A. It is a letter dated July 15,
24 2003 to Gary Camp from W. Roderick
25 Gagne', inserting, quote, key

00164
1  employee phantom equity plan, end
2  quote.
3  Q. And you have seen this before?
4  A. I have.
5  Q. I only have one question. In
6  the second sentence, it says: As
7  you can see, we have valued the
8  company today at approximately $50
9  million.
10      Can you give me any
11  information about how that number
12  was arrived at?
13  A. It was an arbitrary number.
14  There were lots of discussions that
15  preceded the -- coming up with that
16  number. It was a point over which
17  the employees were to be benefited
18  if the company prospered.
19  Q. So it was somewhat arbitrarily
20  arrived at?
21  A. Yes, sir.
22  Q. As the current value?
23  A. Yes. There was no basis for
24  it.
25      MS. PRESS: Objection.