# Exhibit 38

```
00317
 1  IN THE UNITED STATES DISTRICT COURT
       FOR THE DISTRICT OF DELAWARE
 2
    MBIA INSURANCE CORPORATION   :
 3  and WELLS FARGO BANK,        :
    N.A. (f/k/a WELLS FARGO      :
 4  BANK MINNESOTA N.A.) as      :
    TRUSTEE OF SFC GRANTOR       :
 5  TRUST, SERIES 2000-1, SFC    :
    GRANTOR TRUST, SERIES        :
 6  2000-2, SFC GRANTOR TRUST,   : C.A. NO.
    SERIES 2000-3, SFC GRANTOR   : 02-1294-JJF
 7  TRUST, SERIES 2000-4, SFC    :
    GRANTOR TRUST, SERIES 2001-1,:
 8  SFC GRANTOR TRUST, SERIES    :
    2001-2, SFC OWNER TRUST      :
 9  2001-I, AND SFC GRANTOR      :
    TRUST, SERIES 2001-3,        :
10      Plaintiffs/Counterclaim  :
        Defendants,              : TRACK(I)WITNESS:
11                               : M. DUNCAN GRANT
            v.                   : VOLUME II
12  ROYAL INDEMNITY COMPANY,     :
        Defendant/Counterclaim:   DATE:
13      Plaintiff.               : OCTOBER 11, 2006
    ─────────────────────────────
14  ROYAL INDEMNITY COMPANY,
        Third-Party Plaintiff,
15
        vs.
16
    ANDREW N. YAO, STUDENT LOAN
17  SERVICING LLC, STUDENT LOAN
    ACCEPTANCE II LLC, STUDENT LOAN
18  ACCEPTANCE III LLC, STUDENT LOAN
    ACCEPTANCE III LLC, STUDENT LOAN
19  ACCEPTANCE V LLC, STUDENT LOAN
    ACCEPTANCE VIII LLC, STUDENT LOAN
20  ACCEPTANCE IX LLC, SFC FINANCIAL LLC
    I, SFC FINANCIAL LLC II, SFC
21  FINANCIAL LLC VI, SFC FINANCIAL LLC
    VII,
22      Third-Party Defendants.
    ─────────────────────────────
23  ROYAL INDEMNITY COMPANY,
        Counter-Claimant,
24  vs.
    MBIA BANK and WELLS FARGO BANK
    MINNESOTA, N.A.,
25      Counter-Defendants.
```

```
00318
 1  _____
    CHARLES A. STANZIALE, JR.,
 2  Chapter 7 Trustee of Student Finance
    Corporation,
 3      Plaintiff,

 4  vs.        C.A. No. 04-1551-JJF

 5  PEPPER HAMILTON LLP, et al,
       Defendants.
 6  _____
    CHARLES A. STANZIALE, JR.,
 7  Chapter 7 Trustee of Student Finance
    Corporation,
 8      Plaintiff,

 9  vs.        C.A. No. 05-72-JJF

10  McGLADREY & PULLEN LLP
    and MICHAEL AQUINO,
11      Defendants.
    _____
12  ROYAL INDEMNITY COMPANY,
        Plaintiff,
13
    vs.        C.A. No. 05-165-JJF
14
    PEPPER HAMILTON LLP,
15  W. RODERICK GAGNE',
    FREED MAXICK & BATTAGLIA CPAs,
16  McGLADREY & PULLEN LLP,
    and MICHAEL AQUINO,
17      Defendants.
    _____
18
19
20
21
22
23
24
25
```

00471
1  Mr. Smith. And is it fair to say
2  that -- I'm sorry.
3          Would you take out the
4  deposition of Mr. Smith?
5  A. Sure. Do you happen to have an
6  exhibit number?
7  Q. 261-I.
8  A. Okay, I have got it.
9  Q. And if you turn to the last page
10 of Smith 16, the certification by
11 Mr. Smith and Nielsen?
12 A. Okay, I have got to it. Looking
13 at WSFC 826328?
14 Q. Well, I was looking at a
15 different document, but let's get on
16 the same page. Yes, I am.
17 A. Okay, I am all set.
18 Q. Is it fair to say, looking at
19 this now, that this answers the
20 question of what were those payments
21 that Nielsen thought -- from
22 students that Nielsen thought SFC
23 had appropriated to itself and hid
24 from Nielsen?
25 A. Realizing that I never thought

00472
1  about that question until now, I
2  would say it does not answer it.
3  Q. Doesn't this indicate that at
4  least from Nielsen's point of view,
5  in their conversation with Yao, he
6  told them that the payments were
7  payments that were being made by
8  SFC, not the students?
9  A. Which payments? I don't think
10  the payments in Paragraph -- I don't
11  understand now, having not thought
12  about it during the pendency of the
13  Nielsen litigation, that the
14  payments that are the subject of
15  Paragraph 48-D of the Complaint are
16  the same as the payments referred to
17  on the page we are looking at in the
18  exhibit to the Smith deposition. If
19  I'm wrong, please help me, but I
20  don't understand --
21  Q. What do you see as the
22  difference between those payments?
23  A. I understand the allegation in
24  Paragraph 48-D to be the student
25  made payment to Student Finance,

00473
1  Student Finance kept the money and
2  did not give a credit to that
3  student loan account, Nielsen thinks
4  that a credit to the account should
5  have been applied. And there are
6  consequences to that; namely, a
7  portion of the reserve should then
8  be advanced to Nielsen.
9       So that's the situation in
10  which Nielsen says a payment was
11  made, but it was not credited.
12  Having not thought about Page WSFC
13  826328 in this fashion until
14  yesterday and today, I understand it
15  now to be saying payment wasn't made
16  by the student, but for some
17  purpose, the books are being treated
18  as if the payment had been made, so
19  the books reflect a payment. So
20  that's just the opposite of what's
21  in Paragraph 48-D.
22  Q. The payment is being made by SFC
23  as if it were a payment by the
24  student?
25  A. This page of this exhibit to the

00474
1  Smith deposition says that Conrad
2  Smith and Robert Nielsen are
3  reporting that Perry Turnbull
4  reported that Mr. Yao made payments
5  with his own money. It doesn't say
6  with SFC's money.
7  Q. And it also says at the end that
8  Yao said: This explains why Nielsen
9  or NEI is confused.
10      Do you see that part of
11 it?
12 A. I would interpret that to mean
13 that Mr. Turnbull -- that according
14 to Mr. Smith and Mr. Nielsen, Mr.
15 Turnbull said, this explains why NEI
16 is confused.
17 Q. Right.
18      And doesn't that offer a
19 possible explanation as to what is
20 alleged in the last paragraph of the
21 Complaint, 48-D of the Complaint?
22 And that is this, that payments are
23 being made by SFC as if they were
24 being made by the student, and
25 Nielsen is saying, why aren't we

00475
1   getting credit for this if the
2   student is making the payment. And
3   SFC is explaining in this
4   conversation, you are not getting
5   credit, you are confused, because
6   these payments aren't by the
7   student. They are being made by
8   SFC.
9         Doesn't that reconcile or
10  provide a potential reconciliation
11  between these two paragraphs?
12  A. That's not how I understand
13  them.
14  Q. Did you ever consider that
15  possibility?
16  A. No. I never compared those two
17  pages and never thought about the
18  possibility you are asking me, no.
19  Q. Well, you remember you were
20  looking in May of 1999 for the
21  answer to this question in the
22  Complaint? That was something you
23  were interested in then?
24  A. I was interested in
25  understanding my client's position