# Exhibit 40

EXHIBIT
313-I
10/11/06

## MEMORANDUM

**TO:** James L. Murray
Laurence Z. Shiekman
John E. Pooler

**FROM:** W. Roderick Gagné

**CC:** Alfred H. Wilcox

**DATE:** April 18, 2002

**RE:** Representation of Student Finance Corporation

---

At the request of John Pooler, I am writing this Memorandum to the Finance Committee with a copy to the Ethics Committee about Pepper Hamilton LLP's continued representation of Student Finance Corporation ("SFC" or "Student Finance Corporation").

I have represented Andrew M. Yao, the sole shareholder of SFC, for over 17 years through three firms. Prior to the recent events, I have always known him to be an honorable and forthright person who always paid his bills on time. However, recent events bring me to question whether we can continue to represent SFC. Because there are substantial unpaid legal fees due from SFC, I am looking for input from the Finance Committee on how to proceed.

### Fee History

Historically, SFC has paid its bills sixty days from the date of the invoice. From November through February of this year, we did a substantial amount of work in connection with several securitization transactions, refinancings and other corporate finance, lending and internal corporate representation. The total outstanding fees and accounts receivables are approximately $600,000. SFC was unable to make the payments which normally would have been paid in March and in April. SFC proposed paying $15,000.00 a week, until completion of its next round of financing when it would pay all outstanding invoices more than 60 days past due. I discussed

this matter with John Pooler who approved the payment plan. SFC is meeting its obligations under this plan, but its next round of financing has not occurred for the reasons described below.

SFC is working on several means of producing liquidity for the company. Andrew Yao and the company executives are very sanguine about their prospects of coming out of this liquidity crisis, however, I am not as optimistic for reasons to be discussed below.

### Issues in the Continuation of Representation.

SFC provides tuition financing for students attending trade schools, especially trucking schools. SFC generates its business by establishing arrangements with the schools. SFC finances itself through various financings secured by the student loans, and ultimately securitizes the loans by transferring them to a separate entity, which issues securities based on the expected payments from the loans. To attract lenders and investors, SFC obtained insurance guarantying payments on the student loans from Royal Indemnity Company. (Royal is also a client, as to which we have appropriate waivers.)

The crux of the issue we now face is that Student Finance Corporation was using its own funds to make payments on the student loans so that the student loans would not appear to be in default (90 days delinquent). It accounted for these payments as draws against a "forebearance account" established on their balance sheet pursuant to their agreements with the schools. We did not prepare the agreements with the schools, and were unaware of this issue until this past month. The issue came to light when SFC's latest round of financing fell through (at least in part because the proposed lender discovered this situation), and SFC was no longer had the liquidity to make up the monthly short-falls in payments.

We believe that officers of SFC lied to investors and were complicit in misrepresenting this situation to investors, financial insurers and other parties. We know that the

performance data distributed by SFC did not identify payments made by SFC out of this so-called forebearance account, but rather reported them as if they were collections received from the students. We also know that Royal was not aware of this situation, and now faces significant losses as a result of these loans becoming defaulted, triggering claims under the policies they issued. Furthermore, last summer, issues were raised about the fact that the reported performance statistics on the SFC loans showed that almost 60% of the pools were remaining in a 60-day delinquencies bucket, but never becoming 90 days past due. In a meeting at which I was present, in response to direct questions on this issue, two officers of the Company stated that it is the habit of truck drivers to pay immediately preceding a road trip and again when they return, and as a result most of the loans are always going to be in a 60-day delinquency bucket. They asserted other reasons, but never said that SFC and the schools were covering the payments on the loans, as it has turned out was clearly the case.

It appears that SFC's position would be that there was no fraud since the forbearance accounts were disclosed in their financial statements. They also purportedly have policy and procedures for the use of the forbearance accounts in their policy manuals which I was told are distributed to investors, auditors, investment bankers and the like. If you looked hard enough, you would have discovered the use of the forbearance payments as skewing the data. In fact, as noted above, that is exactly how the problem was discovered - by another lender who looked carefully at the data. However, to my knowledge, no one at SFC ever fully disclosed the use of the forbearance accounts, and as described above, in my presence, in response to direct questions the correct reason for the unusual performance data was not given.

SFC has made disclosure to Royal Indemnity Company and its investment banker, PNC Bank. It has not gone out to the investors nor the investors in the pools, MBIA and

Moody's rating agency, upon recommendation by PNC not to do so until such time as they have a complete plan showing how they are going to rectify the situation. Royal Indemnity is conducting an audit and believes it has discovered that some of the schools were participating in a fraud and that many of the loans were fraudulent loans. In addition, they have uncovered other false statistics and SFC's failure to adhere to its own internal policies. I have heard rumors that SFC's marketing department could have participated with the schools in identifying how to create loans that would obtain for the schools the maximum advance rate. In addition, it came to my attention on Thursday or Friday of last week that SFC destroyed its Executive Committee minutes. As a result, continued representation of the Company by its current auditors is in question.

After we first discovered the misrepresentations relating to the forebearance account, Brad Boericke and I discussed our continued representation of the company with Chubb Wilcox. Chubb Wilcox stated that if SFC disclosed the facts to all its investors and any parties affected, that we could continue to represent them and to assist them in restructuring the company and correcting the situation. However, in light of the expanding scope of potential improper actions at the company, my problem is that I am having difficulty believing the client. Heretofore, I thought Andrew and the executives were very honorable and upstanding citizens. As I stated, I have represented Andrew N. Yao for over seventeen years and always found him to be extremely honorable and honest. However, in light of the misrepresentations made to us, and their current course of conduct, I am finding myself in the difficult situation of never being comfortable that we have been apprised of the full facts, always trying to ensure that full disclosure is made to all parties, not being able to rely on statements of the officers that such

-4-

disclosures have been made, questioning what we can reveal to these investors and continually drawing a fine ethical line.

Adding to the ethical considerations is the fact that members of my family and trusts in which I am a beneficiary have made loans to Student Finance Corporation from time to time and most recently on March 5, at the request of Andrew Yao. We have received a waiver for any conflicts that this may pose from Andrew N. Yao.

My initial reaction is that we should distance ourselves from SFC and terminate our representation of them because of these issues. However, competing considerations include:

- If we withdraw, I expect that Andrew N. Yao will not pay our fees.

- Our withdrawal may raise a cloud over SFC with the capital markets and impair SFC's ability to bring itself out of its liquidity crises.

- SFC made loans to students of or purchased student loans for over 80% of the truck driving schools in the country. The lack of financing could cause many of the truck driving schools to go bankrupt potentially causing damage to the trucking industry as a whole, because of a shortage of truck drivers. The demise of Student Finance Corporation will certainly have an impact on the asset-backed securitization market, the trucking industry and other ramifications which, in all probability, will become front page news.

- Royal Indemnity Company, another client of the firm, could be significantly damaged by the losses which have been estimated at between $150 Million and $200 Million Dollars.

I think we also need to recognize the possibility that this firm will be sued, as a deep pocket associated with SFC and these transactions, and it may be appropriate to consider whether one course of action or another might better mitigate this possibility.

I am looking for guidance from the Finance and the Ethics Committees on what steps to take in our further representation of SFC. My preference is to resign since I no longer have confidence in the representations made to us. However, I understand this will put at

substantial risk our fees and, thus, I am asking for guidance. I will be more than happy to discuss this issue.

WRG/bdw

PHLEGAL: #1246525 v2 (qptp021.DOC)